UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI**  and  **NATIONAL IRANIAN AMERICAN COUNCIL**  **Plaintiffs,**  v.  **DAIOLESLAM SEID HASSAN,**  **Defendant.** | Civil No.: 08 CV 00705 (JDB) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS OR IN THE ALTERNATIVE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Plaintiffs' entire case rests on their misapprehension that to state strongly an opinion that a public person or organization's actions and the context of their statements mean something different than their stated position or positions is tantamount to defamation. This idea not only is inconsistent with the law of defamation, as it applies in this case, but totally ignores the tremendous negative First Amendment implications would flow from deciding that anyone who points out hypocrisies or faulty logic by public figures risks being sued for defamation.

There is no genuine issue for trial regarding the Plaintiffs' status as public figures for the purposes of defamation litigation, or the Defendant's status as a media defendant. Moreover, the Plaintiffs put forth the unsupportable position that the Defendant's failure to cite specific writings by the Plaintiff Parsi establishes a genuine issue for trial

1

regarding whether Defendant acted with the requisite degree of fault, without defining what the appropriate degree of fault is.  Therefore, the Court should treat as an established fact that the requisite degree of fault in this case is actual malice, as discussed below.

The Plaintiffs' denial that the Defendant's interpretation of their action is correct does not, in and of itself, necessitate that the Defendant no longer argue that his interpretation of their action *is* correct.[1]  The fact that Defendant holds himself out as an expert in Iranian issues does not preclude him from being entitled to an opinion that his analysis of the Plaintiffs' action is correct, no more than his insistence on his right to disagree or disbelieve the Plaintiffs' denials of Defendant's interpretation of their action is proof of malice.

Lastly, the Plaintiffs fail to establish Defamation *per se*.  The Defendant does not say that the Plaintiffs have engaged in criminal behavior.  The Plaintiffs' references to what they allege are accusations by Defendant to the "criminal acts" of Plaintiffs are simply not actually objectively descriptive of behavior that could be criminal.

**A.** **The Court may Establish Certain Facts, Even if the Case is Not Adjudicated on the Merits.**

For the reasons set forth below, the Court should dismiss the Plaintiffs' Complaint or in the alternative, grant the Defendant's Motion of Summary Judgment.  However, in the event the Court chooses not to grant the requested relief, it is proper for the Court to

---

[1] The current Presidential campaigns provide an excellent example.  John McCain's campaign and supporters have repeatedly stated that Barack Obama is not experienced enough to be President.  In response, Obama's campaign has stated that he is experienced enough and has cited what it purports to be evidence of such experience.  Obama's assertion that McCain's allegation of inexperience is false does not mean that McCain's continued insistence that Obama is inexperienced is made with actual malice or reckless disregard for the truth.

2

preclude the Plaintiffs from arguing specific facts, and rather treat those facts as established.

> If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts-including items of damages or other relief- are not genuinely at issue. The facts so specified must be treated as established in the action.
>
> Fed. R. Civ. P 56(d)(1).

Specifically, the issue of the standard of requisite fault in this case should be treated as established for purposes of this litigation, as set forth below. Moreover, the absence of actual malice should be treated as established, which would necessitate a summary judgment in favor of the Defendant on the entire complaint.

**B.    The Requisite Fault that the Plaintiff Must Establish in the Summary Judgment Motion or at Trial is that the Defendant Acted With Actual Malice, Because There is No Genuine Issue for Trial as to the Whether Plaintiffs are Public Figures or that Defendant is a Media Defendant.**

The Plaintiffs, who are public figures, may recover for defamation only if they show *clear and convincing evidence* that the Defendant acted with actual malice. *Anderson v. Liberty Lobby,* 477 U.S. 242 (1986)*; New York Times Co. v. Sullivan,* 376 U.S. 254, 279-80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 342, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). The test of whether the Defendant, as a media defendant, acted in reckless disregard for the truth "is not whether a reasonably prudent person would have published the statement, but rather, whether there is "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *Id.* at 302-303*). See e.g. Liberty Lobby, Inc. v. Rees, et. al.*, 852 F.2d 595 (D.C. Cir. 1988).

