IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** <br><br> **and** <br><br> **NATIONAL IRANIAN AMERICAN COUNCIL** <br> **Plaintiffs,** <br><br> **v.** <br><br> **DAIOLESLAM SEID HASSAN,** <br><br> **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **Civil No. 08 CV 00705 (JDB)** |

## ANSWER TO COMPLAINT

Seid Hassan Daioleslam ("Daioleslam"), by and through undersigned counsel, for his

Answer and Affirmative Defenses to Plaintiffs', Trita Parsi ("Parsi") and the National Iranian

American Council ("NIAC"), Complaint ("Complaint"), states as follows:


1.      Daioleslam denies the allegations set forth in Paragraph 1 of the Complaint.

2.      Daioleslam denies the allegations set forth in Paragraph 2 of the Complaint.

3.      Daioleslam denies the allegations set forth in Paragraph 3 of the Complaint.

4.      Daioleslam denies the allegations set forth in Paragraph 4 of the Complaint.

5.      Daioleslam denies the allegations set forth in Paragraph 5 of the Complaint; except that

Daioleslam admits that he has a website on which he posts articles.

6.   Daioleslam denies the allegations set forth in Paragraph 6 of the Complaint; except that Daioleslam admits that he has spoken on a Voice of America broadcast and appeared on television and radio broadcasts.

7.   Paragraph 7 of the Complaint contains legal conclusions, therefore no response is required.

8.   Paragraph 8 of the Complaint contains legal conclusions, therefore no response is required.

9.   Daioleslam does not have sufficient information to either admit or deny Paragraph 9 of the Complaint.

10.  Daioleslam does not have sufficient information to either admit or deny Paragraph 10 of the Complaint.

11.  Daioleslam denies the allegations set forth in Paragraph 11; except that Daioleslam admits that he resides at 5320 East Winchcomb Drive, Scottsdale, AZ 85254.

**COUNT I**
**(DEFAMATION – PARSI)**

12.  Daioleslam denies and admits the allegations set forth in Paragraph 12 of the Complaint as set forth in paragraphs 1 through 11 of this Answer.

13.  Daioleslam denies the allegations set forth in Paragraph 13 of the Complaint.

14.  Daioleslam denies the allegations set forth in Paragraph 14 of the Complaint.

15.  Daioleslam denies the allegations set forth in Paragraph 15 of the Complaint.

16.  Daioleslam denies the allegations set forth in Paragraph 16 of the Complaint; except that Daioleslam admits that he has spoken on a Voice of America broadcast, appeared on television and radio broadcasts, and posted articles on the internet.

2

17.     Daioleslam denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Daioleslam denies the allegations set forth in Paragraph 18 of the Complaint; except that Daioleslam neither admits nor denies the allegations set forth in Paragraph 18(C) because they have been stricken by the Court.

19.     Daioleslam denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Daioleslam denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Daioleslam denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Daioleslam denies the allegations set forth in Paragraph 22 of the Complaint.

23.     Daioleslam denies the allegations set forth in Paragraph 23 of the Complaint.

24.     Daioleslam denies the allegations set forth in Paragraph 24 of the Complaint.

**COUNT II**
**(FALSE LIGHT)**

25.     Daioleslam denies and admits the allegations set forth in Paragraph 25 of the Complaint as set forth in paragraphs 1 through 24 of this Answer.

26.     Daioleslam denies the allegations set forth in Paragraph 26 of the Complaint.

27.     Daioleslam denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Daioleslam denies the allegations set forth in Paragraph 28 of the Complaint.

29.     Daioleslam denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Daioleslam denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Daioleslam denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Daioleslam denies the allegations set forth in Paragraph 32 of the Complaint.

## COUNT III
## (DEFAMATION – NIAC)

33.     Daioleslam denies and admits the allegations set forth in Paragraph 25 of the Complaint
        as set forth in paragraphs 1 through 32 of this Answer.

