IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TRITA PARSI** | ) | |
| and | ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL** | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil No. 08 CV 00705 (JDB) |
| **DAIOLESLAM SEID HASSAN,** | ) | |
| Defendant. | ) | |

## JOINT RULE 16.3 STATEMENT

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), attorneys for the plaintiffs, Trita Parsi ("Parsi") and the National Iranian American Council ("NIAC"), and attorneys for defendant, Seid Hassan Daioleslam ("Daioleslam"), conferred on February 10, 2009 and hereby submit the following statement of all agreements reached and positions taken by the parties on matters about which there was disagreement:

- TOPIC NO. 1: Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

    A motion to dismiss was previously filed, fully briefed, and resolved on February 4, 2009. Discovery will now commence. The parties agree that further dispositive motions may be necessary following the discovery period.

- TOPIC NO. 2: The date by which any other parties shall be joined or the pleadings amended and whether some or all the factual and legal issues can be agreed upon or narrowed.

The parties agree that no amendments or joinder of other parties is necessary at this point. Following the discovery period, if amendments or joinder is necessary, the parties agree that such amendment or joinder should occur within thirty days from the end of that period.

- TOPIC NO. 3: Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties do not consent to the assignment of this case to a magistrate judge for all purposes, including trial.

- TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

The parties agree that at this time there is not a realistic possibility of settling this case.

- TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

The parties agree that this case is not well suited for ADR at this time. If the posture of the case changes, the parties agree that they will discuss ADR options with their clients and with each other at the appropriate time.

- TOPIC NO. 6: Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions and replies; and proposed dates for a decision on the motions.

A motion to dismiss was previously filed, fully briefed, and resolved on February 4, 2009. Following discovery, the parties agree that, if necessary, summary judgment motions will be filed. Aforementioned motions, if necessary, will be filed six weeks following the discovery period discussed in Topic 8. Opposition to any motion for summary judgment will be filed thirty days following the filing of the initial motion, and any reply fourteen days following the opposition.

- TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F. R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties do not stipulate to dispense with Rule 26(a)(1) initial disclosures. The parties agree to make the Rule 26(a)(1) disclosures.

- TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all the discovery, including answers to interrogatories, document production, requests for admissions and depositions.

The parties agree that discovery will begin immediately and run for a period of seven months (February 10, 2009 to September 10, 2009). If at any time the parties decide that it is necessary to extend discovery, the parties may agree to an extension at that time. Answers to interrogatories, document production, requests for admissions, depositions, and physical examination will follow the deadlines set forth in the Federal Rules of Civil Procedure or the Local Rules of this Court, if any are applicable. Otherwise, such actions will proceed within the

discovery period. If more time is necessary to complete any of these actions, the parties may agree to an extension of time.

The parties agree to continue discussions regarding the scope of e-discovery. The parties agree to a litigation hold on all discoverable materials. The parties also agree to permit a "claw back" provision for inadvertently produced privileged materials.

- <u>TOPIC NO. 9</u>: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F. R. Civ. P., should be modified and whether and when depositions of experts should occur.

The parties agree that they will not modify the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F. R. Civ. P. The parties agree that depositions of experts will take place following fact discovery.

- <u>TOPIC NO. 10</u>: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and proposed date for decision.

The parties agree that this case is not a class action and therefore Topic No. 10 is not applicable.

- <u>TOPIC NO. 11</u>: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The parties agree that there should be no bifurcation of this case.

- <u>TOPIC NO. 12</u>: The date for the pretrial conference (understanding that a trial will take place thirty to sixty days thereafter).

4

The parties agree that any pretrial conference should occur on a date set by the Court in January 2010.

- <u>TOPIC NO. 13</u>: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from thirty to sixty days after that conference.

The parties agree that the Court should not set a firm trial date at the first scheduling conference, but instead should provide that a trial date will be set at the pretrial conference.

- <u>TOPIC NO. 14</u>: Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

The parties have no other matter that they believe warrants inclusion in a scheduling order at this time.

Dated: February 23, 2009                                        Respectfully submitted,


| /s/ A.P. Pishevar | /s/ HL Rogers |
|---|---|
| A.P. Pishevar (D.C. Bar No. 451015) | Timothy E. Kapshandy (Illinois Bar No. 06180926, admitted *pro hac vice*) |
| 600 East Jefferson Street | Bradford A. Berenson (D.C. Bar No. 441981) |
| Suite 316 | HL Rogers (D.C. Bar No. 974462) |
| Rockville, Maryland 20852 | SIDLEY AUSTIN LLP |
| (301) 279-8773 | 1501 K Street, N.W. |
| ap@pishevarlegal.com | Washington, D.C.  20005 |
|  | (202) 736-8000 |
| Attorney for Plaintiffs | hrogers@sidley.com |
|  |  |
|  | Attorneys for Defendant |
|  | Seid Hassan Daioleslam |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** <br><br> and <br><br> **NATIONAL IRANIAN AMERICAN COUNCIL** <br> Plaintiffs, <br><br> v. <br><br> **DAIOLESLAM SEID HASSAN,** <br><br> Defendant. | Civil No. 08 CV 00705 (JDB) |

### CONSENT ORDER REGARDING ALL DISCOVERY AND OTHER PRETRIAL DEADLINES

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), attorneys for the plaintiffs, Trita Parsi ("Parsi") and the National Iranian American Council ("NIAC"), and attorneys for defendant, Seid Hassan Daioleslam ("Daioleslam"), have conferred and hereby submit the following Consent Order Regarding Discovery and Other Pretrial Deadlines as follows:

1. Initial Disclosures

Initial Disclosures as required by Fed. R. Civ. P. 26(a)(1) shall be exchanged among the parties by February 24, 2009.

2. Fact Discovery

Fact discovery shall commence immediately and shall continue through and including September 10, 2009.

3. Summary Judgment

Any motion for summary judgment shall be filed with this Court by October 22, 2009.

Any response to a motion for summary judgment shall be filed with this Court by November 21, 2009.

Any reply to a motion for summary judgment shall be filed with this Court by December 5, 2009.

The hearing on any motions for summary judgment, responses, and replies filed with this Court will be held on a date scheduled by the Court in December 2009.

4.  Final Pretrial Conference

The Final Pretrial Conference will be held on a date scheduled by the Court in January 2010.

5.  Trial By Jury

This action shall be set for a trial by jury on a date scheduled by the Court thirty to sixty days following the Final Pretrial Conference.

All other pretrial deadlines not specifically addressed in this agreed discovery plan shall be calculated in accordance with the Local Rules of this Court and the Federal Rules of Civil Procedure.

2

   This Court, having reviewed and considered all of the above hereby adopts this Consent Order.

   It is so ordered.

Dated:  February _____, 2009    _____
                     Judge John D. Bates
                     United States District Court Judge

## **CERTIFICATE OF SERVICE**

I certify that today, February 23, 2009, I served the foregoing Joint Rule 16.3 Statement and Consent Order Regarding All Discovery and Other Pretrial Deadlines on the following via federal express:

>Afshin Pishevar
>600 East Jefferson Street
>Suite 316
>Rockville, Maryland 20852
>(301) 279-8773
>ap@pishevarlegal.com

Dated: February 23, 2009

>_____/s/_____
>Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
>Bradford A. Berenson (D.C. Bar No. 441981)
>HL Rogers (D.C. Bar No. 974462)
>SIDLEY AUSTIN LLP
>1501 K Street, N.W.
>Washington, D.C. 20005
>(202) 736-8000
>hrogers@sidley.com
>
>Attorneys for Defendant
>Seid Hassan Daioleslam