## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

**TRITA PARSI**

**and**

**NATIONAL IRANIAN AMERICAN COUNCIL**

        **Plaintiffs,**

              **v.**                              **Civil No. 08 CV 00705 (JDB)**

**DAIOLESLAM SEID HASSAN**

        **Defendant.**

_____

### <u>PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER</u>

COMES NOW, Plaintiffs, Trita Parsi and the National Iranian American Council, by and through its attorney, A.P. Pishevar, Esq. and Pishevar & Associated, P.C., and states the following in support of this Motion for a Protective Order:

1.    All documents that are the subject of this Motion have been supplied to the Defendant. The purpose of this Motion is to protect the sensitive nature of the various documents identified herein from dissemination outside this litigation.

2.    The very subject matter of this litigation involves the dissemination of defaming statements made by the Defendant, therefore the feared malicious dissemination of this material is reasonable.

3.    The information sought through discovery should be protected from dissemination by the Defendant, who should be forbidden from sharing any information gained through discovery with any unrelated party for any reason.

4.      Several categories of information sought by the Defendant in his First Request for Production are especially sensitive as they entail communications with U.S. lawmakers and their staff, as well as Iranian and other U.S. officials. They are also Plaintiffs' trade secrets.

5.      By keeping these categories of information confidential, the trade secrets and reputations of the Plaintiffs, as well as the reputations of the governmental and quasi-governmental parties with whom they have relationships, will be protected.

6.      Defendant's First Request for Production #3 asks for:

> All documents relating to the government of Iran or any governmental or quasi-governmental group or agency of Iran, including all communications with Iran, the government of Iran, or any government or quasi-governmental group or agency or Iran (whether located within the borders of Iran or elsewhere) and all communications with any person then residing in Iran or then or now affiliated with any government or quasi-governmental group or agency of Iran (whether located within the borders of Iran or elsewhere).

This request, in addition to being unduly burdensome and overbroad, implicates communications with governmental officials and is therefore especially susceptible to being misused for malicious purposes. In addition, these communications are largely derived from proprietary interviews used by Mr. Parsi in his research and would lose independent economic value as a result of being prematurely published.

7.      Defendant's First Request for Production #5 asks for:

> All documents relating to United States political officials, including all communications with United States political officials and their staff.

This request, in addition to being unduly burdensome and overbroad, implicates communications with governmental officials and is therefore especially susceptible to being misused for malicious purposes. In

addition, these communications have been identified by Congressional

Counsel as being protected by the Speech and Debate Privilege.

11.     Defendant's First Request for Production #14 asks for:

> All documents referring to NIAC's activities as lobbying,
> exercising political influence, taking positions on United States
> policies, or persuading United States political officials.

This request, in addition to being unduly burdensome and overbroad,

implicates communications with governmental officials and is therefore

especially susceptible to being misused for malicious purposes.

WHEREAS, the Plaintiff respectfully requests that:

A)      The Court GRANT the Motion for Protective Order on all documents

associated with Defendant's First Request for Production #3, 5, and 14.

B)      Such other relief as this Court may deem appropriate.

Respectfully submitted,

**Pishevar & Assocates, P.C.**

**/s/ A.P. Pishevar**
A.P. Pishevar, Esq., #451015
600 East Jefferson St.
Suite 316
Rockville, MD 20852
(301) 279-8773
(301) 279-7347 (fax)
ap@pishevarlegal.com
*Attorney for PLAINTIFFS*

**CERTIFICATE UNDER LOCAL RULE 7(M)**

Pursuant to Local Rule 7(m), undersigned counsel certifies that Mr. Trita Parsi has conferred with counsel for Defendant, Hassan, in a good faith effort to resolve the issues by this Motion, and counsel were unable to agree on the resolution of the same.

Pishevar & Assocates, P.C.

/s/ **A.P. Pishevar**
A.P. Pishevar, Esq., #451015
600 East Jefferson St.
Suite 316
Rockville, MD 20852
(301) 279-8773
(301) 279-7347 (fax)
ap@pishevarlegal.com
*Attorney for PLAINTIFFS*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  5   day of   June   , 2009, the foregoing copy of PLAINTIFFS Trita Parsi and the National Iranian American Council's Answers to Defendant's Document Requests was mailed via first class mail, postage prepaid to:

HL Rogers, Esq.
Sidley Austin LLP
1501 K Street, NW
Washington, DC 20005

Pishevar & Assocates, P.C.

