IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** ) | |
| ) | |
| and ) | |
| ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL** ) | |
|     **Plaintiffs,** ) | |
| ) | |
|     **v.** ) | **Civil No. 08 CV 00705 (JDB)** |
| ) | |
| **DAIOLESLAM SEID HASSAN,** ) | |
| ) | |
| ) | |
|     **Defendant.** ) | |

**DEFENDANT'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

Defendant Seid Hassan Daioleslam ("Daioleslam"), by and through undersigned counsel, hereby responds to and opposes Plaintiffs' improper Motion for A Protective Order.

**INTRODUCTION AND SUMMARY OF ARGUMENT**

On May 22, 2009, after repeated delays by Plaintiffs, the Parties exchanged discovery productions. Daioleslam originally issued a request for production to Plaintiffs on February 6, 2009 and the first set of interrogatories on March 3, 2009. Plaintiffs made various requests for extensions after the initial thirty days lapsed. Daioleslam continued to grant those extensions in good faith until he was informed by Plaintiffs in May, for the first time, that Plaintiffs wanted a protective order on *all* discovery and would not produce any responsive articles until such an overly-broad order were in place. At that point, unable to reach an agreement and three months past the original production deadline, Plaintiffs sought an order from this Court. On May 13,

2009, this Court stated that it would not grant Plaintiffs' request for a broad protective order over all Plaintiffs' responsive articles and ordered the Parties to confer to discuss a "tailored confidentiality agreement and the possibility of modifying their discovery requests or search parameters." *Parsi et al. v. Daioleslam*, No. 08-705, at 7 (D.D.C. May 13, 2009) (Mem. Order) ("May 13, 2009 Court Order"). Following the Hearing, the Parties conferred and modified the search parameters, allowing Plaintiffs to produce far fewer documents than originally requested, but did not discuss a "tailored confidentiality agreement." On May 22, 2009, the Parties exchanged productions. However, the Parties, to date, have not conferred to discuss a tailored confidentiality agreement. Nor have Plaintiffs answered the interrogatories issued by Daioleslam on March 3, 2009.

On June 5, 2009, Plaintiffs' filed with this Court a motion for a blanket protective order that would prohibit "sharing *any* information gained through discovery with *any* unrelated party for *any* reason." Plaintiffs' Motion for A Protective Order at 1. Not only is this motion overly broad and lacking any specific justification, it was also filed in blatant disregard of this Court's May 13, 2009 Order requiring parties to "confer to discuss the possibility of a tailored confidentiality agreement," as well as Local Rule 7(m) ("Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel."), and Federal Rule of Civil Procedure 26(c)(1) ("motion must include a certification that the movant has in good faith conferred [with the other party]").

Plaintiffs also fail to meet their burden to show "good cause" why a protective order should issue. Fed.R.Civ.P. 26(c)(1). Plaintiffs argue, in conclusory fashion, that discovery in this case could be misused for "malicious purposes." Plaintiffs' Motion for A Protective Order at 3. However, Plaintiffs fail to offer any specific reason why such malicious use is feared and simply

rely on their conclusory statements. Further, Plaintiffs do not articulate a coherent fear. Plaintiffs do not articulate how the dissemination of *truthful* information about them would be defamatory or otherwise harmful. At the same time, Plaintiffs argue that Dr. Parsi has the sole proprietary right to publish these documents in future publications and argue that "some" of the documents produced to date are trade secrets. Plaintiffs' Memorandum of Points And Authorities In Support of Motion For Protective Order at 8. But Plaintiffs fail to point to a single document they would consider to be a trade secret. Additionally, Daioleslam has repeatedly offered to work with Plaintiffs to craft a confidentiality agreement that covers proprietary information. Plaintiffs have yet to take Daioleslam up on his offer.

