## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** ) | |
| ) | |
| **and** ) | |
| ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil No. 08 CV 00705 (JDB)** |
| ) | |
| **DAIOLESLAM SEID HASSAN** ) | |
| ) | |
| **Defendant.** ) | |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

COMES NOW, Plaintiffs, Trita Parsi and the National Iranian American Council, by and through their attorney, A.P. Pishevar, Esq. and Pishevar & Associated, P.C., and hereby responds to Defendant's Opposition to Plaintiff's Motion for a Protective Order:

### INTRODUCTION AND SUMMARY OF ARGUMENT

Prior to the May 13, 2009 hearing, the Plaintiffs had approached the Defendant numerous times, seeking an agreement as to the confidentiality of the documents to be received by him during the course of discovery. See Attachment 1. The Defendant consistently refused to agree to any terms of confidentiality, other than for Plaintiff Trita Parsi's personal tax returns. Although the Defendant did accede to the need to reduce the number of documents being requested, this agreement did not extend in any way to the need to maintain the confidentiality of those documents.

1

Following the May 13, 2009 hearing, the parties continued to be unable to reach an agreement. Plaintiffs filed their Motion for a Protective Order on June 5, 2009 in order to secure this needed confidentiality. The Motion is not a "blanket protective order" as the Defendant contends. Defendant's Response in Opposition to Plaintiffs' Motion for a Protective Order at 2. Plaintiffs' Motion seeks only to protect those documents produced in response to Defendant's First Request for Production #3, 5, and 14. Plaintiffs' Motion for a Protective Order at 1-3. The need for confidentiality had been asserted many times to Defendant and Plaintiffs' Motion for a Protective Order must have been anticipated as a response to the inability for the Parties to reach any sort of acceptable confidentiality agreement.

Plaintiffs' Motion met its burden to show "good cause" why a Protective Order is necessary. Fed. R. Civ. P. 26(c)(1). The Defendant has not shown care in sorting truth from fiction in publicly discussing the Plaintiffs. Furthermore, the Defendant's desire to defame the Plaintiffs is at the heart of this case, and the Defendant should not be able to distort information he would not have otherwise obtained were it not for this litigation in order to further defame or embarrass the Plaintiffs. Also, the documents associated with Defendant's First Request for Production #3 include trade secrets whose publication would constitute a loss of its independent economic value for the Plaintiff and should therefore be protected. Plaintiffs' Memorandum or Points and Authorities in Support of Motion for Protective Order at 9. Plaintiffs have never been given any reason to believe that the Defendant is willing to reach a reasonable agreement regarding confidentiality and has consistently resisted our attempts to do so, which has only fueled Plaintiffs' concerns regarding to what use these documents may be put.

## PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER IS PROPER

Following the hearing on May 15, 2009, Plaintiffs were able to substantially reduce the number of documents they sought to protect and now seeks only to protect those documents associated with three of the document requests in Defendant's First Request for Production. However, at no time before or after the hearing did the Defendant make any indication that he was willing to agree to any terms of confidentiality beyond Dr. Parsi's personal tax records. In fact, all discussions of confidentiality that took place throughout the process of producing the documents were not welcomed by the Defendant, who continued to convey the impression that he would be unwilling to accept any terms of confidentiality that would be considered reasonable by the Plaintiffs.

In following the dictates of Local Rule 7(m), Plaintiffs were able to narrow the areas of disagreement to the three requests included in Plaintiffs' Motion. Defendant's opposition even to these documents being protected has been maintained at all times and continues to be evidenced by their current Opposition. In fulfilling its obligations under Local Rule 7(m) as well as Federal Rule of Civil Procedure 26(c), the Plaintiffs included a Certificate in their Motion clearly stating that they were unable to resolve these issues through good faith efforts. Plaintiffs' Motion for a Protective Order at 4. Plaintiffs' intention to seek protection for the documents sought by the Defendant had been repeatedly communicated to the Defendant, and neither the Plaintiffs nor their counsel was ever led to believe that a resolution could be reached.

## PLAINTIFFS' MOTION ESTABLISHED GOOD CAUSE

Defendant's Opposition relies largely on the propositions that Platintiffs' Motion did not supply a "specific demonstration of fact" and that Plaintiffs could not be harmed by truthful information. Defendant's Response in Opposition to Plaintiffs' Motion for a Protective Order at 7. However, Plaintiffs' Motion repeatedly refers to the potential for implicating the privacy interests of the Plaintiffs. Plaintiffs' Memorandum or Points and Authorities in Support of Motion for Protective Order at 7. While it is true that public figures will sometimes be afforded limited protection of privacy interests, the government's interest in protecting discovery from being abused and misused as a tool in public debate is seen in its consistent acknowledgement that discovery is not a public aspect of litigation. See *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984).

