# ATTACHMENT A

**From:** Rogers, HL
**Sent:** Sunday, April 19, 2009 2:38 PM
**To:** ap@pishevarlegal.com
**Cc:** Kapshandy, Timothy E.
**Subject:** RE: NIAC / Diaoleslam Matter - Claw-Back

A.P.,

1. As we stated on our last phone call, we are willing to discuss confidentiality on a case by case basis. We agree that things such as personal tax returns and proprietary mailing lists should be kept confidential. However, we see no need for a broad confidentiality agreement.

2. A.P., we have agreed to several extensions now in order to allow you to produce documents. We will agree to yet another and set the date for May 7, as requested. However, discovery is now far behind our proposed schedule and threatens to delay the schedule we've set for trial. We do not believe we are in a position to agree to anymore extensions. Also, prior to May 7, please confirm that NIAC is looking not just at emails and documents on hard drives and server files, but that they have also searched calendar items and directories in Outlook. Also, please let us know when we can speak with the IT personnel that you designate who can confirm how electronic files were searched and preserved.

3. You have not provided us with your additional search terms. Please do so as soon as possible. Thank you.

4. Please keep us informed on Ney's decision whether to exercise his privilege. However, regardless of the privilege, this will not affect any of NIAC's documents, nor any of Parsi's personal documents that post-date his time working with Ney as a staffer. We will expect all of these documents to be produced at the above agreed time.

**From:** ap@pishevarlegal.com [mailto:ap@pishevarlegal.com]
**Sent:** Friday, April 17, 2009 4:02 PM
**To:** Rogers, HL
**Subject:** RE: NIAC / Diaoleslam Matter - Claw-Back

Dear Mr. Rogers:
I hope you are well. I want to discuss a few matters with you regarding the ongoing discovery effort.
1. I need to know if you will agree to keep our discovery confidential other than for legal/litigation purposes only. I propose a consent protective order as well as the *claw-back*. Let me know if you will agree. We cannot release proprietary/member names and lists, etc. without knowing this information will not be used for other than this litigation. Please let me know by Monday. This is my good faith attempt to resolve this discovery issue. If we cant agree, I will contact our Judge with the Discovery issue Monday or Tuesday. I want to abide by his Honor's request that we try not to file Motions and to first call chambers in case of discovery disputes.
2. I just received a lot of documents that I will be reviewing. Its a box of hard copies that are not electronic as well as all the electronic items that have been copied onto disc after *100s* of hours of searching and a substantial halt to the operations of my client's offices.

They most certainly used your search terms as you requested and the items are in their native form. They used word searched as well as looking through all directories manually.
3. I believe I provided you with the search terms I wanted, which are the **same** as yours plus about 10 more. I will provide you with the same list again, in case you don't have it. I believe an additional 2 weeks would be a reasonable amount of time to extend production by given what I have received. I have a box of documents and numerous Cd's of documents that I have to go through.
4. I have been contacted by the House of Representatives Counsel's Office and asked not to produce anything potentially congressional until they review the items for any potential objections they may have. I provide you with the letter I received yesterday in the attached.

Please see attached.

I hope you have a great Weekend.

Sincerely,
A.P. Pishevar, Esq.
Jefferson Plaza - Suite 316
600 E. Jefferson Street
Rockville, MD 20852
Tel.(301)279-8773
www.PishevarLegal.com

Your Case. Our Mission • *Big Firm Quality, Small Firm Care & Attention* • Litigation & Immigration

## PISHEVAR & ASSOCIATES, P.C.
### ATTORNEYS

(((((READER BEWARE: Unencrypted, unauthenticated Internet e-mail is inherently insecure. Internet messages may be corrupted or incomplete, or may incorrectly identify the sender. ((NOTICE: Confidentiality notice: The unauthorized disclosure or interception of email is a federal crime; 18 U.S.C. Sec. 2517(4). This electronic message transmission contains information which may be confidential or privileged. The information is intended solely for the recipient, and use by any other party is not authorized. This is not legal advice nor does this communication establish an attorney-client relationship. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of thisinformation is prohibited. If you have received this electronic transmission in error, please immediately notify us. Thank you.))

