# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TRITA PARSI** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 08 CV 00705 (JDB)** |
| | ) | |
| **DAIOLESLAM SEID HASSAN,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY

Defendant Seid Hassan Daioleslam ("Daioleslam"), by and through undersigned counsel, hereby files this Motion for Leave to File Surreply to Plaintiffs' Response to Defendant's Opposition to Plaintiffs' Motion for a Protective Order.

Plaintiffs' Response contains arguments not made in their Motion for a Protective Order, as well as blatant misrepresentations.

Dated: June 23, 2009

/s/

Timothy E. Kapshandy (Illinois Bar No. 6180926,
admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
hrogers@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

I IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| **TRITA PARSI** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 08 CV 00705 (JDB)** |
| | ) | |
| **DAIOLESLAM SEID HASSAN,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S SURREPLY IN OPPOSITION TO
PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

Defendant Seid Hassan Daioleslam ("Daioleslam"), by and through undersigned counsel,

hereby files this Surreply in Opposition to Plaintiffs' Motion for a Protective Order. Plaintiff's

reply brief contains arguments not raised in the Motion for a Protective Order, as well as blatant

misrepresentations.

A surreply is warranted where "the plaintiff[s'] reply raises new arguments not contained

in [their] original motion." *Brown v. Samper*, 247 F.R.D. 188, 192 n.2 (D.D.C. 2008); *Ben–Kotel

v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) ("The district court routinely grants

[surreply] motions when a party is unable to contest matters presented to the court for the first

time in the last scheduled pleading.") (quotation marks omitted); *see also American Forest &

Paper Ass'n, Inc. v. EPA*, 1996 WL 509601 *4 (D.D.C. Sept. 4, 1996) (unpublished) (surreply

granted where defendant sought "to bring to the court's attention several alleged inaccuracies in

[plaintiff's] reply memorandum."). In Plaintiffs' Reply they state that the "Defendant consistently refused to agree to any terms of confidentiality, other than for Plaintiff Trita Parsi's personal tax returns." Plaintiffs' Response to Defendant's Opposition to Plaintiffs' Motion for a Protective Order at 1; *see also id*. at 3 ("[A]t no time before or after the hearing did the Defendant make any indication that he was willing to agree to any terms of confidentiality beyond Dr. Parsi's personal tax records."). This argument was neither in Plaintiffs' initial motion nor is it true.

In support of this new argument, Plaintiffs submitted an email sent April 17, 2009 at Attachment 1, but failed to include Defendant Counsel's email sent in response *to that email* on April 19, 2009.[1] In that reply email, Defendant's counsel wrote, "As we stated on our last phone call, *we are willing to discuss confidentiality on a case by case basis*. We agree that things such as personal tax returns *and proprietary mailing lists should be kept confidential*. However, we see no need for a broad confidentiality agreement." *See* Email from H. Rogers to A. Pishevar, April 19, 2009 (emphasis added) (Attachment A); *see also* Email from H. Rogers to A. Pishevar, May 6, 2009 (Attachment B).

Based on this blatant misrepresentation it would not be an abuse of discretion for this Court, on its own motion, to sanction Plaintiffs. *Steed v. EverHome Mortg. Co.*, 308 Fed Appx. 364, 370 (11th Cir. 2009) (unpublished) (district court did not abuse its discretion in imposing sanctions on party who lied in discovery responses).

---

[1] Upon inspection of Plaintiffs' Attachment 1, it appears that Plaintiff's counsel intentionally cut off the top of the page (the portion including the reply from Defendant's counsel) and attached only the half sheet to the brief. Note the fact that Attachment 1 is a half sheet instead of a full sheet. Also note that the recipient in the "To" field is "Rogers, HL." When the email originates from Plaintiffs' counsel the "To" field shows the Defendant counsel's email address; when the email originates from Defendant counsel's account it converts the email address to show the name of counsel and not the email address (as it is in the email at Attachment 1). Thus the fact that the email attached to the brief shows Defendant counsel's name, as opposed to his email address, further suggests that Plaintiffs' counsel printed out the email *with* Defendant counsel's response and then *cut off* the response.

2

Plaintiffs also concede in their reply that they did not confer with Defendant prior to

filing their Motion for a Protective Order. Nowhere in their Reply do Plaintiffs contend that they

conferred with Defendant prior to filing the motion and in fact state, "Plaintiffs' Motion for a

Protective Order *must have been anticipated* [by Defendant] as a response to the inability for the

Parties to reach any sort of acceptable confidentiality agreement." Plaintiffs' Response to

Defendant's Opposition to Plaintiffs' Motion for a Protective Order at 2 (emphasis added). But

anticipation is not the standard under the Court's May 13, 2009 Order, Local Rule 7(m), and

Federal Rule of Civil Procedure 26(c)(1). The Order and these rules require parties to "discuss"

and "confer." In fact, Local Rule 7(m) states, "Before filing any nondispositive motion in a civil

action, counsel shall discuss the anticipated motion with opposing counsel." This Rule

recognizes that many motions are anticipated, and even when they are, the parties must first

confer.

