## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** | ) |
| | ) |
| and | ) |
| | ) |
| **NATIONAL IRANIAN AMERICAN COUNCIL** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Civil No. 08 CV 00705 (JDB) |
| | ) |
| **DAIOLESLAM SEID HASSAN,** | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION TO COMPEL BABAK TALEBI
### TO COMPLY WITH SUBPOENA

Defendant Seid Hassan Daioleslam ("Daioleslam"), by and through undersigned counsel, hereby moves for an order from this Court pursuant to Federal Rule of Civil Procedure 37 compelling Babak Talebi to comply with the subpoena properly served on him on February 19, 2009. Under the subpoena, issued by this Court, documents were due May 1, 2009 and deposition was ordered for June 1, 2009. Mr. Talebi has yet to produce the documents responsive to the subpoena.

### INTRODUCTION AND ARGUMENT

On February 19, 2009, Mr. Talebi was issued a subpoena requesting documents on May 1 and deposition on June 1. At no time has Mr. Talebi objected to the subpoena, nor has Mr. Talebi, up to the time of this filing, complied with the subpoena. Defendant has engaged in

numerous communications with Mr. Talebi to encourage and facilitate his compliance with the subpoena. However, all such efforts, which have been substantial as explained below, have been unsuccessful.

Defendant issued the subpoena on February 19 for documents to be produced by May 1, 2009. By May 4, 2009, three days after production under the subpoena was due, Defendant had not heard from Mr. Talebi. Defendant sent Mr. Talebi a letter on May 4 informing him that his "response to the subpoena served on [him] on February 19, 2009 . . . [wa]s overdue." Attachment A. Counsel for Defendant also attached to the letter a copy of the original subpoena sent on February 19. *Id*. On May 5, 2009, Mr. Talebi responded to the May 4 letter stating that he had no responsive documents. Specifically, he stated that he was no longer at NIAC and had no "NIAC" documents. On May 8, 2009, counsel for Defendant sent Mr. Talebi another letter reminding Mr. Talebi of the requirements of the subpoena, including the fact that documents NIAC may have that he also had in his possession are responsive and need to be produced. Attachment B.

Defendant did not hear back from Mr. Talebi after this letter on May 8 and thus sent him an email on May 21, 2009 reminding him that Defendant was awaiting his response. Attachment B. Defendant then waited another five days. After receiving no response, Defendant's counsel sent another email reminding Mr. Talebi, again, that Defendant had not heard back from Mr. Talebi since the May 8 letter and that he was under a duty to respond to the subpoena issued by this Court. Attachment C. Mr. Talebi responded to the May 26 email and stated that he was no longer with NIAC and did not have any "NIAC documents." Attachment D. On May 27, 2009, Defendant's counsel sent an email clarifying that

2

> The subpoena you were served does not request only "NIAC documents." You have been subpoenaed in your individual capacity and not as a NIAC employee. The subpoena, by its terms, includes "All communications with NIAC, any of its staff, interns, officers, or board members." This includes any and all emails, letters, or other communication that you have had with anyone at NIAC, including Mr. Parsi up to and including the date you were served with the subpoena. This would also include any communications you have had with Mr. Pishevar since he is not serving as your attorney. The subpoena also requests any and all communications between you and anyone at IIC, AIC, and the U.S. or Iranian government.

*Id*. Counsel did not get a response to this email and again sent a reminder email on June 1, 2009. *Id*. On June 1, Mr. Talebi asked for a phone conference. Attachment E.

On June 2, Mr. Talebi and counsel for Defendant had a phone conference in which 1. Mr. Talebi confirmed that he did have documents responsive to the subpoena; 2. that Defendant did not want to be overly burdensome and Mr. Talebi could review the responsive documents and send Defendant a small set of exemplars; 3. Defendant would review the exemplars and inform Mr. Talebi as to which types of documents he should produce; and 4. that Defendant was willing to discuss a confidentiality agreement should the parties decide one was needed. Both parties agreed to this arrangement. Attachment F.

Counsel for Defendant did not hear from Mr. Talebi for another six days and sent him a reminder email on June 8, 2009 but did not receive a response. Thirteen days after the June 2 call, Defendant had still not heard from Mr. Talebi, so counsel sent another email reminding Mr. Talebi of his duty under the subpoena and of the June 2 agreement. Mr. Talebi responded on the

3

15th that the events surrounding the Iranian election were keeping him from producing the small set of exemplars as agreed because he was "in the middle of organizing rallies in DC and coordinating with other cities" but that he planned to eventually "comply fully." Attachment F. However, with the delays already experienced, when Mr. Talebi gets around to "comply[ing] fully" is anyone's guess.

> On June 16, 2009, counsel sent Mr. Talebi another email stating
>
> I understand that much is going on right now in relation to Iran and the recent election. However, you were served months before the election, your documents were due on May 1 (over a month before the election), and you acknowledged having responsive documents and we agreed on a plan going forward for production on June 2 (more than a week before the election). Given the substantial amount of time we have already allowed you to have and the fact that you are now more than a month past the subpoena deadline and in violation of the subpoena issued by the D.C. Federal District Court, we cannot give you more time. Please send me the exemplars we discussed ASAP.

*Id*. By June 22, 2009, Defendant had still not heard from Mr. Talebi and thus counsel sent him an earlier version of this motion informing him that unless Defendant heard from Mr. Talebi, Defendant's counsel would file the motion to compel. Attachment G. Defendant's counsel sent another email on June 24 after receiving no response to his June 22 email. Mr. Talebi finally responded on June 24 and Mr. Talebi and counsel for Defendant were able to discuss production over the phone. Attachment H. Mr. Talebi agreed to send a set of exemplar emails by June 26, 2009. Mr. Talebi sent a set of emails that counsel for Defendant reviewed. Attachment I. Counsel for defendant advised Mr. Talebi to produce various categories of documents based on the

4

limited review on June 26, 2009. *Id*. Mr. Talebi agreed to produce those documents. *Id*. However, it has been over a month and Mr. Talebi has still not produced any of those documents, even after repeated inquiry from Defendant's counsel. *Id*. & Attachment J. Mr. Talebi responded once on July 20, 2009, stating that he could not produce that day. Attachment J. Counsel for Defendant followed up on July 22 but to date has received no response. *Id*.

Defendant properly issued a subpoena on Mr. Talebi under Federal Rule of Civil Procedure 45 on February 19, 2009. Mr. Talebi has confirmed that he is in possession of documents responsive to the subpoena but has not produced the documents in response to that subpoena, now three months overdue. Mr. Talebi has not argued that the documents requested are privileged or otherwise protected, though Defendant has assured him that should there be any sensitive documents, Defendant is amenable to discussing the possibility of a confidentiality order.

Defendant's counsel has given Mr. Talebi ample opportunities to comply and has worked with him on several occasions to help him understand the subpoena and to ensure that the subpoena is not overly burdensome. Despite all of Defendant's efforts, enumerated above, Mr. Talebi remains uncooperative. Mr. Talebi is under a duty to produce documents responsive to the properly issued subpoena he received and failure to do so allows this Court to "hold [Mr. Talebi] in contempt" for his "fail[ure] . . . to obey the subpoena." Fed. R. Civ. P. 45(e). Prior to seeking the more onerous penalty of contempt, Defendant moves this Court to compel production under the subpoena. *In re Subpoena Duces Tecum Issued to Commodity Futures Trading Com'n*, 439 F.3d 740 (D.C. Cir. 2006) (upholding district court order to compel third party to produce documents requested under subpoena).

## **CONCLUSION**

For the foregoing reasons, Defendant requests this Court to compel Mr. Talebi to produce documents responsive to the properly issued subpoena.

.

|  |  |
|---|---|
| Dated: August 4, 2009 | /s/<br>Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)<br>Bradford A. Berenson (D.C. Bar No. 441981)<br>HL Rogers (D.C. Bar No. 974462)<br>Peter G. Jensen (D.C. Bar No. 982599)<br>SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, D.C.  20005<br>(202) 736-8000<br>hrogers@sidley.com<br><br>Attorneys for Defendant<br>Seid Hassan Daioleslam |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRITA PARSI**        )<br>                                  )<br>**and**                       )<br>                                  )<br>**NATIONAL IRANIAN AMERICAN COUNCIL**  )<br>         **Plaintiffs,**     )<br>                                  )<br>         **v.**                )<br>                                  )<br>**DAIOLESLAM SEID HASSAN,**    )<br>                                  )<br>                                  )<br>         **Defendant.**   )<br>                                  ) | Civil No. 08 CV 00705 (JDB) |

## **CERTIFICATE OF SERVICE**

I certify that on August 4, 2009, I served, via email and U.S. mail, Defendant's Motion to Compel Babak Talebi to Comply with Subpoena:

>  Babak Talebi
>  6127 Quiet Times
>  Columbia, MD 21045
>  babaktalabi@gmail.com

I also certify that on August 4, 2009, I served, via email, Defendant's Motion to Compel Babak Talebi to Comply with Subpoena:

>  Afshin Pishevar
>  600 East Jefferson Street
>  Suite 316
>  Rockville, Maryland 20852
>  (301) 279-8773
>  ap@pishevarlegal.com

Dated: August 4, 2009

        /s/
Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
hrogers@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** ) | |
| ) | |
| and ) | |
| ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL** ) | |
|     **Plaintiffs,** ) | |
| ) | |
|     **v.** ) | **Civil No. 08 CV 00705 (JDB)** |
| ) | |
| **DAIOLESLAM SEID HASSAN,** ) | |
| ) | |
| ) | |
|     **Defendant.** ) | |

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7(M)

I certify that on June 24, 2009, I conferred by telephone with Babak Talebi, as well as several times after via email. Parties conferred in good faith and were unable to resolve our differences.

|  |  |
|---|---|
| Dated: August 4, 2009 |                 /s/                <br>Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)<br>Bradford A. Berenson (D.C. Bar No. 441981)<br>HL Rogers (D.C. Bar No. 974462)<br>Peter G. Jensen (D.C. Bar No. 982599)<br>SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, D.C.  20005<br>(202) 736-8000<br>hrogers@sidley.com<br><br>Attorneys for Defendant<br>Seid Hassan Daioleslam |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** <br><br> **and** <br><br> **NATIONAL IRANIAN AMERICAN COUNCIL** <br><br> **Plaintiffs,** <br><br> v. <br><br> **DAIOLESLAM SEID HASSAN,** <br><br> **Defendant.** | Civil No. 08 CV 00705 (JDB) |

**PROPOSED ORDER**

Upon consideration of Defendant Daioleslam's Motion to Compel, it is hereby:

ORDERED this _____ day of _____, 2009 that Defendant's motion to compel documents responsive to the subpoena properly served on Babak Talebi is GRANTED;

SO ORDERED.

_____
Judge John D. Bates
United States District Judge