IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TRITA PARSI </br></br> and </br></br> NATIONAL IRANIAN AMERICAN COUNCIL </br>          Plaintiffs, </br></br>          v. </br></br> DAIOLESLAM SEID HASSAN, </br>          Defendant. | Civil No. 08 CV 00705 (JDB) |

**DEFENDANT'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**

Defendant Seid Hassan Daioleslam ("Daioleslam"), by and through undersigned counsel, hereby responds to and opposes Plaintiffs' Motion for An Emergency Protective Order Seeking to Prohibit the Publication of Five Emails Between Debbie Bird and Trita Parsi Regarding An Individual Named Therein ("Plaintiffs' Motion for A Protective Order").

**INTRODUCTION**

On May 22, 2009, after repeated delays by Plaintiffs, the Parties exchanged discovery productions. Daioleslam originally issued a request for production to Plaintiffs on February 6, 2009 and the first set of interrogatories on March 3, 2009. Plaintiffs made various requests for extensions after the initial thirty days lapsed. Daioleslam continued to grant those extensions in good faith until he was informed by Plaintiffs in May, for the first time, that Plaintiffs wanted a protective order on *all* discovery and would not produce any responsive articles until such an

overly-broad order were in place. At that point, unable to reach an agreement and three months past the original production deadline, Plaintiffs sought an order from this Court. On May 13, 2009, this Court stated that it would not grant Plaintiffs' request for a broad protective order over all Plaintiffs' responsive articles and ordered the Parties to confer to discuss a "tailored confidentiality agreement and the possibility of modifying their discovery requests or search parameters." *Parsi et al. v. Daioleslam*, No. 08-705, at 7 (D.D.C. May 13, 2009) (Mem. Order) ("May 13, 2009 Court Order"). Following the Hearing, the Parties conferred and modified the search parameters, allowing Plaintiffs to produce far fewer documents than originally requested, but did not discuss a "tailored confidentiality agreement." On May 22, 2009, the Parties exchanged productions, and on September 23, 2009, the Parties reached a confidentiality agreement covering a limited number of documents.

On October 9, 2009, despite a reasonable compromise offer by Daioleslam, Plaintiffs filed with this Court a motion for an "emergency" protective order that would prohibit the publication of five (5) emails between Plaintiffs and Debbie Bird, a scheduler for the White House, dated April 24, 26, 27, 28 and May 6, 2009. Plaintiffs' Motion for A Protective Order at 1. The emails chronicle Plaintiffs' attempt to arrange a meeting between "Dr. B", an Iranian economist, and the White House. *Id*.

However, Plaintiffs fail to meet their burden to show "good cause" why a protective order should issue. Fed.R.Civ.P. 26(c)(1). Plaintiffs first allege that "publication of said emails will jeopardize Dr. B's life and security, as he is currently in an Iranian jail or out on bail pending trial in Iran with no access to legal representation here in the United States." *Id.* at 2. They provide no factual or legal support whatsoever for this claim. *Id*. Plaintiffs also ignore

Daioleslam's October 8, 2009 offer to redact Dr. B's name from the emails and replace it with "Iranian Economist", which should have allayed any legitimate fears for his safety. *Id*.

Plaintiffs further argue, in conclusory fashion, that discovery in this case *could* be misused for "malicious purposes." *Id.* at 2. Specifically, Plaintiffs claim that "the emails implicate communications with governmental officials and are therefore especially susceptible to being misused for malicious purposes by the Defendant against Plaintiffs." *Id*. Again, however, Plaintiffs fail to offer any specific reason why such malicious use is feared and simply rely on their conclusory statements. Nor do Plaintiffs articulate a coherent fear regarding evidence that is directly relevant to the truth of Daioleslam's lobbying claims against Plaintiffs. Simply put, there is no "emergency," or any other reason, justifying a protective order.

## PLAINTIFFS HAVE NOT MET THEIR BURDEN FOR A PROTECTIVE ORDER

Federal Rule Civil Procedure 26(c) requires the movant show "good cause" in order for a court to issue a protective order. *See Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987) ("the party seeking a protective order clearly bears the burden of proving its necessity"); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994) ("The burden of justifying the confidentiality of *each and every document* sought to be covered by a protective order remains on the party seeking the order.") (emphasis added). Plaintiffs have failed to meet this burden.

A Court may, but is not required to, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). But the Court must balance the concern of the movant with "governmental and first amendment issues." *Hull*, 118 F.R.D. at 253 (*citing Seattle Times Co. v. Rhinehart*, 467 U.S. 20,

37 (1984)). And if a protective order is given at all, it must be crafted narrowly so that the "the limitation of First Amendment freedoms is no greater than is necessary or essential to the protection of the particular . . . interest involved." *Seattle Times Co.*, 467 U.S. at 32 (upholding a limited protective order for a subset of the requested documents after determining that the privacy interests of the plaintiffs narrowly outweighed the public's interest in disclosure) (quotation marks and brackets omitted).

To establish "good cause" for a protective order under Rule 26(c), "'[t]he courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Halkin*, 598 F.2d 176, 193 (D.C. Cir. 1979) (quoting 8 Wright & Miller, Federal Practice and Procedure § 2075 at 265 (1970); *see also Pansy*, 23 F.3d at 786 ("Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. 'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing.") (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987) (citations omitted). Courts balance the "'harm to the party seeking protection . . . and the importance of disclosure to the public.' However, privacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny." *Pansy*, 23 F.3d at 787 (quoting Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv.L.Rev. 427, 432-33 (1991)).

Plaintiffs have failed to show any good cause for the proposed "emergency" protective order covering the five emails described in their motion. Plaintiffs' Motion for A Protective Order at 1. Plaintiffs first claim that "publication of said emails will jeopardize Dr. B's life and security, as he is currently in an Iranian jail or out on bail pending trial in Iran with no access to

4

legal representation here in the United States." *Id.* at 2. This argument fails on three grounds: (1) Plaintiffs' conclusory statement is unsupported by fact or law; (2) Plaintiffs previously rejected a compromise offer that would have allayed any legitimate fears for Dr. B's safety; and (3) the passage of time has proven that such fears are baseless.

First, Plaintiffs' claim is completely unsupported by fact or law. They rely entirely on a conclusory, and thus insufficient, statement, *see In re Halkin*, 598 F.2d at 193, and fail to cite even a single legal authority. In reality, there is no evidence whatsoever that Dr. B's life and security would be jeopardized by publication of the emails. Plaintiffs do not even have sufficient knowledge of the situation to say whether Dr. B is imprisoned or out on bail pending trial, yet they purport to know that he would be in danger. A simple internet search reveals that Dr. B has been released. *See*, *e.g.,* Attachment A. There is no indication of a pending trial. *See id.*

Second, Plaintiffs' motion completely ignores Daioleslam's October 8, 2009 compromise offer whereby he proposed redacting Dr. B's name and replacing it with "Iranian Economist." Surely "Iranian Economist" is more anonymous than citing "Dr. B" in Plaintiff's motion, a public court filing. There is no reason why redaction would not allay any legitimate concerns for Dr. B's life and security, yet Plaintiffs refuse to compromise. *See* Email Exchange between Patrick Parsa and HL Rogers, October 8 & 9, 2009 (Attachment B). Daioleslam remains open to any reasonable solution.

Third, the passage of time has proven that fears regarding the emails are baseless. The emails in question were originally produced in *May*, while Dr. B was arrested in *June* and released in *September*. *See* Attachment A. There is no logical reason why the emails would now endanger Dr. B after proving insignificant to his safety before, during, and immediately after his

incarceration. Plaintiffs have identified no new reason to fear for Dr. B's safety now. Simply put, there is no "emergency" justifying a protective order.

Plaintiffs further argue that "the emails implicate communications with governmental officials and are therefore susceptible to being misused for malicious purposes by [Daioleslam] against Plaintiffs." Plaintiffs' Motion for A Protective Order at 2. However, *potential* "misuse" of evidence is not the Rule 26(c)(1) standard and the emails are directly relevant to the truth of Daioleslam's lobbying claims against Plaintiffs. Plaintiffs offer no specific facts that show any clearly defined and serious injury. Instead they again rely on a conclusory, and thus insufficient, statement. *See In re Halkin*, 598 F.2d at 193. Clearly, Daioleslam's interest in the emails outweighs Plaintiffs' concerns. For this and other reasons set forth above, Plaintiffs have failed to show any good cause for a protective order.

## CONCLUSION

For the foregoing reasons, Daioleslam requests Plaintiffs' motion be denied and for other just and proper relief including costs under Federal Rules of Civil Procedure 26 and 37.

                                            /s/
_____
Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
hrogers@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

Dated: October 19, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRITA PARSI** ) <br> ) <br> **and** ) <br> ) <br> **NATIONAL IRANIAN AMERICAN COUNCIL** ) <br>      **Plaintiffs,** ) <br> ) <br>             **v.** ) <br> ) <br> **DAIOLESLAM SEID HASSAN,** ) <br>            **Defendant.** ) <br> ) <br> ) <br> ) | **Civil No. 08 CV 00705 (JDB)** |

## CERTIFICATE OF SERVICE

I certify that on October 19, 2009, I served, via email, Defendant's Response in Opposition to Plaintiffs' Motion for a Protective Order:

      Afshin Pishevar
      600 East Jefferson Street
      Suite 316
      Rockville, Maryland 20852
      (301) 279-8773
      ap@pishevarlegal.com

                              /s/
Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
hrogers@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

Dated: October 19, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** )<br>)<br>**and** )<br>)<br>**NATIONAL IRANIAN AMERICAN COUNCIL** )<br>**Plaintiffs,** )<br>)<br>       **v.** )<br>)<br>**DAIOLESLAM SEID HASSAN,** )<br>**Defendant.** )<br>)<br>) | Civil No. 08 CV 00705 (JDB) |

## **PROPOSED ORDER**

Upon consideration of Defendant Daioleslam's Response in Opposition to Plaintiffs' Motion for a Protective Order, it is hereby:

ORDERED this _____ day of _____, 2009 that Plaintiffs motion for a protective order is denied;

SO ORDERED.

_____
Judge John D. Bates
United States District Judge