UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI and NATIONAL IRANIAN AMERICAN COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>SEID HASSAN DAIOLESLAM,<br><br>Defendant. | Civil Action No. 08-705 (JDB) |

## ORDER

The Court has before it [33] plaintiffs' Motion for an Emergency Protective Order ("Pls.' Mot."), which seeks to prohibit the disclosure of five e-mails exchanged between Dr. Trita Parsi and Debbie Bird, the scheduler for the White House. Also pending are [35] defendant's unopposed motion to withdraw his original memorandum in opposition to plaintiffs' motion; [36] defendant's request for costs; and [37] defendant's unopposed motion to file an attachment under seal.

Pursuant to discovery, plaintiffs have provided defendants with several e-mails between Dr. Parsi and Ms. Bird attempting to set up a meeting between the White House and an Iranian economist "to discuss the June 2009 Iranian election and Iran in general." Pls.' Mot. [Docket Entry 33], at ¶1. This Iranian economist was apparently later imprisoned in Iran for "seeking a velvet revolution." Id. ¶3.

Plaintiffs argue that disclosure of these e-mails "will jeopardize [the economist's] life and security, as he is currently in an Iranian jail or out on bail pending trial in Iran with no access to legal representation here in the United States." Id. ¶4. They also claim that these e-mails

"implicate communications with governmental officials," and so are "especially susceptible to being misused for malicious purposes by the Defendant against Plaintiffs." Id. ¶5.

Protective orders may be issued upon "good cause" to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Pro. 26(c)(1). Certainly, evidence that would "jeopardize" a person's "life and security" would fall within the Rule's scope. But to establish good cause "'courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" In re Halkin, 598 F.2d 176, 193 (D.C. Cir. 1979) (quoting 8 Wright & Miller, Federal Practice and Procedure § 2035 at 265 (1970)). Here, though, plaintiffs have offered no evidence -- by affidavit or otherwise -- to support their contention that this economist would be in danger were these e-mails disclosed. Nor is there any evidence that the economist, now released from prison, is merely free "on bail pending trial." Further, plaintiffs have offered no reason to think that defendant will use the disputed e-mails "for malicious purposes," and their conclusory statement to that effect fails to provide good cause. See In re Halkin, 598 F.2d at 193.

Moreover, Rule 26(c)(1) requires that a movant "in good faith confer[] or attempt[] to confer with other affected parties in an effort to resolve the dispute without court action." It appears, however, that plaintiffs have rejected defendant's offer to redact the economist's name from the disputed e-mails, insisting that defendant also agree to be held in contempt of court and pay a monetary penalty for any violation. See Def's. Opp. to Pls'. Mot. [Docket Entry 36], Attachment B. The Court finds that defendant's offer to redact the economist's name would resolve the concerns underlying the requested protective order, and that court action is thus unnecessary to prevent the harm that plaintiffs fear.

Accordingly, it is hereby

**ORDERED** that [33] plaintiffs' motion for an emergency protective order is **DENIED**; it is further

**ORDERED** that by not later than October 28, 2009, the parties shall jointly file a status report detailing their continued efforts to confer in "good faith . . . in an effort to resolve the dispute without court action"; it is further

**ORDERED** that [35] defendant's unopposed motion to withdraw [34] his memorandum in opposition is **GRANTED**.  The Clerk of Court shall remove the document from the docket sheet; it is further

**ORDERED** that [36] defendant's motion for costs under Federal Rules of Civil Procedure 26 and 37 is **DENIED**; and it is further

**ORDERED** that [37] defendant's unopposed motion to file under seal Attachment A to [36] his opposition to plaintiff's motion is **GRANTED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Date:    October 22, 2009