UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRITA PARSI

    and

NATIONAL IRANIAN AMERICAN COUNCIL        Civ. No.: **08 CV 00705 (JDB)**

    Plaintiffs,

    v.

SEID HASSAN DAIOLESLAM,

    Defendant.

## MOTION FOR AN EMERGENCY PROTECTIVE ORDER SEEKING TO PROHIBIT THE DEFENDANT FROM DISCLOSING ANY AND ALL INFORMATION GAINED THROUGH DISCOVERY FROM PLAINTIFFS WITH PARTIES OUTSIDE OF LITIGATION

NOW COMES, the Plaintiffs, The National Iranian American Counsel (hereinafter, "NIAC"), and its President, Dr. Trita Parsi, and files the Honorable Court this dispositive Motion for an Emergency Protective Order moves this Honorable Court which, *inter alia*, prohibits the Defendant from (i) litigating this case in the press, (ii) tainting the jury pool, and (iii) prohibiting the Defendant Diaoleslam, and his counsel, Sidley Austin LLP, from disclosing to third parties *any* discovery material that Plaintiffs' have given or will give to Defendant.

### Email sent to Plaintiff Trita Parsi from Defendant's counsel Timothy Kapshandy

On October 29, 2009, Timothy Kapshandy, counsel for Defendant, sent an *unencrypted* e-mail to Plaintiff Trita Parsi that clearly shows Defendant's intent to disseminate

discovery material (that was provided to him by Plaintiffs in good-faith) with outside persons in the press. *See* Exhibit A.[1] In particular, a reporter from the Washington Times, Eli Lake is shown in the email to be the intended recipient of the discovery material that was given to the Defendant. As a result, Mr. Lake, on the Defendant's behalf, is currently in the process of writing a defamatory article about Plaintiffs through the use of the improperly leaked Discovery material. Mr. Lake explicitly made this admission to Plaintiff Trita Parsi in a meeting about the subject matter on October 29, 2009. *See* Affidavit of Trita Parsi's.

Plaintiffs had initially brought this suit against Defendant in order to stop a series of false and defamatory remarks/publications made by him in which he alleges that NIAC and Dr. Trita Parsi are lobbying for the Islamic Republic of Iran in the U.S. Once initial pleadings were concluded and discovery commenced, Plaintiffs, in good faith, complied with Defendant's discovery requests by producing numerous e-mails and materials from Dr. Trita Parsi and NIAC. This was done so that Defendant would have a fair chance and opportunity to defend himself. Yet Plaintiffs also realized that the material, if shared with outside parties unrelated to the litigation, could be misconstrued and used against them maliciously in the court of public opinion before trial. As a result, Plaintiffs had requested a Protective Order seeking to protect the identity of a "Dr. B", in their Motion dated October 9, 2009. Defendants opposed this Motion, claiming that there is no need for a Protective Order and that they will readily agree not to disclose Dr. B's true/full name. Following the Court's Order and recommendation, Plaintiffs, in good faith, agreed to a joint status report evidencing such, which was filed on October 28, 2009. *See* Exhibit B.

Yet it has become clear that Defendant's contention that Protective Orders are not necessary in stopping the disclosure of discovery material to outside parties is completely false.

---

[1] The relevant portion of this e-mail is included as "Exhibit A," which includes the first and last two pages.

Again, the Defendant's allege that an agreement without teeth is sufficient, yet the email by Mr. Kapshandy clearly shows that all of this was a subterfuge, and that the Defendant and his counsel have all along *intended* to disseminate discovery material and litigate this case in the press with *impunity*. Moreover, this is why the Plaintiffs will be filing concurrently with this motion, another motion for a Protective Order seeking to withhold from the Defendant NIAC's regular donor list.

## Good Cause Exists for a Protective Order

Moreover, we strongly believe that the "good cause" requirement for a protective order under Rule 26(c) has clearly been satisfied here. To establish "good cause" for a protective order under Rule 26(c), "'[t]he courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Halkin*, 598 F.2d 176, 193 (D.C. Cir. 1979) (*quoting* 8 Wright & Miller, Federal Practice and Procedure § 2075 at 265 (1970); *see also Pansy*, 23 F.3d at 786 ("Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. 'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing.") (*quoting Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987) (citations omitted)). Courts balance the "'harm to the party seeking protection . . . and the importance of disclosure to the public.' However, privacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny." *Pansy*, 23 F.3d at 787 (*quoting* Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv.L.Rev. 427, 432-33 (1991)).

Clearly, as is evident from Mr. Kapshandy's e-mail, Defendant, through his counsel, is misconstruing e-mails sent by Trita Parsi and placing them in a false light in an attempt to show that Plaintiffs are "lobbying for the Islamic Republic of Iran in Washington." As such, the facts are clearly in-line with the *Cippone* decision, where the court required that "broad allegations unsubstantiated by examples are not enough" for a showing of good cause. Exhibit A clearly shows what has and will continue to happen if there is not a Protective Order in place to prevent the Defendant from disclosing information to outside parties and disseminating discovery and evidence extra-judicially. Furthermore, the e-mails in Exhibits C and D show the Defendant's malicious intent to "destroy" Trita Parsi. *See* Exhibit C and D. Now we see this intent is being followed through with by counsel for Defendant in using discovery, not as a tool for defenses in this litigation, but to destroy Trita Parsi and NIAC in the press, to further the malicious intent of his client. These are clearly specific examples that are required in *Cippone* and the "particular and specific demonstration of fact" as specified for under the *In re Halkin* decision.

Moreover, Defendant's actions clearly run counter to the spirit of a confidentiality agreement that they signed which prohibits the disclosure of information to outside parties. *See* Exhibit B. It has become obvious that the Defendant's cannot be trusted and are acting in bad-faith to further ruin and defame the good name of the Plaintiffs.

Additionally, Plaintiff Trita Parsi has attached an affidavit attesting to his meeting with the Washington Times reporter Eli Lake, on the 29th of October 2009. At the meeting Mr. Lake admitted to Dr. Parsi that he (Eli Lake) was using discovery material in his effort to publish the article. This corroborates the mal-intent evidenced so clearly in Mr. Kapshandy's e-mail to share sensitive discovery material with the press in an effort to further taint the jury pool and defame the plaintiffs.

## Defendant's Disclosure of the E-mail to the Plaintiff Waives Any Possible Claims of Privilege as to the E-mail and its Subject Matter.

In *Elkins v. District of Columbia*, 250 F.R.D. 20 (D.D.C., 2008), the court stated both voluntary and inadvertent disclosure of privileged materials waives the privilege. *Elkins*, 250 F.R.D. 20, 24 (*citing In re Sealed Case*, 877 F.2d 976, 980 (D.C.Cir.1989); *Elliott v. Federal Bur. of Prisons*, 521 F.Supp.2d 41, 57-58 (D.D.C.2007)).    Additionally, "[o]nce a communication is disclosed, the attorney-client privilege is waived for all documents and communications relating to the subject matter of the disclosure." *Elkins* at 24 (*citing Ideal Elec. Sec. Co., Inc. v. Int'l Fidelity Ins. Co.*, 129 F.3d 143, 152 (D.C.Cir.1997); *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 159 F.R.D. 307, 309 (D.D.C.1994). Accordingly, the Defendant cannot claim the e-mail communication is privileged. The e-mail communication clearly shows the Defendant's intent to disclose discovery material to third parties and therefore is direct evidence in support of the Emergency Motion for Protective Order.

## Defendant's Conduct is in Violation of the D.C. Rules of Professional Conduct

As noted, Defendant's conduct is nothing short of an attempt to discredit the Plaintiffs in the eyes of the public before trial. Defendant's counsel's conduct is in violation of rule 3.6 of D.C's Rules of Professional Conduct which states that "[a] lawyer engaged in a case being tried to a judge or jury shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of mass public communication and will create a serious and imminent threat of material prejudice to the proceeding." *See also Gentile v. State Bar of Nevada*, 501 U.S. 1030, 111 S.Ct. 2720 (1991) (the Supreme Court, considering extra-

judicial pretrial statements, held that the standard is 'substantially likely to prejudice' is applicable). Indeed, the comments to rule 3.6 provide further clarification when they state that "publicity should not be allowed to influence the fair administration of justice." *Id.* Accordingly, Defendant, through his counsel is actively disseminating discovery to the press in a blatant effort to spread extrajudicial communications regarding this case. This is an effort to taint the jury pool and to litigate this case in the press. In fact, in Mr. Kapshady's e-mail, he even directs the reporter as to how to spin and legally analyze the discovery evidence being disseminated.

Mr. Kapshady also violated rule 4.2 of the D.C. rules of Professional Conduct by contacting our client directly. Rule 4.2. states that "[d]uring the course of representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a person known to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the lawyer representing such other person or is authorized by law or a court order to do so". *Id.* Mr. Kapshandy did not have prior consent from Plaintiffs' attorney's to contact Plaintiffs nor was there a court order in place allowing him to do so in the emails he sent Trita Parsi.

WHEREFORE, the Plaintiff requests that:

1.      The Defendant be prohibited from sharing any and all discovery material gained through the instant litigation with third parties outside of litigation;

2.      The Defendant be sanctioned for sharing discovery material with third parties outside of litigation, including but not limited to:

      a.      Any appropriate sanctions;

      b.      Entry of Default on the issue of liability;

6

      c.      The Defendant be prohibited from offering any testimony or exhibits at trial on the issue of liability and any defenses thereto;

3.      Any and all other relief this Court deems appropriate.

Respectfully Submitted

PISHEVAR & ASSOCIATES, P.C.

By:      _____/s/_____
A.P. Pishevar (D.C. Bar No. 451015)


_____/s/_____
Patrick Parsa (D.C. Bar No. 988054)
*PISHEVAR & ASSOCIATES, P.C.*
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
ap@pishevarlegal.com

*Attorneys for the Plaintiffs*

7

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of October, 2009, a copy of the foregoing was mailed to:

Sidley Austin LLP
HL Rogers
1501 K Street N.W.
Washington, D.C. 20005

_____/s/_____
A.P. Pishevar (#451015)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TRITA PARSI

and

NATIONAL IRANIAN AMERICAN COUNCIL          Civ. No.: **08 CV 00705 (JDB)**

    Plaintiffs,

  v.

SEID HASSAN DAIOLESLAM,

    Defendant.

---

### CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7(M)

I certify that on October 30, 2009, I conferred by telephone with Defendant's counsel. Parties conferred in good faith; this motion is opposed.

Respectfully Submitted

PISHEVAR & ASSOCIATES, P.C.

By:      _____/s/_____
            A.P. Pishevar (D.C. Bar No. 451015)

            _____/s/_____
            Patrick Parsa (D.C. Bar No. 988054)
            *PISHEVAR & ASSOCIATES, P.C.*
            600 East Jefferson Street, Suite 316
            Rockville, MD 20852
            Phone: (301) 279 – 8773
            Fax:    (301) 279 – 7347
            ap@pishevarlegal.com

            *Attorneys for the Plaintiffs*