UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRITA PARSI

and

NATIONAL IRANIAN AMERICAN COUNCIL

Plaintiffs,

v.

SEID HASSAN DAIOLESLAM,

Defendant.

Civ. No.: **08 CV 00705 (JDB)**

## AFFIDAVIT OF FARROKH MOHAMMADI IN SUPPORT OF THE REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR EMERGENCY PROTECTIVE ORDER

In support of the attached Reply to Defendant's Opposition to Plaintiffs' Motion for Emergency Protective Order, Mr. Farrokh Mohammadi, Law Clerk at Pishevar & Associates, P.C., makes this statement and affidavit upon oath and affirmation of personal knowledge that the following matters, facts, and things set forth are true and correct:

1. On October 29, 2009, Mr. Trita Parsi received an e-mail from Mr. Kapshandy, counsel for Defendant Seid Hassan Daioleslam, that directed Mr. Daioleslam to disclose discovery material to the Washington Times reporter Mr. Lake.

2. The following day, on October 30, 2009, I helped draft an Emergency Motion for Protective Order (the "Motion") asking the Court to bar the Defendant from further disseminating discovery material to the local press.

3. In order to comply with Local Rule 7(m), Mr. Pishevar, Mr. Parsa and I called Mr. Kapshandy to discuss the Motion that we were preparing.

4. According to Mr. Kapshandy's secretary, Mr. Kapshandy was not in the office; however, she stated that she would relay our message to him. Mr. Pishevar then proceeded to explain why we were attempting to reach Mr. Kapshandy as well as our intention to file the Motion that same day.

5. Mr. Kapshandy never returned our phone call.

6. Additionally, Mr. Parsa and I attempted to contact Mr. Rogers, also an attorney for the Defendant. After numerous calls, we finally got a hold of Mr. Rogers.

7. During the ensuing telephone conversation, Mr. Parsa explained the substantive details of the Motion, including the factual background and legal provisions the Motion would rely on. Specifically, Mr. Parsa recited verbatim the language of the relevant legal provisions and explained why we believe those provisions were violated.

8. After some discussion, Mr. Parsa asked whether the Defendant would agree to a consent motion; Mr. Rogers stated that he would not.

9. Although Mr. Rogers was initially informed that a copy of the Motion would not be sent to him prior to its filing, a copy was, in fact, sent later that evening.

10. Sidley Austin LLP responded to the Motion, stating that they could not agree to any consent order precluding the need for a filing.

I DO SOLEMNLY DECLARE AND AFFIRM under the penalty of perjury that the contents of the foregoing documents are true and correct to the best of my knowledge, information and belief.

Date: 11/11/2009

By: _____

Farrokh Mohammadi
*PISHEVAR & ASSOCIATES, P.C.*
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:     (301) 279 – 7347