**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**TRITA PARSI and NATIONAL**
**IRANIAN AMERICAN COUNCIL,**

     **Plaintiffs,**

       **v.**

**HASSAN DAIOLESLAM[1]**

     **Defendant.**

**Civil Action No.  08-705 (JDB)**

---

**ORDER**

     Before the Court are [42] plaintiffs' emergency motion for a protective order and [43]

plaintiffs' motion for sanctions.  Plaintiffs ask this Court to issue a protective order prohibiting

defendant "from sharing any and all discovery material gained through the instant litigation with

third parties outside of litigation."  Pls.' Mot. for Protective Order ("Pls.' Mot.") [Docket Entry

42], at 6.

Plaintiffs filed their motion after defense counsel (apparently inadvertently) sent an email to

plaintiff Trita Parsi urging the intended recipient (apparently defendant) to forward certain

discovery materials to a Washington Times reporter "right away."  Pls.' Mot., Exhibit A.

     Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an

order to protect a party or person from annoyance, embarrassment, oppression, or undue burden

or expense."  In evaluating whether "good cause" exists, "courts have insisted on a particular and

---

[1] Plaintiffs' complaint names "Daioleslam Seid Hassan" as the defendant in this case.
Defendant's memorandum in support of his motion clarifies that defendant's proper name is
Hassan Daioleslam.  Def.'s Opp'n to Pls.' Mot. [Docket Entry 46] ("Def.'s Opp'n"), at 1 n.1.

specific demonstration of fact, as distinguished from stereotyped and conclusory statements." In re Halkin, 598 F.2d 176, 193 (D.C. Cir. 1979).  Further, a party seeking a protective order bears the burden "of justifying the confidentiality of each and every document" it wishes covered by such an order.  United States v. Wecht, 484 F.3d 194, 211 (3d Cir. 2007) (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1122 (3d Cir. 1986)); see Alexander v. Fed. Bureau of Investigation, 186 F.R.D. 71, 75 (D.D.C. 1998).  Plaintiffs have not met their burden here.

Plaintiffs argue that "good cause" exists because defendant, by disclosing discovery material, is using discovery "not as a tool for defenses in this litigation, but to destroy Trita Parsi and NIAC in the press."  Pls.' Mot. at 4.  The Court recognizes that defense counsel's email appears to endorse the forwarding of discovery materials to reporters.  But "the concern that the disclosure of discovery materials to the media could unduly prejudice the public is exactly the type of broad, unsubstantiated allegation of harm that does not support a showing of good cause." Shingara v. Skiles, 420 F.3d 301, 307 (3d Cir. 2005) (emphasis removed).  Moreover, it appears that plaintiffs also have made public statements concerning this litigation in the press,[2] and the Court is unwilling to cabin significantly public debate on an issue of substantial public importance.[3]

Plaintiffs further contend that "good cause" exists because defense counsel violated the

---

[2] See, e.g., Sam Stein, NIAC and J Street, Progressive Foreign Policy Groups, Become Political Targets (Nov. 2, 2009) (quoting Trita Parsi), available at http://www.huffingtonpost.com/2009/11/03/naic-and-j-street-progres_n_343008.html.

[3] Moreover, plaintiffs have not identified any specific documents they wish to protect. Some of plaintiffs' discovery material is inarguably non-confidential -- emails to congressional staff, for example -- and therefore an order prohibiting the disclosure of "any and all" discovery material would necessarily be overbroad.  See Pls.' Mot. at 6.

D.C. Rules of Professional Conduct.  Pls.' Mot. 5-6.  They argue that counsel's email violated D.C. Rule of Professional Conduct 3.6, which states that "[a] lawyer engaged in a case being tried to a judge or jury shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of mass public communication and will create a serious and imminent threat of material prejudice to the proceeding."  Here, however, counsel's only "statement" was his email to Parsi, which merely approves forwarding some information to reporters and plainly was not intended for further distribution.  Plaintiffs do not dispute that this email was inadvertently sent to Parsi, so there was no reason for counsel to believe that his statement -- which in any event does not "create a serious and imminent threat of material prejudice" to this case -- might be widely disseminated.  No violation of Rule 3.6 therefore occurred.

Plaintiffs also contend that counsel violated D.C. Rule of Professional Conduct 4.2(a), which prohibits lawyers from "communicat[ing] . . . about the subject of the representation with a person known to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the lawyer representing such other person or is authorized by law or a court order to do so."  It is clear (indeed, undisputed) that the email communication with the plaintiff by defense counsel was simply a mistake, and hence warrants no further action.  But even assuming that counsel's inadvertent contact with a represented party was a violation of Rule 4.2(a), the Court concludes that it does not constitute "good cause" sufficient to justify a blanket protective order on the disclosure of all discovery materials.[4]

---

[4] Because the Court denies plaintiffs' motion for a protective order, it will also deny their accompanying motion for sanctions.

Accordingly, it is hereby

**ORDERED** that [42] plaintiffs' emergency motion for a protective order is **DENIED**; it is further

**ORDERED** that [43] plaintiffs' motion for sanctions is **DENIED**; it is further

**ORDERED** that [45] defendant's motion to file attachments under seal is **GRANTED**; and it is further

**ORDERED** that paragraph 2 of [44] this Court's November 2, 2009 order is **WITHDRAWN**.

**SO ORDERED**.

_____
/s/
JOHN D. BATES
United States District Judge

Dated: <u>November 16, 2009</u>