## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **NATIONAL IRANIAN AMERICAN COUNCIL** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 08 CV 00705 (JDB)** |
| | ) |
| **SEID HASSAN DAIOLESLAM** | ) |
| | ) |
| **Defendant.** | ) |

### PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING DISCOVERY DISPUTES.

COMES NOW the Plaintiffs, Dr. Trita Parsi and the National Iranian American Council ("NIAC") (collectively "Plaintiffs"), by and through their counsel, Afshin Pishevar and Pishevar & Associates, P.C., and submits this Brief relating to the parties' current discovery disputes, and states as follows:

### I.      DEFENDANT'S DISCOVERY COMPLAINTS

#### A.      Background

The parties' primary on-going dispute relates to the form in which NIAC has produced electronic discoverable documents. Defendant continues to assert that NIAC is obligated to produce electronic discoverable documents in so-called "native format."

Defendant's primary complaint is not that NIAC has not produced documents it agreed to produce. Rather Defendant's are complaining about the format in which some documents were produced. First, with respect to the Outlook calendars of current and former NIAC employees and agents, NIAC produced Outlook calendars for seven (7) of its current and former employees, including Plaintiff Dr. Trita Parsi. The Outlook calendars were produced in "xlx" format, which

is an Excel format. (*See* Attachment "A," April 21, 2010 E-mail from Patrick Parsa, Esq. to Timothy Kapshandy, Esq.)   In fact, the calendars were produced without having redacted personal/private in a good-faith effort to produce said calendars in as close to their original form as possible given the non-static nature of Outlook calendars.[1]

Additionally, Defendant is complaining both about the format in which NIAC produced e-mails from Mr. Babak Talebi, as well as the quantity of e-mails produced.

A.      **AUTHORITY**

1.      **The Native Format Dispute**

In *Covad Communications Company v. Revonet, Inc.,* 2008 WL 5377698 (D.D.C. Dec. 24, 2008) (*see* Attached Exhibit "B"), Judge Facciola issued a seminal opinion regarding the issue of the obligation, if any, of a party to provide electronic discovery responses in "native format."   Judge Facciola began his analysis noting that Fed. R. Civ. P. 34(b)(1)(C) allows parties to "specify the form or forms in which electronically stored information is to be produced."   He further notes that under Fed. R. Civ. P. 34(b)(2)(E)(ii) that "if a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms."

Herein, the parties do not have an agreement that documents produced in electronic form had to be produced in "native format."   In a January 19, 2010 e-mail from Timothy Kapshandy, Esq., lead counsel for Defendant, concedes that the parties abandoned a purported agreement

---

[1]Outlook calendars are not "static" in nature.  The nature of Outlook calendars is that they are always being updated as the individual user updates his/her calendar.  As such, Outlook calendars are not "static" in nature.  (*See Covad, supra.* for a discussion of "native format," including what constitutes a "static" document.

regarding the production of documents in "native format." (*See* Attached Exhibit "C", January

19, 2010, E-mail from Timothy Kapshandy, Esq. to Patrick Parsa, Esq.)   Mr. Kapshandy wrote:

> Patrick:
>
> You are correct that the e-mails [produced by Defendant] were produced in HTML format and not technically in the original, native format.  You will recall that the protocol is what we agreed to, alone with electronic word searches instead of complete reviews.  While the parties did initially agree to produce in native format, *it became apparent as we conferred on our respective protocols that this would not be desirable for a number of reasons* . . . (Emphasis added)

*See* Exhibit "C."

Accordingly, Defendant should not be allowed to produce some of its documents in non-

native format while simultaneously demanding that NIAC produce all of its documents in

"native format."[2]

### 2.    The Talebi E-mail Dispute

In order to comply with the Court's requirement that this Brief be no more than three (3)

pages, NIAC refers the Court to a May 21, 2010, letter from Adrian V. Nelson, II, Esq.,

addressing the parties' current discovery disputes, including Defendant's complaints about the

Talebi e-mail production.  (*See* Attached Exhibits "E" and "F" respectively, May 5, 2010, Letter

from Timothy Kapshandy, Esq. to Adrian V. Nelson, II, Esq. and May 21, 2010, Letter from

Adrian V. Nelson, II, Esq. to Timothy Kapshandy, Esq.

## II.    PLAINTIFFS' DISCOVERY COMPLAINTS[3]

---

[2]As Judge Facciola noted, in the absence of an agreement between the parties, the language of the requests is determinative.  *Covad,* p. *3.  Defendant, in his Second Request for Production of Documents, does not state that electronic discovery responses must be produced in "native format," however that word is being defined by the defendant.  (*See* Attached Exhibit "C," Defendant's Second Request for Production of Documents, Definitions nos. 10 and 11, pp. 3-4.)

[3]The three-page limit for this brief does not allow NIAC room to outline its discovery complaints.

Respectfully submitted,

_____/S/_____

A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:     (301) 279 – 7347
Counsel for the Plaintiffs