IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI ) | |
| ) | |
| and ) | |
| ) | |
| NATIONAL IRANIAN AMERICAN COUNCIL ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 08 CV 00705 (JDB) |
| ) | |
| DAIOLESLAM SEID HASSAN, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SECOND MEMORANDUM REGARDING PLAINTIFFS' FAILURE TO PRODUCE LOBBYING CALENDAR AND TIME RECORDS AND EMAILS**

This dispute involves the same two issues that were before the Court on March 5: plaintiffs' refusal to produce complete, unaltered calendar records and their failure to produce thousands of emails from NIAC co-founder, Babek Talebi (who had tossed out his computer and NIAC had failed to search any servers for his emails). See Defendant's Memorandum of March 4. At the March 5 conference, NIAC was ordered to search the email servers for Talebi emails. Defendant relinquished his request for a forensic image of the Outlook calendars in light of NIAC's promise to produce "complete, unedited" versions of the calendars. The parties were to confer on NIAC's concern that some of the entries were confidential.

After numerous attempts to confer, the parties finally spoke on April 2. (Ex. 1). NIAC asked defendant in what format the files were desired, and defendant responded the same as the edited versions produced Dec. 28 (i.e., pst). NIAC again requested that *all* of the calendar entries be designated confidential. Defendant suggested that those entries that NIAC believed

confidential be so designated and copied into a separate folder but insisted on getting "complete, unedited" copies of the Outlook calendars as promised in Court, especially in light of the evidence of alterations on Dec. 25-27, 2009.  *Id.*

Following this exchange, and subsequent requests (Ex. 10), nothing was produced until April 21 when NIAC produced some calendar entries (Ex. 11).  However, without notice, and contrary to their prior statement, plaintiffs created yet another new, modified, and incomplete Excel document instead of the complete, native and unedited files.  *See,* Ex. 12, which contrasts the original *native,* pst calendar files produced December 28 to the newly created Excel document.  Additionally, the new document omits a meeting with a U.S. Senator, an NSC member, a State Department official, and a Swedish banker (two of those on Christmas Day).  The document also omits the "date modified" field that shows which entries were modified and when.  (*See*, Ex. 6).  Having been given an opportunity to clear up questions raised by the apparent Christmas weekend alterations of the Outlook calendar records, plaintiffs instead chose a path that raises even more questions.  Plaintiffs now claim that the parties had never agreed to produce files in native format and claimed that "defendant has not produced any documents in native format." (Exs. 13, 7).  This is false.  The parties explicitly agreed to produce files in native format (Ex. 14) and have done so throughout the litigation (Ex. 13).  While NIAC admits asking defendant in what format he desired the files on April 2, NIAC has no explanation for producing the entries on April 21 in a format other than native (and which omits important parts from the original files) especially considering that on December 28 plaintiffs produced the partial calendars in native, pst format.

On April 9, NIAC wrote that it had located about 8,000 Talebi emails on a NIAC server that it claimed it was unaware contained Talebi emails. (Ex. 2).  However, the list of agreed

2

search terms (Ex. 3) included "Babak Talebi" and, thus, these emails should have been located and produced when that server was searched last year. By April 21, somehow, NIAC culled these 8,000 emails down to 89 and produced them in native format. (Ex. 4). Most had been produced before but several (*see*, Ex. 5) were new. When defendant asked why only 1% of these were discoverable (Ex. 6), NIAC responded that the rest did not meet the search terms or related to Mr. Talebi's "community work." (Ex. 7). This is problematic as one of those search terms was "Talebi." Moreover, "community work" is nothing more than a euphemism for Talebi's grass roots advocacy. *See,* Capitol Hill Meeting Guide", prepared by Talebi (Ex. 8a) and Parsi's 1999 roadmap where he lays out using Iranian-Americans to influence U.S. policy (Ex. 15). In Talebi's community presentations, he describes lobbying and grassroots advocacy as a "distinction without a difference." *See,* http://www.viddler.com/explore/eimanz/videos/5/ His own outline of these community presentations contains topics such as: "Tips for successful lobbying." (Ex. 8b). Emails reflecting Talebi's grass roots advocacy are clearly relevant and discoverable. Talebi was a co-founder of NIAC in 2002 and NIAC has produced only about 100 of his emails, none before 2007. Even a Feb. 28, 2008 email obtained elsewhere, and that is clearly relevant, has not been produced. (Ex. 9).

       In conclusion, 1-1/2 years after the calendars were requested in native format, all defendant has are portions of calendars from 2006-2009 and evidence that those may have been altered last Christmas weekend. NIAC also continues to delay in producing all responsive Talebi emails. In the meantime, no depositions have been taken and the June 11 discovery cutoff is clearly unattainable. Accordingly, defendant renews his March 4 request for a forensic image of the Outlook/email servers.

Respectfully submitted,

                 /s/
Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
hrogers@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

Dated: June 2, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** <br><br> and <br><br> **NATIONAL IRANIAN AMERICAN COUNCIL** <br> Plaintiffs, <br><br> v. <br><br> **DAIOLESLAM SEID HASSAN,** <br><br><br> **Defendant.** | Civil No. 08 CV 00705 (JDB) |

## CERTIFICATE OF SERVICE

     I certify that on June 2, 2010, I served Defendant's Memorandum Regarding NIAC's Failure to Produce Lobbying Calendar and Time Records and Emails via email and that I have also sent a copy to the following via first-class mail:

        Afshin Pishevar
        Adrian Nelson
        Patrick Parsa
        600 East Jefferson Street
        Suite 316
        Rockville, Maryland 20852
        (301) 279-8773
        ap@pishevarlegal.com

Pursuant to D.D.C. L.R. 5.2(a), I will retain the original in my possession.

|                        | /s/                                                        |
|------------------------|------------------------------------------------------------|
|                        | Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*) |
|                        | Bradford A. Berenson (D.C. Bar No. 441981) |
|                        | HL Rogers (D.C. Bar No. 974462) |
|                        | SIDLEY AUSTIN LLP |
|                        | 1501 K Street, N.W. |
| Dated: June 2, 2010    | Washington, D.C.  20005 |
|                        | (202) 736-8000 |
|                        | hrogers@sidley.com |

Attorneys for Defendant
Seid Hassan Daioleslam