**Kapshandy, Timothy E.**

| | |
|---|---|
| From: | Kapshandy, Timothy E. |
| Sent: | Friday, March 26, 2010 3:22 PM |
| To: | Adrian Nelson |
| Cc: | Patrick Parsa |
| Subject: | Calendar Records and Talebi and Mansouri Emails |
| Follow Up Flag: | Follow up |
| Flag Status: | Flagged |
| Categories: | Green Category |

Left you messages on Monday and Thursday. Available to discuss today?
Thanks,


Tim Kapshandy
Sidley Austin, LLP
1 South Dearborn Street
Chicago, Illinois 60603
312-853-7643
cell: (219) 670-0698
tkapshan@sidley.com
http://www.sidley.com

EXHIBIT 1

# Kapshandy, Timothy E.

**From:** Kapshandy, Timothy E.
**Sent:** Sunday, April 04, 2010 8:41 PM
**To:** Adrian Nelson
**Cc:** Jensen, Peter; Rogers, HL
**Subject:** NIAC v. Dioleslam

Adrian:

Thanks for getting back to me regarding the logistical issue of the handling of possible personal information in the NIAC calendar records which NIAC agreed at the March 5 court conference to produce complete and unedited in lieu of our proposal for a forensic image.

First, let me address the Mansouri and Talebi emails. About 30 were produced from Mansouri at his March 12 deposition but you mentioned that there were about 300 that you had not had time to review by his dep. We still have received none from Talebi and none of the remaining Mansouri ones as I understand you wanted to know in what format we wanted them. Native formats such as pst and eml are both fine. Your client has produced both formats in the past and either work for us. I just assumed they would be produced in eml as these are from the ISP's server and not from someone's laptop (where Outlook converts them to pst). It has been a month since we were before Judge Bates so we really need to get these as soon as possible as deps cannot re scheduled until we get and review them.

A second issue that came up at Mansouri's deposition was the absence of any emails before mid-2007 or so. We asked you to look into the ISP's retention practice, given the fact that they were not instructed to do anything differently notwithstanding the litigation hold in place since early 2008. When can we get a response to that? In particular, as you will recall from Dr. Mansouri's dep (see pp. 61-65), he emailed the list of NGOs that NED was inquiring about to himself at NIAC as a way to save that information. Given his tossing of his laptop, that is the only way we can get this information on the NGO project in 2006. So, please let us know the earliest emails you have to or from him or Talebi in the ISP server.

As for the calendar records, the same format for the ones produced on December 28 for the 2009 (edited) entries is fine. That format was pst. We understand that your client maintains that certain of these entries may contain personal or confidential information and I suggested a procedure that can efficiently deal with this issue. Provide to us the complete calendars for all years unedited and we will not even share them with our client until we can evaluate your confidentiality claims. For those that you believe are personal or otherwise subject to some legitimate claim of confidentiality, please list those or merely copy and paste them into a separate pst file. If these are legitimately designated confidential, then we can probably figure out a way to remove them from a version of the calendars that is not confidential and we can keep a complete copy of the calendars in a separate folder subject to a conf agt. As for NIAC's request that the entire calendars be subject to a confidentiality agreement, that is neither acceptable nor workable. Parts of the 2009 calendars are already out there and many of the meetings are covered in emails not subject to a conf agt. Trying to police whether a meeting is covered or not if discussed in an both an email and calendar entry would be a burdensome and effectively restrain the defendant's First Amendment rights. Moreover, this broad conf agt was not raised at the March 5 court conference and it not the time to now raise it three months after the 2009 records were finally produced on Dec 28.

Finally, we just received the errata sheet dated Dec 7 from David Elliott's Oct 5 deposition. Please note that these are untimely. Additionally, as the court indicated on March 5, substantive changes are not permitted. Accordingly, we will consider the deposition as not having any changes. If you disagree, please arrange to file an appropriate motion in time for us to take any corrective action before discovery closes.

1

effectively restrain the defendant's First Amendment rights. Moreover, this broad conf agt was not raised at the March 5 court conference and it not the time to now raise it three months after the 2009 records were finally produced on Dec 28.

Finally, we just received the errata sheet dated Dec 7 from David Elliott's Oct 5 deposition. Please note that these are untimely. Additionally, as the court indicated on March 5, substantive changes are not permitted. Accordingly, we will consider the deposition as not having any changes. If you disagree, please arrange to file an appropriate motion in time for us to take any corrective action before discovery closes.

We need to get moving to schedule deps after the above documents are produced and reviewed. Please start getting dates from Talebi, Patico, Blout, Disney, and Parsi. Blout's should be pretty easy once we have the calendar records so please try to get it scheduled soon.

Thank you.

Sincerely,


Tim Kapshandy
Sidley Austin, LLP
1 South Dearborn Street
Chicago, Illinois 60603
312-853-7643
cell: (219) 670-0698
tkapshan@sidley.com
http://www.sidley.com

2