

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN STREET<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX | BEIJING    NEW YORK<br>BRUSSELS    PALO ALTO<br>CHICAGO    SAN FRANCISCO<br>DALLAS    SHANGHAI<br>FRANKFURT    SINGAPORE<br>GENEVA    SYDNEY<br>HONG KONG    TOKYO<br>LONDON    WASHINGTON, D.C.<br>LOS ANGELES |
| tkapshandy@sidley.com<br>(312) 853 7643 | FOUNDED 1866 |

May 7, 2010

Mr. Adrian Nelson
600 East Jefferson Street
Suite 316
Rockville, Maryland 20852

      Re:    *NIAC v. Daioleslam* -- NIAC Calendar and Emails

Dear Adrian:

      Since we had the March 5 conference with Judge Bates where NIAC promised complete unedited Outlook calendars and the Mansouri and Talebi emails from the ISP server (in lieu of our request for a forensic image), I have written you several times about the deficiencies in these productions but received no response.

<u>Refusal to Produce Complete Calendars and Mansouri Emails in Native Format</u>

      After a lengthy discussion with you on April 2 wherein you claimed the reason for the delay was uncertainly about the file formats we needed, I wrote you on April 4 and again on April 9 answering that pst format for the Outlook calendars (as you had done with the edited production of December 28) was fine, on April 21, you sent us 7 Excel summary files which were neither native, nor complete. Here are just a few examples:

    1. Disney's "complete" calendar omits a 23 Jan 2009 meeting with Senator McConnell that was included in the first version of his calendar produced 28 Dec 2009.
    2. Disney's new calendar contains no entries after 24 Sep 2009 while the first version Contains dozens of entries after that.
    3. Parsi's "complete" calendar produced 21 April 2010 also is missing entries that were on the first version produced 28 Dec 2009. Omitted is a meeting with Puneet Talwar on 25 Dec 2009.
    4. Also omitted from the "complete" unedited calendar is a meeting with Erik Belfrage on 25 Dec 2009.
    5. Also omitted from the "complete" unedited calendar is a 3 June 2009 meeting with Jillian Burns at the State Department.

EXHIBIT 6

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



Mr. Adrian Nelson
May 7, 2010
Page 2

Any omissions would be troubling given that NIAC avoided having a forensic image ordered by promising to produce complete, unedited versions of these calendars. Omission of these important meetings with a U.S. Senator, a member the National Security Council, a State Department official, and a Swedish banker are even more suspicious.

Furthermore, the Excel summaries produced 21 April 2010 omit the important "date modified" field that was included in the first version of the calendars. As you will recall, it was NIAC's alteration of this field on Christmas Weekend of about 1/3 of the entries that caused us to suspect that NIAC's discovery obligations were not being met. To now totally delete that field from ALL of the calendar entries does not make the suspicion disappear. Rather, production of the complete, unedited versions of the calendars in native format would have given NIAC an opportunity to show that nothing was amiss at its offices during the Christmas Weekend alterations.

NIAC's refusal to produce the Outlook calendars in native format is equally troubling. As I stated in my email of April 22, all emails both sides have produce were produced in native format, you produced the calendar files in native format on December 28, the FRCP express a preference for native format, the parties agreed to native format production, and most importantly, on April 2 you specifically asked me in what format we wanted these produced. I replied on April 4 and 7 that pst was fine. To convert these to Excel and remove the important, aforementioned data is inexplicable. Having no response to my April 22 email, we assume you refuse to produce the complete, unedited calendars in pst format as promised and will contact the Court to renew our request for a forensic image of NIAC's Outlook records.

Recently Discovered NIAC CPU with Thousands of Emails

On April 9, you informed us that NIAC recently discovered a CPU that contained at least 8,000 Babek Talebi emails. On April 16 and 22 I requested you contact me to discuss a number of issues relating to that including where it was found, what other emails or documents were on it, what time period was covered, whether it was being search only for Talebi emails, etc. I have had no response to these requests. These are very important in light of the issues discussed below regarding the voids in the Talebi and Mansouri emails. Before we contact the Court regarding the calendars, please contact me so we can hopefully resolve or at least narrow down these email issues.

Mansouri and Talebi Emails

As you will recall, at the March 5 conference with Judge Bates NIAC agreed to search the server of its internet service provider ("ISP") for the emails of these two NIAC employees who had thrown out their computers. On March 11 you produced 36 Mansouri emails in pdf



Mr. Adrian Nelson
May 7, 2010
Page 3

format; on April 9 another 5 were produced. On April 23, you sent us in native format approximately 90 Talebi emails none before mid-2007.

These raise a number of questions, but we have received no response from you:

1. Were both the ISP server and recently discovered CPU searched for their emails?
2. If not, why not?
3. When can we get the Mansouri emails in native format?
4. Why were there no emails for either gentleman prior to mid-2007? Talebi was a Founder of NIAC in 2001. Mansouri did much of the NGO work in 2005 and 2006. David Elliott testified that there was no need to inform the ISP about the document hold as emails were not being deleted.
5. Answers to the above questions about the recently discovered CPU would shed light as to where their pre-2007 emails are located.
6. How is it that Talebi's NIAC (not personal) email account contained over 8,000 emails, yet only 90 were produced? Given that the email account was for NIAC business all or most of these should have been produced.
7. The completeness is further questioned by NIAC's failure to produce the 29 Jan 2008 email from Talebi to Behrooz Ghomghani and about which we had previously written. How is it that this was missed again?

Please call me to discuss these before our conference with the Court so as to narrow down any issues if possible. However, given the above lapses with the calendars, we reserve the right to ask for a forensic image of the recently discovered CPU and ISP server.

Claim of Privilege

In your April 23 email, you stated that you were provisionally withholding a 24 March 2008 email from the Alliance for Justice to Babek Talebi transmitting three AFJ publications on lobbying and 501(h) elections. It would not appear that the claim of attorney-client privilege is valid. First, AFJ is not in the practice of law nor licensed to do so. They publish information for NFPs. Second, it would appear that at least two of the attachments AFJ sent to Talebi are published on its website. Even if not, a previously prepared publication is not a "communication", let alone an attorney-client communication. Third, you have repeatedly maintained that Mr. Talebi is not an officer, director, or employee of NIAC (and required us to track him down and subpoena him). As such, he would not be authorized to obtain legal advice even if AFJ was in the practice of law. Finally, NIAC has publicly stated that it has obtained legal advice that its lobbying activities are not in violation of any tax or lobbying laws; as such, it has waived any claim of privilege even to legitimate privilege claims relating to such advice. Finally, were NIAC to take the position in this case that its lobbying activities are legal and



supported by legal advice, that door would clearly be opened and any such communications would no longer be privileged. NIAC may not claim in court that its activities were supported by legal advice but claim such advice is not discoverable. Since you have not produced these, we assume you are asserting these are privileged and will also address the issue with the Court.

Depositions

As we have previously informed you, it is simply not possible to take the depositions of Disney, Blout, and Parsi until we have the complete, unedited calendars promised March 5. Assuming we can get them fairly soon, let's get dates for Blout's redeposition. It should not take long as it is limited to the calendar and time records produced after her deposition. Since Alex Patico did not have calendar records, we can take his deposition any time so please get us dates for him in the next several weeks. Also, please get dates for the deposition of Narimon Safavi, board member, in Chicago. We also would like to depose Talebi, Disney, and Parsi but those will need to await resolution of the above email and calendar discovery issues.

I look forward to speaking with you.

Very truly yours,

Timothy E. Kapshandy

cc: A. Pishevar
P. Parsa
HL Rogers
P. Jensen

TEK:sgo

CH1 5309284v.1