# PISHEVAR & ASSOCIATES, P.C.
### ATTORNEYS

600 EAST JEFFERSON STREET
JEFFERSON PLAZA • SUITE 316
ROCKVILLE, MARYLAND 20852
TELEPHONE (301) 279-8773 – FACSIMILE (301) 279-7347
WWW.PISHEVARLEGAL.COM

May 21, 2010

Timothy E. Kapshandy, Esquire
**Sidley Austin, LLP**
One South Dearborn Street
Chicago, Illinois 60603

    Re:    <u>**Trita Parsi and NIAC v. Seid Hassan Daioleslam**</u>
                Civil Action No.: 08-705 (JDB) (USDC-DC)

Dear Tim:

        Let me begin by correcting the misimpression contained in your May 5, 2010, letter that Plaintiffs have not responded to concerns raised by the defendant about the sufficiency of the NIAC production consisting of Outlook calendars and e-mails from Dr. Mansouri and Mr. Talebi. While Plaintiffs may not have responded, in writing, each time to Defendant's lengthy written list of concerns/complaints, we have spoken on several occasions in an effort to resolve Defendant's never-ending demand for more information in the format that Defendant thinks it should be provided.

        Accordingly, in an effort to satisfy the defendant, following is a written response to those issues outlined in your May 5th letter.

<u>NIAC Production of Outlook Calendars and Mansouri E-mails</u>

        Regarding prior discussions relating to the file format for NIAC's production of Outlook calendars, Plaintiffs never agreed to provide anything to the defendant in native format. Yes, we discussed in what format the defendant desired to receive electronic documents. Yes, the defendant indicated that it wanted documents in native format. However, Plaintiffs never agreed to the defendant's demand that documents be provided in native format.

        Please recall that during our very lengthy and heated discussion you proposed a vague process by which Plaintiffs would produce electronic documents in native format to counsel only and counsel would somehow determine whether confidential/non-

EXHIBIT 7

Timothy Kapshandy, Esquire
May 21, 2010
Page 2 of 3

responsive information would be redacted from the document. Plaintiffs flatly rejected this vague approach to resolving the parties' impasse.

During undersigned's involvement in this litigation, it has become clear that the defendant believes that simply because he requests something, or demands something, that by doing so, Plaintiffs are obligated to comply. Defendant's posture, in this regard, has significantly contributed to the ongoing, unresolved issues between the parties.

Further, as it relates to the specific examples outlined in your May 5th letter intended to demonstrate the purported incomplete nature of the Outlook calendars provided by the plaintiffs, if the defendant's claims are correct, NIAC believes there are a number of benign explanations for any inconsistencies and hope to complete their investigation by Monday.

Accordingly, it is Plaintiffs' position that they have made a good faith effort to provide the defendant with a complete set of Outlook calendars and all responsive e-mails relating to Dr. Mansouri.

### NIAC "Recently" Discovered CPU and E-mails

The CPU at issue was searched earlier in this case when NIAC did its initial document production. Upon information and belief, the defendant was already provided with responsive documents from the CPU at issue. Thus, the CPU at issue wasn't "recently" discovered as you have characterized it. (Please review my letter to you from on or about April 8, 2010.)

What "recently" was done was that NIAC searched this CPU again in light of the search terms agreed to by the defendant relating to Mr. Talebi. The entire CPU was searched, not any particular time period.

Thus, there is no recently discovered NIAC CPU containing thousands of e-mails not previously searched.

### Mansouri and Talebi E-mails

Below are plaintiffs responses to the numbered questions posed in your May 5 letter regarding e-mails produced relating to Dr. Mansouri and Mr. Talebi:

1. Yes, both the ISP server and previously searched CPU searched for e-mails.
2. See answer number 1.
3. We have not agreed to provide any electronic documents in Native format.
4. NIAC has had at least 3 different ISP servers. The ISPs, by agreement, only hold so much data. NIAC stored information on its CPUs. Once a CPU was discarded, it was discarded. Mr. Talebi had several computers during his association with NIAC. (We note that Defendant has produced very few, if

**PISHEVAR & ASSOCIATES, P.C.**
ATTORNEYS

Timothy Kapshandy, Esquire
May 21, 2010
Page 3 of 3

any, pre-litigation hold e-mails from his Yahoo e-mail account. Maybe forensic imaging is in order with respect to the dearth of pre-litigation hold e-mails produced by the defendant.)

5. See above answers.
6. The e-mails produced relating to Mr. Talebi were produced based upon the search terms agreed upon by the defendant. The defendant seems to fail to understand the Mr. Talebi did community work. Thus, the search terms agreed to by the defendant would not net many e-mails based upon the nature of Mr. Talebi's work.
7. This issue was previously addressed in a February 4, 2010, letter to you from Patrick Parsa, Esquire.

Depositions

Lastly, we had an opportunity to discuss possible depositions dates for the first two weeks in June 2010.

If you have any questions or concerns, please contact me or Afshin Pishevar.

Very truly yours,

Adrian V. Nelson, II

PISHEVAR & ASSOCIATES, P.C.
ATTORNEYS