IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI ) | |
| ) | |
| and ) | |
| ) | |
| NATIONAL IRANIAN AMERICAN COUNCIL ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 08 CV 00705 (JDB) |
| ) | |
| DAIOLESLAM SEID HASSAN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pursuant to the hearing held on June 3, 2010, the submissions of the parties filed June 2, 2010, the entire record herein, and FRCP 37, it is hereby **ORDERED** as follows:

1. Plaintiffs are to produce all of the recently acknowledged 8,000 Babak Talebi emails that are discoverable including all relating to Talebi's community work within 15 days. The Court finds that Plaintiffs' withholding of emails on the basis that Talebi's community work was not discoverable was unfounded.

2. Plaintiffs are to submit the server on which NIAC's Outlook calendars are kept to forensic imaging by forensic electronic discovery experts at PWC within 10 days. Said experts are to produce to Defendant the Outlook calendar records complete and unedited to the extent that they can and in native pst format with all fields and metadata.

3. NIAC is to produce to Defendant on a CD and in the form and electronic format prepared by NIAC for its counsel the pst calendar records produced by NIAC on December 28, 2009 and the Excel calendar records produced by NIAC on April 21, 2010.

4. Said forensic computer experts will prepare a report for the parties and Court as to the following issues:

   a. Whether any calendar entries located in the forensic image were omitted from the prior Outlook calendar productions produced December 28 and April 21 and, if so, the substance and date of such entries.

   b. Whether and what edits were made to the Outlook calendar files on December 25-27, 2009 and by whom and the specific edits if possible.

   c. Whether any entries were deleted after the date of the event on the calendar and, if so, which entries, by whom and when.

   d. Whether after December 8, 2009 (the date of Emily Blout's deposition where the existence of such records was first acknowledged) any Outlook calendar events were edited or deleted by someone other than the calendar owner.

5. Should the experts' analysis show that discoverable calendar entries were omitted or that inappropriate edits were made to such entries, Plaintiffs will be required to reimburse said consultants for their fees and expenses at their standard rates.  Absent such evidence, defendant will be responsible for such fees and expenses.

6. As for the inappropriate withholding of the Talebi emails, in light of these having been requested over one year ago, the Court's Order of March 5, 2009 ordering their production and their not having been produced, Plaintiffs are ordered to pay to Defendant $\_\_\_\_\_ as reimbursement for the costs of bringing this motion.

_____

JOHN D. BATES

United States District Judge

Dated: _____