IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI, | ) |
| | ) |
| and | ) |
| | ) |
| NATIONAL IRANIAN AMERICAN COUNCIL | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 08 CV 00705 (JDB) |
| | ) |
| SEID HASSAN DAIOLESLAM | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFFS' OBJECTIONS TO PROPOSED ORDER REGARDING DISCOVERY**

COMES NOW the Plaintiffs, Dr. Trita Parsi and the National Iranian American Council ("NIAC") (collectively "NIAC" or "Plaintiffs"), by and through their counsel, Afshin Pishevar and Pishevar & Associates, P.C., and, pursuant to the hearing held on June 3, 2010, hereby submits the following Objections to the proposed Order prepared by Defendant regarding the discovery issues ruled upon by the Court on June 3, 2010, and states as follows:

**I.   OVERVIEW OF OBJECTIONS**

NIAC objects to the proposed Order prepared by Defendant for several reasons, including: (1) the Court's ruling was based upon an unfair and prejudicial pre-hearing procedure; (2) the Court's ruling was based upon false, unverified hearsay contained in Defendant's brief and testified to by defendant's counsel; and (3) the proposed Order prepared by the defendant both goes beyond and fails to comport with the Court's ruling.

II.     SPECIFIC OBJECTIONS

    A.     The Court's Ruling Was Based Upon An Unfair and Prejudicial Procedure

Prior to the Court's June 3, 2010, telephonic hearing, the parties were each directed by the Court to simultaneously file a three-page brief outlining discovery disputes. The simultaneous filing procedure was unfair and prejudicial as it did not give NIAC an opportunity to respond, in writing, to misstatements of alleged fact asserted by the defendant in support of his brief, which the Court clearly relied upon in making its ruling.

Accordingly, NIAC objects to the proposed Order because the Court's June 3, 2010, ruling was based upon an unfair and prejudicial procedure.

    B.     Defendant Relied Upon False, Unverified Hearsay In Support Of His Brief

In Defendant's June 2, 2010, brief, he outlined purported discrepancies between an April 21, 2010 set of Outlook calendars produced by NIAC as an Excel document as compared with the December 28, 2009, native format set of the same Outlook calendars. Specifically, Defendant claimed that the April 21 set of Outlook calendars allegedly omitted meetings with a U.S. Senator, an NSC member, a State Department official, and a Swedish banker, two of which meetings purportedly took place on Christmas Day.

The aforementioned allegations, and others, contained in Defendant's brief are patently false and based upon unverified hearsay.[1]  If permitted, NIAC officials would have testified or provided declarations that no meetings took place on Christmas Day, and that they are unaware of any meetings involving a U.S. Senator, an NSC member, a State Department official, or a

---

[1] Defendant's brief contained other unverified statements of hearsay relied upon by the Court in reaching its ruling.

Swedish banker being deleted from the April 21st set of Outlook calendars produced by NIAC. Instead, Counsel for the defendant was permitted to, *de facto*, testify during the parties' telephonic hearing about the alleged discrepancies between the two sets of Outlook calendars produced by NIAC. As the Court well knows, Defendant's counsel's hearsay testimony during the parties' June 3rd telephonic hearing was hearsay in violation of Fed. R. Civ. P., Rule 801(c).

Absent Defendant's counsel's false, unverified hearsay testimony during the parties telephonic hearing, the Court had no basis upon which to order forensic imaging as it relates to the Outlook calendars produced by NIAC. This prejudicial outcome is exacerbated by the unfair procedure outlined above in Section. II.A.

Accordingly, NIAC objects to the proposed Order because the Court's June 3, 2010, ruling was based its reliance upon false, unverified hearsay testimony provided by the defendant's counsel.

### B. The Proposed Order Goes Beyond And Fails To Comport With The Court's Ruling

As drafted, the proposed Order both goes beyond and fails to comport with the Court's June 3, 2010, ruling.

#### 1. Paragraph 1

The first sentence in paragraph 1 of the proposed Order adequately states the Court's ruling regarding NIAC's obligation in terms of producing additional e-mail relating to Mr. Talebi. However, second sentence in paragraph 1 of the proposed Order, "The Court finds that Plaintiffs withholding of emails on the basis that Talebi's community work was not discoverable was unfounded," is superfluous and should be deleted.

### 2. Paragraph 2

The defendant refuses to add any language in the proposed Order expressly prohibiting or narrowing him from engaging in inappropriate, impermissible metadata mining.[2] He rejected the following language being added to the end of paragraph 2: "Defendant, PWC, and any agent of defendant and/or PWC shall expressly be prohibited from engaging in any way and in any form in metadata mining" other than obtaining information as it relates to changes and/or deletions made to the Outlook calendars and "date modified" metadata. Rather, it would appear that the defendant is seeking unrestricted authority to engage in wide-ranging metadata mining, which in practice appears to violate the ethical rules of the D.C. Bar Association.

### 3. Paragraphs 5 and 6

Paragraphs 5 and 6 of the proposed Order are inconsistent with the Court's ruling since the Court did not rule in any way about the way in which costs associated with forensic imaging should be borne by the respective parties.[3] As drafted, paragraphs 5 and 6, at a minimum, should require a showing by the defendant that any purported inconsistencies between the two sets of Outlook calendars entries were intentional and material in nature.

---

[2] The District of Columbia Bar Association appears to have held that it is unethical for a receiving lawyer, such as the defendant's counsel, to view metadata that was unintentionally sent by an opposing party. Extending this ethical prohibition, the Court must ensure that the defendant is not permitted to engage in wholesale metadata mining, to which practice NIAC strenuously objects.

[3] In fact, paragraphs 5 and 6 restate the recommendation that the defendant made about who should pay for forensic imaging, which recommendation was not agreed to by the Court during the June 3, 2010, telephonic hearing.

Respectfully submitted,

_____/S/_____
A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs