UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI and NATIONAL IRANIAN AMERICAN COUNCIL,**<br><br>Plaintiffs,<br><br>v.<br><br>**HASSAN DAIOLESLAM,**<br><br>Defendant. | Civil Action No.  08-705 (JDB) |

## ORDER

The parties have brought two discovery disputes to the Court's attention.  The first centered on whether plaintiff National Iranian American Council ("NIAC") had disclosed complete and unaltered Microsoft Outlook calendars to defendant.  Defendant complained that NIAC had produced certain Outlook calendar entries, but only in Excel format, and which omitted certain meetings and a "date modified field."  Def.'s June 2, 2010 Mem. [Docket Entry 63], at 2.  Defendant also suggested that NIAC had improperly altered certain calendar entries.  See Def.'s Mar. 4, 2010 Mem. [Docket Entry 52], at 2-4.

The second dispute concerned whether NIAC has properly withheld numerous emails relating to NIAC's co-founder Babak Talebi.  See id. at 2-3.  According to NIAC, these emails were not discoverable because they relate only to Talebi's "community work," and not to any lobbying activities.  See NIAC's June 2, 2010 Mem. [Docket Entry 61], at 1-3 & Ex. F (May 21, 2010 letter from NIAC's counsel to defendant's counsel).

After the parties informed the Court that they needed its assistance to resolve these two

disputes, the Court ordered them to file simultaneous briefs detailing their respective positions. See May 26, 2010 Minute Order.  The Court then held an on-the-record telephone conference on June 3.  After hearing from both parties, the Court ruled that it would "order a forensic image with respect to the Outlook server that relates to the calendars."  June 3, 2010 Hrg. Tr., 15:24-16:2.  And it stated that it would "require[] the plaintiff to review [Talebi's] e-mails and produce all responsive materials without excluding the materials relating to community work."  Id. at 15:19-23.  The Court asked the parties to submit a joint proposed order, noting that, if the parties could not agree on a proposed order, "then the defendant should submit the proposed order, and within two days the plaintiff may indicate objections to that proposed order."  Id. at 16:15-17.  The Court now has before it defendant's proposed order and NIAC's objections to that proposed order.

      NIAC first raises various threshold challenges to the Court's resolution of the parties' discovery disputes.  According to NIAC, the Court's requirement that the parties file simultaneous briefs the day before the hearing "was unfair and prejudicial as it did not give NIAC an opportunity to respond, in writing, to misstatements of alleged fact asserted by the defendant."  NIAC's June 10, 2010 Mem. [Docket Entry 67], at 2; see also Hrg. Tr. at 18:6-23 (raising a similar point).  But "[a] district court has broad discretion over the scope of discovery," Nixon v. Freeman, 670 F.2d 346, 363 (D.C. Cir. 1982), and simultaneous briefing was the most efficient way to present the parties' disagreement to the Court.  And although NIAC may not have had an opportunity to respond in writing to the defendant's arguments, both sides had a full opportunity to argue their respective positions during the telephone conference.  NIAC was thus afforded ample opportunity to respond to any issues raised by defendant.

Relatedly, NIAC complains that defendant's pre-teleconference brief, which the Court relied upon in ordering a forensic image, contains "patently false" allegations that are "based upon unverified hearsay." NIAC's June 10, 2010 Mem. at 2. Specifically, NIAC objects to the statement in defendant's pre-teleconference brief that NIAC's calendar disclosures omit certain meetings. See id. According to NIAC, "[i]f permitted, NIAC officials would have testified or provided declarations" addressing and disputing these factual allegations. Id. at 2-3.

As an initial matter, NIAC's complaints are unfounded. Discovery is available "regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26. Thus, NIAC's suggestion that defendant must provide irrefuted and admissible evidence in order to obtain this discovery is baseless.

More fundamentally, NIAC's objection comes too late. The Court gave NIAC an opportunity to respond to defendant's allegations during the teleconference. See Hrg. Tr. 10:2-13:22. But NIAC did not dispute defendant's representations that the calendar disclosures omitted certain meetings. It did not complain that defendant's position was based on "unverified hearsay." Nor did it request an opportunity to provide evidence on the point. And NIAC offers no explanation for its failure to raise this issue at that time. Accordingly, the Court will not now permit NIAC's objection.[1]

---

[1] Indeed, NIAC was on notice of this issue before the dispute was even brought to the Court's attention: defendant's counsel first identified potential omissions from NIAC's Outlook calendars in a May 7, 2010 letter to NIAC's counsel. See NIAC's June 2, 2010 Mem., Ex. E, 1-2. NIAC responded to this allegation two weeks later: "if the defendant's claims are correct, NIAC
(continued...)

NIAC also objects that the defendant's proposed order lacks a sentence prohibiting the defendant and PricewaterhouseCoopers -- the expert that will conduct this forensic analysis -- "from engaging in any way and in any form in metadata mining other than obtaining information as it relates to changes and/or deletions made to the Outlook calendars and 'date modified' metadata."  NIAC's June 10, 2010 Mem. at 4 (internal quotation marks omitted).  The Court's order addresses this concern.[2]

Accordingly, it is hereby **ORDERED** as follows:

1. NIAC shall, by not later than July 16, 2010, submit the server on which its Outlook calendars are kept to forensic electronic discovery experts at PricewaterhouseCoopers for forensic imaging.  Those experts shall produce to defendant the Outlook calendar records, complete and unedited to the extent possible, in native ".pst" format.  These records shall include all fields and metadata.

2. NIAC shall, by not later than July 16, 2010, provide to defendant on a CD the ".pst" calendar records produced by NIAC on December 28, 2009, and the Excel calendar records produced by NIAC on April 21, 2010.  These records shall be in the form and electronic format prepared by NIAC for its counsel.

---

[1](...continued)
believes there are a number of benign explanations for any inconsistencies and hope[s] to complete their [sic] investigation by Monday[, May 24]."  NIAC's June 2, 2010 Mem., Ex. F (May 21, 2010 letter from NIAC's counsel to defendant's counsel), 2.  Thus, if NIAC believed defendant's allegations to be "patently false" and was prepared to offer evidence on this point, then the Court cannot divine why it did not so much as hint at this during the teleconference.

[2] The Court's order also addresses several other issues briefly raised by the parties.

3. PricewaterhouseCoopers' forensic computer experts shall prepare a report for the parties detailing the following issues:

   a. Whether any calendar entries located in the forensic image were omitted from the Outlook calendar productions on December 28, 2009 and April 21, 2010, and, if so, the substance and date of such entries.

   b. Whether edits were made to the Outlook calendar files on December 25-27, 2009, and, if so, what were the specific edits, and by whom were they made.

   c. Whether any calendar entries were deleted after the date of the event on the calendar and, if so, which entries were deleted, by whom, and when were they deleted.

   d. Whether, after December 8, 2009, any Outlook calendar events were edited or deleted by someone other than the calendar owner.

4. Neither defendant nor PricewaterhouseCoopers shall engage in any metadata mining of NIAC's Outlook server, except as is necessary to comply with the Court's order.

5. Defendant shall bear the cost of this forensic analysis. If defendant believes that the forensic analysis shows that discoverable calendar entries were omitted from previous productions, or that inappropriate edits were made to such entries, he may seek to recover the costs of the forensic analysis from NIAC.

6. NIAC shall, consistent with its discovery obligations and by not later than July 16, 2010, disclose all emails relating to Babak Talebi. NIAC shall not withhold

emails on the grounds that they relate to Mr. Talebi's "community work."

7. Discovery shall be completed by not later than September 13, 2010.

8. Dispositive motions shall be filed by not later than October 29, 2010; responses to dispositive motions shall be filed by not later than November 29, 2010.

9. A status conference is scheduled for September 16, 2010 at 9:00 a.m. in Courtroom 8.

**SO ORDERED**.

                                         /s/
                            JOHN D. BATES
                    United States District Judge

Date: July 1, 2010