AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Trita Parsi and National Iranian American Council

v.

Seid Hassan Daioleslam

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08-705 (JDB)

TO: Babak Talebi
1557 Westmoreland St., McLean, VA 22101 4443 OR
6127 Quiet Times, Columbia MD 21045 7426

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  1501 K St. NW, Washington D.C. 20005 | DATE AND TIME  6/1/2009 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A

| PLACE  1501 K St. NW, Washington D.C. 20005 | DATE AND TIME  5/1/2009 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  (ATTORNEY FOR DEFENDANT) | DATE  2/19/2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
HL Rogers
1501 K St. NW, Washington D.C. 20005

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

EXHIBIT B

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 2/19/2009 | 557 Westmoreland St., McLean, VA 22101; 6127 Quiet Times, Columbia MD 21045; 1411 K St NW DC 20005 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Babak Talebi | | Certified Mail |
| SERVED BY (PRINT NAME) | | TITLE |
| HL Rogers | | Attorney |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    2/19/2009
                    DATE

SIGNATURE OF SERVER

1501 K St. NW, Washington D.C. 20005
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

### DEFINITIONS

1. "NIAC" shall mean the National Iranian American Council, its board of directors or trustees and any officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on its behalf, including, but not limited to, Plaintiff Trita Parsi.

2. "Iran" shall mean the country of the Islamic Republic of Iran and its ministries, agencies, instrumentalities, government-owned or controlled corporations, partnerships, or business entities, and any citizens, officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on its behalf.

3. "Membership," unless otherwise specified, shall mean former, current, or potential members of NIAC, persons who currently identify or formerly identified as members of NIAC, contribute or have contributed time or money to NIAC or provide or have provided NIAC with information regarding its policies.

4. "Staff," unless otherwise specified, shall mean any employees, servants, agents, representatives or any other person acting for or on behalf of his/her/their employer.

5. "Internship," unless otherwise specified, shall mean any program which offered temporary, paid or unpaid employment with NIAC or a United States political official, including any fellowship program.

6. "Executive Board," unless otherwise specified, shall mean any individual currently affiliated with NIAC or formerly affiliated with NIAC as a member of any board, board of directors, or group of supervisors or trustees.

7. "Government officials," unless otherwise specified, shall mean any United States Senator or Congressperson and all staff or interns associated with any United States Senator or Congressperson.

8. "Complaint" shall mean the complaint filed by Parsi and NIAC against Hassan in this action.

9. "Document" or "documents" is used in its broadest sense, as defined by Federal Rule of Civil Procedure 34(a), and includes, without limitation, all electronic, written, or printed matter of any kind, including drafts, originals and non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise, and records of any type or description, including without limitation the following: correspondence; interoffice and intraoffice communications; notes; letters; memoranda; work papers; analyses; plans; studies; statistical records; reports; press releases; contracts and agreements; records, summaries, agendas, minutes or notes of conferences, meetings, telephone calls, or other conversations; calendars, diaries, and appointment books; message pads; telephone messages and telephone logs; facsimiles, teletypes, telexes, and thermafaxes; photographs, tapes or other recordings; handwritten notes or notations in any form; voicemail messages; instant messages; data compilations, including, but not limited to, computer-generated and computer-stored information, whether or not ever printed out or displayed, such as documents stored on a network server, computer drive, CD or floppy disks; electronic mail,

5

whether or not ever printed out or displayed, and any enclosures or attachments thereto; data posted or transmitted on Internet websites, including social networking sites and blogs.

10. "Communications" means any transmittal of information in the form of facts, ideas, inquiries or otherwise, including a letter, memorandum, facsimile, meeting, telephone call, e-mail, instant message, blog posting, social networking site update, social networking site post, or social networking site message, or other communication, whether written or oral, between two or more of the persons or entities identified in the requests below, or relating to any person or entity identified in the request below, during the time period January 1, 2003 through the present.

11. "Including" shall mean "including, but not limited to."

12. "Relate to" or "relating to" shall mean any information or document which addresses, constitutes, contains, embodies, evidences, reflects, concerns, identifies, states, refers to, regards, records, responds to, deals with, describes, discusses, explains or is in any way pertinent to the subject of the request.

## INSTRUCTIONS

1. Documents produced in response to one specific paragraph of this request need not be produced again, provided they are designated as being responsive to subsequent specific paragraphs when they are first produced.

2. You are required to produce all of the requested documents which are in your possession, custody or control, including (by way of illustration only and not limited to) documents in the possession, custody or control of your affiliates, or merged and acquired predecessors and your present or former investigators, attorneys, directors, officers, partners, employees or other agents, as well as your present or former independent contractors over which you have or had control, and any other person acting on your behalf.

3. You are to produce the originals and all copies of originals within the scope of this request, and make such original documents available for inspection and copying. These original documents must remain available throughout the custodian of records' examination.

4. This request for production is continuing so as to require supplemental production pursuant to applicable procedural rules. If, after making your initial production, you or any person acting on your behalf obtains varying or additional information or documents called for by the requests, all such original information and documents shall be made available to Counsel for Plaintiffs.

5. If you withhold any information or documents requested herein on grounds of privilege, work-product or otherwise, identify the specific grounds upon which your objection is based and the particular request objected to, and identify any withheld documents or portion(s) thereof as follows:

    a. date;

    b. identity of its author/signatory and recipient;

    c. type of document (e.g., letter, chart, memorandum, etc.);

    d. summary of document contents, or the nature of the document;

7

    e.  Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed, with the purportedly privileged portion excised.

  6.  If any otherwise responsive document was, but is no longer in existence or in your possession, custody or control, identify its current or last known custodian, the location/address of such document, and describe in full the circumstances surrounding its disposition from your possession or control.

  7.  Documents produced pursuant to this request shall be labeled to indicate the specific paragraph(s) of the request to which they respond or, in the alternative, produced as they are kept in the ordinary course of business. If a document was prepared in several copies, or if additional copies were thereafter made, and if such copies were not identical or are no longer identical by reason of subsequent notation or modifications of any kind whatsoever, including, without limitation, notations on the front or back of the document, such non-identical copies must be produced. The fact that a document has been or shall be produced by one person does not relieve any other person from the obligation to produce a copy of the same document, even if the two documents are identical in all respects.

## DOCUMENTS TO BE PRODUCED

  1.  All communications to or from persons in Iran, or the Iranian government (including all government agencies and quasi-government agencies) related in any way to Iran, NIAC, Iranians for International Cooperation ("IIC"), and/or American Iranian Council ("AIC").

  2.  All communications to or from Government Officials, including their staff and/or interns related in any way to Iran, NIAC, Iranians for International Cooperation ("IIC"), and/or American Iranian Council ("AIC").

8

3. All communications with NIAC, any of its staff, interns, officers, or board members. All communications with IIC, any of its staff, interns, officers, or board members. All communications with AIC, any of its staff, interns, officers, or board members.

4. Documents reflecting any funds received by you from or sent by you to NIAC, IIC, Iran, or persons in Iran.