UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI and NATIONAL IRANIAN AMERICAN COUNCIL,<br><br>     Plaintiffs,<br><br>          v.<br><br>HASSAN DAIOLESLAM,<br><br>     Defendant. | Civil Action No.  08-705 (JDB) |

**ORDER**

The National Iranian American Council ("NIAC") seeks reconsideration of this Court's July 1, 2010 Order addressing two discovery disputes between the parties.  See July 1, 2010 Order [Docket Entry 68].  In that order, the Court required NIAC to submit the server on which its Outlook calendars are kept for a forensic analysis, and instructed NIAC that it could not withhold emails relating to Babak Talebi on the grounds that they relate to Mr. Talebi's "community work."  See id. at 4-6.  The Court has stayed that order pending its resolution of NIAC's motion for reconsideration.  See July 20, 2010 Minute Order.

NIAC seeks relief based on Federal Rule of Civil Procedure 59(e), which permits a district court to grant a motion for reconsideration if it finds that there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal quotation marks omitted).  The Court need not determine whether NIAC's motion is properly addressed under Rule 59(e), as opposed to Rule 54(b), see United States ex rel. Pogue v.

Diabetes Treatment Ctrs. of Am., 576 F. Supp. 2d 128, 130 (D.D.C. 2008) (Rule 54(b) "governs reconsideration of orders that do not constitute final judgments in a case"), as the Court sees no reason to reconsider its order.

      NIAC urges reconsideration of the Court's order on four grounds.  First, it contends that "[t]he Court's simultaneous briefing schedule was unfair," especially given page limits the Court imposed on the parties.  Pls.' Mot. for Reconsideration ("Pls.' Mot.") [Docket Entry 69], at 7.  The Court addressed and rejected this contention in its prior order, and will not repeat itself here.  See July 1, 2010 Order at 2.

      Second, NIAC asserts that the Court ordered a forensic analysis based in part on the "testi[mony]" of defendant's counsel.  Pls.' Mot. at 7.  It objects that "[a] party should not be permitted to engage in McCarthy-like tactics where mere allegations and innuendo, raised by counsel no less, are sufficient in order to obtain desired discovery."  Id. at 8.  As the Court noted in its prior order, however, during the discovery teleconference the Court offered counsel for NIAC an opportunity to respond to defense counsel's factual proffer, and they conspicuously failed to do so.  See July 1, 2010 Order at 3.  NIAC suggests no reason for the Court to reconsider its previous conclusion that "NIAC's objection comes too late."  Id.

      Third, NIAC fears that, although defendant initially bears the cost of the forensic analysis, "if [Pricewaterhouse Coopers] finds that the Calendars have been altered in any way, NIAC anticipates that it will be sanctioned with the expense of forensic imaging."  Pls.' Mot. at 9.  These concerns are premature.  If defendant ultimately seeks to recover the cost of the forensic analysis, the Court will consider, in determining whether to impose costs on NIAC, whether NIAC acted in good faith and whether any edits to the Calendars or omissions from previous

productions were justified or excusable.

Fourth, NIAC states that the Court's order "appears to require NIAC to produce all of Mr. Talebi's emails" relating to his community work, regardless of whether they are otherwise discoverable. Pls.' Mot. at 11. Not so. The Court's order merely clarifies that NIAC must disclose emails relating to Babak Talebi "consistent with its discovery obligations," and that NIAC may not withhold otherwise responsive emails "on the grounds that they relate to Mr. Talebi's 'community work.'" July 1, 2010 Order at 5-6.

Believing that the parties have reached an impasse as to the production of the Talebi emails, defendant proposes that "NIAC should now be required to produce <u>in camera</u> the 7900 withheld Talebi emails." Def.'s Opp'n to Pls.' Mot. [Docket Entry 76], at 19. The Court believes that such a drastic step is premature. Nevertheless, the Court notes that its patience is running out. The Court has repeatedly stressed -- and will repeat once more -- its preference that the parties amicably resolve discovery disputes without the Court's assistance. The Court warns the parties that, if the Court is called upon to settle a discovery dispute that the parties' experienced counsel should be able to resolve on their own, it will, at the least, impose a sanction of attorneys' fees reasonably incurred on the party it deems responsible for necessitating the Court's involvement.

Accordingly, it is hereby **ORDERED** that [69] NIAC's motion for reconsideration is **DENIED**; it is further

**ORDERED** that the stay imposed by the Court's July 20, 2010 Minute Order is **DISSOLVED**; and it is further

**ORDERED** that NIAC shall comply with the Court's July 1, 2010 Order by not later than

August 20, 2010.

    **SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Date: August 6, 2010