IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI <br><br> and <br><br> NATIONAL IRANIAN AMERICAN COUNCIL <br> Plaintiffs, <br><br> v. <br><br> DAIOLESLAM SEID HASSAN, <br><br> Defendant. | Civil No. 08 CV 00705 (JDB) |

## DEFENDANT'S SECOND REQUEST FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Seid Hassan Daioleslam ("Daioleslam") requests that Plaintiffs, Trita Parsi ("Parsi") and National Iranian American Council ("NIAC") produce and make available for review and copying the following documents in accordance with the definitions and instructions contained herein, within thirty (30) days after service of this Request, at 9:00 a.m. at the offices of Sidley Austin LLP, or at such other time and location as may be agreed upon by the parties.

## DEFINITIONS

1. "NIAC" shall mean the National Iranian American Council, its board of directors or trustees and any officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on its behalf, including, but not limited to, Plaintiff Trita Parsi.



2. "You" and "your" shall mean Plaintiffs Parsi and NIAC and officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on Parsi and/or NIAC's behalf.

3. "Iran" shall mean the country of the Islamic Republic of Iran and its ministries, agencies, instrumentalities, government-owned or controlled corporations, partnerships, or business entities, and any citizens, officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on its behalf.

4. "Membership," unless otherwise specified, shall mean former, current, or potential members of NIAC; persons who currently identify or formerly identified as members of NIAC, contribute or have contributed time or money to NIAC or provide or have provided NIAC with information regarding its policies.

5. "United States political officials," unless otherwise specified, shall mean any United States Senator or Congressperson.

6. "Staff," unless otherwise specified, shall mean any employees, servants, agents, representatives or any other person acting for or on behalf of his/her/their employer.

7. "Internship," unless otherwise specified, shall mean any program by which NIAC offered temporary, paid or unpaid employment with NIAC or a United States political official, including any fellowship program.

8. "Finances," unless otherwise specified, shall mean information regarding income and expenditures, including, but not limited to, funding, donations, grants, payments, compensation, consideration, income, expenditures, royalties, gifts, salaries, taxes, scholarships, disbursements, accounting information, balance sheets, cash-flow statements, daily accounting ledgers, check registers.

9. "Complaint" shall mean the complaint filed by Parsi and NIAC against Daioleslam in this action.

10. "Document" or "documents" is used in its broadest sense, as defined by Federal Rule of Civil Procedure 34(a), and includes, without limitation, all electronic, written, or printed matter of any kind, including drafts, originals and non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise, and records of any type or description, including without limitation the following: correspondence; interoffice and intraoffice communications; notes; letters; memoranda; work papers; analyses; plans; studies; statistical records; reports; press releases; contracts and agreements; records, summaries, agendas, minutes or notes of conferences, meetings, telephone calls, or other conversations; calendars, diaries, and appointment books; message pads; telephone messages and telephone logs; facsimiles, teletypes, telexes, and thermafaxes; photographs; tapes or other recordings; handwritten notes or notations in any form; voicemail messages; instant messages; data compilations, including, but not limited to, computer-generated and computer-stored information, whether or not ever printed out or displayed, such as documents stored on a network server, computer drive, CD or floppy disks; electronic mail, whether or not ever printed out or displayed, and any enclosures or attachments thereto; data posted or transmitted on Internet websites, including social networking sites and blogs.

11. "Communications" means any transmittal of information in the form of facts, ideas, inquiries or otherwise, including a letter, memorandum, facsimile, meeting, telephone call, e-mail, instant message, blog posting, social networking site update, social networking site post, or social networking site message, or other communication, whether written or oral, between two or more of the persons or entities identified in the requests below, or relating to any person or entity identified in the request below, during the time period January 1, 2003 through the present.

12. "Including" shall mean "including, but not limited to."

13. "Relate to" or "relating to" shall mean any information or document which addresses, constitutes, contains, embodies, evidences, reflects, concerns, identifies, states, refers to, regards, records, responds to, deals with, describes, discusses, explains or is in any way pertinent to the subject of the request.

## INSTRUCTIONS

1. Documents produced in response to one specific paragraph of this request need not be produced again, provided they are designated as being responsive to subsequent specific paragraphs when they are first produced.

2. You are required to produce all of the requested documents which are in your possession, custody or control, including (by way of illustration only and not limited to) documents in the possession, custody or control of your affiliates, or merged and acquired predecessors and your present or former investigators, attorneys, directors, officers, partners, employees or other agents, as well as your present or former independent contractors over which you have or had control, and any other person acting on your behalf.

3. You are to produce the originals and all copies of originals within the scope of this request, and make such original documents available for inspection and copying. These original documents must remain available throughout the custodian of records' examination.

4. This request for production is continuing so as to require supplemental production pursuant to applicable procedural rules. If, after making your initial production, you or any person acting on your behalf obtains varying or additional information or documents called for by the requests, all such original information and documents shall be made available to Counsel for Plaintiffs.

5. If you withhold any information or documents requested herein on grounds of privilege, work-product or otherwise, identify the specific grounds upon which your objection is based and the particular request objected to, and identify any withheld documents or portion(s) thereof as follows:

    a. date;

    b. identity of its author/signatory and recipient;

    c. type of document (e.g., letter, chart, memorandum, etc.);

    d. summary of document contents, or the nature of the document;

e.   Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed, with the purportedly privileged portion excised.

6. If any otherwise responsive document was, but is no longer in existence or in your possession, custody or control, identify its current or last known custodian, the location/address of such document, and describe in full the circumstances surrounding its disposition from your possession or control.

7. Documents produced pursuant to this request shall be labeled to indicate the specific paragraph(s) of the request to which they respond or, in the alternative, produced as they are kept in the ordinary course of business. If a document was prepared in several copies, or if additional copies were thereafter made, and if such copies were not identical or are no longer identical by reason of subsequent notation or modifications of any kind whatsoever, including, without limitation, notations on the front or back of the document, such non-identical copies must be produced. The fact that a document has been or shall be produced by one person does not relieve any other person from the obligation to produce a copy of the same document, even if the two documents are identical in all respects.

## DOCUMENTS TO BE PRODUCED

1. All documents on which you relied in drafting your Complaint.

2. All documents relating to NIAC's corporate governance, including the charter, by-laws, articles of incorporation, and meetings of any boards or committees.

3. All documents relating to NIAC membership, including all communications with potential, former, or current members, and membership and email lists.

4. All documents relating to NIAC internships and fellowships, including all communications with potential, former, or current interns and fellows.

6

5. All documents relating to NIAC's reputation or public estimation.

6. All documents relating to Parsi's character or reputation.

7. All documents relating to Parsi's allegation of special damages, including, but not limited to, all documents describing or evidencing any direct and/or quantifiable monetary losses suffered by Parsi. *See* Compl. ¶ 24.

8. All documents relating to Parsi's allegation of compensatory and punitive damages, including, but not limited to, all documents describing or evidencing any direct and/or quantifiable monetary losses suffered by Parsi.

9. All documents relating to NIAC's document-retention policies or litigation-hold policies.

10. All calendars, diaries, or other documents relating to the time-keeping records of NIAC and its employees.

11. Personnel files and all documents relating to the hiring and responsibilities of Emily Blout, Patrick Disney, and David Elliot.

7

Dated: March 3, 2009

*/s/ Timothy E. Kapshandy / ET*
Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
hrogers@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRITA PARSI )
)
and )
)
NATIONAL IRANIAN AMERICAN COUNCIL )
Plaintiffs, )
)
v. ) Civil No. 08 CV 00705 (JDB)
)
DAIOLESLAM SEID HASSAN, )
)
Defendant. )

## CERTIFICATE OF SERVICE

I certify that today, March 3, 2009, I served Defendant's Second Request for Production on the following via electronic mail pursuant to Fed. R. Civ. Pro. 5(b)(2)(E), to which he has consented:

Afshin Pishevar
600 East Jefferson Street
Suite 316
Rockville, Maryland 20852
(301) 279-8773
ap@pishevarlegal.com

Pursuant to D.D.C. L.R. 5.2(a), I will retain the original in my possession.

Dated: March 3, 2009

*Timothy E. Kapshandy/EJ*

Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
hrogers@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam