IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI and NATIONAL IRANIAN AMERICAN COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>DAIOLESLAM SEID HASSAN<br><br>Defendant | Civil Action No. 08-705 (JDB) |

### PLAINTIFF NIAC'S UNVERIFIED OBJECTIONS AND RESPONSES TO DEFENDANT'S SUPPLEMENTAL SET OF INTERROGATORIES TO NIAC

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff the National Iranian American Council, by and through its counsel, hereby objects and responds to Defendant Daioeslam Seid Hassan's Supplemental Set of Interrogatories to NIAC as follows:

#### Introductory Statement

In response to these Supplemental Interrogatories, Plaintiff has attempted to locate responsive information through an investigation of sources from which such information might reasonably be expected to be found. These responses and objections are made on the basis of the best information available to Plaintiff at the time of gathering responsive materials or information, within the limits of, and subject to, Plaintiff's general and specific objections to these Supplemental Interrogatories. Plaintiff reserves the right to supplement or modify its responses and objections to the Supplemental Interrogatories if additional information becomes available. Furthermore, these responses are to be viewed in conjunction with the other documents, responses, answers, pleadings, papers and statements produced as a result of discovery in this matter.



EXHIBIT K

The fact that Plaintiff is willing to provide responsive information to any particular Interrogatory does not constitute an admission or acknowledgement that the Interrogatory is proper, that the information Defendant seeks is within the proper bounds of discovery, or that other requests for similar information will be treated in a similar fashion.

Plaintiff reserves the right to rely on facts, documents, and other evidence, which may develop or subsequently come to its attention, to assert additional objections or supplemental responses should they discover that there is information or grounds for objections, and to supplement or amend these responses at any time.

These responses to the Supplemental Interrogatories have been prepared with the assistance of counsel and are not the sole product of this signatory party and many if not most of the language is written by counsel.

## General Objections

1. Plaintiff's General Objections, as set forth herein, are to be considered objections and responses to the specific interrogatories that follow. Plaintiff's objections and response shall not waive or prejudice any objections it may later assert.

2. The information supplied in these responses is not based solely upon the knowledge of the person signing the Supplemental Interrogatories.

3. The word usage and sentence structure are those of the attorney who assisted in preparing these responses. The language does not purport to be the language of the executing party.

4. Plaintiff object to the Supplemental Interrogatories to the extent that they are duplicative of prior discovery requests, including document discovery from which requested information can be ascertained.

5. Plaintiff objects to the Supplemental Interrogatories to the extent they seek discovery of information protected by the attorney-client privilege, the work product doctrine, the reporter's privilege, or any other applicable privilege or exemption. Any inadvertent disclosure of material protected by the attorney-client privilege, the work product doctrine, the reporter's privilege, or any other applicable privilege or exemption is not intended as, and should not be construed to constitute, a waiver. For purposes of responding to these requests, Plaintiff will construe each definition and each request as not seeking legal memoranda, drafts of pleadings, attorneys' notes, communications among counsel for Plaintiff, or other documents that have come into existence because of this litigation.

6. Plaintiff objects to the Supplemental Interrogatories to the extent they are: (a) overly broad; (b) impermissibly vague and ambiguous and fail to describe with reasonable particularity the information sought; (c) seek production of documents or information that is not relevant to the subject matter at issue in this action and/or are not reasonably calculated to lead to the discovery of admissible evidence; and (d) impose undue burdens that outweigh any probative value the information sought may have in this action.

7. Plaintiff objects to the Supplemental Interrogatories to the extent that they seek the production of information that already is in the possession of Defendant or his counsel.

8. Plaintiff objects to the Supplemental Interrogatories to the extent they seek disclosure of information that is readily available to Defendant. Plaintiff objects further to such discovery on the grounds that it is unduly burdensome, harassing,

and not reasonably calculated to lead to the discovery of admissible or relevant evidence.

9. Plaintiff objects to the Supplemental Interrogatories to the extent that they are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible or relevant evidence.

10. Plaintiff expressly reserves the right to object to additionally discovery into the subject matter of these Supplemental Interrogatories.

11. Plaintiff objects to all "Instructions" in the Supplemental Interrogatories to the extent those instructions and definitions exceed the requirements of the Federal Rules of Civil Procedure, the Local Rules of this Court, and applicable case law.

12. Plaintiff objects to all "Instructions" in the Supplemental Interrogatories to the extent that the definition of "you" may be construed to require Plaintiff to produce information that is not available to it.

13. Plaintiff's General Objections and Specific Objections, if any, are based upon the information presently known to them. Plaintiff expressly reserves the right to rely on facts, documents or other evidence, which may develop or subsequently come to its attention, to assert additional objections or supplemental responses should they discover that there is information or grounds for objections, and to supplement or amend these responses at any time.

## Specific Objections and Responses

In addition to the General Objections, Plaintiff also asserts the following Specific Objections and provides the following responses to the Supplemental Interrogatories. Plaintiff preserves all of his General Objections set forth above, and none of the following Specific Objections limits the scope, breadth, or generality of those General Objections.

4

### Interrogatory No. 1

On August 20-21, NIAC produced approximately 350 emails purportedly to or from Babek Talebi. Most, if not all, contain at least one of the search terms the parties agreed to use. Please explain how, if NIAC had previously searched the server on which these emails were located at least twice and further if Talebi's "community work" was not excluded from production as represented to the Court in NIAC's June 2 and July 15 motions, these documents were not located and produced before August 20, 2010.

### Specific Objections to Interrogatory No. 1

NIAC objects on the ground that there is no foundation for the assertion in this Interrogatory that there was a "server" on which these emails were located.

NIAC further objects to this Interrogatory as vague.

### Response to Interrogatory No. 1

Without waiving the forgoing General and Specific Objections, as indicated in previous correspondences with counsel for the Defendant, the approximately 8,000 Talebi emails were located on a NIAC CPU and were reviewed with the search terms. They were then further reviewed by NIAC's counsel to determine whether any were responsive. After this search, emails identified as responsive were produced. The additional emails produced on August 20-21 were identified after exhaustive reprocessing of all of Babak Talebi's e-mails to ensure production of all potentially relevant documents. This reprocessing is consistent with the reprocessing undertaken by the Defendant which resulted in Defendant producing approximately 3,700 responsive documents on September 13, 2010.

### Interrogatory No. 2

Of the 8,000 Talebi emails on NIAC's server (referenced in the letter of April 9, 2010), if they do not relate to Talebi's "community work" or advocacy work, on what basis are the approximately 7,500 that have been withheld from production not being produced?

### Specific Objections to Interrogatory No. 2

NIAC objects on the ground that there is no foundation for the assertion in this

Interrogatory that there was a "server" on which these emails were located.

NIAC further objects that there is no foundation for the assertion that approximately 7,500 emails are being withheld from production, as approximately 2,000 – 2,500 of the 8,000 emails were produced on August 20, 2010.

Response to Interrogatory No. 2

This Interrogatory fails to recognize that on August 20, 2010, Plaintiffs produced approximately 2,000 – 2,500 emails of the approximately 8,000 Talebi emails referenced in this Interrogatory. Further, any Talebi emails withheld were done so based upon the fact that they did not contain search terms and were non-responsive.

---

Dr. Trita Parsi, on behalf of NIAC

Respectfully submitted,
LAW OFFICES OF A.P. PISHEVAR & ASSOCIATES, P.C.

/S/
A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
PISHEVAR & ASSOCIATES, P.C.
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

Dated: September 24, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI and NATIONAL IRANIAN AMERICAN COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>DAIOLESLAM SEID HASSAN<br><br>Defendant | Civil Action No. 08-705 (JDB) |

## CERTIFICATE OF SERVICE

I HERBY CERTIFY, that on the 24th day of September, 2010, a copy of Plaintiff NIAC's Unverified Objections and Responses to Defendant's Supplemental Set of Interrogatories to NIAC was sent via email to counsel for Defendant, at:

hrogers@sidley.com

Sidley Austin, LLP
HL Rogers
1501 K Street
Washington, DC 20005

        Respectfully submitted,
        *LAW OFFICES OF A.P. PISHEVAR & ASSOCIATES, P.C.*

        _____/S/_____
        A.P. Pishevar (D.C. Bar No. 451015)
        Adrian V. Nelson, II (*Pro Hac Vice*)
        PISHEVAR & ASSOCIATES, P.C.
        600 East Jefferson Street, Suite 316
        Rockville, MD 20852
        Phone: (301) 279 – 8773
        Fax:   (301) 279 – 7347

Dated: September 24, 2010         Counsel for the Plaintiffs

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI and NATIONAL IRANIAN AMERICAN COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>DAIOLESLAM SEID HASSAN<br><br>Defendant | Civil Action No. 08-705 (JDB) |

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY, that on 24th day of September, 2010, a copy of Plaintiff NIAC's Unverified Objections and Responses to Defendant's Supplemental Set of Interrogatories to NIAC was sent via email to counsel for Defendant, at:

hrogers@sidley.com

Sidley Austin, LLP
HL Rogers
1501 K Street
Washington, DC 20005

I will retain the original of these documents in my possession without alteration, until the case is concluded in this Court, the time for noting an appeal has expired and any appeal noted has expired.

Respectfully submitted,
*LAW OFFICES OF A.P. PISHEVAR & ASSOCIATES, P.C.*

/S/
A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

Dated: September 24, 2010