## Kapshandy, Timothy E.

**From:** Kapshandy, Timothy E.
**Sent:** Friday, September 24, 2010 5:18 PM
**To:** Adrian Nelson
**Cc:** Ross, Tom; Rogers, HL; Jensen, Peter
**Subject:** RE: Parsi/NIAC -- NIAC's Objections and Answers to Defendant's Interrogatories re Talebi Emails

Adrian:

You have avoided the question asked in No. 1. We did not ask how you decided what to produce August 20. Rather, we asked how you had *previously* withheld these emails when all contained at least one search term and were responsive to Defendant's discovery requests. Please also note that a CPU cannot contain that many emails. A CPU is a processor such as a traffic cop; such a volume of emails can only have been stored on some sort of media such as a hard drive, server, computer, etc. We ask that you withdraw this answer, consult with your client, and answer exactly where it was these were found and why they were not produced before.

As for No. 2, please note that we did not receive the 2,000-2,500 emails you reference on August 20. Those did not arrive at our office until August 24 after we sent the interrogatories referring to the 350 emails you did produce on August 20. Regardless, you still have not answered the question about the thousands of emails that are being withheld (i.e., 5,500). Your response that none contain any of the search terms cannot possibly be true as "Talebi" was one of the search terms. Please explain how it is that you have 5,500 Talebi emails that do not relate to his "community work" or advocacy work.

Thanks,

Tim

> **From:** Adrian Nelson [mailto:anelson@pishevarlegal.com]
> **Sent:** Friday, September 24, 2010 4:45 PM
> **To:** Kapshandy, Timothy E.
> **Cc:** Ross, Tom; Rogers, HL; Jensen, Peter
> **Subject:** Re: Parsi/NIAC -- NIAC's Objections and Answers to Defendant's Interrogatories re Talebi Emails
>
> Tim:
>
> Attached are NIAC's unverified Objections and Answers to Defendant's Interrogatories re: Talebi Emails.
>
> Adrian
>
> On 9/24/10, **Kapshandy, Timothy E.** <tkapshandy@sidley.com> wrote:
>
>> Thanks, Adrian. You might also look into the responses to the Talebi email interrogatories as those are overdue. And, we would appreciate a response to our proposal this week regarding deposition scheduling. Talk to you next week.
>>
>> Regards,
>>
>> Tim


EXHIBIT L

**From:** Adrian Nelson [mailto:anelson@pishevarlegal.com]
**Sent:** Friday, September 24, 2010 3:59 PM
**To:** Kapshandy, Timothy E.
**Cc:** Ross, Tom; Rogers, HL; Jensen, Peter
**Subject:** Re: Parsi/NIAC -- Plaintiffs' Objections to Defendant's Supplemental Request for Production

Tim:

I have been busy on other matters. I wasn't able to get back to you by August 23 regarding Plaintiffs' position on the 2009 tax returns as requested. I will give your our position in writing on Monday.

Have a nice weekend.

-Adrian

On 9/19/10, **Kapshandy, Timothy E.** <tkapshandy@sidley.com> wrote:

Adrian:

Plaintiffs' claims that their 2009 tax returns are confidential and irrelevant fail to comport with FRCP Rules 26(g)(1) and 11(b) given that you produced returns from 2002-2008 to defendant and to your damages expert. Accordingly, we request pursuant to FRCP Rule 11 that you immediately withdraw the objections and produce the 2009 returns. Failing that, defendant will move to strike Plaintiffs' claims for damages. Please let us know of your decision by Sept. 23. Thank you.

Sincerely,

Tim Kapshandy
Sidley Austin LLP
One South Dearborn

2

Chicago, Illinois 60603
312.853.7643
Cell: 219.670.0698
fax: 312.853.7036
tkapshan@sidley.com
http://www.sidley.com

**From:** Adrian Nelson [mailto:anelson@pishevarlegal.com]
**Sent:** Friday, September 17, 2010 7:15 PM
**To:** Kapshandy, Timothy E.; Rogers, HL; Jensen, Peter
**Cc:** Ross, Tom
**Subject:** Parsi/NIAC -- Plaintiffs' Objections to Defendant's Supplemental Request for Production

Tim:

Attached please find Plaintiffs' Objections to Defendant's Supplemental Request for Production. We will also mail out a signed hard copy.

Thanks,

Adrian

---

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
***************************************************************************

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*