# Kapshandy, Timothy E.

**From:** Kapshandy, Timothy E.
**Sent:** Monday, February 07, 2011 5:09 PM
**To:** Adrian Nelson
**Cc:** Afshin Pishevar
**Subject:** RE: Parsi/NIAC -- Plaintiff's Supplemental Rule 26 Disclosures & Outstanding Discovery Issues

Thanks, Adrian. Your response 15 minutes before the most recent discovery deadline (for the most part promising that you would respond the next week) is consistent with the manner in which your clients have treated their discovery obligations in this case. The Court gave you nearly two months and Defendant wrote you over a month ago about your discovery deficiencies. In short, we are pretty much where we were December 17 when in Court for the last status conference.

## Depositions

As for the Safavi and Gardiner depositions, Defendant did state that there was really no choice but to do the depositions after February 4 given NIAC's recalcitrance in producing them. It is rather generous to say Defendant "agreed" to such. Please provide dates for their depositions ASAP.

As for Lopez, Rubin, and Timmerman, Defendant disputes that NIAC has made good faith efforts to subpoena these witnesses. For example, Lopez's attorney informs us that he offered to make her available for a deposition as long ago as October 2010 and you had not contacted them as of December 22, 2010. Rubin's counsel informs us that while you did FedEx him a copy of the subpoena in January, well after the Dec 16 discovery cutoff, no effort has been made to serve Rubin. Notwithstanding NIAC's lack of diligence, Defendant will not object to NIAC's request of the Court to depose these three after the discovery cutoff provided such does not inhibit Defendant's ability to proceed with summary judgment.

We note that you added Jamal Abdi to your Rule 26 disclosure. How long have you known that he had relevant information and why was he added 15 minutes before the close of discovery? Please let us know dates he is available for a deposition.

## Lobby Materials Referenced at Disney Deposition

You neglected to mention in your response the "continued internal emails/memos" described by Disney. Please produce those ASAP. These were requested nearly three months ago and should have been produced nearly two years ago.

## Daioleslam Deposition Follow-up

I am not aware the Defendant agreed to produce materials at his deposition. Please provide a list and citations to the transcript so we can see to what you are referring. As for the civil penalty imposed upon Defendant in France, please note that Plaintiff never requested such in the last two years and such is neither relevant nor likely to lead to relevant evidence. Notwithstanding this, Defendant will attempt to obtain such records. However, please note that such are in France and may take some time to procure.

## Amended Rule Disclosure

On June 22 and August 4, 2010, we had asked whether you intended to call Lynch or Cirincione, among others, and we understood from our call of August 12, 2010 that you were not calling

1

**EXHIBIT**

them. We note that you had removed the others from your Feb 4, 2011 disclosure but that Lynch and Cirincione remain. If you still intend to call them we will want to depose them.

Also, Item No. 19 lists attorney invoices as damages. Please produce those as soon as possible.

**Joint Status Report**

We will get you a draft for your comments in the next couple of days.

Thanks,
Tim



-----Original Message-----
From: Adrian Nelson [mailto:anelson@pishevarlegal.com]
Sent: Friday, February 04, 2011 4:45 PM
To: Kapshandy, Timothy E.
Cc: Afshin Pishevar
Subject: Fwd: Parsi/NIAC -- Plaintiff's Supplemental Rule 26 Disclosures & Outstanding Discovery Issues

Dear Tim:

Attached is Plaintiff's Supplemental Rule 26 Disclosures.

Also, I am following up with you regarding the issues we've been discussing over the past week or so, in part as outlined in the discovery chart you prepared.

Depositions*
**
The parties agreed that the following depositions would be completed after the Feb. 4 discovery cut off based upon the availability of the witnesses:

1. Gardiner (deposition, not to exceed 30 minutes, limited to the list of congressmen provided in supplement to Col. Gardiner's deposition with Gardiner in Rockville and the defendant participating telephonically); and

2. Safavi (deposition, which the defendant does not anticipate will last more than 2-3 hours, with witness in Chicago and plaintiffs possibly participating telephonically).

Plaintiff is requesting that in light of its good faith efforts to subpoena the testimony of Claire Lopez, Ken Timmerman, and Michael Rubin that Defendant consent to such depositions taking place after the discovery cut off regardless of whether the court extends discovery.

*Salesforce*
**
As advised, NIAC obtained membership information from its former Salesforce database. By February 8, 2011, we will provide such information to Defendant subject to the defendant confirming its understanding that such membership information is subject to the parties existing Confidentiality Agreement.