UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TRITA PARSI )<br>)<br>And )<br>)<br>NATIONAL IRANIAN AMERICAN )<br>COUNCIL, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>DAIOLESLAM SEID HASSAN, )<br>)<br>Defendant. )<br>) | CASE NO. 08 CV 00705 (JDB) |

**DEFENDANT'S PROPOSED ORDER REGARDING DISCOVERY**

The parties have brought several discovery disputes to the Court's attention in their respective status reports and at the status hearing of March 4, 2011 and the Court being fully advised hereby ORDERS as follows:

1. Regarding supplementation of discovery responses served by the parties in May 2009, the parties are under no obligation to systematically review files and ESI for responsive documents created after May 2009; however, this does not bar in a blanket manner discovery of documents dated after May 2009, including in particular those specifically requested and relating to, *inter alia*, calendars, member databases, damages, legal bills, lobbying laws, and discovery compliance, etc.

2. Regarding the research and documents relating to lobbying laws mentioned at Patrick Disney's October 29, 2010 deposition – CLIPI materials (p. 26); intern research (p.

159); law firm memos (pp. 69, 238); and packet from legal experts (p. 73) – NIAC is to produce all of these by March 31 or put them on a privilege log and certify that there are no other documents supporting their claims that NIAC and Parsi were in compliance with lobbying laws.

3. Regarding depositions:

    a. Samuel Gardiner – Plaintiffs are to provide dates for the completion of his deposition of up to 30 minutes by the end of April 2011.

    b. Trita Parsi – Plaintiffs are to produce Parsi for a deposition of up to 4 hours within 30 days of the completion of the production of the materials referenced in paragraph 4-7 below. Parsi is to be prepared to answer questions about the damages he is claiming or those claims will be stricken.

4. Regarding the server/shared drive ordered produced July 1, 2010 and the computers produced by NIAC for imaging on August 18, 2010:

    a. The hard drives containing the images of the machines imaged are to be returned to PwC for further analysis to determine when various machines were used and by whom. This analysis shall include whether any data was wiped, backed-up or transferred, when such was done, and by whom.

    b. NIAC is to produce for imaging by PwC the shared server/hard drive subject to the Court's July 2010 order and also the four machines not produced on August 18, 2010 by March 31, 2011.

    c. NIAC is to produce for imaging the desktop Parsi used in 2008.

    d. PwC shall retain all imaged drives until the completion of the case at which time the drives will be wiped or may be procured by NIAC upon payment of the cost of the drives.

5. Regarding the membership database(s):

    a. Plaintiffs are to produce the codes needed to translate all fields into understandable English for the December 16, 2010 Salesforce meeting notes list (produced February 15, 2011) and the Salesforce membership lists created May 28, 2010 (produced March 2, 2011) by March 31, 2011.

    b. Plaintiffs are to produce NIAC's entire membership list currently in Convio including all data fields by March 31, 2011 in electronically stored format and uncoded so as to be understandable.

6. Regarding the subpoena served on Pugwash in November 2010 and not objected to by any party, if the parties fail to reach agreement upon a form of confidentiality agreement by March 31, 2011, the Court will order Pugwash documents produced not subject to any confidentiality agreement.

7. Regarding the 5500 unproduced Talebi emails:

    a. Plaintiffs are to state the serial number of the PC, server, laptop, CPU or whatever device on which these were located; and

    b. Plaintiffs are to produce to the Court for independent *in camera* review by March 31, 2011 the 5500 emails claimed to be nonresponsive to Defendant's discovery requests and produce to Defendant any others determined to be responsive.

Dated: March ____, 2011

                                            **SO ORDERED**.

                                            _____/s/_____

                                            JOHN D. BATES
                                            United States District Judge

## CERTIFICATE OF SERVICE

I, Timothy E. Kapshandy, an attorney hereby certify that on March 16, 2011, I caused the foregoing Defendant's Proposed Order Regarding Discovery, to be served upon the foregoing counsel via email:

A.P. Pishevar (D.C. Bar No. 451015)
Adrian Nelson
Jefferson Plaza, Suite 316
600 East Jefferson Street
Rockville, Maryland 20850
(301) 279-8773
AP@pishevarlegal.com

                                                                               /s/
                                                 Timothy E. Kapshandy