IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRITA PARSI,                                )
                                            )
    and                                     )
                                            )
NATIONAL IRANIAN AMERICAN COUNCIL )
                                            )
        Plaintiffs,                         )
                                            )
v.                                          ) Civil Action No. 08 CV 00705 (JDB)
                                            )
DAIOLESLAM SEID HASSAN                      )
                                            )
        Defendant.                          )

## PLAINTIFFS' PROPOSED ORDER REGARDING DISCOVERY

Pursuant to the discovery hearing held on March 4, 2011, the submissions of the parities filed on or before February 15, 2011, the entire record herein, and Fed. R. Civ. P. 26, it is hereby ORDERED as follows:

1. The parties are required, consistent with Fed. R. Civ. P. 26, to supplement any document production propounded prior to May 2009 to the extent either party becomes aware of responsive documents that either party intends to introduce and/or reference at trial herein.

2. Plaintiffs shall produce research and documents relating to lobbying laws, by March, 31, 2011, unless privileged and/or beyond the document supplementation parameters set forth in paragraph 1 herein. To the extent Plaintiffs claim any research and/or documents are privileged, a privilege log shall be provided to the defendant by March 31, 2011. No certification shall be required by Plaintiffs regarding whether they are in compliance with lobbying laws as such requires an inappropriate legal conclusion.

3. Plaintiffs may elect not to enter into a Confidentiality Agreement with Defendant as it relates to the production of documents by the Pugwash Conference in response to a subpoena previously propounded by Defendant upon the Pugwash Conference. If Plaintiffs' election not to enter into a Confidentiality Agreement with Defendant precludes Defendant from obtaining subpoenaed documents from the Pugwash Conference, Plaintiffs may be precluded at trial from referencing and/or introducing evidence relating to the Pugwash Conference.

4. Parties are restricted to filing the PricewaterhouseCoopers ("PwC") Report regarding forensic imaging only in support and/or defense of a motion filed with the Court.

5. On or by March 18, 2011, Plaintiffs shall produce to Defendant any membership databases, not previously produced, that existed as of May 2009, as well as any other membership databases, not previously produced, that support any of Plaintiffs' claims for damages.

6. Plaintiffs shall make a good faith effort to work with Defendant to ensure that all membership databases previously or prospectively produced by Plaintiffs contain all relevant database fields.

7. On or by March 18, 2011, Plaintiffs shall produce to Defendant any responsive, not previously produced, emails relating to Babak Talebi. Defendant must demonstrate, by appropriate motion, the relevance and feasibility of Plaintiffs being required to state serial numbers of any PC, server, laptop, CPU or other device on which emails were located.

8. On or by March 21, 2011, at 3:00 p.m., Plaintiffs shall provide to the Court, by personal delivery to the chambers of the Honorable John D. Bates, for *in camera* inspection at the discretion of the Court, all emails relating to Babak Talebi not produced by Plaintiffs to Defendant on or prior to March 18, 2011.

9. On or by April 1, 2011, Defendant shall file any Motion to Compel, including all supporting evidence, demonstrating that Plaintiffs should be compelled to produce additional and/or previously produced NIAC CPUs to PwC for further forensic imaging, including in said Motion to Compel the specific type of new and/or additional forensic imaging sought by Defendant. On or by April 15, 2011, Plaintiffs shall file any opposition to Defendant's Motion to Compel, including all supporting evidence. No further responses and/or replies will be permitted by the parties as it relates to Defendant's Motion to Compel. On April 29, 2011, at 10:00 a.m. the Court shall hold a hearing for the purpose of hearing oral argument in support of and/or opposition to Defendant's Motion to Compel.

10. On or by April 1, 2010, the parties shall agree upon deposition dates for any follow-up depositions, including, but not limited to, follow-up depositions of plaintiff Parsi, the defendant, and any of Plaintiffs' expert witnesses. Said follow-up depositions shall be limited in duration to three (3) hours in the case of plaintiff Parsi and the defendant respectively, and thirty (30) minutes in the case of any of Plaintiffs' expert witnesses. All follow-up depositions shall be completed by May 13, 2011.

11. Parties shall propound any responsive documents and/or documents agreed to be produced during any deposition at least three (3) calendar days prior to any date agreed upon by the parties for any follow-up deposition.

12. On or by May 13, 2011, Plaintiffs shall complete the depositions of Michael Rubin, Ken Timmerman, and Claire Lopez or be precluded from calling the aforementioned persons in Plaintiffs' case-in-chief at trial unless Plaintiffs can demonstrate to the Court's satisfaction that said witnesses are intentionally avoiding being served a deposition subpoena.

March 18, 2011

/S/
JOHN D. BATES
United States District Judge