UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI | ) |
| And | ) |
| NATIONAL IRANIAN AMERICAN COUNCIL, | ) CASE NO. 08 CV 00705 (JDB) |
| Plaintiffs, | ) |
| vs. | ) |
| DAIOLESLAM SEID HASSAN, | ) |
| Defendant. | ) |

**MOTION TO COMPEL PRODUCTION OF SERVER AND COMPLIANCE WITH
COURT'S ORDERS OF JULY 1, 2010 AND MARCH 29, 2011**

After having not produced a single calendar record and, then having produced limited calendar entries (some of which were edited December 25-27, 2010), and then being given a second chance to produce complete unedited calendar entries, and then in April 2010 eventually producing portions of calendars in non-native format which contained at least one large gap and with metadata removed, the Court ordered NIAC to produce for forensic imaging NIAC's "server". (*See*, Court's July 1, 2010 Order, Docket No. 68; Defendant's June 2, 2010 Memorandum, Docket No. 63 and July 22, 2010 Memorandum, Docket No. 76).

NIAC's e-discovery designee, David Elliott, testified that discovery materials were put onto the "server" prior to June 2009 in response to Defendant's discovery requests. (Elliott Dep., pp. 103-04, attached as Ex. A). When the appointed day arrived for the long-sought server

imaging (August 18, 2010), NIAC showed up instead with eight PCs claiming that the relevant files could be found there. (Dec. 17, 2010 Status Conf. Trans., pp. 9-11, Docket No. 86).

Trita Parsi's laptop, however, was not produced because, as misfortune would have it, it was stolen in Norway just two months before the Court's imaging order and after Defendant's request for a forensic image. Even more unfortunately, Parsi had never backed up this laptop. (Parsi Dep., Vol. I, pp. 210-213, Ex B).

Also not produced for imaging on August 18, NIAC later conceded, were four other PC's. (Complete list of NIAC PC's dated December 17, 2010, attached as Ex. C ; Ex. D to Def's Feb. 14, 2010 status memo, Docket No. 87). NIAC informed the Court it withheld these four PCs as they were only used by interns. (Dec. 17, 2010 Status Conf. Trans., p. 20, Docket No. 86; March 4, 2011 Status Conf. Trans., p. 30, Docket No. 101). That, too, NIAC recently admitted was false. (*See*, June 2, 2011 letter from A. Nelson, attached as Ex. D). As it turns out, the PC on which the long-lost 8000 Talebi emails were found (*See*, Court's April 5, 2011 Order, Docket No. 95) was a PC with Serial Number jjnc891, a PC NIAC had represented to the Court was not produced as it belonged to an intern. (*See*, Ex. C).

Among the PC's produced for imaging on August 18, 2010, purportedly as the desktop Parsi had been using since early 2009, was a PC with Serial Number BBFWQH1. (*See*, Ex. C). However, a network survey by a consultant hired in December 2009, Progressive Office, showed that Parsi was not using that machine back in December 2009. (*See*, Defendant's February 14, 2011 Status Memo, pp. 3-4 and Ex. E thereto, Docket No. 87). Parsi tried to explain this at his deposition by claiming that he was having problems with his PC "falling off" the network. (Parsi Dep., pp. 230-235, Ex. B). NIAC's computer consultant, Stuart Kushner, attested that that was untrue and his survey would have found "Parsi's" PC if it were in the office December 2009.

2

(June 28, 2011 Affid. of Stuart Kushner, attached as Ex. E). A chart comparing the PCs produced for imaging in August 2010 contrasted to those in NIAC's offices in December 2009 and December 2010 is attached as Exhibit F.

As justification for not producing the server on August 18, 2010 as ordered, NIAC represented to the Court three separate times, once in response to a direct question from the Court, that it "had no server." (Sept. 16, 2010 Trans., pp. 6-7, Docket No. 81). This seemed odd given that in none of NIAC's papers opposing the July 1, 2010 order to produce the server or even its motion for reconsideration of the order to produce the server, did NIAC bother to tell the Court it had no server. (*See*, Docket Nos. 63, 67, 69).

Finally, at the March 4, 2011 hearing, Plaintiffs finally admitted that "NIAC has a shared-drive system and that shared-drive system was with respect to calendars." (March 4, 2011 Trans., p. 37, Docket No. 101) Accordingly, after hearing argument from the parties, the Court on March 29, 2011 again ordered NIAC to produce the server/shared drive or, in the alternative, to produce the four withheld PC's plus Parsi's 2008 desktop. (Court's Order of March 29, 2011, Docket No. 93).

On April 7, 2011, NIAC delivered to PwC a server which contained four hard drives. However, it was not the server/shared-drive in use in May 2009 and onto which discovery materials were placed; rather, it was a server NIAC purchased in December 2009. (The records of Progressive Office reflect that NIAC bought a new server in December 2009. *See*, Docket No. 87, Tab E). Defendant immediately requested NIAC to produce the original server. (*See*, emails of April 13, 14, 2011 attached as Ex. G). The day before the June 3, 2011 status conference, NIAC responded that its production of the new server complied with "the letter and spirit of the Court's March 29, 2011 order." (June 2, 2011 A. Nelson letter, attached as Ex. D).

3

At the June 3, 2011 hearing, the Court ordered the parties to meet and confer to resolve the discovery issues and to file by July 8 motions to compel any unresolved issues. (June 3, 2011 Trans., pp. 20-22, Docket No. ___). On June 6, 2011, counsel for Defendant called Mr. Nelson. When asked whether NIAC still possessed the original server and on what basis it was being withheld, Mr. Nelson refused to answer and hung up. (*See*, June 6, 2011 email exchange attached as Ex. H).

On June 10, 2010, Mr. Nelson emailed that the original shared drive/server "still exists, but it may not be operational." (June 10, 2011 email from A. Nelson attached as Ex. H). On June 17, 2011 Defendant's counsel again asked if there was any basis for refusing to produce the server other than the possibility "it may not be operational." (June 17, 2011 email attached as Ex. H). Plaintiffs did not respond or produce the original server.

Little need be added to the above facts which speak volumes about Plaintiffs' consideration for the orders of this tribunal. Plaintiffs may fault the Court and parse the terms of the March 29 order for not specifying which of the two servers were to be produced. However, having three times told the Court it had no server, the Plaintiffs are in no position to argue that they, in fact, had two servers. Were there any doubt about either the July 1, 2010 or March 29, 2011 orders, Plaintiffs should have produced both servers. If, as they claim, no discoverable materials have been withheld, they should welcome the imaging of the original server which would confirm their position.

WHEREFORE, Defendant moves the Court for an order to produce the original server/shared drive and for all other just and proper relief, including the costs of this motion and the wasted effort in imaging the new server and the ability to review registry and user habit

information to determine who accessed the server/drives and when and what files were transferred to and from it.

Dated: July 1, 2011

                               /s/
Thomas E. Ross (D.C. Bar No. 994275)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
tom.ross@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI )<br>)<br>and )<br>)<br>NATIONAL IRANIAN AMERICAN COUNCIL )<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>DAIOLESLAM SEID HASSAN, )<br>)<br>    Defendant. )<br>) | Civil No. 08 CV 00705 (JDB) |

## ORDER

The Defendant having brought to the Court's attention in its July 1, 2011 Motion to Compel Production of Server and Compliance with Court's Orders of July 1, 2010 and March 29, 2011 and the Court being fully advised hereby ORDERS as follows:

Plaintiffs shall produce for forensic imaging the shared-drive/server in use in NIAC's offices in May 2009 onto which discoverable files were placed by _____.  Defendant and his forensic computer consultants shall be entitled to access all files and data on the server. Plaintiffs shall pay to Defendant the costs of bringing this motion within 7 days of Defendant's submission of a bill of costs and the costs associated with Defendant's imaging the new server produced on April 7, 2011.  The Court reserves the right to impose additional costs and data in the event the imaging analysis reflects the withholding of discoverable evidence.

Dated: _____, 2011                    **SO ORDERED**

                                                                                                                     /s/_____

                                                              JOHN D. BATES
                                                              United States District Judge.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI**<br><br>and<br><br>**NATIONAL IRANIAN AMERICAN COUNCIL**<br>    Plaintiffs,<br><br>        v.<br><br>**DAIOLESLAM SEID HASSAN,**<br><br>        **Defendant.** | Civil No. 08 CV 00705 (JDB) |

## CERTIFICATE OF SERVICE

I certify that on July 1, 2011, I served, via email, Motion to Compel Production of Server and Compliance with Court's Orders of July 1, 2010 and March 29, 2011 to:

A.P. Pishevar (D.C. Bar No. 451015)
Adrian Nelson
Jefferson Plaza, Suite 316
600 East Jefferson Street
Rockville, Maryland 20850
(301) 279-8773
AP@pishevarlegal.com

Dated:  July 1, 2011

                    /s/
Thomas E. Ross (D.C. Bar No. 994275)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
tom.ross@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

## INDEX OF EXHIBITS TO MOTION TO COMPEL SERVERS

| EXHIBIT A | Excerpts from the Deposition of David Elliott, Vol. I (October 5, 2009) |
|---|---|
| EXHIBIT B | Excerpts from the Deposition of Trita Parsi, Vol. I (December 1, 2010) |
| EXHIBIT C | Complete list of NIAC PC's dated December 17, 2010 |
| EXHIBIT D | Letter from A. Nelson regarding NIAC PCs (June 2, 2011) |
| EXHIBIT E | Affidavit of Stuart Kushner (June 28, 2011) |
| EXHIBIT F | Comparison of PCs produced for imaging vs. those NIAC admits in office in December 2010 vs. those found during December 2009 Progressive Office inventory |
| EXHIBIT G | Defendant emails in which counsel requested that NIAC produce the original server (Emails of April 13 & 14, 2011) |
| EXHIBIT H | Emails between Defendant and Plaintiffs regarding compliance with the March 29, 2011 order for NIAC to produce its shared drive/server (Combined chain of emails from June 6, 10 and 17, 2011) |