# EXHIBIT G

# Kapshandy, Timothy E.

| | |
|---|---|
| **From:** | Kapshandy, Timothy E. |
| **Sent:** | Wednesday, April 13, 2011 12:22 PM |
| **To:** | 'Adrian Nelson'; 'Afshin Pishevar'; 'Farrokh Mohammadi' |
| **Cc:** | Jensen, Peter; Rogers, HL; Ross, Tom; Galvez, Mark Eric; Fougere, Josh |
| **Subject:** | Outstanding Discovery Issues |

Gentlemen:

I have been in CA for a couple days and may have missed an email, but if not, it would appear that there are several discovery items owed and overdue:

1. Pugwash Confidentiality Agreement -- This was due one week ago. Please sign it and send today.
2. Codes for SF database -- This was also due last week. Please produce as soon as possible and well in advance of Parsi's dep so we do not have to redo it, again.
3. Gardiner Dates -- I did not see any dates offered last week per the order. If so, please resend. If not, please send as soon as possible.
4. Privilege Log -- Please respond to Pete's follow-up request. Let's also set up a time to meet and confer if NIAC refuses to produce these as Defendant anticipates moving to compel production of these and would lime to resolve before Parsi's dep.
5. Lobbying Documents -- Please produce the ones that NIAC has electronically in native format. Defendant appreciates that some were only hard copy to start with and others were printed emails with notations that were also discoverable. However, several are hard to read and contained attachments that may or may not have been included. That can likely be resolved by production of the Word and email ones in native format per the agreement.
6. Servers-- It has become apparent that the server NIAC produced to PwC for imaging on April 6 was not the server onto which pst files were moved for the document review and production in May 2009 and as testified to by Parsi, Elliott, and Disney. Nor, could this have been the case as the server produced was purchased in December 2009. Please arrange for production of this server immediately. If NIAC disposed of it, please let us know when, how, and why. As for the logical imaging necessitating powering of the device in a connected state, PwC has figured an alternative means (which required defendant to buy an identical server). So, for this server, PwC will not need to visit the NIAC office.
7. Legal Bills -- NIAC lists these on its Rule 26 disclosure and is claiming these as damages. Defendant has requested them many times. Please produce them or withdraw that claim. If NIAC will not do either of these, please let us know so we can discuss with the Court.

Finally, as previously mentioned and discussed in court, Defendant is planning at least one other Daubert motion regarding the testimony of Debashis Aikat. We presume plaintiffs will not agree with defendant's request that his testimony be stricken. But, if we are wrong and NIAC agrees with defendant's request or withdraws him as a witness, please let us know by week's end so we can save the parties and the court the need of addressing this issue.

Thank you.

Sincerely,

1

# Kapshandy, Timothy E.

| | |
|---|---|
| From: | Kapshandy, Timothy E. |
| Sent: | Thursday, April 14, 2011 10:05 PM |
| To: | Adrian Nelson |
| Cc: | Afshin Pishevar; Farrokh Mohammadi; Jensen, Peter; Rogers, HL; Ross, Tom; Galvez, Mark Eric; Fougere, Josh |
| Subject: | RE: Outstanding Discovery Issues |

Adrian:

Thanks. Our responses correspond to the numbered paragraphs below:

1. As we agreed previously, COO Kevin Cowl's signature is sufficient. We need not trouble Trita Parsi to come by the office. We do need to get this moving and not keep Pugwash hanging out there as to how we are proceeding.

2. Please open the Excel files you sent us and you will see what we are referring to. Many of the fields contain instead of names codes such as the below excerpt from the meeting notes database. Under ID and WHOID there are numbers instead of names. The same is true of other fields such as CREATEDBY LASTMODIFIEDBY, etc. Because some codes repeat frequently, it is clear that each name had a unique ID. In order to understand the chart, one has to have these. NIAC had no trouble generating reports with names instead of numbers (see Ex. 100 to Parsi's dep).

| ID | WHOID | | |
|---|---|---|---|
| 00T30000006IRHfEAO | 00330000005p0pjAAA | Cong. Breakfast said no | 12/ |

3. Thanks. This should not be an issue.

4. Got the email with the names. I am available to meet and confer April 15, April 19 afternoon and April 20 afternoon.

5. Defendant is entitled to the emails and Word documents in electronic files as that was what the parties agreed to and in fact have done. Do not worry about the third-party documents. There are only about 15-20 NIAC emails or documents.

6. I am not sure why it is necessary for us to talk to NIAC's e-discovery consultant. NIAC was to have produced that server/drive last week, the second time it has been so-ordered. Please produce it as soon as possible or inform us as to whether NIAC disposed of it. I am available to meet and confer per the dates in #4, above.

7. Defendant will not agree to some unknown portions of NIAC's legal bills be redacted. You cannot have it both ways - i.e., claim that Defendant's conduct caused NIAC to have to spend money for each and every item covered by the bills but not let Defendant see the specific items and test the causal connection. If you have authority for your contention that documents you have listed in your Rule 26 disclosure and which you are relying upon for your damages claim are not discoverable, we would be very interested in seeing such. If not, let's add that to our meet and confer list.

1

Aikat motion in limine - thanks for your prompt response. We will proceed accordingly.

Thanks,
Tim


-----Original Message-----
From: Adrian Nelson [mailto:anelson@pishevarlegal.com]
Sent: Thursday, April 14, 2011 3:44 PM
To: Kapshandy, Timothy E.
Cc: Afshin Pishevar; Farrokh Mohammadi; Jensen, Peter; Rogers, HL; Ross, Tom; Galvez, Mark Eric; Fougere, Josh
Subject: Re: Outstanding Discovery Issues

Tim:

My responses to your questions are noted below:

On 4/13/11, Kapshandy, Timothy E. <tkapshandy@sidley.com> wrote:
> Gentlemen:
>
> I have been in CA for a couple days and may have missed an email, but if
> not, it would appear that there are several discovery items owed and
> overdue:
>
> 1.  Pugwash Confidentiality Agreement --  This was due one week ago.  Please
> sign it and send today.

Ans: It is my understanding that Dr. Parsi will be in the office
tomorrow (for a bit) as he is on paternity leave.  I've asked that he
sign the Agreement and send it back to me tomorrow.  As soon as I
receive it, I will forward it on to you.

> 2.  Codes for SF database -- This was also due last week.  Please produce as
> soon as possible and well in advance of Parsi's dep so we do not have to
> redo it, again.

Ans: We have discussed this issue with our client.  They have advised
that they do not know the codes you are requesting.  Let's discuss how
NIAC can, if at all, facilitate getting you access somehow to the SF
provider to get the information you are seeking.  We'd rather take out
the middle man.

> 3.  Gardiner Dates --  I did not see any dates offered last week per the
> order.  If so, please resend.  If not, please send as soon as possible.

Ans:  These dates are a work in progress.

> 4.  Privilege Log --  Please respond to Pete's follow-up request.  Let's
> also set up a time to meet and confer if NIAC refuses to produce these as
> Defendant anticipates moving to compel production of these and would lime to
> resolve before Parsi's dep.

Ans:  I will reply by seperate email.

> 5.  Lobbying Documents -- Please produce the ones that NIAC has
> electronically in native format.  Defendant appreciates that some were only

2

> hard copy to start with and others were printed emails with notations that
> were also discoverable.  However, several are hard to read and contained
> attachments that may or may not have been included. That can likely be
> resolved by production of the Word and email ones in native format per the
> agreement.

Ans: What entitles defendant to native format of any of the
lobbying-related documents?  Notwithstanding the foregoing, please
tell me what document and/or attachment you are having difficulty
reading.  The less intrusive solution is for us to provide a better
copy if there is one.

> 6.  Servers--  It has become apparent that the server NIAC produced to PwC
> for imaging on April 6 was not the server onto which pst files were moved
> for the document review and production in May 2009 and as testified to by
> Parsi, Elliott, and Disney.  Nor, could this have been the case as the
> server produced was purchased in December 2009.  Please arrange for
> production of this server immediately.  If NIAC disposed of it, please let
> us know when, how, and why.  As for the logical imaging necessitating
> powering of the device in a connected state, PwC has figured an alternative
> means (which required defendant to buy an identical server).  So, for this
> server, PwC will not need to visit the NIAC office.

Ans:  We need to discuss this request at a time when our e-discovery
consultant is available.  Please provide me with three dates and times
next week for us to discuss this issue and I will touch base with our
consultant.

> 7.  Legal Bills --  NIAC lists these on its Rule 26 disclosure and is
> claiming these as damages.  Defendant has requested them many times.  Please
> produce them or withdraw that claim.  If NIAC will not do either of these,
> please let us know so we can discuss with the Court.

Ans: Is defendant in agreement that legal bills, if discoverable, may
be redacted for privilege reasons?

> Finally, as previously mentioned and discussed in court, Defendant is
> planning at least one other Daubert motion regarding the testimony of
> Debashis Aikat.  We presume plaintiffs will not agree with defendant's
> request that his testimony be stricken.  But, if we are wrong and NIAC
> agrees with defendant's request or withdraws him as a witness, please let us
> know by week's end so we can save the parties and the court the need of
> addressing this issue.


Ans:  Consider this our Meet and Confer.  NIAC will not consent to this relief.
>
> Thank you.
>
> Sincerely,
>
>
>
>
>
> ------------------------------------------------------------------------------
----------

3

> IRS Circular 230 Disclosure: To comply with certain U.S. Treasury
> regulations, we inform you
> that, unless expressly stated otherwise, any U.S. federal tax advice
> contained in this
> communication, including attachments, was not intended or written to be
> used, and cannot be
> used, by any taxpayer for the purpose of avoiding any penalties that may be
> imposed on such
> taxpayer by the Internal Revenue Service. In addition, if any such tax
> advice is used or referred
> to by other parties in promoting, marketing or recommending any partnership
> or other entity,
> investment plan or arrangement, then (i) the advice should be construed as
> written in connection
> with the promotion or marketing by others of the transaction(s) or matter(s)
> addressed in this
> communication and (ii) the taxpayer should seek advice based on the
> taxpayer's particular
> circumstances from an independent tax advisor.
>
****************************************************************************
*******
> This e-mail is sent by a law firm and may contain information that is
> privileged or confidential.
> If you are not the intended recipient, please delete the e-mail and any
> attachments and notify us
> immediately.
>
>
****************************************************************************
*******
>