# EXHIBIT G

## Kapshandy, Timothy E.

| | |
|---|---|
| **From:** | Kapshandy, Timothy E. |
| **Sent:** | Monday, October 04, 2010 11:49 PM |
| **To:** | Adrian Nelson |
| **Cc:** | Ross, Tom; Rogers, HL; Jensen, Peter; Patrick Parsa |
| **Subject:** | RE: Parsi/NIAC -- Plaintiffs' Objections to Defendant's Supplemental Request for Production -- NIAC 2009 Tax Filings |

Thanks, Adrian. So there is no confusion, please confirm that you are withdrawing your objection of Aug. 17 to producing Parsi's 2009 tax return. As the automatic extension expires Oct. 15, we'll look forward to receiving it then.

As for the Salesforce data, please provide the authorization to Salesforce promised in court so we can dispense with the need for a subpoena. Also, do not forget to provide the contact info and similar authorization for the current vendor and consultant that assisted in transferring the data.

Thanks,

Tim

> **From:** Adrian Nelson [mailto:anelson@pishevarlegal.com]
> **Sent:** Monday, October 04, 2010 3:58 PM
> **To:** Kapshandy, Timothy E.
> **Cc:** Ross, Tom; Rogers, HL; Jensen, Peter; Patrick Parsa
> **Subject:** Re: Parsi/NIAC -- Plaintiffs' Objections to Defendant's Supplemental Request for Production -- NIAC 2009 Tax Filings
>
> Tim:
>
> Continuing to follow-up with you regarding your laundry list of requests for further information, please be advised as follows:
>
> First, Dr. Parsi has not submitted his 2009 tax filings. So, at this point we have nothing to produce in that regard.
>
> Second, I have been advised that NIAC used a special non-profit version of the online membership database SalesForce. NIAC's use of SalesForceh did not have a corresponding customer or account number and there was not a sales or account representative specifically assigned to handle NIAC as a client. As such, at best your client can go to www.salesforce.com to determine corporate information for the purpose of sending subpoenas regarding any existing information regarding NIAC's use of SalesForce. If you need further explanation regarding what I have outlined regarding SalesForce, please advise me before seeking court intervention unnecessarily.
>
> Finally, I will be providing a detailed response to your claims about Dr. Parsi's laptop, as well as your claims about NIAC's purported server. However, my client will not be able to authorize my response until it has had a chance to review it this evening. As such, I will forward that response to you first thing in the morning. Again, we caution against prematurely seeking court intervention.
>
> -Adrian

On 9/30/10, **Kapshandy, Timothy E.** <tkapshandy@sidley.com> wrote:

Adrian:

Since you are so tied up with other matters, I would ask that you have your three co-counsel contact me.  We requested and offered dates for depositions early last week and now several of those dates will have passed due to your inability to respond to numerous requests.

As for communications regarding your various explanations about Parsi's laptop, those have been documented extensively in emails and written correspondence.  Suffice it to say, your position first related in your interrogatory answers of September 20 that his laptop is not covered by the time period covered by the Court's order is not well-founded under Rule 26(g) and we request that it be produced for imaging per the Court's order.  We also request that NIAC's shared server be produced for imaging per the Court's July 1 order.  Your last minute switcheroo of PCs for the server along with your acknowledgement that the Outlook files on Parsi's desktop were moved onto that machine since the litigation hold has been in place together with the absence of an explanation of where Talebi's emails were located and Elliott's and Blout's testimony that their machines were backed up onto the shared server make it highly unlikely that there are no Outlook files on that server.  We also request that consistent with the litigation hold in place since early 2008 and your obligations under the FRCP that you advise your client to make no further changes or edits or deletions to files on that server and make backups so that there are no further data losses as with the loss of Parsi's, Talebi's and Mansouri's laptops.  Finally, we request you to confirm that under the terms of the confidentiality agreement PwC is able to review user habit information on each of the machines in order to determine when and to where files were backed up from the machines they imaged.  It is apparent that a lot of these Outlook files were moved around from machine to machine and in order to comply with the Court's order about such changes and edits they need to review user habit information.  If it is your position that the confidentiality agreement precludes that please let me know so we can raise that with the Court.

If we do not hear from you on Monday,  we will assume you object to all of the issues raised in yesterday's email and will ask that the Court address all of them.  I would again ask that you attempt to narrow the list by, e.g., at least producing the SF information that you promised in open court.  I am available all morning Monday.

Sincerely,

Tim Kapshandy
Sidley Austin, LLP
1 South Dearborn Street
Chicago, Illinois 60603
312-853-7643
cell: (219) 670-0698
tkapshan@sidley.com
http://www.sidley.com

**From:** Adrian Nelson [mailto:anelson@pishevarlegal.com]
**Sent:** Thursday, September 30, 2010 8:07 AM

**To:** Kapshandy, Timothy E.
**Cc:** Ross, Tom; Rogers, HL; Jensen, Peter
**Subject:** Re: Parsi/NIAC -- Plaintiffs' Objections to Defendant's Supplemental Request for Production -- NIAC 2009 Tax Filings

Tim:

I am out of the office through Monday.  As such, I will not be able to deal with the myriad number of issues you've outlined.  I will respond by COB Monday.

Nonetheless, if your client chooses to file a motion and/or seek court intervention so be it.

We can discuss the retraction of misstatements including your own, most recently your claim that you were advised that Dr. Parsi didn't have a laptop.  To date you've failed to provide a source for that fiction as requested.

To calm your apparent distrust that NIAC has not actually filed for an extension with respect to its 2009 tax filing notwithstanding our proffer to that effect, attached is the extension filed by NIAC.  You are not entitled to know when NIAC will filed its 2009 tax return.  At this point, however, NIAC may seek a second extension from the IRS.

That is all I can address at this time.

-Adrian

3

On Thu, Sep 30, 2010 at 12:02 AM, Kapshandy, Timothy E. <tkapshandy@sidley.com> wrote:

Adrian:

You have avoided answering our request for Parsi's 2009 tax return.  Will you be producing it?  If not, we will file a motion to compel and request that his claim for damages be stricken.    As for NIAC, please produce its request for an extension and state when it intends to file its 2009 return.

With regard to defendant's returns, we have asked you for months to produce case law supporting your contention that the request from plaintiff for defendant's returns is related to any of plaintiffs' claims. You have not done so.   We have also been unable to find any case law supporting your position.  I have studied the transcript and Judge Bates did say that "financial information is relevant to potential damages claims."   Since only plaintiffs, not defendant, are making damages claims this clearly refers to plaintiffs' financial information.  Put most simply, there is no way under Rule 26(g) you can object to producing tax returns while simultaneously claiming lost income and producing tax returns to you damages experts.

Speaking of the Sept,. 16, 2010 status conference, we note that you three times informed the Court that NIAC does not have a server.  This is plainly contrary to the testimony of both Ms. Blout and Mr. Elliott that their computer files were backed up to the shared server.   Under your obligations of candor to the Court we ask that you immediately correct these misstatements.

Further to your statements about the SF database, we accept your offer to contact the vendor directly. Please provide us the contact info and authorization to access the information.  Also, please provide the same for the other companies referenced (the company that transferred the data and the company to who the data was transferred).

As for the weekly agendas, please respond as to whether you will produce those.

Please get back to me on our request for depositions of your witnesses and the dates we have offered for ours.  It has been nearly two weeks and we have not heard from you.

Please respond to the questions asked in the Talebi email interrogatories.  You have not stated why the 2500 just produced were not originally produced, where they were found nor why the remaining 5500 were not produced.  In particular please state whether they were found on the shared server.  Your

explanation that they were found on a CPU is not plausible.  CPUs cannot store that much information.
On what computer was that CPU?  Were they found on the shared server?

Please give me a call tomorrow to try to resolve these short of court intervention or to at least
substantially narrow down those that need to be presented to the court.

Thanks,

Tim

**From:** Adrian Nelson [mailto:anelson@pishevarlegal.com]
**Sent:** Monday, September 27, 2010 4:30 PM

**To:** Kapshandy, Timothy E.
**Cc:** Ross, Tom; Rogers, HL; Jensen, Peter

**Subject:** Re: Parsi/NIAC -- Plaintiffs' Objections to Defendant's Supplemental Request for Production -- NIAC
2009 Tax Filings

Tim:

Regarding NIAC's 2009 tax filing, first, by providing the following information, NIAC is
not withdrawing its previously propounded objections.

Notwithstanding the foregoing objections, I have been advised by NIAC that they have
not filed their 2009 tax filing pursuant to an extension granted to them by the IRS.

Further, NIAC continues to maintain that your client's refusal to provide any of his tax
filings is going to require us to move to compel said tax filings, and seek appropriate
sanctions, unless they are voluntarily provided.

You may not be aware but, at the status conference, J. Bates unofficially noted that in these types of cases the defendant's tax filings can be very relevant. As such, by c.o.b. October 1, 2010, please provide any case authority for defendant's position that his tax filings are not discoverable.


-Adrian


On 9/24/10, **Kapshandy, Timothy E.** <tkapshandy@sidley.com> wrote:

Thanks, Adrian. You might also look into the responses to the Talebi email interrogatories as those are overdue. And, we would appreciate a response to our proposal this week regarding deposition scheduling. Talk to you next week.

Regards,

Tim


**From:** Adrian Nelson [mailto:anelson@pishevarlegal.com]
**Sent:** Friday, September 24, 2010 3:59 PM
**To:** Kapshandy, Timothy E.
**Cc:** Ross, Tom; Rogers, HL; Jensen, Peter
**Subject:** Re: Parsi/NIAC -- Plaintiffs' Objections to Defendant's Supplemental Request for Production


Tim:


I have been busy on other matters. I wasn't able to get back to you by August 23 regarding Plaintiffs' position on the 2009 tax returns as requested. I will give your our position in writing on Monday.


Have a nice weekend.


-Adrian

On 9/19/10, **Kapshandy, Timothy E.** <<u>tkapshandy@sidley.com</u>> wrote:

Adrian:

Plaintiffs' claims that their 2009 tax returns are confidential and irrelevant fail to comport with FRCP Rules 26(g)(1) and 11(b) given that you produced returns from 2002-2008 to defendant and to your damages expert. Accordingly, we request pursuant to FRCP Rule 11 that you immediately withdraw the objections and produce the 2009 returns. Failing that, defendant will move to strike Plaintiffs' claims for damages. Please let us know of your decision by Sept. 23. Thank you.

Sincerely,


Tim Kapshandy
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603
312.853.7643
Cell: 219.670.0698
fax: 312.853.7036
<u>tkapshan@sidley.com</u>
<u>http://www.sidley.com</u>

**From:** Adrian Nelson [mailto:<u>anelson@pishevarlegal.com</u>]
**Sent:** Friday, September 17, 2010 7:15 PM
**To:** Kapshandy, Timothy E.; Rogers, HL; Jensen, Peter
**Cc:** Ross, Tom
**Subject:** Parsi/NIAC -- Plaintiffs' Objections to Defendant's Supplemental Request for Production


Tim:


Attached please find Plaintiffs' Objections to Defendant's Supplemental Request for Production. We will also mail out a signed hard copy.

Thanks,


Adrian


---------------------------------------------------------------------------------------
--
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice contained in this
communication, including attachments, was not intended or written to be used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred
to by other parties in promoting, marketing or recommending any partnership or other entity,
investment plan or arrangement, then (i) the advice should be construed as written in connection
with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on the taxpayer's particular
circumstances from an independent tax advisor.
*********************************************************************
*********************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

*********************************************************************
*********************************

**Tisak, Jeffery**

| | |
|---|---|
| **From:** | Kapshandy, Timothy E. |
| **Sent:** | Tuesday, October 05, 2010 5:00 PM |
| **To:** | Adrian Nelson; Rogers, HL; Jensen, Peter |
| **Cc:** | Afshin Pishevar; Patrick Parsa |
| **Subject:** | RE: Parsi/NIAC -- Plaintiffs' Objections to Defendant's Supplemental Request for Production |
| **Attachments:** | NIAC-PWC Non-Disclosure Agreement.PwC_Execution.pdf |

Adrian:

Here is the executed PwC nondisclosure agreement. I assumed that the PwC techs gave it to you on Aug 18. The "user habit" info they are seeking to access reflects when profiles were set up and when a machine was used by a certain user. That would be helpful in completing their analysis and we believe it is permitted under the nondisclosure agreement. If you disagree, please let me know so we can address with the Court. Also, we would request your confirming that they may access attachments embedded in Outlook calendar entries. Again, we believe that these are part of the Outlook calendar entries and are permitted by the nondisclosure agreement but wanted to confirm with you. If you disagree, again, please let me know asap so we can address with the Court.

Again, please provide written authorization to Salesforce and the subsequent vendors to allow us to access that data as promised in Court.

We will not address the rest of your assertions here but will leave those to the appropriate papers.

Sincerely,
Tim

**From:** Adrian Nelson [mailto:anelson@pishevarlegal.com]
**Sent:** Tuesday, October 05, 2010 1:30 PM
**To:** Kapshandy, Timothy E.; Rogers, HL; Jensen, Peter
**Cc:** Afshin Pishevar; Patrick Parsa
**Subject:** Fwd: Parsi/NIAC -- Plaintiffs' Objections to Defendant's Supplemental Request for Production

Tim:

Below is the response I promised. Sorry for the delay in not sending it this morning, but I had to cover a deposition unexpectedly.

2009 Tax Returns

As previously advised, both NIAC and Dr. Parsi have received an extension from the IRS as it relates to their 2009 tax filings. NIAC intends to file its 2009 return by October 15. Dr. Parsi will produce his 2009 return once it is filed.

NIAC's Purported Server

Please be advised that if your client continues to misrepresent that NIAC has an email server, we will seek sanctions. On several occasions NIAC has advised that it does not have an email server. NIAC has a shared drive for files, which drive does not contain emails or calendars. Nonetheless, you continue to weave this falsehood into your emails, correspondence, and representations to the court. These misrepresentations must cease immediately.

To that end, your claim, on behalf of your client, that certain emails could not have been found on a CPU is patently false. The emails at issue where on a CPU, not on a server, which point has been explained numerous times. NIAC does not have its emails on an email server, but rather, all CPU's in its office function as individual units.

The claim that the amount of emails at issue could not fit on a CPU is ridiculous. The emails total less than one Gigabyte. Most CPUs can store more than 60-100 gigabytes.

Agendas

NIAC searched for agendas and I've been advise that only two were discovered two (2). They are attached.

NIAC stopped using agendas for their informal staff meetings long ago. Please note that the agendas found do not contain search words. Nor are these "weekly" agendas. The ambition had been to meet weekly, but that ambition was not consistently realized.

SalesForce

Please refer to my email of yesterday's date regarding SalesForce.

Dai's Tax Returns

By next week, we will provide you case support for our position that Dais tax filings are discoverable.

PWC Forensic Imaging

As we read the court's ruling, NIAC was ordered to allow forensic imaging of computers that contained PST files. NIAC determined which, of its, computers contained PST files. The shared driver does not, nor does Dr. Parsi's replacement laptop. As such, NIAC has complied with the court's ruling.

Alleged "Switcheroo"

Most troubling is your assertion that NIAC engaged in an alleged "switcheroo." You falsely alleged: *"Your last minute switcheroo of PCs for the server along with your acknowledgement that the Outlook files on Parsi's desktop were moved onto that machine since the litigation hold has been in place together with the absence of an explanation of where Talebi's emails were located and Elliott's and Blout's testimony that their machines were backed up onto the shared server make it highly unlikely that there are no Outlook files on that server."*

First, there was no switcheroo. NIAC advised at outset that it does not have emails or calendars on a server. PWC was advised of this fact during our joint teleconference.

Second, to our knowledge, NIAC has never acknowledged that Dr. Parsi's outlook files were moved. To whom do you attribute this assertion. PWC was given Dr. Parsi's desktop, which contained his outlook files that have always been there.

Independence of PWC

As a threshold matter, we are concerned about PWC's objectivity. First, we are still waiting for an executed copy of the Confidentiality Agreement that was promised to NIAC in August of 2010. Also, is PWC reporting to defendant's counsel or the court? It would appear PWC is reporting to defendant's counsel based upon your claim that allegedly files have been moved from computer to computer. Such a partisan forensic imaging by PWC clearly would be problematic and may require their disqualification.

2

More specifically, to what "user habits information" are you referring? Please advise what you are referring to so that NIAC can advise regarding its position.

-Adrian

**Otis, Sharon**

| | |
|---|---|
| **From:** | Kapshandy, Timothy E. |
| **Sent:** | Monday, October 18, 2010 1:14 PM |
| **To:** | 'pparsa@pishevarlegal.com'; 'anelson@pishevarlegal.com' |
| **Cc:** | Rogers, HL; Jensen, Peter |
| **Subject:** | Re: NIAC Discovery Responses |

Gentlemen:
Again, please provide NIAC's username and password for both SF and Convio databases as
promised at the 9/16 status conference.  The vendors require that for us to access the data.
And, please provide the contact info for the vendor who transferred the data.
Thanks
Tim
Timothy E. Kapshandy
Sidley Austin LLP
1 South Dearborn
Chicago, IL 60603
312-853-7643
tkapshan@sidley.com

----- Original Message -----
From: Kapshandy, Timothy E.
Sent: Monday, October 18, 2010 08:44 AM
To: 'pparsa@pishevarlegal.com' <pparsa@pishevarlegal.com>; 'anelson@pishevarlegal.com'
<anelson@pishevarlegal.com>
Cc: Rogers, HL; Jensen, Peter
Subject: NIAC Discovery Responses

Gentlemen:
We've still not received the verifications for NIAC's responses to defendant's recent
interrogatories regarding the Talebi emails or the computer imaging.  If your client refuses
to provide such, please let us know so we can raise with the court.  Also, please produce
NIAC's and Parsi's 2009 tax returns as they were due Oct 15 unless additional extensions were
granted.
Thanks,
Tim
Timothy E. Kapshandy
Sidley Austin LLP
1 South Dearborn
Chicago, IL 60603
312-853-7643
tkapshan@sidley.com

**Kapshandy, Timothy E.**

| | |
|---|---|
| **From:** | Kapshandy, Timothy E. |
| **Sent:** | Tuesday, October 26, 2010 4:34 PM |
| **To:** | Patrick Parsa |
| **Cc:** | Adrian Nelson; Jensen, Peter; Ross, Tom; Rogers, HL |
| **Subject:** | Imaging |
| | |
| **Categories:** | Green Category |

Thanks, Patrick.  We are trying to get the PwC report regarding the imaging printed and assembled but the large attachments are presenting a challenge.  We hope to get it out by tomorrow night.

We would also like to contact the Court to discuss a briefing schedule for the costs issue contemplated in the July 1 order.  Please let us know good times for you to call Judge Bates' office.   We also will reiterate our request to image the shared server per the Court's July 1 order  as well as any backups of it.  Some of the calendar entries indicate that it has been cleaned up and may, in fact, have been replaced in December 2009.  We ask you to confirm that it was not replaced in December 2009 (but rather was augmented with another server) and still exists.  We would ask that you cease any cleaning up, defragging or other procedures that might delete or remove files from either server and preserve all backups without writing over them.   We also expect to ask that Trita Parsi be produced for a deposition sooner than 1.5 weeks before the discovery cutoff as resolution of these discovery issues may obviate much of the remaining discovery.

Also, we remind you that we have not received the verifications to Defendant's recent interrogatories nor the user login and password info for Salesforce and Convio as promised in Court on Sept 16.  When can we expect those?

Sincerely,


Tim Kapshandy
Sidley Austin, LLP
1 South Dearborn Street
Chicago, Illinois 60603
312-853-7643
cell: (219) 670-0698
tkapshan@sidley.com
http://www.sidley.com


**From:** Patrick Parsa [mailto:pparsa@pishevarlegal.com]
**Sent:** Tuesday, October 26, 2010 12:19 AM
**To:** Kapshandy, Timothy E.
**Cc:** Adrian Nelson
**Subject:** Re: Depositions of Dai, Parsi and Safavi....

I'm checking those dates with our client and will get back to you shortly. We also expect to give you dates for the experts as well.

Patrick

Sent from my iPhone

On Oct 22, 2010, at 10:56 PM, "Kapshandy, Timothy E." <tkapshandy@sidley.com> wrote:

1

P.S.  Just checked with Dai and he could do a deposition Dec 14-15 in Chicago or Arizona.



Thanks,



**From:** Kapshandy, Timothy E.
**Sent:** Friday, October 22, 2010 8:07 PM
**To:** Patrick Parsa
**Cc:** Adrian Nelson; Rogers, HL; Jensen, Peter
**Subject:** RE: Depositions of Dai, Parsi and Safavi....


Patrick:


I never said I could not do Parsi's dep Dec 1-3 (see below).  We objected to doing it 1.5 weeks before the discovery cutoff.  We proposed 4 dates in August and 4 in October and you failed to produce him even though you informed us that he was available 2 of the dates in August (he backed out as he could not stay for Dai's dep).   Please hold Dec 1-2 and try to get earlier dates.


As for Dai, we had  proposed 4 dates in October (twice) and have never heard back from you (see below).  I have another dep Nov 22-23 so that does not work.  I will see if Dai can do Nov 24 or 23 if my other dep cancels.


As for Safavi, we understand you do not intend to call him.  We want to depose him for discovery purposes and to preserve his testimony for trial.  Let's do his dep Nov 24 in Chicago.


Not having been offered any dates for Aikat, we presume you are withdrawing him?  If not please offer us several dates Monday.  The same for Morse.


Thanks,


Tim

2

Patrick:

I responded to Adrian immediately about the Disney and Talebi dates. See below. Also, I have not hear from you regarding our email of Sept 21 proposing dates for Dai (Oct. 26-29) and Safavi (same dates), as well and Morse and Aikat.  The dates proposed for Aikat and Morse have now passed over the last month with no response from you. Please get us additional dates asap. Dai remains available Oct. 26-29. We would like to do Parsi then, also.  We no reason to wait until a 1-1/2 weeks before the discovery cutoff to do his dep. It could lead to other issues and should have been done long ago. Please let us know all dates he has available in the next 6 weeks.

Thanks,

Tim

**From:** Patrick Parsa [mailto:pparsa@pishevarlegal.com]
**Sent:** Friday, October 22, 2010 1:56 PM
**To:** Kapshandy, Timothy E.
**Cc:** Adrian Nelson
**Subject:** Depositions of Dai, Parsi and Safavi....

Tim:

The dates we gave for Parsi: December 1,2 or 3 (in DC), are earliest dates that work for us. As it is more than a month away I am sure you can free one of your associates to conduct it. We also haven't heard back regarding the dates we suggested for Dai's deposition: Nov 22 and 23 (in Chicago). Please advise us as we would like to schedule them. Finally, we

3

do not intend to call Safavi, not sure if there was some confusion on that
point.


--
Sincerely,
Patrick Parsa, Esq.
Jefferson Plaza - Suite 316
600 E. Jefferson Street
Rockville, MD 20852
Tel.(301)279-8773
Fax(301)279-7347


-----------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we
inform you
that, unless expressly stated otherwise, any U.S. federal tax advice contained in this
communication, including attachments, was not intended or written to be used, and
cannot be
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on
such
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or
referred
to by other parties in promoting, marketing or recommending any partnership or other
entity,
investment plan or arrangement, then (i) the advice should be construed as written in
connection
with the promotion or marketing by others of the transaction(s) or matter(s) addressed in
this
communication and (ii) the taxpayer should seek advice based on the taxpayer's particular
circumstances from an independent tax advisor.
*****************************************************************************
****************************
This e-mail is sent by a law firm and may contain information that is privileged or
confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and
notify us
immediately.

*****************************************************************************
****************************

**Kapshandy, Timothy E.**

| | |
|---|---|
| **From:** | Kapshandy, Timothy E. |
| **Sent:** | Monday, November 01, 2010 10:49 AM |
| **To:** | Adrian Nelson |
| **Cc:** | Afshin Pishevar; Patrick Parsa; Rogers, HL; Jensen, Peter |
| **Subject:** | RE: Parsi/NIAC -- Teleconference with Judge Bates |

Adrian:

Adrian:

Sorry to hear you are under the weather and hope that you are better soon.  This is mainly a scheduling issue. Per my email of Oct 26 and letter of Oct 27 we need to address several issues: how to transmit the report to the Court, scheduling of Defendant's briefing per the July 1 Order for costs, PwC's need to retain the images for further analysis (attachments to calendar entries, user habit and registry info, etc), and Defendant's request that the shared server(s) be produced per the July 1 order.  We can hold off until Thursday or Friday so please let us know which is better for you.

One thing that we do need you to address today, however, is the answer to our question raised in my Oct 27 letter about PwC retaining the hard drives with the images.  Please let us know today as to whether you want the hard drives transferred to a mutually agreeable party or if PwC may retain them until the Court resolves the questions raised.

Also, please let us know when we can expect the verifications for the unverified interrogatory answers you served over a month ago and when we can expect the username, password, and login info required for the Salesforce and Convio databases as promised at the Sept 16 hearing.  If we do not have these by the call with the Court, we will ask for the Court to get involved in those.

Thanks,

Tim

-----Original Message-----
From: Adrian Nelson [mailto:anelson@pishevarlegal.com]
Sent: Monday, November 01, 2010 8:54 AM
To: Kapshandy, Timothy E.
Cc: Afshin Pishevar; Patrick Parsa
Subject: Parsi/NIAC -- Teleconference with Judge Bates

Tim:

As a follow-up to your request for a teleconference with Judge Bates, for several reasons we will not be able to participate on either Nov. 1 or 2 of this week.  First, as you know, we just received the PWC report and would like more than a few days to review it ourselves as well as possibly by our own expert.   Secondly, I will be out of the office on Nov. 2 for an all-day conference that I had forgotten about when we first discussed scheduling the teleconfrence with Judge Bates.

Lastly I am not feeling well today and may not be in today. However, if you need to speak with me please call 301.424.6601 and leave a message with a return number. I will call you back.

Thanks,

Adrian