# EXHIBIT I

**Kapshandy, Timothy E.**

| | |
|---|---|
| **From:** | Adrian Nelson [anelson@pishevarlegal.com] |
| **Sent:** | Friday, February 11, 2011 12:16 PM |
| **To:** | Kapshandy, Timothy E. |
| **Cc:** | Afshin Pishevar |
| **Subject:** | Draft Joint Report Re Status of Discovery -- Plaintiffs' Comments |
| | |
| **Categories:** | Green Category |

Tim,

Thank you for taking a stab at the initial draft of the Joint Report on the status of Discovery.  Below are Plaintiffs' comments about the initial Draft of the Joint Report.

*The Overall Tone of the Report*

Based upon the overall tone of the Joint Report, it may be necessary for the parties to have separate sections that give their version and interpretation of events.  This may be necessary based upon a clear effort by the defendant to paint a picture of Defendant having clean hands in the current status of discovery between the parties.

Specifically, the level of detail regarding who did what and said what makes the Joint Report document cumbersome to read while simultaenously providing the Court with a lot of irrelevant detail.

For instance, the opening substantive paragraph regarding our attempts to arrange a telephone call to discuss outstanding discovery issues fails to make clear that on January 10, Adrian Nelson's email to you clearly set out a time he was available to call and asked you to give him a ring during that time before he left for Europe midday on January 11.  Instead of calling on January 11 as requested, Tim Kapshandy simply replied, "I'm free most of the day (January 11) so, you call me."  *This nuisance was omitted.*
**
*Also omitted is that Mr. Nelson was out of the country as he had advised the court between January 11 and January 18, 2011.  Further omitted is that upon Mr. Nelson's return from Europe he emailed with Mr. Jensen, which is contrary to the statement that "Defendant next heard from Plaintiff on January 25 when Mr. Nelson called ..."*
**
Next, Plaintiffs do not understand the statement: "... the parties agreed that there be (sic) no need to supplement the May 2009 discovery responses except to the extent already specifically undertaken subsequent to May 2009."  *Please clarify.*

Defendant's focus upon Mr. Elliott's testimony about when the litigation hold was emailed to NIAC staff fails to consider as a possibility that Mr. Elliott's memory was faulty.  *Again, it is NIAC's position that this level of detail is unnecessary and fails to provide any important information to the Court.*
**
*Server/Forensic Imaging/PCs*
**
*In this section, Defendant's use of the phrase "complete inventory"

1

is inaccurate.  Rather, it should say "an unauthorized, inaccurate, incomplete list" as the information provided to Defendant by Progressive was not authorized by NIAC, nor was it complete or accurate.

After the last sentence in this paragraph, please add:  "However, notwithstanding the foregoing, Plaintiffs do not believe that its computer consultants availability would have resultedin Defendant dropping its request for additional imaging."

*Salesforce Membership Database*
**
*Defendant fails to advise the Court about the context of the Salesforce database dispute.  Please add that early in discovery NIAC produced its membership database information in a different form other than in a Salesforce format.  Further add, that the issue of Salesforce only arose when Plaintiff requested meeting notes it believed NIAC maintained (for a significant period of time) in its Salesforce database.  However, when it became clear that NIAC only recorded 196 meeting notes entries, the defendant changed its focus to obtaining the entier database even though such information was provided earlier in the discovery process.

Subject to the parties Confidentiality Agreement relating to safeguarding NIAC's membership information, NIAC can provide the Salesforce database information in electronic form by c.o.b. January 11, 2011.*

*Depositions*
**
*Again, this section regarding the status of depositions contains overblown detail regarding scheduling.  Clearly Defendant wants the court to pat its self-proclaimed "clean hands."*

**
For instance, the reference to NIAC having dropped its objections to Puneet Talwar's deposition.  What objections are you referring to?  *Scheduling and deposition format concerns are not objections.  So, your phrasing is unacceptable.*

What is relevant is that we have reached Mr. Safavi who advises that he can make himself available on the following dates:

-Feb. 22 beginning at 3 pm in Chicago
-Feb. 23 beginning at 3 pm in Chicago
-Feb. 24 beginning at 3 pm in Chicago
-Feb. 25, 28-Mar. 2 at an agreeable time in Washington, DC.

**
*Has NIAC really refused to produce Dr. Parsi, not Mr. Parsi as he has earned a Ph.D., for further deposition?  Since Defendant always has an email to support its position, please support this assertion.

Further, the status of some of the other items relating to Dr. Parsi's deposition is impacted upon Plaintiff's view that Defendant is seeking a complex legal opinion from Dr. Parsi.

Also, regarding Lynch, Circione & Abdi, it is Plaintiffs' position
that both Lynch and Circione were on its Initial Rule 26 Statement.
So, it is the Defendant's burden to demonstrate why it should now be
permited to depose these individuals if this is the nature of the
"discussion" alluded to in the Joint Report.

Please modify the last sentence at the top of page 6 to read:
"Plaintifs will consent to PwC's report being provided to the Court
once the parties agree upon a procedure for such report being
providing, as well as a procedure for either side to provide any
rebuttal to the PwC report."*
**
*Regarding the information in follow-up to Mr. Disney's deposition, upon
closer review of the materials provided to counsel it appears that all of
the materials were produced and reviewed after the May 2009 supplementation
cut-off date and need not be produced.  *
**
*Talebi Emails & Pugwash Subpoena*
**
Please add: "Despite its baseless request that NIAC be ordered to pay
for the PwC imaging, that Defendant has failed to provide NIAC with a
figure for the imaging Defendant initiated."

Regarding the Pugwash subpoena, NIAC will agree to enter into a
confidentiality agreement for documents solely related to Dr. Parsi's
"travel expenses to trips and meetings paid for by Pugwash."  If so
agreed to by the Defendant then the last sentence in the Pugwash
subpoena paragraph would need to be omitted.

 *Daioleslam Follow-Up*
**
Please add:  Based upon any follow-up documents produced by the
defendant, NIAC reserves its right for a brief follow-up deposition of
the defendant.
**
**
Please call me at 301.613.6343 to discuss what is above.

-Adrian

**

**

On Thu, Feb 10, 2011 at 5:56 PM, Afshin Pishevar <ap@pishevarlegal.com>wrote:

> thank you Adrian.  -AP
>
>
> On Thu, Feb 10, 2011 at 5:37 PM, Adrian Nelson <anelson@pishevarlegal.com>wrote:
>
>> Below is the draft Joint Status Report that I mentioned.
>>
>>
>> ---------- Forwarded message ----------
>> From: Kapshandy, Timothy E. <tkapshandy@sidley.com>

3

>> Date: Wed, Feb 9, 2011 at 6:06 PM
>> Subject: Joint Report Re Status of Discovery in pdf format
>> To: Adrian Nelson <anelson@pishevarlegal.com>
>> Cc: ap@pishevarlegal.com, "Jensen, Peter" <pjensen@sidley.com>, "Rogers,
>> HL" <hrogers@sidley.com>
>>
>>
>>   Adrian:
>> Here is our draft of the joint status report on discovery due Friday.
>> Please let us have your changes tomorrow so we can file early Friday
>> afternoon.  Note that there are some open spots (e.g,, the deps of
>> Cirincione, Abdi, and Lynch) pending your response to our email of Monday,
>> Feb. 7.
>>
>> Thanks,
>>
>> Tim
>>
>>
>>
>>
>> -------------------------------------------------------------------------
>> ----------
>> IRS Circular 230 Disclosure: To comply with certain U.S. Treasury
>> regulations, we inform you
>> that, unless expressly stated otherwise, any U.S. federal tax advice
>> contained in this
>> communication, including attachments, was not intended or written to be
>> used, and cannot be
>> used, by any taxpayer for the purpose of avoiding any penalties that may
>> be imposed on such
>> taxpayer by the Internal Revenue Service.  In addition, if any such tax
>> advice is used or referred
>> to by other parties in promoting, marketing or recommending any
>> partnership or other entity,
>> investment plan or arrangement, then (i) the advice should be construed as
>> written in connection
>> with the promotion or marketing by others of the transaction(s) or
>> matter(s) addressed in this
>> communication and (ii) the taxpayer should seek advice based on the
>> taxpayer's particular
>> circumstances from an independent tax advisor.
>>
>>
>> ****************************************************************************
>> *******
>> This e-mail is sent by a law firm and may contain information that is
>> privileged or confidential.
>> If you are not the intended recipient, please delete the e-mail and any
>> attachments and notify us
>> immediately.
>>
>>
>>
>> ****************************************************************************
>> *******
>>

4

```
>>
>>
>
>
> --
> Sincerely,
> A.P. Pishevar, Esq.
> Pishevar & Associates, P.C.
> Jefferson Plaza - Suite 316
> 600 E. Jefferson Street
> Rockville, MD 20852
> Tel.(301)279-8773
> www.PishevarLegal.com <http://www.pishevarlegal.com/>
>
> (((((READER BEWARE: Unencrypted, unauthenticated Internet e-mail is
> inherently insecure. Internet messages may be corrupted or incomplete, or
> may incorrectly identify the sender. ((NOTICE: Confidentiality notice: The
> unauthorized disclosure or interception of email is a federal crime; 18
> U.S.C. Sec. 2517(4). This electronic message transmission contains
> information which may be confidential or privileged. The information is
> intended solely for the recipient, and use by any other party is not
> authorized. This is not legal advice nor does this communication establish
> an attorney-client relationship. If you are not the intended recipient, be
> aware that any disclosure, copying, distribution or use of the contents of
> this information is prohibited. If you have received this electronic
> transmission in error, please immediately notify us. Thank you.))
>
>
```

5