# Exhibit "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TRITA PARSI | ) |
| | ) |
| and | ) |
| | ) |
| NATIONAL IRANIAN AMERICAN COUNCIL | ) Civil No.  08 CV 00705 (JDB) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| DAIOLESLAM SEID HASSAN | ) |
| | ) |
| Defendant. | ) |
| | ) |

TO:   A.P. Pishevar
      Adrian V. Nelson, II
      Pishevar & Associates, P.C.
      600 East Jefferson Street, Suite 316
      Rockville, Maryland 20852

**RESPONSE TO NOTICE OF TAKING DEPOSITION OF KENNETH TIMMERMAN**

**AND SUBPOENA DUCES TECUM SERVED CONCURRENTLY**

   a.      **Notice of Taking Deposition**

   Kenneth Timmerman (hereinafter "Timmerman"), objects to plaintiff's Notice of Taking

Deposition on the grounds that it was untimely served in contravention of the discovery

completion deadline in the present cause and therefore jurisdictionally deficient.  The court, in the

present cause, ordered the parties to *complete* discovery, without specification, by the date of May

13, 2011. Objection is further made on the grounds that plaintiffs failed and neglected to tender witness fees to Timmerman "for one day's attendance and the mileage allowed by law" as mandated by FRCP, Rule 45(b)(1), and further, plaintiffs on information and reasonable belief, failed to serve the notice on each party to the action FRCP, Rule 45(b)(1). Timmerman, further objects on the grounds that, assuming arguendo the jurisdictional validity of service of the notice and SDT, Timmerman is and will be unavailable for the date scheduled for deposition as plaintiffs neglected to serve Timmerman until the final day of the discovery cut-off and unilaterally selected, without consultation, an arbitrary date for the proceeding.

      **b.**    **Subpoena Duces Tecum**

Kenneth Timmerman (hereinafter "Timmerman"), objects to plaintiff's Subpoena Duces Tecum as follows:

Regarding **Request No. 1**, Timmerman objects on the grounds that the request is overbroad in scope, specifically in light of plaintiffs' own incorporated definition of the terms "documents" and "communications," and constitutes a blind exploration for information which is, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and which is invasive of Timmerman's constitutional privacy rights and journalistic work product as well as the privacy rights of third parties;

Regarding **Request No. 2**, Timmerman objects on the grounds that the request is overbroad in scope, specifically in light of plaintiffs' own incorporated definition of the terms "documents" and "communications," and constitutes a blind exploration for information which is, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and which is invasive of Timmerman's constitutional privacy rights and journalistic work product as well as the privacy rights of third parties. Objection is further made on the grounds that the request is vague,

ambiguous and unintelligible as to the intended meaning and scope of the term or phrase "[a]ll documents . . . *referencing* Seid Hassan Daioleslam, Trita Parsi, NIAC, the Progressive American Iranian Committee ("PAIC"), the American Iranian Council ("AIC"), the MEK, and/or Iranians for International Cooperation ("IIC")," thereby subjecting Timmerman to prejudice or potential prejudice by any endeavor on his part to speculate as to the true, intended and/or multiply conflicting meanings of plaintiffs' request.  Objection is further made on the grounds that the request is unduly burdensome and oppressive in that it implicates a non-party witness in a burdensome, tedious and indefinite search for documents vaguely ". . . *referencing* Seid Hassan Daioleslam, Trita Parsi, NIAC, etc."

Regarding **Request No. 3**, Timmerman objects on the grounds that the request is overbroad in scope, specifically in light of plaintiffs' own incorporated definition of the terms "documents" and "communications," and constitutes a blind exploration for information which is, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and which is invasive of Timmerman's constitutional privacy rights and journalistic work product as well as the privacy rights of third parties.  Objection is further made on the grounds that the request is vague, ambiguous and unintelligible as to the intended meaning and scope of the term or phrase "[a]ny written communications . . . *regarding* Seid Hassan Daioleslam or his articles," thereby subjecting Timmerman to prejudice or potential prejudice by any endeavor on his part to speculate as to the true, intended and/or multiply conflicting meanings of plaintiffs' request.

///

///

Objection is further made on the grounds that the request is unduly burdensome and oppressive in that it implicates a non-party witness in a burdensome, tedious and indefinite search for documents vaguely "... *regarding* Seid Hassan Daioleslam."

DATED:  May 27, 2011

By: _____
    Scott F. Craig
    9107 Wilshire Boulevard, Ste 450
    Beverly Hills, California 90210
    Counsel *Pro Hac Vice*
    for, Kenneth Timmerman

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing RESPONSE TO NOTICE OF TAKING DEPOSITION OF KENNETH TIMMERMAN AND SUBPOENA DUCES TECUM SERVED CONCURRENTLY in the above-entitled cause on attorney, Afshin Pishevar, representing the plaintiffs in this action, by email to: ap@pishevarlegal.com and by regular mail to the following address: 600 East Jefferson Street, Suite 316, Rockville, MD 20852 and on attorney Timothy S. Lapshandy of Sidley Austin, LLP , representing the defendant in this action by email to: tkapshandy@sidley.com and by regular mail to the following address: 1501 K Street, NW, Washington, D.C. 20005

DATED: May 25, 2011

_____

_____ Scott F. Craig

# Exhibit "B"

**Scott F. Craig**
**Attorney at Law**
9107 Wilshire Boulevard, Suite 450
Beverly Hills, California 90210
Telephone (310) 867-5980
email: scraiglaw@gmail.com

May 27, 2011

A.P. Pishevar
Adrian V. Nelson, II
Pishevar & Associates, P.C.
600 East Jefferson Street, Suite 316
Rockville, Maryland 20852
*email*: ap@pishevarlegal.com

Tim S. Lapshandy
Sidley Austin LLP
1501 K Street, NW
Washington, D.C. 20005
*email*: tkapshandy@sidley.com

> *Re:*    *Parsi/NIAC v. Daioleslam Seid Hassan*
>        *USDC Case No. 08 CV 00705 (JDB)*

Dear Mr. Pishevar:

This office has been retained for legal representation by Ken Timmerman regarding the above-captioned case. Mr. Timmerman has provided my office with a deposition notice and Subpoena Duces Tecum which was apparently served at his home on May 13, 2011. There are several legal deficiencies relating to the documents served on Mr. Timmerman which I would like to discuss with you after you have had the opportunity to review our formal response which is attached with this correspondence.

It is my opinion that Mr. Timmerman has been served beyond the court imposed deadline for the *completion* of discovery which constitutes an incurable jurisdictional defect. Additionally, the mandatory witness fees and mileage expenses were never tendered to Mr. Timmerman. Finally, and equally important, Mr. Timmerman will not be available on June 1, the date scheduled for his deposition as he had important commitments which pre-existed your last minute notice. As to plaintiffs' SDT, the categories of documents sought are grossly overbroad in scope and implicate a host of privacy issues relating to Mr. Timmerman, Daioleslam and potentially others.

Upon receipt of this letter and accompanying documents please contact me so that we can discuss and hopefully resolve the indicated matters.

Yours Professionally,

By: _____
Scott F. Craig

# Exhibit "C"



Scott Craig <scraiglaw@gmail.com>

# Parsi/NIAC v. Daioleslam -- Kenneth Timmerman -- May 31, 2011 Deposition !!!

**Adrian Nelson <anelson@pishevarlegal.com>**                    Tue, May 31, 2011 at 12:40 PM
To: Scott Craig <scraiglaw@gmail.com>
Cc: ap@pishevarlegal.com, Farrokh Mohammadi <fm@pishevarlegal com>, "Kapshandy, Timothy E."
<tkapshandy@sidley.com>, "Jensen, Peter" <pjensen@sidley.com>

Mr Craig:

We are in receipt of your May 27, 2011, letter regarding tomorrow's scheduled deposition of your client
Kenneth Timmerman.

Based upon your letter, we are assuming that you will not present Mr. Timmerman for deposition on tomorrow
until your Motion for *Pro Hac Vice* Admission is granted and your objections to Plaintiffs' Notice of Deposition is
resolved.

If our understanding is incorrect, please advise immediately.

Very truly yours,

Adrian V. Nelson, II

On Fri, May 27, 2011 at 8:37 PM, Scott Craig <scraiglaw@gmail.com> wrote:
   It appears that, of the documents forwarded to your office, only the Certificate of Service was forwarded.  I
   am once again forwarding the 1) letter to Pishevar dated 5/27/2011, and the Response of Timmerman to
   plaintiffs' depo notice and SDT.  If you do not receive these please contact me at your earliest convenience.
   Scott F. Craig

# Exhibit "D"



Scott Craig <scraiglaw@gmail.com>

---

# Parsi/NIAC v. Daioleslam -- Kenneth Timmerman -- May 31, 2011 Deposition !!!

**Scott Craig <scraiglaw@gmail.com>**                    **Wed, Jun 1, 2011 at 9:40 AM**
To: Adrian Nelson <anelson@pishevarlegal.com>

Your characterization is not entirely correct.  It is true that Mr. Timmerman will not be attending his deposition which you noticed for today's date June 1), but only for the reasons stated in my Response to plaintiffs' Subpoena Duces Tecum.  Mr. Timmerman was served beyond the court-ordered discovery *completion* date.  It is my understanding that the plaintiffs are fully aware of Mr. Timmerman's telephone number and address and have have had nearly nine months to contact and/or serve process on him.  He has not been avoiding service or hiding in a shed.

Additionally, Mr. Timmerman was never provided obligatory Rule 45 fees and expenses and, he had/has obligations which preceded your scheduled deposition date.

I am waiting to hear back from my client and will advise you of his intentions regarding this matter at the earliest possible date.

Thank you, Scott F. Craig.

[Quoted text hidden]

---

# Exhibit "E"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRITA PARSI | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NATIONAL IRANIAN AMERICAN COUNCIL | ) | Civil No.  08 CV 00705 (JDB) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAIOLESLAM SEID HASSAN | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DECLARATION OF KENNETH R. TIMMERMAN IN SUPPORT OF MOTION FOR ORDER QUASHING SUBPOENA, OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER – (EXHIBIT "E")

I, Kenneth R. Timmerman, declare and state as follows:

I am a citizen of the United States and currently reside in Kensington, Maryland.  I have personal knowledge of the matters asserted in this declaration and if requested to testify concerning any statement, am prepared to competently do so.

I was contacted by representatives of the plaintiffs regarding this case for the first and only time on May 12, 2011.  On that date, I received a telephone call on my office telephone, which is a publicized number, from an individual representing himself as "an officer of the District Court" who stated that he wished to serve me with a subpoena and asked for a time he could meet at my home for this purpose.

When I asked this individual on whose behalf he was serving the subpoena he advised that he could not pronounce the name, only that it "sounded Egyptian."  He then spelled out the name, "SEID HASSAN DAIOLESLAM."

-1-

At that time, I agreed to accept the subpoena.  I requested that he call in advance of coming and then agreed to meet him at my residence the following day, Friday, May 13.

When the process server arrived at my house on Friday, May 13, I noticed that the subpoena was, in fact, not issued on behalf of Mr. Daioleslam, the name given to me via telephone, but on behalf of "Trita Parsi" and the "National Iranian Council of America."

I asked the process server why he had misrepresented himself and he stated that he had made an honest mistake.  I pointed out to him that the case name appeared clearly at the top of the subpoena and asked again why he had only mentioned the defendant's, and not the plaintiff's, name which appeared first and would have been the most obvious to recite.  He acknowledged that he had misrepresented himself, apologized, but offered no further explanation.

Despite the server's misrepresentations I agreed to accept the subpoena.  I was not however, provided witness fees or mileage expenses.

The subterfuge regarding service of process in this instance was wholly unnecessary as plaintiffs' counsel, Afshin Pishevar, whose father, Abraham Pishevar, worked as a volunteer on my U.S. Senate campaign from roughly January through March 2000, has known my address and telephone number for many years.

Plaintiffs' counsel's father, Abraham Pishevar, attended several organizational meetings of campaign volunteers at my home, had numerous telephone conversations with me and memorialized our working relationship by taking photographs, both of me and the interior of my residence.  I have been informed by several Iranian friends and colleagues of mine that Abraham Pishevar presented these photos to government personnel in Iran during a subsequent visit he made to that country.

I have not changed my address or telephone number since working with Mr. Abraham Pishevar.

Quite obviously then, plaintiff's counsel Afshin Pishevar, could have served me at any time over the past 12 - 18 months, by simply calling me and making appropriate arrangements but, for reasons unknown to me, elected not to do so.  Therefore, despite the fact that my address and phone number have been known and available to plaintiffs' counsel, his office never pursued any efforts to serve or even contact me before the date of May 12, 2011.

I have never evaded or refused service of process from any party associated with this case at any time.

The plaintiffs' subpoena and notice set my deposition for the date of June 1, 2011 and requested that I produce numerous documents on that date.

Several months prior to the May 13 service of subpoena on me, I made a commitment to give a speech on behalf of a non-profit organization in Los Angeles on whose advisory board I serve.  This speech, also set for June 1, 2011, was scheduled by me well in advance of May 13.

-2-

After being served with subpoena I contacted attorney Scott F. Craig for assistance and also informed him of my professional commitment which preceded the plaintiffs' scheduled deposition date. My counsel advised me that he forwarded a letter to plaintiffs' attorney, Mr. Pishevar, dated May 27, advising that I was unavailable for deposition on June 1 and concurrently served Mr. Pishevar's office with written objections to the plaintiffs' subpoena and deposition notice on various legal grounds.

Evidently in response to my attorney's objections, the plaintiffs presented me with a witness fee check on June 2, 2011.

In addition to the previously noted commitment, I purchased an airline ticket on March 28, 2011 with a departure date of June 28 and a return date of Sept. 6, 2011.

If the court determines the plaintiffs' service on me in this matter to be proper, I would require several days after my return to locate the documents requested in the plaintiffs' subpoena. Nevertheless, the document request by the plaintiffs is very open-ended and seeks, in essence, any and all written contact I have ever had with Mr. Seid Hassan Daioleslam, without limitation, which I believe to be a gross violation of mine and his, privacy interests.

In addition to the above, I also have professional obligations scheduled for September 12, 2011. Therefore, again if the court considers service of process valid in this matter, the first date I could reasonably produce any of the requested documents would be September 13, 2011.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 1st day of July, the year, 2011, at Kensington, Maryland.

Kenneth Timmerman, Declarant

Exhibit "F"



**Scott Craig <scraiglaw@gmail.com>**

# Trita Parsi/NIAC v. Seid Hassan Daioleslam

**Scott Craig <scraiglaw@gmail.com>**
To: ap@pishevarlegal com                                                    **Thu, Jun 30, 2011 at 11:06 AM**

Dear Mr. Pishevar:

On May 13, 2011, your office defectively served my client, Ken Timmerman with an SDT and deposition notice scheduling his deposition for June 1, 2011. On May 27, I served you with written objections to the subpoena on the grounds that your server failed to tender statutory fees to Mr. Timmerman, scheduled his deposition beyond the discovery completion cut-off and, on the further ground that the SDT was overbroad and violative of Timmerman's privacy rights.

Also at that time I invited you to contact me and confer about your intentions in regard to proceeding with Mr. Timmerman's deposition. Since my invitation, I have heard nothing from your office. While your office neglected to communicate with me regarding your intentions, it did subsequently serve Mr. Timmerman with a belated witness fee check on June 2, one day beyond his scheduled deposition date. This suggests that you intend to proceed with his deposition.

As I advised you in my May 27 correspondence, Mr. Timmerman has vacation plans and professional commitments which he scheduled in advance of your deposition. We would therefore like to know whether you intend to proceed with his deposition, so that he can pursue his other scheduled commitments without unnecessary interference. **Please let me know by close of business today, June 30, via email whether your office intends to proceed with my client's deposition.**

If I have not heard from you by that time, I intend to promptly petition the court to quash and/or issue a protective order to prohibit any discovery by your office as regards Mr. Timmerman.

Thank you, Scott F. Craig

# Exhibit "G"



Scott Craig <scraiglaw@gmail.com>

# Trita Parsi/NIAC v. Seid Hassan Daioleslam

**Afshin Pishevar <ap@pishevarlegal.com>**                                  Thu, Jun 30, 2011 at 12:18 PM
To  Scott Craig <scraiglaw@gmail.com>
Cc. Adrian Nelson <anelson@pishevarlegal.com>, Farrokh Mohammed <fm@pishevarlegal.com>

Yes, we do. Please communicate with Mr Nelson on the remaining issues. I have cc'd Mr. Nelson so you have his email address.
Thank you!
-AP
--
Sincerely,
A.P. Pishevar, Esq.
Pishevar & Associates, P.C.
Jefferson Plaza - Suite 316
600 E. Jefferson Street
Rockville, MD 20852
Tel.(301)279-8773
www.PishevarLegal.com
[Quoted text hidden]
--
Sincerely,
A P. Pishevar, Esq.
Pishevar & Associates, P.C.
Jefferson Plaza - Suite 316
600 E. Jefferson Street
Rockville, MD 20852
Tel.(301)279-8773
www.PishevarLegal.com

(((((READER BEWARE: Unencrypted, unauthenticated Internet e-mail is inherently insecure  Internet messages may be corrupted or incomplete, or may incorrectly identify the sender. ((NOTICE: Confidentiality notice: The unauthorized disclosure or interception of email is a federal crime; 18 U.S.C. Sec  2517(4). This electronic message transmission contains information which may be confidential or privileged. The information is intended solely for the recipient, and use by any other party is not authorized. This is not legal advice nor does this communication establish an attorney-client relationship. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please immediately notify us. Thank you.))

# Exhibit "H"



Scott Craig <scraiglaw@gmail.com>

# Parsi/NIAC -- Deposition of Ken Timmerman

---

**Adrian Nelson <anelson@pishevarlegal.com>**                    **Thu, Jun 30, 2011 at 1:59 PM**
To: scraiglaw@gmail.com, Afshin Pishevar <ap@pishevarlegal.com>, Farrokh Mohammadi
<fm@pishevarlegal.com>

Dear Mr. Craig:

We are in receipt of your email of today's date regarding your client's deposition.  Please ensure that I am
included on all future emails. My email address is: anelson@pishevarlegal.com.

In terms of Mr. Timmerman's deposition, we do intend to go forward with that deposition on a date that is
mutually agreeable (if possible) to both this office, your client, and yourself.  We are glad to see that your
client appears willing to consent to a deposition. We are in the process of preparing a Motion to Compel his
appearance to be filed by July 8, 2011.  However, this will not be necessary if your client agrees to make
himself available.

If possible, please contact me tomorrow at 301.279.8773 to discuss scheduling.

Very truly yours,

Adrian V. Nelson, II

---

# Exhibit "I"



Scott Craig <scraiglaw@gmail.com>

---

# Parsi/NIAC v. Seid Hassan Daioleslam

**Scott Craig <scraiglaw@gmail.com>**                                    **Fri, Jul 1, 2011 at 1:50 PM**
To: anelson@pishevarlegal.com
Cc: ap@pishevarlegal com

Dear Mr. Nelson:

I have corresponded with my client, Mr Timmerman and am advised that, for the reasons enumerated in my previous letters, he is not amenable to sitting for a deposition unless or if, the court determines otherwise. Please let me know your intentions on this matter.  If you still intend to compel his deposition, I will either be required to prepare and file a protective or, oppose any prospective motion to compel on your part.

Thank you, Scott Craig

---

# Exhibit "J"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI | ) |
| | ) |
| and | ) |
| | ) |
| NATIONAL IRANIAN AMERICAN COUNCIL | )   Civil No.  08 CV 00705 (JDB) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| DAIOLESLAM SEID HASSAN | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DECLARATION OF SCOTT F. CRAIG IN SUPPORT OF MOTION FOR ORDER QUASHING SUBPOENA, OR IN THE ALTERNATIVE, FOR PROTECTIVE ORDER (EXHIBIT "J")

I, Scott F. Craig, declare and state:

I am attorney duly licensed to practice before all courts of the State of California and before all California Districts of the U.S. District Court.  I am counsel *pro hac vice*, for non-party Kenneth R. Timmerman in the present cause and have personal knowledge of the facts and statements declared herein.  If requested by the court to testify concerning any declared statement, I would be competent to do so.

Declarant herein was contacted by Kenneth R. Timmerman for legal representation proximate to his service with a subpoena duces tecum and notice of deposition which then scheduled his deposition for June 1, 2011, at the office of plaintiffs' counsel, in Rockville, MD.

On May 27, 2011, declarant timely served a "Response to Notice of Taking Deposition of Kenneth Timmerman and Subpoena Duces Tecum served Concurrently" via email and U.S. mail, on plaintiffs' counsel Afshin Pishevar, objecting to the subpoena and notice on the grounds that

-1-

plaintiffs had failed to tender fees to Mr. Timmerman contemporaneous with service of the SDT in violation of FRCP, Rule 45 (b)(1), had not merely served him, but had also noticed his deposition after May 13, which was the completion date set by the court in this matter for Timmerman's and others depositions. Objection was also made on the ground that Timmerman had a vacation scheduled for the noticed deposition date and that the records and documents sought by plaintiffs' SDT were an overbroad fishing expedition disguised as a legitimate discovery tool and violated his privacy rights as a non-party. A true and correct copy of the Response/Objection is attached to the accompanying motion as Exhibit "A."

Also on May 27, I forwarded an email to Mr. Pishevar, advising him of the bases of my motion, inviting him to contact me to discuss my objections to his SDT and deposition notice. I never received any communication from Mr. Pishevar's office in response to my letter. A true and correct copy of my May 27 email correspondence is attached to the accompanying motion as Exhibit "B."

On June 30, 2011, I forwarded another email to Messrs. Pishevar and Nelson once again advising of the bases of my objections to plaintiffs' SDT and deposition notice, and requesting that their office advise me that day whether they intended to proceed with Timmerman's deposition. I also advised that if I had not heard from them I would file a motion to quash or seek a protective order to protect my client. A true and correct copy of my June 30 email correspondence is attached to the accompanying motion as Exhibit "C."

Mr. Pishevar, ultimately responded to my email on the same date, June 30, stating that - "Yes" he intended to depose Timmerman. A true and correct copy of Pishevar's June 30 email correspondence is attached to the accompanying motion as Exhibit "D."

Attorney Adrian Nelson also forwarded an email confirming plaintiffs' intention to proceed with Timmerman's deposition, advising that he was preparing a motion to compel which would not be necessary if Timmerman consented to having his deposition taken. A true and correct copy of Nelson's June 30 email correspondence is attached to the accompanying motion as Exhibit "E."

In response, I forwarded another email the same date, June 30, advising that Timmerman was standing by his objections, however, I further advised that I would attempt to contact my client who was on vacation and communicate any change of mind to counsel. A true and correct copy of my June 30 email correspondence is attached to the accompanying motion as Exhibit "F."

On July 1, I advised Mr. Nelson via email that I had discussed the matter further with Mr. Timmerman and he was standing firm on his objections as previously served. A true and correct copy of my July 1 email correspondence is attached to the accompanying motion as Exhibit "G."

In response, Mr. Nelson advised me the same day, that his office would be filing a motion no later than July 8, to compel Mr. Timmerman's deposition. A true and correct copy of Nelson's July 1 email correspondence is attached to the accompanying motion as Exhibit "H."

Based on the response of plaintiffs' counsel, your declarant filed the instant motion to quash plaintiffs' subpoena and/or for a protective order.

I declare under penalty of perjury that the foregoing is true and correct

DATED:  July 5, 2011

By: _____

Scott F. Craig (CA Bar No. 129244,
admitted *pro hac vice*)
Scott F. Craig Law Office
9107 Wilshire Boulevard, Suite 450
Beverly Hills, California 90210
Tel: (310) 867-5980
email: scraiglaw@gmail.com
(Attorney for Kenneth R. Timmerman)

-3-

# Exhibit "K"



Scott Craig <scraiglaw@gmail.com>

# Parsi/NIAC v. Seid Hassan Daioleslam

**Adrian Nelson <anelson@pishevarlegal.com>**                  Fri, Jul 1, 2011 at 3:01 PM
To: Scott Craig <scraiglaw@gmail.com>
Cc: ap@pishevarlegal.com

Dear Mr. Craig:

Thank you for getting back to me.  NIAC will be filing a Motion to
Compel by July 8, 2011.  We will be sure to copy you on the Motion to
allow your client an opportunity to respond accordingly.

Thanks,

Adrian Nelson
[Quoted text hidden]