UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI<br><br>And<br><br>NATIONAL IRANIAN AMERICAN COUNCIL,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>DAIOLESLAM SEID HASSAN,<br><br>　　　　Defendant. | CASE NO. 08 CV 00705 (JDB) |

### DEFENDANT'S MOTION TO COMPEL DAMAGES DISCOVERY AND/OR TO STRIKE IN PART PRAYER FOR RELIEF

Defendant Seid Hassan Daioleslam ("Daioleslam"), by and through undersigned counsel, hereby moves for an order from this Court pursuant to Federal Rule of Civil Procedure 37 to compel discovery on the issue of damages or to strike portions of the Prayer For Relief asserted in Plaintiffs' complaint as described below.

Despite repeated requests from Defendant, Plaintiffs have failed to provide information required by them in order to assert the damages requested in their Prayer For Relief. First, Plaintiffs continue to seek an award of attorneys fees and costs but continue to refuse to provide any bills, time sheets, or other financial data to support their claim. Second, Plaintiff Parsi continues to seek an award of damages that would include special damages, such as lost income, yet has not provided an expert to substantiate his claim and, in fact, documents show that his

income has not suffered. Third, Plaintiff Parsi's claim to any general or presumed damages is based on alleged threats that have not come from Defendant or anyone connected with him.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 37(a) the Court may compel a discovery response when a party has failed to adequately address discovery requests. Fed.R.Civ.P 37(a). Additionally, pursuant to Federal Rule of Civil Procedure 37(c), "if a party fails to provide information . . . required by Rule 26(a) . . . the party is not allowed to use that information . . . at a hearing or at trial unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Additionally, the Court may impose other remedies, including "striking pleadings in whole or in part." *Id.* at (c)(1)(C) & 37(b)(2)(A)(iii). Rule 26(a) requires Plaintiffs to provide "a copy—or a description by category and location—of all documents . . . that the [Plaintiffs] has in its possession, custody, or control and may use to support its claims." *Id.* at 26(a)(1)(A)(ii). Because Plaintiffs have failed to provide *any* information to support portions of their Prayer For Relief, that information cannot be used at any hearing or at trial and that portion of the Complaint should be struck by this Court or the Court should compel discovery as to these damages claims.

    **A.**    **Plaintiffs Have Failed to Provide Any Information to Support their Claim for Attorney Fees and Costs: Court Should Compel Discovery and/or Strike the Prayer for Relief on Attorney Fees and Costs.**

Plaintiffs continue to ask this Court to award them attorney fees and costs in this matter. (*See* Complaint, Prayer for Relief, b, Docket No. 1). However, they steadfastly refuse to provide any information whatsoever to support the amount or existence of such fees and costs. Legal bills are "directly relevant to . . . [a] claim for attorney fees." *OFS Fitel, LLC, OFS Brightwave, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1366 (11th Cir. 2008). Thus when a party

seeks attorney fees but refuses to produce those fees when requested in discovery the Court may strike the claim. *Id.* (As the District Court Judge stated in the proceedings prior to the appeal: "[T]o say we're demanding attorney's fees as part of our damage, and we refuse to give you the bills that document what those fees are . . . I'm just mystified by that." *Id.* at 1350 (quoting District Court Judge)). This is especially the case where the party "first agree[s] to produce the responsive documents [the legal bills]" but then "produce[s] nothing at all." *Id.* at 1366-67.

Defendant has requested these bills repeatedly over the last three years. These attorney fees damages are listed on Plaintiffs' Rule 26 disclosures served February 26, 2009 and February 4, 2011. (Disclosures, Section III, Bullet K, Attached as Ex. A). After years of requests, and pressure from this Court, Plaintiffs finally agreed to produce bills showing the claimed for attorney fees if Defendant agreed that such production would only be done pursuant to a confidentiality agreement. (June 2, 2011 A. Nelson Letter, attached as Ex. B). Although Defendant was under no obligation to agree to this condition, Plaintiffs had no legal grounds to demand such a condition, and Plaintiffs are obligated to produce them without such a condition if they wish to continue to seek attorney fees and costs, Defendant agreed to this condition in order to end the stalemate. On June 8, 2011, Defendant agreed to this condition. (June 8, 2011 email, attached as Ex. C). However, on June 10, 2011, Plaintiffs reneged on their prior statement, refusing to produce the records.[1] (June 10, 2011 email from A. Nelson, attached as Ex. D). Despite Defendant agreeing to meet their unsupported demands, Plaintiffs now refuse to produce any legal bills and to date have failed to produce anything that would substantiate their claim for

---

[1] Plaintiffs have now claimed that the legal bills "would only be relevant as to punitive damages." Plaintiffs further take the position that they will only produce these bills at some later undetermined damages phase of the case. (Email from Adrian Nelson to Timothy E. Kapshandy, June 10, 2011; Ex. D). However, Plaintiffs have made separate claims for "attorneys fees and costs" and "punitive damages." (Complaint, Prayer for Relief, d & b, Docket No. 1). Further, evidence regarding a claim for attorney fees is properly produced during the discovery phase of the trial. *See, e.g.*, *OFS Fitel*, 549 F.3d at 1350. At no time has this Court indicated or have the Plaintiffs requested a bifurcated trial or discovery. Raising this the first time a month after the fifth discovery cutoff in this case is untimely.

attorney fees. The Court should compel Plaintiffs to produce these records or strike Plaintiffs' Prayer for Relief as to attorney fees.

  **B.** **Plaintiffs Have Failed to Provide Information to Support their Claim for Special Damages: Court Should Strike the Prayer for Relief on Special Damages.**

  Plaintiff Parsi also seeks special damages in the form of lost income. However, after three years, Plaintiffs have produced no evidence of such lost income and were unable to find an expert that could properly substantiate this claim. In fact, the evidence Defendant has found not only does not substantiate a claim for lost income but shows that Parsi's income has risen substantially since Defendant began writing about Plaintiffs. Parsi's claims for special damages must be supported by something more than mere conjecture or assumption. *See Robertson v. McCloskey*, 680 F. Supp. 414, 415-16 (D.D.C. 1988) (refusing to allow Plaintiff's expert to testify as to his lost future earning capacity because expert "assumed" that Plaintiff's reputation was harmed by the alleged libel); *see also Oncore Constr., LLC v. Laborer's Int'l Union ECF of N. Am.*, No. 02-1634, 2003 U.S. Dist. LEXIS 26760, at *18-19 (D.D.C. Sept. 30, 2003) (damages claims in defamation case require proof of damages to be actionable). They are not. The court should strike this section of Plaintiffs' Prayer for Relief.

  Plaintiffs proffered one potential expert witness, Joel Morse, to support NIAC's claim for lost profits.[2] However, he was not asked to address Parsi's lost income claim. Additionally, Trita Parsi's income has risen over the time period of Defendant's writings, 2007 to 2009, compared to 2002 to 2006. Parsi's income, based on tax returns, also rose from 2007 through 2009. Over this period, Parsi's wages steadily increased: in 2007 he was paid $87,683, in 2008, $88,417, and 2009, $113,341. (2002-2009 Tax Returns, attached as Ex. E). Parsi's total income has also risen during this period. In 2007, his gross income was $107,816. While this income fell slightly in

---

[2] This testimony is the subject of a separate *Daubert* motion. *See* Docket No. 92.

2008 to $104,099, it rose again in 2009 to $122,575. Thus during the period that Parsi was supposedly suffering losses from Defendant's writings, his gross income rose $18,476 and wages increased $24,924. Additionally, in 2010 Parsi won the Grawmeyer Award for his book *Treacherous Alliance: The Secret Dealings of Israel, Iran, and the U.S.*, an award that comes with $200,000 prize. (*See* www.tritaparsi.com, attached as Ex. F). Prior to 2007, the year of Defendant's first articles, Parsi never reported more than $75,000 in income. And although Plaintiffs could certainly have argued that his income would have risen more if not for the writings of Defendant, they have offered no evidence that would support such a claim. Defendant's discovery requests specifically requested production of all evidence supporting such damage claims. (*See* Defendant's Second Request for Production, Nos. 6-8, served March 3, 2009, attached as Ex. G).

In the absence of any evidence that Plaintiff Parsi suffered lost income due to Defendant and the substantial evidence that Parsi's income, in fact, rose during this period, the Court should strike Plaintiffs' Prayer for Relief as to special damages in the form of lost income.

### C.    Plaintiffs Have Failed to Provide Information to Support their Claim for General Damages: Court Should Strike the Prayer for Relief on General Damages.

Plaintiffs similarly offer little to no evidence for their claim of general damages, which they have plead only vaguely as "compensatory damages in an amount to be determined at a later time." (Complaint, Prayer For Relief, a, Docket No. 1). The only support Plaintiffs have given thus far for this claim relate to "mental anguish" suffered by Trita Parsi. Following consultation with his counsel for less than a minute during his final deposition, Parsi claimed that such damages amounted to between $100,000 and $200,000 dollars. (Deposition of Trita Parsi, May 11, 2011, pp. 219-222, attached as Ex. H). Parsi based this number on "what I think is fair." *Id.* Parsi's sole basis for this is that he suffers mental anguish from death threats. *Id.* at 223-30.

5

Upon further questioning, it turns out the only threat even potentially relevant to the Defendant came from just one person who always called with an interview of Defendant playing in the background. *Id.* at 228. Parsi has offered no other evidence or substantiation for these damages in spite of Defendant's specific discovery request for all such evidence. (*See* Defendant's Second Request for Production, served March 3, 2009, Nos. 6; attached as Ex. G). Whatever this "mental anguish" may be and regardless of who caused it, it appears *de minimis*:

> Q. With regard to your claim of mental anguish, have you sought any medical care, psychiatric, psychological, or otherwise, for your claim of mental anguish?
>
> A. I have not.
>
> (Deposition of Trita Parsi, Dec. 1, 2010, p. 26, attached as Ex. I).

Although it is true that Plaintiffs must prove that Defendant published the allegedly defamatory statement with actual malice in order to be awarded general damages and that question remains open at this point, *see Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974); *see also Dun & Bradstreet v. Greenmoss Builders*, 472 U.S. 749, 756 (1985); *Davis v. Schuchat*, 510 F.2d 731, 737 (D.C. Cir. 1975), Plaintiffs must also offer something more than gross speculation in order to plead general damages and receive anything other than a nominal award, *see, e.g., Arlie Found, Inc. v. Evening Star Newspaper Co.*, 337 F.Supp. 421, 431 (D.D.C. 1972) (citing cases).

There is nothing more than an alleged background recording of Defendant's interview on the phone of one anonymous caller to link Defendant to the general damages Parsi alleges. During Parsi's deposition he had no answer for why he singled out Defendant as the cause of this mental anguish when several other Middle East experts were writing about Parsi and his ties to the Iranian regime—such as Claire Lopez, Kenneth Timmerman, and Michael Ruben—at the

time. (*See* Parsi Dep., pp. 223-25, attached as Ex. H; *see also,* Morse Motion in Limine, pp. 12-14, Docket No. 92).

And finally, this damage claim becomes even more speculative and unfounded when it is recalled that Parsi appears to have disclaimed any damages for himself personally; rather he appears to only be seeking damages as Trita Parsi, President of NIAC, not Trita Parsi private individual (although he has still not decided for sure after three years of litigation). (*See* Parsi Dep., pp. 18-26, attached as Ex. H). Parsi could not explain how it is that he suffers this mental anguish only as NIAC President, but not as a private individual. (*See* Parsi Dep., pp. 233-34, Ex. H).

After more than three years of litigation and two and one-half years of discovery, Plaintiffs have offered nothing more than conjecture and speculation to support their claim for general damages. As such, this Court should strike the general damages sought in Plaintiffs' Prayer for Relief.

## **CONCLUSION**

For the foregoing reasons, Defendant requests this Court to compel damages discovery and/or strike the sections of Plaintiffs' Prayer for Relief discussed above.

Dated: July 8, 2011

/s/
Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
hrogers@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI <br><br> And <br><br> NATIONAL IRANIAN AMERICAN COUNCIL, <br><br> Plaintiffs, <br><br> vs. <br><br> DAIOLESLAM SEID HASSAN, <br><br> Defendant. | CASE NO. 08 CV 00705 (JDB) |

## CERTIFICATE OF SERVICE

I certify that on July 8, 2011, I served, via email, Defendant's Motion to Compel Damages Discovery and/or Strike in Part Plaintiffs' Prayer for Relief to:

Afshin Pishevar / Adrian Nelson
600 East Jefferson Street, Suite 316
Rockville, Maryland 20852
(301) 279-8773
ap@pishevarlegal.com / anelson@pishevarlegal.com

Dated: July 8, 2011

/s/
Thomas E. Ross (D.C. Bar No. 994275)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
tom.ross@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI<br><br>And<br><br>NATIONAL IRANIAN AMERICAN COUNCIL,<br><br>      Plaintiffs,<br><br>vs.<br><br>DAIOLESLAM SEID HASSAN,<br><br>      Defendant. | CASE NO. 08 CV 00705 (JDB) |

### PROPOSED ORDER

Upon consideration of Defendant Daioleslam's Motion, it is hereby:

ORDERED this ____ day of _____, 2011 that Defendant's motion to compel damages discovery and/or strike in part Plaintiffs' Prayer for Relief is GRANTED;

SO ORDERED.

                                                    Judge John D. Bates
                                                    United States District Judge

## **INDEX OF EXHIBITS TO MOTION TO STRIKE DAMAGES**

| EXHIBIT A | Rule 26 disclosures served February 26, 2009 and February 4, 2011 |
|---|---|
| EXHIBIT B | Letter from A. Nelson, in which plaintiffs agreed to produce bills showing the attorney fees if Defendant agreed that such production would only be done pursuant to a confidentiality agreement (June 2, 2011) |
| EXHIBIT C | Email in which Defendant agreed to the confidentiality agreement as a condition of production of the bills for attorney fees (June 8, 2011) |
| EXHIBIT D | June 10th portion of the email chain between Defendant and Plaintiffs regarding production of bills showing the claims for attorneys fees (combined chain of emails from June 6, 10 and 17, 2011) |
| EXHIBIT E | Trita Parsi's tax returns from 2002-2009 |
| EXHIBIT F | Announcement regarding the 2010 Grawmeyer Award for Parsi's book, *Treacherous Alliance: The Secret Dealings of Israel, Iran, and the U.S.*, from www.tritaparsi.com |
| EXHIBIT G | Defendant's Second Request for Production, served March 3, 2009 |
| EXHIBIT H | Excerpts from the deposition transcript of Trita Parsi, Vol. 3 (May 11, 2011) |
| EXHIBIT I | Excerpts from the deposition transcript of Trita Parsi, Vol. 1 (Dec. 1, 2010) |