# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI <br><br> and <br><br> NATIONAL IRANIAN AMERICAN COUNCIL <br> Plaintiffs, <br><br> v. <br><br> Seid Hassan Daioleslam, <br><br> Defendant. | Civil No. 08 CV 00705 (JDB) |

## PLAINTIFFS' INITIAL DISCLOSURES
## PURSUANT TO Fed. RULE OF CIV. Pro. 26(a)(1)

Upon presently available information, the Plaintiffs, by and through their undersigned counsel, submit the following initial Disclosures:

I. **Anticipated Individuals Witnesses:**

1. Dokhi Fassihian, dokhif@hotmail.com, (703) 864-5550

2. Marjan Ehsassi, marjanehsassi@hotmail.com

3. Alex Patico, alexpatico@aol.com , (443) 623-6219

4. Babak Talebi, babaktalebi@gmail.com , (202) 340-0408

5. Marsha Ershaghi, marsha.ershaghi@gmail.com , (310) 874-3051

6. Kamyar Molavi, kamy@wzlegal.com , (404) 664-5232

7. Reza Firoozbakht, (857) 928-7200 reza.firouzbakht@accenture.com

PISHEVAR & ASSOCIATES, P.C.
ATTORNEYS

8. Sean Jazayeri, seanj@avanade.com , (206) 790-4238.

9. Witnesses related to Legal bills / invoices and supporting affidavits as to reasonable, customary, necessary nature of the charges.

10. Witnesses related to Documents relevant to Defendant's income and assets.

11. Witnesses related to individual or entity lending aid, supporting and otherwise aiding Defendant's litigation and various dissemination campaigns.

12. Genevieve Lynch, Kenbe Foundation, glynch@kenbe.org, (212) 374-9777

13. Joe Cirincione, Ploughshares Foundation, jcirincione@ploughshares.org, (202) 481-8117

14. Anthony Richter, OSI, arichter@sorosny.org, (212) 548-0113

15. Any witnesses identified in the Pleadings or Discovery in this matter.

16. Custodians of any Business Records.

17. Any Witness listed/disclosed by Defendant.

## II. **Anticipated Documents**:

1. Persian language article by Dai distributed January 16 2007.

2. Iran's Oil Mafia, By Hassan Daioleslam, FrontPageMagazine.com, Monday, April 16, 2007.

3. Dai interview with VOA, June 2007.

4. Ayatollahs' Lobby In Washington Offering Human Rights As A Negotiating Item, Hassan Daioleslam - 7/21/2007, global politician.

5. Human Rights Travesty, By Kenneth R. Timmerman, FrontPageMagazine.com | Monday, July 23, 2007.

6. FDI alert: NIAC slanders Iranian freedom activist.

7. Pro-Ayatollahs Disinformation and Manipulation Campaign by Washington Think Tankers, Hassan Daioleslam, August 01, 2007.

PISHEVAR & ASSOCIATES, P.C.
ATTORNEYS

8. Intimidation Campaign, By Kenneth R. Timmerman.

9. FrontPageMagazine.com - 8/10/2007.

10. Congressman Kucinich Must Find a Better Role Model than Bob Ney, Hassan Daioleslam, August 23, 2007.

11. http://www.alefbe.com/articleDaei.htm by Hassan Daioleslam.

12. Creation of NIAC, by Hassan Daioleslam.

13. http://www.akhbar-rooz.com/article.jsp?essayId=11230 by Hassan Daioleslam.

14. The Iranian Lobby and the Israeli Decoy By Hassan Daioleslam October 15, 2007.

15. Event announcement by MEHR, with Mohammad Parvin and Hassan Daioleslam, Feb 2008.

16. Journalism and or Accounting and or Economic texts, treatises or scholarly articles relied upon by experts in the relevant field.

17. Legal bills / invoices and supporting affidavits as to reasonable, customary, necessary nature of the charges.

18. Documents relevant to Defendant's income and assets.

19. Documents relevant to individual or entity lending aid, supporting and otherwise aiding Defendant's litigation and various dissemination campaigns.

20. Any Documents identified in the Pleadings or Discovery.

21. Any Document listed/disclosed by Defendant.

### III.    Damages claimed:

Compensatory Damages of approximately $500,000 based on:

a) Lost members.

b) Lost membership and donation *opportunities* as a result of Daioleslam disinformation campaign.

c) Lost fundraiser opportunities (e.g. Atlanta, 2007, Fresno Sep 2008).

d) Ruining Amnesty's event in Los Angeles Feb 2008, putting a film on *youtube* with sever repercussions for NIAC's fundraising capabilities.

e) Additional security cost at all NIAC events as a result of threats against NIAC inspired by Daioleslam.

f) Noneconomic pain and suffering as a result of threats made against NIAC, NIAC staff and NIAC family, motivated by Daioleslam's writings.

g) An Expert Accountant and or CPA will be hired and identified by Plaintiffs.

h) An Expert in the Field of Journalism Standards will be hired and identified by Plaintiffs.

i) Injunctive and equitable relief.

j) Punitive Damages.

k) Attorney's Fees.


N.B.: Plaintiffs reserve the right to supplement this Disclosure as and when additional information becomes available. Discovery is proceeding and Plaintiff's are currently conducting a diligent search for all the discoverable items and any such items will be produced upon completion of the responses to discovery requests. This information is submitted without prejudice to the right to supplement as appropriate and no part of this statement is to be construed as a waiver, admission or election of rights or remedies available at law, in equity or otherwise.

Respectfully submitted,
*PISHEVAR & ASSOC., P.C.*

PISHEVAR & ASSOCIATES, P.C.
ATTORNEYS

/s/_____
A.P. Pishevar, Esquire
D.C. Bar #: 451015
Attorney for the *Plaintiffs*
600 E. Jefferson Street
Suite 316
Rockville, Maryland 20852
301/ 279-8773
ap@pishevarlegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI <br><br> and <br><br> NATIONAL IRANIAN AMERICAN COUNCIL <br> Plaintiffs, <br><br> v. <br><br> DAIOLESLAM SEID HASSAN, <br><br> Defendant. | Civil No. 08 CV 00705 (JDB) |

## PLAINTIFFS' FIRST SUPPLEMENTAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

Plaintiffs Dr. Trita Parsi and National Iranian American Council (collectively "Plaintiffs" or "NIAC"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 26 (a)(1), hereby provide their first supplement to Plaintiff's Initial Disclosures ("Plaintiffs' Supplemental Disclosures") and state as follows:

### PRELIMINARY STATEMENT

The information provided in Plaintiffs' Supplemental Disclosures is based upon information known to NIAC as of the date of these disclosures and is provided without prejudice to the disclosure, identification, or production, during the course of discovery, or at any time, of information or documents that subsequently may be discovered or determined to be relevant, or inadvertently omitted from Plaintiff's Initial and Supplemental Disclosures. NIAC expressly

reserves its right to revise, amend, and/or supplement its Initial and Supplemental Disclosures as appropriate or necessary.

No incidental or implied admissions are intended by Plaintiffs' Initial or Supplemental Disclosures. The fact that NIAC describes a document or category of documents in Plaintiffs' Initial and/or Supplemental Disclosures is not intended and should not be construed as an admission that NIAC accepts or admits the existence of any facts set forth or assumed by such documents, or that any such documents or information constitutes admissible evidence.

## INITIAL DISCLOSURES

### I.   Individuals With Information – Rule 26(a)(1)(A)

NIAC identifies the following non, expert individuals who are likely to have discoverable information that NIAC is likely to use to support its claims and damages demand in this matter, including, but not limited to:

1. Defendant Daioleslam Seid Hassan
2. Dr. Trita Parsi, NIAC, 202.386.6325
3. Jamal Abdi, NIAC, 202.386.6325
4. Joe Cirincione, Ploughshares Foundation, jcirincione@ploughshares.org, 202.481.8117
5. Kevin Cowl, NIAC, 202.386.6325
6. Patrick Disney, NIAC, 202.386.6325
7. David Elliott, NIAC, 202.386.6325
8. Genevieve Lynch, Kenbe Foundation, glynch@kenbe.org, (212) 374-9777
9. Claire Lopez
10. Michelle Moghtader
11. Alex Patico

12. Michael Rubin

13. Babak Talebi

14. Kenneth Timmerman

15. Representative(s) of NIAC's Board of Directors

16. Representative(s) of NIAC's staff

17. Any witness(es) related to legal bills/invoices and supporting affidavits as to reasonable, customary, necessary nature of the charges.

18. Any witness(es) related to documents relevant to Defendant's income and assets.

19. Any witness(es) related to individual or entity lending aid, supporting and otherwise aiding Defendant's litigation and various dissemination campaigns.

20. Any witness(es) identified in the pleadings and/or discovery in this matter.

21. Any custodian(s) of any Business Records.

22. Any witness(es) listed/disclosed by Defendant.

## II.  Documents – Rule 26(a)(1)(B)

Set forth below are categories of documents which NIAC may use to support its claims and damages demand in this case. The documents are currently available at NIAC's counsel's office, Pishevar & Associates, P.C., Jefferson Plaza, Suite 316, Rockville, Maryland 20852.

Plaintiffs reserve the right to supplement these categories of documents as new information becomes available and discovery continues. In addition to these categories of documents, NIAC reserves the right to make use of, and introduce at trial, any documents produced by the defendant, NIAC, or any third party to this action. In making these disclosures, NIAC does not waive the attorney-client privilege, the work product doctrine, or other privileges that may be applicable to the identified documents and specifically reserves and does not waive

all objections that it may have to the discovery, authenticity, relevance, or admission of the foregoing categories of documents.

1. Persian language article by Dai distributed January 16 2007.

2. Iran's Oil Mafia, By Hassan Daioleslam, FrontPageMagazine.com, Monday, April 16, 2007.

3. Dai interview with VOA, June 2007.

4. Ayatollahs' Lobby In Washington Offering Human Rights As A Negotiating Item, Hassan Daioleslam - 7/21/2007, global politician.

5. Human Rights Travesty, By Kenneth R. Timmerman, FrontPageMagazine.com | Monday, July 23, 2007.

6. FDI alert: NIAC slanders Iranian freedom activist.

7. Pro-Ayatollahs Disinformation and Manipulation Campaign by Washington Think Tankers, Hassan Daioleslam, August 01, 2007.

8. Intimidation Campaign, By Kenneth R. Timmerman.

9. FrontPageMagazine.com - 8/10/2007.

10. Congressman Kucinich Must Find a Better Role Model than Bob Ney, Hassan Daioleslam, August 23, 2007.

11. http://www.alefbe.com/articleDaei.htm by Hassan Daioleslam.

12. Creation of NIAC, by Hassan Daioleslam.

13. http://www.akhbar-rooz.com/article.jsp?essayId=11230 by Hassan Daioleslam.

14. The Iranian Lobby and the Israeli Decoy By Hassan Daioleslam October 15, 2007.

15. Event announcement by MEHR, with Mohammad Parvin and Hassan Daioleslam, Feb 2008.

16. Dai YouTube Video, http://hakemiat-e-mardom.blogspot.com/search?updated-max=2011-01-31T02%3A47%3A00%2B05%3A00&max-results=10

17. Any articles, videos and/or other item(s) published by the defendant.

18. Journalism and or Accounting and or Economic texts, treatises or scholarly articles relied upon by experts in the relevant field.

19. Legal bills / invoices and supporting affidavits as to reasonable, customary, necessary nature of the charges.

20. Documents relevant to Defendant's income and assets.

21. Documents relevant to individual or entity lending aid, supporting and otherwise aiding Defendant's litigation and various dissemination campaigns.

22. Any Documents identified and/or requested in the Pleadings or Discovery.

23. Any Document listed/disclosed by Defendant.

### III. Damages – Rule 26(a)(1)(C)

Compensatory Damages of approximately $500,000 based on:

a) Lost members.

b) Lost membership and donation *opportunities* as a result of Daioleslam disinformation campaign.

c) Lost fundraiser opportunities (e.g. Atlanta, 2007, Fresno Sep 2008).

d) Ruining Amnesty's event in Los Angeles Feb 2008, putting a film on *Youtube* with sever repercussions for NIAC's fundraising capabilities.

e) Additional security cost at all NIAC events as a result of threats against NIAC inspired by Daioleslam.

f) Noneconomic pain and suffering as a result of threats made against NIAC, NIAC staff and NIAC family, motivated by Daioleslam's writings.

g) Damages as identified in expert report of economics expert, Dr. Joel Morse. *See* Plaintiff's Expert Designation and Report.

h) Damages as identified by journalism expert, Dr. Aikat. *See* Plaintiff's Expert Designation and Report.

i) Injunctive and equitable relief.

j) Punitive Damages.

    k) Attorney's Fees.

**IV.** <u>**Insurance Agreements – Rule 26(a)(1)(D)**</u>

    1. None applicable.


        Respectfully submitted,
        *PISHEVAR & ASSOC., P.C.*

        /S/

        _____
        A.P. Pishevar, Esquire
        D.C. Bar #: 451015
        Attorney for the Plaintiffs
        600 E. Jefferson Street
        Suite 316
        Rockville, Maryland 20852
        301/ 279-8773
        ap@pishevarlegal.com