# EXHIBIT C

| | |
|---|---|
| **From:** | Kapshandy, Timothy E. |
| **Sent:** | Wednesday, June 08, 2011 12:06 PM |
| **To:** | 'Adrian Nelson' |
| **Cc:** | 'Afshin Pishevar'; 'Farrokh Mohammadi'; Jensen, Peter |
| **Subject:** | RE: Parsi/NIAC -- Today's Teleconference |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Adrian, I tried calling back but was told you were not available. Please let me know a good time to finish discussing the remaining issues in your June 2 letter.

As for the former member lists, we understand that the list of contacts contains the names of about 118 persons listed as former members. As you know at list was prepared in May 2010. If you can confirm that NIAC has no other recent lists (i.e., no such designation exists in the current Convio database) then that should resolve that issue.

As for the request that the legal invoices and payment records be covered by the confidentiality agreement, Defendant is in agreement. Please produce all of those as soon as possible as those may be covered by our anticipated damages motion.

As for the claims of privilege, we would hope you would produce the eight documents on NIAC's privilege log and permit Parsi to answer the mere question if he ever sought advice (specifically excepting the CONTENT of that advice) on the legality of his meetings with foreign officials given the comments by Judge Bates at the last two conferences. If not, please let us know by Friday as we will have to start on a motion to compel on Monday, June 13.

I look forward to your call.

Thanks,
Tim


-----Original Message-----
From: Kapshandy, Timothy E.
Sent: Monday, June 06, 2011 08:58 AM Central Standard Time
To: Adrian Nelson
Cc: Afshin Pishevar; Farrokh Mohammadi; Jensen, Peter
Subject:    RE: Parsi/NIAC -- Today's Teleconference

Adrian, I agree that it is unfortunate that you hung up while I was asking what became of the first server and whether NIAC intended to produce it. I agree that you "never stated any facts" about the server. That illustrates well the reason for the lack of discovery progress in this case. If you cannot answer questions such as if NIAC even still has the server or whether it will produce it and, if not, why not (other than NIAC believes it has complied "with both the letter and spirit of the Court's May 29 Order") it becomes clear why discovery has taking so long in the case. You appeared to be claiming that since the first server was no longer connected to the network that it was not subject to the Court's order which is why I was trying to clarify. Therefore, so that there be no confusion, please feel free to put into writing NIAC's reasons for not producing the first server/shared drive in use in May 2009 and onto which all the discovery materials were placed by staff.

1

Finally, please call me to discuss the rest of the matters raised in your letter of June 2.

Thanks,
Tim



-----Original Message-----
From: Adrian Nelson [mailto:anelson@pishevarlegal.com]
Sent: Monday, June 06, 2011 8:26 AM
To: Kapshandy, Timothy E.; Jensen, Peter
Cc: Afshin Pishevar; Farrokh Mohammadi
Subject: Parsi/NIAC -- Today's Teleconference

Tim:

This is to confirm that I found it necessary to end today's teleconference based upon your repeated refusal to stop mischaracterizing my statements to you.
In the absence of another witness to our conversation, I was uncomfortable with speaking with you further.  Accordingly, I terminated the conversation.

To be clear, as it relates to the issue of NIAC's sharded drive that was imaged by PwC, I never stated any facts relating to the current disposition of the pre-December 2009 shared drive.  I will adress that issue in writing.  Or, I will call and discuss that issue with you when another member of our litigation team is available to be involved in our telephone call.

As promised, I will provide NIAC's positions on our motion in limine, any additional membership lists (including via Convio), and supporter information by Friday at noon.

It is unfornuate that this case has once again degenerated to this point.  But, it has.

-Adrian

2