IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** ) | |
| ) | |
| and ) | |
| ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Civil No. 08 CV 00705** |
| ) | |
| **DAIOLESLAM SEID HASSAN,** ) | |
| ) | |
| ) | |
| **Defendant** ) | |
| ) | |

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE TESTIMONY
AND EVIDENCE RELATED TO PLAINTIFF'S PURPORTED LOBBYING ACTIVITY**

**COME NOW PLAINTIFFS**, Dr. Trita Parsi and the National Iranian American Council ("NIAC") (collectively "NIAC"), by and through their counsel, Afshin Pishevar, Esquire, Adrian V. Nelson, II, Esquire, and Pishevar & Associates, P.C., and state the following in support of the instant Motion in Limine to Exclude Testimony and Evidence related to or concerning Plaintiff's lobbying activities.

**I. Background**

NIAC filed a Complaint on April 25, 2008 making certain allegations in regard to a campaign by Defendants to "…disparage, defame, and harm the reputation…" of Plaintiffs. *See* Plaintiff's Complaint, ¶1. ("Plaintiffs Complaint"). During the discovery phase of this litigation Defendant has focused considerable time and effort in seeking information regarding purported lobbying activities of the Plaintiff, which activities, if any, are unrelated to the allegations stated

in the Complaint. Defendant's discovery focus is unrelated to the allegations in the Complaint and have been undertaken to simply harass, embarrass NIAC, increase litigation costs as well as delay this litigation. Further, Defendant's focus upon NIAC's purported lobbying activity would confuse the jury since it does not bear upon the allegations in the Complaint.

Accordingly, any testimony and evidence related to the purported general lobbying activities of the Plaintiff, except for lobbying on behalf of the Islamic Republic of Iran as alleged in the Complaint is irrelevant, extraneous, highly prejudicial, and unrelated to the allegations stated in the Complaint and should be excluded by granting this Motion. *See* Plaintiffs Complaint, ¶17, 18 and 34.

## II. Legal Standard

A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*. *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, (1984). Indeed, "[t]he purpose of *an in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir.1996); see also *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No.,01 Civ. 3796, 2005 WL 1026515, at *3, 2005 U.S. Dist. LEXIS 7902, at *9 (S.D.N.Y. May 2, 2005) (Leisure, J.) ("The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.").

Rule 402 of the Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible, except as otherwise provided by ... Act of Congress, [or] by these rules.... Evidence which is not relevant is not admissible." Fed. R. Evid. 402. The "standard of relevance

established by the Federal Rules of Evidence is not high." *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir.1985) (Friendly, J.). Evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is relevant. Fed. R. Evid. 401.

Under Rule 403 of the Federal Rules of Evidence, the trial court has "broad discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of confusion of the issues or if it would be needlessly cumulative." *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1193 (2d Cir.1989) (citing Fed.R.Evid. 403; *United States v. Carter*, 801 F.2d 78, 83 (2d Cir.1986); *United States v. Martinez*, 775 F.2d 31, 37 (2d Cir.1985)).

Rule 403 states that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403 also provides for the exclusion of relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Evidence is prejudicial under Rule 403 if it "involves some adverse effect ... beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir.1995).

The Court will exclude such evidence if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, advisory committee's notes. Because Rule 403 excludes relevant evidence, "it is an extraordinary remedy that must be used sparingly." *George v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990). The "district court retains broad discretion to balance the evidence's potential

prejudice ... against its probative value." *United States v. Downing*, 297 F.3d 52, 59 (2d Cir.2002).

### III. ARGUMENT

Defendant has indicated that it may seek to introduce as evidence during trial, alleged lobbying activities of NIAC beyond those specifically described in the Complaint (lobbying on behalf of the Islamic Republic of Iran). Plaintiff is and was a 501(c)(3) educational organization with a 501h election. As such, because NIAC may conduct lobbying activities according to relevant IRS regulations and applicable federal laws, references to general lobbying activities unrelated to lobbying on behalf of the Islamic Republic of Iran have no relevance to this litigation. Plaintiff believes that Defendant will seek to introduce lobbying evidence that is unrelated to lobbying on behalf of the Islamic Republic of Iran in an effort to distract the jury from the relevant issues alleged in this case.

Defendant has conducted extensive discovery concerning Plaintiffs lobbying activities in general. Discovery was requested for timeframes and materials (specifically emails, mailing lists, and calendars) unrelated to this matter with the specific intent to extensively delay these proceedings.[1] Such discovery has no relationship to issues in this litigation, serves to waste the court's time, and has caused Plaintiff to incur extensive and unnecessary legal and administrative costs. As Magistrate Judge Paul W. Grimm observed in his recent opinion, *Mancia v. Mayflower Textile Services. Co.* 253 F.R.D. 354 (D. Md. 2008), Rule 26(g) was enacted "to eliminate one of the most prevalent of all discovery abuses: kneejerk discovery requests served without consideration of cost or burden to the responding party." *Id*. at 358.

---

[1] Defendant's effort at a "fishing expedition" relating to NIAC's general purported lobbying activities is evidenced by an email from Defendant's counsel requesting an opportunity to speak with a former NIAC intern regarding NIAC's alleged general lobby activity. (*See* Exhibit "D," May 28,2009 email from Elisa K. Jillson, Esquire.)

In addition, Defendant has conducted a "fishing expedition" and expanded discovery to *all activities* of Plaintiff related to Iran which have no bearing on nor are related to the main issue in this case – whether the defendant's statements about Dr. Parsi and NIAC being a lobby for the Iranian Republic – are defamatory.   Three (3) discovery transcripts confirm the extent to which the defendant has been focused upon its "fishing expedition" relating to NIAC's alleged general lobbying activity, including, but not limited to:

- During the deposition of Dr. Trita Parsi, NIAC's President, the defendant exhaustively focused upon the terms and subjects of  "lobby" activity, "lobbying", and "lobbyist" approximately 200 times on day two of Dr. Parsi's deposition without any significant tie to activity on behalf of the Iranian Republic. (*See* Attached Exhibit "A", Deposition of Dr. Trita Parsi dated December 2, 2010, Volume, II, Index, p. 350.)

- Likewise during the deposition of Mr. Patrick Disney, NIAC's former Legislative Director, the defendant similarly focused upon "lobby," "lobbying", and "lobbyist" approximately 200 times.  (*See* Attached Exhibit "B", Deposition of Patrick Disney dated October 29, 2010, Index, p. 267.)  Again, there was no nexus with the notion of lobbying on behalf of the Iranian Republic;

- Further, the exchange regarding NIAC's purported lobbying activity that took place between Timothy Kapshandy, Esquire, counsel for the defendant, and David Wilson, Esquire, the personal attorney retained by Emily Blout, NIAC's former Legislative Director, encapsulates the need for relief sought in Plaintiff's Motion in Limine.  As attorney Wilson noticed, the defendant continues to focus exhaustively upon NIAC's permissible "legislative" activity with the U.S. Congress, as opposed to attempting to prove the truth of the defamatory claim made by the defendant that NIAC was engaged in "lobbying" on behalf of the Iranian Republic.

    Kapshandy:  Did Babak Talebi have any involvement in lobbying issues at NIAC?

    Nelson:  Objection. Foundation.

    Wilson: If you know, you can answer.

    Blout:  I don't know.

>Kapshandy: Well, you were legislative director at one point in time at NIAC, correct?
>
>Blout:  Correct
>
>Kapshandy:  Did you interact – interface with Mr. Talebi on any lobbying issues?  And by lobbying issues, I mean meeting with members of Congress or their staff on various issues of interest to the Iranian-American community?
>
>Wilson: Objection to the form of the question.  I don't think that's the accurate description of lobbying.  If you want to ask her about legislative activity, maybe that would be more appropriate.
>
>Nelson: Objection.
>
>Kapshandy: That's fair. Did you have any interaction with Mr. Talebi with regard to legislative activity while you were both at NIAC?
>
>Witness: Can you clarify what legislative activity means?
>
>Kapshandy: Meeting with members of Congress and staff.

(*See* Attached Exhibit "C", Deposition of Emily Blout dated September 1, 2010, pp. 29:11-30:16.)  Clearly, Defendant equates legislative activity with alleged lobbying activity, and more importantly fails to glean that legislative or purported lobbying activity by Plaintiffs not undertaken on behalf of the Iranian Republic is irrelevant to the claims herein.

NIAC contends that its public lobbying activities are in compliance with all applicable IRS regulations and the Lobbying Disclosure Act ("LDA").  The LDA permits public lobbying activities related the mass distribution of materials.  For example, the mass public distribution of talking points is not a lobbying activity under the LDA.  Also, the publication of an article for public view would not be considered lobbying unless it called for the recipient to take specific action.  Defendant has also conducted discovery on many general operational activities of Plaintiffs that are unrelated to lobbying and to the allegations in the Complaint.

Furthermore, the defense has made public statements attempting to refocus the issues in this case from the allegations in the Complaint to whether the Plaintiff is a lobbying organization or not. Defendant's counsel is a global law firm with offices in more than fifteen cities and more than 1700 lawyers while Plaintiff's counsel consists of a few lawyers and support staff. Defendant's large firm with annual revenues exceeding $1.4 Billion has used its extensive resources to overburden Plaintiff with excessive and burdensome discovery requests which far exceed the scope of this litigation. Defendant has consistently broadened its scope of discovery continuously resulting in a "moving the goal post" scenario whereby Defendant's discovery requirements are never met. A court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote efficient resolution of a case. *See* Fed.R.Civ.P. 26(c); *Brennan v. Local Union No. 639,* 494 F.2d 1092, 1100 (D.C.Cir. 1974).

This extraneous and unrelated lobbying evidence as well as other evidence concerning NIAC's general operational activities is not relevant or necessary for the jury to make the determination as to whether the Defendant made the defamatory statements alleged in the Complaint. Even if this Court were to find that this evidence was relevant, its prejudice far outweighs its probative value. The danger of this evidence is that the jury may award reduced damages, because it does not believe that NIAC continues to be a non-profit operation when in fact the opposite is true. In addition, such extraneous evidence would only cause confusion and uncertainty in the minds of the jurors.

Accordingly, Plaintiff requests an order that Defendant is precluded from offering or seeking evidence of the activities and operations of Plaintiffs concerning any lobbying activities other than directly related to lobbying on behalf of the Islamic Republic of Iran.

- 8 -

                Respectfully submitted,


                _____/S/_____
                A.P. Pishevar (D.C. Bar No. 451015)
                Adrian V. Nelson, II (*Pro Hac Vice*)
                **PISHEVAR & ASSOCIATES, P.C.**
                600 East Jefferson Street, Suite 316
                Rockville, Maryland 20852
                (301) 279 – 8773
                (301) 279 – 7347 Fax
                Counsel for the Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| TRITA PARSI, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08 CV 00705 (JDB) |
| ) | |
| DAIOLESLAM SEID HASSAN, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I certify that on July 8, 2011, I served, via email, Plaintiff's Motion in Limine to Exclude Testimony and Evidence Related to or Concerning Plaintiff's Purported Lobbying Activity by Defendant to:

> Timothy E. Kapshandy, Esquire
> Peter G. Jensen, Esquire
> SIDLEY AUSTIN LLP
> 1501 K Street, N.W.
> Washington, D.C. 20005
> (202) 736-8000
> tkapshandy@sidley.com
>
> Attorneys for Defendant
> Seid Hassan Daioleslam

>                    /s/
> Afshin Pishevar
> Adrian Nelson
> 600 East Jefferson Street
> Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com
> anelson@pishevarlegal.com
>
>
> Attorneys for Plaintiff
> Trita Parsi
> National Iranian American Council