# EXHIBIT E

**Scott F. Craig**
Attorney at Law
9107 Wilshire Boulevard, Suite 450
Beverly Hills, California 90210
Telephone (310) 867-5980
email: scraiglaw@gmail.com

May 27, 2011

A.P. Pishevar
Adrian V. Nelson, II
Pishevar & Associates, P.C.
600 East Jefferson Street, Suite 316
Rockville, Maryland 20852
*email*: ap@pishevarlegal.com

Tim S. Lapshandy
Sidley Austin LLP
1501 K Street, NW
Washington, D.C. 20005
*email*: tkapshandy@sidley.com

    *Re*:   *Parsi/NIAC v. Daioleslam Seid Hassan*
           *USDC Case No. 08 CV 00705 (JDB)*

Dear Mr. Pishevar:

    This office has been retained for legal representation by Ken Timmerman regarding the above-captioned case. Mr. Timmerman has provided my office with a deposition notice and Subpoena Duces Tecum which was apparently served at his home on May 13, 2011. There are several legal deficiencies relating to the documents served on Mr. Timmerman which I would like to discuss with you after you have had the opportunity to review our formal response which is attached with this correspondence.

    It is my opinion that Mr. Timmerman has been served beyond the court imposed deadline for the *completion* of discovery which constitutes an incurable jurisdictional defect. Additionally, the mandatory witness fees and mileage expenses were never tendered to Mr. Timmerman. Finally, and equally important, Mr. Timmerman will not be available on June 1, the date scheduled for his deposition as he had important commitments which pre-existed your last minute notice. As to plaintiffs' SDT, the categories of documents sought are grossly overbroad in scope and implicate a host of privacy issues relating to Mr. Timmerman, Daioleslam and potentially others.

    Upon receipt of this letter and accompanying documents please contact me so that we can discuss and hopefully resolve the indicated matters.

                                                  Yours Professionally,

                                                  By:_____
                                                      Scott F. Craig

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI <br><br> and <br><br> NATIONAL IRANIAN AMERICAN COUNCIL <br><br> Plaintiffs, <br><br> v. <br><br> DAIOLESLAM SEID HASSAN <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil No. 08 CV 00705 (JDB) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

TO:  A.P. Pishevar
     Adrian V. Nelson, II
     Pishevar & Associates, P.C.
     600 East Jefferson Street, Suite 316
     Rockville, Maryland 20852

### RESPONSE TO NOTICE OF TAKING DEPOSITION OF KENNETH TIMMERMAN

### AND SUBPOENA DUCES TECUM SERVED CONCURRENTLY

**a.     Notice of Taking Deposition**

Kenneth Timmerman (hereinafter "Timmerman"), objects to plaintiff's Notice of Taking Deposition on the grounds that it was untimely served in contravention of the discovery completion deadline in the present cause and therefore jurisdictionally deficient. The court, in the present cause, ordered the parties to *complete* discovery, without specification, by the date of May

-1-

13, 2011. Objection is further made on the grounds that plaintiffs failed and neglected to tender witness fees to Timmerman "for one day's attendance and the mileage allowed by law" as mandated by FRCP, Rule 45(b)(1), and further, plaintiffs on information and reasonable belief, failed to serve the notice on each party to the action FRCP, Rule 45(b)(1). Timmerman, further objects on the grounds that, assuming arguendo the jurisdictional validity of service of the notice and SDT, Timmerman is and will be unavailable for the date scheduled for deposition as plaintiffs neglected to serve Timmerman until the final day of the discovery cut-off and unilaterally selected, without consultation, an arbitrary date for the proceeding.

**b.     Subpoena Duces Tecum**

Kenneth Timmerman (hereinafter "Timmerman"), objects to plaintiff's Subpoena Duces Tecum as follows:

Regarding **Request No. 1**, Timmerman objects on the grounds that the request is overbroad in scope, specifically in light of plaintiffs' own incorporated definition of the terms "documents" and "communications," and constitutes a blind exploration for information which is, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and which is invasive of Timmerman's constitutional privacy rights and journalistic work product as well as the privacy rights of third parties;

Regarding **Request No. 2**, Timmerman objects on the grounds that the request is overbroad in scope, specifically in light of plaintiffs' own incorporated definition of the terms "documents" and "communications," and constitutes a blind exploration for information which is, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and which is invasive of Timmerman's constitutional privacy rights and journalistic work product as well as the privacy rights of third parties. Objection is further made on the grounds that the request is vague,

-2-

ambiguous and unintelligible as to the intended meaning and scope of the term or phrase "[a]ll documents . . . *referencing* Seid Hassan Daioleslam, Trita Parsi, NIAC, the Progressive American Iranian Committee ("PAIC"), the American Iranian Council ("AIC"), the MEK, and/or Iranians for International Cooperation ("IIC")," thereby subjecting Timmerman to prejudice or potential prejudice by any endeavor on his part to speculate as to the true, intended and/or multiply conflicting meanings of plaintiffs' request. Objection is further made on the grounds that the request is unduly burdensome and oppressive in that it implicates a non-party witness in a burdensome, tedious and indefinite search for documents vaguely ". . . *referencing* Seid Hassan Daioleslam, Trita Parsi, NIAC, etc."

Regarding **Request No. 3**, Timmerman objects on the grounds that the request is overbroad in scope, specifically in light of plaintiffs' own incorporated definition of the terms "documents" and "communications," and constitutes a blind exploration for information which is, neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and which is invasive of Timmerman's constitutional privacy rights and journalistic work product as well as the privacy rights of third parties. Objection is further made on the grounds that the request is vague, ambiguous and unintelligible as to the intended meaning and scope of the term or phrase "[a]ny written communications . . . *regarding* Seid Hassan Daioleslam or his articles," thereby subjecting Timmerman to prejudice or potential prejudice by any endeavor on his part to speculate as to the true, intended and/or multiply conflicting meanings of plaintiffs' request.

///

///

Objection is further made on the grounds that the request is unduly burdensome and oppressive in that it implicates a non-party witness in a burdensome, tedious and indefinite search for documents vaguely "... *regarding* Seid Hassan Daioleslam."

DATED: May 27, 2011

By: _____
Scott F. Craig
9107 Wilshire Boulevard, Ste 450
Beverly Hills, California 90210
Counsel *Pro Hac Vice*
for, Kenneth Timmerman

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing RESPONSE TO NOTICE OF TAKING DEPOSITION OF KENNETH TIMMERMAN AND SUBPOENA DUCES TECUM SERVED CONCURRENTLY in the above-entitled cause on attorney, Afshin Pishevar, representing the plaintiffs in this action, by email to: ap@pishevarlegal.com and by regular mail to the following address: 600 East Jefferson Street, Suite 316, Rockville, MD 20852 and on attorney Timothy S. Lapshandy of Sidley Austin, LLP., representing the defendant in this action by email to: tkapshandy@sidley.com and by regular mail to the following address: 1501 K Street, NW, Washington, D.C. 20005.

DATED: May 27, 2011

_____
Scott F. Craig

Scott F. Craig
Attorney at Law
9107 Wilshire Boulevard, Suite 450
Beverly Hills, California 90210

U.S. POSTAGE
PAID
LOS ANGELES, CA
90049
MAY 27, 11
AMOUNT
$0.44
0006527110

20852

A.P. Pishevar
Adrian V. Nelson, II
Pishevar & Associates, P.C.
600 East Jefferson Street, Suite 316
Rockville, Maryland 20852