# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRITA PARSI and NATIONAL
IRANIAN AMERICAN COUNCIL,

Plaintiffs,

v.

DAIOLESLAM SEID HASSAN,

Defendant.

Civil Action No. 08-705 (JDB)

## ORDER

Pursuant to the discovery hearing held with the Court on March 4, 2011, and upon consideration of [89], [90], [91] the parties' proposed orders regarding the resolution of remaining discovery disputes, and the entire record herein, it is hereby **ORDERED** as follows:

1. With respect to the supplementation of discovery responses served by the parties in May 2009, the parties are under no obligation to systematically review their files and/or electronic media created after May 2009 for responsive documents. However, documents created after May 2009 may be discoverable; for example, if they are relevant to the issue of damages or to the parties' allegations of discovery abuse. Hence, the parties may not object to specific requests for production on the ground that the requested materials were created after May 2009. Moreover, consistent with Fed. R. Civ. P. 26(e)(1), the parties are obligated to supplement their May 2009 document productions if they become aware of (1) responsive documents in their possession that were created after May 2009, or (2) responsive

-1-

       documents in their possession that were created prior to May 2009 but not previously produced.

2.   Plaintiffs shall produce all documents related to their compliance with lobbying laws that were mentioned during Patrick Disney's deposition (including the CLIPI materials, intern research, law firm memoranda, and packet from legal experts), by not later than April 6, 2011, or produce a privilege log by that date specifying the ground(s) on which such documents are being withheld. Plaintiffs shall also certify in writing by not later than April 6, 2011 that they have, to the best of their knowledge, either produced or referenced in the privilege log all documents pertaining to their compliance with lobbying laws.

3.   Plaintiffs shall provide defendant with possible dates for the follow-up depositions of Samuel Gardiner and Trita Parsi by not later than April 6, 2011. Defendant shall provide plaintiffs with possible dates for his follow-up deposition by not later than April 6, 2011. All follow-up depositions shall be completed by not later than May 13, 2011. The depositions of Parsi and defendant shall last no longer than three and a half (3.5) hours; all other follow-up depositions shall last no longer than thirty (30) minutes. The parties shall produce all documents to be used during any follow-up deposition at least three (3) business days prior to the date of the follow-up deposition. With respect to Parsi's follow-up deposition, Parsi shall be prepared to answer questions regarding the specific damages that he claims, or he will be barred from seeking such damages at trial.

4.   Plaintiffs shall complete the initial depositions of Michael Rubin, Ken

Timmerman, and Claire Lopez by not later than May 13, 2011, or they will be precluded from calling these witnesses at trial.

5. With respect to the NIAC server containing NIAC's Outlook calendar entries that this Court ordered be produced in July 2010 for forensic imaging by PricewaterhouseCoopers ("PwC"), plaintiffs shall produce this server (or "shared drive") by not later than April 6, 2011. If no such server or "shared drive" is produced by that date, plaintiffs shall instead produce by not later than April 8, 2011 the four (4) individual computers ("CPUs") identified by defendant that plaintiffs previously failed to produce, as well as the desktop that Parsi used in 2008. PwC may then conduct forensic imaging of NIAC's server or the five (5) computers. PwC's forensic analysis shall be limited to NIAC's Outlook calendar entries, as specified in this Court's July 2010 Order. Plaintiffs shall <u>not</u> be required to re-submit the hard drives of any machines that were previously produced and imaged by PwC. Defendant shall bear the cost of any additional forensic analysis by PwC; therefore, defendant may elect to forego this forensic analysis (and relieve plaintiffs of their production obligations), if defendant so chooses. If, however, defendant does elect to proceed with additional PwC forensic imaging, and if he believes that the additional forensic analysis shows that discoverable calendar entries were omitted from previous productions, or that inappropriate edits were made to such entries, he may seek to recover the costs of the additional forensic analysis from plaintiffs. Any reports produced by PwC should only be submitted to the Court in support or defense of a simultaneously-

filed motion.

6. Regarding the "Salesforce" meeting notes and membership lists previously produced, plaintiffs shall produce the codes needed to translate all data fields of these notes and lists into readable English by not later than April 6, 2011, unless plaintiffs demonstrate by that date that they are unable to produce such codes. Plaintiffs shall also produce NIAC's entire membership list in Convio (and all incorporated data fields), in a readable, uncoded form by not later than April 6, 2011. The membership list should be current as of the date that it is produced.

7. With respect to the subpoena served by defendant on the Pugwash Conference (and not objected to by plaintiffs), if the parties and Pugwash have not reached a confidentiality agreement as to the requested documents by April 6, 2011, Pugwash must provide the documents to the Court for *in camera* review by not later than April 8, 2011. If the Court determines that the documents contain material relevant to this case and should be produced to the parties, it will order that the documents be produced in a manner designed to preserve Pugwash's interest in their confidentiality.

8. On March 21, 2011, plaintiffs provided the Court with a CD containing the non-responsive e-mails relating to Babak Talebi for the Court's *in camera* inspection. However, the Court was unable to open the .pst file on the CD, and received a message indicating that it did "not have permission to access the file D:\Non-Responsive Talebi Emails.pst." Therefore, by not later than April 6, 2011, plaintiffs shall provide the Court with the 5,500 Talebi e-mails claimed to be non-

responsive in a new manner accessible by the Court. Plaintiffs shall also file a Notice of *in camera* Filing on the ECF docket when they produce the e-mails to the Court in an accessible form. To the extent that plaintiffs discover any Talebi e-mails not previously produced that are responsive, they shall produce these e-mails by not later than April 6, 2011. Should the Court determine, based on its *in camera* review of plaintiffs' submission, that plaintiffs have withheld responsive e-mails relating to Talebi, it will, at a minimum, order that the e-mails be produced.

9. A status conference is hereby scheduled for June 3, 2011, at 9:00 AM in Courtroom 8.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: March 29, 2011

-5-