IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI <br><br> and <br><br> NATIONAL IRANIAN AMERICAN COUNCIL <br><br> Plaintiffs, <br><br> v. <br><br> DAIOLESLAM SEID HASSAN <br><br> Defendant. | Civil No.  08 CV 00705 (JDB) |

**REPLY BRIEF TO PLAINTIFFS' OPPOSITION TO MOTION OF NON-PARTY KENNETH R. TIMMERMAN TO QUASH PLAINTIFFS' SUBPOENA, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

These papers respond to the combined opposition and reply papers of the plaintiffs' to non-party Kenneth Timmerman's motion to quash and/or for issuance of a protective order.

While plaintiffs' opposition papers, like their motion to compel, have produced much sound, fury and pop in narrating the journalistic activities of Mr. Timmerman, there is a profound emptiness in addressing the glaring jurisdictional problem caused by their improper and delinquent service of process on the very witness which they represent to be a co-conspirator of the defendant. Suggesting that the court's order requiring the completion of Timmerman's deposition by May 13 was not intended to be binding on the parties, plaintiffs skirt a jurisdictional problem entirely of their own making by stating that the court has previously rescheduled the discovery calendar in the case and suggesting it should do so once more to rescue them from their problematic service.

Plaintiffs have recited their heroic efforts to serve the wily and evasive Timmerman with a subpoena and deposition notice - in a word their alleged "due diligence" in attempting to bring him

-1-

under the court's jurisdiction. However, they have presented neither due diligence nor good cause to support their disingenuous argument that Timmerman evaded, *or even attempted to evade*, service in this case. Plaintiffs' own exhibits unequivocally demonstrate that they have been dilatory in effectuating service on Timmerman by waiting until the close of discovery and further, that Timmerman made no attempt to evade service, at any time.

Plaintiffs' conduct in regard to Timmerman is not innocent. They have kept a non-party with no personal or financial interest in the case on the ropes for over 1½ years for no apparent purpose other than harassment when he has been available for deposition since the pendency of this case.

      a.      **January 2010 Service of Process on Timmerman.**

On January 5, 2010, NIAC successfully served a subpoena on Timmerman *with no difficulty and without evasion of any kind by Timmerman* at the latter's residence located at 10310 Freeman Place, Kensington, MD.

Plaintiff's Exhibit "A," the Affidavit of Service submitted by Constantine McCoy, affirms that the service of process on Timmerman was routine and unproblematic.

> "Received by PRIORITY PROCESS to be served on KEN TIMMERMAN, 10310 Freeman Place, Kensington, Maryland 20895.
>
> I, Constantine McCoy, being duly sworn, depose and say that on the 5th day of January, 2010 at 5:35 pm, I:
>
> Individually served the within named person with a true copy of the SUBPOENA IN A CIVIL ACTION with the date and hour endorsed thereon by me, pursuant to state statutes."

      b.      **January 2011 Attempt to Serve Timmerman with no Request for Court Intervention.**

Plaintiffs next claim that, following the January 2010 service of subpoena on Timmerman, they entered into negotiations with his then acting counsel, Reed Rubinstein, in an effort to reach agreement regarding the scope of requested documents from Timmerman. Plaintiffs explain:

> "The parties never reached an agreement about the payment of Timmerman's counsel fees nor the scope of the documents to be provided by Timmerman. As a result, neither the document production nor Timmerman's deposition took place at that time."

Plaintiffs' suggest that these ultimately unsuccessful "negotiations" were the cause of their delay in resuming efforts to serve Timmerman with subpoena. However, for an entire year from January 2010 to January 2011 during which Timmerman continued to reside at 10310 Freeman Place, Kensington, MD, plaintiffs never moved the court to compel Timmerman to produce

documents or attend his deposition and, instead, waited until May 13, 2011 after the court's deadline for completing his deposition had expired, to serve him a second time.

      c.      **March 13, 2011 Service of Process Beyond Discovery Cut-off.**

Perhaps unmindful of their previous fabrications, plaintiffs state that after failing to serve Timmerman in January of 2011, "NIAC retained a different and more aggressive process server in the hope that it will yield a different result." Yet this "*different and more aggressive process server*" was none other than the very same "Constantine McCoy," who knew exactly where Timmerman resided - having served him without incident a year earlier. Plaintiffs' sequential Exhibit "C" clearly shows that Constantine McCoy "successfully served" Timmerman, again *without interference and, at the same address* (10310 Freeman Place, Kensington, Maryland), on March 13, 2011.

Plaintiffs' January 2011, Affidavit of Non-Service of Constantine McCoy (Exh. "C") is an embroidered tale of how Mr. McCoy, went through labyrinthian efforts to serve a person whose address he knew and who never evaded process, but who had become inexplicably impossible to serve. When plaintiffs' process server finally telephoned him on May 12, Timmerman did not attempt to evade service. On the contrary, he made arrangements to meet the server at his (Timmerman's) residence and accept the documents - the same address he lived at when he ran for U.S. Senate, the same address where he was served with subpoena in January 2010 by the same process server and the same address at which he has resided before the present suit was filed and at which he still resides.

Evidently, after a year of experience with serving (or "attempting" to serve) Timmerman, plaintiffs ultimately failed to effectuate valid service by first failing to tender witness fees and mileage expenses, and later, on June 2, providing a check for fees a day *after* his noticed deposition was to have occurred. As previously stated, the failure to concurrently tender witness and mileage fees to a non-party, renders the subpoena, invalid. (See, *Tedder v. Odel*, 890 F.2d. 210 (C.A.9 1989); *In re Stratosphere Corp. Securities Litigation*, 183 F.R.D. 684, 687 (D. Nev. 1999); *CF & I Steel Corp. v. Mitsui & Co.*, 713 F.2d. 494, 496 (C.A. 9 1983); *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683 (D. Kansas 1995).

Plaintiffs continue to bray about Timmerman's "neo-conservative" articles, his intimate connection to the defendant, etc. ad nauseam, without once addressing the fact that their service is, per FRCP, Rule 45, jurisdictionally deficient. Nor have plaintiffs asked for relief from the court's order or Rule 45. They have simply ridden roughshod over a discovery order by moving the court (on the final day for bringing motions in the case) to compel attendance of a non-party who, owing to their plainly defective process service, is not at this time under the court's jurisdiction.

The only genuine basis for relieving plaintiffs from their failure to serve Timmerman with process timely and properly would be on a showing of due diligence or good cause. However, as is clearly evident from their own papers in this case, they have demonstrated neither.

     For this reason, Timmerman reiterates his request for an order quashing plaintiffs' subpoena, or in the alternative, for a protective order issued pursuant to Rule 26 c) precluding plaintiffs from proceeding with any pre-trial discovery in regard to Mr. Timmerman. Timmerman further requests an award of fees and costs as sanctions incurred in preparing a motion to quash subpoena, etc. and/or similarly incurred for opposing plaintiffs' motion to compel, as the court deems appropriate.

DATED: July 25, 2011

By: _____
Scott F. Craig (CA Bar No. 129244,
admitted *pro hac vice*)
Scott F. Craig Law Office
9107 Wilshire Boulevard, Suite 450
Beverly Hills, California 90210
Tel: (310) 867-5980
email: scraiglaw@gmail.com
(Attorney for, Kenneth R. Timmerman)