IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI <br><br> and <br><br> NATIONAL IRANIAN AMERICAN COUNCIL <br><br> Plaintiffs, <br><br> v. <br><br> DAIOLESLAM SEID HASSAN, <br><br> Defendant | Civil No. 08 CV 00705 |

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
## IN OPPOSITION TO
## DEFENDANT'S MOTION TO COMPEL DAMAGES DISCOVERY
## AND/OR TO STRIKE IN PART PRAYER FOR RELIEF

COME NOW Plaintiffs, Dr. Trita Parsi and the National Iranian American Council ("NIAC") (collectively "NIAC"), by and through their counsel, Afshin Pishevar, Esquire, Adrian V. Nelson, II, Esquire, and Pishevar & Associates, P.C., both in opposition to Defendant's Motion to Compel Damages Discovery and/or to Strike in Part Prayer for Relief, and states as follows:

### I.  BACKGROUND

On April 25, 2008, the National Iranian American Council (hereinafter "NIAC") and its president, Dr. Trita Parsi (hereinafter "Dr. Parsi") (hereinafter collectively "Plaintiffs" or "the plaintiffs"), filed a three (3) count Complaint against Seid Hassan Daioleslam. In Count I of the Complaint, Dr. Parsi alleges that he has been defamed by the defendant's written and oral

Case 1:08-cv-00705-JDB   Document 127   Filed 08/01/11   Page 2 of 7

statements which were published via the internet, radio broadcasts, television broadcasts, and Voice of America broadcasts, as well as at events held open to the public. (*See* Complaint, ¶¶ 13-16.) Dr. Parsi alleges that the defamatory statements include, but are not limited to, the defendant's claim that Dr. Parsi is a member of a subversive and illegal Iranian lobby that engages in such activities with the sanction, direction, and blessing of the Islamic Republic of Iran. (*See* Complaint, ¶¶ 13-16., Docket entry no. 1) Dr. Parsi claims that the defendant's defamatory statements were made knowingly and with reckless disregard for the truth, or in the alternative said statements were negligently made. (*See* Complaint, ¶¶ 13-16.) In Count II of the Complaint, Dr. Parsi further alleges that the defendant publicized facts about Dr. Parsi that placed him in a false light, including, but not limited to, that he has been involved in subversive lobbying activities in collusion with the Islamic Republic of Iran. (*See* Complaint, ¶¶ 26-29.) Lastly, in Count III of the Complaint, NIAC alleges that the defendant made false and defamatory statements about the organization including, but not limited to, the defendant's claim that NIAC is an extension of the Islamic Republic of Iran and engages in illegal and subversive lobbying on behalf of a foreign republic. (*See* Complaint, ¶¶ 35-39.) NIAC alleges that these defamatory statements were made by the defendant via written and oral statements which were published via the internet, radio broadcasts, television broadcasts, and Voice of America broadcasts, as well as at events held open to the public. (*See* Complaint, ¶¶ 36-39.)

Both Dr. Parsi and NIAC are seeking both compensatory and punitive damages, injunctive relief, attorneys' fees, costs, and any other relief the Court deems appropriate. (*See* Complaint, p. 9.)

## II. AUTHORITY AND ARGUMENT

Generally, a successful defamation plaintiff can recover three types of damages — nominal, compensatory or punitive. Compensatory damages, the type at issue here, may be further subdivided into general and special damages. General damages compensate a plaintiff for harm to his reputation or emotional well-being. *See* Restatement (Second) of Torts § 621 comment a (1977). Special damages, on the other hand, are awarded for losses of an economic or pecuniary nature. *See id.* § 575 comment b.

At common law, general damages can be "presumed" in a case of defamation *per se*: that is, they could be awarded without any proof of actual injury to the plaintiff. *See Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 760-61 (1985). Moreover, in *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974), the Supreme Court restricted a libel plaintiff's ability to recover presumed damages and held that they could only be recovered upon "a showing of knowledge of falsity or reckless disregard for the truth." *Id.* at 349. Thus, pursuant to common law, a presumption of harm is permissible with respect to general damages, not special damages. *See Robertson v. McCloskey,* 680 F. Supp. 414, 415-16 (D.D.C 1998)

### A. The History of the Defendant's Conduct With Respect to Disseminating Discovery Materials Is the Justification for Plaintiffs' Reticence For Producing Their Legal Fee Bills to Defendant.

By Order dated November 16, 2009, this Court denied Plaintiffs' request for an emergency protective order requesting that the defendant be prohibited from disseminating discovery materials in this case. *(See* Docket entry no. 49.) Plaintiffs' motion was necessary based upon clear evidence that the defendant had been advised by his counsel to provide discovery materials produced by NIAC in this case to Eli Lake, a reporter for *The Washington Times*. The aforementioned is the history of defendant's conduct in this case.

Defendant's conduct, herein, when coupled with his propensity for publishing defamatory statements about the plaintiffs, which is the core issue in this case, leave Plaintiffs extremely reticent about producing their legal bills in this case. Yes, the defendant claims that he is willing to enter into a Confidentiality Agreement relating to the dissemination of any legal fee bills produced by Plaintiffs. However, Plaintiffs have no confidence that the defendant will comply with the terms of a Confidentiality Agreement, which at the very least would have to require that the information contained in the plaintiffs' attorneys' fees bill remain confidential in perpetuity.

Plaintiffs' concerns about possible dissemination of their attorneys' fees bills must be balanced against the risk of disclosing such documents without any guarantee that Plaintiffs' attorneys' fees damages will survive a promised dispositive motion to be filed by the defendant. Accordingly, defendant is unwilling to produce its attorneys' fees bills at this juncture in this litigation, notwithstanding the possibility that this Court will strike their request for relief that the defendant pay Plaintiffs' attorneys' fees.

### B. Dr. Parsi Has Demonstrated General Damages And Therefore His General Damages Request for Relief May Not Be Stricken.

Dr. Parsi does not dispute that specific evidence demonstrating the financial harm resulting from defamation is required before compensation for economic harm can be awarded. *See Robertson v. McCloskey,* 680 F. Supp. at 415-416 (D.D.C 1998). Contrary to the defendant's argument in his Motion to Compel, Dr. Parsi's own tax returns, which have been relied upon by the defendant, demonstrate the he has suffered general damages.

The defendant fails to glean that while Dr. Parsi's NIAC salary may have increased between 2007 and 2009, his non-NIAC, outside additional income as a consultant decreased between 2007 and 2009. (*See* Exhibit E to Defendant's Motion to Compel Damages Discovery.) In 2007, Dr. Parsi claimed non-NIAC business income of $18,750.00. However, in 2008, Dr.

Parsi's business income dramatically decreased to $10,457.00, an $8,293.00 loss of income. Then, in 2009, Dr. Parsi' business income further decreased to $5,308.00, an additional $5,149.00 loss of income. Thus, between 2007 and 2009, Dr. Parsi lost $13,442.00 in income.[1]

The $13,442.00 income loss that Plaintiff suffered between 2007 and 2009 relates to consultant fees Dr. Parsi is paid as an outside consultant and/or speaker. His loss of income certainly provides sufficient evidence from which a damages award could be made, that Dr. Parsi' income loss was directly related to the defamatory statements made by the defendant, which resulted in a decrease in the quantity and/or quality of the consulting opportunities afforded to Dr. Parsi.

Accordingly, Dr. Parsi has demonstrated sufficient general damages that preclude his general damages prayer for relief from being stricken.

### C. Dr. Parsi's General Damages May Be Presumed Without Further Evidence And Therefore His General Damages Request for Relief May Not Be Stricken.

A presumption of harm is permissible with respect to general damages. *See Robertson v. McCloskey,* 680 F. Supp. at 415-16 (D.D.C 1998)   In *Gertz v. Robert Welch, Inc.,* Justice Powell recognized that damages may be presumed for non-economic, general damages. *Id.*, 418 U.S. at 349. He wrote:

> The common law of defamation is an oddity of tort law, for it allows recovery of purportedly compensatory damages without evidence of actual loss. Under the traditional rules pertaining to actions for libel, the existence of injury is presumed from the fact of publication. Juries may award substantial sums of money as compensation for supposed damage to reputation without any proof that such harm actually occurred.

*Id.*

---

[1] This aforementioned evidence of income loss is alluded to in defendant's admission that between 2007 and 2008 Dr. Parsi's overall "income fell slightly." (*See* Defendant's Motion to Compel Damages Discovery, p. 4)

The controlling law is clear as it relates to general damages. Such damages may be presumed. Therefore, there is no basis for this Court to strike Plaintiffs' prayer for relief as it relates to general damages.

### III. CONCLUSION

Accordingly, for each of the reasons set forth above, Defendant's Motion to Compel Damages Discovery and/or to Strike in Part Prayer for Relief should be denied.

Respectfully submitted,

/S/
A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRITA PARSI, et al.** | ) |
| **Plaintiffs,** | ) |
| v. | ) Civil Action No. 08 CV 00705 (JDB) |
| **DAIOLESLAM SEID HASSAN,** | ) |
| **Defendant.** | ) |

## CERTIFICATE OF SERVICE

I certify that on August 1, 2011, I served, via email, Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Compel Damages Discovery and/or to Strike In Part Prayer for Relief to:

> Timothy E. Kapshandy, Esquire
> Peter G. Jensen, Esquire
> SIDLEY AUSTIN LLP
> 1501 K Street, N.W.
> Washington, D.C. 20005
> (202) 736-8000
> tkapshandy@sidley.com
>
> Attorneys for Defendant
> Seid Hassan Daioleslam

>                    /s/
> Afshin Pishevar
> Adrian Nelson
> 600 East Jefferson Street
> Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com
> anelson@pishevarlegal.com
>
>
> Attorneys for Plaintiff
> Trita Parsi
> National Iranian American Council

- 7 -