# EXHIBIT B



PISHEVAR&ASSOCIATES, P.C.

ATTORNEYS

600 EAST JEFFERSON STREET
JEFFERSON PLAZA • SUITE 316
ROCKVILLE, MARYLAND 20852
TELEPHONE (301) 279-8773 - FACSIMILE (301) 279-7347
WWW.PISHEVARLEGAL.COM

June 2, 2011

Timothy E. Kapshandy, Esquire
**Sidley Austin, LLP**
One South Dearborn Street
Chicago, Illinois 60603

     Re:    **Trita Parsi and NIAC v. Seid Hassan Daioleslam**
               Civil Action No.: 08-705 (JDB) (USDC-DC)

Dear Tim:

       In advance of our June 3, 2011, status conference before Judge Bates, allow me to update you from the plaintiffs' perspective as it relates to outstanding discovery issues, including those outlined in your May 16, 2011, letter.

Membership Lists

       As requested, yesterday by e-mail we provided the conversions for the five membership lists previously produced by NIAC. It also is my understanding that included in yesterday's production was duplicate membership list information that was provided in a different format.

       Additionally, included in the information provided yesterday was an additional membership spreadsheet listing.

       By email today, you expressed your understanding that Dr. Parsi had testified that two other membership lists existed that had not been produced – a list of "former members" and a list of 43,000+ "active supporters." To address your representation, we must revisit the events that took place between the parties' March 4, 2011, Status Conference and Judge Bates' March 29, 2011 Order.

       On or about March 18, 2011, after the March 4th Status Conference, but before Judge Bate entered his March 29th Order, NIAC produced its Membership Listing, which consisted of 9000 transactions. Each transaction represented some activity, in some case

Timothy Kapshandy, Esquire
June 2, 2011
Page 2 of 4

multiple activities, by its respective members.

Thereafter, on March 29th Judge Bates entered his discovery Order. The Court's Order required NIAC to provide both codes relating to the Salesforce meeting notes and membership lists by April 6, 2011, and any Convio membership list by April 6th as well. As is set forth above, NIAC had already produced the Convio membership information on or about March 18, 2011, which satisfied that aspect of the Judges Order. Additionally, on or before April 6, 2011, although not required to do so pursuant to Judge Bates' Order, NIAC provided the defendant with contacts/leads/campaign information that consisted of 31,000+ entries, not members, as it existed in May 2010 at the time it was originally prepared, which complied with Judge Bates' Order.

Beginning on or about April 8, 2011, the parties began a cooperative process to ensure that the defendant was able to read and decipher all codes contained in both the March 18 production and the pre-April 6 production.

Please be advised that "former members" information was previously provided. In the production that contained the "contacts" spreadsheet there is a field identified as "CURRENT_MEMBERSHIP_C." Within that field, some members are tagged as former members. Please immediately advise us if you are still having difficulty locating this information.

Further be advised that the defendant's current reference to a list of 43,000+ "active supporters" is misplaced for several reasons. First, this figure only arose based upon a document presented to Dr. Parsi at the third day of his deposition and fails to distinguish between members and contacts/leads/campaign information. NIAC is not required by the Judge's March 29 Order to provide current contacts/leads/campaign information. Moreover, even if such information was required to be produced pursuant to the Judge's March 29 Order, the information produced on or before April 6 was current then. The 31,000+ entry contacts/leads/campaign information was prepared in May 2010, nearly 12 months ago, which would explain the nearly 12,000 entry difference.

We hope this has satisfactorily resolved this issue. If not, please advise, if possible, prior to tomorrow's status conference.

<u>NIAC's Shared Drive</u>

NIAC produced its shared drive that was in use in December 2009, which NIAC believes complies with both the letter and spirit of the Court's May 29 Order.

<u>Talebi</u>

As requested, the serial number for the computer associated with Babak Talebi is jjnc891.



PISHEVAR & ASSOCIATES, P.C.
ATTORNEYS

Timothy Kapshandy, Esquire
June 2, 2011
Page 3 of 4

     We assume this satisfies Defendant's request as it relates to this issue. If not, please advise immediately

<u>Legal Bills</u>

     Given the defendant's proclivity for publishing discovery materials in this case, Plaintiffs are unwilling, at this juncture, to produce their legal bills in support of their damages claims. Moreover, Plaintiffs believe it is premature to withdraw their claims for damages until it obtains a signal from Judge Bates as to whether he would be willing to entertain a motion for protective order as it relates to Plaintiffs' legal bills.

     To that end, please advise whether the defendant would consent to a protective order relating to the disclosure of Plaintiffs' legal bills except as it relates to use (under seal) at deposition and/or use at trial and any subsequent appeal.

<u>Privilege Claims</u>

     Please provide case authority for the proposition(s) set forth in Defendant's May 16th letter in opposition to the privileges asserted in Plaintiffs' privilege log. Absent such case authority, the plaintiffs cannot seriously entertain the stipulation requested by the Defendant.

<u>Dr. Parsi's May 11 Deposition</u>

     Notwithstanding the relevancy of such an inquiry, we do not agree with Defendant's view that Dr. Parsi may not assert a legal privilege regarding the subject matter of communications, if any, with his attorney(s). If the defendant has legal authority supporting its view, please provide it for the plaintiffs to consider.

     Further, please be advised that Dr. Parsi is in the process of searching for any written invitations to any Pugwash meetings.

     Additionally, regarding the membership renewal information of Reza Shirazi, please be advised that he has not renewed his membership. Upon information and belief, Shirazi has not renewed his membership due to the current economic constraints, but he nonetheless remains a supporter of NIAC.



PISHEVAR & ASSOCIATES, P.C.
ATTORNEYS

Timothy Kapshandy, Esquire
June 2, 2011
Page 4 of 4

If you have any questions or concerns, please contact me or Afshin Pishevar.

Very truly yours,

Adrian V. Nelson, II

PISHEVAR & ASSOCIATES, P.C.
A T T O R N E Y S