# EXHIBIT C

# PISHEVAR & ASSOCIATES, P.C.
## ATTORNEYS

600 EAST JEFFERSON STREET
JEFFERSON PLAZA • SUITE 316
ROCKVILLE, MARYLAND 20852
TELEPHONE (301) 279-8773 • FACSIMILE (301) 279-7347
WWW.PISHEVARLEGAL.COM

July 1, 2010

Timothy Kapshandy
Sidley Austin, LLP
1 South Dearborn Street
Chicago, Illinois 60603

Re: **Trita Parsi and NIAC v. Seid Hassan Daioleslam**
Civil Action No.: 08-705 (JDB) (USDC-DC)

Dear Tim:

Attached you will find Plaintiffs' Answers and Objections to Defendant's First Set of Admission Requests along with the Certificates of Discovery and Service.

Should you have any questions or concerns please feel free to contact me directly.

Very truly yours,

Adrian V. Nelson, II

AVN/pp

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRITA PARSI, )
)
and )
)
NATIONAL IRANIAN AMERICAN COUNCIL )
)
Plaintiffs, )
)
v. ) Civil Action No. 08 CV 00705 (JDB)
)
SEID HASSAN DAIOLESLAM )
)
Defendant. )

## PLAINTIFFS' OBJECTIONS AND ANSWERS
## TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiffs, Dr. Trita Parsi and the National Iranian American Council ("NIAC") (collectively "Plaintiffs"), by and through their counsel, Afshin Pishevar and Pishevar & Associates, P.C., pursuant to Fed. R. Civ. P., Rules 26 and 36, and hereby submits the following objections and answers to Defendant's Requests to Admit, and states as follows:

### OBJECTIONS AND ANSWERS

REQUEST FOR ADMISSION NUMBER 1: NIAC engages in lobbying.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 2: NIAC engaged in lobbying in 2009.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

**ANSWER: Without waiving the foregoing objections, Plaintiffs admit that NIAC reported lobbying activity on its 2009 federal tax filing.**

REQUEST FOR ADMISSION NUMBER 3: NIAC engaged in lobbying in 2008.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

**ANSWER: Without waiving the foregoing objections, Plaintiffs admit that NIAC reported lobbying activity on its 2008 federal tax filing.**

REQUEST FOR ADMISSION NUMBER 4: NIAC engaged in lobbying in 2007.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 5: NIAC engaged in lobbying in 2006.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 6: NIAC engaged in lobbying in 2005.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 7: NIAC engaged in lobbying in 2004.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited

to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 8: NIAC engaged in lobbying in 2003.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 9: NIAC engaged in lobbying in 2002.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 10: NIAC engaged in lobbying in 2001.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 11: Trita Parsi engages in lobbying.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 12: Trita Parsi engaged in lobbying in 2009.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 13: Trita Parsi engaged in lobbying in 2008.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 14: Trita Parsi engaged in lobbying in 2007.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 15: Trita Parsi engaged in lobbying in 2006.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 16: Trita Parsi engaged in lobbying in 2005.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 17: Trita Parsi engaged in lobbying in 2004.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 18: Trita Parsi engaged in lobbying in 2003.

OBJECTIONS: Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information. Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 19:   Trita Parsi engaged in lobbying in 2002.

OBJECTIONS:  Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information.  Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 20:   Trita Parsi engaged in lobbying in 2001.

OBJECTIONS:  Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information.  Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 21:   Trita Parsi engaged in lobbying in 2000.

OBJECTIONS:  Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information.  Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

REQUEST FOR ADMISSION NUMBER 22:   Trita Parsi engaged in lobbying in 1999.

OBJECTIONS:  Plaintiffs objects to this Request for Admission on the ground that it seeks irrelevant information.  Plaintiff further objects to this Request for Admission on the grounds that the term "lobbying" is vague, open to many definitions, including, but not limited to, under the U.S. Internal Revenue Code and the Lobbying Disclosure Act, and calls for a legal conclusion.

Respectfully submitted,

/s/ A.P. Pishevar

A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Plaintiffs' Answers and Objections to Defendant's First Set of Admission Requests and corresponding Certificate Regarding Discovery were served by first-class mail and via e-mail on this 1st day of July 2010, upon:

Timothy Kapshandy
**SIDLEY AUSTIN, LLP**
1 South Dearborn Street.
Chicago, Illinois 60603

_____
A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:   (301) 279 – 7347
Counsel for the Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI, | ) |
| and | ) |
| NATIONAL IRANIAN AMERICAN COUNCIL | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 08 CV 00705 (JDB) |
| SEID HASSAN DAIOLESLAM | ) |
| Defendant. | ) |

### CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on July 1, 2010, by first class U.S. mail, postage prepaid, and by e-mail, I served on counsel of record for Defendant a copy of Plaintiffs' Objections and Answers to Defendant's First Set of Requests for Admissions. I will retain the original of these documents in my possession without alteration until the case is concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

_____
A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs