# EXHIBIT G

Student address:
Körsbärsv. 3:503
114 23 Stockholm
Sweden

# *Trita Parsi*
Tel: + 46 8 153145
Email: President@iic.org

Permanent address:
Altfiolv. 6
756 54 Uppsala
Sweden

## Qualification Summary

- Double Master's degrees in Macro Economics and Political Science
- Policy advisor to US Congressman
- Founder and elected President of an international not-for-profit organization
- Diplomatic Internship at the UN in New York
- Fluent in several languages
- Recipient of several academic scholarships

## Education

**Stockholm School of Economics**
**Stockholm, Sweden**

Master's of Science in Economics. Degree expected January 2000
Major in Trade and Macro Economics

*Relevant courses:*

- International Trade
- Econometrics
- Open Economy Macro
- Rhetoric

**Stockholm University**
**Stockholm, Sweden**

Master's of Science in Political Science. Degree expected January 2000
Major in International Relations

**Barnesville High school**
High school diploma, Ohio, USA, 1992

## Extra Curricular Activities

**Iranians for International Cooperation (www.iic.org)**
Founder and elected President (1997-99)

- Established the first lobby group in the US to support the normalization of ties between Iran and the US.
- Interviewed by *AP, Reuters, RFE* and other news agencies.
- Increased membership from 15 to 500 members worldwide in less than two years.
- Lobbied the US Congress, EU and Swedish Parliaments.

**Harvard University Model United Nations 1997 and 1998**
Chairman and Head Delegate of the Stockholm School of Economics' delegation.
A five-day exercise in diplomacy with over 2000 students from more than 20 countries.

**Lund Association of Foreign Affairs**
Invited lecturer 1999. Topic: US - Iran relations

**Uppsala Association of Foreign Affairs.**
Member of Board 1996.


EXHIBIT 66

## *Relevant Work Experience*

**Permanent Mission of Sweden to the UN, New York**
**Diplomatic Internship (September 1998 - January 1999)**

- Assisted in the Security Council's handling of the conflicts in Iraq, Afghanistan and Western Sahara.
- Took part in the drafting of the UN resolutions on the Human Rights situation in specific member states, including Iran.

**Swedish Handelsbanken, Stockholm Sweden**
**Macro Economist (June - August 1998)**

- Authored economic analyses in the bank's periodicals.
- Generated economic forecasts for EU economies.

**Congressman Robert Ney, Washington DC**
**Policy Advisor (June - August 1997)**

- Adviced on US foreign policy on Middle Eastern issues.
- Monitored the political and economic situation in the Mideast.
- Authored three reports on US-Iran relations which were used by Congressman Ney to alter his position vis-à-vis Iran

## *Languages*

**Fluent:** English, Swedish and Farsi.                    **Conversant:** French

## *Computer Skills*

MSWord, Excel, Powerpoint, WordPerfect, SPSS, Eviews, Windows, MacOS

## *Scholarships*

- Henrik Granholm's Scholarship (twice)
- SIDA's international scholarship
- Johan och Hjalmar Kallenberg's Scholarship (twice)

## *References*

- Congressman Robert Ney, Member of the United States Congress
  LOB 1024, Washington, DC 20515, USA
  Tel: (202) 225-6265

- Jan Häggström
  Chief Economist
  The Swedish Handelsbank
  106 70 Sockholm, Sweden
  Tel: (+ 46 8) 701 10 97

- Ambassador Per Norström
  Permanent Mission of Sweden to the United Nations
  885 Second Ave., 46th Floor
  New York, NY 10017, USA
  Tel: (212) 583 2500

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - -

TRITA PARSI and NATIONAL          :
IRANIAN AMERICAN COUNCIL          :
      Plaintiffs                :
      V.                        :   Civil No.:
DAIOLESLAM SEID HASSAN,           :   08 CV 00705 (JDB)
      Defendant                 :   Page 1-331

VOLUME II

- - -

Thursday, December 2, 2010

- - -

Continued deposition, videotaped, of Dr. Trita Parsi, was taken at the Law Offices of Sidley Austin, LLP, 1501 K Street, NW, Sixth Floor, Washington, DC 20005 commencing at 9:03 a.m. before Sherry L. Brooks, Professional Court Reporter and Notary Public, in and for the District of Columbia.

* * *

```
 1   APPEARANCES:

 2

 3   PISHEVAR & ASSOCIATES, PC
     BY:  ADRIAN V. NELSON, II, ESQUIRE
 4        A.P. PISHEVAR, ESQUIRE
          PATRICK PARSA, ESQUIRE
 5   Jefferson Plaza, Suite 316
     600 East Jefferson Street
 6   Rockville, MD  20852
     (301) 279-8773
 7   (301) 279-7347 (Fax)
     E-mail:  Anelson@pishevarlegal.com
 8   Representing the Plaintiffs

 9
     SIDLEY AUSTIN, LLP
10   BY:  TIMOTHY E. KAPSHANDY, ESQUIRE
          JOSHUA J. FOUGERE, ESQUIRE
11        ERIC GALVEZ, ESQUIRE
     One South Dearborn
12   Chicago, IL  60603
     (312) 853-7643
13   (312) 835-7036 (Fax)
     E-mail:  Tkapshandy@sidley.com
14            Jfougere@sidley.com
              Megalvez@sidley.com
15   Representing the Defendant

16   ALSO PRESENT:

17       Daioleslam Seid Hassan, Defendant
         Jeff Tisak, Legal Assistant
18       Mia Marbury, Videographer

19

20

21

22
```

```
 1                    P R O C E E D I N G S
 2                   *     *     *     *     *
 3                      DR. TRITA PARSI
 4    was recalled for further examination by counsel and,
 5    after having been duly sworn by the Notary, was
 6    examined and testified as follows:
 7            EXAMINATION BY COUNSEL FOR DEFENDANT
 8            BY MR. KAPSHANDY:
 9        Q.    Good morning, Mr. Parsi.  How are you?
10        A.    Good morning.  How are you?
11        Q.    Just fine, thanks.  You understand, as the
12    reporter has just sworn you in this morning, that
13    you're still under oath and the same rules as
14    yesterday apply?
15        A.    I do.
16        Q.    And I appreciate your answering verbally,
17    and we'll both try not to talk over each other again
18    today.  That's sometimes hard for her.
19             But we do have a video today -- you may
20    have noticed -- and that may help with the record,
21    but, again, if you could just -- and I will, too --
22    try and honor the same rules as yesterday, I'd
```

1           MR. NELSON:  Objection.  Clarification.
2    Which organization are you talking about?
3           MR. KAPSHANDY:  Right now we're talking
4    about IIC, counsel.
5           MR. NELSON:  So you're not talking about
6    NIAC at this time?
7           MR. KAPSHANDY:  Try to follow.
8           MR. NELSON:  I am following.
9           MR. KAPSHANDY:  We're talking about Trita
10   Parsi acting as a lobbyist.
11          MR. NELSON:  Okay.  So you're not talking
12   about NIAC.  We have two clients here.  I want to be
13   clear.  You're not talking about NIAC, correct?
14          MR. KAPSHANDY:  I'm talking about Trita
15   Parsi referring to himself as a lobbyist when he is
16   the head of IIC.
17          MR. NELSON:  And as we continue today, I
18   would appreciate that you not refer to me in that way
19   by telling me to try to pay attention.  That's not
20   appropriate.  Now proceed.
21          THE WITNESS:  This is a different
22   organization from NIAC.

```
 1          BY MR. KAPSHANDY:
 2     Q.   I understand that, Mr. Parsi.  The
 3  question was:  Have you ever referred to yourself, as
 4  when you were president of NIAC, as a lobby?
 5     A.   As president of NIAC?
 6     Q.   Excuse me, as president of IIC.
 7     A.   As president of IIC, that may have
 8  happened.  Again, that's 13 to ten years ago, at a
 9  time when I was a college student.  I did, however,
10  not engage in lobbying, because at that time, IIC
11  actually never met with any elected official.
12          I wasn't even living in the United States
13  at the time.
14          MR. KAPSHANDY:  Let me hand you what we'll
15  mark as your Deposition Exhibit 66.
16          (Exhibit Number 66 was marked for
17  identification and was retained by counsel.)
18          BY MR. KAPSHANDY:
19     Q.   Have you seen this document before?
20     A.   I believe this is my resume from ten or so
21  years ago.
22     Q.   And under extracurricular activities, you
```

1    list yourself as founder and elected president, 1997

2    to 1999, "Established the first lobby group in the

3    U.S. to support the normalization of ties between

4    Iran and the U.S.," correct?

5        A.    That is correct.

6        Q.    And you prepared this resume?

7        A.    Correct.  Referring to it as a lobby

8    doesn't make it a lobby.

9        Q.    Right, but you can understand if people

10   take your word at face value they might think that

11   you actually are acting as a lobby, correct?

12             MR. NELSON:  Objection.

13             THE WITNESS:  Thirteen years ago in a

14   different organization --

15             MR. NELSON:  Objection.  Objection --

16             Let me get my objection in.

17             -- assumes facts not in evidence.  In

18   terms of what people you're referring to, whether

19   they've ever seen this document, so there's no

20   foundation for the question.

21             You may answer, if you're able.

22             THE WITNESS:  This is a different

Page 51

1   organization 13 years ago.

2           BY MR. KAPSHANDY:

3       Q.   That wasn't my question.

4       A.   That is my answer.

5       Q.   My question is: You can understand that
6   somebody looking at your resume where you referred to
7   yourself as "The president of the first lobby group
8   in the U.S. to support the normalization of ties
9   between Iran and the U.S." might reasonably conclude
10  that you established the first lobby group in the
11  U.S. to support the normalization of ties between
12  Iran and the U.S., correct?

13      A.   Not correct.

14      Q.   So they shouldn't believe your own words
15  here on this piece of paper?

16      A.   No. It would mean that the person could
17  draw the conclusion that 13 years ago that was the
18  case. That's different from drawing the conclusion
19  that that is permanently the case.

20          MR. KAPSHANDY: Let me hand you what we'll
21  mark as your Deposition Exhibit 67.

22          (Exhibit Number 67 was marked for

Page 328

1       CERTIFICATE

2            I hereby certify that the witness was duly

3       sworn by me and that the deposition is a true record

4       of the testimony given by the witness.

5

6       _____

7            Sherry L. Brooks, Court Reporter

8

9       (The foregoing certification of this transcript does

10      not apply to any reproduction of the same by any

11      means, unless under the direct control and/or

12      supervision of the certifying shorthand reporter.)

13

14

15

16

17

18

19

20

21

22