# EXHIBIT C



August 1, 2011

I have reviewed the Court's March 29, 2011 order, PricewaterhouseCoopers imaging procedure report, and email and other correspondence between Sidley, PWC and Pishevar & Associates, P.C. and I conclude that;

- PWC did not follow industry standards in imaging the shared drive,
- PWC delayed in returning the device in order to image the device unnecessarily a second time,
- PWC unnecessarily removed the NAS from Sidley's offices to its lab instead of imaging the drives in front of NIAC's designated representative,
- PWC grossly exceeded the scope of the targeted imaging of Outlook calendar items that was ordered,
- PWC improperly reinstalled the hard drives in the NAS rendering it unusable.

PWC and Sidley's actions significantly hampered NIAC from operating their business and unreasonably and unnecessarily risked destroying data from the Shared Drive by imaging the drives individually rather than following industry standards and by improperly reinstalling the drives.

**PWC did not follow industry standards in imaging the shared drive.**

NIAC's RAID configured shared drive should have been imaged logically rather than taking apart the device and having its four drives imaged separately. In general, a hard drive cannot be used to store data until it is formatted and partitioned to accept data. Partitioning of a hard drive is the equivalent of creating space for the data to reside. For example a hard drive containing 1 terabyte of space would be partitioned into two logical partitions labeled C and D. These partition are often referred to as the C drive and D drive. On an ordinary modern computer, a manufacturer will create a small partition for the D drive containing 10 GB of space as a recovery partition that contains information to reinstall the operating system onto the C partition. The remaining approximately 990 GB would be allocated to the C partition. NIAC's shared drive consists of a RAID configured network attached storage device ("NAS"). The device contains four hard drives that appear as one logical partition to any computer that attaches to the device over the network. In order for a partition to span more than one physical hard drive, a piece of hardware called a RAID controller is used to create the appearance of one large block of data. As such, a technician taking a forensic image of a RAID server can either image each of the individual hard drives or image the partition which spans all four hard drives. It is best practices and industry standards to image the logical partition in a RAID hard drive scenario because of the difficulty involved in replicating the RAID controller. The RAID controller will write part of a file onto one hard drive and another part of the file onto



a second hard drive. Imaging individual hard drives in a RAID configuration will yield partial files on each hard drive instead of the complete file by performing a logical imaging. It is possible to rebuild the RAID configuration but it is a difficult and unnecessary step if the drives can be imaged logically. In addition, removing the hard drives from the NAS and imaging them separately creates an unnecessary risk that data can be destroyed from the improper handling of components which PWC caused in not properly reinstalling the hard drives upon the completion of the imaging.

**PWC delayed in returning the device in order to image the device unnecessarily a second time,**

It appears that PWC realized the mistake of imaging the RAID hard drives as individual drives instead of as a logical partition by its request to image the drive a second time. While the logical imaging should have been performed in the first place instead of imaging the individual drives, an experienced technician should be able to recreate the logical partition by replicating the RAID controller. By requesting a second imaging, PWC delayed NIAC from using the drive unnecessarily.

**PWC unnecessarily removed the NAS from Sidley's offices to its lab instead of imaging the drives in front of NIAC's designated representative,**

Industry standards would require a technician to bring the necessary hardware and software to the designated site of an imaging in order to avoid delay. PWC inexplicably requested and removed the NAS to its lab with no further explanation further delaying NIAC from using its shared drive unnecessarily.

**PWC grossly exceeded the scope of the targeted imaging of Outlook calendar entries that was ordered,**

The Court's March 29, 2011 order states that NIAC shall produce "this server (or shared drive) by not later than April 6, 2011.... PWC's forensic analysis shall be limited to NIAC's outlook calendar entries". The court's order states that imaging shall be performed for the limited purpose of analyzing NIAC's outlook calendar entries. A targeted acquisition of the calendar items from the logical partition would have satisfied the requirements of the Court Order. Instead PwC imaged all files and folders and the entire contents of each of the four hard drives contained with the shared drive. By copying PWC's entire NAS, PWC now has access to all files and folders stored on the partition which it is not entitled to access.

**PWC improperly reinstalled the hard drives in the NAS rendering it unusable**



By imaging the NAS's individual drives rather than imaging the NAS's logical partition, PWC technician removed the hard drives from the device. When the technician replaced the drives in the NAS he installed them incorrectly and the device did not work. Because of the technicians mistake, the drives could have been shorted and the data residing on the drives could have been destroyed.

Marc Hirschfeld

_____\s_____

President
Precision Legal Services



# PRECISION LEGAL SERVICES BACKGROUND & EXPERTISE

PLS's forensic investigators hold active Top Secret Government Clearance and Computer Forensic Certifications include: EnCE (EnCase Certified Computer Forensic Examiner with Guidance Software), CFCE (Certified Forensic Computer Examiner with IACIS – The International Association of Computer Investigative Specialists), CEECS (Certified Electronic Evidence Collection Specialist with IACIS) ISFCE (Certified Computer Examiner).

PLS has successfully imaged and investigated forensic computer issues on an administrative, local and federal level and has given court testimony in Baltimore County District Court, Baltimore County Circuit Court, DC Superior Court and U.S. Federal Court.

Precision Legal Services
1131 Kersey Road
Silver Spring, MD 20902
p(202) 747-3570
f(202) 747-3580