# EXHIBIT B



## Lobbying

In general, no organization may qualify for section 501(c)(3) status if a substantial part of its activities is attempting to influence legislation (commonly known as *lobbying*). A 501(c)(3) organization may engage in some lobbying, but too much lobbying activity risks loss of tax-exempt status.

*Legislation* includes action by Congress, any state legislature, any local council, or similar governing body, with respect to acts, bills, resolutions, or similar items (such as legislative confirmation of appointive office), or by the public in referendum, ballot initiative, constitutional amendment, or similar procedure. It does not include actions by executive, judicial, or administrative bodies.

An organization will be regarded as attempting to influence legislation if it contacts, or urges the public to contact, members or employees of a legislative body for the purpose of proposing, supporting, or opposing legislation, or if the organization advocates the adoption or rejection of legislation.

Organizations may, however, involve themselves in issues of public policy without the activity being considered as lobbying. For example, organizations may conduct educational meetings, prepare and distribute educational materials, or otherwise consider public policy issues in an educational manner without jeopardizing their tax-exempt status.

**Additional information:**

- Measuring lobbying activity: substantial part test
- Measuring lobbying activity: expenditure test

*Last update: May 14, 2008*

[handwritten margin note: vs. Stating position on legislation]



## Measuring Lobbying: Substantial Part Test

Whether an organization's attempts to influence legislation, i.e., lobbying, constitute a substantial part of its overall activities is determined on the basis of all the pertinent facts and circumstances in each case. The IRS considers a variety of factors, including the time devoted (by both compensated and volunteer workers) and the expenditures devoted by the organization to the activity, when determining whether the lobbying activity is substantial.

— unspecific

Under the substantial part test, an organization that conducts excessive lobbying in any taxable year may lose its tax-exempt status, resulting in all of its income being subject to tax. In addition, section 501(c)(3) organizations that lose their tax-exempt status due to excessive lobbying, other than churches and private foundations, are subject to an excise tax equal to five percent of their lobbying expenditures for the year in which they cease to qualify for exemption.

Further, a tax equal to five percent of the lobbying expenditures for the year may be imposed against organization managers, jointly and severally, who agree to the making of such expenditures knowing that the expenditures would likely result in the loss of tax-exempt status.

Private foundations are subject to a different set of taxes on their lobbying expenditures; churches are not subject to excise taxes on excessive lobbying.

**Additional information:**

Measuring Lobbying: Expenditure Test

*Last update: June 6, 2008*



## The Restriction of Political Campaign Intervention by Section 501(c)(3) Tax-Exempt Organizations

Under the Internal Revenue Code, all section 501(c)(3) organizations are absolutely prohibited from directly or indirectly participating in, or intervening in, any political campaign on behalf of (or in opposition to) any candidate for elective public office. Contributions to political campaign funds or public statements of position (verbal or written) made on behalf of the organization in favor of or in opposition to any candidate for public office clearly violate the prohibition against political campaign activity. Violating this prohibition may result in denial or revocation of tax-exempt status and the imposition of certain excise taxes.

Certain activities or expenditures may not be prohibited depending on the facts and circumstances. For example, certain voter education activities (including presenting public forums and publishing voter education guides) conducted in a non-partisan manner do not constitute prohibited political campaign activity. In addition, other activities intended to encourage people to participate in the electoral process, such as voter registration and get-out-the-vote drives, would not be prohibited political campaign activity if conducted in a non-partisan manner.

On the other hand, voter education or registration activities with evidence of bias that (a) would favor one candidate over another; (b) oppose a candidate in some manner; or (c) have the effect of favoring a candidate or group of candidates, will constitute prohibited participation or intervention.

The Internal Revenue Service provides resources to exempt organizations and the public to help them understand the prohibition. As part of its examination program, the IRS also monitors whether organizations are complying with the prohibition.

Updated: April 17, 2008

*Handwritten annotations: "WE ARE", "ok", "ok", "ok", "ok"*



501(c)3 h



## Measuring Lobbying Activity: Expenditure Test

Organizations other than churches and private foundations may elect the expenditure test under section 501(h) as an alternative method for measuring lobbying activity. Under the expenditure test, the extent of an organization's lobbying activity will not jeopardize its tax-exempt status, provided its expenditures, related to such activity, do not normally exceed an amount specified in section 4911. This limit is generally based upon the size of the organization and may not exceed $1,000,000.

Organizations electing to use the expenditure test must file Form 5768, Election/Revocation of Election by an Eligible IRC Section 501(c)(3) Organization to Make Expenditures to Influence Legislation, at any time during the tax year for which it is to be effective. The election remains in effect for succeeding years unless it is revoked by the organization. Revocation of the election is effective beginning with the year following the year in which the revocation is filed.

FORM 5768

Under the expenditure test, an organization that engages in excessive lobbying activity over a four-year period may lose its tax-exempt status, making all of its income for that period subject to tax. Should the organization exceed its lobbying expenditure dollar limit in a particular year, it must pay an excise tax equal to 25 percent of the excess.

**Additional information:**

Measuring Lobbying: Substantial Part Test

*Last update: May 14, 2008*

Exemption Requirements

http://www.irs.gov/charities/charitable/article/0,,id=96099,00.ht



**Exemption Requirements**

To be tax-exempt under section 501(c)(3) of the Internal Revenue Code, an organization must be *organized* and *operated* exclusively for *exempt purposes* set forth in section 501(c)(3), and none of its earnings may *inure* to any private shareholder or individual. In addition, it may not be an *action organization*, i.e., it may not attempt to influence legislation as a substantial part of its activities and it may not participate in any campaign activity for or against political candidates.

Organizations described in section 501(c)(3) are commonly referred to as *charitable organizations*. Organizations described in section 501(c)(3), other than testing for public safety organizations, are eligible to receive tax-deductible contributions in accordance with Code section 170.

The organization must not be organized or operated for the benefit of *private interests*, and no part of a section 501(c)(3) organization's net earnings may inure to the benefit of any private shareholder or individual. If the organization engages in an *excess benefit transaction* with a person having substantial influence over the organization, an *excise tax* may be imposed on the person and any organization managers agreeing to the transaction.

Section 501(c)(3) organizations are restricted in how much political and legislative (*lobbying*) activities they may conduct. For a detailed discussion, see Political and Lobbying Activities. For more information about lobbying activities by charities, see the article Lobbying Issues; for more information about political activities of charities, see the FY-2002 CPE topic Election Year Issues.

yes
✱ issue here?
yes
yes

PAAIA
- is 501(c)(4) and 501(c)(3)
- membership on their website doesn't seem limited to a certain group. (this the 501(c)(3) part)
- "support org's mission, 18yo, member of the community"

501(c)(4) PAAIA
- IAPAC + PAAIA Fund → (501(c)(3))

(separate
PAC funds must be kept separately
→ contributions not tax-deductible