# EXHIBIT C

# 2008

**Department of the Treasury**
**Internal Revenue Service**

# Instructions for Schedule C (Form 990 or 990-EZ)

## Political Campaign and Lobbying Activities

Section references are to the Internal Revenue Code unless otherwise noted.

## General Instructions

**Note.** Terms in bold are defined in the *Glossary* of the instructions for Form 990.

### Purpose of Schedule

Schedule C (Form 990 or 990-EZ) is used by:
- Section 501(c) organizations, and
- Section 527 organizations.

These organizations must use Schedule C (Form 990 or 990-EZ) to furnish additional information on **political campaign activities** or **lobbying activities**, as those terms are defined below for the various parts of this schedule.

### Who Must File

Any organization that answered "Yes" on Form 990, Part IV, *Checklist of Required Schedules*, lines 3, 4, or 5, must complete and attach Schedule C (Form 990 or 990-EZ) to Form 990, and complete the applicable parts relating to those lines. Any organization that answered "Yes" on Form 990-EZ, Part VI, lines 46 or 47, must complete and attach Schedule C (Form 990 or 990-EZ) to Form 990-EZ, and complete the applicable parts relating to those lines.

If an organization has an ownership interest in a **joint venture** that conducts political campaign or lobbying activities, the organization must report its share of such activity occurring in its **tax year** on Schedule C (Form 990 or 990-EZ).

**Part I. Political campaign activities.** Part I is to be completed by section 501(c) and section 527 organizations. If the organization answered "Yes" to Form 990, Part IV, line 3, or Form 990-EZ, Part VI, line 46, then:

- A section 501(c)(3) organization must complete Parts I-A and I-B. Do not complete Part I-C.
- A section 501(c) organization other than section 501(c)(3) must complete Parts I-A and I-C. Do not complete Part I-B.
- A section 527 organization must complete Part I-A. Do not complete Parts I-B and I-C.

**Part II. Lobbying activities.** Part II is to be completed only by section 501(c)(3) organizations. If the organization answered "Yes" to Form 990, Part IV, line 4, or Form 990-EZ, Part VI, line 47, then:
- A section 501(c)(3) organization that elected to be subject to the lobbying expenditure limitations of section 501(h) by filing Form 5768 and for which the election was valid and in effect for its tax year beginning in the year 2008, must complete Part II-A. Do not complete Part II-B.
- A section 501(c)(3) organization that has not elected to be subject to the lobbying expenditure limitations of section 501(h) (or has revoked such election by filing Form 5768 for which the revocation was valid and in effect for its tax year beginning in the year 2008) must complete Part II-B. Do not complete Part II-A.

**Part III. Section 6033(e) notice and reporting requirements and proxy tax.** Part III is to be completed by section 501(c)(4), section 501(c)(5), and section 501(c)(6) organizations that received membership dues, assessments, or similar amounts as defined in Rev. Proc. 98-19, and that answered "Yes" to Form 990, Part IV, line 5.

If an organization is not required to file Form 990 or Form 990-EZ but chooses to do so, it must file a complete return and provide all of the information requested, including the required schedules.

### Definitions

Definitions in this section are applicable throughout this schedule, except where noted. The following bold terms are defined in the *Glossary*.
- **Joint venture.**
- **Legislation.**
- **Lobbying activities.**
- **Political campaign activities.**
- **Tax year.**

**TIP** *Revenue Ruling 2007-41 provides guidelines for exempt organizations on the scope of the tax law prohibition of campaign activities by section 501(c)(3) organizations. (See Rev. Rul. 2007-41, 2007-25 I.R.B. 1421).*

***Section 527 exempt function activities.*** All functions that influence or attempt to influence the selection, nomination, election, or appointment of any individual to any federal, state, or local public office or office in a political organization, or the election of Presidential or Vice-Presidential electors, whether or not such individual or electors are selected, nominated, elected, or appointed.

***Political expenditures.*** Any expenditure for political campaign activities are political expenditures. An expenditure includes a payment, distribution, loan, advance, deposit, or gift of money, or anything of value. It also includes a contract, promise, or agreement to make an expenditure, whether or not legally enforceable.

***Specific legislation.*** Specific legislation includes (1) legislation that has already been introduced in a legislative body and (2) specific legislative proposals that an organization either supports or opposes.

### Definitions (Part II-A)

Definitions in this section are applicable only to Part II-A.

***Expenditure test.*** Under the expenditure test, there are limits both upon the amount of the organization's grassroots lobbying expenditures and upon the total amount of its direct lobbying and grassroots lobbying expenditures. If the electing public charity does not meet this expenditure test, it will owe a section 4911 excise tax on its excess lobbying expenditures. Moreover, if over a 4-year averaging period the organization's average annual total lobbying or grassroots lobbying expenditures are more than 150% of its dollar limits, the organization will lose its exempt status.

***Exempt purpose expenditures.*** In general, an exempt purpose expenditure is paid or incurred by an electing public charity to accomplish the organization's exempt purpose.

Exempt purpose expenditures include:
1. The total amount paid or incurred for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or to foster national or international amateur sports competition (not including providing athletic facilities or equipment, other than by qualified amateur sports organizations described in section 501(j)(2)),
2. The allocable portion of administrative expenses paid or incurred for the above purposes,

Cat. No. 20374L

Plaintiff's
EXHIBIT NO. 5
O.V. HANCOCK
3/19/2010

3. Amounts paid or incurred to try to influence legislation, whether or not for the purposes described in 1 above,
4. Allowance for depreciation or amortization, and
5. Fundraising expenditures, except that exempt purpose expenditures do not include amounts paid to or incurred for either the organization's separate fundraising unit or other organizations, if the amounts are primarily for fundraising.

See Regulations section 56.4911-4(c) for a discussion of excluded expenditures.

**Lobbying expenditures.** Lobbying expenditures are expenditures (including allocable overhead and administrative costs) paid or incurred for the purpose of attempting to influence legislation:
- Through communication with any member or employee of a legislative or similar body, or with any government official or employee who may participate in the formulation of the legislation, and
- By attempting to affect the opinions of the general public.

To determine if an organization has spent excessive amounts on lobbying, the organization must know which expenditures are lobbying expenditures and which are not lobbying expenditures. An electing public charity's lobbying expenditures for a year are the sum of its expenditures during that year for direct lobbying communications (direct lobbying expenditures) plus grassroots lobbying communications (grassroots expenditures).

**Direct lobbying communications (direct lobbying expenditures).** A direct lobbying communication is any attempt to influence any legislation through communication with:
- A member or employee of a legislative or similar body,
- A government official or employee (other than a member or employee of a legislative body) who may participate in the formulation of the legislation, but only if the principal purpose of the communication is to influence legislation, or
- The public in a referendum, initiative, constitutional amendment, or similar procedure.

A communication with a legislator or government official will be treated as a direct lobbying communication if, but only if, the communication:
- Refers to specific legislation, and
- Reflects a view on such legislation.

**Grassroots lobbying communications (grassroots expenditures).** A grassroots lobbying communication is any attempt to influence any legislation through an attempt to affect the opinions of the general public or any part of the general public.

A communication is generally not a grassroots lobbying communication unless (in addition to referring to specific legislation and reflecting a view on that legislation) it encourages recipients to take action about the specific legislation.

A communication encourages a recipient to take action when it:
1. States that the recipient should contact legislators;
2. States a legislator's address, phone number, etc.;
3. Provides a petition, tear-off postcard, or similar material for the recipient to send to a legislator; or
4. Specifically identifies one or more legislators who:
   a. Will vote on legislation;
   b. Opposes the communication's view on the legislation;
   c. Is undecided about the legislation;
   d. Is the recipient's representative in the legislature; or
   e. Is a member of the legislative committee that will consider the legislation.

A communication described in (4) above generally is grassroots lobbying only if, in addition to referring to and reflecting a view on specific legislation, it is a communication that cannot meet the full and fair exposition test as nonpartisan analysis, study, or research.

**Exceptions to lobbying.** In general, engaging in nonpartisan analysis, study, or research and making its results available to the general public or segment or members thereof, or to governmental bodies, officials, or employees is not considered either a direct lobbying communication or a grassroots lobbying communication. Nonpartisan analysis, study, or research may advocate a particular position or viewpoint as long as there is a sufficiently full and fair exposition of the pertinent facts to enable the public or an individual to form an independent opinion or conclusion.

A communication that responds to a governmental body's or committee's written request for technical advice is not a direct lobbying communication.

A communication is not a direct lobbying communication if the communication is an appearance before, or communication with, any legislative body concerning action by that body that might affect the organization's existence, its powers and duties, its tax-exempt status, or the deductibility of contributions to the organization, as opposed to affecting merely the scope of the organization's future activities.

**Communication with members.** For purposes of section 4911, expenditures for certain communications between an organization and its members are treated more leniently than are communications to nonmembers. Expenditures for a communication that refers to, and reflects a view on, specific legislation are not lobbying expenditures if the communication satisfies the following requirements.
1. The communication is directed only to members of the organization.
2. The specific legislation the communication refers to, and reflects a view on, is of direct interest to the organization and its members.
3. The communication does not directly encourage the member to engage in direct lobbying (whether individually or through the organization).
4. The communication does not directly encourage the member to engage in grassroots lobbying (whether individually or through the organization).

Expenditures for a communication directed only to members that refers to, and reflects a view on, specific legislation and that satisfies the requirements of items (1), (2), and (4), above, but does not satisfy the requirements of item (3), are treated as expenditures for direct lobbying.

Expenditures for a communication directed only to members that refers to, and reflects a view on, specific legislation and satisfies the requirements of items (1) and (2), above, but does not satisfy the requirements of item (4), are treated as grassroots expenditures, whether or not the communication satisfies the requirements of item (3). See Regulations section 56.4911-5 for details.

There are special rules regarding certain paid mass media advertisements about highly publicized legislation; allocation of mixed purpose expenditures; certain transfers treated as lobbying expenditures; and special rules regarding lobbying on referenda, ballot initiatives, and similar procedures (see Regulations sections 56.4911-2 and 56.4911-3).

**Affiliated groups.** Members of an affiliated group are treated as a single organization to measure lobbying expenditures. Two organizations are affiliated if one is bound by the other organization's decisions on legislative issues (control) or if enough representatives of one belong to the other organization's governing board to cause or prevent action on legislative issues (interlocking directorate). If the organization is not sure whether its group is affiliated, it may ask the IRS for a ruling letter. There is a fee for this ruling. For information on requesting rulings, see annual revenue procedure.

Members of an affiliated group measure both lobbying expenditures and permitted lobbying expenditures on the basis of the affiliated group's tax year. If all members of the affiliated group have the same tax year, that year is the tax year of the affiliated group. However, if the affiliated group's members have different tax years, the tax year of the affiliated group is the calendar year, unless all the members of the group elect otherwise. See Regulations section 56.4911-7(e)(3).

**Limited control.** Two organizations that are affiliated because their governing instruments provide that the decisions of one will control the other only on national legislation are subject to the following provisions.

- The controlling organization is charged with its own lobbying expenditures and the national legislation expenditures of the affiliated organizations,
- The controlling organization is not charged with other lobbying expenditures (or other exempt-purpose expenditures) of the affiliated organizations, and
- Each local organization is treated as though it were not a member of an affiliated group. For example, the local organization should account for its own expenditures only and not any of the national legislation expenditures deemed as incurred by the controlling organization.

### Definitions (Part III)

Definitions in this section are applicable only to Part III.

*Lobbying and political expenditures.* For purposes of this section only, lobbying and political expenditures do not include direct lobbying expenditures made to influence local legislation. Nor does it include any political campaign expenditures for which the tax under section 527(f) was paid (see Part I-C). They do include any expenditures for communications with a covered executive branch official in an attempt to influence the official actions or positions of that official.

*Covered executive branch official.* The President, Vice-President, White House Office of the Executive Office of the President officers and employees, the two senior level officers of each of the other agencies in the Executive Office, individuals in level I positions of the Executive Schedule and their immediate deputies, and individuals designated as having Cabinet level status and their immediate deputies.

*Direct contact lobbying.* This is a:
1. Meeting,
2. Telephone conversation,
3. Letter, or
4. Similar means of communication

that is with a:
a. Legislator (other than a local legislator), or
b. Covered executive branch official and that otherwise qualifies as a lobbying activity.

*In-house expenditures include:*
1. Salaries, and
2. Other expenses of the organization's officials and staff (including amounts paid or incurred for the planning of legislative activities).

*In-house expenditures do not include:* Any payments to other taxpayers engaged in lobbying or political activities as a trade or business or any dues paid to another organization that are allocable to lobbying or political activities.

## Specific Instructions

### Part I-A. Political Activity of Exempt Organizations

**Note.** Section 501(c) organizations other than those exempt under section 501(c)(3) may establish section 527(f)(3) separate segregated funds to engage in political activity. Separate segregated funds are subject to their own filing requirements. A section 501(c) organization that engages a separate segregated fund to conduct political activity should report transfers to the fund in Parts I-A and I-C. The separate segregated fund should report specific activities on its own Form 990 if the fund is required to file.

**Line 1.** Section 501(c) organizations should provide a detailed description of their direct and indirect **political campaign activities.** If the section 501(c) organization collects political contributions or member dues earmarked for a separate segregated fund, and promptly and directly transfers them to that fund as prescribed in Regulations section 1.527-6(e), do not report them here. Such amounts should be reported in Part I-C, line 5e.

Section 527 organizations should provide a detailed description of their exempt function activities in Part IV.

**Line 2.** Enter the total amount that the filing organization has spent conducting the activities described on line 1.

**Line 3.** If the organization used volunteer labor in the conduct of its **political campaign activities** or section 527 exempt function activities, provide the total number of hours. Any reasonable method may be used to estimate this amount.

### Part I-B. Section 501(c)(3) Organizations: Disclosure of Excise Taxes Imposed Under Section 4955

Section 501(c)(3) organizations must disclose any excise tax incurred during the year under section 4955 (political expenditures), unless abated. See sections 4962 and 6033(b).

**Line 1.** Enter the amount of taxes incurred by the organization itself under section 4955, unless abated. If no tax was incurred, enter -0-.

**Line 2.** Enter the amount of taxes incurred by the organization managers under section 4955, unless abated. If no tax was incurred, enter -0-.

**Line 3.** If the filing organization reported a section 4955 tax on a Form 4720, Return of Certain Excise Taxes Under Chapters 41 and 42 of the Internal Revenue Code, for this year, answer "Yes."

**Line 4.** Provide a detailed description in Part IV of the steps the organization has taken to correct the activity which subjected the organization to the section 4955 tax. Correction of a political expenditure means recovering the expenditure to the extent possible and establishing safeguards to prevent future political expenditures. Recovery of the expenditure means recovering part or all of the expenditure to the extent possible, and, where full recovery cannot be accomplished, by any additional corrective action that is necessary. (The organization that made the political expenditure is not under any obligation to attempt to recover the expenditure by legal action if the action would in all probability not result in the satisfaction of execution on a judgment.)

### Part I-C. Section 527 Exempt Function Activity of Section 501(c) Organizations Other Than Section 501(c)(3)

**Note.** Section 501(c) organizations that collect political contributions or member dues earmarked for a separate segregated fund, and promptly and directly transfer them to that fund as prescribed in Regulations section 1.527-6(e), should not report them on lines 1 or 2. Such amounts should be reported on line 5e.

**Line 1.** Enter the amount of the organization's funds that it expended for section 527 exempt function activities.

**Line 2.** Enter the amount of the organization's funds that it transferred to other organizations, including a separate segregated section 527(f)(3) fund created by the organization, for section 527 exempt function activity.

**Line 3.** Total exempt function expenditures. Add lines 1 and 2 and enter on line 3 and on Form 1120-POL, line 17b.

**Line 4.** If the filing organization reported taxable political expenditures on Form 1120-POL for this year, answer "Yes."

**Line 5.** State the name, address and employer identification number (EIN) of each section 527 political organization to which payments were made. Enter the amount paid and indicate if the amount was paid from the filing organization's funds or were political contributions received and promptly and directly delivered to a separate political organization, such as a separate segregated fund or a political action committee (PAC). If additional space is needed, provide information in Part IV.

### Part II-A. Lobbying Activity

Only section 501(c)(3) organizations that have filed Form 5768 (election under section 501(h)) complete this section.

Part II-A provides a reporting format for any section 501(c)(3) organization that engaged in lobbying activities in its **tax year**, and for which the 501(h) lobbying expenditure election was valid and in effect. A public charity that makes a valid section 501(h) election may spend up to a certain percentage of its exempt purpose expenditures to influence legislation without incurring tax or losing its tax exempt status.

Complete lines 1a through 1i in column (a) for any organization required to complete Part II-A, but complete column (b) only for affiliated groups.

If the filing organization belongs to an affiliated group, check Part II-A, box A and complete lines 1a through 1i.
- Complete column (a) for the electing member of the group.
- Complete column (b) for the affiliated group as a whole.

**Affiliated group list.** Provide in Part IV a list showing each affiliated group member's name, address, EIN, and expenses. Show which members made the election under section 501(h) and which did not.

Include each electing member's share of the excess lobbying expenditures on the list.

Non-electing members do not owe tax, but remain subject to the general rule, which provides that no substantial part of their activities may consist of carrying on propaganda or otherwise trying to influence **legislation**.

If the filing organization checked box A and the limited control provisions apply to the organizations, each member of the affiliated group should check box B and complete column (a) only.

If the filing organization does not check box A, do not check box B.

Lines 1a–1i are used to determine whether any of the organization's current year lobbying expenditures are subject to tax under section 4911. File Form 4720 if the organization needs to report and pay the excise tax.

*Line 1a.* Enter the amount the organization expended for grassroots lobbying communications.

*Line 1b.* Enter the amount the organization expended for direct lobbying communications.

*Line 1c.* Add lines 1a and 1b.

*Line 1d.* Enter all other amounts (excluding lobbying) the organization expended to accomplish its exempt purpose.

*Line 1e.* Add lines 1c and 1d. This is the organization's total exempt purpose expenditures.

If there are no excess lobbying expenditures on either line 1h or 1i of column (b), treat each electing member of the affiliated group as having no excess lobbying expenditures. However, if there are excess lobbying expenditures on either line 1h or 1i of column (b), treat each electing member as having excess lobbying expenditures. In such case, each electing member must file Form 4720, and must pay the tax on its proportionate share of the affiliated group's excess lobbying expenditures. Enter the proportionate share in column (a) on line 1h or line 1i, or on both lines. Attach the list described above under *Affiliated Group List*. Show what amounts apply to each group member. To find a member's proportionate share, see Regulations section 56.4911-8(d).

*Line 1j.* If the filing organization reported section 4911 tax on Form 4720 for this year, answer "Yes."

**Line 2.** Line 2 is used to determine if the organization exceeded lobbying expenditure limits during the 4-year averaging period.

Any organization for which a lobbying expenditure election under section 501(h) was in effect for its tax year beginning in 2008 must complete columns (a) through (e) of lines 2a through 2f except in the following situations.

1. An organization first treated as a section 501(c)(3) organization in its tax year beginning in 2008 does not have to complete any part of lines 2a through 2f.
2. An organization does not have to complete lines 2a through 2f for any period before it is first treated as a section 501(c)(3) organization.
3. If 2008 is the first year for which an organization's section 501(h) election is effective, that organization must complete line 2a, columns (d) and (e). The organization must then complete all of column (e) to determine whether the amount on line 2c, column (e), is equal to or less than the lobbying ceiling amount calculated on line 2b and whether the amount on line 2f is equal to or less than the grassroots ceiling amount calculated on line 2e. The organization does not satisfy both tests if either its total lobbying expenditures or grassroots lobbying expenditures exceed the applicable ceiling amounts. When this occurs, all five columns must be completed and a re-computation made unless exception 1 or 2 above applies.
4. If 2008 is the second or third tax year for which the organization's first section 501(h) election is in effect, that organization is required to complete only the columns for the years in which the election has been in effect, entering the totals for those years in column (e). The organization must determine, for those 2 or 3 years, whether the amount entered in column (e), line 2c, is equal to or less than the lobbying ceiling amount reported on line 2b, and whether the amount entered in column (e), line 2f, is equal to or less than the grassroots ceiling amount calculated on line 2e. The organization does not satisfy both tests if either its total lobbying expenditures or grassroots lobbying expenditures exceed applicable ceiling amounts. When that occurs, all five columns must be completed and a re-computation made, unless exception 1 or 2 above applies. If the organization is not required to complete all five columns, provide a statement explaining why in Part IV. In the statement, show the ending date of the tax year in which the organization made its first section 501(h) election and state whether or not that first election was revoked before the start of the organization's tax year that began in 2008.

**Note.** If the organization belongs to an affiliated group, enter the appropriate affiliated group totals from column (b), lines 1a through 1i, when completing lines 2a, 2c, 2d, and 2f.

*Line 2a.* For 2005 through 2007, enter the amount from line 41 of Schedule A, Part VI-A, filed for each year. For 2008, enter the amount from Schedule C (Form 990 or 990-EZ), Part II-A, line 1f, filed for each year.

*Line 2c.* For 2005 through 2007, enter the amount from line 38 of Schedule A, Part VI-A, filed for each year. For 2008, enter the amount from Schedule C (Form 990 or 990-EZ), Part II-A, line 1c, for each year.

*Line 2d.* For 2005 through 2007, enter the amount from line 42 of Schedule A, Part VI-A filed for each year. For 2008, enter the amount from Schedule C (Form 990 or 990-EZ), Part II-A, line 1g, for each year.

*Line 2f.* For 2005 through 2007, enter the amount from line 36 of Schedule A, Part VI-A, filed for each year. For 2008, enter the amount from Schedule C (Form 990 or 990-EZ), Part II-A, line 1a, for each year.

Add each row of column (a) through (d) and put the total in column (e).

## Part II-B. Lobbying Activity

Only section 501(c)(3) organizations that have not filed Form 5768 (election under section 501(h)) or have revoked a previous election complete this section.

Part II-B provides a reporting format for any section 501(c)(3) organization that engaged in lobbying activities in its 2008 **tax year** but did not make a section 501(h) lobbying expenditure election for that year by filing Form 5768. The Part II-A instructions defining direct and grassroots lobbying activities by organizations that made the section 501(h) election do not apply to organizations that complete Part II-B.

Non-electing section 501(c)(3) organizations must complete both columns (a) and (b) of Part II-B to show lobbying expenditures paid or incurred.

**Note.** A non-electing organization will generally be regarded as lobbying if the organization either contacts, or urges the public to contact, members of a legislative body for the purpose of proposing, supporting, or opposing legislation or the government's budget process; or advocates the adoption or rejection of legislation.

-4-

Organizations should answer "Yes" or "No" in column (a) to questions 1a through 1i and describe in Part IV the activities the organization conducted (through its employees or volunteers) attempting to influence legislation. Examples of activities include:
• Sending letters or publications to government officials or legislators,
• Meeting with or calling government officials or legislators,
• Sending or distributing letters or publications (including newsletters, brochures, etc.) to members or to the general public, or
• Using direct mail, placing advertisements, issuing press releases, holding news conferences, or holding rallies or demonstrations.

Additionally, organizations must provide lobbying expenditures paid or incurred in column (b) for lines 1c through 1i with the total expenditures provided on line 1j.

**Line 1f.** Grants to other organizations are amounts from the organization's funds given to another organization for the purpose of assisting the other organization conducting lobbying activities.

**Line 1g.** Direct contact is a personal telephone call or visit with legislators, their staffs, or government officials.

**Line 1h.** Rallies, demonstrations, seminars, conventions, speeches, and lectures are examples of public forums conducted directly by the organization or paid for out of the organization's funds.

**Line 1i.** Provide a detailed description of any other activity that the organization engaged in to influence legislation. The description should include all lobbying activities, whether expenses are incurred or not (for example, even lobbying activities carried out by unreimbursed volunteers). If additional space is needed, describe in Part IV.

**Line 2a.** Answer "Yes" if a section 501(c)(3) organization ceased to be described as a section 501(c)(3) organization because the amount on line 1j was substantial.

**Line 2b.** Enter the amount of taxes, if any, imposed on the organization itself under section 4912, unless abated.

**Line 2c.** Enter the amount of taxes, if any, imposed on the organization managers under section 4912, unless abated.

**Line 2d.** If the filing organization reported a section 4912 tax on a Form 4720 for this year, answer "Yes."

## Part III. Section 6033(e) Notice and Reporting Requirements and Proxy Tax

Only certain organizations that are tax-exempt under:
• Section 501(c)(4) (social welfare organizations),
• Section 501(c)(5) (agricultural and horticultural organizations), or
• Section 501(c)(6) (business leagues) are subject to the section 6033(e) notice and reporting requirements, and a potential proxy tax. These organizations must report their total lobbying expenses, political expenses, and membership dues, or similar amounts.

Section 6033(e) requires certain section 501(c)(4), (5), and (6) organizations to tell their members what portion of their membership dues were allocable to the political or **lobbying activities** of the organization. If an organization does not give its members this information, then the organization is subject to a proxy tax. This tax is reported on Form 990-T.

## Part III-A

**Line 1.** Answer "Yes" if any of the following exemptions apply. By doing so, the organization is declaring that substantially all of its membership dues were nondeductible.

1. Local associations of employees' and veterans' organizations described in section 501(c)(4), but not section 501(c)(4) social welfare organizations.
2. Labor unions and other labor organizations described in section 501(c)(5), but not section 501(c)(5) agricultural and horticultural organizations.
3. Section 501(c)(4), section 501(c)(5), and section 501(c)(6) organizations that receive more than 90% of their dues from:
   a. Organizations exempt from tax under section 501(a), other than section 501(c)(4), section 501(c)(5), and section 501(c)(6) organizations,
   b. State or local governments,
   c. Entities whose income is exempt from tax under section 115, or
   d. Organizations described in 1 or 2, above.
4. Section 501(c)(4) and section 501(c)(5) organizations that receive more than 90% of their annual dues from:
   a. Persons,
   b. Families, or
   c. Entities,
who each paid annual dues of $97 or less in 2008 (adjusted annually for inflation).
5. Any organization that receives a private letter ruling from the IRS stating that the organization satisfies the section 6033(e)(3) exception.
6. Any organization that keeps records to substantiate that 90% or more of its members cannot deduct their dues (or similar amounts) as business expenses whether or not any part of their dues are used for lobbying purposes.
7. Any organization that is not a membership organization.

⚠ *Special rules treat affiliated social welfare organizations, agricultural and horticultural organizations, and business leagues as parts of a single organization for purposes of meeting the nondeductible dues exception. See Rev. Proc. 98-19, 1998-1 C.B. 547.*

**Line 2.** Answer "Yes" for line 2 if the organization satisfies the following criteria of the $2,000 in-house lobbying exception.

1. Did not make any political expenditures or foreign lobbying expenditures during the 2008 reporting year, and
2. Made lobbying expenditures during the 2008 reporting year consisting only of in-house direct lobbying expenditures totaling $2,000 or less, but excluding:
   a. Any allocable overhead expenses, and
   b. All direct lobbying expenses of any local council regarding legislation of direct interest to the organization or its members.

If the organization's in-house direct lobbying expenditures during the 2008 reporting year were $2,000 or less, but the organization also paid or incurred other lobbying or political expenditures during the 2008 reporting year, it should answer "No" to question 2. If the organization is required to complete Part III-B, the $2,000 or less of in-house direct lobbying expenditures should not be included in the total on line 2a.

**Line 3.** Answer "Yes" for line 3 if the organization on its prior year report agreed to carryover an amount to be included in the current year's reasonable estimate of lobbying and political expenses.

Complete Part III-B only if the organization answered "No" to both line 1 and line 2 or if the organization answered "Yes" to line 3.

## Part III-B. Dues Notice, Reporting Requirements, and Proxy Tax

**Dues notices.** An organization that checked "No" for both Part III-A, lines 1 and 2, and is thus responsible for completing Part III-B, must send dues notices to its members at the time of assessment or payment of dues, unless the organization chooses to pay the proxy tax instead of informing its members of the nondeductible portion of its dues. These dues notices must reasonably estimate the dues allocable to the nondeductible lobbying and political expenditures reported in Part III-B, line 2a. An organization that checked "Yes" for Part III-A, line 3, must send dues notices to its members at the time of assessment or payment of dues and include the amount it agreed to carryover in its reasonable estimate of the dues allocable to the nondeductible lobbying and political expenditures reported in Part III-B, line 2a.

-5-

**Dues, Lobbying, and Political Expenses**

| IF ... | THEN ... |
| --- | --- |
| The organization's lobbying and political expenses are more than its membership dues for the year, | The organization must: (a) Allocate all membership dues to its lobbying and political activities, and (b) Carry forward any excess lobbying and political expenses to the next tax year. |
| The organization: (a) Had only *de minimis* in-house expenses ($2,000 or less) and no other nondeductible lobbying or political expenses (including any amount it agreed to carryover); or (b) Paid a proxy tax, instead of notifying its members on the allocation of dues to lobbying and political expenses; or (c) Established that substantially all of its membership dues, etc., are not deductible by members. | The organization need not disclose to its membership the allocation of dues, etc., to its lobbying and political activities. |

Members of the organization cannot take a trade or business expense deduction on their tax returns for the portion of their dues, etc., allocable to the organization's lobbying and political activities.

**Proxy Tax**

| IF ... | THEN ... |
| --- | --- |
| The organization's actual lobbying and political expenses are more than it estimated in its dues notices, | The organization is liable for a proxy tax on the excess. |
| The organization: (a) Elects to pay the proxy tax, and (b) Chooses not to give its members a notice allocating dues to lobbying and political campaign activities, | All the members' dues remain eligible for a section 162 trade or business expense deduction. |
| The organization: (a) Makes a reasonable estimate of dues allocable to nondeductible lobbying and political activities, and (b) Agrees to adjust its estimate in the following year*. | The IRS may permit a waiver of the proxy tax. |
| *A facts and circumstances test determines whether or not a reasonable estimate was made in good faith. | |

**Allocation of costs to lobbying activities and influencing legislation.** An organization that is subject to the lobbying disclosure rules of section 6033(e) must use a reasonable allocation method to determine total costs of its direct lobbying activities; that is, costs to influence:
• Legislation, and
• The actions of a covered executive branch official through direct communication (for example, President, Vice-President, or cabinet-level officials, and their immediate deputies) (section 162(e)(1)(A) and section 162(e)(1)(D)).

Reasonable methods of allocating costs to direct lobbying activities include, but are not limited to:
• The ratio method,
• The gross-up and alternative gross-up methods, and
• A method applying the principles of section 263A.

For more information, see Regulations sections 1.162-28 and 1.162-29. See the special rules and definitions for these allocation methods given below.

An organization that is subject to the lobbying disclosure rules of section 6033(e) must also determine its total costs of:
• *De minimis* in-house lobbying,
• Grassroots lobbying, and
• Political campaign activities.

There are no special rules related to determining these costs.

**All methods.** For all the allocation methods, include labor hours and costs of personnel whose activities involve significant judgment with respect to lobbying activities.

## Special Rules

**Ratio and gross-up methods.** These methods:
• May be used even if volunteers conduct activities, and
• May disregard labor hours and costs of clerical or support personnel (other than lobbying personnel) under the ratio method.

**Alternative gross-up method.** This method may disregard:
• Labor hours, and
• Costs of clerical or support personnel (other than lobbying personnel).

**Third-party costs.** These are costs paid to:
• Outside parties for conducting lobbying activities,
• Dues paid to another membership organization that were declared to be nondeductible lobbying expenses, and
• Travel and entertainment costs for lobbying activities.

**Direct contact lobbying.** Treat all hours spent by a person in connection with direct contact lobbying as labor hours allocable to lobbying activities.

Do not treat the hours spent by a person who engages in research and other background activities related to direct contact lobbying, but who makes no direct contact with a legislator, or covered executive branch official, as direct contact lobbying.

**De minimis rule.** If less than 5% of a person's time is spent on lobbying activities, and there is no direct contact lobbying, an organization may treat that person's time spent on lobbying activities as zero.

**Purpose for engaging in an activity.** The purpose for engaging in an activity is based on all the facts and circumstances. If an organization's lobbying communication was for a lobbying and a non-lobbying purpose, the organization must make a reasonable allocation of costs to influencing legislation.

**Correction of prior year lobbying costs.** If in a prior year, an organization treated costs incurred for a future lobbying communication as a lobbying cost to influence legislation, but after the organization filed a timely return, it appears the lobbying communication will not be made under any foreseeable circumstance, the organization may apply these costs to reduce its current year's lobbying costs, but not below zero. The organization may carry forward any amount of the costs not used to reduce its current year's lobbying costs to subsequent years.

*Example 1. Ratio method.*
X Organization incurred:
 1. 6,000 labor hours for all activities,
 2. 3,000 labor hours for lobbying activities (3 employees),
 3. $300,000 for operational costs, and
 4. No third-party lobbying costs.

X Organization allocated its lobbying costs as follows:

| Lobbying labor hrs. | Total costs of operations | Allocable third-party costs | Costs allocable to lobbying activities |
| --- | --- | --- | --- |
| $\frac{3,000}{6,000}$ Total labor hrs. | × $300,000 | + $-0- | = $150,000 |

*Example 2. Gross-up method and alternative gross-up method.*
A and B are employees of Y Organization.
 1. A's activities involve significant judgment with respect to lobbying activities.
 2. A's basic lobbying labor costs (excluding employee benefits) are $50,000.
 3. B performs clerical and support activities for A.
 4. B's labor costs (excluding employee benefits) in support of A's activities are $15,000.
 5. Allocable third-party costs are $100,000.

If Y Organization uses the gross-up method to allocate its lobbying costs, Y

-6-

multiplies 175% times its basic labor costs (excluding employee benefits) for all of the lobbying of its personnel and adds its allocable third-party lobbying costs as follows:

| Basic lobbying labor costs of A + B | | Allocable third-party costs | | Costs allocable to lobbying activities |
|---|---|---|---|---|
| 175% × $65,000 | + | $100,000 | = | $213,750 |

If Y Organization uses the alternative gross-up method to allocate its lobbying costs, Y multiplies 225% times its basic labor costs (excluding employee benefits) for all of the lobbying hours of its lobbying personnel and adds its third-party lobbying costs as follows:

| Basic lobbying labor costs of A | | Allocable third-party costs | | Costs allocable to lobbying activities |
|---|---|---|---|---|
| 225% × $50,000 | + | $100,000 | = | $212,500 |

**Section 263A cost allocation method.** The examples that demonstrate this method are found in Regulations section 1.162-28(f).

**Line 1.** Enter the total dues, assessments, and similar amounts allocable to the 2008 reporting year. Dues are the amounts the organization requires a member to pay in order to be recognized as a member.

Payments that are similar to dues include:
  1. Members' voluntary payments,
  2. Assessments to cover basic operating costs, and
  3. Special assessments to conduct lobbying and political activities.

**Line 2.** Include on line 2a the total amount of expenses paid or incurred during the 2008 reporting year in connection with:
  1. Influencing legislation;
  2. Participating or intervening in any political campaign on behalf of (or in opposition to) any candidate for any public office;
  3. Attempting to influence any segment of the general public with respect to elections, legislative matters, or referendums; or
  4. Communicating directly with a covered executive branch official in an attempt to influence the official actions or positions of such official.

Do not include:
  1. Any direct lobbying of any local council or similar governing body with respect to legislation of direct interest to the organization or its members;
  2. In-house direct lobbying expenditures, if the total of such expenditures is $2,000 or less (excluding allocable overhead); or
  3. Political expenditures for which the section 527(f) tax has been paid (on Form 1120-POL).

Reduce the current year's lobbying expenditures, but not below zero, by costs previously allocated in a prior year to lobbying activities that were cancelled after a return reporting those costs was filed.

Carry forward any amounts not used as a reduction to subsequent years.

Include on line 2b:
  1. Lobbying and political expenditures carried over from the preceding tax year.
  2. An amount equal to the taxable lobbying and political expenditures reported on line 85f for the preceding tax year, if the organization received a waiver of the proxy tax imposed on that amount.

**Line 3.** Enter the total amount of dues, assessments, and similar amounts received, allocable to the 2008 reporting year that members were notified were nondeductible under section 162(e).

*Example.*
• Membership dues: $100,000 for the 2008 reporting year,
• Organization's timely notices to members: 25% of membership dues nondeductible, and
• Line 3 entry: $25,000.

**Line 4.** If the amount on line 2c exceeds the amount on line 3 and the organization sent dues notices to its members at the time of assessment or payment of dues, include the amount on line 4 that the organization agrees to carryover to the reasonable estimate of nondeductible lobbying and political expenditure next year and include the amount in Part III-B, line 2b (carryover lobbying and political expenses), or its equivalent, on the 2009 Schedule C (Form 990 or 990-EZ).

If the organization did not send notices to its members, enter zero on line 4.

**Line 5.** The taxable amount reportable on line 5 is the amount of dues, assessments, and similar amounts received:
  1. Allocable to the 2008 reporting year, and
  2. Attributable to lobbying and political expenditures that the organization did not timely notify its members were nondeductible.

Report the tax on Form 990-T.

If the amount on line 1 (dues, etc.) is **greater** than the amount on line 2c (lobbying & political expenses), then subtract dues shown in notices (line 3) and the carryover amount (line 4) from the total lobbying and political expenses (line 2c) to determine the taxable lobbying and political expenses to be shown on line 5.

If the amount on line 1 (dues, etc.) is **less** than the amount on line 2c (lobbying & political expenses), then subtract dues shown in notices (line 3) and the carryover amount (line 4) from dues, etc. (line 1) to determine the taxable lobbying & political expenses.

Subtract dues, etc. (line 1) from lobbying and political expenses (line 2c) to determine the excess amount to be carried over to the following tax year and reported on Part III-B, line 2b (carryover lobbying & political expenses), or its equivalent, on the next year Form 990 along with the amounts the organization agreed to carryover in line 4.

**Underreporting of lobbying expenses.** An organization is subject to the proxy tax for the 2008 reporting year for underreported lobbying and political expenses only to the extent that these expenses (if actually reported) would have resulted in a proxy tax liability for that year. A waiver of proxy tax for the tax year only applies to reported expenditures.

An organization that underreports its lobbying and political expenses is also subject to the section 6652(c) daily penalty for filing an incomplete or inaccurate return. See *H. Failure To File Penalties*, in the Instructions for Form 990.

**Examples.** Organizations A, B, and C:
  1. Reported on the calendar year basis,
  2. Incurred only grassroots lobbying expenses (did not qualify for the under $2,000 in-house lobbying exception (*de minimis* rule)), and
  3. Allocated dues to the tax year in which they were received.

*Organization A.* Dues, assessments, and similar amounts received in 2008 were greater than its lobbying expenses for 2008.

**Workpapers (for 2008 Form 990) — Organization A**

| | | |
|---|---|---|
| 1. Total dues, assessments, etc., received | $800 | |
| 2. Lobbying expenses paid or incurred | | $600 |
| 3. Less: Total nondeductible amount of dues notices | 100 | 100 |
| 4. Subtract line 3 from both lines 1 and 2 | $700 | $500 |
| 5. Taxable amount of lobbying expenses (smaller of the two amounts on line 4) | | $500 |

 *The amounts on lines 1, 2, 3, and 5 of the workpapers were entered on lines 1, 2c, 3, and 5 of the 2008 Schedule C (Form 990 or 990-EZ), Part III-B.*

Because dues, etc., received were greater than lobbying expenses, there is no carryover of excess lobbying expenses to Part III-B, line 2b, 2008 Form 990.

See the instructions for Part III-B, line 5, for the treatment of the $500.

*Organization B.* Dues, assessments, and similar amounts received in 2008 were less than lobbying expenses for 2008.

**Workpapers (for 2008 Form 990) — Organization B**

1. Total dues, assessments, etc., received       $400
2. Lobbying expenses paid or incurred                    $600
3. Less: Total nondeductible amount of dues notices    100    100
4. Subtract line 3 from both lines 1 and 2           $300   $500
5. Taxable amount of lobbying expenses (smaller of the two amounts on line 4)    $300

**TIP** *The amounts on lines 1, 2, 3, and 5 of the workpapers were entered on lines 1, 2c, 3, and 5 of the 2008 Schedule C (Form 990 or 990-EZ), Part III-B.*

Because dues, etc., received were less than lobbying expenses, excess lobbying expenses of $200 must be carried forward to Part III-B, line 2b, of the 2009 Schedule C (Form 990 or 990-EZ) (excess of $600 of lobbying expenses over $400 dues, etc., received). The $200 will be included along with the other lobbying and political expenses paid or incurred in the 2009 reporting year.

See the instructions for Part III-B, line 5, for the treatment of the $300.

*Organization C.* Dues, assessments, and similar amounts received in 2008 were greater than lobbying expenses for 2008 and the organization agreed to carryover a portion of its excess lobbying and political expenses to the next year.

**Workpapers (for 2008 Form 990) — Organization C**

1. Total dues, assessments, etc., received       $800
2. Lobbying expenses paid or incurred                    $600
3. Less: Total nondeductible amount of dues notices    100    100
4. Less: Amount agreed to carryover                     100    100
5. Subtract line 3 and 4 from both lines 1 and 2     $600   $400
6. Taxable amount of lobbying expenses (smaller of the two amounts on line 5)    $400

**TIP** *The amounts on lines 1, 2, 3, 4, and 5 of the workpapers were entered on lines 1, 2c, 3, 4, and 5 of the 2008 Schedule C (Form 990 or 990-EZ), Part III-B.*

See the instructions for Part III-B, line 5, for the treatment of the $400.

## Part IV. Supplemental Information

Use Part IV to provide narrative information required in Part I-A, line 1, Part I-B, line 4, Part I-C, line 5, Part II-A, line 1 (affiliated group list), Part II-A, line 2a, and Part II-B, line 1. Also use Part IV to provide other narrative explanations and descriptions. Identify the specific part and line number that the response supports, in the order in which they appear on Schedule C (Form 990 or 990-EZ). Part IV may be duplicated if more space is needed.