UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI )<br>)<br>and )<br>)<br>NATIONAL IRANIAN AMERICAN COUNCIL, )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DAIOLESLAM SEID HASSAN, )<br>Defendant. )<br>) | CIVIL NO. 08 CV 00705 (JDB) |

**DEFENDANT'S BILL OF RECOVERABLE COSTS PURSUANT TO THE
COURT'S ORDER OF AUGUST 30, 2011**

Pursuant to the Court's Order of August 30, 2011 and the hearings of June 3, 2011 and August 30, 2011 regarding Defendant's *Motion to Compel Production of Server and Compliance with Court's Orders of July 1, 2010 and March 29, 2011* (Dkt. No. 112) and *Motion to Compel Production of Membership Lists* (Dkt. No. 113) (collectively, the "Motions"), Defendant hereby submits this Bill of Recoverable Costs. Because this was the third order to compel required regarding the server imaging and second regarding the membership lists, the Court's Order requires Plaintiffs to pay Defendant's costs associated with bringing the Motions within seven days of submission of this Bill of Recoverable Costs.

As the Court made clear to Plaintiffs at the June 3, 2011 hearing, if these matters were not resolved extrajudicially and motions to compel were granted, Plaintiffs would be responsible for Defendant's costs – including fees – necessitated by the Motions:

> Given that background, I'm prepared, with respect to individual discovery motions, not getting into the sanctions arena yet, but the individual discovery motions I'm prepared to award costs and fees on. In other words, if someone brings a discovery motion, and I think, given the history, as it's presented in the motion, and the resolution that I believe is the proper resolution of the motion, if I feel that sanctions are appropriate, I will award sanctions with respect to that motion.

Hearing Tr., 20, June 3, 2011. Moreover, Federal Rule of Civil Procedure 37(a)(5)(A) provides: "If the motion [to compel] is granted ... the court must, after giving the party the opportunity to be heard, require the party of deponent whose conduct necessitated the motion, the party of attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Defendant hereby submits this Bill of Recoverable Costs, which includes attorney's fees and expenses associated with bringing the Motions. (Itemized list attached as Ex. A). As the Court is aware, Defendant's counsel is proceeding on a pro bono basis, and so technically Defendant will not incur such fees. Rule 37(a)(5)(A) does not, however, distinguish between pro bono and remunerated counsel as to do so would countenance violation of court orders and rules were there no risk of having to pay fees. Accordingly, Exhibit A includes an itemized list of the time of counsel required to address Plaintiffs' discovery lapses. The rates used are substantially discounted (more than 25%) from the standard rates charged by Defendant's counsel. Counsel for Defendant certifies that the time reflected was reasonably necessary to the bringing of the Motions.

2

Respectfully submitted,

Dated:  September 6, 2011

_____
Timothy E. Kapshandy (Illinois Bar No.
06180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
Thomas E. Ross (D.C. Bar No. 994275)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
tom.ross@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2011, I caused true and correct copies of the foregoing **BILL OF RECOVERABLE COSTS PURSUANT TO COURT'S ORDER OF AUGUST 30, 2011** to be served by E-Mail upon:

> Afshin Pishevar
> Adrian Nelson
> 600 East Jefferson Street
> Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com
> anelson@pishevarlegal.com

Dated: September 6, 2011

_____
Timothy E. Kapshandy (Illinois Bar No. 06180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
Thomas E. Ross (D.C. Bar No. 994275)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
tom.ross@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

CH1 6203173v.1