IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** | )<br>)<br>) |
| and | )<br>) |
| **NATIONAL IRANIAN AMERICAN COUNCIL** | )<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Civil No. 08 CV 00705 |
| **HASSAN SEID DAIOLESLAM,** | )<br>)<br>) |
| Defendant | )<br>) |

**PLAINTIFFS' MOTION TO STAY
AND EXCEPTIONS TO DEFENDANT'S BILL OF COSTS**

COME NOW Plaintiffs, Dr. Trita Parsi and the National Iranian American Council ("NIAC") (collectively "NIAC"), by and through their counsel, Afshin Pishevar, Esquire, Adrian V. Nelson, II, Esquire, and Pishevar & Associates, P.C., pursuant to Fed. R. Civ. P., Rules 6 and 37, and hereby moves the Court to stay any obligation of Plaintiffs to pay Defendant's Bill of Costs until such time as the Court rules upon Plaintiff's Exceptions to Defendant's Bill of Costs, and states as follows:

**I.   REQUEST FOR A STAY**

This request for a stay is not a delay tactic. Plaintiffs have made provisions to pay the $24,845.00 Bill of Costs filed by the defendant pursuant to the Court's August 30, 2011 Order. Rather, the requested stay is necessary to ensure that Plaintiff is not in violation of the Court's

Order while the Court considers Plaintiffs' Exceptions to the Defendant's Bill of Costs, which are set forth herein.

Accordingly, Plaintiffs respectfully request that any requirement pursuant to the Court's August 30, 2011, Order, regarding the payment of costs associated with both Defendant's Motion to Compel Production of Server and Compliance with Court's Orders of July 1, 2010 and March 29, 2011 ("Motion to Compel Server") and Defendant's Motion to Compel Production of Membership Lists ("Motion to Compel Membership Lists") (collectively "Defendant's Motions") be stayed until the Court has an opportunity to consider Plaintiffs' exceptions to the defendant's Bill of Costs.

## II.  EXCEPTIONS TO BILL OF COSTS

### A.  Defendant's Methodology Is In Err and/or Unclear.

#### 1.  Defendant's Methodology Is Unclear.

From Plaintiff's Bill of Costs, it appears that four persons worked on Defendant's Motion to Compel Server and Motion to Compel Membership Lists, including: Thomas Kapshandy, Esquire, Thomas Ross, Esquire, HL Rogers, Esquire, Ms. Meredith Dudley, and Mr. Jeffrey Tisak.  (See Attachment "A" to Defendant's Bill of Costs).  Upon information and belief, Messrs. Kapshandy, Ross and Rogers are attorneys, while Ms. Dudley and Mr. Tisak are non-attorneys, possibly paralegals.  (See Attached Exhibit "A" – "C," Biographies for Timothy Kapshandy, HL Rogers, and Thomas Ross respectively.)

The Bill of Costs submitted by Defendant does not set out any hourly rates for any of the persons who provided professional services in support of Defendant's Motions.  It appears that the defendant applied a blended hourly rate of approximately $99.62 to the work performed by

both its attorneys and non-attorneys, a rate that the defendant has asserted is a discounted rate. However, both the Court and Plaintiffs are left to speculate as to the hourly rates used by the defendant. Instead, the defendant should be required to outline what hourly rate it is using for the professional services provided for each of its attorneys and non-attorneys.

Accordingly, Defendant should be required to resubmit its Bill of Costs with rate information specified for each of the persons who provided professional services in support of Defendant's Motion to Compel Production of Server and Motion to Compel Membership Lists.

### 2. Defendant's Methodology Is In Err.

Defendant's Bill of Costs indicates that 249.4 hours of both attorney and non-attorney time was spent in support of Defendant's Motions. However, the actual billable hours set forth in Defendant's Bill of Costs totals only 124.7. It appears that the defendant has made an error in its Bill of Costs or has applied some unspecified multiplier effect. Defendant should be required to adjust its bill by 50% or provide case authority for its entitlement to a multiplier.

Accordingly, for this additional reason Defendant's Bill of Costs should be rejected.

### B. The Time Spent In Support of Defendant's Motions Seems Unreasonable.

#### 1. The Unreasonableness of Attorney Time Spent In Support of Defendant's Motion.

Messrs. Kapshandy, Ross, and Rogers collectively spent 43.1 hours in support of both of Defendant's Motions. In essence, defendant's counsel spent eight hours per day during a five day work week in support of Defendant's Motions. This seems unreasonable for several reasons. First, the Court is asked to consider that Defendant's Motion to Compel Server was only four pages and contained no case law, and the defendant's Reply In Support of Defendant's Motion to Compel Server was only eleven pages, which also did not contain any case law. Both Defendant's Motion to Compel Server and Reply consisted of factual arguments that had been

previously outlined in other forms, including letters to opposing counsel and status reports to the Court. Additionally, with respect to Defendant's Motion to Compel Membership Lists and Reply, the initial motion was 14 pages and the Reply was only 6 pages. Again, Defendant's Motion and Reply consisted of previously made factual arguments and required no legal argument based upon legal research.

In essence, Defendant's Motions and respective Replies totaled approximately 35 pages. It seems unreasonable that Defendant's attorneys billed over one hour for each page of Defendant's Motions and Replies, which pleadings contained only regurgitated factual arguments and no arguments that required any legal research.

Accordingly, Plaintiffs respectfully submit that the attorney time devoted to Defendant's Motions and Replies was unreasonable.

### 2. The Unreasonableness of Non-Attorney Time Spent In Support of Defendant's Motion.

The amount of non-attorney time spent in support of Defendant's Motion is astounding. Ms. Dudley and Mr. Tisak spent 81.6 hours compiling the exhibits that supported Defendant's Motion. In essence they spent two complete 40-hour work weeks preparing the exhibits in support of Defendant's Motions. Simply put, this is excessive.

Accordingly, Plaintiffs respectfully submit that the non-attorney time rendered in support of Defendant's Motions and Replies was unreasonable and excessive.

### III. CONCLUSION

Accordingly, for each of the reasons set forth above, Plaintiffs' Motion to Stay should be granted and Defendant should be required to modify its Bill of Costs as follows: (1) identify the billable rates of its attorney and non-attorney personnel; (2) explain Defendant's apparent

- 5 -

miscalculation as it relates to the total attorney and non-attorney time included in its Bill of Costs, or in the alternative, provide case authority for its use of a multiplier; and (3) justify the reasonableness of both the attorney and non-attorney time rendered in support of Defendant's Motions.

                                              Respectfully submitted,

                                              _____/S/_____
                                              A.P. Pishevar (D.C. Bar No. 451015)
                                              Adrian V. Nelson, II (*Pro Hac Vice*)
                                              **PISHEVAR & ASSOCIATES, P.C.**
                                              600 East Jefferson Street, Suite 316
                                              Rockville, MD 20852
                                              Phone: (301) 279 – 8773
                                              Fax:   (301) 279 – 7347
                                              Counsel for the Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 08 CV 00705 (JDB) |
| | ) |
| DAIOLESLAM SEID HASSAN, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I certify that on September 13, 2011, I served, via email, Plaintiff's Motion to Stay and Exceptions to Defendant's Bill of Costs to:

> Timothy E. Kapshandy, Esquire
> Peter G. Jensen, Esquire
> SIDLEY AUSTIN LLP
> 1501 K Street, N.W.
> Washington, D.C. 20005
> (202) 736-8000
> tkapshandy@sidley.com
>
> Attorneys for Defendant
> Seid Hassan Daioleslam
>
>
> _____/s/_____
> Afshin Pishevar
> Adrian Nelson
> 600 East Jefferson Street
> Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com
> anelson@pishevarlegal.com
>
>
> Attorneys for Plaintiff
> Trita Parsi
> National Iranian American Council

- 6 -