# EXHIBIT O

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - -

TRITA PARSI and NATIONAL       :
IRANIAN AMERICAN COUNCIL       :
      Plaintiffs            :
      V.                    :   Civil No.:
DAIOLESLAM SEID HASSAN,        :   08 CV 00705 (JDB)
      Defendant             :   Page 1-350

VOLUME I

- - -

Wednesday, December 1, 2010

- - -

Deposition of Dr. Trita Parsi was taken at the Law Offices of Sidley Austin, LLP, 1501 K Street, NW, Sixth Floor, Washington, DC 20005 commencing at 9:18 a.m. before Sherry L. Brooks, Professional Court Reporter and Notary Public, in and for the District of Columbia.

\* \* \*

```
 1   APPEARANCES:

 2

 3   PISHEVAR & ASSOCIATES, PC
     BY:  ADRIAN V. NELSON, II, ESQUIRE
 4        A.P. PISHEVAR, ESQUIRE
          PATRICK PARSA, ESQUIRE
 5   Jefferson Plaza, Suite 316
     600 East Jefferson Street
 6   Rockville, MD  20852
     (301) 279-8773
 7   (301) 279-7347 (Fax)
     E-mail:  Anelson@pishevarlegal.com
 8   Representing the Plaintiffs

 9
     SIDLEY AUSTIN, LLP
10   BY:  TIMOTHY E. KAPSHANDY, ESQUIRE
          JOSHUA J. FOUGERE, ESQUIRE
11   One South Dearborn
     Chicago, IL  60603
12   (312) 853-7643
     (312) 835-7036 (Fax)
13   E-mail:  Tkapshandy@sidley.com
              Jfougere@sidley.com
14   Representing the Defendant

15   ALSO PRESENT:

16       Daioleslam Seid Hassan, Defendant
         Jeff Tisak, Legal Assistant
17

18

19

20

21

22
```

Page 5

1          P R O C E E D I N G S
2              *    *    *    *    *
3              DR. TRITA PARSI
4  was called for examination by counsel and, after
5  having been duly sworn by the Notary, was examined
6  and testified as follows:
7          EXAMINATION BY COUNSEL FOR DEFENDANT
8          BY MR. KAPSHANDY:
9      Q.   Could you state your full name for the
10 record, please?
11     A.   Trita Parsi.
12     Q.   And have you always been known by that
13 name?
14     A.   Yes, though there's been a change in the
15 spelling of my name.
16     Q.   And how is that?
17     A.   It used to be T-E-R-I-T-A.
18     Q.   And what does one find it spelled that
19 way, like on your birth certificate or passport or
20 what?
21     A.   I believe -- no. It's not on my birth
22 certificate because my birth certificate is from

1          MR. NELSON:  Asked and answered.
2          THE WITNESS:  Mr. Kapshandy, part of --
3          BY MR. KAPSHANDY:
4     Q.    It's a simple question.  Are you aware
5  that he testified that E-mails were put onto and
6  produced from the server?
7     A.    Part of the reason why this is not a
8  simple question is because either you don't
9  understand the technological terminology or you
10 pretend not to.
11         The statement that you read for me, which
12 is the first time I've heard it, because I have not
13 reviewed the transcripts, says that all electronic
14 files were put on a shared drive.
15         That means that as the discovery was done,
16 E-mails, which means PST files, and other documents
17 were put on the shared drive.  That does not mean
18 that E-mails were originally stored, hosted, on a
19 shared drive.
20    Q.    My question for you is very simple, Mr.
21 Parsi; and that is:  You understand where we got the
22 idea that there were E-mails on the shared server and

1  that the word "server" was used because it was used
2  both by your counsel in open court and by the person
3  that you offered as your representative of the
4  discovery process, Mr. Elliott?
5              You understand where we got the idea that
6  a server was used?
7              MR. NELSON:  Objection to the foundation
8  of the question.  I don't believe David Elliott was
9  ever produced other than in his capacity as an
10 employee of NIAC.  He was not offered as an expert,
11 nor was he offered as a 30(b)(6) witness on the issue
12 of technology.
13             MR. KAPSHANDY:  Counsel, Elliott was
14 produced to us as the person most knowledgeable about
15 the discovery process.
16             MR. NELSON:  Under Rule 30(b)(6)?
17             MR. KAPSHANDY:  Yes, he was.  We requested
18 him.  You produced him.
19             MR. NELSON:  Regarding the discovery
20 process, he was not identified as a technical expert,
21 was he?
22             MR. KAPSHANDY:  No, not as an expert, as a

Page 97

1  discovery process. I agree with that.
2          THE WITNESS: Can I answer the question?
3          BY MR. KAPSHANDY:
4     Q.   Yes, my question was --
5     A.   I know your question. I do not understand
6  where you would get the idea from, mindful of the
7  fact that it has been clarified on numerous
8  occasions.
9          Now, if there's a lack of willingness to
10 listen to what we're saying in explaining these
11 things, then that's not something that is within my
12 control, but I don't understand why this would be so
13 difficult to understand when it has been clarified on
14 so many occasions.
15    Q.   So even though the person that NIAC
16 tendered as the person most knowledgeable about the
17 discovery process and your lawyers in court on June
18 3rd of this year said that there were E-mails on that
19 server --
20         MR. PISHEVAR: I'm sorry. I need a
21 clarification.
22         MR. KAPSHANDY: Let me finish the

```
 1                      CERTIFICATE

 2           I hereby certify that the witness was duly

 3    sworn by me and that the deposition is a true record

 4    of the testimony given by the witness.

 5

 6                  _____

 7                  Sherry L. Brooks, Court Reporter

 8

 9    (The foregoing certification of this transcript does

10    not apply to any reproduction of the same by any

11    means, unless under the direct control and/or

12    supervision of the certifying shorthand reporter.)
```