# EXHIBIT R

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI, | ) |
| | ) |
| and | ) |
| | ) |
| NATIONAL IRANIAN AMERICAN COUNCIL | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 08 CV 00705 (JDB) |
| | ) |
| SEID HASSAN DAIOLESLAM | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF TRITA PARSI'S UNVERIFIED OBJECTIONS AND ANSWERS
TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

COMES NOW the Plaintiff, Dr. Trita Parsi ("Plaintiff" and/or "Parsi"), by and through their counsel, Afshin Pishevar, Esquire, Adrian V. Nelson, II, Esquire and Pishevar & Associates, P.C., pursuant to Fed. R. Civ. P., Rules 26 ad 33, and hereby submits the following objections and answers to Defendant's First Set of Interrogatories (to Plaintiff Trita Parsi), and states as follows:

**OBJECTIONS AND ANSWERS**

INTERROGATORY NUMBER 1:   Does Trita Parsi use a laptop computer for emails, a calendar, or document processing?

    a.  If so, was that laptop computer provided to PricewaterhouseCoopers for imaging on August 18, 2010?

    b.  If not, what was the disposition of that laptop computer?

    c.  If not, was that laptop computer ever searched for responsive emails, documents, and calendar records, and if so, by whom and when?

    d.  Were any of Trita Parsi's laptop computers backed-up, and if so, onto what media?

    e.  Was any media containing backed-up data (including any servers) searched for responsive documents?

f. What is the present location of any media containing such backed up data?

**OBJECTIONS**: Plaintiff objects to Interrogatory Number 1, including subparts (a) through (f), on the grounds that it is vague in any number of respects, including, but not limited to, as to time period and business versus personal use, as well as irrelevant and not likely to lead to the discovery of admissible evidence.

**ANSWER: Without waiving the foregoing objections, Parsi currently uses a laptop for emails and documents. Prior to the August 18, 2010, forensic imaging conducting by PWC, Parsi's former laptop was stolen while visiting Oslo, Norway. Parsi's current laptop was not provided to PricewaterhouseCoopers as it does not contain any PST files and was procured several months after the period for which forensic imaging was ordered. Parsi's laptop computers were not backed-up.**

INTERROGATORY NUMBER 2: Does Trita Parsi use a desktop computer for emails, calendar, or document processing?

    a. If so, was that desktop computer provided to PricewaterhouseCoopers for imaging on August 18, 2010?

    b. How long has the desktop computer that was produced for imaging to PricewaterhouseCoopers on August 18, 2010 been used by Trita Parsi?

    c. If another desktop computer was used by Trita Parsi since January 2008, what was the disposition of that desktop computer?

    d. If not, was that desktop computer ever searched for responsive emails, documents, and calendar records, and if so, by whom and when?

    e. Were any of Trita Parsi's desktop computers backed-up, and if so, onto what media?

    f. Were any media containing backed-up data (including any severs) searched for responsive document?

    g. What is the present location of those media containing such backed up data?

**OBJECTIONS**: Plaintiff objects to Interrogatory Number 2, including subparts (a) through (g), on the grounds that it is vague in any number of respects, including, but not limited to, as to time period and business versus personal use, as well as irrelevant and not likely to lead to the discovery of admissible evidence.

**ANSWER: Without waiving the foregoing objections, Parsi does use a desktop computer for emails, calendars and document process, which desktop computer was provided to PricewaterhouseCoopers for imaging on August 18, 2010. Said desktop has been used by Parsi for approximately 1.5 years. Parsi's desktop computers were not backed-up. Parsi used no other desktops during the relevant period ordered by the court for forensic imaging.**

INTERROGATORY NUMBER 3: Other than "kershap," does Trita Parsi use any other login names or usernames on any computers or laptops that he uses at NIAC?

OBJECTIONS: Plaintiff objects to Interrogatory Number 3 on the grounds that it is vague, irrelevant, and not likely to lead to the discovery of admissible evidence.

**ANSWER: Without waiving the foregoing objections, Parsi does not use any other login names or usernames on any computers or laptops that he uses at NIAC.**

INTERROGATORY NUMBER 4: Does Trita Parsi use a personal digital assistant ("PDA") such as a Blackberry, Palm Pilot, iPad, or iPhone that he uses for emails or a calendar function?

 a. If so, was that PDA searched for responsive information pursuant to Defendant's discovery requests?

OBJECTIONS: Plaintiff objects to Interrogatory Number 4, including subpart (a), on the grounds that it is vague, irrelevant, and not likely to lead to the discovery of admissible evidence.

**ANSWER: Without waiving the foregoing objections, Parsi does use a personal digital assistant ("PDA") for emails and/or calendar function, which PDA was searched for responsive information pursuant to Defendant's discovery requests.**

INTERROGATORY NUMBER 5: Was the desktop computer on which Trita Parsi's Outlook calendar files were produced to PricewaterhouseCoopers for imaging on August 18, 2010 the desktop computer he regularly uses for calendars and emails?

   a. If so, since when has he used that desktop computer?

   b. If not, why was the computer he regularly uses for a calendar and emails not produced to PricewaterhouseCoopers on August 18, 2010?

   c. Where is the computer from which his Outlook calendar files were transferred?

   d. When were those Outlook calendar files transferred, by whom were they transferred, and why?

OBJECTIONS: Plaintiff objects to Interrogatory Number 5, including subparts (a) through (d), on the grounds that it is vague, irrelevant, and not likely to lead to the discovery of admissible evidence.

ANSWER: Without waiving the foregoing objections, the desktop computer produced to PricewaterhouseCoopers for imaging on August 18, 2010, was the desktop computer Parsi regularly uses for calendars and emails. Said computer has been used for approximately 1.5 years.

INTERROGATORY NUMBER 6: Will you agree to produce the actual computers or laptops that Trita Parsi regularly uses for imaging to retrieve complete, unedited copies of his Outlook calendar files 2006-present?

OBJECTIONS: Plaintiff objects to Interrogatory Number 6 on the grounds that it is vague, irrelevant, and not likely to lead to the discovery of admissible evidence.

ANSWER: Without waiving the foregoing objections, if Plaintiff understands Interrogatory Number 6, the aforementioned has already been produced.

INTERROGATORY NUMBER 7: According to David Elliott, NIAC has a central shared drive where documents are held and stored indefinitely. (Elliott Deposition, Oct. 5, 2009, pg. 95-96)

a. Describe the documents that are stored on that drive.

b. Was that drive searched for responsive documents?

c. Are any calendar files housed on that drive?

d. Who collected the calendar entries and provided them to your counsel?

OBJECTIONS: Plaintiff objects to Interrogatory Number 7 on the grounds that it is vague, irrelevant, and not likely to lead to the discovery of admissible evidence. Further, Plaintiff objects to the foundational assumption set forth in Interrogatory Number 7.

ANSWER: Without waiving the foregoing objections, nor assenting to the foundational assumption set forth in Interrogatory Number 7, the documents that are stored on any shared drive are primarily word documents, which drive was searched for responsive documents and does not contain any calendar files.

Respectfully submitted,

/S/
A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
PISHEVAR & ASSOCIATES, P.C.
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI, | ) |
| | ) |
| and | ) |
| | ) |
| NATIONAL IRANIAN AMERICAN COUNCIL | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 08 CV 00705 (JDB) |
| | ) |
| SEID HASSAN DAIOLESLAM | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE REGARDING DISCOVERY**

I HEREBY CERTIFY that on September 20, 2010, by e-mail, I served on counsel of record for Defendant a copy of Plaintiffs' Unverified Objections and Answers to Defendant's First Set of Interrogatories (to Plaintiff Trita Parsi). I will retain the original of these documents in my possession without alteration until the case is concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

_____/S/_____
A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRITA PARSI, et al.                )
                                   )
          Plaintiffs,              )
                                   )
     v.                            ) Civil Action No. 08 CV 00705 (JDB)
                                   )
SEID HASSAN DAIOLESLAM             )
                                   )
          Defendant.               )

## VERIFICATION

I, Dr. Trita Parsi, hereby verify that my objections and answers to Defendant's First Set of Interrogatories to Dr. Trita Parsi are true and correct to the best of my knowledge and belief.

                                                    Dr. Trita Parsi

                                   )
DISTRICT OF COLUMBIA               )SS:
                                   )

Subscribed and duly sworn to before me this __22__ day of November, 2010.

                                                  Notary Public (*Print Name*)

Ashley M. Keyser
Notary Public, District of Columbia
My Commission Expires on 01/31/14