# EXHIBIT II

| | |
|---|---|
| **From:** | Adrian Nelson [anelson@pishevarlegal.com] |
| **Sent:** | Tuesday, August 10, 2010 3:11 PM |
| **To:** | Kapshandy, Timothy E.; Afshin Pishevar |
| **Cc:** | Patrick Parsa; Jensen, Peter; Rogers, HL |
| **Subject:** | Parsi/NIAC -- Forensic Imaging, Depositions and Other Discovery |
| **Categories:** | Red Category |

Tim:

First, regarding the Court's order:

We are proposing a conference call on Thursday (8/12), anytime between 10:30 a.m. and 12:30 a.m., with the person(s) from PWC who will be conducting the forensic imaging about the process they will use. We'd also like to discuss with PWC the feasibility/possibility of bringing each of the NIAC CPUs, not servers, to PWC for the forensic imaging.

Please provide us with contact information a.s.a.p. for the person(s) at PWC.

Also, regarding documents:

1. We have never refused to produce NIAC's 2009 tax filing. That is a misstatement, which is totally inconsistent with the fact that NIAC has produced tax filings for other years. With respect to Dr. Parsi's personal tax filings, please point me to the defendant's document request for such information and its relevance to the claims and/or defenses in this case.

2. We suggest that the parties maintain a holding pattern regarding travel documents. There is no rush on this since our respective clients' depositions have not been scheduled.

3. What is ADF? Did you mean AFJ, the Alliance for Justice?

4. Patrick is handling the production of e-mails reviewed by the expert(s). I believe you two have traded e-mails on this this week.

5. We are researching this issue will give u a definitive position by Friday.

6. NIAC is not aware of any "SF" software.

7. If Talebi used Outlook, would that not be part of the forensic imaging ordered by the Court.

Lastly, as for depositions below is the latest:

A. NIAC does not intend to depose: i) Anthony Richter and/or anyone from OSI; ii) Anthony Ravoni (sp?); or iii) Lynch.

B. We propose the following dates: i) Gardner -- Aug. 30; ii) Patico -- Aug. 31; iii) Morse -- Sept. 1; iv) hold Sep. 9 or 10 for Talebi in Florida or Disney in CT or NY; v) hold Sept. 14 or 15 for Dai & Parsi in Chicago; vi) hold Sept. 16 for Safavi (sp?) in Chicago; and vii) no agreement with Rueben, Timmerman or Lopez regarding deposition dates.

1

That's the latest.

-Adrian


On 8/4/10, **Kapshandy, Timothy E.** <tkapshandy@sidley.com> wrote:

Adrian:
Further to our discuss of July 29, can you please get back to us regarding the dates we proposed and the other matters:


Documents

1.  NIAC and Parsi 2009 tax returns – we understand you refuse to produce these. If so, we will raise with the court. You stated that you believed that Dai's tax returns were discoverable and we asked for case law on the discoverability of a defamation defendant's returns.

2.  Travel documents – we have collected Hassan's records of international travel and are willing to produce those assuming you are going to produce Parsi's. If not, we are agreeable to both sides' withdrawing these requests.

3.  ADF documents not claimed privileged – Please produce these as soon as possible since your claim of privilege was withdrawn.

4.  Emails reviewed by Prof. Morse – we are still awaiting these. Please produce them as soon as possible.

5.  NIAC's legal bills – As NIAC has claimed these as damages and listed them as exhibits in its Rule 26 disclosure, we have requested them. You said you would get back to us with your position.

6.  "SF" software/records for tracking meeting notes – You stated that NIAC says it has no such system for tracking meeting notes.

7.  It would appear that Babek Talebi also used NIAC's Outlook Calendar and none of his calendar records were produced. When can we expect them?


Depositions


Assuming we get resolution of the calendar and email issues, we discussed doing in Chicago the week of Sept 16 Dai, Parsi, and board member Narimon Safavi. We can do Safavi at any time here in Chicago but we'll try to coordinate it with the other two. We have spoke to Emily Blout's counsel and he is trying to get a date from her the week of August 30 in DC. Also, you are trying to arrange for your experts the same week in DC (at least Morse and Gardiner who are in DC). You will check to see if Aikat will travel to DC. We are willing to

travel to NC to do his dep. You are trying to schedule the deps of Rubin, Lopez and Timmerman in DC. Since Patrick Disney is now at Yale, his dep will need to be in NYC. You are checking on the dates of Sept 9-10. Babek Talebi is now in Florida and does not wish to travel to DC. You are going to get dates from him and a location assuming we get his emails in short order. Alex Patico can be done in DC and without need of further documents. We can schedule him in around these others.

You were going to confirm whether you were calling Lynch and Circione; if not, we will not need to depose them. Likewise, you were going to let us know whether you wanted to depose Anthony Ravani in Seattle. Lastly, you indicated you might depose Ali Kazerouni. Please let us know when and where you propose doing that.

Thanks,

Tim Kapshandy
Sidley Austin, LLP
1 South Dearborn Street
Chicago, Illinois 60603
312-853-7643
cell: (219) 670-0698
tkapshan@sidley.com
http://www.sidley.com

---------------------------------------------------------------------------------------

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
*********************************************************************************
*********

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

*********************************************************************************
*********