# EXHIBIT OO

| | |
|---|---|
| **From:** | Adrian Nelson [anelson@pishevarlegal.com] |
| **Sent:** | Wednesday, August 18, 2010 5:45 PM |
| **To:** | Kapshandy, Timothy E. |
| **Cc:** | Afshin Pishevar; Jensen, Peter; Ross, Tom; Patrick Parsa |
| **Subject:** | Re: Forensic Imaging -- Non-Disclosure Agreement |

Tim:

It is as if we speak two different languages. Let me be abundantly precise for your benefit: No Rule 34 Request is necessary regarding documents relating to the stolen laptop. If they exist, NIAC will provide them.

We will not be able to resolve, today, the laptop issues about which you are clearly perplexed and exercised. I'm sorry. NIAC is trying its best to comply with the Order. But, your client's need for information seems to be an ever-expanding black hole of requests.

Please call me at 301.613.6343 if anything else of immediate important arises. I will be at an evening meeting and won't have access to email.

Thanks,

Adrian


On 8/18/10, **Kapshandy, Timothy E.** <tkapshandy@sidley.com> wrote:

Actually, on Thursday, when I asked about the equipment needed to haul 6 PCs to our office, Dr. Parsi corrected me and said that there would be some laptops. Both Mr. Jensen and Mr. Humphrey confirm my recollection. All three of us did not "mishear" what you said. As of 5:30 today, no laptop for Dr. Parsi has been produced by NIAC and only one laptop was produced (for A. Barmand). To complicate matters further, the PC PWC was informed by NIAC was used by Parsi contains no evidence that he ever logged onto it. Do you have any explanation for this? Dr. Parsi travels all over the country and world every month and emails persons at all hours of the day so it is hard to believe that he does not have a laptop. If it was stolen, we request you produce both his current laptop and any backups today. (While Dr. Parsi professed that no one backed up the computers, that would be very bad practice not to mention undercut by your claim that there were 8000 Talebi emails on a server and Mr. Elliott's testimony that backups were made.) Finally, NIAC's accounting records indicate that NIAC purchased at least 6 laptops. No one, other than A. Barmand uses these? So, to be clear, we request that Dr. Parsi's laptop and any backups be produced today while the PWC ITs are there.


As for the documents relating to the stolen laptop, since you have not agreed to produce all of what we have requested informally we will send a Rule 34 request so there is no confusion.


Thanks,

> From: Adrian Nelson [mailto:anelson@pishevarlegal.com]
> Sent: Wednesday, August 18, 2010 3:34 PM

1

**To:** Kapshandy, Timothy E.
**Cc:** Afshin Pishevar; Jensen, Peter; Ross, Tom; Patrick Parsa
**Subject:** Re: Forensic Imaging -- Non-Disclosure Agreement

Tim:

I feel no need to address your characterization of the "delay."

For your records, attached is the version of the Non-Disclosure Agreement that NIAC has already executed and the signature page to that Agreement. Please provide PWC's signature page as soon as possible.

We did not represent to you that there would be laptops to image. Both Patrick and Dr. Parsi can confirm that what NIAC represented that i would either be desktops or a combination of desktops and laptops that would be made available to image. Obviously you misheard what was said, which continues to happen in this case. (Btw, thanks for the picture of Dr. Parsi and his laptop. You leave no stone unturned.)

Also, immediately before or after one of our teleconferences with Judge Bates we advised you that Dr. Parsi's laptop had been stolen while he was traveling in Europe. You even asked, at that time, whether he had a police report of some kind. We indicated that we believed he had filed a report either with the local police or the American embassy or consulate. Possibly you've forgotten this conversation. We will try and provide you a copy of the report as soon as possible.

Thanks,

Adrian

On 8/18/10, **Kapshandy, Timothy E.** <tkapshandy@sidley.com> wrote:

Adrian:

2