# EXHIBIT QQ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - -

TRITA PARSI and NATIONAL :

IRANIAN AMERICAN COUNCIL :

      Plaintiffs :

v.                :   Civil No.:

DAIOLESLAM SEID HASSAN, :   08 CV 00705 (JDB)

      Defendant :   Page 1 - 243

VOLUME III

- - -

Wednesday, May 11, 2011

- - -

Continued deposition, videotaped, of Dr. Trita Parsi, was taken at the Law Offices of Sidley Austin, LLP, 1501 K Street, NW, Sixth Floor, Washington, DC 20005 commencing at 10:01 a.m. before Leslie A. Todd, Registered Professional Court Reporter and Notary Public, in and for the District of Columbia.

```
 1    On behalf of the Plaintiffs:

 2         A. P. PISHEVAR, ESQUIRE
           Pishevar & Associates, P.C.
 3         Jefferson Plaza, Suite 316
           600 East Jefferson Street
 4         Rockville, Maryland 20852
           (301) 279-8773
 5         ap@pishevarlegal.com

 6
      On behalf of the Defendant:
 7
           TIMOTHY E. KAPSHANDY, ESQUIRE
 8         THOMAS E. ROSS, ESQUIRE
           ERIC GALVEZ, ESQUIRE
 9         TASHA MANORANJAN, ESQUIRE
           Sidley Austin, LLP
10         1501 K Street, Northwest
           Washington, D.C. 20005
11         (202) 736-8374
           tim.kapshandy@sidley.com
12

13    Also present:

14         DAIOLESLAM SEID HASSAN
           DANIEL HOLMSTOCK (Videographer)
15

16

17

18

19

20

21

22
```

Page 6

```
              1              P R O C E E D I N G S
10:00:51      2              THE VIDEOGRAPHER:  The time is 10:01 a.m.,
10:00:53      3    May 11, 2011.  This is tape No. 1, Volume 3, of the
10:00:58      4    continued videotaped deposition of Mr. Trita Parsi.
10:01:02      5              Will the court reporter please swear in the
              6    witness.
              7    WHEREUPON,
              8                     DR. TRITA PARSI
              9    called as a witness, and having been first duly sworn,
             10    was examined and testified as follows:
10:01:14     11              EXAMINATION BY COUNSEL FOR DEFENDANT
10:01:14     12    BY MR. KAPSHANDY:
10:01:18     13         Q    Are you ready, Dr. Parsi?
10:01:20     14         A    Yes, I am.
10:01:21     15         Q    Okay.  And as you know from our previous
10:01:23     16    two sessions, my name is Timothy Kapshandy on behalf
10:01:27     17    of the defendant in the case, and I will dispense
10:01:32     18    with the usual rules.
10:01:33     19              As you know, you are under oath, and the
10:01:35     20    same understanding and procedure we had in place as
10:01:37     21    from the previous two sessions applies.  Okay?
10:01:40     22         A    (The witness nods.)
```

| | | |
|---|---|---|
| 13:10:33 | 1 | BY MR. KAPSHANDY: |
| 13:10:34 | 2 | Q    So the answer is they did not cease |
| 13:10:38 | 3 | defragmenting -- |
| 13:10:38 | 4 | A    I do not -- |
| 13:10:40 | 5 | Q    -- or disk cleanup? |
| 13:10:41 | 6 | A    I do not believe anyone has done any |
| 13:10:46 | 7 | defragmentation.  In fact, I don't think there's |
| 13:10:49 | 8 | many people in our office that even know what |
| 13:10:50 | 9 | fragmentation or defragmentation is. |
| 13:10:50 | 10 | Q    Well, you know many machines do it |
| 13:10:52 | 11 | automatically on a periodic basis. |
| 13:10:55 | 12 | MR. PISHEVAR:  Objection. |
| 13:10:55 | 13 | BY MR. KAPSHANDY: |
| 13:10:56 | 14 | Q    And you didn't as part of your litigation |
| 13:10:58 | 15 | hold instruct people to suspend any such activities? |
| 13:11:02 | 16 | A    I don't believe that any of our computers |
| 13:11:05 | 17 | are defragmenting themselves, no. |
| 13:11:21 | 18 | Q    Tell us about something we asked at the |
| 13:11:24 | 19 | previous deposition that you were going to get back |
| 13:11:25 | 20 | to us on, and that is what became of the computer, |
| 13:11:27 | 21 | the desktop that you were using in 2008. |
| 13:11:30 | 22 | A    You have to refresh my memory on this. |

```
                                                           Page 138
13:11:35  1       Q    Well, sure.  In response to our
13:11:36  2   interrogatories about the computer that was produced
13:11:39  3   as part of the imaging as Trita Parsi's computer,
13:11:45  4   and which wasn't connected to the NIAC network in
13:11:51  5   December of 2009 when Progressive Office did their
13:11:54  6   survey, we sent interrogatories to the plaintiffs,
13:12:00  7   which you, Trita Parsi, signed under oath, asking
13:12:04  8   what computer Trita Parsi used since the beginning
13:12:08  9   of this lawsuit in early 2008 and what became of it.
13:12:13 10       A    First of all, there's a couple of errors
13:12:15 11   in your questions.
13:12:16 12       Q    Please correct me.
13:12:17 13       A    Yes.  To the best of my understanding,
13:12:20 14   Progressive was never asked to do a survey of our
13:12:23 15   computers.
13:12:23 16       Q    That's not the question.
13:12:24 17       A    No, no, no, no.
13:12:26 18       Q    My question is --
13:12:26 19            MR. PISHEVAR:  Let the witness finish his
13:12:27 20   statement.  Mr. Parsi -- Dr. Parsi, please proceed.
13:12:31 21            MR. KAPSHANDY:  Question withdrawn.
13:12:31 22
```

Page 139

```
13:12:31  1   BY MR. KAPSHANDY:
13:12:32  2        Q    What became of the computer you were using
13:12:34  3   in 2008?
13:12:35  4        A    What time in 2008?
13:12:38  5        Q    It starts with a month called January and
13:12:40  6   ends with one called December.
13:12:42  7        A    Was it only one computer that I was using
13:12:45  8   at that time?
13:12:45  9        Q    Well, let me ask this:  In your
13:12:47 10   interrogatory answers, you stated that the computer
13:12:50 11   that was produced for the imaging was one that you
13:12:52 12   had used since the beginning of roughly 2009.
13:12:56 13             So the question is, what became of the
13:12:57 14   computer that you were using all of 2008, during
13:13:00 15   which time there was a litigation hold and a lawsuit
13:13:04 16   pending?
13:13:04 17        A    My laptop.  That's my best understanding.
13:13:07 18        Q    That was the only computer that you used
13:13:09 19   and it wasn't being backed up and it was stolen?
13:13:12 20             MR. PISHEVAR:  Asked and answered.
13:13:13 21             THE WITNESS:  That's my best understanding,
13:13:16 22   yes.
```

```
 1                  CERTIFICATE OF NOTARY PUBLIC
 2            I, LESLIE A. TODD, the officer before whom
 3    the foregoing deposition was taken, do hereby certify
 4    that the witness whose testimony appears in the
 5    foregoing deposition was duly sworn by me; that the
 6    testimony of said witness was taken by me in stenotypy
 7    and thereafter reduced to typewriting under my
 8    direction; that said deposition is a true record of the
 9    testimony given by said witness; that I am neither
10    counsel for, related to, nor employed by any of the
11    parties to the action in which this deposition was
12    taken; and, further, that I am not a relative or
13    employee of any counsel or attorney employed by the
14    parties hereto, nor financially or otherwise
15    interested in the outcome of this action.
16
17    Dated this ____ day of _____ 2011.
18
19                                  _____
                                    LESLIE A. TODD
20                                  Notary Public in and for the
                                    District of Columbia
21
22    My commission expires:
```