# EXHIBIT VV

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - -

TRITA PARSI and NATIONAL :
IRANIAN AMERICAN COUNCIL :
      Plaintiffs :
  v. : Civil No.:
DAIOLESLAM SEID HASSAN, : 08 CV 00705 (JDB)
      Defendant : Page 1 - 243

VOLUME III

- - -

Wednesday, May 11, 2011

- - -

Continued deposition, videotaped, of Dr. Trita Parsi, was taken at the Law Offices of Sidley Austin, LLP, 1501 K Street, NW, Sixth Floor, Washington, DC 20005 commencing at 10:01 a.m. before Leslie A. Todd, Registered Professional Court Reporter and Notary Public, in and for the District of Columbia.

TransPerfect Legal Solutions
212-400-8845 - depo@transperfect.com

```
                                                              Page 2
 1    On behalf of the Plaintiffs:

 2         A. P. PISHEVAR, ESQUIRE
           Pishevar & Associates, P.C.
 3         Jefferson Plaza, Suite 316
           600 East Jefferson Street
 4         Rockville, Maryland 20852
           (301) 279-8773
 5         ap@pishevarlegal.com

 6
      On behalf of the Defendant:
 7
           TIMOTHY E. KAPSHANDY, ESQUIRE
 8         THOMAS E. ROSS, ESQUIRE
           ERIC GALVEZ, ESQUIRE
 9         TASHA MANORANJAN, ESQUIRE
           Sidley Austin, LLP
10         1501 K Street, Northwest
           Washington, D.C. 20005
11         (202) 736-8374
           tim.kapshandy@sidley.com
12

13    Also present:

14         DAIOLESLAM SEID HASSAN
           DANIEL HOLMSTOCK (Videographer)
15

16

17

18

19

20

21

22
```

Page 6

```
                    1              P R O C E E D I N G S
10:00:51    2              THE VIDEOGRAPHER:  The time is 10:01 a.m.,
10:00:53    3    May 11, 2011.  This is tape No. 1, Volume 3, of the
10:00:58    4    continued videotaped deposition of Mr. Trita Parsi.
10:01:02    5              Will the court reporter please swear in the
            6    witness.
            7    WHEREUPON,
            8                        DR. TRITA PARSI
            9    called as a witness, and having been first duly sworn,
           10    was examined and testified as follows:
10:01:14   11              EXAMINATION BY COUNSEL FOR DEFENDANT
10:01:14   12    BY MR. KAPSHANDY:
10:01:18   13         Q    Are you ready, Dr. Parsi?
10:01:20   14         A    Yes, I am.
10:01:21   15         Q    Okay.  And as you know from our previous
10:01:23   16    two sessions, my name is Timothy Kapshandy on behalf
10:01:27   17    of the defendant in the case, and I will dispense
10:01:32   18    with the usual rules.
10:01:33   19              As you know, you are under oath, and the
10:01:35   20    same understanding and procedure we had in place as
10:01:37   21    from the previous two sessions applies.  Okay?
10:01:40   22         A    (The witness nods.)
```

Page 130

| | | |
|---|---|---|
| 13:05:47 | 1 | NIAC, including Mohmen Sari (phonetic), Babak Talebi |
| 13:05:50 | 2 | and your laptop. |
| 13:05:50 | 3 | A   Well, first of all, Mohmen Sari's computer |
| 13:05:54 | 4 | was his computer. It was not our computer. So |
| 13:05:54 | 5 | we're not going to go and backup someone else's |
| 13:05:54 | 6 | computer. |
| 13:05:57 | 7 | Q   He said it was paid for by NIAC's funds. |
| 13:05:59 | 8 | He testified to that under oath. |
| 13:06:00 | 9 | A   It was paid for by NIAC's funds, half of |
| 13:06:00 | 10 | it, I believe and -- |
| 13:06:03 | 11 | Q   And he used it with NIAC business with |
| 13:06:05 | 12 | federal government -- |
| 13:06:05 | 13 | A   Can I finish? |
| 13:06:06 | 14 | Q   -- and because of that, he didn't need to |
| 13:06:08 | 15 | back it up, you are saying? |
| 13:06:09 | 16 | A   No, I'm not saying that at all. |
| 13:06:11 | 17 | Q   Well, let's talk about your machine. |
| 13:06:13 | 18 | A   No, actually I would like to answer that |
| 13:06:15 | 19 | question if I'm permitted to. |
| 13:06:16 | 20 | Q   Let me rephrase the question. |
| 13:06:18 | 21 | How is it that after this litigation was |
| 13:06:20 | 22 | implemented in 2008 you had a laptop which was not |

```
                                                            Page 131
13:06:27   1   and never backed up according to your testimony at
13:06:30   2   the last case?
13:06:31   3         A    Because it was my laptop.  As I explained
13:06:34   4   to you early on, it was a shared drive that was
13:06:37   5   being backed up.  I didn't back up my laptop.
13:06:39   6         Q    So your understanding is that with the
13:06:41   7   document preservation and litigation hold in place
13:06:43   8   and a laptop on which you had discoverable evidence,
13:06:46   9   that you had no obligation to back up that laptop?
13:06:50  10         A    I don't know if I had an obligation or
13:06:52  11   not.  I did not plan for someone to very
13:06:55  12   mysteriously break into my hotel room in Oslo and
13:06:59  13   steal it.
13:07:00  14         Q    Well, backing up machines, even
13:07:02  15   notwithstanding litigation holds, is a common basic
13:07:05  16   computer 101 given the fact that computers break,
13:07:08  17   crash, die, get stolen, et cetera.
13:07:11  18              MR. PISHEVAR:  Objection.  Next question,
13:07:13  19   please.
13:07:13  20              THE WITNESS:  Some people clearly are
13:07:15  21   better at backing up things than others.
13:07:18  22
```

```
 1                CERTIFICATE OF NOTARY PUBLIC
 2           I, LESLIE A. TODD, the officer before whom
 3   the foregoing deposition was taken, do hereby certify
 4   that the witness whose testimony appears in the
 5   foregoing deposition was duly sworn by me; that the
 6   testimony of said witness was taken by me in stenotypy
 7   and thereafter reduced to typewriting under my
 8   direction; that said deposition is a true record of the
 9   testimony given by said witness; that I am neither
10   counsel for, related to, nor employed by any of the
11   parties to the action in which this deposition was
12   taken; and, further, that I am not a relative or
13   employee of any counsel or attorney employed by the
14   parties hereto, nor financially or otherwise
15   interested in the outcome of this action.
16
17   Dated this ____ day of _____ 2011.
18
19                              _____
                                LESLIE A. TODD
20                              Notary Public in and for the
                                District of Columbia
21
22   My commission expires:
```