# EXHIBIT II

Page 1

```
 1
 2              IN THE UNITED STATES DISTRICT COURT
 3                 FOR THE DISTRICT OF COLUMBIA
 4  ------------------------------------------------------
 5  TRITA PARSI and NATIONAL IRANIAN AMERICAN
 6  COUNCIL,
 7                              Plaintiffs,
 8              vs.                 No. 08 CV 00705 (JDB)
 9  DAIOLESLAM SEID HASSAN,
10                              Defendant.
11  ------------------------------------------------------
12
13
14            DEPOSITION OF DAIOLESLAM SEID HASSAN
15                       Chicago, Illinois
16                  Wednesday, December 15, 2010
17
18
19
20
21
22  Reported by:
23  Mary M. Flagg, RPR
24  JOB NO. 4776
```

1  December 15, 2010

2       9:00 a.m.

3

4

5       Deposition of DAIOLESLAM SEID HASSAN,

6  held at the offices of Sidley Austin, LLP, One South

7  Dearborn Street, Chicago, Illinois, pursuant to Notice

8  and Agreement, before Mary M. Flagg, a Notary Public of

9  the State of Illinois.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

```
 1   A P P E A R A N C E S:

 2   PISHEVAR & ASSOCIATES, P.C.
     Attorneys for Plaintiffs
 3      Jefferson Plaza, Suite 316
        600 East Jefferson Street
 4      Rockville, MD 20852
     BY: ADRIAN V. NELSON, II, ESQ.
 5      A.P. PISHEVAR, ESQ.
        E-mail: Anelson@pishevarlegal.com
 6

 7   SIDLEY AUSTIN LLP
     Attorneys for Defendant
 8      One South Dearborn Street
        Chicago, Illinois 60603
 9   BY: TIMOTHY E. KAPSHANDY, ESQ.
        ERIC GALVEZ, ESQ.
10      Email: Tkapshandy@sidley.com
                megalvez@sidley.com
11
     ALSO PRESENT:  DR. TRITA PARSI.
12

13

14

15

16

17

18

19

20

21

22

23

24
```

Page 8

1       DAIOLESLAM SEID HASSAN,
2  called as a witness, having been duly sworn by a Notary
3  Public, was examined and testified as follows:
4                    EXAMINATION
5                  BY MR. NELSON:
6       MR. NELSON:  Good morning, Mr. Dai.
7       A    Good morning.
8       MR. NELSON:  We are about to begin the continuation
9  of your deposition and I just wanted to make sure you
10 understood that the same understandings that we had in
11 place yesterday are in place today.
12      A    Yes.
13      Q    You understand that you are still under oath
14 and you are required to give truthful testimony today?
15      A    I do.
16      Q    Between last evening and this morning have you
17 reviewed any documents?
18      A    Regarding for the deposition, no.
19      Q    Nothing relating to the deposition?
20      A    No.
21      MR. KAPSHANDY:  He did some homework per your
22 request on a couple of pieces of information so we can
23 get that housecleaning out of the way.
24      MR. NELSON:  Okay.

1  the Iranian regime, but at that time that was a very
2  minimal lobby.  I didn't consider it being important.
3      Q   Do you consider that Dr. Parsi is now an
4  Iranian government official?
5      A   I don't know.  If he shows me his official
6  card, business card working for the regime, yes.  I don't
7  know that.  I'm not aware of that, sir.  I never wrote
8  that he's agent of the Iranian regime or an official of
9  the Iranian regime.  I'm telling his lobby is profiting
10 to the Iranian regime.  He lobbies in favor of the
11 Iranian regime, on behalf of the Iranian regime.
12          It's different.  For me this is a distinction
13 between this being an official of the Iranian regime.
14     Q   What does it mean in your mind that he lobbies
15 on behalf of the Iranian regime?
16     A   For example, he goes to the Iranian ambassador
17 at UN.  He gives him a document.  You know.  When I go --
18 Not only me, a million Iranian Americans they go to this
19 ambassador.  He will never give them this document
20 because he wants this document to be released to press
21 because the Iranian regime has some profit to do that.
22          They trust Mr. Parsi.  They give it to
23 Mr. Parsi and Mr. Parsi does the best to publicize the
24 viewpoints of this ambassador.  That is one part.  And

```
 1   there are many, many others that I can tell you one by
 2   one.
 3       Q   The particular episode you are talking about
 4   which have been referred to as the grand bargain,
 5   factually who do you contend provided this proposal from
 6   the Iranian government which you contend Dr. Parsi
 7   delivered.  Who do you contend provided that?
 8       MR. KAPSHANDY:  Just so the record is clear, you are
 9   talking the 2003 episode or 2006?
10       MR. NELSON:  2006.
11       A   I believe my understanding that after the
12   discovery documents I believe that was Javad Zarif.
13       Q   And what was his official title or office
14   within the Iranian government?
15       A   Iranian ambassador to the United Nations.
16       Q   And he provided that document to whom?
17       A   To Mr. Parsi.
18       Q   And it's your belief that Dr. Parsi received
19   that document as an agent of the Iranian Republic?
20       A   Did I tell that?
21       Q   I'm asking you.
22       A   Said I told he worked on behalf.  Worked on
23   behalf for me is different from acting as an agent.
24       Q   What's the distinction between an agent and one
```

```
 1    STATE OF ILLINOIS   )
                          )
 2    COUNTY OF COOK      )

 3

 4               I, MARY M. FLAGG, a Registered Professional
      Reporter, within and for the State of Illinois, do hereby
 5    certify:

 6               That previous to the commencement of the
      examination of the witness, the witness was duly sworn to
 7    testify the whole truth concerning the matters herein;

 8               That the foregoing deposition was reported
      stenographically by me, was thereafter reduced to a
 9    printed transcript by me, and constitutes a true record
      of the testimony given and the proceedings had;
10
                 That the said deposition was taken before me
11    at the time and place specified;

12               That the signature of the witness was
      reserved.
13
                 That I am not a relative or employee for
14    attorney or counsel, nor a relative or employee of such
      attorney or counsel for any of the parties hereto, nor
15    interested directly or indirectly in the outcome of this
      action.
16
                 IN WITNESS WHEREOF, I do hereunto set my
17    hand at Chicago, Illinois this __ day of          2010.

18

19

20               _____
                 Registered Professional Reporter
21               License No. 084-001447

22

23

24
```