UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI<br><br>and<br><br>NATIONAL IRANIAN AMERICAN COUNCIL,<br>    Plaintiffs,<br><br>v.<br><br>DAIOLESLAM SEID HASSAN,<br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  CIVIL NO. 08 CV 00705 (JDB) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STAY AND
EXCEPTIONS TO DEFENDANT'S BILL OF COSTS**

  Without meeting and conferring as required by Local Rule 7, Plaintiffs filed on September 12, 2011, a motion taking exception to Defendant's Bill of Recoverable Costs filed September 6, 2011, arguing that: (1) "Defendant's methodology is unclear"; (2) "Defendant's methodology is in err [sic]"; (3) the attorney time spent in support of Defendant's motions "seems unreasonable"; and (4) the legal assistant time spent in support of the motions is "excessive."

  The first two issues could have been easily addressed by meeting and conferring as required by Local Rule 7. Plaintiffs' complaints that the rates used were not clear and that the overall total reflected in the total hours of 249.4 reflected either a math error or a multiplier were addressed by an email from Defendant transmitting the rates used and confirming that Excel

summed the hours incorrectly and that the true total was only 124.7 hours.  (Sept. 13, 2011 email from Thomas Ross attached as Ex. A).[1]

As for the "seeming" unreasonableness of the 43.1 hours involved in writing four briefs, Plaintiffs make two arguments:  (1) the total attorney time of 43.1 hours was disproportionate to the 35 pages in the four briefs; and (2) the four briefs merely "regurgitated" factual arguments made before in numerous previous motions to compel and status reports.  Plaintiffs cited no authority in their exceptions for the proposition that one hour per page is excessive.  In their supplemental brief, however, Plaintiffs did cite *Mitchell v. National RR Passenger Corp,* CA 01-1866 (D.D.C. Aug. 20, 2003) which, in fact, supports Defendant's position.  (Ex. A to Plaintiffs' Supplemental Bill of Exceptions).  In *Mitchell*, Judge Facciola held that, while 46.5 hours to produce 15 pages was excessive, one hour per page was not.  Another court upheld a determination by Judge Facciola that fees should be awarded not only for the motions to compel but for work *over the preceding three years* during which the plaintiff sought the subject discovery, including 190.7 hours of attorney time.  *McDowell v. District of Columbia*, No. 02-1119, 2006 U.S. Dist. LEXIS 89138, at *13-15 (D.D.C. Nov. 30, 2006).

As for Plaintiffs' second argument, it is simply untrue.  Plaintiffs' response briefs raised a number of new arguments and information.  One glaring example was that NIAC for the first time disclosed that the PC that served as its original server was a PC it had told the Court was withheld from imaging as it was merely an "intern" machine.  (*See*, fn. 1 to Def's Reply to Server Motion, Docket No. 137).  Another excruciatingly time-intensive exercise that was

---

[1] On September 23, 2011, Plaintiffs filed a Supplemental Exceptions to Defendant's Bill of Costs withdrawing the first two arguments but reiterating the last two.  In addition, Plaintiffs raised a new argument for the first time, 16 days after Defendant's Bill of Costs was filed, that was not really an exception to Defendant's Bill of Costs.  Rather, Plaintiffs objected to any sanctions being imposed under FRCP 37(a)(5) and is more correctly a motion to reconsider, not an exception to the Bill of Costs.  Defendant will respond to the new argument raised in Plaintiffs' supplemental brief separately.

necessitated by NIAC's distortions was the chronology of events surrounding the PwC imaging of April 2011. (Ex. A to Def's Reply to Server Motion, Docket No. 137). In fact, that Exhibit alone had a dozen sub-exhibits supporting the detailed chronology needed to refute NIAC's claims. Mr. Ross spent several hours on this chronology as he was the frontline contact familiar NIAC's claims. Defendant was forced to address numerous other misrepresentations and distortions to such an extent that the Court was forced to comment: "[S]ome of the filings, particularly on behalf of the plaintiffs, don't seem to me to address the issues at all. They talk about other, not totally unrelated, but other events that really have little bearing on the motions themselves." (Aug. 30, 2011 Trans., p. 3). Plaintiffs point to no particular time entry by defense counsel as unreasonable. Defense counsel's claims were very conservatively calculated. In fact, no time of any defense counsel was assessed for preparing for or attending the June 2 or August 30, 2011 hearings on these motions, and the hours that were charged were done at sharply discounted hourly rates.

What is perhaps most galling about Plaintiffs' second argument is that they are effectively seeking to somehow collaterally estop Defendant as a result of the Court not sanctioning them sooner for their recalcitrance. Instead of counting their lucky stars that they were not sanctioned the first two times these motions were raised, they try to take advantage of the good graces extended to them and argue that Defendant really did not go to all that much trouble as he was merely "regurgitating" arguments made in numerous previous filings and motions to compel (which the Court granted but Plaintiffs ignored). Defendant had been seeking a forensic image of NIAC's original server for 1-1/2 years and Plaintiffs were thrice ordered by the Court in language plain enough for anyone to understand to produce that server. NIAC and Parsi have no basis whatsoever to argue that defense counsel's time needed to obtain the third

order is not recoverable as it merely restates the arguments in the first two motions, especially in light of all the untrue statements made by Plaintiffs in their effort to avoid the imaging of the server. (*See*, Def's Omnibus Sanctions Motion, pp. 9-12, 36-37, Docket Nos. 143 and 145).  The same is equally true of the membership lists.  These were requested in March 2009 and the current Convio list was not produced until September 6, 2011, *after* all depositions were concluded.  Even the Salesforce lists (which were sitting in someone's office as of May 2010) were not produced until February and March 2011, after all the depositions in the case except for the last half-day of Parsi's deposition.  Along the way, Plaintiffs made numerous unfounded statements to stave off production of these.  (*See*, Def's Omnibus Sanctions Motion, pp. 22-24, 38-39, Docket Nos. 143 and 145).

Plaintiffs' contention that the legal assistant time involved (81.6 hours) is excessive is also unsupported by any specifics.  As the Court is well aware, the exhibits to these motions were voluminous and complex.  Many had to be redacted due to Plaintiffs' requested confidentiality agreement.  Others had to be reformatted from the Excel format in which they had been produced to portable document format (pdf) and resized for attaching as exhibits.  In total, the four briefs had over 40 exhibits. Extracting information from these (particularly from the 171,000 Salesforce meeting notes that NIAC had claimed were "limited" and the 9,000 Convio transactions) was complicated.  Ensuring accuracy required much checking and rechecking.  Many hours were spent locating exhibits, cite checking, and proofreading.

Plaintiffs have no one to blame here but themselves.  They were warned at the June 2, 2011 hearing that if they did not resolve these discovery disputes, costs would be awarded. (June 2, 2011 Trans., pp. 20-21, 26).  Yet they chose instead to raise numerous red herrings, to make unfounded and false statements, and to rehash arguments that the Court had rejected many times

before.  For the forgoing reasons including Plaintiffs' failure to comply with Local Rule 7, Defendant respectfully requests that Plaintiffs' Exceptions to Defendant's Bill of Costs be rejected, that costs and fees associated with his response be awarded, and that Plaintiffs be ordered to pay as a penalty a reasonable per diem for every day after September 20, 2011 they have not paid Defendant's Bill of Costs as ordered on August 30, 2011.

Respectfully submitted,

Dated: September 26, 2011

/s/
Timothy E. Kapshandy (Illinois Bar No. 06180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
Thomas E. Ross (D.C. Bar No. 994275)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
tom.ross@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2011, I caused true and correct copies of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STAY AND EXCEPTIONS TO DEFENDANT'S BILL OF COSTS** to be served by E-Mail upon:

    Afshin Pishevar
    Adrian Nelson
    600 East Jefferson Street
    Suite 316
    Rockville, Maryland 20852
    (301) 279-8773
    ap@pishevarlegal.com
    anelson@pishevarlegal.com

                                                    /s/
                            Timothy E. Kapshandy (Illinois Bar No. 06180926, admitted *pro hac vice*)
                            Bradford A. Berenson (D.C. Bar No. 441981)
                            HL Rogers (D.C. Bar No. 974462)
                            Peter G. Jensen (D.C. Bar No. 982599)
                            Thomas E. Ross (D.C. Bar No. 994275)
Dated: September 26, 2011        SIDLEY AUSTIN LLP
                            1501 K Street, N.W.
                            Washington, D.C.  20005
                            (202) 736-8000
                            tom.ross@sidley.com

                            Attorneys for Defendant
                            Seid Hassan Daioleslam