IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI <br><br> and <br><br> NATIONAL IRANIAN AMERICAN COUNCIL <br><br> Plaintiffs, <br><br> v. <br><br> DAIOLESLAM SEID HASSAN <br><br> Defendant. | Civil No. 08 CV 00705 |

### PLAINTIFFS' UNOPPOSED MOTION TO EXCEED PAGE LIMITATIONS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND OMNIBUS SANCTIONS MOTION

COME NOW Plaintiffs, Dr. Trita Parsi and the National Iranian American Council ("NIAC") (collectively "NIAC"), by and through their counsel, Afshin Pishevar, Esquire, Adrian V. Nelson, II, Esquire, and Pishevar & Associates, P.C., file this Unopposed Motion to Exceed Page Limitations in Opposition to Defendant's Motion for Summary Judgment and Omnibus Sanctions Motion, and states as follows:

1. On September 16, 2011, Defendant filed his Summary Judgment Motion and his Omnibus Sanctions Motion pursuant to the Court's June 9, 2011 Order.

2. Plaintiffs must file their Oppositions to the two Motions by October 28, 2011.

3. Defendant's Motion for Summary Judgment is 25 pages in length and contains 77 exhibits, most of which are extremely lengthy.

4. Defendant's Omnibus Sanctions Motion is 45 pages in length and contains 51 exhibits, again most of which are very lengthy.

5. Pursuant to Local Rule 7(e), the page limitation for oppositions to motions is 45 pages. *See* LCvR 7 (e).

6. LCvR 7 (e) further states that the page limitations cannot be exceeded "without prior approval of the court." *Id.*

7. In order for the Plaintiffs to properly address the numerous statements, allegations and legal arguments, as well as the voluminous and lengthy exhibits contained in Defendant's two Motions, Plaintiffs request to exceed by up to ten (10) pages the maximum page limitations set forth in the Local Rules.

8. Defendant's Motion for Summary Judgment contains many factual allegations, presented as undisputed material facts, and a large amount of exhibits, all of which need to be addressed individually. This is notwithstanding the many legal arguments that have to be addressed as well. In short, Plaintiffs cannot fully address the alleged undisputed facts, the voluminous exhibits and the legal arguments within the 45 page limit.

9. Defendant's Omnibus Sanctions Motion consists of various sections, each addressing a specific alleged discovery violation. These sections contain large amounts of exhibits, some of which are technical in nature. To properly respond to the Omnibus Sanctions Motion, Plaintiffs must address each section individually and address each allegation separately. As part of the response, a number of technical arguments will be made and a large amount of Defendant's exhibits analyzed. Plaintiffs cannot fully address all the issues contained in the Omnibus Sanctions Motion within the 45 page limit.

- 3 -

10. Without the opportunity to fully and properly address the two Motions, Plaintiffs face the possibility of having the case dismissed and/or incurring sanctions that could strain the Plaintiffs severely.

11. Plaintiffs anticipate exceeding the page limitation in the Opposition to the Defendant's Motion for Summary Judgment by no more than 5 pages and the page limitations in the Opposition to the Defendant Omnibus Sanctions Motion by no more than 10 pages.

12. Plaintiffs have conferred with the Defendant regarding the instant Motion and Defendant does not object to the Plaintiffs exceeding the page limitations.

Accordingly, for each of the reasons set forth above, Plaintiffs Unopposed Motion to Exceed Page Limitations in Opposition to Defendant's Motion for Summary Judgment and Omnibus Sanctions Motion should be granted and Plaintiffs should be permitted to file an Opposition to Defendant's Motion for Summary Judgment and an Opposition to Defendant's Omnibus Sanctions Motion, both of which are no more than 55 pages in length.

Respectfully submitted,

_____/S/_____
A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRITA PARSI, et al.** | ) |
| **Plaintiffs,** | ) ) ) |
| v. | ) Civil Action No. 08 CV 00705 (JDB) |
| **DAIOLESLAM SEID HASSAN,** | ) ) ) |
| **Defendant.** | ) |

### CERTIFICATE OF SERVICE

I certify that on August 5, 2011, I served, via email, Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion in Limine Regarding Plaintiff's Purported Lobbying Activity to:

>Timothy E. Kapshandy, Esquire
>Peter G. Jensen, Esquire
>SIDLEY AUSTIN LLP
>1501 K Street, N.W.
>Washington, D.C. 20005
>(202) 736-8000
>tkapshandy@sidley.com
>
>Attorneys for Defendant
>Seid Hassan Daioleslam

>_____/s/_____
>Afshin Pishevar
>Adrian Nelson
>600 East Jefferson Street
>Suite 316
>Rockville, Maryland 20852
>(301) 279-8773
>ap@pishevarlegal.com
>anelson@pishevarlegal.com
>
>
>Attorneys for Plaintiff
>Trita Parsi
>National Iranian American Council