# Exhibit L

# *NIAC*
# Data Collection and Analysis

September 16, 2011





Timothy Kapshandy
Partner
Sidley Austin
One South Dearborn
Chicago, Illinois 60603

Dear Mr. Kapshandy:

Our Services were performed and this Report was developed in accordance with our engagement letter dated 7/19/2010 and are subject to the terms and conditions included therein.

Our Services were performed in accordance with Standards for Consulting Services established by the American Institute of Certified Public Accountants ("AICPA"). Accordingly, we are providing no opinion, attestation or other form of assurance with respect to our work and we did not verify or audit any information provided to us.

Our work was limited to the specific procedures and analysis described herein and was based only on the information made available through 9/16/2011. Accordingly, changes in circumstances after this date could affect the findings outlined in this Report.

This information has been prepared solely for the use and benefit of, and pursuant to a client relationship exclusively with, Sidley Austin ("Client"). PwC disclaims any contractual or other responsibility to others based on its use and, accordingly, this information may not be relied upon by anyone other than Sidley Austin.

We appreciate the opportunity to assist you with this matter.


Very truly yours,


PricewaterhouseCoopers LLP

# *Table of Contents*

1. Scope                                    4

2. Process                                  5

3. Analysis and Findings                    7

4. Exhibits                                 9

Attorney Work Product
Privileged and Confidential

# 1. Scope

PwC performed forensic imaging of NIAC computers on two separate occasions, August 18, 2010 and April 6, 2011.  A third iteration of forensic imaging was ordered by Judge Bates to be inclusive of computers that were not provided to PwC during the first two iterations of imaging.  In addition, eight forensic images created on August 18, 2010 would be released back to PwC custody for a Windows Registry extraction and analysis.

The order filed by Judge Bates on 8/30/2011 states:

*"Plaintiffs shall produce, by not later than September 7, 2011, all of the servers/shared-drives on which NIAC's Outlook calendar entries have been kept from 2007 to the present. This production shall include, but shall not be limited to: (1) NIAC's server/share-drive that was in use in May 2009, which NIAC has now identified as Dell Dimension 4550 (serial no. 42BVV21) and (2) the computer used by Babak Talebi (serial no. jjnc891), which NIAC previously characterized as an "intern" computer, but was found to contain 8,000 Talebi e-mails. PricewaterhouseCoopers ("PwC") may conduct forensic imaging of NIAC's servers/shared-drives and Talebi's computer. This forensic imaging shall be limited to (1) the Outlook calendar entries contained on the servers/shareddrives and Talebi's computer, as originally specified in this Court's July 2010 Order; and (2) user/habit/login information in order to determine the identities of the persons who used the computers' Outlook calendar function. PwC therefore may not conduct forensic imaging of all of the files contained on NIAC's server."*

The order was amended on 9/7/2011:

*"Upon consideration of the representations of counsel at the telephone conference held with the Court on this date, and the entire record herein, it is hereby ORDERED that [138] this Court's August 30, 2011 Order is amended as follows: PricewaterhouseCoopers ("PwC") may conduct forensic imaging of NIAC's servers/shared-drives and Talebi's computer. Production to defendant of data/files on the imaged drives shall be limited to (1) the Outlook calendar entries contained on the servers/shared-drives and Talebi's computer, as originally specified in this Court's July 2010 Order; and (2) user/habit/login information in order to determine the identities of the persons who used the computers' Outlook calendar function. PwC therefore may not produce to defendant all of the files contained on NIAC's server. All other aspects of the Court's August 30, 2011 Order remain in effect."*

Attorney Work Product
Privileged and Confidential

# *2. Process*

## Acquisition

The forensic imaging of seven total NIAC data sources (two desktops, four laptops, and an external hard disk drive) was conducted on September 7, 2011 at the Sidley Austin offices in Washington, D.C. and the PwC offices in McLean, VA.

Per the documentation provided by plaintiff's counsel, the NIAC employees assigned to these seven data sources were Babak Talebi, various interns, and also a shared computer used as a file server. The desktop computer used as a shared drive was operational at the time of imaging and was previously described by NIAC's counsel as potentially non-operational.  See *Exhibit A - Imaged Computer Listing* for additional details.

PwC forensic technologists completed the imaging process utilizing WeibeTech's Forensic UltraDock v4, Guidance Software's EnCase Forensic v6.18.1, Diskology's Disk Jockey Pro, and FTK Imager Lite v2.9. Chain of custody forms and data acquisition documentation were maintained throughout the imaging process.

In addition, the Windows Registry files were recovered from eight forensic images that were created by PwC on August 18, 2010.  The image contents were viewed through EnCase Forensic and filter conditions were used to identify and copy Registry files into Logical Evidence Files.

## Calendar Appointment Forensic Analysis

The original and backup images were brought to the PwC Chicago forensic technology lab after the onsite imaging in Washington, D.C. and McLean, VA.  One backup image remains in the McLean, VA PwC forensic technology lab's evidence safe.

Guidance Software's EnCase Forensic Edition was utilized in the analyses of the computer images.  The forensic analysis included verification of the acquisition hash value, recovering of lost and deleted files/folders, mounting of archive files (ex - .zip), and verification of file signatures.

For three of the images collected by PwC (S/N - JJNC891, S/N - 42BVV21, S/N - 2HA133W4), all Microsoft Outlook Personal Storage (.PST) files and their accompanying metadata were identified and recovered using EnCase.  Each image contained .PST files, all of which were exported and eventually analyzed to determine if they contained calendar appointments.  Duplicate recovered .PST files are possible due to either the same .pst file being present on multiple images or to .PST files recovered from previous collected images. See *Exhibit B - PST Metadata* for additional details on the eight newly identified .PST files that contain calendar entries.

## Calendar Appointment Processing

The .PST files extracted from the forensic images using EnCase were processed using Wave Software's Trident Pro v6 (Trident) to identify and extract all items contained within each .PST file.  Each Outlook item's metadata is logged regardless of the type (calendar appointments, contacts, and e-mail messages). The extensive three-pass processing performed by PwC during the previous analysis in October 2010 was not attempted due to time constraints.

Attorney Work Product
Privileged and Confidential

## Calendar Appointment Consolidation and Filtering

The metadata corresponding to all items recovered during the processing was consolidated into a SQL Server 2008 database. The Outlook items were filtered where message class was equal to "IPM. Appointment". All calendar appointments were recovered regardless of where they were located within the Outlook .PST file. All other Outlook item types (IPM. Note, IPM.Contact, etc.) were excluded in all subsequent analyses.

Eight .PST files that were recovered from the three NIAC computer images that contained calendar appointments; the total amount of recovered calendar appointment items across the .PST files is 970. See *Exhibit C - Recovered Calendar Appointment Metadata* for additional details.

## Registry Analysis

The Windows Registry data for the NIAC computer (S/N - BBFWQH1) was examined using the tools RegRipper v2.02 and USBDeview v1.92. This desktop computer was originally imaged by PwC on August 18, 2010 and was specific to the NIAC employee Trita Parsi. The HKEY_LOCAL_MACHINE (HKLM) files SAM, SECURITY, SYSTEM, and SOFTWARE in addition to the HKEY_USERS (HKU) files were processed to determine user/habit/login information.

Attorney Work Product
Privileged and Confidential

# *3. Analysis and Findings*

**Analysis One: Babak Talebi Calendar Appointments**

The NIAC computer that was used by Babak Talebi (S/N - JJNC891) was examined for calendar appointments specific to Babak Talebi that were not previously produced by NIAC or recovered through PwC imaging efforts on August 18, 2010 and April 6, 2011.

A single .PST file was recovered from this machine that was specific to Babak Talebi and contained calendar appointments. A hash value comparison was performed on both the .PST file and the calendar appointments contained within to identify matches to previous PwC collections.

PwC identified 333 calendar appointments as being unique to this image that had not been previously produced by NIAC. See *Exhibit D - Babak Talebi Calendar Appointment Metadata* for a consolidated view of the appointment metadata.

**Analysis Two: Historic File Server and Backup Calendar Appointments**

The NIAC computer designated as the historic file server (S/N - 42BVV21) and the external USB hard drive designated as the backup to this server (S/N - 2HA133W4) were examined for calendar appointments that were not previously produced by NIAC or recovered through PwC imaging efforts on August 18, 2010 and April 6, 2011.

The data contained on the USB hard drive backup was analyzed to determine if it was being used as a backup device to the historic file server. By comparing hash values of the files contained on both images, PwC determined that the USB hard drive backup may have been used as shared disk space as over 90% of the files contained on the backup were not present on the historic file server image.

Across the two images for the server and the backup, there were 72 .PST files that were recovered. 52 of the .PST files were determined to be previously collected from other data sources by PwC based upon hash value. From the 20 new .PST files extracted from the images, a total of 471 calendar appointments were extracted. These calendar appointments were compared to other calendar appointments previously collected by PwC.

Of the 471 calendar appointments analyzed, PwC identified 5 as being unique to this image and had not been previously produced by NIAC. There are similar calendar entries in the previous PwC production to these 5 appointments, but there are slight differences in the metadata from the versions recovered from the Historic File Server backup. See *Exhibit E - Historic File Server Calendar Appointment Metadata* for a consolidated view of the metadata for the 5 unique calendar appointments.

## Analysis Three: Registry Analysis of Trita Parsi's Desktop Computer

The NIAC computer that was used by Trita Parsi (S/N - BBFWQH1) was analyzed by PwC to understand user/habit/login information.  This machine was originally imaged by PwC on August 18, 2010.  The Windows Registry files were analyzed to reveal the following information:

*Dates Used*

The Windows operating system was installed on 11/26/2008 and the user "Kershasp" was created on that same day.  The last time the user "Kershasp" logged onto the computer was 8/4/2010 and the last write time was 8/5/2010.

*Outlook Usage*

The email client Outlook was launched by the user "Kershasp" 238 times over the use of the computer, with the last time being 6/2/2010.  Outlook is the software client that can be used for maintaining calendar appointments.  The last time the email accounts configured through Outlook were written to was on 6/5/2010.

*USB Devices*

Multiple USB devices were attached to the computer over the period of usage.  The types of devices include flash drive storage, BlackBerry mobile phones, and a camera.  The six BlackBerry devices were attached through the time period 12/5/2008 through 8/4/2010.  See *Exhibit F - Registry USB Devices* for a summary of the USB devices attached.

# *4. Exhibits*

Exhibit A - Imaged Computer Listing                                      5

Exhibit B - PST Metadata                                                 5

Exhibit C - Recovered Calendar Appointment Metadata                      6

Exhibit D - Babak Talebi Calendar Appointment Metadata                   7

Exhibit E - Historic File Server Calendar Appointment Metadata           7

Exhibit F - Registry USB Devices                                         8