# Exhibit G

PRICEWATERHOUSECOOPERS

# NIAC Calendar Appointments

Collection, Analysis, and Production

October 18, 2010

PRICEWATERHOUSECOOPERS

# PRICEWATERHOUSECOOPERS 🅿

PricewaterhouseCoopers LLP
PricewaterhouseCoopers Center
300 Madison Avenue
New York NY 10017
Telephone (646) 471 3000
Facsimile (813) 286 6000

October 18, 2010

Timothy Kapshandy
Partner
Sidley Austin
One South Dearborn
Chicago, Illinois 60603

Dear Mr. Kapshandy:

Our Services were performed and this Report was developed in accordance with our engagement letter dated 7/19/2010 and are subject to the terms and conditions included therein.

Our Services were performed in accordance with Standards for Consulting Services established by the American Institute of Certified Public Accountants ("AICPA"). Accordingly, we are providing no opinion, attestation or other form of assurance with respect to our work and we did not verify or audit any information provided to us.

Our work was limited to the specific procedures and analysis described herein and was based only on the information made available through 10/18/2010. Accordingly, changes in circumstances after this date could affect the findings outlined in this Report.

This information has been prepared solely for the use and benefit of, and pursuant to a client relationship exclusively with, Sidley Austin ("Client"). PwC disclaims any contractual or other responsibility to others based on its use and, accordingly, this information may not be relied upon by anyone other than Sidley Austin.

We appreciate the opportunity to assist you with this matter.

Very truly yours,


PricewaterhouseCoopers LLP

# Table of Contents

| | | |
|---|---|---|
| 1. | Scope and Background | 4 |
| 2. | Process | 6 |
| 3. | Analyses and Findings | 9 |

Exhibits

| | | |
|---|---|---|
| 4. | Listing of Exhibits Referenced | 13 |

# 1. Scope and Background

The order filed by Judge Bates on 7/1/2010 states:

> "NIAC shall, by not later than July 16, 2010, submit the server on which its Outlook calendars are kept to forensic electronic discovery experts at PricewaterhouseCoopers for forensic imaging. Those experts shall produce to defendant the Outlook calendar records, complete and unedited to the extent possible, in native ".pst" format. These records shall include all fields and metadata."

A conference call was held on 8/12/2010 with plaintiff's counsel, defendant's counsel, and PwC to plan the data collection process. Plaintiff's counsel disclosed during this call that NIAC did not operate a Microsoft Exchange email server in-house. A third-party service provider was responsible for the delivery of e-mail via Post Office Protocol (POP).

All parties agreed to the imaging of desktop and laptop computers utilized by NIAC employees that contained Microsoft Outlook (.pst) files in lieu of the originally planned Microsoft Exchange server. Plaintiff's counsel disclosed that approximately 5-6 NIAC employee computers would be made available for forensic imaging the following week (9/16/10 through 9/20/10). Further coordination was necessary to schedule a date and location for the forensic imaging. The offices of Sidley Austin in Washington, DC on 8/18/2010 was ultimately agreed to by all parties.

During the imaging of the NIAC computers on 8/18/2010, plaintiff's counsel made available eight computers and disclosed the employee(s) assigned to each computer. The subsequent analyses of the hard disk drives within these computers revealed that multiple .pst files were contained on each computer image. Every .pst file present on an individual computer is not necessarily specific to the same employee. There can be multiple employees using the same computer through a separate Windows profiles. In addition, .pst files can easily be copied across computers and used for referential purposes. Tracking ownership and the employee responsible for the edits to each .pst file identified on the eight NIAC computers was not determinable.

The two data sources that were not made available for PwC to image and analyze on 8/18/2010 were a shared file server accessed by all NIAC employees and a laptop computer that was used by Trita Parsi. Plaintiff's counsel disclosed that there were no .pst files stored on the shared file server and the data on Trita Parsi's laptop computer fell outside the relevant time period.

As ordered by Judge Bates, the two previous productions of NIAC calendar appointments were also provided to PwC on 8/18/2010 by Sidley Austin. The format of the 12/28/2009 production was six .pst files and the format of the 4/21/2010 production was seven Microsoft Excel Workbooks. These two productions were ultimately compared to the calendar appointments recovered from the eight NIAC computers.

In addition to producing all Outlook calendar appointments in .pst format with accompanying metadata schedules, the analyses PwC was asked to complete in the 7/1/2010 order were:

Scope and Background

> " a. Whether any calendar entries located in the forensic image were omitted from the Outlook calendar productions on December 28, 2009 and April 21, 2010, and, if so, the substance and date of such entries.
>
> b. Whether edits were made to the Outlook calendar files on December 25-27, 2009, and, if so, what were the specific edits, and by whom were they made.
>
> c. Whether any calendar entries were deleted after the date of the event on the calendar and, if so, which entries were deleted, by whom, and when were they deleted.
>
> d. Whether, after December 8, 2009, any Outlook calendar events were edited or deleted by someone other than the calendar owner."

PwC addresses these analyses and findings in Section 3 "Analyses and Findings".

## 2. Process

### Acquisition

The forensic imaging of eight total NIAC employee computers, seven desktops and one laptop, was conducted on August 18, 2010 at the Sidley Austin offices in Washington, DC. Both plaintiff's and defendant's counsel were present during the imaging process.

Per the plaintiff's counsel, the NIAC employees assigned to these eight computers were Abdi Jamal, Barmand Arsalan, Kevin Cowl, Patrick Disney, David Elliott, Michelle Moghtader, Emily Blout, Trita Parsi, and Sepideh Phalsaphie. The employees Michelle Moghtader and Emily Blout both utilized the same computer. See *Exhibit A - Imaged Computer Listing* for additional details.

PwC forensic technologists completed the imaging process utilizing both Logicube's Forensic Dossier and Guidance Software's EnCase in combination with write-blocking hardware. Each of the eight NIAC computers contained one hard disk drive that was imaged. Chain of custody forms and data acquisition documentation were maintained throughout the imaging process.

All forensic images captured the complete contents of the hard disk drives contained within the eight NIAC computers, except for the hard disk drive present in the laptop computer assigned to Barmand Arsalan. The hard disk drive contained an error at sector 265850304, so a second image was created from 26585304 through the end of the hard disk drive. The data recovered from the first image was usable for subsequent forensic analysis.

### Forensic Analysis

The original images were shipped to the PwC Chicago forensic technology lab after the forensic images were backed up to encrypted hard disk drives. The backup images remain in the McLean, VA PwC forensic technology lab's evidence safe.

Guidance Software's EnCase Forensic Edition (version 6) was utilized in the analyses of the computer images. The forensic analysis included verification of the acquisition hash value, recovering of lost and deleted files/folders, mounting of archive files (ex - .zip), and verification of file signatures.

All .pst files and their accompanying metadata were identified and recovered using EnCase. Each hard disk drive image contained multiple .pst files, all of which were exported and eventually analyzed to determine if they contained calendar appointments. Duplicate recovered .pst files are possible due to either the same .pst file being present on multiple computers or to EnCase recovering lost Master File Table (MFT) records that point to the same file. MFT is a system database that records all files and folders on a volume. See *Exhibit B - PST Metadata* or additional details.

Process

### Processing

The .pst files extracted from the forensic images using EnCase were processed over three separate passes to recover all possible Outlook items, including calendar appointments.

*Processing Pass One*
The .pst files were processed using Wave Software's Trident Pro v6 (Trident) to identify and extract all items contained within each .pst file. Each Outlook item is extracted as an Outlook message (.msg) file regardless of the type (calendar appointments, contacts, and e-mail messages) and the .msg file's metadata is logged.

*Processing Pass Two*
Microsoft's Inbox Repair Tool (scanpst) was used to repair lost Outlook items within the .pst files. Not all .pst files had items in need of repair. After scanpst was run, all of the updated .pst files were once again processed again using Wave Software's Trident Pro as described within "Processing Pass One".

*Processing Pass Three*
All .pst files were loaded into AccessData's Forensic Toolkit v3 (FTK) to identify all deleted calendar appointments. FTK output each deleted calendar appointment as an .msg file and logged the corresponding metadata.

### Consolidation and Filtering

The metadata corresponding to all .msg files recovered during the three-pass processing was consolidated into a SQL Server 2008 database. The Outlook items were filtered where message class was equal to "IPM. Appointment". All calendar appointments were recovered regardless of where they were located within the Outlook .pst file. This includes calendar appointments that were deleted from the calendar, lost within the .pst mail container file, or embedded attachments to other Outlook items such as e-mail messages. All other Outlook item types (IPM. Note, IPM.Contact, etc.) were excluded in all subsequent analyses.

The calendar appointments recovered in processing passes one and two were de-duplicated against one another other to reflect only unique calendar entries per each .pst file. All calendar appointments recovered in processing pass three were included in the final population.

Only 87 of the .pst files that were recovered from the eight NIAC computer images contained calendar appointments. The total amount of recovered calendar appointment items across the 87 .pst files is 17,357. These calendar appointments will include duplicates as the same .pst files were found in multiple locations on multiple computers.

233 of the 17,357 recovered calendar appointments contained attachments. Further clarification from the court is necessary before we can review or produce attachments.

### Additional Metadata Recovery

After the consolidation, filtering, and de-duplication of the Outlook calendar appointment items; internal metadata for each appointment was recovered using a forensic processing tool developed by

Process

PwC. The calendar appointment-specific metadata included fields such as the appointment start and end times, duration, and location. See *Exhibit C - Recovered Calendar Appointment Metadata* for additional details.

### Processing and Consolidation of Previous NIAC Productions

The two NIAC calendar appointment productions needed to be processed and consolidated in order to perform comparative analyses.

<u>Processing for NIAC Production 1</u>

The six .pst files containing 356 calendar appointments produced by NIAC on 12/28/2009 were processed by both Trident and PwC's forensic processing tool to extract all available metadata. See *Exhibit D - NIAC Production 12-28-09 Calendar Appointment Metadata* for additional details.

<u>Consolidation of NIAC Production 2</u>

The seven Microsoft Excel Workbooks containing 5,270 calendar appointments produced by NIAC on 4/21/2010 were provided in a manner that displayed all available metadata fields. The NIAC production from 4/21/2010 did not contain all calendar appointment metadata fields that are natively stored within Microsoft Outlook. See *Exhibit E - NIAC Production 4-21-10 Calendar Appointment Metadata* for a consolidated view of the produced metadata.

### Production

The recovered calendar appointment .msg files were assembled into new .pst container files using Trident for production. The .pst files were titled the same as their original source file and placed in a directory structure to mirror the computer from which it was recovered. Within the .pst files, calendar entries were placed into the Outlook folder from which they were recovered or put into a PwC defined folder: 'Recovered' for appointments identified in Processing Pass Three and 'Null' for appointments when no folder was identified. The two accompanying schedules of .pst and calendar appointment metadata schedules were also produced.

# 3. Analyses and Findings

The Outlook calendar appointments recovered from the eight NIAC computers and previous NIAC calendar appointment productions were utilized in the subsequent analyses requested in Judge Bates' order.

***Analysis One:*** *"Whether any calendar entries located in the forensic image were omitted from the Outlook calendar productions on December 28, 2009 and April 21, 2010, and, if so, the substance and date of such entries."*

The comparison of appointment items between the recovered calendar appointments and two NIAC calendar appointment productions was completed in four separate analyses:

1. <u>Compare NIAC Production from 12/28/2009 to Recovered Calendar Appointments</u>

The six .pst files containing 356 calendar appointments produced by NIAC on 12/28/2009 were compared to the 17,357 calendar appointments recovered from the computer images based on the metadata fields:

- Outlook item type
- Subject
- Body
- Duration
- Start time
- End time
- Location
- Busy status
- Categories

All 356 calendar appointments contained in the NIAC produced .pst files were matched to 6,109 calendar appointments that were recovered from the computer images.

2. <u>Compare NIAC Production from 4/21/2010 to Recovered Calendar Appointments</u>

The seven Microsoft Excel Workbooks containing 5,270 calendar appointments produced by NIAC on 4/21/2010 were compared to the 17,357 calendar appointments recovered from the computer images based on the metadata fields:

- Outlook item type
- Subject
- Duration
- Start time
- End time
- Location
- Busy status

## Analyses and Findings

- Categories

The body metadata field was not included in the comparison due to potential character conversion issues that occurred during the production process. 5,248 of the 5,270 calendar appointments contained in the Microsoft Excel Workbooks produced by NIAC were matched to 10,142 calendar appointments recovered from the computer images.

The 22 NIAC produced calendar appointments not found in the recovered calendar appointments are detailed in *Exhibit F - NIAC Production 4-21-10 Exceptions*.

3. Compare Recovered Appointments to NIAC Productions from 12/28/2009 and 4/21/2010

After completing the first two comparisons, PwC was able to identify all of the recovered calendar appointments from the eight NIAC computer images that were not present in the two NIAC calendar productions. These calendar appointments were not able to be matched in comparisons one and two. Of the 17,357 calendar appointments recovered from the NIAC forensic images, 4,159 were not present in either of the two NIAC productions. See *Exhibit C - Recovered Calendar Appointments Metadata* for additional details.

4. Compare NIAC Production from 12/28/2009 to NIAC Production from 4/21/2010

The final comparison examined the two NIAC productions to determine if any of the 356 calendar appointments produced on 12/28/2009 were not produced on 4/21/2010. The analysis was matched on the metadata fields:

- NIAC employee
- Outlook item type
- Subject
- Duration
- Start time
- End time
- Location
- Busy status
- Categories

181 of the 356 calendar appointments from the NIAC 12/28/2009 production were not found in the NIAC 4/21/2010 production. See *Exhibit G - NIAC Productions Comparison* for additional details.

***Analysis 2:*** *"Whether edits were made to the Outlook calendar files on December 25-27, 2009, and, if so, what were the specific edits, and by whom were they made."*

For this analysis, both the calendar appointments within the .pst files produced by NIAC on 12/28/2008 and the recovered Outlook calendar appointments were analyzed independently.

NIAC Calendar Appointment Production - 12/28/2009
In reviewing the "Last Modification Date" metadata attribute for the 356 calendar appointments in this production, there were 87 appointments with modification dates in the date range 12/25/2009 to

Analyses and Findings

12/27/2009. See *Exhibit H - NIAC Production 12-28-09 Calendar Appointment Modifications* for additional details.

Recovered Calendar Appointments

In reviewing the 6,109 recovered calendar appointments that matched to the 12/28/2009 production, there were 1,210 appointments with modification dates in the date range 12/25/2009 to 12/27/2009. Of the remaining 4,899 recovered calendar appointments matched to the 12/28/2009 production, there were 276 appointments with a last modification date after 12/27/2009. These calendar appointments may have been modified during the 12/25/2009 - 12/27/2009 date range and then subsequently modified. See *Exhibit I - NIAC Recovered Calendar Appointment Modifications* for additional details.

The specific edits and by whom they were made are not determinable given the data analyzed. In order to identify what specific edits where made to these calendar appointments, a backup of the .pst files would need to be available from a time period immediately prior to 12/25/2009. The two versions of the calendar entry could then be compared to identify all differences. The employees responsible for making the modifications to the calendar entries are not determinable for the reasons mentioned on page four.

***Analysis 3:*** *"Whether any calendar entries were deleted after the date of the event on the calendar and, if so, which entries were deleted, by whom, and when were they deleted."*

As mentioned in the processing section on page seven, PwC performed three separate passes to identify all calendar appointment items contained within the .pst files. The calendar appointments recovered in passes one and two were organized by folders internal to the .pst files. The "Deleted Items" folder and sub-folders contain all Outlook items that are deleted by a user and have not been purged from a .pst file. 999 calendar appointments were found within the "Deleted Items" folders across all .pst files.

The third processing pass that utilized FTK identified Outlook calendar appointments that were purged from the .pst file and were still recoverable. 715 deleted calendar appointments were identified using FTK.

PwC did not look outside of the .pst files recovered from the eight NIAC computers for calendar appointments. Additional calendar appointments may exist outside of the .pst files analyzed in either additional file types or computers that were not analyzed.

For the desktop computer specific to Trita Parsi, the recovered calendar appointments that were deleted did not occur in the time period of April through September of 2006. If there ever were calendar appointments from this time period deleted from the Trita Parsi desktop, our present analysis, limited as it was, was not able to restore those.

In total, 1,714 calendar appointments were determined as having been deleted in the .pst files examined by PwC. See *Exhibit J - Deleted Calendar Appointments* for additional details.

The date the calendar appointment was deleted is not tracked by metadata within an Outlook .pst file and the employee responsible for making the modifications to the calendar entries is not determinable for the reasons mentioned on page four.

Analyses and Findings

***Analysis 4:*** *"Whether, after December 8, 2009, any Outlook calendar events were edited or deleted by someone other than the calendar owner."*

The employee responsible for making the modifications to the calendar entries is not determinable for the reasons mentioned on page four.