# EXHIBIT E

Samuel Gardiner
Washington, DC
August 30, 2010

1

1              IN THE UNITED STATES DISTRICT COURT

2                 FOR THE DISTRICT OF COLUMBIA

3      - - - - - - - - - - - - - - - - - -X

4      TRITA PARSI                          :

5      and                                  : Civil No.

6      NATIONAL IRANIAN AMERICAN COUNCIL,   : 08 CV 00705

7              Plaintiffs,                  : (JDB)

8      vs.                                  :

9      DAIOLESLAM SEID HASSAN,              :

10             Defendant.                   :

11     - - - - - - - - - - - - - - - - - -X

12

13             Deposition of SAMUEL GARDINER

14                    Washington, D.C.

15                Monday, August 30, 2010

16                      9:52 a.m.

17

18

19

20     Job No.:   24603

21     Pages:     1 - 330

22     Reported by:  Dana C. Ryan, RPR, CRR

2

1         Deposition of SAMUEL GARDINER, held at the

2    law offices of:

3

4              Sidley Austin, LLP

5              1501 K Street, Northwest

6              Washington, D.C. 20005

7              (202) 736-8000

8

9

10

11

12

13

14         Pursuant to agreement, before Dana C. Ryan,

15   Registered Professional Reporter, Certified

16   Realtime Reporter and Notary Public in and for the

17   District of Columbia.

18

19

20

21

22

Samuel Gardiner                                              August 30, 2010
                        Washington, DC

                                                                          3

1                    A P P E A R A N C E S

2

3     ON BEHALF OF THE PLAINTIFFS:

4          ADRIAN V. NELSON, II, Esquire

5          PATRICK PARSA, Esquire

6          Pishevar & Associates, P.C.

7          Jefferson Plaza - Suite 316

8          600 East Jefferson Street

9          Rockville, Maryland 20852

10         Telephone:  (301) 279-8773

11

12

13    ON BEHALF OF THE DEFENDANT:

14         TIMOTHY E. KAPSHANDY, Esquire

15         Sidley Austin, LLP

16         One South Dearborn

17         Chicago, Illinois 60603

18         Telephone:  (312) 853-7000

19

20

21

22

Samuel Gardiner                                                                August 30, 2010
Washington, DC

4

1      A P P E A R A N C E S   C O N T I N U E D

2

3      ON BEHALF OF THE DEFENDANT:

4           ERIC GALVEZ, Esquire

5           THOMAS E. ROSS, Esquire

6           Sidley Austin, LLP

7           1501 K Street, Northwest

8           Washington, D.C. 20005

9           Telephone:   (202) 736-8000

10

11

12

13

14

15

16

17

18

19

20

21

22

Case 1:08-cv-00705-JDB   Document 158-6   Filed 11/11/11   Page 6 of 9

Samuel Gardiner

Washington, DC

August 30, 2010

214

1     A     It is.

2     Q     You state, There has been considerable

3  discussion as to whether or not Mr. Daioleslam is

4  or has been connected to the MEK.

5           And that's a funny kind of passive

6  third person way of saying it.  My question is

7  considerable discussion by whom, when and where?

8     A     I reference it in the documents.  They

9  include people who have been interviewed in

10 articles who actually say he was a member of the

11 MEK, and I have a footnote to those.

12    Q     Okay.  We'll get to that.  I guess

13 our --

14    A     They're -- they're --

15    Q     Are all of those in here in your

16 report?

17    A     All the ones that I've found, yes, yes.

18    Q     Okay.  So when you say there's been

19 considerable discussion, you're referring to what

20 you have included in your report or the appendix?

21    A     Yes, yes.  I'm not talking about water

22 cooler.  I'm talking about in the literature of

1    Iran policy.

2        Q    And then at the top of the next page,
3    you say, Like most terrorist organizations, one
4    does not have a membership card for the MEK, so it
5    misses the point to talk about whether or not he
6    is a member.  Correct?  That's your statement?

7        A    That's exactly right.

8        Q    And then you go on for the next three
9    pages to talk about whether he's a member or not.
10   I don't understand what -- if we're missing the
11   point, just ask the question.  Why do you go on
12   and talk about whether he's a member of the MEK
13   for three pages?

14       A    I don't have a good answer other
15   than --

16       Q    I mean, that's fair.

17       A    Other than it seemed to me that the
18   evidence almost demanded, raised its head to me to
19   say something about it.

20       Q    Well, no, you were asked to address the
21   question, weren't you?

22       A    Right, right.  And, so, the question is

Samuel Gardiner                                         August 30, 2010
                        Washington, DC

216

1    one cannot find evidence that he does belong.  I
2    mean, that's a statement of truth.  There are,
3    however, some similarities in his positions, and I
4    just talk about those.
5        Q    And then you go on to conclude because
6    his positions are similar to the MEK's that he
7    could well be a member; correct?
8        A    I conclude that he -- because his
9    positions are similar, his positions are similar.
10   I don't say he -- I don't think I write to
11   conclude that he could be a member.
12       Q    I mean, let's get this out right here
13   on the table now as an expert and under oath here
14   in federal court.  Is it your conclusion that he
15   is a member of the MEK?
16       A    No, that's not my conclusion.
17       Q    You've mentioned that his brother and
18   sister have been identified as members.  That
19   doesn't necessarily mean you're a member; correct?
20       A    It does not.
21       Q    And then you have footnote 5, Former
22   MEK members have identified him as being part of

330

1    CERTIFICATE OF SHORTHAND REPORTER - NOTARY PUBLIC

2            I, Dana C. Ryan, Registered Professional

3    Reporter, Certified Realtime Reporter, the officer

4    before whom the foregoing proceedings were taken

5    do hereby certify that the foregoing transcript is

6    a true and correct record to the best of my

7    ability of the proceedings; that said proceedings

8    were taken by me stenographically and thereafter

9    reduced to typewriting under my supervision; and

10   that I am neither counsel for, related to, nor

11   employed by any of the parties to this case and

12   have no interest, financial or otherwise, in its

13   outcome.

14           IN WITNESS WHEREOF, I have hereunto set

15   my hand and affixed my notarial seal this 9th day

16   of September 2010.

17   My Commission expires:

18   July 15, 2015

19

20   _____

21   NOTARY PUBLIC IN AND FOR THE

22   DISTRICT OF COLUMBIA