# EXHIBIT A

# A-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRITA PARSI** ) | |
| ) | |
| **and** ) | |
| ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL** ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil No. 08 CV 00705 (JDB)** |
| ) | |
| **Daioleslam Seid Hassan,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## DEFENDANT'S REQUEST FOR SUPPLEMENTAL PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant

Daioleslam Seid Hassan ("Hassan") requests that Plaintiffs, Trita Parsi ("Parsi") and National

Iranian American Council ("NIAC") produce and make available for review and copying the

following documents in accordance with the definitions and instructions contained herein, within

thirty (30) days after service of this Request, at 9:00 a.m. at the offices of Sidley Austin LLP, or

at such other time and location as may be agreed upon by the parties.

## DEFINITIONS

1.     "NIAC" shall mean the National Iranian American Council, its board of

directors or trustees and any officials, representatives, employees, servants, attorneys, agents,

or any other person acting for or on its behalf, including, but not limited to, Plaintiff Trita

Parsi.

2.    "You" and "your" shall mean Plaintiffs Parsi and NIAC and officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on Parsi and/or NIAC's behalf.

3.    "Iran" shall mean the country of the Islamic Republic of Iran and its ministries, agencies, instrumentalities, government-owned or controlled corporations, partnerships, or business entities, and any citizens, officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on its behalf.

4.    "Membership," unless otherwise specified, shall mean former, current, or potential members of NIAC; persons who currently identify or formerly identified as members of NIAC, contribute or have contributed time or money to NIAC or provide or have provided NIAC with information regarding its policies.

5.    "United States political officials," unless otherwise specified, shall mean any United States Senator or Congressperson.

6.    "Staff," unless otherwise specified, shall mean any employees, servants, agents, representatives or any other person acting for or on behalf of his/her/their employer.

7.    "Internship," unless otherwise specified, shall mean any program by which NIAC offered temporary, paid or unpaid employment with NIAC or a United States political official, including any fellowship program.

8.    "Finances," unless otherwise specified, shall mean information regarding income and expenditures, including, but not limited to, funding, donations, grants, payments, compensation, consideration, income, expenditures, royalties, gifts, salaries, taxes, scholarships, disbursements, accounting information, balance sheets, cash-flow statements, daily accounting ledgers, check registers.

9.    "Complaint" shall mean the complaint filed by Parsi and NIAC against Hassan in this action.

10.    "Document" or "documents" is used in its broadest sense, as defined by Federal Rule of Civil Procedure 34(a), and includes, without limitation, all electronic, written, or printed matter of any kind, including drafts, originals and non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise, and records of any type or description, including without limitation the following: correspondence; interoffice and intraoffice communications; notes; letters; memoranda; work papers; analyses; plans; studies; statistical records; reports; press releases; contracts and agreements; records, summaries, agendas, minutes or notes of conferences, meetings, telephone calls, or other conversations; calendars, diaries, and appointment books; message pads; telephone messages and telephone logs; facsimiles, teletypes, telexes, and thermafaxes; photographs; tapes or other recordings; handwritten notes or notations in any form; voicemail messages; instant messages; data compilations, including, but not limited to, computer-generated and computer-stored information, whether or not ever printed out or displayed, such as documents stored on a network server, computer drive, CD or floppy disks; electronic mail, whether or not ever printed out or displayed, and any enclosures or attachments thereto; data posted or transmitted on Internet websites, including social networking sites and blogs.

3

11.   "Communications" means any transmittal of information in the form of facts, ideas, inquiries or otherwise, including a letter, memorandum, facsimile, meeting, telephone call, e-mail, instant message, blog posting, social networking site update, social networking site post, or social networking site message, or other communication, whether written or oral, between two or more of the persons or entities identified in the requests below, or relating to any person or entity identified in the request below, during the time period January 1, 2003 through the present.

12.   "Including" shall mean "including, but not limited to."

13.   "Relate to" or "relating to" shall mean any information or document which addresses, constitutes, contains, embodies, evidences, reflects, concerns, identifies, states, refers to, regards, records, responds to, deals with, describes, discusses, explains or is in any way pertinent to the subject of the request.

## INSTRUCTIONS

1.   Documents produced in response to one specific paragraph of this request need not be produced again, provided they are designated as being responsive to subsequent specific paragraphs when they are first produced.

2.     You are required to produce all of the requested documents which are in your possession, custody or control, including (by way of illustration only and not limited to) documents in the possession, custody or control of your affiliates, or merged and acquired predecessors and your present or former investigators, attorneys, directors, officers, partners, employees or other agents, as well as your present or former independent contractors over which you have or had control, and any other person acting on your behalf.

3.     You are to produce the originals and all copies of originals within the scope of this request, and make such original documents available for inspection and copying. These original documents must remain available throughout the custodian of records' examination.

4.     This request for production is continuing so as to require supplemental production pursuant to applicable procedural rules.  If, after making your initial production, you or any person acting on your behalf obtains varying or additional information or documents called for by the requests, all such original information and documents shall be made available to Counsel for Plaintiffs.

5.     If you withhold any information or documents requested herein on grounds of privilege, work-product or otherwise, identify the specific grounds upon which your objection is based and the particular request objected to, and identify any withheld documents or portion(s) thereof as follows:

a.     date;

b.     identity of its author/signatory and recipient;

c.     type of document (e.g., letter, chart, memorandum, etc.);

d.     summary of document contents, or the nature of the document;

5

c.   Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed, with the purportedly privileged portion excised.

6.   If any otherwise responsive document was, but is no longer in existence or in your possession, custody or control, identify its current or last known custodian, the location/address of such document, and describe in full the circumstances surrounding its disposition from your possession or control.

7.   Documents produced pursuant to this request shall be labeled to indicate the specific paragraph(s) of the request to which they respond or, in the alternative, produced as they are kept in the ordinary course of business. If a document was prepared in several copies, or if additional copies were thereafter made, and if such copies were not identical or are no longer identical by reason of subsequent notation or modifications of any kind whatsoever, including, without limitation, notations on the front or back of the document, such non-identical copies must be produced.  The fact that a document has been or shall be produced by one person does not relieve any other person from the obligation to produce a copy of the same document, even if the two documents are identical in all respects.

## DOCUMENTS TO BE PRODUCED

1.   All tax returns, including amended returns (if applicable), for NIAC and Trita Parsi from 2009 and 2010.

2.   NIAC's financial statements from 2009 and 2010 reflecting payments to Neal Gross & Co., a court reporter service, as well as any relevant transcriptions.

6

Tim Kapshandy (Illinois Bar No. 06180926,
admitted *pro hac vice*)
HL Rogers (D.C. Bar No. 974462)
Thomas Ross (D.C. Bar No. 994275)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000

Dated: August 17, 2010

Attorneys for Defendant
Daioleslam Seid Hassan

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI | ) |
| | ) |
| and | ) |
| | ) |
| NATIONAL IRANIAN AMERICAN COUNCIL | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil No. 08 CV 00705 (JDB) |
| | ) |
| Daioleslam Seid Hassan, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I certify that today, August 17, 2010, I served Defendant's Request for Supplemental Production on the following via federal express:

> Afshin Pishevar
> 600 East Jefferson Street
> Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com

Pursuant to D.D.C. L.R. 52, I will retain the original in my possession.

Tim Kapshandy (Illinois Bar No. 06180926,
admitted *pro hac vice*)
HL Rogers (D.C. Bar No. 974462)
Thomas Ross (D.C. Bar No. 994275)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000

Dated: August 17, 2009

Attorneys for Defendant
Daiolcslam Seid Hassan

9

# **A-2**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** ) | |
| ) | |
| **and** ) | |
| ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL** ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil No. 08 CV 00705 (JDB)** |
| ) | |
| **DAIOLESLAM SEID HASSAN,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>DEFENDANT'S FIRST SET OF INTERROGATORIES TO NIAC</u>

Pursuant to Federal Rules of Civil Procedure 33 and 69(a), Defendant Seid Hassan Daioleslam ("Daioleslam"), hereby propounds the following set of interrogatories upon Plaintiff National Iranian American Council ("NIAC"), which are to be answered fully in writing, under oath, in accordance with the definitions and instructions herein, and within (30) days after service.

## DEFINITIONS

1.   "NIAC" shall mean the National Iranian American Council and any officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on its behalf, including, but not limited to, Plaintiff Trita Parsi.

2.   "You" and "your" shall mean Plaintiffs Parsi and NIAC, and officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on behalf of Parsi and/or NIAC.

3.    "Iran" shall mean the country of Iran and its ministries, agencies, instrumentalities, government-owned or controlled corporations, partnerships, or business entities, and any officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on its behalf.

4.    "Person," unless otherwise specified, shall mean any natural person, firm, corporation, association, group, organization, or agency.

5.    "Member," unless otherwise specified, shall mean any current or potential member: any person who currently identifies or formerly identified him or herself as a member of NIAC, contributes or has contributed time or money to NIAC, or provides or has provided NIAC with information or opinions regarding its policies and positions.

6.    "Political officials," unless otherwise specified, shall mean any United States Senator or Congressperson.

7.    "Staff," unless otherwise specified, shall mean any employees, servants, agents, representatives or any other person acting for or on behalf of a Senator or Congressperson.

8.    "Document" or "documents" is used in its broadest sense, as defined by Federal Rule of Civil Procedure 34(a), and includes, without limitation, all written or printed matter of any kind, including drafts, originals and non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise, and records of any type or description, including without limitation the following: correspondence; interoffice and intraoffice communications; notes; letters; memoranda; work papers; analyses;

2

plans; studies; statistical records; reports; press releases; contracts and agreements; records, summaries, agendas, minutes or notes of conferences, meetings, telephone calls, or other conversations; calendars, diaries, and appointment books; message pads; telephone messages and telephone logs; facsimiles, teletypes, telexes, and thermafaxes; photographs; tapes or other recordings; handwritten notes or notations in any form; data compilations, including, but not limited to, computer-generated and computer-stored information, whether or not ever printed out or displayed, such as documents stored on a computer drive, CD or floppy disk and voicemail messages; and electronic mail, whether or not ever printed out or displayed, and any enclosures or attachments thereto.

9.      "Relate to" or "relating to" shall mean any information or document which addresses, constitutes, contains, embodies, evidences, reflects, concerns, identifies, states, refers to, regards, records, responds to, deals with, describes, discusses, explains or is in any way pertinent to the subject of the request.

10.      "Including" shall mean "including, but not limited to."

11.      "Communications" means any transmittal of information in the form of facts, ideas, inquiries or otherwise, including a letter, memorandum, facsimile, meeting, telephone call, e-mail, or other communication, whether written or oral, between two or more of the persons or entities identified in the requests below.

12.      "Identify" or "Describe" shall mean to provide all known information concerning the indicated subject matter, including, but not limited to, the following:

3

a.      When used in reference to an individual provide the individual's full name, present or last known address and telephone number, and the name, address, and telephone number of the individual's present employer.

b.      When used in reference to a business or other entity provide the precise name of the entity, its current address, all owners, shareholders, parents, subsidiaries or affiliates of the business or entity, and the identity of the individuals at the entity from who Parsi and/or NIAC obtained the information requested by the interrogatory.

c.      When used in reference to a document (defined above), provide, the author or any other person who created the document, the date of the document, each addressee and copy addressee of the document, the present location of the document and the name of the present custodian of the document, describe the form of the document (*e.g.*, letter, memo, report), and in the case of any document that is not in your possession or subject to your control, but which you know exists, provide its present or last known location and custodian.

## INSTRUCTIONS

1.      You must answer each of the following interrogatories and each subpart separately and fully.  Each answer must set forth verbatim the interrogatory to which it responds. Interrogatories or subparts thereof shall not be combined for the purpose of supplying a common answer.  The answer to an interrogatory or a subpart thereof shall not be supplied by referring to the answer to another interrogatory or subpart thereof, unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart being answered.

2.      Each interrogatory shall be construed independently and not with reference to any other interrogatory for the purpose of limitation.

3.      The information sought in these interrogatories is information that is within your knowledge, possession, custody, or control or within the knowledge, possession, custody, or control of any of your agents, attorneys, or representatives.  You may not respond that you lack knowledge sufficient to answer an interrogatory without stating that you have made a reasonable inquiry to obtain the information, describing the efforts made, and that, notwithstanding those efforts, you are unable to obtain the requested information.

4.      These interrogatories are continuing in character so as to require prompt supplemental responses, in accordance with Rule 26(e)(2), if you obtain or discover additional information between the time of the initial response pursuant to this request and the time of the final disposition of this action.  You shall serve upon the undersigned attorneys each

5

supplemental response no later than thirty (30) days after discovery of further information.  In no event shall any supplemental response be served later than the day before the first day of trial.

     5.     If any interrogatory cannot be answered in full, it must be answered to the extent possible and you must provide an explanation as to why any portion of any interrogatory cannot be answered, including, but not limited to, information relating to any person who may have knowledge of or further information relating to the subject matter of the interrogatory.

     6.     The terms "and" and "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

     7.     "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each." "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

     8.     As used herein, the singular shall include the plural and the plural shall include the singular as necessary to bring within the scope of these interrogatories which might otherwise be construed to be outside their scope.

     9.     If a privilege is asserted as a ground for not responding to an interrogatory in whole or in part, the facts on which the claim of privilege are based must be described in enough detail to permit the Court to rule on the validity of the claim.

## INTERROGATORIES

1.    Identify each person who has, or you believe to have, any knowledge relating to the information sought herein and in Daioleslam's First and Second Requests for Production of Documents; specify the subject matter about which the person has knowledge; describe the substance of that knowledge, and provide contact information for the witness.

2.    Describe in detail NIAC's internship and fellowship programs, including the recruitment process, application process, job responsibilities, or salary or other payment.

3.    Describe in detail the sources of NIAC's funding, including the name and contact information of every funding source, a list of the how much funding they provide and how frequently they provide funding.  Please break this down by each year since NIAC's inception to date.

4.    Describe in detail your relationship to Iran, including any funding, information, advice or support Iran provides to you or you provides to Iran.

5.    Describe in detail your relationship with United States political officials and their staff including any funding, information, or advice or support United States political officials provided to you or you provided to United States political officials.

6.    Identify the evidence that supports your contention that Daioleslam acted with reckless disregard of the truth. *See* Compl. at ¶¶ 21, 28, 37.

7

7.      Identify the evidence that supports your contention that Daioleslam's statements have "damaged NIAC's reputation and the public estimation of the organization." *See* Compl. at ¶ 41.

8.      Identify the evidence that supports your contention that Daioleslam's statements have "interfered or damaged the public support of NIAC by affecting NIAC's public estimation and reputation." *See* Compl. at ¶ 42.

9.      Identify the evidence that supports your contention that Daioleslam's statements have "interfered with the activities of NIAC by prejudicing the public's estimation of that organization." *See* Compl. at ¶ 43.

10.     Identify the person(s) responsible for NIAC's financial records.

11.     Identify the person(s) responsible for your information technology system and email communications.

12.     Identify the service provider for your email communications.

_Timothy E. Kapshandy / ET._

Timothy E. Kapshandy (Illinois Bar No.
6180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
hrogers@sidley.com

Dated: March 3, 2009

Attorneys for Defendant
Seid Hassan Daioleslam

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRITA PARSI** | ) |
| **and** | ) |
| | ) |
| **NATIONAL IRANIAN AMERICAN COUNCIL** | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   **Civil No. 08 CV 00705 (JDB)** |
| | ) |
| **Daioleslam Seid Daioleslam,** | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I certify that today, March 3, 2009, I served Defendant's First Set of Interrogatories on the following via electronic mail pursuant to Fed. R. Civ. Pro. 5(b)(2)(E), to which he has consented:

> Afshin Pishevar
> 600 East Jefferson Street
> Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com

Pursuant to D.D.C. L.R. 5.2(a), I will retain the original in my possession.

_Timothy E. Kapshandy /EJ._

Timothy E. Kapshandy (Illinois Bar No.
6180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
hrogers@sidley.com

Dated: March 3, 2009

Attorneys for Defendant
Seid Hassan Daioleslam

11

# **<u>A-3</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI ) | |
| ) | |
| and ) | |
| ) | |
| NATIONAL IRANIAN AMERICAN COUNCIL ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 08 CV 00705 (JDB) |
| ) | |
| Daioleslam Seid Hassan, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Daioleslam Seid Hassan ("Hassan") requests that Plaintiffs, Trita Parsi ("Parsi") and National Iranian American Council ("NIAC") produce and make available for review and copying the following documents in accordance with the definitions and instructions contained herein, within thirty (30) days after service of this Request, at 9:00 a.m. at the offices of Sidley Austin LLP, or at such other time and location as may be agreed upon by the parties.

### DEFINITIONS

1.   "NIAC" shall mean the National Iranian American Council, its board of directors or trustees and any officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on its behalf, including, but not limited to, Plaintiff Trita Parsi.

2.     "You" and "your" shall mean Plaintiffs Parsi and NIAC and officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on Parsi and/or NIAC's behalf.

3.     "Iran" shall mean the country of the Islamic Republic of Iran and its ministries, agencies, instrumentalities, government-owned or controlled corporations, partnerships, or business entities, and any citizens, officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on its behalf.

4.     "Membership," unless otherwise specified, shall mean former, current, or potential members of NIAC; persons who currently identify or formerly identified as members of NIAC, contribute or have contributed time or money to NIAC or provide or have provided NIAC with information regarding its policies.

5.     "United States political officials," unless otherwise specified, shall mean any United States Senator or Congressperson.

6.     "Staff," unless otherwise specified, shall mean any employees, servants, agents, representatives or any other person acting for or on behalf of his/her/their employer.

7.     "Internship," unless otherwise specified, shall mean any program by which NIAC offered temporary, paid or unpaid employment with NIAC or a United States political official, including any fellowship program.

2

8.    "Finances," unless otherwise specified, shall mean information regarding income and expenditures, including, but not limited to, funding, donations, grants, payments, compensation, consideration, income, expenditures, royalties, gifts, salaries, taxes, scholarships, disbursements, accounting information, balance sheets, cash-flow statements, daily accounting ledgers, check registers.

9.    "Complaint" shall mean the complaint filed by Parsi and NIAC against Hassan in this action.

10.   "Document" or "documents" is used in its broadest sense, as defined by Federal Rule of Civil Procedure 34(a), and includes, without limitation, all electronic, written, or printed matter of any kind, including drafts, originals and non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise, and records of any type or description, including without limitation the following: correspondence; interoffice and intraoffice communications; notes; letters; memoranda; work papers; analyses; plans; studies; statistical records; reports; press releases; contracts and agreements; records, summaries, agendas, minutes or notes of conferences, meetings, telephone calls, or other conversations; calendars, diaries, and appointment books; message pads; telephone messages and telephone logs; facsimiles, teletypes, telexes, and thermafaxes; photographs; tapes or other recordings; handwritten notes or notations in any form; voicemail messages; instant messages; data compilations, including, but not limited to, computer-generated and computer-stored information, whether or not ever printed out or displayed, such as documents stored on a network server, computer drive, CD or floppy disks; electronic mail, whether or not ever printed out or displayed, and any enclosures or attachments thereto; data posted or transmitted on Internet websites, including social networking sites and blogs.

3

11.   "Communications" means any transmittal of information in the form of facts, ideas, inquiries or otherwise, including a letter, memorandum, facsimile, meeting, telephone call, e-mail, instant message, blog posting, social networking site update, social networking site post, or social networking site message, or other communication, whether written or oral, between two or more of the persons or entities identified in the requests below, or relating to any person or entity identified in the request below, during the time period January 1, 2003 through the present.

12.   "Including" shall mean "including, but not limited to."

13.   "Relate to" or "relating to" shall mean any information or document which addresses, constitutes, contains, embodies, evidences, reflects, concerns, identifies, states, refers to, regards, records, responds to, deals with, describes, discusses, explains or is in any way pertinent to the subject of the request.

## INSTRUCTIONS

1.   Documents produced in response to one specific paragraph of this request need not be produced again, provided they are designated as being responsive to subsequent specific paragraphs when they are first produced.

2.    You are required to produce all of the requested documents which are in your possession, custody or control, including (by way of illustration only and not limited to) documents in the possession, custody or control of your affiliates, or merged and acquired predecessors and your present or former investigators, attorneys, directors, officers, partners, employees or other agents, as well as your present or former independent contractors over which you have or had control, and any other person acting on your behalf.

3.    You are to produce the originals and all copies of originals within the scope of this request, and make such original documents available for inspection and copying. These original documents must remain available throughout the custodian of records' examination.

4.    This request for production is continuing so as to require supplemental production pursuant to applicable procedural rules. If, after making your initial production, you or any person acting on your behalf obtains varying or additional information or documents called for by the requests, all such original information and documents shall be made available to Counsel for Plaintiffs.

5.    If you withhold any information or documents requested herein on grounds of privilege, work-product or otherwise, identify the specific grounds upon which your objection is based and the particular request objected to, and identify any withheld documents or portion(s) thereof as follows:

        a.    date;

        b.    identity of its author/signatory and recipient;

        c.    type of document (e.g., letter, chart, memorandum, etc.);

        d.    summary of document contents, or the nature of the document;

5

e.      Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed, with the purportedly privileged portion excised.

6.      If any otherwise responsive document was, but is no longer in existence or in your possession, custody or control, identify its current or last known custodian, the location/address of such document, and describe in full the circumstances surrounding its disposition from your possession or control.

7.      Documents produced pursuant to this request shall be labeled to indicate the specific paragraph(s) of the request to which they respond or, in the alternative, produced as they are kept in the ordinary course of business. If a document was prepared in several copies, or if additional copies were thereafter made, and if such copies were not identical or are no longer identical by reason of subsequent notation or modifications of any kind whatsoever, including, without limitation, notations on the front or back of the document, such non-identical copies must be produced.  The fact that a document has been or shall be produced by one person does not relieve any other person from the obligation to produce a copy of the same document, even if the two documents are identical in all respects.

## DOCUMENTS TO BE PRODUCED

1.      All documents relating to NIAC's articles of incorporation, by-laws, annual reports, board meeting minutes, or meeting minutes of any committees.

2.      All documents relating to Hassan, including all communications with Hassan.

6

3.     All documents relating to the government of Iran or any governmental or
quasi-governmental group or agency of Iran, including all communications with Iran, the
government of Iran, or any government or quasi-governmental group or agency of Iran
(whether located within the borders of Iran or elsewhere) and all communications with any
person then residing in Iran or then or now affiliated with any government or quasi-
governmental group or agency of Iran (whether located within the borders of Iran or
elsewhere).

4.     All documents relating to former United States Congressman Bob Ney
and/or his staff, including all communications with Bob Ney and his staff.

5.     All documents relating to United States political officials, including all
communications with United States political officials and their staff.

6.     All documents relating to Siamack Namazi, including all communications
with Namazi.

7.     All documents relating to Iranians for International Cooperation, including
all communications with former members or employees of Iranians for International
Cooperation.

8.     All documents relating to Hamyaran, including all communications with
its members or employees.

9.     All documents relating to the Alavi Foundation or its predecessor
organization, the Pahlavi Foundation, including all communications with either foundation's
former or current members or employees, including the president of the Alavi Foundation,
Farshid Jahedi.

10.   All documents relating to ASA Corp. Limited, including all communications with its former or current employees.

11.   All documents relating to National Endowment for Democracy (NED) grants, including all NED grant financial reports and attachments to such reports; any and all communications with NED or any of its directors, staff, employees, interns, or affiliates; any and all reports or substantiation of any kind regarding the manner in which NIAC utilized or utilizes NED grants or other moneys received from NED; any and all audits, reports, findings, or records relating to grants or other moneys received from NED.

12.   All documents relating to NIAC's finances, including any and all state or federal tax forms from 2002 to 2008.

13.   All documents relating to Parsi's finances, including any and all state or federal tax forms from 2002 to 2008.

14.   All documents referring to NIAC's activities as lobbying, exercising political influence, taking positions on United States policies, or persuading United States political officials.

8

Tim Kapshandy (Illinois Bar No. 06180926,
admitted *pro hac vice*)
HL Rogers (D.C. Bar No. 974462)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000

Dated: February 6, 2009

Attorneys for Defendant
Daioleslam Seid Hassan

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** )<br><br>**and** )<br><br>**NATIONAL IRANIAN AMERICAN COUNCIL** )<br>   **Plaintiffs,** )<br><br>   **v.** )<br><br>**Daioleslam Seid Hassan,** )<br><br>   **Defendant.** )<br>_____) | **Civil No. 08 CV 00705 (JDB)** |

## <u>CERTIFICATE OF SERVICE</u>

I certify that today, February 6, 2009, I served Defendant's First Request for Production

on the following via federal express:

> Afshin Pishevar
> 600 East Jefferson Street
> Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com

Pursuant to D.D.C. L.R. 52., I will retain the original in my possession.

Tim Kapshandy (Illinois Bar No. 06180926,
admitted *pro hac vice*)
HL Rogers (D.C. Bar No. 974462)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000

Dated: February 6, 2009

Attorneys for Defendant
Daioleslam Seid Hassan

11

# A-4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** )<br>)<br>**and** )<br>)<br>**NATIONAL IRANIAN AMERICAN COUNCIL** )<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**DAIOLESLAM SEID HASSAN,** )<br>)<br>)<br>**Defendant.** )<br>) | **Civil No. 08 CV 00705 (JDB)** |

## DEFENDANT'S SECOND REQUEST FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Seid Hassan Daioleslam ("Daioleslam") requests that Plaintiffs, Trita Parsi ("Parsi") and National Iranian American Council ("NIAC") produce and make available for review and copying the following documents in accordance with the definitions and instructions contained herein, within thirty (30) days after service of this Request, at 9:00 a.m. at the offices of Sidley Austin LLP, or at such other time and location as may be agreed upon by the parties.

## DEFINITIONS

1.    "NIAC" shall mean the National Iranian American Council, its board of directors or trustees and any officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on its behalf, including, but not limited to, Plaintiff Trita Parsi.

2.    "You" and "your" shall mean Plaintiffs Parsi and NIAC and officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on Parsi and/or NIAC's behalf.

3.    "Iran" shall mean the country of the Islamic Republic of Iran and its ministries, agencies, instrumentalities, government-owned or controlled corporations, partnerships, or business entities, and any citizens, officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on its behalf.

4.    "Membership," unless otherwise specified, shall mean former, current, or potential members of NIAC; persons who currently identify or formerly identified as members of NIAC, contribute or have contributed time or money to NIAC or provide or have provided NIAC with information regarding its policies.

5.    "United States political officials," unless otherwise specified, shall mean any United States Senator or Congressperson.

6.    "Staff," unless otherwise specified, shall mean any employees, servants, agents, representatives or any other person acting for or on behalf of his/her/their employer.

7.    "Internship," unless otherwise specified, shall mean any program by which NIAC offered temporary, paid or unpaid employment with NIAC or a United States political official, including any fellowship program.

2

8.    "Finances," unless otherwise specified, shall mean information regarding income and expenditures, including, but not limited to, funding, donations, grants, payments, compensation, consideration, income, expenditures, royalties, gifts, salaries, taxes, scholarships, disbursements, accounting information, balance sheets, cash-flow statements, daily accounting ledgers, check registers.

9.    "Complaint" shall mean the complaint filed by Parsi and NIAC against Daioleslam in this action.

10.    "Document" or "documents" is used in its broadest sense, as defined by Federal Rule of Civil Procedure 34(a), and includes, without limitation, all electronic, written, or printed matter of any kind, including drafts, originals and non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise, and records of any type or description, including without limitation the following: correspondence; interoffice and intraoffice communications; notes; letters; memoranda; work papers; analyses; plans; studies; statistical records; reports; press releases; contracts and agreements; records, summaries, agendas, minutes or notes of conferences, meetings, telephone calls, or other conversations; calendars, diaries, and appointment books; message pads; telephone messages and telephone logs; facsimiles, teletypes, telexes, and thermafaxes; photographs; tapes or other recordings; handwritten notes or notations in any form; voicemail messages; instant messages; data compilations, including, but not limited to, computer-generated and computer-stored information, whether or not ever printed out or displayed, such as documents stored on a network server, computer drive, CD or floppy disks; electronic mail, whether or not ever printed out or displayed, and any enclosures or attachments thereto; data posted or transmitted on Internet websites, including social networking sites and blogs.

3

11.   "Communications" means any transmittal of information in the form of facts, ideas, inquiries or otherwise, including a letter, memorandum, facsimile, meeting, telephone call, e-mail, instant message, blog posting, social networking site update, social networking site post, or social networking site message, or other communication, whether written or oral, between two or more of the persons or entities identified in the requests below, or relating to any person or entity identified in the request below, during the time period January 1, 2003 through the present.

12.   "Including" shall mean "including, but not limited to."

13.   "Relate to" or "relating to" shall mean any information or document which addresses, constitutes, contains, embodies, evidences, reflects, concerns, identifies, states, refers to, regards, records, responds to, deals with, describes, discusses, explains or is in any way pertinent to the subject of the request.

## INSTRUCTIONS

1.   Documents produced in response to one specific paragraph of this request need not be produced again, provided they are designated as being responsive to subsequent specific paragraphs when they are first produced.

2.     You are required to produce all of the requested documents which are in your possession, custody or control, including (by way of illustration only and not limited to) documents in the possession, custody or control of your affiliates, or merged and acquired predecessors and your present or former investigators, attorneys, directors, officers, partners, employees or other agents, as well as your present or former independent contractors over which you have or had control, and any other person acting on your behalf.

3.     You are to produce the originals and all copies of originals within the scope of this request, and make such original documents available for inspection and copying. These original documents must remain available throughout the custodian of records' examination.

4.     This request for production is continuing so as to require supplemental production pursuant to applicable procedural rules. If, after making your initial production, you or any person acting on your behalf obtains varying or additional information or documents called for by the requests, all such original information and documents shall be made available to Counsel for Plaintiffs.

5.     If you withhold any information or documents requested herein on grounds of privilege, work-product or otherwise, identify the specific grounds upon which your objection is based and the particular request objected to, and identify any withheld documents or portion(s) thereof as follows:

      a.     date;

      b.     identity of its author/signatory and recipient;

      c.     type of document (e.g., letter, chart, memorandum, etc.);

      d.     summary of document contents, or the nature of the document;

e.      Notwithstanding the assertion of an objection, any purportedly privileged document containing non-privileged matter must be disclosed, with the purportedly privileged portion excised.

6.      If any otherwise responsive document was, but is no longer in existence or in your possession, custody or control, identify its current or last known custodian, the location/address of such document, and describe in full the circumstances surrounding its disposition from your possession or control.

7.      Documents produced pursuant to this request shall be labeled to indicate the specific paragraph(s) of the request to which they respond or, in the alternative, produced as they are kept in the ordinary course of business. If a document was prepared in several copies, or if additional copies were thereafter made, and if such copies were not identical or are no longer identical by reason of subsequent notation or modifications of any kind whatsoever, including, without limitation, notations on the front or back of the document, such non-identical copies must be produced.  The fact that a document has been or shall be produced by one person does not relieve any other person from the obligation to produce a copy of the same document, even if the two documents are identical in all respects.

### DOCUMENTS TO BE PRODUCED

1.      All documents on which you relied in drafting your Complaint.

2.      All documents relating to NIAC's corporate governance, including the charter, by-laws, articles of incorporation, and meetings of any boards or committees.

3.      All documents relating to NIAC membership, including all communications with potential, former, or current members, and membership and email lists.

4.      All documents relating to NIAC internships and fellowships, including all communications with potential, former, or current interns and fellows.

6

5.      All documents relating to NIAC's reputation or public estimation.

6.      All documents relating to Parsi's character or reputation.

7.      All documents relating to Parsi's allegation of special damages, including, but not limited to, all documents describing or evidencing any direct and/or quantifiable monetary losses suffered by Parsi. *See* Compl. ¶ 24.

8.      All documents relating to Parsi's allegation of compensatory and punitive damages, including, but not limited to, all documents describing or evidencing any direct and/or quantifiable monetary losses suffered by Parsi.

9.      All documents relating to NIAC's document-retention policies or litigation-hold policies.

10.   All calendars, diaries, or other documents relating to the time-keeping records of NIAC and its employees.

11.   Personnel files and all documents relating to the hiring and responsibilities of Emily Blout, Patrick Disney, and David Elliot.

_Timothy E Kapshandy /ET_

Timothy E. Kapshandy (Illinois Bar No.
6180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
hrogers@sidley.com

Dated: March 3, 2009

Attorneys for Defendant
Seid Hassan Daioleslam

8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**TRITA PARSI**                                  )
                                                 )
**and**                                          )
                                                 )
**NATIONAL IRANIAN AMERICAN COUNCIL**            )
                        **Plaintiffs,**          )
                                                 )      **Civil No. 08 CV 00705 (JDB)**
                **v.**                           )
                                                 )
**DAIOLESLAM SEID HASSAN,**                      )
                                                 )
                                                 )
                        **Defendant.**           )
                                                 )

## <u>CERTIFICATE OF SERVICE</u>

I certify that today, March 3, 2009, I served Defendant's Second Request for Production on the following via electronic mail pursuant to Fed. R. Civ. Pro. 5(b)(2)(E), to which he has consented:

> Afshin Pishevar
> 600 East Jefferson Street
> Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com

Pursuant to D.D.C. L.R. 5.2(a), I will retain the original in my possession.

_Timothy E. Kapshandy /E.J._

Timothy E. Kapshandy (Illinois Bar No.
6180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
hrogers@sidley.com

Dated: March 3, 2009

Attorneys for Defendant
Seid Hassan Daioleslam

10