# EXHIBIT B

# B-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI**<br><br>**and**<br><br>**NATIONAL IRANIAN AMERICAN COUNCIL**<br>       **Plaintiffs,**<br><br>v.<br><br>**DAIOLESLAM SEID HASSAN,**<br><br>       **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **Civil No. 08 CV 00705 (JDB)**<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO TRITA PARSI

Pursuant to Federal Rules of Civil Procedure 33 and 69(a), Defendant Seid Hassan Daioleslam ("Daioleslam"), hereby propounds the following set of interrogatories upon Plaintiff Trita Parsi, which are to be answered fully in writing, under oath, in accordance with the definitions and instructions herein, and within (30) days after service.

### DEFINITIONS

1.    "NIAC" shall mean the National Iranian American Council and any officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on its behalf, including, but not limited to, Plaintiff Trita Parsi.

2.    "You" and "your" shall mean Plaintiffs Parsi and NIAC, and officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on behalf of Parsi and/or NIAC.

3. "Iran" shall mean the country of Iran and its ministries, agencies, instrumentalities, government-owned or controlled corporations, partnerships, or business entities, and any officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on its behalf.

4. "Person," unless otherwise specified, shall mean any natural person, firm, corporation, association, group, organization, or agency.

5. "Member," unless otherwise specified, shall mean any current or potential member: any person who currently identifies or formerly identified him or herself as a member of NIAC, contributes or has contributed time or money to NIAC, or provides or has provided NIAC with information or opinions regarding its policies and positions.

6. "Political officials," unless otherwise specified, shall mean any United States Senator or Congressperson.

7. "Staff," unless otherwise specified, shall mean any employees, servants, agents, representatives or any other person acting for or on behalf of a Senator or Congressperson.

8. "Document" or "documents" is used in its broadest sense, as defined by Federal Rule of Civil Procedure 34(a), and includes, without limitation, all written or printed matter of any kind, including drafts, originals and non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise, and records of any type or description, including without limitation the following: correspondence; interoffice and intraoffice communications; notes; letters; memoranda; work papers; analyses;

2

plans; studies; statistical records; reports; press releases; contracts and agreements; records, summaries, agendas, minutes or notes of conferences, meetings, telephone calls, or other conversations; calendars, diaries, and appointment books; message pads; telephone messages and telephone logs; facsimiles, teletypes, telexes, and thermafaxes; photographs; tapes or other recordings; handwritten notes or notations in any form; data compilations, including, but not limited to, computer-generated and computer-stored information, whether or not ever printed out or displayed, such as documents stored on a computer drive, CD or floppy disk and voicemail messages; and electronic mail, whether or not ever printed out or displayed, and any enclosures or attachments thereto.

9. "Relate to" or "relating to" shall mean any information or document which addresses, constitutes, contains, embodies, evidences, reflects, concerns, identifies, states, refers to, regards, records, responds to, deals with, describes, discusses, explains or is in any way pertinent to the subject of the request.

10. "Including" shall mean "including, but not limited to."

11. "Communications" means any transmittal of information in the form of facts, ideas, inquiries or otherwise, including a letter, memorandum, facsimile, meeting, telephone call, e-mail, or other communication, whether written or oral, between two or more of the persons or entities identified in the requests below.

12. "Identify" or "Describe" shall mean to provide all known information concerning the indicated subject matter, including, but not limited to, the following:

3

a.      When used in reference to an individual provide the individual's full name, present or last known address and telephone number, and the name, address, and telephone number of the individual's present employer.

b.      When used in reference to a business or other entity provide the precise name of the entity, its current address, all owners, shareholders, parents, subsidiaries or affiliates of the business or entity, and the identity of the individuals at the entity from who Parsi and/or NIAC obtained the information requested by the interrogatory.

c.      When used in reference to a document (defined above), provide, the author or any other person who created the document, the date of the document, each addressee and copy addressee of the document, the present location of the document and the name of the present custodian of the document, describe the form of the document (*e.g.*, letter, memo, report), and in the case of any document that is not in your possession or subject to your control, but which you know exists, provide its present or last known location and custodian.

## INSTRUCTIONS

1.      You must answer each of the following interrogatories and each subpart separately and fully.  Each answer must set forth verbatim the interrogatory to which it responds. Interrogatories or subparts thereof shall not be combined for the purpose of supplying a common answer.  The answer to an interrogatory or a subpart thereof shall not be supplied by referring to the answer to another interrogatory or subpart thereof, unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart being answered.

2.      Each interrogatory shall be construed independently and not with reference to any other interrogatory for the purpose of limitation.

3.      The information sought in these interrogatories is information that is within your knowledge, possession, custody, or control or within the knowledge, possession, custody, or control of any of your agents, attorneys, or representatives.  You may not respond that you lack knowledge sufficient to answer an interrogatory without stating that you have made a reasonable inquiry to obtain the information, describing the efforts made, and that, notwithstanding those efforts, you are unable to obtain the requested information.

4.      These interrogatories are continuing in character so as to require prompt supplemental responses, in accordance with Rule 26(e)(2), if you obtain or discover additional information between the time of the initial response pursuant to this request and the time of the final disposition of this action.  You shall serve upon the undersigned attorneys each

5

supplemental response no later than thirty (30) days after discovery of further information. In no event shall any supplemental response be served later than the day before the first day of trial.

5.    If any interrogatory cannot be answered in full, it must be answered to the extent possible and you must provide an explanation as to why any portion of any interrogatory cannot be answered, including, but not limited to, information relating to any person who may have knowledge of or further information relating to the subject matter of the interrogatory.

6.    The terms "and" and "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

7.    "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each." "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

8.    As used herein, the singular shall include the plural and the plural shall include the singular as necessary to bring within the scope of these interrogatories which might otherwise be construed to be outside their scope.

9.    If a privilege is asserted as a ground for not responding to an interrogatory in whole or in part, the facts on which the claim of privilege are based must be described in enough detail to permit the Court to rule on the validity of the claim.

## INTERROGATORIES

1.   Does Trita Parsi use a laptop computer for emails, a calendar, or document processing?

   a.   If so, was that laptop computer provided to PricewaterhouseCoopers for imaging on August 18, 2010?

   b.   If not, what was the disposition of that laptop computer?

   c.   If not, was that laptop computer ever searched for responsive emails, documents, and calendar records, and if so, by whom and when?

   d.   Were any of Trita Parsi's laptop computers backed-up, and if so, onto what media?

   e.   Was any media containing backed-up data (including any servers) searched for responsive documents?

   f.   What is the present location of any media containing such backed up data?

2.   Does Trita Parsi use a desktop computer for emails, calendar, or document processing?

   a.   If so, was that desktop computer provided to PricewaterhouseCoopers for imaging on August 18, 2010?

   b.   How long has the desktop computer that was produced for imaging to PricewaterhouseCoopers on August 18, 2010 been used by Trita Parsi?

   c.   If another desktop computer was used by Trita Parsi since January 2008, what was the disposition of that desktop computer?

   d.   If not, was that desktop computer ever searched for responsive emails, documents, and calendar records, and if so, by whom and when?

   e.   Were any of Trita Parsi's desktop computers backed-up, and if so, onto what media?

7

f.    Were any media containing backed-up data (including any severs) searched for responsive document?

g.    What is the present location of those media containing such backed up data?

3.    Other than "kershap," does Trita Parsi use any other login names or usernames on any computers or laptops that he uses at NIAC?

4.    Does Trita Parsi use a personal digital assistant ("PDA") such as a Blackberry, Palm Pilot, iPad, or iPhone that he uses for emails or a calendar function?

a.    If so, was that PDA searched for responsive information pursuant to Defendant's discovery requests?

5.    Was the desktop computer on which Trita Parsi's Outlook calendar files were produced to PricewaterhouseCoopers for imaging on August 18, 2010 the desktop computer he regularly uses for a calendar and emails?

a.    If so, since when has he used that desktop computer?

b.    If not, why was the computer he regularly uses for a calendar and emails not produced to PricewaterhouseCoopers on August 18, 2010?

c.    Where is the computer from which his Outlook calendar files were transferred?

d.    When were those Outlook calendar files transferred, by whom were they transferred, and why?

6.    Will you agree to produce the actual computers or laptops that Trita Parsi regularly uses for imaging to retrieve complete, unedited copies of his Outlook calendar files 2006-present?

7.    According to David Elliott, NIAC has a central shared drive where documents are held and stored indefinitely.  (Elliott Deposition, Oct. 5, 2009, pg. 95-96)

a.    Describe the documents that are stored on that drive.

8

b.    Was that drive searched for responsive documents?

c.    Are any calendar files housed on that drive?

d.    Who collected the calendar entries and provided them to your counsel?

_____/s/_____
Timothy E. Kapshandy (Illinois Bar No. 06180926,
admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
Thomas E. Ross (D.C. Bar No. 994275)

Dated: August 20, 2010       SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
tom.ross@sidley.com


Attorneys for Defendant
Seid Hassan Daioleslam

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI | ) |
| | ) |
| and | ) |
| | ) |
| NATIONAL IRANIAN AMERICAN COUNCIL | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Daioleslam Seid Daioleslam, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

Civil No. 08 CV 00705 (JDB)

## <u>CERTIFICATE OF SERVICE</u>

I certify that today, August 20, 2010, I served Defendant's First Set of Interrogatories on

the following via email pursuant to Fed. R. Civ. Pro. 5(b)(2)(E), to which he has consented:

> Afshin Pishevar
> Patrick Parsa
> Adrian Nelson
> 600 East Jefferson Street
> Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com

Pursuant to D.D.C. L.R. 5.2(a), I will retain the original in my possession.

_____/s/_____

Timothy E. Kapshandy (Illinois Bar No. 06180926,
admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
Thomas E. Ross (D.C. Bar No. 994275)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
tom.ross@sidley.com

Dated: August 20, 2010

Attorneys for Defendant
Seid Hassan Daioleslam

11

# B-2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRITA PARSI** | ) |
| | ) |
| **and** | ) |
| | ) |
| **NATIONAL IRANIAN AMERICAN COUNCIL** | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   **Civil No. 08 CV 00705 (JDB)** |
| | ) |
| **DAIOLESLAM SEID HASSAN,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## DEFENDANT'S SUPPLEMENTAL SET OF INTERROGATORIES TO NIAC

Pursuant to Federal Rules of Civil Procedure 33 and 69(a), Defendant Seid Hassan Daioleslam ("Daioleslam"), hereby propounds the following set of interrogatories upon Plaintiff NIAC, which are to be answered fully in writing, under oath, in accordance with the definitions and instructions herein, and within (30) days after service.

### DEFINITIONS

1.    "NIAC" shall mean the National Iranian American Council and any officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on its behalf, including, but not limited to, Plaintiff Trita Parsi.

2.    "You" and "your" shall mean Plaintiffs Parsi and NIAC, and officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on behalf of Parsi and/or NIAC.

3.  "Iran" shall mean the country of Iran and its ministries, agencies, instrumentalities, government-owned or controlled corporations, partnerships, or business entities, and any officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on its behalf.

4.  "Person," unless otherwise specified, shall mean any natural person, firm, corporation, association, group, organization, or agency.

5.  "Member," unless otherwise specified, shall mean any current or potential member: any person who currently identifies or formerly identified him or herself as a member of NIAC, contributes or has contributed time or money to NIAC, or provides or has provided NIAC with information or opinions regarding its policies and positions.

6.  "Political officials," unless otherwise specified, shall mean any United States Senator or Congressperson.

7.  "Staff," unless otherwise specified, shall mean any employees, servants, agents, representatives or any other person acting for or on behalf of a Senator or Congressperson.

8.  "Document" or "documents" is used in its broadest sense, as defined by Federal Rule of Civil Procedure 34(a), and includes, without limitation, all written or printed matter of any kind, including drafts, originals and non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise, and records of any type or description, including without limitation the following: correspondence; interoffice and intraoffice communications; notes; letters; memoranda; work papers; analyses;

2

plans; studies; statistical records; reports; press releases; contracts and agreements; records, summaries, agendas, minutes or notes of conferences, meetings, telephone calls, or other conversations; calendars, diaries, and appointment books; message pads; telephone messages and telephone logs; facsimiles, teletypes, telexes, and thermafaxes; photographs; tapes or other recordings; handwritten notes or notations in any form; data compilations, including, but not limited to, computer-generated and computer-stored information, whether or not ever printed out or displayed, such as documents stored on a computer drive, CD or floppy disk and voicemail messages; and electronic mail, whether or not ever printed out or displayed, and any enclosures or attachments thereto.

9.   "Relate to" or "relating to" shall mean any information or document which addresses, constitutes, contains, embodies, evidences, reflects, concerns, identifies, states, refers to, regards, records, responds to, deals with, describes, discusses, explains or is in any way pertinent to the subject of the request.

10.   "Including" shall mean "including, but not limited to."

11.   "Communications" means any transmittal of information in the form of facts, ideas, inquiries or otherwise, including a letter, memorandum, facsimile, meeting, telephone call, e-mail, or other communication, whether written or oral, between two or more of the persons or entities identified in the requests below.

12.   "Identify" or "Describe" shall mean to provide all known information concerning the indicated subject matter, including, but not limited to, the following:

3

a.      When used in reference to an individual provide the individual's full name, present or last known address and telephone number, and the name, address, and telephone number of the individual's present employer.

b.      When used in reference to a business or other entity provide the precise name of the entity, its current address, all owners, shareholders, parents, subsidiaries or affiliates of the business or entity, and the identity of the individuals at the entity from who Parsi and/or NIAC obtained the information requested by the interrogatory.

c.      When used in reference to a document (defined above), provide, the author or any other person who created the document, the date of the document, each addressee and copy addressee of the document, the present location of the document and the name of the present custodian of the document, describe the form of the document (*e.g.*, letter, memo, report), and in the case of any document that is not in your possession or subject to your control, but which you know exists, provide its present or last known location and custodian.

## INSTRUCTIONS

1.      You must answer each of the following interrogatories and each subpart separately and fully.  Each answer must set forth verbatim the interrogatory to which it responds. Interrogatories or subparts thereof shall not be combined for the purpose of supplying a common answer.  The answer to an interrogatory or a subpart thereof shall not be supplied by referring to the answer to another interrogatory or subpart thereof, unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart being answered.

2.      Each interrogatory shall be construed independently and not with reference to any other interrogatory for the purpose of limitation.

3.      The information sought in these interrogatories is information that is within your knowledge, possession, custody, or control or within the knowledge, possession, custody, or control of any of your agents, attorneys, or representatives.  You may not respond that you lack knowledge sufficient to answer an interrogatory without stating that you have made a reasonable inquiry to obtain the information, describing the efforts made, and that, notwithstanding those efforts, you are unable to obtain the requested information.

4.      These interrogatories are continuing in character so as to require prompt supplemental responses, in accordance with Rule 26(e)(2), if you obtain or discover additional information between the time of the initial response pursuant to this request and the time of the final disposition of this action.   You shall serve upon the undersigned attorneys each

5

supplemental response no later than thirty (30) days after discovery of further information. In no event shall any supplemental response be served later than the day before the first day of trial.

5.      If any interrogatory cannot be answered in full, it must be answered to the extent possible and you must provide an explanation as to why any portion of any interrogatory cannot be answered, including, but not limited to, information relating to any person who may have knowledge of or further information relating to the subject matter of the interrogatory.

6.      The terms "and" and "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

7.      "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each." "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

8.      As used herein, the singular shall include the plural and the plural shall include the singular as necessary to bring within the scope of these interrogatories which might otherwise be construed to be outside their scope.

9.      If a privilege is asserted as a ground for not responding to an interrogatory in whole or in part, the facts on which the claim of privilege are based must be described in enough detail to permit the Court to rule on the validity of the claim.

6

## INTERROGATORIES

1.    On August 20-21, NIAC produced approximately 350 emails purportedly to or from Babek Talebi. Most, if not all, contain at least one of the search terms the parties agreed to use. Please explain how, if NIAC had previously searched the server on which these emails were located at least twice and further if Talebi's "community work" was not excluded from production as represented to the Court in NIAC's June 2 and July 15 motions, these documents were not located and produced before August 20, 2010.

2.    Of the 8,000 Talebi emails on NIAC's server (referenced in the letter of April 9, 2010), if they do not relate to Talebi's "community work" or advocacy work, on what basis are the approximately 7,500 that have been withheld from production not being produced?

Timothy E. Kapshandy (Illinois Bar No. 06180926,
admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
Thomas E. Ross (D.C. Bar No. 994275)

Dated: August 24, 2010          SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
tom.ross@sidley.com


Attorneys for Defendant
Seid Hassan Daioleslam

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TRITA PARSI** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL** | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **Civil No. 08 CV 00705 (JDB)** |
| | ) | |
| **Daioleslam Seid Daioleslam,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

I certify that today, August 24, 2010, I served Defendant's First Set of Interrogatories on the following via email pursuant to Fed. R. Civ. Pro. 5(b)(2)(E), to which he has consented:

Afshin Pishevar
Patrick Parsa
Adrian Nelson
600 East Jefferson Street
Suite 316
Rockville, Maryland 20852
(301) 279-8773
ap@pishevarlegal.com

Pursuant to D.D.C. L.R. 5.2(a), I will retain the original in my possession.

Dated: August 24, 2010

Timothy E. Kapshandy (Illinois Bar No. 06180926,
admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
Thomas E. Ross (D.C. Bar No. 994275)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
tom.ross@sidley.com


Attorneys for Defendant
Seid Hassan Daioleslam

10