IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TRITA PARSI and NATIONAL IRANIAN AMERICAN COUNCIL, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 08-705 (JDB) |
| v. | ) ) | |
| DAIOLESLAM SEID HASSAN | ) ) | |
| Defendant. | ) ) ) | |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY
### TO DEFENDANT'S OMNIBUS MOTION FOR SANCTIONS

COME NOW, Plaintiffs, Dr. Trita Parsi and the National Iranian American

Council ("NIAC") (collectively "NIAC"), by and through their counsel, Afshin Pishevar,

Esquire, Adrian V. Nelson, II, Esquire, and Pishevar & Associates, P.C., and respectfully

seek leave of the Court to file a Surreply to Defendant's Omnibus Sanctions Motion in

order to correct several misstatements and distortions of the factual record made for the

first time in Defendant's Reply Brief in Support of Defendant's Omnibus Sanctions

Motion ("Reply") that essentially amount to the assertion of new "facts." The Court

should grant the Plaintiffs' motion in order to allow the Plaintiffs to address the new

allegation and correct the misrepresentation.

1. Pursuant to the Court's Minute Order on November 7, 2011, Defendant filed his

    Reply Brief in Support of his Omnibus Sanctions Motion on November 14, 2011.

2. In his Reply, Defendant asserts, for the first time, that Plaintiffs had a duty to

    spend a "king's ransom" in order to ensure that discovery was handled in a

manner satisfactory to the defendant. (*See* Def.'s Reply Memo. Omnibus Sanctions M., p. 8.)

3. This purported duty is being raised by Defendant for the first time in his Reply.

4. The court may grant leave to file a surreply at its discretion. *American Forest & Paper Ass'n, Inc. v. United States Envtl. Prot. Agency*, 1996 WL 509601, at *3 (D.D.C. 1996). Granting leave to file a surreply is appropriate when a reply leaves "a party ... 'unable to contest matters presented to the court for the first time.'" *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (citation omitted); *Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998) (granting leave).

5. A surreply may be necessary whether the new matter is factual or raises new legal arguments. It is particularly appropriate in order to address and correct inaccuracies in a reply memorandum. *See American Forest & Paper*, 1996 WL 509601 at *3. The court considers whether the surreply is "helpful to the adjudication" of the motion in determining whether to grant leave to file a surreply. *Lopez v. Council On American-Islamic Relation*, 657 F.Supp.2d 104, 108 (D.D.C., 2009).

6. It is necessary for the Plaintiffs to file a surreply in order to address Defendant's newly raised argument and to correct his misrepresentation.

7. The purported duty asserted by the Defendant, that is, the duty to hire an e-discovery expert from the beginning to not only explain Plaintiffs conduct in discovery, but also to ensure the e-discovery was done correctly, is a new assertion and raised for the first time in Defendant's Reply. Nowhere in Defendant's Motion was this assertion raised.

8. This new duty is also a misrepresentation of what Plaintiffs duty was with respect to discovery and an improper citation of *D'Onofrio v. SFX Sports Grp., Inc.*, No. 06-087, 2010 U.S. Dist. LEXIS 86711, at * 26 (D.D.C. Aug. 24, 2010).

9. Plaintiffs should be granted the opportunity to respond in order to challenge this alleged duty.

10. Plaintiffs have conferred with the Defendant regarding the instant Motion and Defendant has stated that he opposes the motion. (*See* Attached Emails between Farrokh Mohammadi, Esq. and Timothy Kapshandy, Esq., "Exhibit A.")

Accordingly, for each of the reasons set forth above, Plaintiffs' Motion for Leave To File Surreply should be granted and Plaintiffs should be permitted to file a Surreply Memorandum.

Respectfully submitted,

_____/S/_____

A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **TRITA PARSI, et al.** | ) |
|  | ) |
|  | ) |
| **Plaintiffs,** | ) |
|  | ) |
| **v.** | ) **Civil Action No. 08 CV 00705 (JDB)** |
|  | ) |
| **DAIOLESLAM SEID HASSAN,** | ) |
|  | ) |
| **Defendant.** | ) |

**CERTIFICATE OF SERVICE**

I certify that on _____, 2011, I served, via email, Plaintiffs' Motion For Leave To File Surreply to Defendant's Omnibus Sanctions Motion to:

Timothy E. Kapshandy, Esquire
Peter G. Jensen, Esquire
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
tkapshandy@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam


_____/s/_____
Afshin Pishevar
Adrian Nelson
600 East Jefferson Street
Suite 316
Rockville, Maryland 20852
(301) 279-8773
ap@pishevarlegal.com
anelson@pishevarlegal.com


Attorneys for Plaintiff
Trita Parsi
National Iranian American Council