## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TRITA PARSI** | ) | |
| **and** | ) ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL** | ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Civil No. 08 CV 00705** |
| **DAIOLESLAM SEID HASSAN,** | ) ) | |
| **Defendant.** | ) ) ) | |

## PLAINTIFFS' SURREPLY MEMORANDUM
## TO DEFENDANT'S OMNIBUS MOTION FOR SANCTIONS

COME NOW Plaintiffs, Dr. Trita Parsi and the National Iranian American Council ("NIAC") (collectively "NIAC"), by and through their counsel, Afshin Pishevar, Esquire, Adrian V. Nelson, II, Esquire, and Pishevar & Associates, P.C., and files this Surreply in Opposition to Defendant's Omnibus Motion for Sanctions to correct a new allegation raised by the Defendant for the first time in his Reply Memorandum in Support of His Omnibus Motion for Sanctions ("Reply"). This new allegations is also a misrepresentation of the duty Plaintiffs had throughout discovery and continues the defendant's pattern of making misstatements and misrepresentations. (*See e.g.* "As for specifics, however, Plaintiffs fail to respond to a number of Defendant's arguments (particularly those regarding specific misstatements to the Court)," Def.'s Reply to Omnibus Sanction M., p.3; "In all, they lash out at the Defendant, PwC, and/or the Court for their problems but fail to address *their* misrepresentations to the Court. Instead, they

conclusorily state that they acted in "good faith" although "some anomalies" occurred," *Id.* at 5; "and that they did not 'intentionally provide defendant with the inaccurate information to avoid discovery,'" *Id.* at 13.)   Although Plaintiffs stated that they acted in good faith throughout discovery and that any inaccurate statements were inadvertent, Defendant continues to misrepresent to the Court that Plaintiffs failed to address these allegations.  However, as the defendant's imputation of a new duty is not only a misrepresentation, but also a new allegation, it cannot go unrebutted.

Defendant, for the first time, alleges that Plaintiffs' should have paid a "king's ransom" in order to avoid discovery sanctions. (Reply, pp. 8, 24).   This new and heightened duty is not the standard by which the discovery process is conducted.  Specifically, Defendant states "Plaintiffs should have spent a "king's ransom" in April 2010 and brought in their e-discovery expert to ensure that all calendar entries were produced. *(See, D'Onofrio v. SFX Sports Grp., Inc.*, No. 06-087, 2010 U.S. Dist. LEXIS 86711, at * 26 (D.D.C. Aug. 24, 2010)."  (Reply, p. 8).

Not only is this alleged duty a new allegation not previously raised, it is also a misstatement of what *D'Onofrio* stands for.  In fact, Counsel for Defendant acknowledged that *D'Onofrio* does not stand for the proposition it is cited for, namely, in order to comply with discovery requests, a "king's ransom" should be spent to "ensure that all calendar entries were produced." (*See* Exhibit A).  However, Defendant imputes this duty on Plaintiffs and improperly cites *D'Onofrio* as supporting that duty.  Such a distortion is improper.

> *Perkinson v. Gilbert/Robinson, Inc.*, 821 F.3d 686, 690-91 (D.C. Cir. 1987) (upholding sanctions for misrepresentations to the court when "viewed in context, coming as they do at the end of a lengthy series of misdeeds (and made, paradoxically, in pleadings attempting to establish [the party's] good faith)"); *Cobell v. Salazar*, No. 96-01285, 2011 U.S. Dist. LEXIS 1146, at *31-32 (D.D.C. Oct. 5, 2011) ("The Court cannot condone sweeping representations that either the D.C. Circuit or this District Court has established 'practices,' that the D.C. Circuit has construed rules in ways that it has not, or that this Court essentially

can exercise carte blanch … when there plainly is no support for such a representation and the applicable precedent and rules in this jurisdiction provide otherwise."); *see also Monee Nursery v. Int'l Union*, 348 F.3d 671, 678 n. 4 (7th Cir. 2003) ("[A]n intentional misstatement of law before a court is a serious offense that violates … the Model Rules of Professional Conduct ("a lawyer shall not knowingly make a false statement of material fact or law to a tribunal") and can lead to sanctions.") (citation omitted).

(Def.'s Reply to Omnibus Sanction M., p. 12.)

Plaintiffs only duty was to act in good faith and respond to the discovery requests truthfully and to the best of their ability. Furthermore, Plaintiffs were to preserve Electronically Store Information and not spoliate any of the evidence. Plaintiffs did exactly this. They were not required to spend hundreds of thousands of dollars in order to comply with Defendant's broad and never-ending discovery requests. In fact, to do so would surely be against the spirit of the discovery rules, as discovery requests are not to harass or be unduly burdensome. To require a small grass-roots organization such as NIAC and Dr. Parsi to expend vast amounts of money in order to satisfy Defendant's that they were complying with discovery requests in good faith would amount to nothing more than harassment and would be extremely burdensome.

For the reasons set forth in both Plaintiffs' Opposition to Defendant's Omnibus Motion for Sanctions, as well as in the instant Surreply, Defendant has failed to demonstrate that he is entitled to an award of sanctions.

Respectfully submitted,

_____
/S/
_____
A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRITA PARSI, et al.** | ) |
|  | ) |
|  | ) |
| **Plaintiffs,** | ) |
|  | ) |
| **v.** | ) **Civil Action No. 08 CV 00705 (JDB)** |
|  | ) |
| **DAIOLESLAM SEID HASSAN,** | ) |
|  | ) |
| **Defendant.** | ) |

## CERTIFICATE OF SERVICE

I certify that on November 22, 2011, I served, via email, Plaintiffs' Surreply Memorandum to Defendant's Omnibus Motion for Sanctions to:

> Timothy E. Kapshandy, Esquire
> Peter G. Jensen, Esquire
> SIDLEY AUSTIN LLP
> 1501 K Street, N.W.
> Washington, D.C. 20005
> (202) 736-8000
> tkapshandy@sidley.com
>
> Attorneys for Defendant
> Seid Hassan Daioleslam

> _____ /s/ _____
> Afshin Pishevar
> Adrian Nelson
> 600 East Jefferson Street
> Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com
> anelson@pishevarlegal.com
>
> Attorneys for Plaintiff
> Trita Parsi
> National Iranian American Council