IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI**  and  **NATIONAL IRANIAN AMERICAN COUNCIL**,  Plaintiffs,  v.  **DAIOLESLAM SEID HASSAN**,  Defendant. | Civil No. 08 CV 00705 (JDB) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE SURREPLY TO DEFENDANT'S
<u>OMNIBUS MOTION FOR SANCTIONS</u>**

Defendant Seid Hassan Daioleslam hereby responds to Plaintiffs' Motion for Leave to File Surreply to Defendant's Omnibus Motion for Sanctions (the "<u>Motion</u>"). (Docket No. 161). Plaintiffs provide no legitimate legal or factual grounds for the relief requested. Accordingly, Defendant respectfully requests that the Court deny the Motion.

**BACKGROUND**

The Court set the schedule for summary judgment and sanctions motions over five months ago on June 9, 2011. (Docket No. 104). That schedule required motions to be filed on September 16, responses on October 28, and replies on November 11. (*Id*.). The Court

made no provision for surreplies. (*Id*.). Plaintiffs later moved for, and received, an increase in the page limits for its responses. (Docket No. 150 and Minute Order thereto). Except for a three-day extension granted for Defendant to file his Reply in support of his Omnibus Motion for Sanctions ("Sanctions Reply") (Docket No. 155 and Minute Order thereto), the parties adhered to the schedule.

Plaintiffs first indicated that they may seek leave to file surreplies to Defendant's dispositive motions on Monday, November 14. (Ex. A). Defendant responded that surreplies would not be in order because Defendant raised no new arguments in his replies and requested that Plaintiffs identify which arguments, if any, Plaintiffs could not have raised in their responses. (*Id*.). Plaintiffs responded on Friday, November 18, identifying four grounds (two for each motion) which supposedly entitled them to leave to file surreplies. (*Id*.). Defendant again responded that leave was not in order and explained that Plaintiffs had misunderstood Defendant's arguments. (*Id*.). Plaintiffs filed the Motion on Tuesday, November 22, alleging only one of the cited grounds. (Docket No. 161).

## ARGUMENT

Plaintiffs' argument fails on the law and facts. The standard in this Court for granting leave to file a surreply is "whether the party making the motion [for leave to file a surreply] would be unable to contest matters presented to the court for the first time in the opposing party's reply." *See, e.g.*, *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (citing *Alexander v. FBI*, 186 F.R.D. 71, 74 (D.C. Cir. 1998)); *Simms v. Ctr. for Corr. Health & Policy Studies*, No. 06-2178, 2011 U.S. Dist. LEXIS 71511, at * 23 n.7 (D.D.C. July 5, 2011) (quoting *Lewis*). The matter must be "truly new" to the reply as opposed to an alleged mischaracterization of a previously stated fact or contention. *See, e.g., Lewis*, 154 F. Supp. 2d

at 61 ("Because this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion."); *U.S. v. Baroid Corp.*, 346 F. Supp. 2d 138, 143 (D.D.C. 2004) (citing *Lewis* to support statement that matter must be "truly new"); *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. Of America, Inc., et al.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002) (citing *Lewis* in support of same).

Plaintiffs claim that they are entitled to a surreply due to "several misstatements and distortions of the factual record … that essentially amount to the assertion of new 'facts.'" (Docket No. 161, p. 1). Plaintiffs claim that Defendant alleged in the Sanctions Reply that "Plaintiffs had a duty to spend a 'king's ransom' in order to ensure that discovery was handled in a manner satisfactory to the defendant." (*Id*., pp. 1-2). Plaintiffs interpret this as "the duty to hire an e-discovery expert from the beginning to not only explain Plaintiffs [sic] conduct in discovery, but also to ensure that e-discovery was done discovery." (*Id*., p. 2). Plaintiffs claim that this is a new argument, a misrepresentation, and an improper citation to *D'Onofrio v. SFX Sports Grp., Inc.*, No. 06-087, 2010 U.S. Dist. LEXIS 86711, at *26 (D.D.C. Aug. 24, 2010). (*Id*.).

Plaintiffs' arguments are legally and factually insufficient. <u>First</u>, while Defendant certainly refutes that these were misrepresentations, ultimately that is irrelevant – *Lewis* and its progeny are clear that a matter must be "truly new" to justify a surreply and not merely an alleged mischaracterization. *See, e.g., Lewis*, 154 F. Supp. 2d at 61; *Baroid Corp.*, 346 F. Supp. 2d at 143 ; *Pogue*, 238 F. Supp. 2d at 277. To the extent that these claims relate to alleged mischaracterizations or improper citations, and not wholly new facts or contentions, they do not meet this standard.

3

Second, Defendant, of course, never said that *D'Onofrio* created a duty to spend a "king's ransom" in responding to discovery – and he explained as much to Plaintiffs prior to their filing. (*See* Ex. A). The *D'Onofrio* court held that although the defendant there failed to comply with the standards for ESI preservation, it would not be further sanctioned by the court as it spent a "king's ransom" (nearly $1 million) to recover the lost evidence. *D'Onofrio*, 2010 U.S. Dist. LEXIS 86711, at *26-27 ("While it is certainly true that plaintiff has expended significant resources to litigate the consequences of the loss of the information at issue, it is equally true that defendants have expended a veritable king's ransom on the forensic search of the Legato server and an examination of its contents for relevance and privilege, all in an effort to restore what was lost."). Here, once in March 2010 Plaintiffs had been caught withholding discoverable evidence and promised to produce complete and unmodified calendars, that was the time (as in *D'Onofrio*) *if they wanted to avoid further sanctions* to spend their "king's ransom" to ensure that, having been given a second chance, their ESI responses were compliant. It was in this context that Defendant cited *D'Onofrio*. (*See* Docket No. 143, pp. 31, 33, 35, 43). And, since this Court issued that decision, the Court is aware that a "king's ransom" is not the standard for *initial* discovery responses. The point of *D'Onofrio* is that when discovery rules have been violated, the responding party can avoid further sanctions if he spent a "king's ransom" trying to recover the spoliated evidence.

Ironically, when Plaintiffs had a second chance to come clean in April 2010 (as did the defendant in *D'Onofrio*) they took *no measures whatsoever* to prevent the further loss of discoverable evidence. None. Parsi's laptop – which was never backed up – was stolen in Norway one month later. Moreover, Plaintiffs make Defendant's point by conceding that they did not in April 2010 spend a king's ransom to recover and provide all relevant evidence and

mitigate further damage.  They chose instead not to do so and thus they are not entitled to the protection afforded by the Court's "king's ransom" language in *D'Onofrio*.  This exposes Plaintiffs to the most drastic of sanctions.  Because Defendant makes this context clear at pages 8, 24 of the Sanctions Reply, no surreply is necessary.  Plaintiffs' motion and surreply waste the Court's time by addressing arguments that were never made even though Defendant explained to Plaintiffs that this was the case.

## CONCLUSION

After 3-1/2 years of litigation the time to decide dispositive issues has come.  As Plaintiffs provide no legitimate legal or factual bases to justify consuming yet more judicial time and resources, Defendant respectfully requests that the Court deny the Motion.

Respectfully submitted,

Dated: November 23, 2011

/s/  *Timothy Kapshandy*
Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
hrogers@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** )<br>)<br>**and** )<br>)<br>**NATIONAL IRANIAN AMERICAN COUNCIL** )<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**DAIOLESLAM SEID HASSAN,** )<br>)<br>**Defendant.** )<br>) | Civil No. 08 CV 00705 (JDB) |

**PROPOSED ORDER**

Upon consideration of Plaintiffs' Motion for Leave to File Surreply to Defendant's Omnibus Motion for Sanctions, it is hereby:

ORDERED this _____ day of _____, 2011 that Plaintiffs' motion is DENIED;

SO ORDERED.

                                                                         Judge John D. Bates
                                                                         United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** ) | |
| ) | |
| and ) | |
| ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 08 CV 00705 (JDB) |
| ) | |
| **DAIOLESLAM SEID HASSAN,** ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I certify that on November 23, 2011, I served, via email, Defendant's Response to Plaintiffs' Motion for Leave to File Surreply to Defendant's Omnibus Motion for Sanctions:

    Afshin Pishevar
    Adrian Nelson II
    600 East Jefferson Street
    Suite 316
    Rockville, Maryland 20852
    (301) 279-8773
    ap@pishevarlegal.com

Dated: November 23, 2011                      /s/  *Thomas Ross*
                                                                       Thomas E. Ross (D.C. Bar No. 994275)
Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
tom.ross@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam