IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI and NATIONAL IRANIAN AMERICAN COUNCIL, <br><br> Plaintiffs, <br><br> v. <br><br> DAIOLESLAM SEID HASSAN <br><br> Defendant. | Civil Action No. 08-705 (JDB) |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COME NOW, Plaintiffs, Dr. Trita Parsi and the National Iranian American Council ("NIAC") (collectively "NIAC"), by and through their counsel, Afshin Pishevar, Esquire, Adrian V. Nelson, II, Esquire, and Pishevar & Associates, P.C., and respectfully seek leave of the Court to file the attached Surreply to Defendant's Motion for Summary Judgment (Attached as "Exhibit A") in order to correct several misstatements and distortions of the factual record made for the first time in Defendant's Reply Brief in Support of Motion for Summary Judgment ("Reply") that essentially amount to the assertion of new "facts." The Court should grant the Plaintiffs' motion in order to allow the Plaintiffs to address and correct these new misstatements.

1. Pursuant to the Court's Order, Defendant filed his Reply Brief in Support of his Summary Judgment Motion on November 11, 2011.

2. Defendant's fifteen page Reply focuses solely on showing that Plaintiffs cannot demonstrate, by clear and convincing evidence, that Defendant published his articles with actual malice.

3. Unlike Defendant's Reply, however, Defendant's Motion for Summary Judgment ("Motion") devoted only four pages to the issue of actual malice, with most of those pages devoted to reciting the legal standard. The remaining portion of the Motion was focused on showing that Defendant's statements were true. In fact, of the 49 "Material Facts" only two addressed the issue of actual malice. As such, Plaintiffs' Response was proportional and focused on showing the lack of truth, and only minimally addressed Defendant's argument of malice.

4. Furthermore, Defendant states in his Reply, that Plaintiffs do not dispute a number of Defendant's "Material Facts." It is a misstatement and misrepresentation to assert that Plaintiffs did not dispute those facts.

5. In order to properly address the various newly raised factual allegations and legal arguments, Plaintiffs request leave from this Honorable Court to file a Surreply to Defendant's Motion for Summary Judgment.

6. The court may grant leave to file a surreply at its discretion. *American Forest & Paper Ass'n, Inc. v. United States Envtl. Prot. Agency*, 1996 WL 509601, at *3 (D.D.C. 1996). Granting leave to file a surreply is appropriate when a reply leaves "a party ... 'unable to contest matters presented to the court for the first time.'" *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (citation omitted); *Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998) (granting leave).

7. A surreply may be necessary whether the new matter is factual or raises new legal arguments. It is particularly appropriate in order to address and correct inaccuracies in a reply memorandum. *See American Forest & Paper*, 1996 WL 509601 at *3. The court considers whether the surreply is "helpful to the adjudication" of the motion in determining whether to grant leave to file a surreply. *Lopez v. Council On American-Islamic Relation*, 657 F.Supp.2d 104, 108 (D.D.C., 2009).

8. There are a number of reasons why it is necessary for the Plaintiffs to file a surreply in order to address Defendant's newly raised arguments on the issue of actual malice.

9. Defendant essentially used the opportunity to file a Reply to shift the focus of his Motion for Summary Judgment. Defendant's Motion barely addressed actual malice and of the approximately four pages devoted to the issue of actual malice, about three of his four pages simply set forth the legal standard. In fact, Defendant cited only to his Affidavit and his deposition transcript for support of his lack of actual malice.

10. Despite Defendant's glancing treatment of undisputed proof of actual malice in his Motion, Defendant shifts gears in his Reply and focuses solely on actual malice and completely ignores the bulk of his own Motion, namely truth of his defamatory claims.

11. Plaintiffs would be prejudiced if they were not granted the opportunity to address the now newly focused assertion that Plaintiffs have not established the existence of actual malice.

12. Additionally, the defendant alleges that Plaintiffs do not dispute a large number of Defendant's Material Facts. This is simply not true.

13. Most of the "Material Facts" that Plaintiffs did not dispute were about background or the nature of this matter. Furthermore, of the actual facts not disputed, Plaintiffs did not dispute that those statements or articles existed. Rather, Plaintiffs disputed the propositions those facts stood for.

14. It is a misrepresentation by the defendant to state that those facts were not disputed and Plaintiffs should be afforded the opportunity to address this misrepresentation in order to show that they are, in fact, disputed.

15. Plaintiffs have conferred with the Defendant regarding the instant Motion and Defendant has stated that he opposes the motion. (*See* Attached Exhibit B.)

Accordingly, for each of the reasons set forth above, Plaintiffs Motion For Leave To File Surreply to Defendant's Motion For Summary Judgment should be granted and Plaintiffs should be permitted to file a Surreply Memorandum.

Respectfully submitted,

/S/
A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI, et al. | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 08 CV 00705 (JDB) |
| DAIOLESLAM SEID HASSAN, | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I certify that on November 23, 2011, I served, via email, Plaintiffs' Motion For Leave To File Surreply to Defendant's Motion for Summary Judgment to:

> Timothy E. Kapshandy, Esquire
> Peter G. Jensen, Esquire
> SIDLEY AUSTIN LLP
> 1501 K Street, N.W.
> Washington, D.C. 20005
> (202) 736-8000
> tkapshandy@sidley.com
>
> Attorneys for Defendant
> Seid Hassan Daioleslam
>
> _____/s/_____
> Afshin Pishevar
> Adrian Nelson
> 600 East Jefferson Street
> Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com
> anelson@pishevarlegal.com
>
> Attorneys for Plaintiff
> Trita Parsi
> National Iranian American Council