# EXHIBIT B



Farrokh Mohammadi <fm@pishevarlegal.com>

# Surreplies to Motion for Summary Judgment and Omnibus Sanctions Motion

**Farrokh Mohammadi <fm@pishevarlegal.com>**    Fri, Nov 18, 2011 at 12:39 PM
To: "Kapshandy, Timothy E." <tkapshandy@sidley.com>
Cc: "Jensen, Peter" <pjensen@sidley.com>, "Ross, Tom" <tom.ross@sidley.com>, Afshin Pishevar <ap@pishevarlegal.com>, Adrian Nelson <anelson@pishevarlegal.com>

Tim:

We will seek leave to file Surreplies on the following grounds:

- Defendant's Motion for Summary Judgment Reply focuses solely on the issue of actual malice, when the original Motion barely devoted addressed the issue and focused on the issue of truthfulness. Plaintiffs' Opposition was proportional to Defendant's Motion and Plaintiffs should be allowed to address Defendant's shift in gears and focus in their Reply.
- The allegation that Plaintiffs do not dispute a large number of Defendant's "Material Facts" is a misrepresentation. Plaintiffs should be afforded the opportunity to correct this misrepresentation to demonstrate that they did and continue to, in fact, dispute most of the "Material Facts."

- Defendant's Omnibus Sanctions Motion Reply imputes a new duty on the Plaintiffs, raised for the first time in the Reply, that Plaintiffs should have paid a "king's ransom" to ensure their discovery productions were appropriate. Plaintiffs should be allowed to address this new allegation to show that is not the standard of care by which Plaintiffs should have operated.
- Defendant continuously alleges in his Reply, that Plaintiffs did not respond to Defendant's accusations of misrepresentations to the Court and Defendant. This is incorrect and a misrepresentation, as Plaintiffs did respond. Plaintiffs should be afforded the opportunity to correct this misrepresentation and show that they did, in fact, respond to these allegations.

Please let me know, by COB today, if you will consent to our Motions for Leave to File Surreplies to Both Motions. Thank you.

--
Kindly yours,

Farrokh Mohammadi, Esq.

Pishevar & Associates, P.C.
Jefferson Plaza - Suite 316
600 E. Jefferson Street
Rockville, MD 20852
Tel.(301)279-8773
www.PishevarLegal.com

(((((READER BEWARE: Unencrypted, unauthenticated Internet e-mail is inherently insecure. Internet messages may be corrupted or incomplete, or may incorrectly identify the sender. ((NOTICE: Confidentiality notice: The unauthorized disclosure or interception of email is a federal crime; 18 U.S.C. Sec. 2517(4). This electronic message transmission contains information which may be confidential or privileged. The information is intended solely for the recipient, and use by any other party is not authorized. This is not legal advice nor does this

communication establish an attorney-client relationship. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please immediately notify us. Thank you.))

[Quoted text hidden]



Farrokh Mohammadi <fm@pishevarlegal.com>

## Surreplies to Motion for Summary Judgment and Omnibus Sanctions Motion

Kapshandy, Timothy E. <tkapshandy@sidley.com>                 Fri, Nov 18, 2011 at 3:54 PM
To: Farrokh Mohammadi <fm@pishevarlegal.com>
Cc: "Jensen, Peter" <pjensen@sidley.com>, "Ross, Tom" <tom.ross@sidley.com>, Afshin Pishevar <ap@pishevarlegal.com>, Adrian Nelson <anelson@pishevarlegal.com>

Farrokh:

Thanks for clarifying. Under the standards for surreplies, these reasons are not sufficient and Defendant thus objects to the filing of surreplies. The standard for granting leave to file a surreply is "whether the party making the motion [for leave to file sur-reply] would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) *Cf. Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 71, 74 (D.C. Cir. 1998)(The plaintiff in her motion for leave to file a surreply fails to address any new matters presented by the defendants' reply. The plaintiff contends that the defendants have mischaracterized her position by stating that she hopes to be "promoted by operation of law." *See* Mot. for Leave to File Surreply at 2. Because this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion.)

Plaintiffs' reason for filing a surreply on the summary judgment motion is based upon the false assumption that Defendant shifted gears and addressed the malice issue and not the truth issue in his reply. Defendant NEVER moved for summary judgment on the basis of truth. As is clear from the "Introduction", the basis of Defendant's motion was the actual malice issue:

> "Accordingly, Defendant moves the Court for summary judgment as there is no material dispute on the issue of whether Dai acted with actual malice. There is no evidence he knew his statements were false or subjectively harbored serious doubts about the truth of his articles."

And, the entire "Conclusion" of his motion states:

> "Considering the lack of any evidence that Dai entertained serious doubts about the truth of his publications, evidence of Plaintiff's ties with Iranian government officials, and numerous published reports about Parsi's and NIAC's role in lobbying for Iran, Plaintiffs cannot meet their evidentiary burden on the issue of actual malice and Dai is entitled to summary judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56."

The conclusion contains not a single reference to Defendant's moving for summary judgment on the basis of falsity. To say that Defendant's motion "barely . . . addressed the issue" of actual malice is simply false. Moreover, as Plaintiffs admit that they addressed the actual malice issue, on its face, the reasons given fail to meet the criterion of *Lewis*. Merely wanting to refocus your reply and emphasize an issue you already addressed is not sufficient. Plaintiffs already got permission to file a brief over the page limit and "refocusing" the response is not a valid reason for a surreply under *Lewis*.

As for the sanctions motion, if your position is that Plaintiffs did, in fact, address certain things that Defendant claims were not addressed, then on its face this reason is not valid. For, if you are correct that you, in fact, did

address something, then there is no reason to repeat it.  Your second reason (that Defendant raised for the first time the "King's ransom" issue) is misplaced.  That phrase comes from the *D'Onofrio* case which Defendant did cite in his motion. Presumably you and your e-discovery expert who is also an attorney read it and are familiar with the case.  In *D'Onofrio,* the court held that although the defendant there failed to comply with the standards for ESI preservation, it would not be further sanctioned by the court as it spent a "king's ransom" (nearly $1 million) to recover the lost evidence.  Defendant never in his motion or reply suggested that a "king's ransom" was the standard for ESI discovery compliance.  *D'Onofrio* was merely cited for the issue of the magnitude of the sanctions in light of the defendant's conduct there.  Since Defendant agrees that he has never argued that the standard for ESI discovery compliance is a "king's ransom", there is no need to respond to this argument.

Please note that Defendant does not reject out of hand your request to file any surreply.  But, as thousands of pages have already been entered into this docket, and absent any new issues that were not and could not have been addressed in your responses, Defendant objects to surreplies to merely refocus and repeat arguments already made.  If you feel you need to move to file one or more surreplies, please present Defendant's reasons for his objections in total as related in this email.

Thanks,

Tim

*Tim Kapshandy*

Sidley Austin LLP

One South Dearborn Street

Chicago, Illinois 60603

312-853-7643

312-853-7036 (fax)

219-670-0698 (cell)

www.sidley.com

From: Farrokh Mohammadi [mailto:fm@pishevarlegal.com]

**Sent:** Friday, November 18, 2011 11:39 AM  
**To:** Kapshandy, Timothy E.  
**Cc:** Jensen, Peter; Ross, Tom; Afshin Pishevar; Adrian Nelson  
**Subject:** Re: Surreplies to Motion for Summary Judgment and Omnibus Sanctions Motion

[Quoted text hidden]