IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** )<br>)<br>and )<br>)<br>**NATIONAL IRANIAN AMERICAN COUNCIL** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**DAIOLESLAM SEID HASSAN,** )<br>)<br>**Defendant.** )<br>) | Civil No. 08 CV 00705 (JDB) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE SURREPLY TO DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant Seid Hassan Daioleslam hereby responds to Plaintiffs' Motion for Leave to File Surreply to Defendant's Motion for Summary Judgment (the "<u>Motion</u>"). (Docket No. 164). Plaintiffs provide no legitimate legal or factual grounds for the relief requested. Accordingly, Defendant respectfully requests that the Court deny the Motion.

**BACKGROUND**

The Court set the schedule for dispositive motions over five months ago on June 9, 2011. (Docket No. 104). That schedule required motions to be filed on September 16, responses on October 28, and replies on November 11. (*Id.*). The Court made no provision

for surreplies. (*Id.*). Plaintiffs later moved for, and received, an increase in the page limits for its responses. (Docket No. 150 and Minute Order thereto). The parties adhered to the briefing schedule.

Plaintiffs first indicated that they may seek leave to file a surreply to Defendant's summary judgment motion on Monday, November 14. (Attached as Ex. A). Defendant responded that a surreply would not be in order because Defendant raised no new arguments in his reply and requested that Plaintiffs identify which arguments, if any, Plaintiffs could not have raised in their responses. (*Id.*). Plaintiffs responded on Friday, November 18, identifying two grounds which supposedly entitled them to leave to file a surreply. (*Id.*). Defendant again responded that a surreply was not in order as Defendant had never moved on the basis of truth and was not asserting the truth of the many publications listed in his statement of material facts, but merely that such statements had been published. (*Id.*). Plaintiffs filed the instant Motion on November 23 seeking to present additional evidence on the issue of actual malice. (*See* Docket No. 164).

## ARGUMENT

Plaintiffs' argument fails on the law and facts. The standard in this Court for granting leave to file a surreply is "whether the party making the motion [for leave to file a surreply] would be unable to contest matters presented to the court for the first time in the opposing party's reply." *See, e.g., Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (citing *Alexander v. FBI*, 186 F.R.D. 71, 74 (D.C. Cir. 1998)); *Simms v. Ctr. for Corr. Health & Policy Studies*, No. 06-2178, 2011 U.S. Dist. LEXIS 71511, at * 23 n.7 (D.D.C. July 5, 2011) (quoting *Lewis*). The matter must be "truly new" to the reply as opposed to an alleged mischaracterization of a previously stated fact or contention. *See, e.g., Lewis*, 154 F. Supp. 2d

at 61 ("Because this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion."); *U.S. v. Baroid Corp.*, 346 F. Supp. 2d 138, 143 (D.D.C. 2004) (citing *Lewis* to support statement that matter must be "truly new"); *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. Of America, Inc., et al.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002) (citing *Lewis* in support of same).

      Plaintiffs attempt to circumvent this standard by arguing that "several misstatements and distortions of the factual record made for the first time in Defendant's Reply Brief in Supporting of Motion for Summary Judgment [("Summary Judgment Reply")] … essentially amount to the assertion of new 'facts.'" (Docket No. 164, p. 1). They claim they are entitled to a surreply because while the Summary Judgment Reply focused solely on the issue of actual malice, Defendant's original motion "devoted only four pages to the issue of actual malice … [while] the remaining portion was focused on showing that Defendant's statements were true" (*id.*, p. 2) – despite the fact that Defendant previously informed Plaintiffs that he never moved for summary judgment on the issue of falsity. (*See* Ex. A). Plaintiffs claimed that their response "focused on showing the lack of truth, and only minimally addressed Defendant's argument of malice." (Docket No. 164, p. 2). They also took issue with Defendant's statement in the Summary Judgment Reply that Plaintiffs do not dispute a number of material facts. (*Id.*).

      Plaintiffs' arguments are inapposite. First, the claim that Defendant "shift[ed] gears" in focusing the Summary Judgment Reply on the issue of actual malice is factually untrue and legally insufficient. Defendant *never* moved for summary judgment on the basis of truth – and Defendant explained this via the email exchange. (*See* Ex. A). As is clear from the

introduction, the basis of Defendant's Motion for Summary Judgment was the lack of actual malice:

> Accordingly, Defendant moves the Court for summary judgment as there is no material dispute on the issue of whether Dai acted with actual malice. There is no evidence he knew his statements were false or subjectively harbored serious doubts about the truth of his articles.

(Docket No. 144, p. 3). And, the conclusion of his motion states in its *entirety*:

> Considering the lack of any evidence that Dai entertained serious doubts about the truth of his publications, evidence of Plaintiff's ties with Iranian government officials, and numerous published reports about Parsi's and NIAC's role in lobbying for Iran, Plaintiffs cannot meet their evidentiary burden on the issue of actual malice and Dai is entitled to summary judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56.

(*Id.*, p. 25). The conclusion contains not a single reference to Defendant's moving for summary judgment on the basis of falsity. (*Id.*). To say that Defendant's motion "barely addressed actual malice" is simply false. (Docket No. 164, p. 3). Moreover, given Plaintiffs' dual admissions (a) that Defendant addressed actual malice in his Motion for Summary Judgment; and (b) that Plaintiffs also addressed the issue (albeit "proportionally") in their response, this ground, on its face, fails to meet the *Lewis* standard. *See Lewis*, 154 F. Supp. at 61. Merely wanting to re-brief an issue already addressed – despite previously receiving an increased page limit, no less – does not justify a surreply.

Second, it is clear from Plaintiffs' moving papers for the instant Motion that the three issues they propose to raise – *i.e.*, Dr. Aikat's and Col. (Ret.) Gardiner's reports and the so-called "microanalysis" of Defendant's sources in one of his articles – are *all* things they could have raised in their response. Plaintiffs have had their experts' reports for over a year and Defendant's article since its publication date of June 25, 2008. (*See* Docket No. 164, Exs. A-1 to A-3). Moreover, these issues are only relevant to, if anything, "journalistic standards" or

perhaps truth. They have no bearing whatsoever on actual malice. Aikat admitted that he was *not* evaluating the truth or falsity of Defendant's writings, nor did he analyze Defendant's conduct under the relevant *N.Y. Times v. Sullivan* defamation standard. (Aikat Dep., pp. 50-53, attached as Ex. B). Gardiner's report also did not address actual malice, but rather truth.

Third, and lastly, Plaintiffs argue that Defendant's statement that Plaintiffs do not dispute a large number of material facts is a "misstatement and misrepresentation" that entitles Plaintiffs to a surreply. (Docket No. 164, p. 2). While Defendant certainly refutes that this was a misstatement or misrepresentation, ultimately that is irrelevant – *Lewis* and its progeny are clear that a matter must be "truly new" to justify a surreply and not merely an alleged mischaracterization. *See, e.g., Lewis*, 154 F. Supp. 2d at 61; *Baroid Corp.*, 346 F. Supp. 2d at 143 ; *Pogue*, 238 F. Supp. 2d at 277. As Plaintiffs' claim relates to alleged mischaracterizations and not wholly new facts or contentions, they do not meet this standard.

Additionally, Plaintiffs make Defendant's point when they concede that the articles were published and the statements made, and merely dispute Defendant's interpretations. (Docket No. 164, p. 4). That is exactly what Defendant explained in his November 18 email. (*See* Ex. A). Raising this issue in the Motion was thus completely unnecessary. The only fact at issue in the Motion for Summary Judgment is whether those articles or statements were published or made, *not* the truth of Defendant's interpretations. (*See* Docket No. 144). As such, there is no dispute here justifying a surreply.

## CONCLUSION

After 3-1/2 years of litigation the time to decide dispositive issues has come. Plaintiffs continue to show complete disregard for the Court's resources by making arguments that were made clear to them to be false. The Court can easily see the Motion for what it is: a poorly

disguised attempt to re-litigate issues already fully briefed that could have been raised in Plaintiffs' response. Moreover, Plaintiffs' proposed surreply (Docket No. 164, Ex. A) does not address actual malice. As Plaintiffs provide no legitimate legal or factual bases to justify consuming yet more judicial time and resources with an additional round of briefing, Defendant respectfully requests that the Court deny the Motion.

                Respectfully submitted,

Dated: November 28, 2011                      /s/ Timothy Kapshandy
                                                  Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
                                                  Bradford A. Berenson (D.C. Bar No. 441981)
                                                  HL Rogers (D.C. Bar No. 974462)
                                                  Peter G. Jensen (D.C. Bar No. 982599)
                                                  SIDLEY AUSTIN LLP
                                                  1501 K Street, N.W.
                                                  Washington, D.C. 20005
                                                  (202) 736-8000
                                                  hrogers@sidley.com

                                                  Attorneys for Defendant
                                                  Seid Hassan Daioleslam

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** ) | |
| ) | |
| **and** ) | |
| ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil No. 08 CV 00705 (JDB) |
| ) | |
| **DAIOLESLAM SEID HASSAN,** ) | |
| ) | |
| **Defendant.** ) | |

### **PROPOSED ORDER**

Upon consideration of Plaintiffs' Motion for Leave to File Surreply to Defendant's Motion for Summary Judgment, it is hereby:

ORDERED this _____ day of _____, 2011 that Plaintiffs' motion is DENIED;

SO ORDERED.

                                                                     Judge John D. Bates
                                                                     United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI <br><br> and <br><br> NATIONAL IRANIAN AMERICAN COUNCIL <br><br> Plaintiffs, <br><br> v. <br><br> DAIOLESLAM SEID HASSAN, <br><br> Defendant. | Civil No. 08 CV 00705 (JDB) |

## CERTIFICATE OF SERVICE

I certify that on November 28, 2011, I served, via email, Defendant's Response to Plaintiffs' Motion for Leave to File Surreply to Defendant's Omnibus Motion for Sanctions:

      Afshin Pishevar
      Adrian Nelson II
      600 East Jefferson Street
      Suite 316
      Rockville, Maryland 20852
      (301) 279-8773
      ap@pishevarlegal.com

Dated: November 28, 2011                    */s/  Thomas Ross*
                                                                Thomas E. Ross (D.C. Bar No. 994275)
Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
tom.ross@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam