IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI and NATIONAL IRANIAN AMERICAN COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>DAIOLESLAM SEID HASSAN<br><br>Defendant. | Civil Action No. 08-705 (JDB) |

### PLAINTIFFS' MOTION TO STRIKE, OR IN THE ALTERNATIVE MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT'S MOTION TO COMPEL DOCUMENTS CONCERNING MEETINGS WITH IRANIAN GOVERNMENT OFFICIALS

COME NOW, Plaintiffs, Dr. Trita Parsi and the National Iranian American Council ("NIAC") (collectively "NIAC"), by and through their counsel, Afshin Pishevar, Esquire, Adrian V. Nelson, II, Esquire, and Pishevar & Associates, P.C., and respectfully move to strike Exhibit "A" and the attending arguments set forth in Defendant's Reply in support of Defendant's Motion to Compel Documents Concerning Meetings with Iranian Government Officials (hereinafter "Motion to Compel Reply"), or in the alternative Motion for Leave to file a surreply to Defendant's Motion to Compel Reply, and state as follows:

1. Consistent with his clear intent to destroy NIAC and Dr. Parsi at any cost and by any means necessary, the defendant has in his most recent filing, provided yet another example of its hackneyed and contrived mischaracterizations and demonization of the plaintiffs. He continues to allege that Plaintiffs are agents or lobbyists of the Iranian Regime even though there is overwhelming evidence to

the contrary. (*See e.g.* Deposition of Emily Blout, pp. 228-9, Attached as Exhibit "1".) He uses this to once again attack and accuse Plaintiffs' of hiding or withholding discovery requests, even though that is not the case.

2. On November 29, 2011, the defendant filed a Reply memorandum in support of his Motion to Compel Documents Concerning Meetings with Iranian Government Officials. (*See* Docket Entry No. 166.) In the defendant's Reply he uses secretly obtained immaterial, impertinent, and scandalous evidence in an attempt to discredit Dr. Parsi's verified representations that he did not conduct interviews with Iranian government officials prior to May 2010.

3. Specifically, Defendant argues in his Motion to Compel Reply that in two specific instances Dr. Parsi conducted interviews in 2009 with Ambassador Khazaee and with a Moussavi campaign worker.[1] However, Dr. Parsi again reaffirms that both interviews occurred in 2010. (*See* Attached Exhibit "2," Declaration of Dr. Trita Parsi.)

4. In large part, the defendant's Motion to Compel Reply claim that Dr. Parsi conducted interviews in 2009 is founded upon a secretly obtained section of what he calls a "prepublication copy of Parsi's new book."[2] *(See* Exhibit A to Defendant's Motion to Compel Reply; *see also* Defendant's Motion to Compel

---

[1]Additionally, the defendant claims to have proof of "conversations" with people close to Moussavi and Khatami in the summer and fall of 2010. The defendant fails to glean that "conversations" are different from "interviews." Like most people, Dr. Parsi does not take notes during "conversations." (*See* Exhibit 2 at ¶ 16.) Defendant's focus upon these conversations is clearly a red-herring.

[2]In his Motion to Compel Reply, Defendant fails to disclose how he obtained a not-for-resale, unedited version of Dr. Parsi's unpublished book. Typically these "reviewer versions" of a book are distributed in advance to the media for purposes of writing book reviews. (*See* Exhibit 2 at ¶ 7.) Since the defendant does not disclose where he obtained a copy of Exhibit A, Dr. Parsi is left to wonder whether the defendant is once again collaborating with many of his friends in the media who are also focused in their efforts to "destroy" Dr. Parsi and NIAC.

Reply, p. 3). In truth, what the defendant refers to as a "prepublication copy of Parsi's new book" is more appropriately identified as an unedited advance copy of Dr. Parsi's book, *A Single Role of the Dice: Obama's Diplomacy with Iran.*[3] (*See* Exhibit 2 at 7.)

5. Pursuant to Fed. Rule Civ. P. 12(f), Exhibit A (and the attending arguments) to Defendant's Motion to Compel Reply should be stricken for several reasons, including:

   a. <u>Exhibit A is legally immaterial</u>. Defendant should not be permitted to base his Motion to Compel Reply upon a secretly obtained, draft copy of Dr. Parsi's latest book. Exhibit A is immaterial under the Federal Rules of Civil Procedure. Rule 26 provides that materiality hinges upon whether information is likely to lead to the discovery of admissible evidence. In this instance, there can be little doubt that Exhibit "A" – an unedited, advance copy of Dr. Parsi's book, a draft copy of Dr. Parsi's book, a version of Dr. Parsi's book that is clearly marked "Advanced Uncorrected Page Proof Not for Resale" – is <u>not</u> likely to lead to the discovery of admissible evidence. (*See* Attached Exhibit "2".) Exhibit A is clearly not reliable as it is riddled with inaccurate information, including, but not limited to, typographical errors regarding the dates when Dr. Parsi conducted interviews with Iranian government officials. (*See* Exhibit 2 at ¶¶ 8-15.) The errors in Exhibit A cannot be elevated to some substantive "smoking gun" proving that Dr. Parsi

---

[3] An advanced, uncorrected copy of a book is one that is unedited and has not been reviewed and therefore contains numerous errors. That is precisely that case with the copy that Defendant cites as his Exhibit A. (*See* Exhibit 2 at ¶ 8-15.) Not only are the dates of the two interviews Defendant cites incorrect, there are in fact numerous other others in that copy. (*Id.*)

3

conducted interviews with Iranian government officials prior to May 2010. (*Id.*)

In sum, had the defendant riffled through Dr. Parsi's wastebasket and found a draft copy of Dr. Parsi's book, this court certainly would not permit such an exhibit to form the basis for the defendant's argument in Defendant's Motion to Compel Reply. Exhibit A is the equivalent of a draft copy of Dr. Parsi's book that was obtained from his wastebasket and should be stricken as immaterial.

b. <u>Exhibit A is also impertinent</u>. The defendant is attempting to use impertinent and inaccurate footnote sources relating to confidential interviews to argue that he is entitled to the full set of interview notes from certain interviews with Iranian governmental officials. The Second Circuit has found that the type of source information sought by the defendant – confidential book sources – should not be compelled haphazardly in light of First Amendment considerations.

In *Baker v. F & F Investment*, 470 F.2d 778 (2d Cir.1972), the 2nd Circuit declined to compel an author to reveal his confidential source in a civil proceeding. In *Baker*, the 2nd Circuit explained, there are circumstances, at least in civil cases, where the "public interest in non-disclosure of a journalist's confidential sources outweighs the public and private interest in compelled testimony . . ." *Id.* at 783. The 2nd Circuit wrote:

> Compelled disclosure of confidential sources unquestionably threatens a journalist's ability to secure information that is made available to him only on a confidential basis--and the district court so found. The deterrent effect such disclosure is

>likely to have upon future "undercover" investigative reporting ... threatens freedom of the press and the public's need to be informed.

470 2d at 782.

Exhibit A is clearly impertinent.

c. Lastly, Exhibit A is scandalous. Without expressly saying so, the defendant is using Exhibit A to call Dr. Parsi a liar and to smear him with nefarious conduct. The defendant rhetorically asks:

- "Why were none of the materials relating to these conversations [with individuals close to Mousavi and former President Khatami] produced?" (*See* Defendant's Motion to Compel Reply, p. 4)

- Why were no documents produced relating to the discussions with Mousavi campaign workers during this period when [Dr. Parsi's] calendar is blank? (*See* Defendant's Motion to Compel Reply, p. 4)

- Why does Dr. Parsi fly to London for one day? (*See* Defendant's Motion to Compel Reply, p. 4)

- Who is incurring the out of country expenses (and charging NIAC for them)? (*See* Defendant's Motion to Compel Repel, p. 4)

Exhibit A should be stricken based upon the scandalous assertions that the defendant is making against Dr. Parsi relying upon this exhibit.

6. Accordingly, for each of the reasons set forth above, Plaintiffs' respectfully request that Exhibit A and the defendant's attending arguments based upon Exhibit A be stricken as being immaterial, impertinent, and scandalous.

7. In the alternative, Plaintiffs respectfully moves for leave to file a surreply in response to Defendant's Motion to Compel Reply. (*See* Attached Exhibit 3, Plaintiffs' Surreply in Opposition to Defendant's Motion to Compel)

8. A surreply is necessary based upon the defendant's continuing pattern of expanding the relief he seeks in his replies. When he filed his Motion to Compel, the defendant argued for the interview notes that related to Dr. Parsi's soon to be released book. However, in his Motion to Compel Reply, the defendant focuses upon three time periods – 2007 and prior, 2008-2009, and 2010 to the present. (*See* Defendant's Motion to Compel Reply, p. 2)

9. Dr. Parsi should be permitted to address the Defendant's use of Dr. Parsi's book, notwithstanding a draft copy of his book, to demonstrate that Dr. Parsi is not withholding interview notes relating to the 2007 and prior time period and the 2008-2009 time period.

10. The court may grant leave to file a surreply at its discretion. *American Forest & Paper Ass'n, Inc. v. United States Envtl. Prot. Agency*, 1996 WL 509601, at *3 (D.D.C. 1996). Granting leave to file a surreply is appropriate when a reply leaves "a party ... 'unable to contest matters presented to the court for the first time.'" *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (citation omitted); *Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998) (granting leave).

11. A surreply may be necessary whether the new matter is factual or raises new legal arguments. It is particularly appropriate in order to address and correct inaccuracies in a reply memorandum. *See American Forest & Paper*, 1996 WL 509601 at *3. The court considers whether the surreply is "helpful to the adjudication" of the motion in determining whether to grant leave to file a surreply. *Lopez v. Council On American-Islamic Relation*, 657 F.Supp.2d 104, 108 (D.D.C., 2009).

12. It is necessary for the Plaintiffs to file a surreply in order to address Defendant's newly raised arguments contained in his Motion to Compel Reply.

13. Plaintiffs have conferred with the Defendant regarding the instant Motion. Defendant requested an Affidavit or Declaration from Dr. Parsi regarding the matters asserted in this Motion. The Declaration attached to the instant Motion was submitted. However, Plaintiffs did not hear from Defendant prior to this filing.

14. Accordingly, for each of the reasons set forth above, Plaintiffs' respectfully request that the Court strike Exhibit A (and the defendant's attending arguments based upon Exhibit A), or in the alternative grant Plaintiffs leave to file a surreply to Defendant's Motion to Compel Reply.

Respectfully submitted,

/S/
A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TRITA PARSI, et al. | ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) Civil Action No. 08 CV 00705 (JDB) ) |
| DAIOLESLAM SEID HASSAN, | ) ) ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

I certify that on _____, 2011, I served, via email, Plaintiffs' Motion to Strike Exhibit A, or in the Alternative Motion for Leave to File Surreply to Defendant's Motion to Compel Documents Concerning Meetings with Iranian Government Officials to:

Timothy E. Kapshandy, Esquire
Peter G. Jensen, Esquire
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
tkapshandy@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam


_____/s/_____
Afshin Pishevar
Adrian Nelson
600 East Jefferson Street
Suite 316
Rockville, Maryland 20852
(301) 279-8773
ap@pishevarlegal.com
anelson@pishevarlegal.com

Attorneys for Plaintiff
Trita Parsi
National Iranian American Council