# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI and NATIONAL<br>IRANIAN AMERICAN COUNCIL,<br><br>    Plaintiffs,<br><br>      v.<br><br>DAIOLESLAM SEID HASSAN<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)    Civil Action No. 08-705 (JDB)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' SURREPLY IN OPPOSITION TO
## DEFENDANT'S MOTION TO COMPEL DOCUMENTS
## CONCERNING MEETINGS WITH IRANIAN GOVERNMENT OFFICIALS

COME NOW, Plaintiffs, Dr. Trita Parsi and the National Iranian American Council ("NIAC") (collectively "NIAC"), by and through their counsel, Afshin Pishevar, Esquire, Adrian V. Nelson, II, Esquire, and Pishevar & Associates, P.C., and respectfully submit the following surreply in opposition to Defendant's Motion to Compel Documents Concerning Meetings with Iranian Government Officials (hereinafter "Motion to Comply Reply"), and state as follows:

## ARGUMENT AND AUTHORITY

This surreply is necessary because Defendant, in his Reply, has expanded the original relief sought in his Motion to Compel Documents Concerning Meetings with Iranian Government Officials. In his recent Reply Defendant expansively states: "Defendant's motion concerns all documents related to these meetings, not merely 'interview notes,'" including meetings with Parsi's own relatives and friends. *(See*

Docket Entry 166, Defendant's Motion to Compel Reply, p. 3.)  Defendant's mid-course expansion of the motion relief he originally sought is outlined below.

First, it is clear from the parties' September 2011 email correspondence that Defendant's original demand was for interview notes relating to Dr. Parsi's latest book, *A Single Role of Dice: Obama's Diplomacy with Iran.*   (*See* Exhibits "C" and "E" in support of Docket Entry No. 160, Plaintiffs' Opposition to Defendant's Motion to Compel Documents Concerning Meetings with Iranian Government Officials.)   The Court will recall that the defendant seized upon a Yale University Press release that pre-publicized Dr. Parsi' still unreleased second book.  It was the Yale University Press' reference to Dr. Parsi having conducted some 70 interviews with government officials that clearly caused the defendant to reignite his claim that Dr. Parsi was hiding interview notes, this time relating to his second book.  The defendant is simply trying to use Dr. Parsi's new book as a basis for revisiting his long-standing disbelief that Dr. Parsi doesn't have interview notes from his first book.

Second, during the parties' teleconference with the Court, which took place prior to the time that the Defendant filed his Motion to Compel, the defendant's sole focus during that teleconference with the Court was upon his entitlement to copies of notes from interviews Dr. Parsi conducted with Iranian government officials in connection with *A Single Role of the Dice.*

Third, the defendant's focus in his Reply upon the time period before 2008 and between 2008 and 2009 is misplaced. (*See* Docket Entry No. 166, Defendant's Reply in Support of His Motion to Compel Production of Documents Concerning Meetings with Iranian Government Officials, p. 2.)  Dr. Parsi has averred under oath that he did not

begin his research for *A Single Role of the Dice* until May 2010 and that any interviews conducted prior to 2008 did not relate to that book and were not retained.[1]  Further Dr. Parsi has sworn under oath that the dates relied upon by the defendant, as contained in the secretly obtained "Advanced Uncorrected Page Proof Not for Resale" copy of Dr. Parsi's book, are inaccurate and not reliable.[2]  Defendant's focus upon these two time periods is a red-herring predicated upon an unreliable draft copy of Dr. Parsi's book.[3]

Fourth, there is instructional precedent relating to the propriety of this Court compelling Dr. Parsi to reveal his confidential sources relating to his latest book.  In *Baker v. F & F Investment*, 470 F.2d 778 (2d Cir.1972), the 2nd Circuit declined to compel an author to reveal his confidential source in a civil proceeding.  In *Baker*, the 2nd Circuit explained, there are circumstances, at least in civil cases, where the "public interest in non-disclosure of a journalist's confidential sources outweighs the public and private interest in compelled testimony . . ." *Id*. at 783.  The 2nd Circuit wrote:

> Compelled disclosure of confidential sources unquestionably threatens a journalist's ability to secure information that is made available to him only on a confidential basis--and the district court so found. The deterrent effect such disclosure is

_____

[1] Specifically, Defendant argues in his Motion to Compel Reply that in two specific instances Dr. Parsi conducted interviews in 2009 with Ambassador Khazaee and with a Moussavi campaign worker. However, Dr. Parsi again reaffirms that both interviews occurred in 2010.  (*See* Exhibit "2," Declaration of Dr. Trita Parsi, attached to Pls.' M. to Strike.)

[2] In large part, the defendant's Motion to Compel Reply claim that Dr. Parsi conducted interviews in 2009 is founded upon a secretly obtained section of what he calls a "prepublication copy of Parsi's new book."  (*See* Exhibit A to Docket Entry 166, Defendant's Motion to Compel Reply.)  In truth, what the defendant refers to as a "prepublication copy of Parsi's new book" is more appropriately identified as an unedited advance copy of Dr. Parsi's book, *A Single Role of the Dice*.  (*See* Exhibit "2" attached to Pls.' M. to Strike.)

[3] The draft copy of Dr. Parsi's book clearly is not reliable as it is riddled with inaccurate information, including, but not limited to, typographical errors regarding the dates when Dr. Parsi conducted interviews with Iranian government officials.  (*See* Exhibit "2" attached to Pls.' M. to Strike) The errors in Exhibit A cannot be elevated to some substantive "smoking gun" proving that Dr. Parsi conducted interviews with Iranian government officials prior to May 2010.

>likely to have upon future "undercover" investigative reporting
>... threatens freedom of the press and the public's need to be
>informed.

470 2d at 782. Clearly, *Baker* does not support the relief that the defendant is seeking –

this Court compelling Dr. Parsi to divulge the confidential sources referenced in his book.

Lastly, without expressly saying so, the defendant's Reply calls Dr. Parsi a liar

and imputes nefarious conduct to him.  For example, the defendant rhetorically asks:

"Why were none of the materials relating to these conversations [with individuals close

to Mousavi and former President Khatami] produced?" (*See* Defendant's Motion to

Compel Reply, p. 4.)  Why were no documents produced relating to the discussions with

Mousavi campaign workers during this period when [Dr. Parsi's] calendar is blank?  (*See*

*Id.*)  As Dr. Parsi explains, in 2009, in the mayhem of the election scandal, he had several

conversations with people on the ground in Iran.  (*See* Exhibit "2" attached to Pls.' M. to

Strike)  None of those conversations were interviews and he did not take any notes during

those conversations.  (*See Id.*)  Further, Dr. Parsi explains that the purportedly nefarious

"hole" in his calendar is attributable to his very hectic schedule at the time time during

which he was simply too busy to maintain his calendar.  (*See Id.*)

## CONCLUSION

Accordingly, for each of the reasons set forth above as well as in Plaintiffs'

Opposition to Defendant's Motion to Compel Documents Concerning Meetings with

Iranian Government Officials, Plaintiffs' respectfully request that the Court deny the

defendant's Motion to Compel.

Respectfully submitted,


_____ /S/ _____
A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI, et al.** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 08 CV 00705 (JDB)** |
| | ) |
| **DAIOLESLAM SEID HASSAN,** | ) |
| | ) |
| **Defendant.** | ) |

### CERTIFICATE OF SERVICE

I certify that on December 7, 2011, I served, via email, Plaintiffs' Surreply in Opposition to Defendant's Motion to Compel Documents Concerning Meetings with Iranian Government Officials to:

> Timothy E. Kapshandy, Esquire
> Peter G. Jensen, Esquire
> SIDLEY AUSTIN LLP
> 1501 K Street, N.W.
> Washington, D.C. 20005
> (202) 736-8000
> tkapshandy@sidley.com
>
> Attorneys for Defendant
> Seid Hassan Daioleslam

> _____/s/_____
> Afshin Pishevar
> Adrian Nelson
> 600 East Jefferson Street
> Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com
> anelson@pishevarlegal.com
>
> Attorneys for Plaintiff
> Trita Parsi
> National Iranian American Council