IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** )<br>)<br>and )<br>)<br>**NATIONAL IRANIAN AMERICAN COUNCIL,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**DAIOLESLAM SEID HASSAN,** )<br>)<br>Defendant. )<br>) | **Civil No. 08 CV 00705 (JDB)** |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION
TO STRIKE, OR IN THE ALTERNATIVE MOTION FOR LEAVE TO FILE
SURREPLY TO DEFENDANT'S MOTION TO COMPEL DOCUMENTS
<u>CONCERNING MEETINGS WITH IRANIAN GOVERNMENT OFFICIALS</u>**

Defendant Seid Hassan Daioleslam hereby responds to Plaintiffs' Motion to Strike, or in the Alternative Motion for Leave to File Surreply to Defendant's Motion to Compel Documents Concerning Meetings with Iranian Government Officials (the "<u>Motion</u>").  (Docket No. 167).  Plaintiffs provide no legitimate legal or factual grounds for the relief requested.  Accordingly, Defendant respectfully requests that the Court deny the Motion.

**BACKGROUND**

For a detailed recitation of the factual background of this issue, please see Defendant's Motion to Compel Documents Concerning Meetings with Iranian Government Officials (the "Motion to Compel") and reply memorandum (the "Reply").  (Docket Nos. 156, 166). Plaintiffs filed the Motion on December 7, 2011, claiming, *inter alia*, that the Court should strike Defendant's arguments regarding Trita Parsi's ("Parsi") new book on grounds that they are "immaterial, impertinent, and scandalous" or else grant Plaintiffs' leave to file a surreply to respond to Defendant's supposedly new analysis of Plaintiffs' reasons for not producing any of the requested documents in terms of three time periods:  2007 and earlier, 2008-09, and 2010-present.  (*See* Docket No. 167).

**ARGUMENT**

**I.      DEFENDANT'S DISCUSSION OF PARSI'S BOOK IS FAR FROM IMMATERIAL, IMPERTINENT, OR SCANDALOUS**

A court's power to strike is limited to instances where there is an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" in a *pleading*.  *Naegele v. Albers*, 355 F. Supp. 2d 129, 142 (D.D.C. 2005) (citations omitted); *see also* Fed. R. Civ. P. 12(f).  Pleadings include complaints, answers, replies to counterclaims, answers to cross-claims, third-party complaints, and third-party answers—they do *not* include motions.  Fed. R. Civ. P. 7(a); *Naegele*, 355 F. Supp. 2d at 142 (citing *Pilgrim v. Trustees*, 118 F.3d 864, 868 (1st Cir. 1997) (Rule 12(f) does not apply to motions); *Knight v. U.S.,* 845 F. Supp. 1372, 1373-74 (D. Ariz. 1993) (motions to strike solely apply to pleadings, and not to motions); *Jones v. City of Topeka*, 764 F. Supp. 1423, 1425 (D. Kan. 1991) (motions to strike cannot be used to strike a plaintiff's motion for partial summary judgment because motions to strike are properly directed at pleadings)).  A court should only exercise the power to strike to avoid the

time, effort, and expense involved in litigating "spurious issues." *Naegele*, 355 F. Supp. 2d at 142. This is a "drastic remedy, which courts generally disfavor." *Id.* (citations omitted). In fact, such motions are "generally regarded as time wasters." *Cobell v. Norton*, 224 F.R.D. 266, 282 (D.D.C. 2004) (citation omitted). The burden of proof rests solely on the movant and the court must "draw all reasonable inferences in the [respondant's] favor and resolve all doubts in favor of denying the motion to strike." *Naegele*, 355 F. Supp 2d at 142.

The Court should deny Plaintiffs' motion to strike as a matter of course because it relates to a *motion*, not a *pleading*. The federal rules and supporting case law are absolutely clear on this point. Plaintiffs supposedly move to strike under Fed. R. Civ. P. 12(f), but provide no legal authority whatsoever to support doing so. (*See* Docket No. 167, pp. 3-5). In contrast, the legal authority Defendant cites unequivocally rejects the notion that motions fall within a court's sound discretion to strike redundant, immaterial, impertinent, or scandalous matter from pleadings. *See, e.g.,* Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 12(f); *Naegele*, 355 F. Supp. 2d at 142; *Pilgrim*, 118 F.3d at 868; *Knight,* 845 F. Supp. at 1373-74; *Jones*, 764 F. Supp. at 1425. Simply put, the Motion is not legally cognizable.

Plaintiffs' arguments are also fatally flawed in substance. Plaintiffs assert that Defendant's arguments relating to Parsi's conversations and interviews with Iranian officials cited in his new book are immaterial, impertinent, and scandalous because: (1) the relevant dates cited in Parsi's book (whether that be the "unedited advance copy" or the forthcoming print version) are typographical errors; (2) "confidential book sources" should not be subject to disclosure; and (3) Defendant apparently attempts to "call Dr. Parsi a liar and to smear him with nefarious conduct" by suggesting in rhetorical questions that he failed to produce discoverable materials. (Docket No. 167, pp. 2-5). These assertions are baseless. First, as

3

Defendant argued in the Motion to Compel there can be no dispute that meetings between Parsi and Iranian government officials are relevant and discoverable (hence, material) in a suit where Plaintiffs have the burden of proving that they were not lobbying for the Iranian government. (*See* Docket No. 156, p. 5). Defendant's request for notes from such meetings therefore was "*reasonably calculated* to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1) (emphasis added). The standard is not, as Plaintiffs argue, that such requests must be *likely* to lead to the discovery of such evidence or represent a "smoking gun" proving that Parsi conducted interviews with Iranian government officials. (*See* Docket No. 167, pp. 3-4). If the Court finds that Defendant's request was not so reasonably calculated, it should simply deny the Motion to Compel, not strike Defendant's argument as impertinent, immaterial and scandalous.

Nor does Plaintiffs' all-too-convenient revelation that the dates cited for the meetings in question—in both the advance and print versions of the book, no less—are typographical errors render the notes immaterial. (*See* Docket No. 167, Ex. 2, pp. 3-4). As Defendant has explained *ad nauseum* in this case, his February 2009 document request was not limited to "interview notes" from meetings with Iranian government officials but instead encompassed "[a]ll documents relating to the government of Iran or … communications with any person then residing in Iran or then or now affiliated with any government or quasi-governmental group or agency of Iran (whether located within the borders of Iran or elsewhere)." (Docket No. 156, pp. 1-2 (citing Ex. A. thereto)). The Motion to Compel made this clear, stating in the conclusion that "Defendant requests this Court to compel Plaintiffs to produce all documents and notes relating to Parsi's meetings with any current or former officials of the government of Iran including summaries and accounts." (*Id.*, p. 7). While the press release

for Parsi's new book certainly triggered a follow-up inquiry as to why *no* documents had been produced for *any* meetings with Iranian government officials, Defendant's request was never limited to just interview notes for Parsi's new book. It is strikingly disingenuous for Plaintiffs to feign surprise now when they have been on notice of the scope of Defendant's request for nearly three years—a fact they acknowledge in their response (the "Response"). (Docket No. 160, p. 6).

Even Plaintiffs' claim of typographical errors seems dubious in light of the subject matters of the meetings. For example, Note 33 on page 253 states: "Interview with *campaign worker* at [2009 Iranian Presidential candidate] Mousavi's headquarters July 28, 2009." (Docket No. 166, Ex. A (emphasis added)). Parsi claims that this interview with Mousavi's campaign worker actually occurred on July 28, 2010—*more than one year after Iran's June 12, 2009 presidential elections*. (Docket No. 167, Ex. 2, p. 4). While Defendant does not doubt that the pre-publication copy of the book contained some typographical errors, he does not see how such errors—regardless of prevalence or severity—could relieve Plaintiffs of their discovery obligations under Fed. R. Civ. P. 26(b)(1). The reliability of the book *as evidence* may be an issue for the jury but such errors do not render it nondiscoverable. And, the mere fact that Defendant obtained a pre-publication copy of Parsi's book is not, as Plaintiffs suggest without support, a basis to deny the Motion to Compel. (*See* Docket No. 167, p.3 (stating that "Defendant should not be permitted to base his Motion to Compel Reply upon a secretly obtained, draft copy of Dr. Parsi's latest book.")). Parsi had a copy of the book and could have easily attached it in support of the Response. Instead, he chose to characterize it in an affidavit and now objects to Defendant's citation to portions of the book that belie his affidavit.

Second, Plaintiffs' attempt to use the Motion as yet another opportunity to argue that "confidential book sources" should not be subject to disclosure is both transparent and unpersuasive. How the alleged typographical errors in Parsi's book render Ex. A to the Reply "impertinent" for purposes of the meaning and operation of *Zerilli v. Smith,* 656 F.2d 705 (D.C. Cir. 1981) is beyond comprehension. Unsurprisingly, Plaintiffs' legal support—*Baker v. F&F Investment*, 470 F.2d 778 (2d Cir. 1972)—has nothing whatsoever to do with their assertion. The *Baker* court denied a motion to compel directed at a third-party journalist because the journalist was not a party, the issue did not go to the heart of the matter, and the party seeking disclosure had not exhausted all of their alternatives for obtaining the information. 470 F.2d at 783. The court explained:

> We must recall that [the journalist] was not a party to the underlying action. Moreover, … there were other available sources of information … which appellants had not exhausted. The [district] court, therefore, found that disclosure by [the journalist] of his source was not essential to protect the public interest in the orderly administration of justice in the courts. The [subject of the motion] simply did not go to the heart of appellants' case …. We believe the district court properly balanced the interests competing for recognition in this case, and that its judgment refusing to compel [the journalist] to disclose his confidential source should be upheld.

*Id*. None of these shortcomings exist here and Plaintiffs never explain how the *Baker* opinion otherwise should prevent discovery of the requested materials. Parsi is a party (and, in fact, brought this suit), his relationship with and actions on behalf of the Iranian government are at the heart of the case, and Defendant has no other avenues for obtaining the requested materials. If anything, the *Baker* opinion *supports* Defendant's position.

Moreover, Plaintiffs' request to strike the footnotes to Parsi's own book as impertinent on its face is invalid in light of the fact that he liberally cites these same footnotes in his

affidavit filed with the Response:

> 18. If I am required by the Court to reveal the names of the individuals that requested anonymity, I would be harmed severely. Few, if any, sources would provide sensitive information to me because of a fear that I would reveal their names. It would jeopardize my ability to continue my work as a scholar, journalist, and author.
> 19. Additionally, if I am required to disclose the names of confidential sources, they could suffer both economic and physical harm.
> 20. I also want to make abundantly clear that to the extent in my Unreleased Book I cite to sources in my First Book, the First Book, itself, is the source and not any underlying notes since I no longer have any interview notes from my First Book.

(Docket No. 160, Ex. A, p. 4). This is a two-way street. Parsi cannot characterize the notes to his book in support of his Response but then object to them as immaterial and impertinent when Defendant merely attaches the actual notes.

Third, and lastly, Plaintiffs claim that Defendant's use of several rhetorical questions concerning the validity of his reasons for nondisclosure of meetings with Iranian officials is scandalous and essentially "call[s] Dr. Parsi a liar and … smear[s] him with nefarious conduct." (Docket No. 167, p. 5). At this stage in the litigation having had numerous orders to compel and at least two awards of costs entered against him as sanctions for discovery abuse, Parsi has absolutely no room whatsoever to expect his excuses to be taken at face value. Here, just having given an affidavit that his new book contained no interviews before May 2010, Parsi—when confronted with the actual notes to the book documenting that he does cite to conversations before May 2010—now conveniently claims those were all typographical errors. As Parsi's explanations throughout this case frequently have been

shown to be invalid, he simply has no basis to complain that rhetorical questions that raise the possibility of yet another inconsistency are scandalous.

## II. PLAINTIFFS, ONCE AGAIN, ARE NOT ENTITLED TO A SURREPLY BECAUSE DEFENDANT'S REPLY DID NOT RAISE NEW ARGUMENTS

Even more groundless is Plaintiffs' alternative request for leave to file a surreply—the third such request in as many weeks. (*See*, Docket Nos. 161, 164, 167). The standard in this Court for granting leave to file a surreply is "whether the party making the motion [for leave to file a surreply] would be unable to contest matters presented to the court for the first time in the opposing party's reply." *See, e.g., Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001) (citing *Alexander v. FBI*, 186 F.R.D. 71, 74 (D.C. Cir. 1998)); *Simms v. Ctr. for Corr. Health & Policy Studies*, No. 06-2178, 2011 U.S. Dist. LEXIS 71511, at * 23 n.7 (D.D.C. July 5, 2011) (quoting *Lewis*). The matter must be "truly new" to the reply as opposed to an alleged mischaracterization of a previously stated fact or contention. *See, e.g., Lewis*, 154 F. Supp. 2d at 61 ("Because this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion."); *U.S. v. Baroid Corp.*, 346 F. Supp. 2d 138, 143 (D.D.C. 2004) (citing *Lewis* to support statement that matter must be "truly new"); *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. Of America, Inc., et al.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002) (citing *Lewis* in support of same).

Plaintiffs claim entitlement to a surreply based on Defendant's supposedly "continuing pattern of expanding the relief he seeks in his replies." (Docket No. 167, p. 6). Specifically, they claim that while Defendant in the Motion to Compel "argued for the interview notes that related to Dr. Parsi's soon to be released book," in the Reply he "focuse[d] upon three time

8

periods – 2007 and prior, 2008-2009, and 2010 to the present." (*Id.*). Plaintiffs argue that they should now be given a second chance to address the first two time periods. (*Id.*).

These arguments are inapposite. Defendant's analysis of the three time periods was merely an attempt to organize *Plaintiffs' arguments* from their Response. This was not a new argument in any way, shape, or form. Defendant made this abundantly clear at the beginning of the background section of the Reply, stating, "*Plaintiffs* divide their reasons for not producing any of the requested documents relating to meetings with Iranian officials into [the] three time periods" and then summarizing those arguments. (*See* Docket No. 166, p. 2 (emphasis added)). On a more basic level, however, Plaintiffs cannot credibly claim to be caught unawares by Defendant's focus on the dates of the requested materials given that this is *Plaintiffs*' principal defense which they addressed in their Response. (*See* Docket No. 160).

Defendant's reference to Parsi's book also does not justify a surreply. There is no question that both parties have addressed the book in their filings, including two affidavits by Parsi himself. (*See, e.g.,* Docket Nos. 160, Ex. A, and 167, Ex. 2). Parsi clearly had the book and could have cited it; it was obviously not new to him. *Lewis* and its progeny are clear that a matter must be "truly new" to justify a surreply. *See, e.g., Lewis*, 154 F. Supp. 2d at 61; *Baroid Corp.*, 346 F. Supp. 2d at 143 ; *Pogue*, 238 F. Supp. 2d at 277. Parsi could have cited the book in support of his Response. Instead, he made a tactical decision to provide an affidavit characterizing the contents of his book and now has egg on his face as portions of the actual book contradict his affidavit. As Plaintiffs' claim relates to issues already briefed and materials in his possession and not wholly new facts or contentions, they do not meet this standard.

## CONCLUSION

After 3-1/2 years of litigation the time to decide dispositive issues has come. Plaintiffs continue to show complete disregard for the Court's resources by making arguments that have no basis in fact or law. The Court can easily see the Motion for what it is: a poorly disguised and legally uncognizable attempt to re-litigate issues already fully briefed. As Plaintiffs provide no legitimate legal or factual bases to justify consuming yet more judicial time and resources, Defendant respectfully requests that the Court deny the Motion and award as sanctions the costs of responding to the same.

Respectfully submitted,

Dated: December 12, 2011

/s/ Timothy Kapshandy
Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
hrogers@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRITA PARSI** ) | |
| ) | |
| and ) | |
| ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil No. 08 CV 00705 (JDB) |
| ) | |
| **DAIOLESLAM SEID HASSAN,** ) | |
| ) | |
| **Defendant.** ) | |

## PROPOSED ORDER

Upon consideration of Plaintiffs' Motion to Strike, or in the Alternative Motion for Leave to File Surreply to Defendant's Motion to Compel Documents Concerning Meetings with Iranian Government Officials, it is hereby:

ORDERED this ____ day of _____, 2011 that Plaintiffs' motion is DENIED;

SO ORDERED.

_____
Judge John D. Bates
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** ) | |
| and ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL,** ) | |
| **Plaintiffs,** ) | |
| v. ) | **Civil No. 08 CV 00705 (JDB)** |
| **DAIOLESLAM SEID HASSAN,** ) | |
| **Defendant.** ) | |

## CERTIFICATE OF SERVICE

I certify that on December 12, 2011, I served, via email, Defendant's Response to Plaintiffs' Motion to Strike, or in the Alternative Motion for Leave to File Surreply to Defendant's Motion to Compel Documents Concerning Meetings with Iranian Government Officials:

        Afshin Pishevar
        Adrian Nelson II
        600 East Jefferson Street
        Suite 316
        Rockville, Maryland 20852
        (301) 279-8773
        ap@pishevarlegal.com

| | |
|---|---|
| Dated: December 12, 2011 |       */s/ Thomas Ross* |

                                            Thomas E. Ross (D.C. Bar No. 994275)
                                            Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
                                            Bradford A. Berenson (D.C. Bar No. 441981)
                                            HL Rogers (D.C. Bar No. 974462)
                                            Peter G. Jensen (D.C. Bar No. 982599)
                                            SIDLEY AUSTIN LLP
                                            1501 K Street, N.W.
                                            Washington, D.C.  20005
                                            (202) 736-8000
                                            tom.ross@sidley.com

                                            Attorneys for Defendant
                                            Seid Hassan Daioleslam