IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI and NATIONAL IRANIAN AMERICAN COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>DAIOLESLAM SEID HASSAN<br><br>Defendant. | Civil Action No. 08-705 (JDB) |

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITON TO
PLAINTIFFS' MOTION TO STRIKE, OR IN THE ALTERNATIVE
MOTION FOR LEAVE TO FILE SURREPLY TO
DEFENDANT'S MOTION TO COMPEL DOCUMENTS CONCERNING
MEETINGS WITH IRANIAN GOVERNMENT OFFICIALS

COME NOW, Plaintiffs, Dr. Trita Parsi and the National Iranian American Council ("NIAC") (collectively "NIAC"), by and through their counsel, Afshin Pishevar, Esquire, Adrian V. Nelson, II, Esquire, and Pishevar & Associates, P.C., and respectfully submits the following Reply to Defendant's Opposition to Plaintiffs' Motion to Strike Exhibit "A" and the attending arguments set forth in Defendant's Reply in support of Defendant's Motion to Compel Documents Concerning Meetings with Iranian Government Officials (hereinafter "Motion to Comply Reply"), or in the alternative Motion for Leave to file a surreply to Defendant's Motion to Compel Reply, and state as follows:

## ARGUMENT AND AUTHORITY

### I. DEFENDANT IS UNEQUIVOCALLY WRONG: THIS COURT DOES PERMIT A PARTY TO MOVE TO STRIKE A MOTION PURSUANT TO FED. R. CIV. P. 12(F).

In strident fashion, the defendant declares that Fed. R. Civ. P. 12(f) does not permit Plaintiffs to move to strike aspects of Defendant's Motion to Compel interview notes relating to Dr. Paris' book, *A Single Roll of the Dice: Obama's Diplomacy with Iran*. However, the defendant's claim is unequivocally wrong and is not supported by any binding case authority. One 30-second legal research query by the plaintiffs yielded case authority from the District Court for the District of Columbia that squarely confirms that this Court interprets Rule 12(f) as allowing a party to file a motion to strike a motion to compel. (*See* Attached as Exhibit 1, *GFL Advantage Fund, Ltd. v. Colkitt,* Civil Action No. 02ms475 (ESH/JMF)(D.D.C. 2003).)

In *GFL Advantage Fund, Ltd.*, GFL moved to strike, pursuant to Rule 12(f), movant Womble Carlyle's surreply in opposition to GFL's motion to compel. First, this Court recognized that in some instances surreplies should be permitted given the reality of parties, such as Dr. Parsi and NIAC, being "'sandbagged' by not being able to answer a contention that appeared for the first time in the reply" a party moving to compel discovery raises. *Id., citing Lewis v. Rumsfeld,* 154 F. Supp. 2d 56, 61 (D.C. 2001); *Robinson v. The Detroit News, Inc.,* 211 F. Supp. 2d 101, 112 (D.C. 2002). More importantly, this Court acknowledged that while "some courts have indicated that parties may not attack briefs and motions" via a motion to strike, this Court confirmed that

Womble Carlyle's "sur-reply would be eligible to be stricken and not considered in resolution of GFL's motion to compel" pursuant to Rule 12(f).[1] *Id.*

Clearly the defendant is wrong. This court permits a movant to move to strike a motion to compel.

## II. PLAINTIFFS WERE CLEARLY "SANDBAGGED" BY DEFENDANT'S USE OF PARTS OF DR. PARSI'S UNRELEASED, UNEDITED, AND INACCURATE BOOK CITATIONS IN HIS MOTION TO COMPEL REPLY BRIEF.

Defendant is attempting to deflect from the clear fact that he "sandbagged" Plaintiffs when he relied, for the first time in his Reply, upon an unreleased, unedited, and inaccurate copy of Dr. Parsi's just released book.[2] In his clear desperation to meet his burden of proving that he should be granted the interview notes he seeks to compel, the defendant curiously states: "Parsi had a copy of the book and could have easily attached it in support of his Response." *See* Defendant's Reply at p. 5. Why would Dr. Parsi have attached a copy of his book to his Opposition to Defendant's Motion to Compel if Dr. Parsi's book had not yet been released? The issue is not who should have provided a copy of the book, Dr. Parsi or the defendant. The issue is whether the advanced copy of book is a reliable source since it is unedited and not yet ready for release. It is for this very reason – the fact that dates printed in the book by the publisher were inaccurate – that Dr. Parsi provided an affidavit about the timing of the interviews at issue herein. So, while Dr. Parsi may have had access to the unreleased book, it was of

---

[1] The defendant ignores the legal authority of this Court and instead relies upon case authority from non-binding jurisdictions, including the First Circuit and the U.S. District Courts for Arizona and Kansas. *See* Defendant's Reply at pp. 2-3.

[2] The electronic version of the book was released on December 15, 2011 by Amazon.com, and in that version the dates of the interviews at issue in this matter have been corrected. (*See* Attached as Exhibit 2, excerpts from the reference section of the book *A Single Roll of the Dice: Obama's Diplomacy with Iran*; *see also* http://www.amazon.com/Single-Roll-Dice-Diplomacy-ebook/dp/B006M3JVAO (link to the website to purchase the book).)

no use to him in opposing the defendant's motion to compel since the book was not a reliable source in its non-final form.

Moreover, the defendant fails to glean that what the plaintiffs find impertinent about his Motion to Compel Reply brief is defendant's use of an unauthorized version of a book in a play to obtain confidential source information. The defendant's effort to obtain Dr. Parsi's interview notes violates Dr. Parsi' privacy in two impertinent and disrespectful ways. First, it is as if the defendant rifled through Dr. Parsi's trash to find a draft copy of his book, which he prematurely published through the courts. If that isn't bad enough, the defendant wants to further violate Dr. Parsi's privacy by using notes taken from his trash to force him into having to reveal confidential sources. The defendant's conduct certainly is impertinent.

While *Baker v. F & F Investment*, 470 F.2d 778 (2d Cir.1972) may be slightly distinguishable, in the same way that no two snowflakes are exactly alike, it was cited for the reasoning of the Second Circuit court. That court's reasoning about the importance of journalists being able to maintain confidential sources is central to the plaintiffs' opposition to Defendant's motion to compel and by extension the defendant's misuse of confidential sources referenced in Dr. Parsi's book.

Further, the defendant is mistaken when he claims that the plaintiffs are asking the court to strike footnotes contained in Dr. Parsi's own book. Rather, Plaintiffs are requesting that the court strike the arguments contained in the defendant's Reply because those arguments are predicated upon an unreliable source – Dr. Parsi's non-final, reviewer copy version of his book. This is a subtle, but substantive distinction.

Additionally, the defendant has admitted that his series of rhetorical questions are intended to impugn Dr. Parsi, which is scandalous. *See* Defendant's Reply at p. 8-9. The prior rulings of this court relating to aspects of the plaintiffs discovery conduct, not just Dr. Parsi's conduct alone, do not provide a license for the defendant to smear Dr. Parsi. This is especially the case since Plaintiffs are unaware of the court having ruled in any instance that Dr. Parsi has been untruthful either in his sworn deposition testimony or as it relates to sworn statements made in any of the declarations he has provided during the course of this litigation.[3]

### III. PLAINTIFFS SHOULD BE PERMITTED A SURREPLY IF THEIR MOTION TO STRIKE IS DENIED.

As is set forth above, Plaintiffs were "sandbagged" by the defendant's ploy of attaching an unfinished version of Dr. Parsi's book to his Reply. If Plaintiffs' Motion to Strike is granted, then the "sandbag" effect of the defendant's Reply brief will have been nullified. However, if the court denies the Plaintiffs' Motion to strike, the "sandbag" effect of the defendant's Reply brief arguments warrant the plaintiffs being permitted a surreply.

### CONCLUSION

Accordingly, for each of the reasons set forth above and in Plaintiffs' Motion to Strike, or in the alternative Motion for Leave to File Surreply to Defendant's Motion to Compel Documents Concerning Interviews with Iranian Government Officials, Plaintiffs respectfully request that the Court strike Exhibit A (and the defendant's attending arguments based upon Exhibit A), or in the alternative grant Plaintiffs leave to file a surreply to Defendant's Motion to Compel Reply.

---

[3] As Exhibit 2 clearly shows, the dates in the advanced, uncorrected copy of the book were incorrect and have since been corrected.

Respectfully submitted,

_____/S/_____
A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI, et al. | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 08 CV 00705 (JDB) |
| DAIOLESLAM SEID HASSAN, | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I certify that on December 16, 2011, I served, via email, Plaintiffs' Reply to Defendant's Opposition to Defendant's Motion to Strike Exhibit A, or in the Alternative Motion for Leave to File Surreply to Defendant's Motion to Compel Documents Concerning Meetings with Iranian Government Officials to:

Timothy E. Kapshandy, Esquire
Peter G. Jensen, Esquire
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
tkapshandy@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

_____/s/_____
Afshin Pishevar
Adrian Nelson
600 East Jefferson Street
Suite 316
Rockville, Maryland 20852
(301) 279-8773
ap@pishevarlegal.com
anelson@pishevarlegal.com

Attorneys for Plaintiff
Trita Parsi
National Iranian American Council