# EXHIBIT 1

## ARGUMENT AND AUTHORITY

### I. DEFENDANT IS UNEQUIVOCALLY WRONG: THIS COURT DOES PERMIT A PARTY TO MOVE TO STRIKE A MOTION PURSUANT TO FED. R. CIV. P. 12(F).

In strident fashion, the defendant declares that Fed. R. Civ. P. 12(f) does not permit Plaintiffs to move to strike aspects of Defendant's Motion to Compel interview notes relating to Dr. Paris' book, *A Single Roll of the Dice: Obama's Diplomacy with Iran*. However, the defendant's claim is unequivocally wrong and is contradicted by case law showing otherwise. One 30-second legal research query by the plaintiffs yielded case authority from the District Court for the District of Columbia that squarely confirms that this Court interprets Rule 12(f) as allowing a party to file a motion to strike a motion to compel. (*See* Attached as Exhibit 1, *GFL Advantage Fund, Ltd. v. Colkitt,* Civil Action No. 02ms475 (ESH/JMF)(D.D.C. 2003).)

In *GFL Advantage Fund, Ltd.*, GFL moved to strike, pursuant to Rule 12(f), movant Womble Carlyle's surreply in opposition to GFL's motion to compel. First, this Court recognized that in some instances surreplies should be permitted given the reality of parties, such as Dr. Parsi and NIAC, being "'sandbagged' by not being able to answer a contention that appeared for the first time in the reply" a party moving to compel discovery raises. *Id., citing Lewis v. Rumsfeld,* 154 F. Supp. 2d 56, 61 (D.C. 2001); *Robinson v. The Detroit News, Inc.,* 211 F. Supp. 2d 101, 112 (D.C. 2002). More importantly, this Court acknowledged that while "some courts have indicated that parties may not attack briefs and motions" via a motion to strike, this Court confirmed that

2