UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI<br><br>And<br><br>NATIONAL IRANIAN AMERICAN COUNCIL,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>DAIOLESLAM SEID HASSAN,<br><br>　　　　Defendant. | CASE NO. 08 CV 00705 (JDB) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION TO CONTINUE THE JULY 6, 2012 HEARING**

Plaintiffs' request for yet another delay in this case is premised upon the notion that two state court hearings for a traffic violation and a divorce— one of which was set after the Court scheduled the July 6 hearing (the "Hearing") in this case while the other is for an attorney not yet even admitted in this matter— should take precedence over this case and further delay the ultimate resolution of this case that has been pending for over four years. In addition to their refusal to explain what efforts were made to get the state court judges to continue their hearings, Plaintiffs fail to set forth any explanation as to how their counsel's office move precludes them from preparing for this federal court hearing but does not prevent them from preparing for the two state court hearings.

### A.     DELAYING THE HEARING WOULD PREJUDICE DEFENDANT

Plaintiffs seek to delay the Hearing based on their own needs, but ignore the prejudice to Defendant. The Court certainly is aware that this case has dragged on for over *four years*, but for Defendant, Plaintiffs' intimidation campaign to silence his criticism preceded the lawsuit. And, as Defendant testified at his deposition, he has been forced to use home equity lines to help pay litigation expenses. Tr. 12/14 at 58:10-59:9 (stating, in part, "I owe my home much more than it's worth now."). Such expenses have needlessly been exacerbated by the countless attempts by Plaintiffs to delay and defraud both Defendant and the Court. See, e.g., Dkt. No. 143 (Defendant's Omnibus Sanctions Motion). Plaintiffs have succeeded in causing Defendant financial hardship and mental anguish, but certainly have not uncovered evidence of actual malice to support their claims. See, e.g., Dkt. No. 144 (Defendant's Motion for Summary Judgment). In fact, Plaintiffs waited for nearly two years to even take Defendant's deposition in the case, and then took it only a couple days before the discovery cutoff. Defendant very much wants to put this difficult period behind him. The requested delay would only further prolong for Defendant a matter that has been long pending and resulted in a considerable burden to Defendant and his family. At some point, enough is enough.

Plaintiffs' latest request would prejudice Defendant in other ways. This particular prejudice could perhaps have been avoided had Plaintiff acted promptly when notified of the Hearing. The Order scheduling the Hearing was issued on June 4, 2012. Plaintiffs failed to notify Defendant of their potential conflicts until June 11, 2012—seven days after the Order (even though the conflicting move has been planned for six months). Defendant now already has purchased nonrefundable airfare from Arizona to the District of Columbia and has found someone to look after his daughter at an already busy time for him (he and his family are in the

process of moving cross-country). Defendant's counsel likewise has rearranged his schedule to travel from Chicago for the hearing at significant expense. Defendant is also concerned that Plaintiffs may use any delay to waste assets potentially recoverable as costs or sanctions. See Dkt. No. 172 (Defendant's Motion for Bond). In an all-too-common theme of this case, Plaintiffs' failure to promptly address a potential problem has resulted in a burden to both the Defendant and the Court.

### B. PLAINTIFFS' REASONS FOR REQUESTING THE CONTINUANCE ARE NOT PERSUASIVE

Plaintiffs claim that they need to delay the Hearing because of an office move on June 20, 2012, and that "[d]uring this time, the firm will not be open for business, as all employees will be assisting with the move." Plaintiffs' Motion To Continue The July 6, 2012 Hearing, ¶ 2. It is unclear what timeframe Plaintiffs' "during this time" comment is in reference to, but surely they can not be alleging that their counsel's move to a new office less than one mile away from their current one will result in a cessation of that firm's business for over two and half weeks. As Plaintiffs' have repeatedly stated, their counsel's firm is "small." See, e.g., Plaintiffs' Motion, ¶ 4. Plaintiffs provide no reason why the move of a "small" law firm's office over such a short distance would prevent them from participating in a hearing two and a half weeks later. The move apparently does not preclude them from attending two state court status hearings.

Plaintiffs claim that they would be prejudiced by the "lack of time available to properly prepare for a hearing" because of the number of pending motions. Plaintiffs' Motion, ¶ 5. But, of the five motions currently pending before the Court, the most recent was filed on February 3,

2012– over four months ago. Most of those motions have been pending for over six months.[1] The fifth was actually filed by Plaintiffs.[2] One can only wonder how much more time Plaintiffs would need. They have given no specifics as to what further preparations are needed for these issues which have fully briefed and for which no additional evidence is contemplated. Plaintiffs claim that they are not accustomed to such "short notice" for a hearing, but rather, are used to having 2-3 months notice prior to a hearing. Plaintiffs' Motion, ¶ 8. Apparently, lightening has struck twice as counsel's "conflicting" hearing in state court was noticed four days *after* this Hearing was set. Plaintiffs' Motion, ¶ 6.

Additionally, Plaintiffs attempt to engineer another "conflict" by having an additional attorney admitted to this case via a *pro hac vice* motion and then claiming that that attorney has a conflict resulting in the need to postpone this Hearing. Plaintiffs' Motion, ¶ 7. Granting a postponement based on a conflict of an attorney who is not even admitted to this Court would be inappropriate. Regardless, neither the traffic court matter nor the divorce proceeding, both in state court, should take precedence over this proceeding, which has been pending in federal court for over four years and has pending dispositive motions. Defendant requested that Plaintiffs produce and attach to their Motion some evidence that they sought continuances in those matters and that those courts refused to accede to this proceeding's precedence. See Exhibit A. However, Plaintiffs have failed to provide such documentation.

Unlike Defendant and Defendant's lead counsel, Plaintiffs and their counsel reside in the D.C. metropolitan area. They present as conflicts counsel's long-planned move to a new office less than a mile away (more than two weeks before the scheduled hearing, no less) and two

---

[1] Motion for Sanctions (Omnibus) – filed 9/16/2011; Motion for Summary Judgment – filed 9/16/2011; Motion to Compel Production of Documents Concerning Meetings with Iranian Government Officials – filed 11/4/2011; Motion for Bond – filed 2/3/2012.
[2] Plaintiffs' Motion to Stay and Exception to Defendant's Bill of Costs – filed 9/13/11.

4

minor state court proceedings.  They have set forth no irreconcilable conflict while prejudice to Defendant far outweighs the inconveniences they posit.

## CONCLUSION

For the foregoing reasons, Defendant asks this Court to deny Plaintiffs' Motion to Continue the July 6, 2012 Hearing.

Dated: June 14, 2012

/s/
Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
pjensen@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI<br><br>And<br><br>NATIONAL IRANIAN AMERICAN COUNCIL,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>DAIOLESLAM SEID HASSAN,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 08 CV 00705 (JDB)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I certify that on June 14, 2012, I served, via email, Defendant's Response to Plaintiffs' Motion To Continue The July 6, 2012 Hearing:

> Afshin Pishevar
> 600 East Jefferson Street, Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com

Dated: June 14, 2012

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　Peter G. Jensen (D.C. Bar No. 982599)
　　　　　　　　　　　　　　　　SIDLEY AUSTIN LLP
　　　　　　　　　　　　　　　　1501 K Street, N.W.
　　　　　　　　　　　　　　　　Washington, D.C.  20005
　　　　　　　　　　　　　　　　(202) 736-8000
　　　　　　　　　　　　　　　　pjensen@sidley.com

　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　Seid Hassan Daioleslam