IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI <br><br> and <br><br> NATIONAL IRANIAN AMERICAN COUNCIL <br><br> Plaintiffs, <br><br> v. <br><br> DAIOLESLAM SEID HASSAN, <br><br> Defendant. | Civil No. 08 CV 00705 |

## PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO CONTINUE THE JULY 6, 2012 HEARING

COME NOW, Plaintiffs, Dr. Trita Parsi and the National Iranian American Council ("NIAC") (collectively "NIAC"), by and through their counsel, Afshin Pishevar, Esquire and Pishevar & Associates, P.C., and file this Reply to Defendant's Opposition to the Motion to Continue the Hearing scheduled for July 6, 2012 at 10:00 am and for reasons state as follows:

1.      In accordance with the Defendant's typical opportunistic fashion, Defendant has managed to take a simple request for a 3-4 week re-scheduling of a hearing date and respond to it with red-herring laced arguments, peppered with his contrived and hackneyed arguments from his own motions. Defendant's approach throughout has lacked civility and has been to win at any cost. That approach is echoed in his opposition.

- 2 -

2.   Plaintiffs informed the Court of their intent to file a Motion to Continue, informally through a telephone conversation with the clerk, on June 4, 2012, the same day the Court's first Order was entered.

3.   Plaintiffs then also informed the Defendant that they would be filing this instant Motion to Continue, within four business days after the Court's Order.

4.   At that time, Defendant made no mention that he would not consent to the Motion because of prejudice to him and his attorney. Specifically, Defendant never stated that flights had been booked and that the Defendant was also in the process of moving. (*See* Email with Tom Ross, June 11, 2012, attached hereto as Exhibit A.)

5.   Furthermore, although Defendant states flights have been booked, no exhibits showing when those flights were booked are attached, or that they are "non-refundable."

6.   As Plaintiffs were not informed of the potential "prejudice" to the Defendant at the time Plaintiffs sought consent to file the Motion to Continue, it can be assumed that this inconvenience was generated after the Defendant was informed of the instant Motion.

7.   Additionally, Defendant seems to think preparing for a hearing on five pending motions, some with hundreds of pages of exhibits, in a case that has been ongoing for four years, is the same thing as appearing at a pre-trial hearing for a criminal case and a settlement conference for a divorce case. It is not.

8.   The amount and type of preparation are not even comparable, especially given the fact that one of Plaintiffs' lead counsel recently had to withdraw from the case.

9.   The move of the entire firm and practice is not as simple as moving "less than a mile." Besides the task of moving the entire office, which move has been organized, overseen

and will be completed by the office staff, there is also a large amount of construction that has to be done at the new location, as the property has been purchased and not leased.

10. This renovation and move requires a large amount of time, help and assistance of all of the office's staff, including the attorneys.

11. Finally, Plaintiffs are not attempting to "engineer" a conflict by seeking *pro hac vice* admission of an attorney. As already stated, given the scope of the pending motions and the fact that one of Plaintiffs lead counsel is no longer in the case, it is necessary for another attorney to appear and assist with these hearings.

12. Had the motion for *pro hac vice* admission been filed previously, and granted, the potential conflict would have been an actual conflict.

13. Defendant was made aware of the potential conflict. Although Defendant consented to the motion, he now seeks to use the motion to allege that Plaintiffs are engineering a conflict.

14. Given the circumstances and the relative brief continuance that is being requested, undersigned counsel believes this request for accommodation is reasonable and appropriate.

WHEREFORE, Plaintiffs respectfully request that the Court continue the hearing currently set for July 6, 2012 to a later date 3-4 weeks from the current date of the hearing. Should the Court grant this Motion, undersigned counsel is prepared to clear the calendar with the Court to ensure there are no further conflicts.

        Respectfully submitted,

        _____/S/_____

A.P. Pishevar (D.C. Bar No. 451015)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:   (301) 279 – 7347
Counsel for the Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TRITA PARSI, et al. | ) |
| Plaintiffs, | ) ) ) ) |
| v. | ) Civil Action No. 08 CV 00705 (JDB) |
| DAIOLESLAM SEID HASSAN, | ) ) ) |
| Defendant. | ) ) |

## CERTIFICATE OF SERVICE

I certify that on June 18, 2012, I served, via email, Plaintiffs' Reply to Defendant's Opposition to Motion to Continue the July 6, 2012 Hearing to:

> Timothy E. Kapshandy, Esquire
> Peter G. Jensen, Esquire
> SIDLEY AUSTIN LLP
> 1501 K Street, N.W.
> Washington, D.C. 20005
> (202) 736-8000
> tkapshandy@sidley.com
>
> Attorneys for Defendant
> Seid Hassan Daioleslam

> _____/s/_____
> Afshin Pishevar
> 600 East Jefferson Street
> Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com
> anelson@pishevarlegal.com
>
> Attorney for Plaintiff
> Trita Parsi
> National Iranian American Council