UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI and NATIONAL IRANIAN AMERICAN COUNCIL, <br><br> Plaintiff, <br><br> vs. <br><br> SEID HASSAN DAIOLESLAM, <br><br> Defendant. | Case No. 08-705 (JDB) <br><br> **DEFENDANT'S MEMORANDUM ON STATUS OF PRODUCTION OF TRITA PARSI'S SWEDISH BANK ACCOUNT RECORDS** |

### DEFENDANT'S MEMORANDUM ON STATUS OF PRODUCTION OF TRITA PARSI'S SWEDISH BANK ACCOUNT RECORDS

Pursuant to the Court's inquiry at the July 6, 2012 hearing, the Defendant Seid Hassan Daioleslam hereby respectfully submits this report on the status of the production/nonproduction of Trita Parsi's Swedish bank account records as ordered by the Court on August 30, 2011. (Docket No. 148). Notwithstanding discovery requests for all documents relating to Parsi's damages claims of lost income served in March 2009, Defendant learned for the first time at Parsi's December 10, 2010 deposition that Parsi kept a portion of his income in a Swedish Bank, SEB. Defendant moved to strike Parsi's damages claims for this discovery lapse and other reasons. (Docket No. 120). Before striking Parsi's claims, the Court gave Parsi another chance to produce the records supporting his damages claim, specifically the SEB bank records. Notwithstanding Defendant's considerable efforts over the last ten months attempting to obtain records relating to the Swedish account, Parsi has only produced part of the records:

- 3/3/2009. Defendant submits his Second Request for Production asking for "All documents relating to Parsi's allegation of special damages, including, but not

limited to, all documents describing or evidencing any direct and/or quantifiable monetary losses suffered by Parsi….All Documents relating to Parsi's allegation of compensatory and punitive damages, including, but not limited to, all documents describing or evidencing and direct and/or quantifiable monetary losses suffered by Parsi."

- 12/1/2010 -- Defendant learns of Parsi's Swedish bank account where he claims he deposits consulting income earned outside the United States. (Parsi Dep. Vol. I, p. 292).

- 8/30/2011 -- The Court orders Plaintiffs to produce "all information regarding the Swedish bank account in which Parsi allegedly deposited the "consultant income" that he has earned from "consulting activities abroad" (Docket No. 138, p. 4).

- 9/9/2011 -- Plaintiffs produce summary list of Swedish bank account transactions covering only the period June 2010-August 2011. (9/9/2011 Email, attached as Ex. A).

- 9/9/2011 -- Defendant requests back up documentation for the Swedish transactions so he can determine which transactions were income. (9/9/2011 Email, attached as Ex. B).

- 9/21/2011 -- Plaintiffs produce a summary list of Swedish bank account transactions containing roughly 1,200 transactions covering the period January 2000-May 2011. (9/21/2011 Email, attached as Ex. C).

- 9/29/2011. Most of the transactions have no description as to the origin or destination of payments so Defendant requests details and underlying documentation for the transactions. (9/29/2011 Email, attached as Ex D).

- 9/30/2011 -- Plaintiffs represent that Swedish banks do not maintain underlying documentation relating to deposits. (9/30/2011 Email, attached as Ex. E).

- 10/5/2011 -- Defendant responds that failing to maintain underlying documentation would be contrary to US banking practices and requests letter from SEB confirming the truth of the Parsi's assertions. (10/5/2011 Email, attached as Ex. F).

- 10/11/2011 -- Plaintiffs represent that they are attempting to obtain certification that SEB does not maintain underlying documentation for transactions. (10/11/2011 Email, attached as Ex. No. G).

- 1/8/2012 -- Defendant requests update from Plaintiffs about the status of the banking records. (1/8/2012 Email, attached as Ex. H).

- 3/8/2012 -- Defendant requests update from Plaintiffs about the status of the banking records. (3/8/2012 Email, attached as Ex. I).

- 3/9/2012 -- Plaintiffs reiterate that SEB has no records other than a summary list of transactions for Parsi's account. (3/9/2012 Email, attached as Ex. J).

- 3/9/2012 -- Defendant informs Plaintiffs that consultation with banking experts in his counsel's New York office reflected that Swedish banks do indeed keep underlying documentation for transactions. (3/9/2012 Email, attached as Ex. K).

- 3/14/2012 -- Plaintiffs represent that the Swedish bank has underlying documentation for some of the transactions on the summary sheet. Plaintiffs further represent that the cost for retrieving the underlying data is 150 SEK (Approximately $25 USD) per transactions and assert that Defendant will have to

3

- pay for any transactions that he would like to examine. (3/14/2012 Email, attached as Ex. L).

- 3/14/2012 -- Defendant reminds Plaintiffs of their discovery obligations and re-requests the records. (3/14/2012 Email, attached as Ex. M).

- 3/15/2012 -- Plaintiffs request that Defendant send a list of transactions that he would like to examine. (3/15/2012 Email, attached as Ex. N).

- 3/16/2012 -- Defendant sends Plaintiffs a list of 43 (out of a possible 1,200) transactions for which he wanted to see underlying documentation.  (3/16/2012 Email, attached as Ex. O).

- 4/9/2012 -- Plaintiffs produce first set of underlying documentation, over seven months after first ordered to do so. Plaintiffs admit via email that one of the requested transactions was Parsi's salary from a Norwegian NGO but produce no documentation for it. (4/9/2012 Email, attached as Ex. P).

- 4/9/2012 -- Defendant removes one transaction from his list as a duplicate, thus reducing the list of requested transactions to 42. (4/9/2012 Email, attached as Ex. Q).

- 4/26/2012 -- Plaintiffs produce second set of underlying documentation. (4/26/2012 Email, attached as Ex. R).

- 5/7/2012 -- Plaintiffs produce third set of underlying documentation. (5/7/2012 Email, attached as Ex. S).

- 5/9/2012 -- Defendant again requests underlying documentation on all transactions Plaintiffs have not yet produced. (5/9/2012 Email, attached as Ex. T).

In sum, as of the date of this filing, and more than ten months after first ordered, Plaintiffs still had not produced underlying documentation for eight of the requested 42 transactions. Four of these eight transactions will never be produced as they were destroyed pursuant to the bank's document retention policy (ten years) which expired while Plaintiffs were dragging their feet on this production. Had Plaintiffs taken their discovery obligations seriously when Defendant requested this information in 2009, all four of these destroyed documents could have been produced. In fact, Plaintiffs could have saved some of the underlying documents by acting even as late as February 2012, when the last of the documents was destroyed. Instead, they chose to stonewall and prevaricate, notwithstanding the Defendant's repeated requests for production and the Court's 8/30/2011 Order.

Plaintiffs' delay in the production of these records not only caused some of them to be destroyed, but also successfully prevented Defendant from inquiring about them at Parsi's depositions, from citing them in motions, and from using them in defense of his arguments that Parsi has suffered no income loss as alleged. This prejudice brought on by Plaintiffs' own machinations leaves Defendant and the Court with no clear picture of Plaintiffs' damages (other than relying upon Parsi's own, historically untrustworthy, statements). Accordingly, Defendant reiterates his requests that Parsi's claim for damages be stricken for the reasons set forth in his original July 8, 2011 motion.

Dated: July 13, 2012                                        Respectfully submitted,


                                                            /s/
Timothy E. Kapshandy (Admitted Pro Hac Vice)
Bradford A. Berenson (D.C. Bar No. 441981)

                    HL Rogers (D.C. Bar No. 974462)
                    Peter G. Jensen (D.C. Bar No. 982599)
                    SIDLEY AUSTIN LLP
                    1501 K Street, N.W.
                    Washington, D.C. 20005
                    (202) 736-8000
                    hrogers@sidley.com

                    Attorneys for Defendant
                    Seid Hassan Daioleslam

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TRITA PARSI and NATIONAL IRANIAN AMERICAN COUNCIL, | ) ) ) | Case No. 08-705 (JDB) |
| Plaintiff, | ) ) ) |  |
| vs. | ) ) ) | **DEFENDANT'S MEMORANDUM ON STATUS OF PRODUCTION OF TRITA PARSI'S SWEDISH BANK ACCOUNT RECORDS** |
| SEID HASSAN DAIOLESLAM, | ) ) |  |
| Defendant. | ) |  |

### CERTIFICATE OF SERVICE

I hereby certify that on today, July 12, 2012, I served Defendant's Memorandum on Status of Production of Trita Parsi's Swedish Bank Account Records on the following via electronic mail pursuant to Fed. R. Civ. Pro. 5(b)(2)(E), to which he has consented:

>Afshin Pishevar
>226 North Adams Street
>Rockville, Maryland 20850
>(301) 279-8773
>ap@pishevarlegal.com

Pursuant to D.D.C. L.R. 5.2(a), I will retain the original in my possession.

Dated: July 13, 2012

/s/_____
Timothy E. Kapshandy (Admitted Pro Hac Vice)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
hrogers@sidley.com
Attorneys for Defendant
Seid Hassan Daioleslam