# **EXHIBIT E**

**From:** Adrian Nelson [mailto:anelson@pishevarlegal.com]
**Sent:** Friday, September 30, 2011 5:18 PM
**To:** Kapshandy, Timothy E.
**Cc:** ap@pishevarlegal.com; Jensen, Peter; Ross, Tom; Rogers, HL
**Subject:** Re: Pasi Swedish Bank Account & Requested Notes of Interviews with Governmental Officials

Dear Tim:

First, let me address the Swedish Bank records. Our client has investigated whether his bank has any underlying documents relating to deposits made. We have been advised that they do not maintain that information. Further, our client has advised that with the exception of any documents submitted with his tax filings, which you already have, he does not have any underlying documents relating to deposits.

With respect to the interview notes your are seeking, following, *inter alia*, is our position. First, we are not affirming the factual contents of the press release that form the basis/predicate of your request for the interview notes. Second, Document Request No. 3, upon which defendant is basing his request for the interview notes, is both overly broad and vague at the very least. Notwithstanding the broad and vague nature Request No. 3, Plaintiffs reaffirm their objections to Document Request No. 3 on the grounds that providing any existing interview notes would (i) result in the disclosure of confidential information, (ii) cause Plaintiffs injury, (iii) involve confidential business information, (iv) result in an invasion of privacy to Plaintiff; and (v) result in an invasion of privacy to third parties. Third, Plaintiffs assert that any interview notes that may exist, if at all, are privileged pursuant to Zerilli v. Smith, 656 F.2d 705 (C.A.D.C., 1981). Fourth, any such interview notes are proprietary. Fifth, Plaintiffs contend that the defendant has waived any claims to the requested interview notes as he was aware of this book during Dr. Parsi' deposition and elected not to ask any questions about it and/or request any information pertaining thereto. Sixth, Plaintiffs assert that any interview notes are not relevant to whether Mr. Daioleslam's 2006-2007 allegations as to Plaintiffs were defamatory in nature. Seventh, it does not appear that providing the interview notes comports with the supplementation parameters established by the Court in its March 29, 2011 Order.

We suggest that the parties further discuss these issues before any Motion to Compel is filed.

Very truly yours,

Adrian V. Nelson, II

On Tue, Sep 27, 2011 at 5:35 PM, Kapshandy, Timothy E. <tkapshandy@sidley.com> wrote:

Adrian, thanks for your prompt response. While Parsi did testify about the notes for his 2007 book (claiming that they had been discarded prior to the litigation hold), Defendant's document requests for all documents relating to communications with Iranian officials was not limited to notes for his 2007 book. As the press release from Yale Press indicates that there were interviews relating to the Obama Administration's Iran policy (which by definition would be after the litigation hold was implemented) and as you are not claiming that these were also discarded, these new interview notes would have been covered by the document production request (First Set, No. 3) and should have been produced. Please let us know when we can expect them or if you are refusing to produce them and on what basis.

Thanks,

Tim

**From:** Adrian Nelson [mailto:anelson@pishevarlegal.com]
**Sent:** Monday, September 26, 2011 11:25 AM
**To:** Kapshandy, Timothy E.
**Cc:** ap@pishevarlegal.com; Jensen, Peter; Ross, Tom; Rogers, HL
**Subject:** Re: Notes of Interviews with Governmental Officials

Tim:

I believe that you may be confusing Dr. Parsi' prior sworn testimony. I refer you to Vol. III (May 11, 2011), pp. 133:2-137:21, of the Parsi deposition transcript. There you asked Dr. Parsi about interview notes relating to his 2007 book "Treacherous Alliance," not his current book.

Before filing any Motion to Compel, please advise whether there is some place in Dr. Parsi's deposition where you asked him questions about his current book and any related interview notes. Otherwise, we will consider this matter resolved.

-Adrian

On Sat, Sep 24, 2011 at 4:05 PM, Kapshandy, Timothy E. <tkapshandy@sidley.com> wrote:

http://yalepress.yale.edu/book.asp?isbn=9780300169362

Adrian:

This press release from Yale Press about Parsi's new book (which he has been working on since last year) indicates that he conducted interviews with 70 governmental officials, including Iranian officials. Just four months ago Parsi testified under oath that he did not know what became of these interview notes. As you know, plaintiffs have not produced a single note from any of Parsi's many meetings with Iranian governmental officials. If plaintiffs refuse to produce these without yet another motion to compel, please let me know so we can arrange a conference call with the court.

Sincerely,

Tim


*Tim Kapshandy*

Sidley Austin LLP

One South Dearborn Street

Chicago, Illinois 60603

312-853-7643

312-853-7036 (fax)

219-670-0698 (cell)

www.sidley.com


--------------------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice contained in this

communication, including attachments, was not intended or written to be used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred
to by other parties in promoting, marketing or recommending any partnership or other entity,
investment plan or arrangement, then (i) the advice should be construed as written in connection
with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on the taxpayer's particular
circumstances from an independent tax advisor.
***************************************************************************************************

This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

***************************************************************************************************