# EXHIBIT E

From: **Adrian Nelson** <anelson@pishevarlegal.com>
Date: Fri, Feb 4, 2011 at 5:45 PM
Subject: Fwd: Parsi/NIAC -- Plaintiff's Supplemental Rule 26 Disclosures & Outstanding
Discovery Issues
To: "Kapshandy, Timothy E." <tkapshandy@sidley.com>
Cc: Afshin Pishevar <ap@pishevarlegal.com>


Dear Tim:

Attached is Plaintiff's Supplemental Rule 26 Disclosures.

Also, I am following up with you regarding the issues we've been discussing over
the past week or so, in part as outlined in the discovery chart you
prepared.

Depositions*
**
The parties agreed that the following depositions would be completed after
the Feb. 4 discovery cut off based upon the availability of the witnesses:

1. Gardiner  (deposition, not to exceed 30 minutes, limited to the list of
congressmen provided in supplement to Col. Gardiner's deposition with
Gardiner in Rockville and the defendant participating telephonically); and

2. Safavi (deposition, which the defendant does not anticipate will last
more than 2-3 hours, with witness in Chicago and plaintiffs possibly
participating telephonically).

Plaintiff is requesting that in light of its good faith efforts to subpoena
the testimony of Claire Lopez, Ken Timmerman, and Michael Rubin that
Defendant consent to such depositions taking place after the discovery cut
off regardless of whether the court extends discovery.

*Salesforce*
**
As advised, NIAC obtained membership information from its former Salesforce
database.  By February 8, 2011, we will provide such information to
Defendant subject to the defendant confirming its understanding that such
membership information is subject to the parties existing Confidentiality
Agreement.

*Parsi Notes Relating to Meetings With Government Officials*

Dr. Parsi is willing to verify under oath that no notes existed at the point
when the parties' litigation hold became effective and up to and

including the supplementation cut-off date agreed to by the parties.

*Supplementation*
**

The parties agreed that no supplementation of discovery responses is
required for documents existing after May XX, 2010.

*Litigation Hold Documentation*
**

By email this week, NIAC provided the defendant with a copy of the NIAC
email relating to the existing litigation hold, which was inadvertently not
attached to a December 16, 2010, email sent to Defendant's counsel.
Further, NIAC has confirmed that it originally communicated the litigation
hold in this case orally.  As such, there are no other documents relating to
the litigation hold.

*Morse Follow-Up Materials*
**

NIAC will makes it best effort to provide the Morse follow-up material by
February 11, 2011.

*Disney Referenced Materials*
**

By February 11, 2011, NIAC will produce the following materials, to the
extent not privileged, referenced by Disney during his deposition.

1.  CLIPI materials; and
2.  Intern research materials;

These materials have already been located and simply need to be reviewed by
Plaintiffs' counsel.

With respect to the law firm memo requested by the defendant, NIAC is
asserting the attorney-client privilege and reserves it right to assert the
attorney work product doctrine, which asserted privilege(s) will be set
forth in a privilege log by February 11, 2011.

Lastly, NIAC has compiled the packet(s) from legal experts.  However,
Plaintiffs' counsel has not had a chance to review these materials.  By
February 11, 2011, NIAC will produce these materials to the extent not
privileged and/or assert any applicable privilege via a privilege log.

*CPU -- Forensic Imaging*
**

NIAC was unable to secure the participation of its Forensic Imaging
Consultant prior to today, February 4, 2011, to further discuss this issue

with the defendant.  As such, at this point NIAC is unable to consent to the position expressed by the defendant.

*Parsi Deposition Follow-Up*
**
By February 11, 2011, NIAC will provide any follow-up to the material requeted by the defendant.

*Miscellaneous*
**
As previously expressed, NIAC will not consent to any of the other relief outlined in the discovery chart prepared by the defendant.

*Dai Deposition Follow-Up *
**
NIAC is requesting that by February 11, 2011, Dai produce all of the materials he agreed to produce over both days of his deposition, including, but not limited to any records relating to the civil (or criminal) penalty he paid during the time he was doing business in France.

Of course, if you have any questions or concerns, please feel free to give me a call as early as practicable during the week of February 7, 2011.

Very truly yours,

Adrian Nelson, II