# EXHIBIT H


**SIDLEY AUSTIN LLP**

| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | NEW YORK |
| ONE SOUTH DEARBORN STREET | BRUSSELS | PALO ALTO |
| CHICAGO, IL 60603 | CHICAGO | SAN FRANCISCO |
| (312) 853 7000 | DALLAS | SHANGHAI |
| (312) 853 7036 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |
| | LOS ANGELES | |

tkapshandy@sidley.com
(312) 853 7643

FOUNDED 1866

December 28, 2011

## VIA FACSIMILE AND FIRST CLASS MAIL

Farrokh Mohammadi
Afshin Pishevar
600 East Jefferson Street
Suite 316
Rockville, Maryland 20852

RE: NIAC v. Daioleslam

Gentlemen:

In response to your letter of December 22, 2011, enclosed are two documents as promised by the defendant at his deposition. Please note that these were voluntarily offered by the defendant; plaintiffs never served any formal discovery requests for such records and, hence, your threat of a motion to compel is not appropriate. Had such been served, depending on the scope of the request, defendant would likely have objected to such; as you know, Mr. Pishevar took the position at the deposition of Narimon Safavi that discovery of records other than those resulting in a criminal conviction in the last 15 years are not discoverable and he instructed the witness not to answer questions about such records (*see*, pp. 66-70). Accordingly, defendant is providing these two documents voluntarily and without waiving any objections to their admissibility or discoverability. Defendant also requests that these two documents be subject to the agreed confidentiality order in the case that has been extended to certain NIAC documents on occasion. If you are not agreeable to that, please let me know so the matter can be raised with the Court.

In addition, it has come to our attention that certain NIAC representatives have been falsely publishing information regarding this issue and claiming that Hassan Daioleslam was convicted of selling stolen perfume. An August 3, 2011 article in the *Huffington Post* by a gentleman, Shawn Amoei, listed as a NIAC Ambassador states:

> "One obvious example is the case of the former Paris perfume merchant convicted of selling stolen perfume. Seyyed Hassan Daioleslam -- who dropped the Seyyed and the Eslam from his name to appeal to the anti-Arab sentiments held by his neoconservative backers -- has spearheaded much of the MEK's attacks in recent years."

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



Farrokh Mohammadi
Afshin Pishevar
December 28, 2011
Page 2

http://www.huffingtonpost.com/shawn-amoei/silencing-the-moderate-mi_b_917309.html

As the enclosed documents confirm, Mr. Daioleslam was required to pay a civil fine of 1,090 Euros but there is no record of any criminal conviction in France. If NIAC has any evidence supporting its contention that defendant was criminally convicted of selling stolen merchandise in France, please produce it immediately. If not, defendant requests that NIAC and Mr. Amoei immediately send a correction to the publication asking it to correct this false information provided by Mr. Amoei. What is particularly troubling is that by the time Mr. Amoei sent this false information to that publication, NIAC was in possession of Mr. Daioleslam's testimony wherein he had testified that there was no criminal conviction relating to this matter. Publication and continued publication of this false information certainly meets the actual malice standard of *NY Times v. Sullivan.*

Should you have any questions, please do not hesitate to contact me. Thank you.

Very truly yours,

Timothy E. Kapshandy

TEK:sgo

cc:    Adrian Nelson
       HL Rogers
       Peter Jensen
       Thomas Ross