# EXHIBIT J

140 Fed.Appx. 459
This case was not selected for publication in the Federal Reporter.
Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Fourth Circuit Rule 32.1
(Find CTA4 Rule 32.1)
United States Court of Appeals,
Fourth Circuit.

BIZPROLINK, LLC, Plaintiff-Appellant,
v.
AMERICA ONLINE, INCORPORATED, Defendant-Appellee,
and
Aol-Time Warner, Incorporated, Defendant.

No. 04-1852. | Argued May 26, 2005. | Decided July 27, 2005.

**Synopsis**

**Background:** Florida company engaged in development and design of Internet content and technology brought action against Internet service provider, asserting claim for breach of parties' alleged oral agreement pursuant to which plaintiff was to provide defendant with Internet content, technology, and tools, for which defendant agreed to provide "fair and reasonable compensation." Following transfer pursuant to forum selection clause in parties' written contract, the United States District Court for the Eastern District of Virginia, Leonie M. Brinkema, J., dismissed complaint, and plaintiff appealed.

**Holdings:** The Court of Appeals held that:
[1] plaintiff's inability to produce any significant support for its damages claim, in response to defendant's interrogatory and District Court's discovery order, did not warrant dismissal, and
[2] subsequent limitation of plaintiff's presentation of damages was preferable to sanction of dismissal.

Reversed and remanded.

*460 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (CA-04-206-A).

**Attorneys and Law Firms**

**ARGUED:** Robert Joseph Yorio, Carr & Ferrell, L.L.P., Palo Alto, California, for Appellant. Eugene Frank Assaf, Kirkland & Ellis, L.L.P., Washington, DC, for Appellee. **ON BRIEF:** Adrian R. Wolff, Carr & Ferrell, L.L.P., Palo Alto, California; Michael Joseph, Alex Blanton, Blank Rome, L.L.P., Washington, DC, for Appellant. Charles E. Graf, Assistant General Counsel, America Online, Inc., Dulles, Virginia; Craig S. Primis, Matthew E. Papez, Michael F. Williams, Kirkland & Ellis, L.L.P., Washington, DC, for Appellee.

Before TRAXLER and DUNCAN, Circuit Judges, and Eugene E. SILER, Jr., Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

**Opinion**

Reversed and remanded by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM.

On June 8, 2004, the United States District Court for the Eastern District of Virginia dismissed BizProLink LLC's ("BizProLink") claim against America Online ("AOL") under Federal Rule of Civil Procedure 37 as a sanction for failure to comply with a discovery order. For the reasons that follow, we reverse and remand for further proceedings.[1]

I.

BizProLink is a Florida company engaged in the development and design of Internet content and technology. In April 2001, BizProLink entered into a written contract with the Internet provider AOL known as the Netbusiness Integration Agreement ("Contract"). In the Contract, BizProLink agreed to pay AOL $500,000 in order to advertise its products on the AOL network. BizProlink alleges that a subsequent oral agreement was entered into in which BizProLink agreed to provide AOL with Internet content, technology, and tools, for which AOL agreed to provide "fair and reasonable compensation." (JA 37). Over the next year, BizProLink contends that it provided content for AOL and performed

all the functions required under the oral agreement. However, BizProLink alleges that, as of October 2002, AOL had not provided it any compensation under the oral agreement. BizProLink ceased providing services to AOL under the oral agreement and suspended its performance of the Contract.

In October 2003, BizProLink filed a complaint against AOL in the United States District Court for the Southern District of Florida. It alleged a host of claims, including violation of an oral contract, fraud, and quasi-contract claims under Florida law. On February 20, 2004, the case was transferred to the United States District Court for the Eastern District of Virginia because of the forum selection clause in the Contract between the two parties. The district court in Virginia allowed BizProLink to amend its complaint to reflect Virginia law. In so doing, BizProLink sought to add two new claims: fraud in the inducement and rescission of a written contract, claims that were unavailable under Florida law. The district court **\*461** dismissed the two claims, holding that they were filed without obtaining leave of the court as required by Federal Rule of Civil Procedure 15(a).

As to the claims that survived dismissal, BizProLink alleged that it incurred approximately $10.3 million in damages stemming from the costs associated with its development of content for AOL. This allegation became the crux of the dispute currently before this court.

On January 26, 2004, AOL served a number of discovery requests on BizProLink, including a set of interrogatories asking for specific details about the allegations in the complaint. One of those interrogatories ("Interrogatory 13"), requested an "itemized statement identifying 'the millions of dollars [BizProLink] ... expended for labor, software, marketing and related costs.' " (JA 106). It further asked that the response include "the basis (including all supporting data and analysis thereof) for the dollar amounts" alleged in the complaint. *Id.* BizProLink initially objected, but on May 7, 2004, the Magistrate Judge assigned to the case ordered BizProLink to provide a full and complete response to all of AOL's interrogatories.

BizProLink responded to the court's order on May 12, 2004 by stating that it was claiming the entirety of its business expenses after May 3, 2001, as damages for the alleged breach of the oral agreement.2 It presented a single-page spreadsheet cost analysis of the company by its hired expert who simply segregated the expenditures undertaken by BizProLink prior to the entry into the oral agreement and those after its existence and presenting the latter as damages. The presentation did not identify the underlying data used by the expert in making the distinction, but promised that it would in the future "attempt to recreate the computation if it is able."

In response to this cursory proffer, AOL filed a Federal Rule of Civil Procedure Rule 37 motion to compel production, arguing that the incomplete response was a violation of the court's order. At a hearing held on May 28, 2004, the Magistrate Judge agreed with AOL that the spreadsheet was an insufficient response to the May 7th order and issued a second order compelling production. The court ordered BizProLink to provide "all of the documentation and data and analysis that supports their claim for damages" and a written interrogatory response detailing how it arrived at the figures in question. (JA 554C). It made clear that if a response was not given, BizProLink "will be barred from producing any further evidence at trial as to damages." *Id.* When AOL did not receive the data that it believed was required, it filed a motion on June 4, 2004, to dismiss the case under Fed.R.Civ.P. 37(d) for failure to comply with a discovery order.

At a hearing on AOL's motion on June 8, 2004, BizProLink reiterated that it was unable to produce any more documentation supporting its damages claim. The district court held that BizProLink had violated the court's discovery orders. In its oral decision, the court held that it was "granting the defendant's motion for a rule 37 sanction, and the sanction is that the plaintiff is barred from producing any evidence to support its damage claim." Noting that BizProLink could not prevail if it could not show damages, the court dismissed the case. BizProLink timely appealed.

II.

We review a district court's issuance of sanctions for failure to comply with a discovery **\*462** order for an abuse of discretion. *National Hockey League v. Metropolitan Hockey Club Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). While we generally give district courts a wide range of discretion to impose these sanctions, "when the sanction involved is judgment by default, the district court's 'range of discretion is more narrow.' " *Mutual Fed. Savings & Loan Ass'n v. Richards & Associates Inc.,* 872 F.2d 88, 92 (4th Cir.1989) (internal quotation omitted). Default judgments are given more scrutiny because they deal with "the party's rights to a trial by jury and a fair day in court." *Id.*

In its complaint, BizProLink alleged that it suffered approximately $10.3 million in damages because of the alleged breach of the oral agreement by AOL. The

complaint delineated the damages in seven categories, including labor, overhead and software. However, it did not include a basis for the figures or the methodology of their computation. When AOL attempted via Interrogatory 13 to discover the rationale for these damages, BizProlink initially hesitated, and ultimately came forward with little beyond a single-page spreadsheet separating operating expenses as of April 1, 2001.

[1] It is understandable that the district court was frustrated with BizProLink's continued inability to produce any significant support for its damages claim beyond the spreadsheet. The court undoubtedly recognized that the lack of proof would undermine BizProLink's case at trial. Nevertheless, as discussed below, its decision to impose the draconian remedy of dismissal under Rule 37 on these facts was an abuse of discretion.

This Court traditionally employs a four-part test for determining whether dismissal is a proper sanction under Rule 37:

(1) whether the noncomplying party acted in bad faith;

(2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce;

(3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed.,* 872 F.2d at 92. The use of this test "insure[s] that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." *Id.* Although we analyze BizProLink's appeal under the four factor test out of an abundance of caution, we note at the outset that the applicability of the test to these facts is unclear. As we explain in greater detail below, it is uncertain that BizProLink violated the discovery order at all, as it contends that it turned over all the information in its possession. On these facts, an in-depth analysis of only two of these factors will suffice, and both counsel in favor of a reversal of the district court.3

### (1) Whether BizProLink Acted in Bad Faith

After BizProLink's initial refusal to answer Interrogatory 13, the district court **\*463** ordered that it turn over "all of the documentation and data and analysis that supports their claim for damages," plus any written explanation as to how these figures were computed. (JA 554C). In response, BizProLink produced only the spreadsheet which the district court considered inadequate and found to be in violation of its order. However, it is not clear that BizProLink's failure to produce further evidence supports a finding of a violation. BizProLink contended before both the district court and this court that it has no more documentation or analysis to support its damage claims and that no one involved, including counsel, is clear how the damage figure was initially derived. If this contention is true, then BizProLink was not only not in blatant violation of the discovery order, it had in fact complied with it. It gave AOL all the documentation that it had supporting the damage claims, meager though it may be. AOL does not now contend that there is any more evidence of data or analysis currently in BizProLink's possession. Nor does it appear that BizProLink is simply withholding documents in order to save them for trial. Rather, all of the evidence currently before the court suggests that BizProLink has no documentation beyond the single-page spreadsheet to support its damage claims. The fact that no more documentation exists may be evidence of the strength or weakness of BizProLink's case, but it does not support a finding of bad faith in complying with the court's discovery order.

### (2) The Effectiveness of Less Drastic Sanctions

[2] Because of the extreme nature of Rule 37 dismissals, this court has previously "encouraged trial courts initially to consider imposing sanctions less severe than default." *Hathcock v. Navistar Int'l Transp. Corp.,* 53 F.3d 36, 41 (4th Cir.1995). On May 28, 2004, the Magistrate Judge ordered that BizProLink provide all evidence of its damages to AOL or face the threat of a subsequent limitation of its presentation of damages. The Magistrate Judge held that "whatever they come up with [in response to the order], that's all they're going to be allowed to introduce at trial." (JA 554C).

This sanction would have been the preferable one. The purpose of the discovery process is to allow both parties to be prepared for any evidence that will be put forward at trial. *U.S. v. Procter & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). Because BizProLink contends that it has no more data or analysis to support its damage claims, it is not the case that its inability to turn over this nonexistent evidence will cause prejudice to AOL at trial. Rather, the limited amount of documentation currently on record represents, according to BizProLink, the entirety of its damage evidence. Had the court adhered

to its initial inclination to simply limit BizProLink's trial evidence to the current record rather than dismiss the case, the result would have been to simply force BizProLink to live with any evidentiary deficiencies going forward. Instead, the court's decision had the effect of rendering the ultimate punishment on BizProLink for failing to produce evidence that the record suggests does not exist. The less drastic trial evidence limitation sanction would have been effective in maintaining the importance of the discovery process and preserving the right of district courts to enforce their discovery *464 orders. However, it also would have allowed the merits of the damage claim to be adjudicated in the proper forum at trial, rather than in the context of a discovery dispute when it is unclear that a violation has occurred.

### III.

Because we find no evidence of bad faith on the part of BizProLink in responding to the discovery order and the lesser sanction of limiting the evidence allowed at trial would have been effective in addressing any violation which did exist, the dismissal under Rule 37 was an abuse of discretion. For these reasons, the judgment of the district court is

*REVERSED AND REMANDED.*

**Parallel Citations**

2005 WL 1771275 (C.A.4 (Va.))

Footnotes

1   We have reviewed BizProLink's other claims and find them to be without merit.

2   At various points in the litigation, BizProLink claimed different dates as the starting point for calculating AOL's damages. The different dates listed in this opinion reflect the dates as submitted by BizProLink.

3   The other two factors counsel towards reversal as well. If BizProLink had no more information to give, then AOL suffered no prejudice. However, even if other evidence existed, an order limiting BizProLink's trial evidence to that submitted during discovery would have alleviated any prejudice that could have existed. Similarly any concern about deterrence for future discovery orders is minimal here since no amount of deterrence can cause the production of information that does not exist. In addition, even if BizProLink had other evidence, a trial evidentiary limitation order would provide sufficient deterrent effect to prevent future discovery abuses.

End of Document                                         © 2012 Thomson Reuters. No claim to original U.S. Government Works.