UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI )<br>)<br>And )<br>)<br>NATIONAL IRANIAN AMERICAN )<br>COUNCIL, )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>DAIOLESLAM SEID HASSAN, )<br>)<br>    Defendant. )<br>) | CASE NO. 08 CV 00705 (JDB) |

**DEFENDANT'S REPLY MEMORANDUM REGARDING THE STATUS OF
TRITA PARSI'S SWEDISH BANK RECORDS**

Trita Parsi's damages claim in this case is unsupported by any expert testimony (as is NIAC's now that Prof. Morse's testimony has been stricken). Rather, it dangles solely by his claim that his income declined after Defendant began writing about him in 2007. Notwithstanding discovery requests, submitted in March 2009, for all documents supporting his claim of damages, Parsi hid the evidence of income earned in Europe in a Swedish bank account and failed to produce a single shred of paper regarding that account until September 2011, a month after being ordered to produce such by the Court and well after all depositions in the case were completed. To date, he still has not produced documentation for eight (approximately

20%) of the very-narrowed list of 42 transactions requested by Defendant from the total list of over 1,200 transactions spanning the years 2000-2011.[1]

In Parsi's Reply (sic) Memorandum (the "Response"), he asserts in the face of reality that there was no prejudice to Defendant by this incompleteness and three-year delay. (Response, pp. 6-7). And, Parsi puts forth numerous excuses for his lapses:

1. The Swedish bank misled him when it told him it did not keep records (Response, pp. 2-3, Parsi Affid., Ex. A thereto);

2. The records requested were beyond the scope of the Federal Rules of Civil Procedure as they were in a foreign bank (Response, p. 2);

3. Defendant never subpoenaed the Swedish bank records (Response, p. 4);

4. Parsi did not have "access" to these records (Response, p. 3);

5. Defendant has propounded discovery with impunity (Response, p. 6); and

6. His conduct was somehow justified as "Defendant produced an altered version of Defendant's conviction records" (Response, p. 5).

The latter, desperate accusation is scandalous. Defense counsel never redacted a word from the documents but merely placed a confidentiality label on them, careful not to obscure any text. (*See*, Ex. H-1 to Parsi's Response). Moreover, it is not at all analogous to Parsi's failure here. The penalty Defendant paid in the 2001 French proceeding is not admissible and was *never* the subject of any document request. (See Ex. H To Parsi's Response). Defendant voluntarily

---

[1] Parsi's Response concludes by claiming the he only failed to produce four transactions (p. 7). However, there are, in fact, eight transactions that he has failed to produce, as he admits (p. 3). Apparently, four of the transactions are still "pending," but nearly one year after he was ordered to produce them, he did not deem it important enough to inform the Court or Defendant when those four might be produced.

produced the records to demonstrate the falsity of Parsi's allegations.  Here, Parsi failed to even try to get the requested bank documents for two years and, then after facing a specific order from the Court, still stalled another seven months while concocting implausible excuses.

Parsi's claim that he made numerous attempts to get the underlying documents but was repeatedly told by the bank that it did not keep such records is not only implausible but totally unsupported by any documents, notwithstanding several requests by Defendant for proof of such communications as soon as Parsi first posited the excuse on September 30, 2011.  In fact, the only written support (Farrokh Mohammadi's March 12, 2012 email) was responded to *immediately* with:

> Dear Sir,
>
> Please, ask our client to get in touch with Telefonbanken, +46771 365365. He can call all day around and ask them to provide him with the necessary information.
>
> Med vänlig hälsning
> **Kristina Key**
> Kundrådgivare, Uppsala
> SEB
> Retail Sverige

(Ex. D to Response).  And, the bank promptly supplied the documents as Ms. Key promised. How is it that for six months every bank official Parsi called lied to him about the records?

The rest of Parsi's excuses are irrelevant.  The records were requested in legitimate discovery requests because of his damages claims and ordered produced by the Court after he never produced the records.  What is relevant is that Defendant still does not have 20% of the very limited set of records he requested and had *none of the foreign income records* during any of Parsi's three depositions so his ability to test Parsi's damages claim has been prejudiced.  The cause of this discovery lapse for 3-1/2 years (March 2009 – present) is not the fault of Swedish bank officials, Defendant's failure to subpoena the records (or, alternatively, Defendant's

3

overzealousness), or any other excuse other than Parsi's own intransigence and disingenuousness.

## **CONCLUSION**

As Parsi has not complied with the Court's order of August 30, 2011, Defendant respectfully requests that his original request to strike damages (Docket No. 120) be granted.


Dated: July 23, 2012                                             /s/
Timothy E. Kapshandy (Illinois Bar No. 6180926,
admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
pjensen@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRITA PARSI** | ) |
|  | ) |
| And | ) |
|  | ) |
| **NATIONAL IRANIAN AMERICAN COUNCIL,** | )  CASE NO. 08 CV 00705 (JDB) |
|  | ) |
| **Plaintiffs,** | ) |
|  | ) |
| vs. | ) |
|  | ) |
| **DAIOLESLAM SEID HASSAN,** | ) |
|  | ) |
| **Defendant.** | ) |

### CERTIFICATE OF SERVICE

I certify that on July 23, 2012, I served, via email, Defendant's Reply Memorandum Regarding the Status of Trita Parsi's Swedish Bank Records:

> Afshin Pishevar
> 226 North Adams Street
> Rockville, Maryland 20850
> (301) 279-8773
> ap@pishevarlegal.com

Dated: July 23, 2012

/s/
Thomas E. Ross (D.C. Bar No. 994275)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
tom.ross@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam