UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TRITA PARSI | ) | |
| and | ) | |
| NATIONAL IRANIAN AMERICAN COUNCIL, | ) | |
| Plaintiffs, | ) | CIVIL NO. 08 CV 00705 (JDB) |
| v. | ) | |
| DAIOLESLAM SEID HASSAN, | ) | |
| Defendant. | ) | |

**DEFENDANT'S FINAL BILL OF RECOVERABLE COSTS PURSUANT TO THE COURT'S ORDER OF SEPTEMBER 13, 2012**

Pursuant to the Court's Opinion and Order of September 13, 2012 (the "September 13 Order") [Docket No. 190], regarding Defendant's Omnibus Sanctions Motion (the "Sanctions Motion") [Docket No. 143], Defendant hereby submits this Final Bill of Recoverable Costs.

    A.    **Expenses for Defendant's Sanctions Motion**

The September 13 Order provided that Plaintiffs must pay Defendant 60% of the expenses associated with bringing the Sanctions Motion. These expenses, reduced to 60% of the total amount, are $33,467.41, as set forth in detail in the attached Exhibit A.

    B.    **Forensic Imaging Costs**

The September 13 Order provided that Plaintiffs must pay Defendant for the last two rounds of forensic imaging by PricewaterhouseCoopers. These expenses totaled $144,794.32, as set forth in detail in the attached Exhibit B.

**C.     Expenses for Defendant's Motion to Compel Server Production and Defendant's Motion to Compel Production of Salesforce Data**

The September 13 Order provided that Plaintiffs must pay Defendant for the expenses involved in bringing Defendant's motions to compel production of NIAC's server [Docket No. 112] and Salesforce data and membership lists [Docket No. 113]. These expenses are identical to those listed in the bill of costs previously submitted by Defendant on September 14, 2011 [Docket No. 142], which listed expenses totaling $25,028.70, as set forth in detail in the attached Exhibit C.

**D.     Expenses for Talebi Deposition**

The September 13 Order provided that Plaintiffs must pay Defendant for one half of the expenses incurred for Talebi's deposition. These expenses totaled $7,599.30, as set forth in detail in the attached Exhibit D.

**E.     Expenses for the March 29, 2011 Order**

The September 13 Order provided that Plaintiffs must pay Defendant for the expenses associated with obtaining the March 29, 2011 order relating to the Talebi emails [Docket No. 93]. These expenses totaled $17,943.22, as set forth in detail in the attached Exhibit E.

**F.     Expenses for Third-Party Subpoenas**

 The September 13 Order provided that Plaintiffs must pay Defendant for the expenses associated with serving third-party subpoenas. These expenses totaled $9,802.73, as set forth in detail in the attached Exhibit F.

**G.     Expenses for Parsi Deposition**

The September 13 Order provided that Plaintiffs must pay Defendant for one half of the expenses incurred for the last half day of Parsi's deposition. These expenses totaled $12,808.78, as set forth in detail in the attached Exhibit G.

### H. Expenses for Blout Deposition

The September 13 Order provided that Plaintiffs must pay Defendant for one half of the expenses incurred for the second day of Blout's deposition. These expenses totaled $3,755.35, as set forth in detail in the attached Exhibit H.

### I. Costs Recoverable Under Rule 54(d)

In addition to the expenses specifically provided for in the September 13 Order, Defendant hereby submits as part of his bill of costs additional costs recoverable by the prevailing party under Federal Rule of Civil Procedure 54(d). That rule provides that "[u]nless a federal statute, these rules, or court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). The costs ordinarily recoverable in federal litigation under Rule 54(d) are set forth in 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

While some of these costs are covered in the above sections, other such costs which are specifically recoverable under Rule 54(d) were not addressed in the September 13 Order. These additional, recoverable costs totaled $25,586.55, as set forth in detail in the attached Exhibit I.

### CONCLUSION

Defendant respectfully requests that the costs enumerated above be awarded as part of the judgment in his favor against Plaintiffs in this action:

| Exhibit | Amount |
|---|---:|
| A. | $33,467.41 |
| B. | $144,794.32 |
| C. | $25,028.70 |
| D. | $7,599.30 |
| E. | $17,943.22 |
| F. | $9,802.73 |
| G. | $12,808.78 |
| H. | $3,755.35 |
| I. | $25,586.55 |
| TOTAL | $280,786.36 |

*See* Exhibit J attached.  Defendant requests that the order of judgment assess prejudgment interest at the rate of 2% per annum as permitted by D.C. CODE § 28-3302[1] and postjudgment interest at the rate permitted by 28 U.S.C. § 1961 and published each Monday for the preceding week.[2]  Attached to this bill of costs are a proposed form of order and form of judgment to be entered.

---

[1] D.C. CODE § 28-3302(c) governs the rate of interest on judgments and decrees in the District of Columbia, which it sets at "70% of the rate of interest set by the Secretary of the Treasury pursuant to section 6621 of the Internal Revenue Code of 1986 . . . for underpayment of tax to the Internal Revenue Service . . . rounded to the nearest percent."  Internal Revenue Code § 6621(a)(2), in turn, sets the rate for the underpayment of tax as the sum of (i) the Federal short-term rate and (b) three percentage points.  That combined interest rate for Q4 2012 is 3% which, multiplied by 70% and rounded to nearest percent, equals 2%.

[2] Interest is generally permitted on judgments in federal courts from the date of the judgment until paid.  The interest rate is based on the weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System, for the week directly preceding the judgment.  28 U.S.C. § 1961.

Respectfully submitted,

Dated: October 12, 2012         */s/ Timothy E. Kapshandy*
Timothy E. Kapshandy (Illinois Bar No. 06180926, admitted *pro hac vice*)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
Thomas E. Ross (D.C. Bar No. 994275)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
tom.ross@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2012, I caused true and correct copies of the foregoing **FINAL BILL OF RECOVERABLE COSTS PURSUANT TO COURT'S ORDER OF SEPTEMBER 13, 2012** and **PROPOSED FORMS OF ORDER AND JUDGMENT** to be served by email on:

>Afshin Pishevar
>600 East Jefferson Street
>Suite 316
>Rockville, Maryland 20852
>(301) 279-8773
>ap@pishevarlegal.com

Dated:  October 12, 2012				   /s/ Thomas E. Ross
Timothy E. Kapshandy (Illinois Bar No. 06180926, admitted *pro hac vice*)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
Thomas E. Ross (D.C. Bar No. 994275)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
tom.ross@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI ) | |
| ) | |
| And ) | |
| ) | |
| NATIONAL IRANIAN AMERICAN ) | |
| COUNCIL, ) | Civil Action No. 08 CV 00705 (JDB) |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DAIOLESLAM SEID HASSAN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On September 13, 2012, the Court issued an Order [191] which, among other things, (i) granted the defendant's motion for summary judgment, (ii) granted in part, and denied in part, the defendant's omnibus motion for sanctions, and (iii) established a briefing schedule for the defendant's bill of costs. Upon consideration of the defendant's bill of costs filed on October 12, 2012 [___], the plaintiffs' objections filed on October 26, 2012 [___], and the defendant's reply filed on November 9, 2012 [___], it is hereby **ORDERED** that

1. the defendant shall recover from the plaintiffs jointly and severally in the amount of $280,786.36;

2. the defendant shall be entitled to prejudgment interest at the rate of 2% per annum from the date the complaint was filed in this action, and postjudgment interest at the rate set by 28 U.S.C. § 1961, per annum;

3. the plaintiffs shall recover nothing; and

4. the action is dismissed on the merits.

**SO ORDERED.**

                                                                                   _____
                                                                                           JOHN D. BATES
                                                                                 United States District Judge

Dated: _____

UNITED STATES DISTRICT COURT
for the
DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI ) | |
| ) | |
| And ) | |
| ) | |
| NATIONAL IRANIAN AMERICAN ) | |
| COUNCIL, ) | Civil Action No. 08 CV 00705 (JDB) |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DAIOLESLAM SEID HASSAN, ) | |
| ) | |
| Defendant. ) | |

**JUDGMENT BY THE COURT WITHOUT A JURY**

The defendant Daioleslam Seid Hassan's motion for summary judgment was granted on September 13, 2012, and on _____ Judge John D. Bates awarded the defendant costs of $280,786.36.

It is ordered that the defendant Daioleslam Seid Hassan recover from the plaintiffs Trita Parsi and National Iranian American Council jointly and severally in the amount of $280,786.36, with prejudgment interest at the rate of 2% per annum from the date the complaint was filed in this action, and postjudgment interest at the rate of _____ per annum. The plaintiffs recover nothing and the action is dismissed on the merits.

Date: _____

_____
Clerk of Court