## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** )<br><br>**and** )<br><br>**NATIONAL IRANIAN AMERICAN COUNCIL** )<br><br>**Plaintiffs,** )<br><br>**v.** )<br><br>**HASSAN SEID DAIOLESLAM,** )<br><br>**Defendant.** ) | **Civil No. 08 CV 00705** |

## PLAINTIFFS' MOTION TO STRIKE
## DEFENDANT'S VERIFICATION OF FINAL BILL OF RECOVERABLE COSTS

COME NOW Plaintiffs, Dr. Trita Parsi and the National Iranian American Council ("NIAC") (collectively "NIAC"), by and through their counsel, Afshin Pishevar, Esquire and Pishevar & Associates, P.C., hereby file their Motion to Strike Defendant's Verification of Final Bill of Recoverable Costs and state as follows:

### I.       INTRODUCTION

Plaintiffs generally opposed and objected to Defendant's various Bills of Cost submitted in the case *sub judice*.  Plaintiffs argued, *inter alia*, that said Bills of Cost were defective, unwarranted and deficient.  Defendant now seeks to cure one of his glaring defects, namely the lack of verification of the Bill of Costs.  This defect in effect rendered his Bills of Costs null and void of evidentiary consideration and value.  Given the Defendant's harsh approach to this litigation, where he seeks to attribute bad faith and sinister motives for any slight movements, the Defendant should be held to the same standard and this late filing should be stricken.

## II.   ARGUMENT AND AUTHORITY

Pursuant to 28 U.S.C. § 1924,

> [b]efore any bill of costs is taxed, the party claiming any item of cost or disbursement **shall** attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

*Id.* (*emphasis added*).  Defendant submitted his Final Bill of Recoverable Costs on October 12, 2012, [Dkt. No. 194] (hereinafter "Final Bill of Costs") and his reply to Plaintiffs' objections on November 9, 2012 [Dkt. No. 199] (hereinafter "Revised Bill of Costs").  Neither the Final Bill of Costs nor the Revised Bill of Costs contained an attached verification of the Bill of Costs, contrary to and as required by 28 U.S.C. § 1924.[1]  On November 29, 2012, more than six weeks after submitting his Final Bill of Recoverable Costs, Defendant filed his verification of Final Bill of Recoverable Costs.  As Defendant failed to abide by the requirements of 28 U.S.C. § 1924 to attach the verification to its Final of Bill of Costs with his initial filing, the recent filing thereof is untimely,  null and void, and therefore should be stricken.

Additionally, the Defendant filed his untimely verification without seeking consent from the Plaintiffs or leave from the Court to do so.  The Defendant cannot extend a deadline retroactively by filing late, especially not without requesting that the Court allow him to file late.

Finally, the Defendant's verification was signed by Tom Ross, an attorney for the Defendant and working for Sidley Austin.  At most, his verification only applies to the work done by Defendant's attorney's at Sidley Austin.  It cannot serve as verification for the work performed by PricewaterhouseCoopers (hereinafter "PwC") in imaging and "analyzing" the hard

---

[1] This is also true of the Bill of Costs submitted by the Defendant on September 6, 2011 [Dkt. No. 139], pursuant to the Court's August 30, 2011 Order [Dkt. No. 138].

drives.  As PwC has not verified it's bills, those portions of the Bill of Costs dealing with imaging of the hard drives should be dismissed.[2]

### III.    CONCLUSION

As the Defendant has failed to comply with rule 28 U.S.C. § 1924, the Court should strike Defendant's Verification of Final Bill of Recoverable Costs and deny Defendant's Final Bill of Recoverable Costs.

### Meet And Confer Requirement Pursuant T LCvR7(m)

Plaintiffs' counsel has conferred with Defendant's counsel, who does not consent to this filing.

Respectfully submitted,

_____/S/_____
A.P. Pishevar (D.C. Bar No. 451015)
**PISHEVAR & ASSOCIATES, P.C.**
226 N. Adams Street
Rockville, MD 20850
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

_____

[2] In fact, in addition to not verifying their own bills, PwC's reports even state that they should not be considered evidence. (*See e.g.* Introductory Letter to PwC's October 18, 2010 Report, attached hereto as Exhibit A.)  As such, PwC's bill of costs has zero evidentiary value and should not be considered at all.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI, et al.** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) **Civil Action No. 08 CV 00705 (JDB)** |
| | ) |
| **DAIOLESLAM SEID HASSAN,** | ) |
| | ) |
| **Defendant.** | ) |

## CERTIFICATE OF SERVICE

I certify that on November 30, 2012, I served, via email, Plaintiffs' Motion to Strike Defendant's Verification of Final Bill of Recoverable Costs and Proposed Order to:

> Timothy E. Kapshandy, Esquire
> Peter G. Jensen, Esquire
> SIDLEY AUSTIN LLP
> 1501 K Street, N.W.
> Washington, D.C. 20005
> (202) 736-8000
> tkapshandy@sidley.com
>
> Attorneys for Defendant
> Seid Hassan Daioleslam

> _____/s/_____
> Afshin Pishevar
> 226 N. Adams Street
> Rockville, Maryland 2085
> (301) 279-8773
> ap@pishevarlegal.com
>
> Attorneys for Plaintiff
> Trita Parsi
> National Iranian American Council

- 4 -