IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI and NATIONAL IRANIAN AMERICAN COUNCIL, <br><br> Plaintiffs, <br><br> v. <br><br> DAIOLESLAM SEID HASSAN <br><br> Defendant. | Civil Action No. 08-705 (JDB) |

PLAINTIFFS' SURREPLY IN OPPOSITION
TO DEFENDANT'S BILL OF RECOVERABLE COSTS

COME NOW, Plaintiffs, Dr. Trita Parsi and the National Iranian American Council ("NIAC") (collectively "NIAC"), by and through their counsel, Afshin Pishevar, Esquire and Pishevar & Associates, P.C., and pursuant to leave of court granted for Plaintiffs to file the instant Surreply in Opposition to Defendant's Bill of Recoverable Costs Pursuant to the Court's Order of September 13, 2012 (hereinafter "Bill of Costs"), briefly state as follows:

I. ARGUMENTS

A. DEFENDANT MISREPRESENTS THE RESTRICTIONS IMPOSED BY THE COURT.

Defendant states that "the affidavit of Mr. Hirschfeld asserting that the imaging should have taken only five hours per drive completely ignores the restrictions imposed by the Court's orders. The Court will recall that while Defendant requested complete forensic imagings, Plaintiffs insisted on these restrictions which greatly complicated the imaging process." (Def. Reply Brief, Dkt. No. [199], footnote 1.) The statement is

incorrect and a mischaracterization of what the Court ordered and the limitations that were imposed on PricewaterhouseCoopers (hereinafter "PwC"). In fact, PwC was provided full access to Plaintiffs' computers and PwC imaged the entire contents of Plaintiffs' computers and hard drives without any limitation.

To effectuate this, the Court reworded one of the forensic imaging orders which had limited PwC's access to the drives to allow PwC <u>full</u> access to the drives. In the August 30, 2011 Order, the Court stated that "PwC therefore may not conduct forensic imaging of all of the files contained on NIAC's server." However, Defendant complained to the Court in a conference call that not having access to the entire contents of the hard drive would create additional imaging costs. In response, the Court revised the Order to allow PwC access to the entire contents of the drives and to create full images of the devices; the "restricted access" language was only referring to what PwC could provide to the Defendant. As the Court ordered,

> Upon consideration of the representations of counsel at the telephone conference held with the Court on this date, and the entire record herein, it is hereby ORDERED that this Court's August 30, 2011 Order is amended as follows: PricewaterhouseCoopers ("PwC") may conduct forensic imaging of NIAC's servers/shared-drives and Talebi's computer. <u>Production to defendant</u> of data/files on the imaged drives shall be limited to (1) the Outlook calendar entries contained on the servers/shared-drives and Talebi's computer, as originally specified in this Court's July 2010 Order.

(Minute Order, dated Sept. 7, 2011.) Defendant's participation in the call regarding this specific issue and his intentional misrepresentation in the current brief is egregious.

In addition, in the very next paragraph of Defendant's Reply to the Bill of Costs, Defendant seeks the costs of imaging 20 hard drives. If Defendant was unable to image all data on all the drives, then why is he now requesting the cost of imaging 20 hard

drives? Furthermore, each of PwC's reports for each imaging event confirms PwC's complete access. Exhibit A to the Defendant's Omnibus Sanction Motion states "[a]ll forensic images captured the complete contents of the hard disk drives contained within the eight NIAC computers." (Def. Omnibus Sanctions Mot., Dkt. No. [143], Exh. A.) During the second imaging process PwC provided a document stating "[t]hese four 500GB hard disk drives were individually imaged using industry-standard forensic tools and techniques." (*See* Process for Physical Imaging of NAS Server, attached hereto as Exhibit A-1.) With regard to the third imaging, the process utilized by PwC could only have copied the full contents of the drive, not a targeted acquisition which would have in fact been far less costly. (*See* Declaration of Marc Hirschfeld at ¶ 6-8, attached hereto as Exhibit A-2.)

It should be clear that Defendant's statement in his Reply is incorrect and a mischaracterization. Furthermore, Defendant hid this information prior to the Plaintiffs' filing of their opposition and now attempts to bring this issue up for the first time in his Reply, affording Plaintiffs no opportunity to respond. As Defendant's claim that the cost of three imaging events was more costly than one imaging event was based in part on his misrepresentation that PwC did not have full access to the hard drives, when in fact PwC had complete access, Defendant's Bill of Costs for PwC should be considered inaccurate and should therefore be excluded.

### B. DEFENDANT MISREPRESENTS THE SCOPE OF THE IMAGING PERFORMED BY PWC DURING THE SECOND IMAGING EVENT

Defendant also misrepresented the scope of PWC's "analysis" during the second imaging event. Defendant states "Plaintiffs' objections to the costs of the second imaging

also completely miss the point....Plaintiffs... produced a <u>new</u>, <u>second</u> server that was not even in use during the time period at issue or in existence when the imaging was ordered... Accordingly, this drive was not even subjected to forensic analysis once preliminary analysis showed that Plaintiffs had pulled a switcheroo." (Def. Reply Brief, Dkt. No. [199], p. 3.) This statement once again directly contradicts PwC's bill which states that the charges were for 1) imaging of the server, 2) troubleshooting the server and 3) <u>analysis of calendar entries</u>. PwC does not include charges for "preliminary analysis" as the Defendant alleges. Rather, according to PwC's bill, PwC processed and analyzed the PST files which proved that Plaintiffs were forthcoming in providing the documents that were the source of Mr. David Elliott's testimony.[1] PwC's forensic analysis of the drive must have revealed that the PST files were in fact produced, thus making the process of re-imaging a waste of time.

In addition, if PwC only performed a preliminary analysis to determine when the machine was in use, why did PwC charge $35,000.00 without even processing and analyzing anything on the drive? This preliminary analysis should have been far less costly and time consuming than a full analysis of the PST files.

Finally, Defendant created a new distinction between "preliminary analysis" and "forensic analysis" without much explanation as to the scope of these analyses. Defendant's brief explanation for "preliminary analysis" was to determine whether the drive was in use or, as Defendant called it, "pulling a switcheroo." Presumably then, Defendant's explanation for forensic analysis would be the complete analysis of the

---

[1] Mr. Elliott's testimony was that the "server" was used to drop responsive files in a folder. When the old shared drive (or, as Mr. Elliott referred to it, the "server") was replaced, the responsive files were all transferred to a newer shared drive that was used for the same purpose. The files that Defendant was seeking in the deposition were on the shared drive.

actual calendar items. As Defendant failed to clarify what was in fact done, it is difficult, if not impossible, to assess the reasonableness of PwC's costs.

In conclusion, Defendant's statement that PWC only performed a "preliminary analysis" is false, directly contradicts PwC's own bill and appears to be an effort to hide the costs of analysis within the imaging costs.

## II. CONCLUSION

For the reasons set forth in both Plaintiffs' Opposition to Defendant's Bill of Costs, as well as in the instant Surreply, Defendant has failed to demonstrate the reasonableness of his requested Bill of Costs and therefore the amount requested should be denied or at the very least significantly reduced.

Respectfully submitted,

/S/
A.P. Pishevar (D.C. Bar No. 451015)
**PISHEVAR & ASSOCIATES, P.C.**
226 N. Adams Street
Rockville, MD 20850
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI, et al.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Civil Action No. 08 CV 00705 (JDB) |
| | ) |
| **DAIOLESLAM SEID HASSAN,** | ) |
| | ) |
| **Defendant.** | ) |

## CERTIFICATE OF SERVICE

I certify that on November 20, 2012, I served, via email, Plaintiffs' Surreply in Opposition to Defendant's Bill of Costs to:

>Timothy E. Kapshandy, Esquire
>Peter G. Jensen, Esquire
>SIDLEY AUSTIN LLP
>1501 K Street, N.W.
>Washington, D.C. 20005
>(202) 736-8000
>tkapshandy@sidley.com
>
>Attorneys for Defendant
>Seid Hassan Daioleslam


>/s/
>A.P. Pishevar (D.C. Bar No. 451015)
>226 N. Adams Street
>Rockville, MD 20850
>Phone: (301) 279 – 8773
>Fax:    (301) 279 – 7347
>ap@pishevarlegal.com
>Counsel for the Plaintiffs
>
>
>Attorneys for Plaintiff
>Trita Parsi
>National Iranian American Council