UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** ) | |
| ) | |
| and ) | |
| ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL,** ) | |
| Plaintiffs, ) | CIVIL NO. 08 CV 00705 (JDB) |
| ) | |
| v. ) | |
| ) | |
| **DAIOLESLAM SEID HASSAN,** ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S RESPONSE TO MOTION FOR CONTINUANCE

Defendant, Hassan Daioleslam, responds to Plaintiffs' motion for continuance of the May 21, 2015 status conference previously set by the Court on April 1 by this Court as follows:

1. On April 1, 2015, this Court set a status hearing for May 21, 2015 in this long-standing case filed over seven years ago and in which the Clerk's office has been holding a cash supersedeas bond of $184,000 for over two years, most of which Defendant is entitled to under the Court of Appeal's February 10, 2015 order. At no time after receiving notice of this setting did Plaintiffs' counsel notify the Court or Defendant that he had a preexisting court setting in a family matter in Maryland state court of which he had been aware for over three months.

2. On April 28, 2015, Defendant's counsel sent Plaintiffs' counsel a draft motion to enforce the majority of the bond based upon the Court of Appeals decision and asking Plaintiffs' counsel to contact Defendant's counsel to see if some of the remaining issues for the May 21 status conference could be agreed to in order to expedite the process. *See* Exhibit 1. Again, at this time Plaintiffs' counsel never notified the Court or Defendant that he had a preexisting court

setting in a family matter in Maryland state court of which he had been aware for over three months.

3. On May 8, 2015, Plaintiffs' counsel responded to Defendant's counsel promising a response to Defendant's proposal but, again, failed to inform Defendant that he had a preexisting court setting in a family matter in Maryland state court of which he had been aware for over three months. *See* Exhibit 1.

4. On May 11, 2015, Plaintiffs' counsel called Defendant's counsel and they had a lengthy discussion. Defendant proposed allowing the bond be released in an amount equal to the judgment ($183,480) less the amount remanded for reconsideration (some percentage of the $25,242 awarded for the Omnibus Sanctions Motion). Based upon the page-count allocation used by the Court previously, Defendant suggested 20% (or $5,048) be subtracted from the $183,480 with the rest released to Defendant, there being no reason to delay that pending any briefing or hearings on the remaining $5,048. Since, the amount awarded for the alteration of the IIC document was reversed by the Court of Appeals and this Court had specifically held that it could not conclude the alteration was made in bad faith, Defendant further proposed that the judgment be reduced by $1,262 (or, 25% of the $5,048, again using the same page-count analysis). Plaintiffs' counsel said he would confer with his client and promised a counter-proposal. Again, at this time Plaintiffs' counsel never notified the Court or Defendant that he had a preexisting court setting in a family matter in Maryland state court of which he had been aware for over three months.

5. On May 13, 2015, rather than the long-promised counter proposal, Plaintiffs' counsel stated that they would not be agreeing to anything and also for the first time informed Defendant that they would be needing a continuance for some other non-specified case. Defendant

expressed strong objection to any further delay given the more than two years since the judgment was entered and also given Plaintiffs' failure to even mention the conflicting state court setting at any time in the prior six weeks when perhaps a new date could have been set without further delaying the ultimate resolution of this case.  Defendant's counsel asked Plaintiffs' counsel if he had requested a continuance of the state court hearing and to relate the results of such to this Court.  *See* Exhibit 2.  Plaintiff's counsel has refused to do so indicating that counsel has made no such attempt but rather had decided: (1) the state court proceeding should take precedence over this long-standing federal case; or (2) the state court might grant the request in which case he would have no excuse for not proceeding and further delaying the ultimate long-overdue resolution of this case.

WHEREFORE, Defendant requests that Plaintiffs' Motion for a Continuance be denied absent an order from the Maryland state court that counsel's absence will not be excused even with an order to appear in federal court in hand.   Alternatively, Defendant requests that the remaining issues be handled by written submissions as follows:

| | |
|---|---|
| May 15, 2015 | Defendant to file any briefs relating the execution on the cash bond or issues needed to be "redetermined" by the Court of Appeals Feb. 10, 2015 order. |
| May 22, 2015 | Plaintiffs to file any responses to Defendant's submission(s). |
| May 29, 2015 | Defendant to file replies, if any. |

Dated:  May 13, 2015               Respectfully submitted,

                                                           /s/  *Timothy E. Kapshandy*                .
Timothy E. Kapshandy (Illinois Bar No. 6180926,
admitted *pro hac vice*)
HL Rogers (D.C. Bar No. 974462)
Thomas E. Ross (D.C. Bar No. 994275)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
tel. (202) 736-8000
tom.ross@sidley.com

*Attorneys for Defendant*
*Seid Hassan Daioleslam*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2015, I caused true and correct copies of the foregoing *Defendant's Response to Motion for Continuance* to be served via e-mail on:

>Afshin Pishevar
>Farrokh Mohammadi
>600 East Jefferson Street, Ste 316
>Rockville, MD 20852
>tel. (301) 279-8773
>ap@pishevarlegal.com
>fm@pishevarlegal.com

Dated:  May 13, 2015                               /s/  HL Rogers                    .
Thomas E. Ross (D.C. Bar No. 994275)
Timothy E. Kapshandy (Illinois Bar No. 06180926, admitted *pro hac vice*)
HL Rogers (D.C. Bar No. 974462)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
tel. (202) 736-8000
tom.ross@sidley.com

*Attorneys for Defendant*
*Seid Hassan Daioleslam*