3

The Defendant properly pled and supported his summary judgment motion, which establishes Plaintiffs as public figures, the Defendant as a media defendant and established that he did not have serious doubts as to the truth of his publication. The Plaintiffs' Opposition Motion To Defendant's Motion Dismiss Or In The Alternative Defendant's Motion For Summary Judgment (hereinafter "Plaintiffs' Opposition") did not properly oppose any of those points in a manner consistent with the Federal Rules of Civil Procedure and therefore the facts as pled by the Defendant should be treated as established. *See Fed. R. 56(e)(2).*

1.  **The Defendant properly pled and supported the fact that the Plaintiffs are public figures, that he is a media defendant and that he does not believe that what he has published is false.**

The Defendant has laid out and supported his allegations that the Plaintiffs are each public figures. *See* Def.s Mtn. to Dismiss at pp. 5-7, Ex.'s 1, 2, and 3.

Likewise, the Defendant has properly pled and supported his status as a media defendant, citing his involvement in writing articles, participating in television and radio shows. *See* Seid Hassan Daioleslam Afft. *¶¶1, 3, and 4.*

Lastly, the Defendant properly pled and supported his allegation that he believes that his analysis of the Plaintiffs' position is accurate. *See* Def. Motion to Dismiss, pp. 19-27; Afft. of Defendant at ¶¶ 6, 7, 8, 10, 11, 12, and 13.   Defendant indicated that he relied on other publications, and provided copies and cites thereof.   Defendant further indicated that he had no reason to believe the falsity of his sources, nor did he believe the information to be so improbable as to be reckless. *Id.*

2.   **The Plaintiffs have failed to properly oppose the motion and therefore summary judgment is appropriate.**

Given that the Defendant has properly pled and supported his motion for

4

summary judgment, the Plaintiffs failed to meet their burden to oppose it with specificity and beyond allegations in their pleadings.

> Once a party has properly made and supported a motion "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response- by affidavits or as otherwise provided in this rule-*set out specific facts showing a genuine issue for trial.* If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2)(emphasis added).

(a) **The Plaintiffs did not refute their status as public figures or Defendant's status as a media defendant by affidavit or any other means, and therefore actual malice is the proper standard for requisite fault.**

The Plaintiffs have not set out specific facts showing a genuine issue for trial regarding their respective status' as public figures for purposes of defamation litigation as required by the Federal Rules, nor have they set out specific facts showing a genuine issue for trial regarding Defendant's status as a media defendant. Indeed, in no affidavit or other supporting documentation do the Plaintiffs even make conclusory denials that they are public figures or that Defendant is a media defendant, much less set forth specific facts that would support such a denial in such a way that would raise a genuine issue for trial.

Indeed, in their Opposition, the Plaintiffs insist that the damages that they suffer is due to the decreased credibility with, *inter alia*, "Washington's academic and policy circles," and "Capitol Hill and among U-S decision makers." *See* Plaintiffs' Opp., Afft. Of Trita Parsi, at ¶¶ 10, 13. These statements demonstrate just the type of involvement in public affairs and the enjoyment of "significantly greater access to channels of effective communication" that are the hallmarks of public figures. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 343-344 (1974). A reasonable person would surmise that the Plaintiffs,

5

with their access to Capitol Hill, U.S. decision makers and academic and policy circles in Washington, D.C. are, indeed, public figures. *See Waldbuam v. Fairchild Publications, Inc.* 627 F.2d 1297, 1239 (D.C. Cir. 1980); *Lohrenz v. Donnelly*, 350 F.3df 1272, 1289 (D.C. Cir. 2003)(ftnt. omitted).   Moreover, Plaintiff Parsi's own affidavit acknowledges the involvement of both Plaintiffs in the controversy over the appropriate policy stance to take with regard to Iran.  *See* Parsi Afft. at ¶ 20 ("Because I advocate the increased use of diplomacy with Iran . . . the Defendant's goal is to destroy the reputations and credibility of NIAC and myself and remove us as impediments to achieving his foreign policy goals.")  Not only does Plaintiffs' Opposition fail to properly oppose those facts establishing his status as a public figure, it actually supports that allegation, which should be treated as fact in any subsequent litigation.

Likewise , the Plaintiffs' Opposition submits no evidence that Defendant is not a media defendant, but rather merely states that the fact is an issue in dispute in their motion, without even making argument to support it in their memo.  This is the type of reliance on allegations and denials that is prohibited by Rule 56(e)(2) in opposing a properly pled and supported motion for summary judgment.  Therefore Plaintiffs cannot be said to have properly opposed this allegation and it should be established as fact in any subsequent litigation.

Since there can be no argument that the Plaintiffs have failed to bring into genuine issue whether they are public figures and whether the Defendant is a media defendant, the proper standard to use in evaluating this defamation claim is whether the Defendant acted with actual malice, as set forth above.

**C.     Plaintiffs' Complaint And Plaintiffs' Opposition Fail To Establish Defendant's Actual Malice As A Genuine Issue For Trial.**

Plaintiff does not state with specificity any facts, supported by affidavit or other evidence allowed under the rule, that can competently oppose the Defendant's averment, supported by cites and copies of articles, that he believes his statements to be true and that he has no reason to doubt the veracity of his statements.

The failure of the Plaintiffs to state with specificity any facts that show actual malice appears to rest on their misunderstanding of the nature of degree of fault required in this type of case.  Actual malice can be inferred by actions.  However, the types of actions that allow such an inference are not the type cited here.  "The finder of fact must determine whether the publication was indeed made in good faith. Professions of good faith will be unlikely to prove persuasive, for example, where a story is fabricated by the defendant, is the product of his imagination, or is based wholly on an unverified anonymous telephone call. Nor will they be likely to prevail when the publisher's allegations are so inherently improbable that only a reckless man would have put them in circulation. Likewise, recklessness may be found where there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968).  The types of specific facts that the Plaintiffs allege in Plaintiffs' Opposition as evidence of Defendant's malice are simply not the type of facts that, even if true, would rise to the level of actual malice.

The Plaintiffs argue that any disagreement with them over interpretation of their words and actions is tantamount to actual malice.  For example, in Plaintiff Parsi's affidavit, he states that the Defendant's statement that the IIC, of which he had been President, was an Iranian lobby was a distortion by Defendant.  He claims that Defendant

7

somehow willfully misunderstood the language of Frequently Asked Questions ("FAQs") section of that organizations own website and that citing the IIC FAQs words "Iranian Lobby" was an incorrect quote and taken out of context.  Parsi Afft. at ¶ 7.  "The quote used by the Defendant is incorrectly quoted and taken out of context, and was in fact using the term 'Iran' to mean 'Iranian people' as is evident from the reading of the entirety of Exhibit 13 provided by the Defendant.  The correct quote should contain 'Iranian's [sic] interest' rather than "Iran's interest'." *Id.*  However, the Defendant, relying on the context, reasonably believes that it supports his argument that an organization that Defendant Parsi headed was indeed focused on the interests of Iran.  He bases this belief on statements the context of the entire document.  For instance, he relies on the following:

> Q:  What does IIC aim to do?  Do we really need an Iranian lobby?
>
> A.   Our main objective is to safeguard Iran and Iranian's interests.  Currently our agenda is topped by the removal of US economic and political sanctions against Iran, and the commencement of Iran-US dialogue.  Iranians constitute one of the most productive and highly educated ethnic groups in the US.  Yet, we are a very small voice in US politics. . .
>
> Q.      Should I become a member of IIC?
>
> A.       If you love Iran, if you wish to see friendly ties between Iran and all nations of the world, if you wish to see a prosperous Iran, and if you wish to make all of the above come true, the answer is very simple: Of course you should join the IIC.
>
> If you have any other questions, please do not hesitate to contact IIC President Trita Parsi.

*See* Def. Mtn. to Dismiss, Ex. 13.

Obviously, based on the context of many of the Plaintiffs' articles and postings, the Plaintiffs argue that they simply want to promote and protect the interests of Iranian

Americans and that part of doing so is promoting the interests of Iran and Iranian interests, as well as influencing U.S. policy regarding Iran.  However, simply because they state that this is their interest does not mean that people may not disagree with their stated interest and can actually believe and argue that: (a) their true interests, based on a reasonable interpretations of their words, are not as stated; and/or (b) that their true interests may be as stated, but the impact of their words, actions and positions have other consequences; i.e. to support Iranian interests.  That is to say, the interpreting of Plaintiffs' words and actions in a way that conflicts with what Plaintiffs say they mean is simply a difference of interpretation, not actual malice.  *See e.g. Burns v. Rice,* 813 N.E.2d 25, 36 (Ohio App. 10 Dist.,2004)( "contrary to plaintiffs' contention, where evidence conflicts and is subject to differing reasonable interpretations, such a dispute supports, rather than precludes, summary judgment for defendants in a public official defamation case. . . The election to make one of two reasonable interpretations does not demonstrate a disregard for the truth."  *Id.* (*citations omitted*)).

Next, the Plaintiffs aver that merely the fact that Defendant ignored Plaintiff Parsi's statements regarding certain areas on which the parties disagree shows that he has recklessly or intentionally avoided learning of the falsity of his statements.  This idea does not stand.

For example, among the articles cited by Plaintiffs as defamation, Defendant takes the position that the Plaintiffs are in essence apologists for the human rights abuses in Iran by tying the human rights abuses to the actions of U.S. policy.  The Plaintiffs accused the Defendant of "cherry-picking" statements he has made that support Defendant's arguments and ignoring other statements he has made in which Plaintiff

9

Parsi says he denounces human rights abuses in Iran. Plaintiffs offer this as proof of actual malice. *See* Parsi Afft. at ¶ 15. However, Plaintiffs' allegation of actual malice being proven by the fact of Plaintiff Parsi's statements about human rights ignores the fact that Defendant actually references Plaintiffs' stated positions in his own writings. For example, Plaintiff Parsi states that Defendant "willfully ignored the conference NIAC organized on Capital Hill on July 26, 2007 sponsored by Amnesty International, on the plight of human rights in Iran." Parsi Afft. at ¶ 15(h). However, the Plaintiffs' own Exhibit A, an article written by Defendant on June 25, 2008 (not referenced in the Complaint), starts with a reference to exactly that conference, complete with naming both Amnesty International and Human Rights Watch as sponsors of the program. The rest of the article goes on to present Defendant's position with respect to why NIAC and Parsi's linking of human rights to U.S. policy is a charade.

     Again, the Plaintiffs' position in their Opposition is both unsupported by case law and insupportable insofar as it insists that disagreement with stated positions of the Plaintiffs is the proper standard for proving bad faith.

     Lastly, the Plaintiffs' Opposition fails to state even conclusory facts in the pleadings opposing Defendant's affidavit that cites the sources of the basis of his statement upon which he relied in good faith and which he did not have any reason to doubt. The Plaintiffs certainly fail to oppose the Defendant's affidavit with any affidavit or other evidence of their own. Specifically, Plaintiffs do not challenge the sources as sources upon which the Plaintiff reasonably could have relied in order to make the statements that he did, nor do they demonstrate how such statements were so improbable as to be reckless. Therefore, the Court must conclude that the Plaintiffs have not properly

opposed the Defendant's properly pled motion for summary judgment regarding the issue of actual malice.  Fed. R. Civ. P.  56(e)(2).

Because the Plaintiffs have failed to, either in their Complaint or Plaintiffs' Opposition, even allege facts that would rise to the level of actual malice, the Complaint must be dismissed.

D.  The Defendant's Statements Are Not Defamation *Per Se*.

The Plaintiffs now argue that the Defendant's writings constitute defamation *per se*, which does not require any showing of damages by the Plaintiffs in order to allow recovery.  The Plaintiffs argue that Defendant's description of their activities would makes them fit into the definition of a "foreign agent."[2]  If this description were true, goes the Plaintiff's argument, then it would mean that they would have to register under the Foreign Agents Registration Act or else face criminal charges and since they haven't done so, the Defendant is alleging that they are criminals.  The logic is too attenuated to stand.

Firstly, rather than defend the allegation that Defendant has defamatorily accused Plaintiffs of lobbying, discounted by the Defendant in his Motion to Dismiss, Plaintiffs now, without amendment of the Complaint, switch their theory of how the Defendant is responsible for Defamation *per se* to focus on the Foreign Agents Registration Act.  Since the Plaintiffs do not present any facts in opposition to the Defendant's properly pled summary judgment argument as to why the Defendant's use of the word "lobby" in relation to the Plaintiffs is not a suggestion of criminal activity, the Plaintiffs should be precluded from advancing this argument at trial, should the Court deny this motion for

---

[2] The Plaintiffs never allege that the Defendant actually ever uses the words "foreign agents," to apply to Plaintiffs, either in a legal or commonly understood sense.

11

summary judgment.

However, even if allowed to stand in the face of procedural defects, the new theory of defamation *per se* is fatally flawed.  The Defendant does not state that the Plaintiffs are engaging in criminal activity.  Nor does he state, in any articles cited in the Plaintiffs' Complaint or in his affidavit in support of Defendant's Motion to Dismiss that the Plaintiffs should register under the Foreign Agents Registration Act.

Secondly, contrary to Plaintiffs' assertions, Defendant does not describe Plaintiffs' behavior in a way that could be interpreted as criminal, even if the average lay person knew what the Foreign Agents Registration Act required.  The Foreign Agents Registration Act requires those persons who "act[] in any . . .capacity at the order, request, or under the direction or control, of a foreign principal" to register as a foreign agent.  22 U.S.C. §611(c)(1).

Defendant does state that he believes that the Plaintiffs "attempt to influence U.S. policy and legislation regarding Iran in a way that is in accordance with the wishes, interest and needs of the Iranian regime" and that they have "taken positions favorable to the Iranian regime" and that they have "promoted an agenda, identical to the interest and wishes of Iranian regime."  *See* Def. Afft., ¶¶ 5, 7.  However, being accordance in or with something means "agreement or conformity" with that thing.  WEBSTER'S NEW COLLEGIATE DICTIONARY 8. (1975).  This description of the correlation between Iran and Plaintiffs is very different from the relationship between one who acts at the order, request or under the direction or control of another person, as required by the Act. Simply put, because Defendant does not allege the type of behavior that would require the Plaintiffs to act within the Foreign Agents Registration Act, the Plaintiffs have not

12

established defamation *per se.*

**WHEREFORE**, for the reasons stated herein, and any others the Court may find at a hearing on this matter, the Defendant respectfully requests that this Honorable Court;

1. **GRANT** his motion for summary judgment; or in the alternative

2. **GRANT** his motion for partial summary judgment, adjudicate the facts set forth herein as established and preclude the Plaintiffs from making argument at a trial in this matter.

>
> Respectfully submitted,
>
>   */s/* Jeffrey B. O'Toole_____
>
> Jeffrey B. O'Toole
> (Bar No.244509)(otoole@otrons.com)
> Danya A. Dayson
> (Bar No. 561566)(danya@otrons.com)
> O'Toole, Rothwell, Nassau & Steinbach
> 1350 Connecticut Ave., NW, #200
> Washington, DC 20036
> (202) 775-1550 (telephone)
> (202) 775-0008 (facsimile)
>
> Counsel for Defendant

August 18, 2008

CERTIFICATE OF SERVICE

This is to certify that a copy of this Reply, Memorandum of Points and Authorities was served upon counsel for the plaintiffs, Afshin Pishevar, on this 18th day of August, 2008 by email to ap@pishevarlegal.com.

>   */s/* Jeffrey B. O'Toole_____
>         Jeffrey B. O'Toole