34.     Daioleslam denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Daioleslam denies the allegations set forth in Paragraph 35 of the Complaint.

36.     Daioleslam denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Daioleslam denies the allegations set forth in Paragraph 37 of the Complaint.

38.     Daioleslam denies the allegations set forth in Paragraph 38 of the Complaint.

39.     Daioleslam denies the allegations set forth in Paragraph 39 of the Complaint; except that
        Daioleslam admits that he has spoken on a Voice of America broadcast and appeared on
        television and radio broadcasts.

40.     Daioleslam denies the allegations set forth in Paragraph 40 of the Complaint.

41.     Daioleslam denies the allegations set forth in Paragraph 41 of the Complaint.

42.     Daioleslam denies the allegations set forth in Paragraph 42 of the Complaint.

43.     Daioleslam denies the allegations set forth in Paragraph 43 of the Complaint.

## DEFENSES

### First Affirmative Defense

44.     Plaintiffs' claims are barred because Daioleslam's relevant statements were not
        defamatory, were true (to the extent they were capable of being proven true or false), or
        were not made with negligence, reckless disregard, or actual malice.

### Second Affirmative Defense

45.     The Complaint fails to state a claim upon which relief may be granted.

4

### Third Affirmative Defense

46.     Some or all of Plaintiffs' claims are barred, in whole or in part, by the applicable statute

of limitations and/or statute of repose.

### Fourth Affirmative Defense

47.     Plaintiffs' claims are barred, in whole or in part, because the statements are incapable of

being proven true or false.

### Fifth Affirmative Defense

48.     Plaintiffs' claims are barred, in whole or in part, because the statements were not

published or were not published without privilege.

### Sixth Affirmative Defense

49.     Plaintiffs' claims are barred, in whole or in part, because the statements are not actionable

as a matter of law or did not cause special harm.

### Seventh Affirmative Defense

50.     Plaintiffs' claims are barred, in whole or in part, by the First Amendment.

### Eighth Affirmative Defense

51.     Plaintiffs' claims are barred by the doctrine of waiver, estoppel, laches, fraud, or other

applicable equitable defenses.

### Ninth Affirmative Defense

52.     Plaintiffs' claims are barred, in whole or in part, by the Court's lack of jurisdiction.

**WHEREFORE**, Daioleslam denies any and all liability with regard to Plaintiffs' claims, and

respectfully requests that Plaintiffs' claims against it be dismissed with prejudice and that

Daioleslam be awarded such general, further relief as justice may require.

5

## **JURY DEMAND**

Daioleslam respectfully requests that a jury try the issues in this matter.

Dated: February 19, 2009                    Respectfully submitted,


                                            _____/s/_____
                                            Timothy E. Kapshandy (Illinois Bar No.
                                            06180926, admitted *pro hac vice*)
                                            Bradford A. Berenson (D.C. Bar No. 441981)
                                            HL Rogers (D.C. Bar No. 974462)
                                            SIDLEY AUSTIN LLP
                                            1501 K Street, N.W.
                                            Washington, D.C.  20005
                                            (202) 736-8000
                                            hrogers@sidley.com


                                            Attorneys for Defendant
                                            Seid Hassan Daioleslam

## CERTIFICATE OF SERVICE

I certify that today, February 19, 2009, I served the foregoing Answer to Complaint on the

following via federal express:

> Afshin Pishevar
> 600 East Jefferson Street
> Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com


                                        _____/s/_____

                                        Timothy E. Kapshandy (Illinois Bar No.
                                        06180926, admitted *pro hac vice*)
                                        Bradford A. Berenson (D.C. Bar No. 441981)
                                        HL Rogers (D.C. Bar No. 974462)
                                        SIDLEY AUSTIN LLP
Dated: February 19, 2009                1501 K Street, N.W.
                                        Washington, D.C.  20005
                                        (202) 736-8000
                                        hrogers@sidley.com


                                        Attorneys for Defendant
                                        Seid Hassan Daioleslam