/s/ **A.P. Pishevar**
A.P. Pishevar, Esq., #451015
600 East Jefferson St.
Suite 316
Rockville, MD 20852
(301) 279-8773
(301) 279-7347 (fax)
ap@pishevarlegal.com
*Attorney for PLAINTIFFS*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|                                              |     |                          |
|----------------------------------------------|-----|--------------------------|
| **TRITA PARSI**                              | )   |                          |
|                                              | )   |                          |
| **and**                                      | )   |                          |
|                                              | )   |                          |
| **NATIONAL IRANIAN AMERICAN COUNCIL**        | )   |                          |
|       **Plaintiffs,**                        | )   |                          |
|                                              | )   |                          |
|                  **v.**                      | )   | **Civil No. 08 CV 00705 (JDB)** |
|                                              | )   |                          |
| **DAIOLESLAM SEID HASSAN**                   | )   |                          |
|                                              | )   |                          |
|              **Defendant.**                  | )   |                          |
_____)

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER**

NOW COMES the Plaintiffs, Trita Parsi and the National Iranian American Council,

by and through its attorneys, A.P. Pishevar and Pishevar & Associates, P.C., and provides

the following in support of its Motion for Protective Order.

**I.      INTRODUCTION**

The Plaintiffs, Trita Parsi and the National Iranian American Council ("NIAC"), have

been repeatedly and persistently defamed by the Defendant, Seid Hassan Daioleslam.

The Defendant has engaged in a campaign to convince the public that the Plaintiffs are

agents of the Islamic Republic of Iran, engaged in elicit activities on behalf of that

regime.  The Defendant has made statements, presented as fact, explicitly claiming that

such a relationship exists between the Plaintiffs and the government of Iran.  These

statements are entirely false and have caused irreparable harm to the Plaintiffs in the

Iranian-American community, which overwhelmingly disapproves of the Iranian regime.

The Defendant knew that his statements were false; or in the alternative he published them with reckless disregard to the truth.

## II.      BACKGROUND AND SUMMARY

Founded in early 2002, the National Iranian-American Council is a non-partisan, non-political, non-sectarian, and non-profit organization dedicated to promoting Iranian-American participation in American civic life.  Dr. Trita Parsi is the President of this organization. Defendant has recklessly accused NIAC and Dr. Trita Parsi of being agents of the Islamic Republic of Iran. Iran is designated by the United States as a sponsor of terrorism. Nothing could be more defamatory to NIAC than being accused of being an actual (not metaphorical) agent of the Islamic Republic of Iran. Not only would such action be criminal (see pg. 8, infra), but it would be tremendously scandalous and unpopular in the Iranian-American Community. This Community is NIAC's constituency, its grassroots, its source of memberships and revenue. This Community is NIAC's best source of donations.  It would be absurdly illogical for NIAC or Dr. Parsi to be agents of the Islamic Republic.

## III.    LEGAL ARGUMENT

### A.    THE PROTECTIVE ORDER SHOULD BE GRANTED TO THE EXTENT THAT SOME OF THE INFORMATION INCLUDED IN DEFENDANT'S DISCOVERY REQUESTS CREATES A HIGH POTENTIAL FOR ABUSE AND SHOULD BE PROHIBITED FROM BEING DISSEMINATED TO THE PUBLIC

Federal Rules of Civil Procedure 26(C)(1) provides as follows:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. Pro. 26(C)(1). This can be achieved through various methods, including but not limited to forbidding disclosure or discovery or "specifying terms, including time and place, for the disclosure or discovery." *Id*. 26(C)(1)(B).

In *Seattle Times Co*. *v*. *Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199 (1984), a party was granted a protective order preventing a newspaper from disseminating any information gained through discovery. The Supreme Court held that, "it is necessary to consider whether the 'practice in question [furthers] an important or substantial governmental interest unrelated to the suppression of expression" and whether "the limitation of First Amendment freedoms [is] no greater than is necessary or essential to the protection of the particular governmental interest involved.'" *Id*. at 32 (*quoting Procunier v*. *Martinez*, 416 U.S. 396, 413, 94 S.Ct. 1800, 1811, 40 L.Ed.2d 224 (1974)). As the information obtained was not a public component of a trial but was only obtained in preparation for trial, the "continued court control over the discovered information does not raise the same specter of government censorship that such control might suggest in other situations." *Id*. at 32-3. Finally, as discovery is often broad and permits inquiry into a wide range of information, some of which will have no bearing on the trial, there is a large potential for abuse which is "not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties." *Id*. at 34-5.

Plaintiffs are following the procedures for seeking a Protective Order established by the Federal Rules for Civil Procedure and is seeking to prevent information gained through discovery from being abused so as to cause the Plaintiff future embarrassment.

The nature of the information being sought through discovery deals with highly politicized issues and individuals and is especially susceptible to being used to further ideological goals unrelated to the case as a result. The government has a stated interest in avoiding the permission of such abuse of discovery. The information is being used in preparation for trial and its public dissemination would "seriously implicate privacy

interests of litigants and third parties." *Id*. at 34-5. Furthermore, the nature of this case establishes that the Defendant has a desire to publicly deride Plaintiffs, which should not be facilitated by the fruits of discovery.

As there is good cause to grant this protective order and as the request requires a limitation on the freedom of speech only to the extent necessary to protect the government interest, such information should be prohibited from public dissemination.

    **B.**    **THE PROTECTIVE ORDER SHOULD BE GRANTED TO THE EXTENT THAT SOME OF THE INFORMATION INCLUDED IN DEFENDANT'S DISCOVERY REQUESTS IS PROPIETARY INFORMATION PROTECTED AS TRADE SECRETS AND SHOULD BE PROHIBITED FROM BEING DISSEMINATED TO THE PUBLIC**

Under the Uniform Trade Secrets Act (UTSA), information is protected as a trade secret if it (a) derives independent economic value as a result of not being generally known and not being readily ascertainable; and (b) has been subjected to reasonable efforts to maintain its secrecy. UTSA § 1(4).  Furthermore, the Economic Espionage Act makes it illegal to copy, communicate, or convey a trade secret without authorization. 18 U.S.C. § 1831(a)(2). Finally, the Economic Espionage Act states "a court shall enter such orders and take other such action as may be necessary and appropriate to preserve the confidentiality of trade secrets." 18 U.S.C. § 1835.

In the present case, Defendant's discovery requests regard some information that constitutes Plaintiffs' trade secrets. The communications comprising and relating to Dr. Parsi's interviews with Iranian officials constitute independent research conducted by Dr. Parsi to support his publications. Although some of the information included in these communications have been published in past books and articles, there remains substantial amounts of information that Dr. Parsi has elected to refrain from including in past publications, preferring to retain the option of using it in later works. To this extent, these

communications remain his trade secrets, as their premature publication would undermine his ability to profit from them as they would then become publicly ascertainable.

## IV.    CONCLUSION

The documents provided in response to Defendant's First Request for Production #3, 5, and 14 contain information that may cause embarrassment should they be disseminated to the public. Information gained as a result of discovery is not a public component of litigation as it is used purely in preparation for trial and should therefore not be abused so as to implicate the privacy interests of litigants and/or third parties. Therefore, this information should be protected from public dissemination.

The documents provided in response to Defendant's First Request for Production #3 also comprise trade secrets in the possession of the Plaintiffs. The information has been kept secret and would lose its independent economic value if it were made public and should therefore be protected from public dissemination.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court GRANT its Motion for Protective Order.

Respectfully submitted,

**Pishevar & Assocates, P.C.**

 **/s/ A.P. Pishevar**
A.P. Pishevar, Esq., #451015
600 East Jefferson St.
Suite 316
Rockville, MD 20852
(301) 279-8773
(301) 279-7347 (fax)
ap@pishevarlegal.com
*Attorney for PLAINTIFFS*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                )
**TRITA PARSI**                                 )
                                                )
**and**                                         )
                                                )
**NATIONAL IRANIAN AMERICAN COUNCIL** )
       **Plaintiffs,**   )
                                                )
       **v.**   )   **Civil No. 08 CV 00705 (JDB)**
                                                )
**DAIOLESLAM SEID HASSAN**                      )
                                                )
       **Defendant.**   )
_____)


## <u>PROPOSED ORDER</u>

UPON CONSIDERATION of PLAINTIFF's Motion for Protective Order filed on

June ___5___, 2009, without the consent of Defendant thereto, it is by the United States

District Court for the District of Columbia, on the _____ day of _____, 2009,

hereby:


ORDERED, that the Motion for Protective Order is GRANTED, *nunc pro tunc*.


     It is so ORDERED.




                                    _____
                                      JUDGE, United States District
                                      Court for the District of Columbia