Plaintiffs also argue that the U.S. House of Representatives Office of General Counsel ("House Office of General Counsel") has asserted a Speech and Debate privilege over the documents produced by Plaintiffs thus far. As shown below, this contention is patently false. The House Office of General Counsel has yet to assert privilege over a single document. Finally, Plaintiffs argue that a protective order is needed to protect against undue burden. However, the motion, by its terms, covers only produced documents, therefore, the Plaintiffs no longer have any burden to produce any of the documents in question.

## **PLAINTIFFS' MOTION FOR PROTECTIVE ORDER IS IMPROPER**

Plaintiffs' Motion violates this Court's May 13, 2009 Order, District of D.C. Local Rule 7(m), and Federal Rule of Civil Procedure 26(c) and should be denied. After numerous delays and requests for extensions beginning in February, Plaintiffs, for the first time, in May, communicated to Daioleslam that they would not produce *any* documents without a confidentiality agreement covering *all* documents responsive to Daioleslam's request for production. When Daioleslam refused to agree to the overly-broad proposal, Plaintiffs initiated

3

contact with this Court and sought a protective order. This Court instructed Plaintiffs that it would *not* issue a broad protective order and that parties needed to confer over the possibility of a tailored confidentiality agreement and limiting the search parameters to decrease the number of documents to produce. Despite the Court's explicit instruction, Plaintiffs never conferred with Daioleslam regarding a tailored confidentiality agreement following the May 13, 2009 Hearing. Nor did Plaintiffs inform Daioleslam that they were contemplating filing this motion. Indeed, the first time Daioleslam heard anything about this motion was when he received the CM/ECF notice that the motion had been filed. Plaintiffs inexplicably filed the motion without conferring with Daioleslam, despite the fact that Daioleslam has shown a willingness to make concessions and negotiate in good faith as evidenced by the agreement reached by both Parties regarding search parameters and the manner in which they could be limited.

In addition, Plaintiffs violated D.C. District Court Local Rule 7(m) by failing to confer with Daioleslam prior to filing the Motion for A Protective Order. Local Rule 7(m) states:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement.

Plaintiffs have filed a nondispositive motion and as discussed in detail above, failed to confer with Daioleslam in violation of the Local Rule. Plaintiffs also fail to include in their motion, as required by the Local Rule, whether Daioleslam opposes this motion. LCvR 7(m) ("A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed."). Such a statement is not included in the motion because Plaintiffs never spoke with Daioleslam about this motion and thus never ascertained whether Daioleslam would oppose the motion.

Finally, Plaintiffs are in violation of Federal Rule of Civil Procedure 26(c), which states, in pertinent part, a motion for a protective order requires "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." As described above, Plaintiffs did not confer, nor attempt to confer, with Defendant regarding this motion. Be that as it may, Plaintiffs included a certification stating "undersigned counsel certifies that Mr. Trita Parsi *has conferred* with counsel for Defendant, Hassan, in a good faith effort to resolve the issues by this Motion." Motion for A Protective Order Certificate Under Local Rule 7(M) (emphasis added). This certification is included in the motion in violation of Fed.R.Civ.Pr. 26(g) (requiring a truthful certification and setting out that "[i]f a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction.").

## PLAINTIFFS' HAVE NOT MET THEIR BURDEN FOR A PROTECTIVE ORDER

Federal Rule Civil Procedure 26(c) requires the movant show "good cause" in order for a court to issue a protective order. *See Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987) ("the party seeking a protective order clearly bears the burden of proving its necessity"); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994) ("The burden of justifying the confidentiality of *each and every document* sought to be covered by a protective order remains on the party seeking the order.") (emphasis added). Plaintiffs have failed to meet this burden.

A Court may, but is not required to, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). But the Court must balance the concern of the movant with "governmental and first

5

amendment issues." *Hull*, 118 F.R.D. at 253 (*citing Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984)). And if a protective order is given at all, it must be crafted narrowly so that the "the limitation of First Amendment freedoms is no greater than is necessary or essential to the protection of the particular . . . interest involved." *Seattle Times Co.*, 467 U.S. at 32 (upholding a limited protective order for a subset of the requested documents after determining that the privacy interests of the plaintiffs narrowly outweighed the public's interest in disclosure) (quotation marks and brackets omitted).

To establish "good cause" for a protective order under Rule 26(c), "'[t]he courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Halkin*, 598 F.2d 176, 193 (D.C. Cir. 1979) (quoting 8 Wright & Miller, Federal Practice and Procedure § 2075 at 265 (1970); *see also Pansy*, 23 F.3d at 786 ("Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. 'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing.") (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987). (citations omitted). Courts balance the "'harm to the party seeking protection . . . and the importance of disclosure to the public.' However, privacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny." *Pansy*, 23 F.3d at 787 (quoting Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv.L.Rev. 427, 432-33 (1991)).

Plaintiffs have failed to show any good cause for a blanket protective order across all documents. Plaintiffs argue that "[t]he nature of the information being sought through discovery deals with highly politicized issues and individuals and is especially susceptible to being used to

further ideological goals unrelated to the case as a result." Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Protective Order at 7. However, advancement of "ideological goals" is not the Rule 26(c)(1) standard. Plaintiffs offer no specific facts that show any clearly defined and serious injury. Instead they merely rely on this conclusory and thus, insufficient statement. *See In re Halkin*, 598 F.2d at 193.

But even if Plaintiffs had supplied a "specific demonstration of fact," *id.*, the "burden" Plaintiffs point to is no burden at all. Plaintiffs argue that "the nature of this case establishes that the Defendant has a desire to publicly deride Plaintiffs." Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Protective Order at 8. However, Plaintiffs do not explain how the dissemination of actual documents and truthful information about Plaintiffs could in any way harm them when they seek relief from allegedly *untruthful* statements. If, however, the intent of Plaintiffs is to simply silence one of its critics, this protective order can be seen as one more effort to muzzle free speech. *See*, *e.g.*, National Iranian American Council (NIAC) Annual Board of Directors Meeting / October 26, 2007 / Washington DC Minutes at 6 ("Trita provided an update on the defamation issue and indicated how the Pishevar Associates 'cease and desist' action had been effective and now a decision was required to press forward against Daieoleslam and his blogging . . . or consider the action as having been successful. The same applies to the [Voice of America] situation. In both cases, NIAC has sent out a clear message that we will fight back if attacked.") (attached as Attachment A); *see also Seattle*, 467 U.S. at 37.

Moreover, the fact that these documents address political issues weighs in favor of *not* granting a protective order as political speech is one of the most closely guarded forms of speech and any burden on its dissemination is reviewed with strict scrutiny. *Buckley v. Am. Constitutional Law Foundation, Inc.*, 525 U.S. 182, 192 (1999) ("the First Amendment requires

7

us to be vigilant . . . [and] guard against undue hindrances to political conversations and the exchange of ideas"); *see also Meyer v. Grant*, 486 U.S. 414, 425 (1988) (holding that the First Amendment is at its "zenith" when it is protecting political speech).

Plaintiffs further argue that the documents they have produced should be protected because many of them represent "communications [that] have been identified by Congressional Counsel as being protected by the Speech and Debate Privilege." Plaintiffs' Motion for A Protective Order at 3. However, this is a blatant misstatement. The House Office of the General Counsel informed Plaintiffs that it declined to assert any privilege on three of the fourth sets of documents sent by Plaintiffs and that it had not yet decided to assert privilege as to any documents in the fourth set. *See* Letter from Christine Davenport to A.P. Pishevar, May 7, 2009, at 1 ("our clients decline to assert the Speech or Debate Clause privilege with respect to any of the documents in [the first] three categories") (attached as Attachment B). Plaintiffs' motion is for documents already produced. *Id*. at 1 ("All documents that are the subject of this motion have been supplied to the Defendant."). The fourth set of documents has not been produced to Daioleslam and, by its terms, is not included in this Motion. Thus the documents produced to Daioleslam are only those where the House Office of General Counsel has affirmatively *not* asserted the privilege at this time.[1]

Plaintiffs also argue that the documents produced to Daioleslam to date represent trade secrets and should be protected against disclosure. Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Protective Order at 8. However, Plaintiffs concede, as they must, that if there are documents that in fact contain trade secrets, it is only "some" of those

---

[1] Daioleslam is not aware of any case in which the Speech and Debate privilege has been used to prevent documents possessed by a private party from being produced to another private party. Such an expansion of the privilege would no doubt face serious First Amendment problems.

produced. *Id*. But Plaintiffs fail to identify *any* such documents. In fact, it is inconceivable that many, such as communications to and from Congressmen and other government officials, could possibly be Dr. Parsi's proprietary information (especially to and from a 501(c)(3) public entity that receives government funds). Nevertheless, Daioleslam has repeatedly stated that he is willing to consider a confidentiality agreement on any proprietary information (such as Dr. Parsi's personal tax returns), but Plaintiffs have, to date, failed to point to even one such document. To seek a protective order over all produced documents because "some" of the documents may represent trade secrets falls far short of meeting even the broadest concept of "good cause."

Finally, Plaintiffs state that they seek the protective order because the request for production, at least in part, is "unduly burdensome and overly broad." *Id*. at 3. Federal Rule of Civil Procedure 26(c)(1) sets out that a movant may seek a protective order to protect against, *inter alia*, "undue burden or expense." However, as set out above, this Motion would cover only documents *already* produced. *Id*. at 1. Therefore, there is no burden on Plaintiffs for the production of these documents and a protective order after the fact could have no affect on lowering any supposed burden. But even if Plaintiffs had demonstrated some burden or harm, the Court must weigh this against the fact that Plaintiffs are "limited public figures," *Parsi et al. v. Daioleslam*, No. 08-705, at 7 (D.D.C. February 4, 2009), whose "privacy interests are diminished." *Pansy*, 23 F.3d at 787.

## **CONCLUSION**

For the foregoing reasons, Defendant requests Plaintiffs' motion be denied and for other just and proper relief including costs under Federal Rules of Civil Procedure 26 and 37.

|  |  |
|---|---|
| Dated: June 11, 2009 | /s/<br>Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)<br>Bradford A. Berenson (D.C. Bar No. 441981)<br>HL Rogers (D.C. Bar No. 974462)<br>Peter G. Jensen (D.C. Bar No. 982599)<br>SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, D.C.  20005<br>(202) 736-8000<br>hrogers@sidley.com<br><br>Attorneys for Defendant<br>Seid Hassan Daioleslam |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRITA PARSI**        )<br>                          )<br>**and**                   )<br>                          )<br>**NATIONAL IRANIAN AMERICAN COUNCIL** )<br>      **Plaintiffs,**    )<br>                          )<br>      **v.**              )<br>                          )<br>**DAIOLESLAM SEID HASSAN,** )<br>                          )<br>                          )<br>      **Defendant.**      )<br>                          ) | Civil No. 08 CV 00705 (JDB) |

## CERTIFICATE OF SERVICE

I certify that on June 11, 2009, I served, via email and first class mail, Defendant's Response in Opposition to Plaintiffs' Motion for a Protective Order:

> Afshin Pishevar
> 600 East Jefferson Street
> Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com

|  |  |
|---|---|
| Dated: June 11, 2009 | /s/<br>Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)<br>Bradford A. Berenson (D.C. Bar No. 441981)<br>HL Rogers (D.C. Bar No. 974462)<br>Peter G. Jensen (D.C. Bar No. 982599)<br>SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, D.C.  20005<br>(202) 736-8000<br>hrogers@sidley.com<br><br>Attorneys for Defendant<br>Seid Hassan Daioleslam |

# ATTACHMENT A

# ATTACHMENT B