Next, Defendant provided no legal support for their contention that parties to litigation should only be protected from untruthful statements, stating that the "dissemination of actual documents and truthful information" established Plaintiffs' intent to "silence one of its critics." Defendant's Response in Opposition to Plaintiffs' Motion for a Protective Order at 7. However, the harm to Plaintiffs would stem directly from the fact that something they wish to be kept private could potentially be made public as a result of the Defendant's refusal to agree to keep the fruits of discovery confidential. This direct implication of Plaintiffs' privacy interest is in itself a stated interest of the government in seeking to protect information sought through discovery. *Id.* at 34-5. Furthermore, the Defendant's public portrayals of Plaintiffs as "agents" of the Iranian government that sit at the heart of Plaintiffs' defamation claim, could easily be extended to the public officials with whom Plaintiffs have a relationship. The Defendant could use the information received through discovery to identify those public officials

4

thus creating the potential for extending his defamatory comments regarding the Plaintiffs to include these officials. This misuse of the fruits of discovery would further injure Plaintiffs by potentially embarrassing and harassing them and those with whom they work.

Furthermore, Defendant's argument that securing the confidentiality of the documents he received through discovery would constitute a burden on political speech is untenable. Defendant's Response in Opposition to Plaintiffs' Motion for a Protective Order at 7. Plaintiffs do not seek to limit the Defendant's rights to political speech, they seek only to stop the Defendant from using discovery documents used in preparation for trial to embarrass Plaintiffs and their colleagues by publicly disseminating private communications and materials.

Finally, Defendants do not object to the need to protect proprietary information, they only challenge the claim that the documents produced contain any. Contrary to Defendant's Opposition, however, the Plaintiffs' Motion identified those documents relating to Defendant's First Request for Production #3 as containing trade secrets. Plaintiffs' Motion for a Protective Order at 2 and 9. Furthermore, while communications involving NIAC may potentially be public due to their 501(c)(3) status, Plaintiffs' Motion only sought to protect the interviews Dr. Parsi conducted with Iranian officials as research for his personal publications and have no connection to his position with or duties for NIAC.

## CONCLUSION

These, in addition to the other reasons set forth in Plaintiffs' Motion, establish that Plaintiffs' Motion was properly made and that there is sufficient cause for granting Plaintiffs' Motion for a Protective Order.

WHEREAS, the Plaintiff respectfully requests that:

A)      The Court GRANT the Motion for Protective Order on Defendant's Discovery Requests.

B)      Such other relief as this Court may deem appropriate.

Respectfully submitted,

**Pishevar & Assocates, P.C.**
**/s/ A.P. Pishevar**
A.P. Pishevar, Esq., #451015
600 East Jefferson St.
Suite 316
Rockville, MD 20852
(301) 279-8773
(301) 279-7347 (fax)
ap@pishevarlegal.com
*Attorney for Plaintiffs*

# ATTACHMENT 1

From: ap@pishevarlegal.com [mailto:ap@pishevarlegal.com]
Sent: Friday, April 17, 2009 4:02 PM
To: Rogers, HL
Subject: RE: NIAC / Diaoleslam Matter - Claw-Back

Dear Mr. Rogers:
I hope you are well. I want to discuss a few matters with you regarding the ongoing discovery effort.
1. I need to know if you will agree to keep our discovery confidential other than for legal/litigation purposes only. I propose a consent protective order as well as the claw-back. Let me know if you will agree.  We cannot release proprietary/member names and lists, etc. without knowing this information will not be used for other than this litigation. Please let me know by Monday. This is my good faith attempt to resolve this discovery issue. If we cant agree, I will contact our Judge with the Discovery issue Monday or Tuesday.  I want to abide by his Honor's request that we try not to file Motions and to first call chambers in case of discovery disputes.
2. I just received a lot of documents that I will be reviewing.  Its a box of hard copies that are not electronic as well as all the electronic items that have been copied onto disc after 100s of hours of searching and a substantial halt to the operations of my client's offices.  They most certainly used your search terms as you requested and the items are in their native form. They used word searched as well as looking through all directories manually.
3. I believe I provided you with the search terms I wanted, which are the same as yours plus about 10 more.  I will provide you with the same list again, in case you don't have it.
I believe an additional 2 weeks would be a reasonable amount of time to extend production by given what I have received. I have a box of documents and numerous Cd's of documents that I have to go through.
4.  I have been contacted by the House of Representatives Counsel's Office and asked not to produce anything potentially congressional until they review the items for any potential objections they may have.  I provide you with the letter I received yesterday in the attached.

Please see attached.

I hope you have a great Weekend.

Sincerely,
A.P. Pishevar, Esq.
Jefferson Plaza - Suite 316
600 E. Jefferson Street
Rockville, MD 20852
Tel.(301)279-8773
www.PishevarLegal.com

Your Case, Our Mission. • Big Firm Quality, Small Firm Care & Attention • Litigation & Immigration

# PISHEVAR & ASSOCIATES, P.C.
### ATTORNEYS

(((((READER BEWARE: Unencrypted, unauthenticated Internet e-mail is inherently insecure. Internet messages may be corrupted or incomplete, or may incorrectly identify the sender. ((NOTICE: Confidentiality notice: The unauthorized

**From:** ns@sidleysquad.com
**Subject:** NIAC - discovery letter to c/c
**Date:** Wednesday, May 6, 2009 5:44pm

**To:** hrogers@Sidley.com
**Cc:** jg@pishevarlegal.com

Dear Mr. Rogers,

Please accept this as a further good faith and final effort to resolve our discovery impasse regarding mutual responses to pending requests for discovery. We are also waiting for the final word from the House Counsel's Office re any Speech and Debate issues. In either case, we would like to respond again without prejudice for another 2 week period.

I have literally tens of thousands of documents collected from NIAC after hundreds of hours spent to gather them. Simply stated, we understand that you want to see these documents and we are ready and able to provide all the discoverable documents to you once we finish going through them and once we have the proper agreement or protective order in place. The disagreement we have centers on the scope of a Confidentiality Agreement/Claw Back. We seek a broad confidentiality agreement; you indicate you are "willing to discuss confidentiality on a case by case basis" and "see no need for a broad confidentiality agreement".

We see the "need" or lack therof, as follows:

1. We see no reason NOT to have a broad confidentiality agreement - you have enunciated no instances where there would be a need to use or employ any discovery documents other than for litigation purposes.

2. Even assuming *arguendo* there is SOME limited need to publish discovery materials in this case, that would still be overwhelmed in balance against the enormous, and we feel unjustified and unnecessary person-hours to fine pick through tens of thousands of documents to then just start to begin a discussion to resolve whether each particular document deserves protective status. That would be a battle of attrition between a mammoth K Street Firm versus a small Rockville law practice.

3. This is a case where mis-use, mis-characterization and mis-interpretation of documents is central to the allegations of wrongdoing. Accordingly, at the very least, plaintiff's concern of mis-use, on it's face, is a legitimate, even if subjective, one.

We hope you will make a final re-consideration of this matter and agree to a full confidentiality agreement. If, however, our effort in this matter is exhausted without your cooperation, we will follow the Judge's directive and attempt to resolve the issue with an informal conference call to chambers tomorrow afternoon. Accordingly, please advise re your availability between 1 and 4 pm tomorrow, Friday.

Sincerely,
A.P. Pishevar, Esq.
Jerry M. Gudis, Esq.
600 E. Jefferson Street
Jefferson Plaza - Suite 316
Rockville, MD 20852
Tel.(301)279-9773

FILE COPY

---

Fax.(301)279-7347
www.PishevarLegal.com

# PISHEVAR & ASSOCIATES, P.C.

*Your Case, Our Mission - Big Firm Quality, Small Firm Care & Attention - Litigation & Immigration*

**A T T O R N E Y S**

(((((READER BEWARE: Unencrypted, unauthenticated Internet e-mail is inherently insecure. Internet messages may be corrupted or incomplete, or may incorrectly identify the sender. (NOTICE: Confidentiality notice: The unauthorized disclosure or interception of email is a federal crime; 18 U.S.C. Sec. 2517(4). This electronic message transmission contains information which may be confidential or privileged. The information is intended solely for the recipient, and use by any other party is not authorized. This is not legal advice nor does this communication establish an attorney-client relationship. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please immediately notify us. Thank you.))

FILE COPY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** )<br>)<br>**and** )<br>)<br>**NATIONAL IRANIAN AMERICAN COUNCIL** )<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**DAIOLESLAM SEID HASSAN** )<br>)<br>**Defendant.** )<br>) | **Civil No. 08 CV 00705 (JDB)** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  18  day of    June   , 2009, the foregoing copy of PLAINTIFFS' Trita Parsi and the National Iranian American Council's Response to Defendant's Opposition to Plaintiffs' Motion for a Protective Order was mailed via first class mail, postage prepaid to:

HL Rogers, Esq.
Sidley Austin LLP
1501 K Street, NW
Washington, DC 20005

Bradford A. Berenson
Sidley Austin LLP
1501 K Street, NW
Washington, DC 20005

Timothy Kapshandy
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603

**Pishevar & Assocates, P.C.**

 /s/ A.P. Pishevar
A.P. Pishevar, Esq., #451015
600 East Jefferson St.
Suite 316
Rockville, MD 20852
(301) 279-8773
(301) 279-7347 (fax)
ap@pishevarlegal.com
Attorney for PLAINTIFFS