-----Original Message-----
From: "Rogers, HL" <hrogers@Sidley.com>
Sent: Friday, April 17, 2009 2:32pm
To: ap@pishevarlegal.com

2

Cc: "Kapshandy, Timothy E." <tkapshandy@sidley.com>
Subject: RE: NIAC / Diaoleslam Matter - Claw-Back

A.P.,

I'm not sure what you mean by "departs from the Federal Discovery Rules." The clawback simply sets forth the procedure we plan to use and restates the clawback provisions as set forth in the Fed. Rules of Evidence.

We are still waiting on your search terms, information on discussing how the search was done with your IT point person, and the electronic discovery stipulation. Finally, please confirm that you will be able to produce on April 23. We also need to set up a place to meet in order to exchange the production. Please let us know what would be convenient for you. You are welcome to come by our offices at 1501 K st NW if you'd like. Thanks

HL

**From:** ap@pishevarlegal.com [mailto:ap@pishevarlegal.com]
**Sent:** Thursday, April 16, 2009 12:26 PM
**To:** Rogers, HL
**Subject:** RE: NIAC / Diaoleslam Matter - Claw-Back

I appreciate the mutual extension to respond through April 23rd. I am now reviewing the Claw-Back document you forwarded. I will be focusing on it today. As I have repeatedly stated, I would not be comfortable with any agreement that departs from the requirements of the Federal Discovery Rules, other that to the extent that if there is an inadvertent disclosure of arguably priv'd or confidential items, we are not going to argue *waiver*. Also, As I stated, the purpose and intent of this claw-back concept would be gutted if either party were to disseminate any of these exchanges documents other than in this litigation. Which is why I believe we need a confidentiality agreement not to discuss or disclose the documents outside this litigation for legal purposes only.

Sincerely,
A.P. Pishevar, Esq.
Jefferson Plaza - Suite 316
600 E. Jefferson Street
Rockville, MD 20852
Tel.(301)279-8773
www.PishevarLegal.com

Your Case, Our Mission • Big Firm Quality, Small Firm Care & Attention • Litigation & Immigration

PISHEVAR & ASSOCIATES, P.C.
ATTORNEYS

(((((READER BEWARE: Unencrypted, unauthenticated Internet e-mail is inherently

3

insecure. Internet messages may be corrupted or incomplete, or may incorrectly identify the sender. ((NOTICE: Confidentiality notice: The unauthorized disclosure or interception of email is a federal crime; 18 U.S.C. Sec. 2517(4). This electronic message transmission contains information which may be confidential or privileged. The information is intended solely for the recipient, and use by any other party is not authorized. This is not legal advice nor does this communication establish an attorney-client relationship. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of thisinformation is prohibited. If you have received this electronic transmission in error, please immediately notify us. Thank you.))

-----Original Message-----
From: "Rogers, HL" <hrogers@Sidley.com>
Sent: Wednesday, April 1, 2009 3:27pm
To: ap@pishevarlegal.com
Cc: "Kapshandy, Timothy E." <tkapshandy@sidley.com>
Subject: RE: NIAC / Diaoleslam Matter


A.P.,
As a follow-up to our phone conversation earlier today. Below are the matters we discussed and the agreements we reached.
First, in light of the delays you are experiencing with the document collection and review, we have agreed to extend the production deadline from April 9, 2009 to April 23, 2009, two weeks after the April 9 agreement (a month and two weeks after our initially agreed production deadline). So as for the document exchange to be simultaneous, defendant's responses will also be due April 23. The parties agree to exchange responsive documents on common digital media in native format on April 23. Defendant will provide his responses to the interrogatory responses when originally due.
Second, as discussed on the phone, I am including in this email the proposed electronic discovery stipulation that was originally sent to you on February 23, 2009 and will await the signed clawback agreement from you on Friday.
Third, we decided that we would continue to discuss the possible need for seeking a protective order from the court seeking confidential treatment of certain documents on a case by case basis. Once you have collected various documents you believe need to be covered by a protective order, we will revisit the issue.
Fourth, we agreed that you would send the additional search terms you have asked NIAC to use in the document collection, on top of the terms we earlier sent and that you indicated are being used as well as a description of the locations being searched.
Let me know if there is anything further we need to discuss. Thanks
HL

HL Rogers | Sidley Austin LLP |
1501 K Street, N.W. | Washington, D.C. | 20005 |
Tel: 202.736.8301 | Fax: 202.736.8711 |
hrogers@sidley.com |

4

**From:** ap@pishevarlegal.com [mailto:ap@pishevarlegal.com]
**Sent:** Tuesday, March 31, 2009 7:02 PM
**To:** Rogers, HL
**Subject:** RE: NIAC / Diaoleslam Matter

I have a Trial upon remand tomorrow morning at 9am in Mo. Co. Cir. Ct., I should be available in the after-noon if all goes as expected.

Sincerely,
A.P. Pishevar, Esq.
Jefferson Plaza - Suite 316
600 E. Jefferson Street
Rockville, MD 20852
Tel.(301)279-8773
www.PishevarLegal.com

## PISHEVAR & ASSOCIATES, P.C.
### ATTORNEYS

(((((READER BEWARE: Unencrypted, unauthenticated Internet e-mail is inherently insecure. Internet messages may be corrupted or incomplete, or may incorrectly identify the sender. ((NOTICE: Confidentiality notice: The unauthorized disclosure or interception of email is a federal crime; 18 U.S.C. Sec. 2517(4). This electronic message transmission contains information which may be confidential or privileged. The information is intended solely for the recipient, and use by any other party is not authorized. This is not legal advice nor does this communication establish an attorney-client relationship. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of thisinformation is prohibited. If you have received this electronic transmission in error, please immediately notify us. Thank you.))

-----Original Message-----
From: "Rogers, HL" <hrogers@Sidley.com>
Sent: Tuesday, March 31, 2009 6:23pm
To: ap@pishevarlegal.com
Cc: "Kapshandy, Timothy E." <tkapshandy@sidley.com>, "Lynch, Kelly" <kjlynch@sidley.com>, "Jensen, Peter" <pjensen@sidley.com>
Subject: RE: NIAC / Diaoleslam Matter

A.P.,

Let us know when you're available tomorrow for a call to discuss. We are available after 11:30 and before 3. Thanks

5

HL

**From:** ap@pishevarlegal.com [mailto:ap@pishevarlegal.com]
**Sent:** Tuesday, March 31, 2009 6:07 PM
**To:** Lynch, Kelly
**Cc:** Rogers, HL; Kapshandy, Timothy E.
**Subject:** NIAC / Diaoleslam Matter
**Importance:** High

Due to the complexity, time constraints and the sheer volume of the possible discovery items, despite diligent effort, we are not in a position to produce the discovery items to you this week. I am requesting a reasonable extension of 2 weeks.
I have not yet received the items from my clients but am told that there are thousands if not tens of thousands of email/documents that may fit within the broad discovery items requested. Please do not hold me to any numbers but I believe the figure may be close to fifty thousand possible items.
I am confident that I have a duty to review the items after they have been produced to me so I am going to need a substantial extension of time as our anticipated good faith estimate did not reflect the actuality that we are now looking at.
Furthermore, I have a rather substantial appellate oral argument in Annapolis this Friday, March 3, 2009 (*AllState v. Daniels*).
My clients are still in the process of searching the terms and producing the universe of possible documents to me after they have organized them in separate batches. Once that is done, I will notify you of the same and beginning my review. Please allow me an extension of at least 2 weeks to respond to your discovery requests. I appreciate your courtesy in a advance.

Thank you!


Sincerely,
A.P. Pishevar, Esq.
Jefferson Plaza - Suite 316
600 E. Jefferson Street
Rockville, MD 20852
Tel.(301)279-8773
www.PishevarLegal.com

Your Case. Our Mission. • Big Firm Quality, Small Firm Cost & Attention • Litigation & Immigration

# PISHEVAR & ASSOCIATES, P.C.
### ATTORNEYS

(((((READER BEWARE: Unencrypted, unauthenticated Internet e-mail is inherently insecure. Internet messages may be corrupted or incomplete, or may incorrectly identify

the sender. ((NOTICE: Confidentiality notice: The unauthorized disclosure or interception of email is a federal crime; 18 U.S.C. Sec. 2517(4). This electronic message transmission contains information which may be confidential or privileged. The information is intended solely for the recipient, and use by any other party is not authorized. This is not legal advice nor does this communication establish an attorney-client relationship. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of thisinformation is prohibited. If you have received this electronic transmission in error, please immediately notify us. Thank you.))

---

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred
to by other parties in promoting, marketing or recommending any partnership or other entity,
investment plan or arrangement, then (i) the advice should be construed as written in connection
with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on the taxpayer's particular
circumstances from an independent tax advisor.
```
****************************************************************************
********************
This e-mail is sent by a law firm and may contain information that is
privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any
attachments and notify us
immediately.
****************************************************************************
********************
```

# ATTACHMENT B

**From:** Rogers, HL
**Sent:** Wednesday, May 06, 2009 10:18 PM
**To:** 'ap@pishevarlegal.com'
**Cc:** 'jg@pishevarlegal.com'; Kapshandy, Timothy E.; Jillson, Elisa K.; Lynch, Kelly; Jensen, Peter
**Subject:** Re: NIAC - discovery letter to o/c

A.P.,

I have reviewed the below email. We have already agreed to several extensions beyond our initial discovery plan. Frankly, you have pushed our good faith to the breaking point. Please be advised, we expect to have the document exchange by Monday at the latest unless you obtain a court order to the contrary.

Regarding the issue of a protective order, it appears we've come to a stalemate and unfortunately cannot resolve this between the two parties alone. Accordingly, we are available on Friday between 3 and 5 for a call with chambers.

HL

**From:** ap@pishevarlegal.com
**To:** Rogers, HL
**Cc:** jg@pishevarlegal.com
**Sent:** Wed May 06 17:44:17 2009
**Subject:** NIAC - discovery letter to o/c

Dear Mr. Rogers,

Please accept this as a further good faith and final effort to resolve our discovery impasse regarding mutual responses to pending requests for discovery. We are also waiting for the final word from the House Counsel's Office re any Speech and Debate issues. In either case, we would like to extend the deadline to respond again without prejudice for another 2 week period.

I have literally tens of thousands of documents collected from NIAC after hundreds of hours spent to gather them. Simply stated, we understand that you want to see these documents and we are ready and able to provide all the discoverable documents to you once we finish going through them and once we have the proper agreement or protective order in place. The disagreement we have centers on the scope of a Confidentiality Agreement/Claw Back. We seek a broad confidentiality agreement; you indicate you are "willing to discuss confidentiality on a case by case basis" and "see no need for a broad confidentiality agreement".

We see the "need" or lack therof, as follows:

1. We see no reason NOT to have a broad confidentiality agreement - you have enunciated no instances where there would be a need to use or employ any discovery documents other than for litigation purposes.

2. Even assuming *arguendo* there is SOME limited need to publish discovery materials in this case, that would still be overwhelmed in balance against the enormous, and we feel unjustified and unnecessary person-hours to fine pick through tens of thousands of

documents to then just start to begin a discussion to resolve whether each particular document deserves protective status. That would be a battle of attrition between a mammoth K Street Firm versus a small Rockville law practice.

3. This is a case where mis-use, mis-characterization and mis-interpretation of documents is central to the allegations of wrongdoing. Accordingly, at the very least, plaintiff's concern of mis-use, on it's face, is a legitimate, even if subjective, one.

We hope you will make a final re-consideration of this matter and agree to a full confidentiality agreement. If, however, our effort in this matter is exhausted without your cooperation, we will follow the Judge's directive and attempt to resolve the issue with an informal conference call to chambers tomorrow afternoon. Accordingly, please advise re your availability between 1 and 4 pm tomorrow, Friday.

Sincerely,
A.P. Pishevar, Esq.
Jerry M. Gudis, Esq.
Jefferson Plaza - Suite 316
600 E. Jefferson Street
Rockville, MD 20852
Tel.(301)279-8773
Fax.(301)279-7347
www.PishevarLegal.com

Your Case, Our Mission. • Big Firm Quality, Small Firm Care & Attention. • Litigation & Immigration

## PISHEVAR & ASSOCIATES, P.C.
### ATTORNEYS

(((((READER BEWARE: Unencrypted, unauthenticated Internet e-mail is inherently insecure. Internet messages may be corrupted or incomplete, or may incorrectly identify the sender. ((NOTICE: Confidentiality notice: The unauthorized disclosure or interception of email is a federal crime; 18 U.S.C. Sec. 2517(4). This electronic message transmission contains information which may be confidential or privileged. The information is intended solely for the recipient, and use by any other party is not authorized. This is not legal advice nor does this communication establish an attorney-client relationship. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of thisinformation is prohibited. If you have received this electronic transmission in error, please immediately notify us. Thank you.))