Finally, Plaintiffs now contend that they only seek a protective order on "limited"

documents, *i.e.*, those responsive to requests 3, 5, and 14.[2] Plaintiffs' Response to Defendant's

Opposition to Plaintiffs' Motion for a Protective Order at 2. However, even a protective order on

these requests would be overly broad. The documents responsive to these three requests make up

the majority of the produced documents. These requests included:

3.      All documents relating to the government of Iran or any

governmental or quasi-governmental group or agency of Iran, including all

communications with Iran, the government of Iran, or any government or

quasi-governmental group or agency of Iran (whether located within the

---

[2] "Defendant . . . *should be forbidden* from sharing *any* information gained through discovery with *any* unrelated party for *any* reason." Plaintiffs' Motion for A Protective Order at 1 (emphasis added).

borders of Iran or elsewhere) and all communications with any person then residing in Iran or then or now affiliated with any government or quasi-governmental group or agency of Iran (whether located within the borders of Iran or elsewhere).

5.      All documents relating to United States political officials, including all communications with United States political officials and their staff.

14.     All documents referring to NIAC's activities as lobbying, exercising political influence, taking positions on United States policies, or persuading United States political officials.

Defendant's First Request for Production at 7, 8. These requests relate to the very heart of the defense: whether and to what extent Plaintiffs are lobbying Congress and are working with the government of Iran. For this reason, these requests have resulted in the majority of the documents produced.

Plaintiffs have still failed to provide "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *In re Halkin*, 598 F.2d 176, 193 (D.C. Cir. 1979) (quotation marks omitted). For failure to show good cause with any measure of specificity and for violating the Court's Order, Local Rule 7(m), and Federal Rule Civil Procedure 26(c)(1) the Plaintiffs Motion for a Protective Order should be denied.

## **CONCLUSION**

For the foregoing reasons, Defendant requests Plaintiffs' motion be denied.

4

Dated: June 23, 2009

                /s/
Timothy E. Kapshandy (Illinois Bar No. 6180926,
admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
hrogers@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **TRITA PARSI** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 08 CV 00705 (JDB)** |
| | ) | |
| **DAIOLESLAM SEID HASSAN,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PROPOSED ORDER**

Upon consideration of the Defendant's Motion for Leave to File Surreply, filed on

June 23, 2009, it is by the United States District Court for the District of Columbia, on the

_____ day of _____, 2009, hereby:

Ordered, that the Motion for Leave to File Surreply is granted.

_____ /s/ _____

Timothy E. Kapshandy (Illinois Bar No. 6180926,
admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
hrogers@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

Dated: June 23, 2009

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| **TRITA PARSI** | ) |
|  | ) |
| **and** | ) |
|  | ) |
| **NATIONAL IRANIAN AMERICAN COUNCIL** | ) |
| **Plaintiffs,** | ) |
|  | ) |
| **v.** | ) **Civil No. 08 CV 00705 (JDB)** |
|  | ) |
| **DAIOLESLAM SEID HASSAN,** | ) |
|  | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

## CERTIFICATE OF SERVICE

I certify that on June 23, 2009, I served, via email and first class mail, Defendant's

Response in Opposition to Plaintiffs' Motion for a Protective Order:

> Afshin Pishevar
> 600 East Jefferson Street
> Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com

Dated: June 23, 2009

                                                  /s/
                                    Timothy E. Kapshandy (Illinois Bar No. 6180926,
                                    admitted *pro hac vice*)
                                    Bradford A. Berenson (D.C. Bar No. 441981)
                                    HL Rogers (D.C. Bar No. 974462)
                                    Peter G. Jensen (D.C. Bar No. 982599)
                                    SIDLEY AUSTIN LLP
                                    1501 K Street, N.W.
                                    Washington, D.C.  20005
                                    (202) 736-8000
                                    hrogers@sidley.com

                                    Attorneys for Defendant
                                    Seid Hassan Daioleslam

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| **TRITA PARSI** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL** | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
|       **v.** | ) | **Civil No. 08 CV 00705 (JDB)** |
| | ) | |
| **DAIOLESLAM SEID HASSAN,** | ) | |
| | ) | |
| | ) | |
|     **Defendant.** | ) | |
| | ) | |

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7(M)

I certify that on June 23, 2009, I conferred by telephone with A.P. Pishevar, counsel for the Plaintiffs in the above action. Parties conferred in good faith and were unable to resolve our differences.

Dated: June 23, 2009

                              /s/

Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
hrogers@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam