UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI <br><br> and <br><br> NATIONAL IRANIAN AMERICAN COUNCIL, <br> Plaintiffs, <br><br> v. <br><br> DAIOLESLAM SEID HASSAN, <br> Defendant. | CIVIL NO. 08 CV 00705 (JDB) |

## DEFENDANT'S MEMORANDUM REGARDING MAY 22, 2015 STATUS CONFERENCE

Defendant, Hassan Daioleslam, files this memorandum in anticipation of the status conference set for May 22, 2015 in an effort to focus and expedite the few remaining issues in this case stating as follows:

1. In an opinion issued on February 10, 2015, the Court of Appeals unanimously affirmed the "bulk" of the sanctions awarded by this Court against Plaintiffs [Dkt. 190] in the amount of $183,480, explaining that the Plaintiffs engaged in "dilatory, dishonest, and intransigent conduct." *Parsi v. Daioleslam*, 778 F.3d 116, 118 (D.C. Cir. 2015). The Court of Appeals reversed and remanded only "a couple of minor" aspects relating to some portion of the sanctions awarded for Defendant's costs in preparing the motion, $25,242. *Parsi*, 778 F.3d at 118, 132.

2. On April 28, 2015, Defendant's counsel sent Plaintiffs' counsel a draft motion to enforce the majority of the bond based upon the Court of Appeals decision and asking Plaintiffs' counsel to contact Defendant's counsel to see if some of the remaining issues for the status

conference could be agreed to in order to expedite the process. On May 8, 2015, Plaintiffs' counsel responded to Defendant's counsel promising a response to Defendant's proposal. *See* Exhibit 1.

3. On May 11, 2015, Plaintiffs' counsel called Defendant's counsel and they had a lengthy discussion about the issues on remand. Defendant proposed allowing the cash bond be released in an amount equal to the judgment ($183,480) less the amount remanded for reconsideration (some percentage of the $25,242 awarded for the Omnibus Sanctions Motion). Based upon the page-count allocation used by the Court previously, Defendant suggested 20% (or $5,048) be subtracted from the $183,480 with the rest released to Defendant, there being no reason to delay that pending any briefing or hearings on the remaining $5,048. Since the amount awarded for the alteration of the IIC document was reversed by the Court of Appeals and this Court had specifically held that it could not conclude the alteration was made in bad faith, Defendant further proposed that the judgment be reduced by $1,262 (or, 25% of the $5,048, again using the same page-count analysis). Defendant invited Plaintiffs' counsel to respond with their own proposal. Plaintiffs' counsel said he would confer with his client and promised a response.

4. On May 13, 2015, rather than a substantive response, Plaintiffs' counsel stated that they would not be agreeing to anything and requested a continuance. *See* Exhibit 2. On May 14, in response to Defendant's objection to the continuance, Plaintiffs' counsel wrote Defendant's counsel asking Defendant to notify the Court that it was not correct to state that the Plaintiffs intended to make a counterproposal. *See* Exhibit 3. Accordingly, Defendant states that Plaintiffs did not promise a counterproposal and, in fact, have not made any counterproposal notwithstanding Defendant's invitation for them to do so.

5. Therefore, Defendant proposes and will stipulate that the amount of the judgment be reduced by $1,262 (based upon 5% of the $25,242 award for the sanctions brief).

6. Defendant further proposes, based upon the same page-count analysis used by the Court previously, that $3,786 (15% of the $25,242 award for the sanctions brief) be allocated for the issue of the false interrogatory response and subject to further redetermination as to whether Trita Parsi's conduct constituted bad faith under the clear and convincing standard set forth by the Court of Appeals.[1]

7. Simultaneously with the filing of this status memorandum, accordingly, Defendant is filing his Brief in Support of Finding of Bad Faith in Giving False Interrogatory Answers. Should Plaintiff, Trita Parsi, file a response to such, Defendant respectfully requests a period of at least three days to file a reply.

8. Finally, the main remaining issue is the release to Defendant of the amount of the cash bond held by the Clerk's office for the last two years ($184,000) attributable to the amount of the judgment not appealed or affirmed on appeal. Accordingly, simultaneously with the filing of this status memorandum, Defendant is filing his Motion to Enforce Supersedeas Bond Relating to Issues Decided upon Appeal. In short, Defendant is requesting an order releasing $158,238 (the original $183,480 judgment less the $25, 242 subject to redetermination) plus interest at the rate of 0.13% per annum from April 9, 2013 (the date of judgment).

---

[1] The redetermination regarding the alteration of the IIC document is limited merely to the amount of the sanctions as this Court already concluded that Plainitiffs' conduct regarding the IIC document did *not* amount to bad faith under the clear and convincing standard and, thus, no further consideration as to whether the conduct constituted bad faith is necessary. Dkt. 190 at 24. On the other hand, regarding the false interrogatory answer, this Court merely stated, "Plaintiffs devoted little attention to this issue in their briefing or at the motions hearing" and the Court was "troubled by the fact that it may be awarding sanctions based on conduct for which there is an innocent explanation that plaintiffs have simply failed to give." *Id*. at 22-23. Therefore, the Court of Appeal's mandate tasks this Court with clarifying that finding and specifying whether the evidence supports a finding of bad faith by clear and convincing evidence.

9.  Once the Court resolves the substantive issues remanded for redetermination (*see* ¶¶ 5-7, above), the resulting amount plus interest can be released to Defendant with the remaining amounts of the $184,000 returned to Plaintiffs.

Dated:  May 19, 2015

Respectfully submitted,

   */s/  Timothy E. Kapshandy*            .
Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
HL Rogers (D.C. Bar No. 974462)
Thomas E. Ross (D.C. Bar No. 994275)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
tel. (202) 736-8000
tom.ross@sidley.com

*Attorneys for Defendant*
*Seid Hassan Daioleslam*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2015, I caused true and correct copies of the foregoing *Status Memo* to be served via e-mail on:

>Afshin Pishevar
>Farrokh Mohammadi
>600 East Jefferson Street, Ste 316
>Rockville, MD 20852
>tel. (301) 279-8773
>ap@pishevarlegal.com
>fm@pishevarlegal.com

Dated:  May 19, 2015
                                                   /s/  *HL Rogers*             .
Thomas E. Ross (D.C. Bar No. 994275)
Timothy E. Kapshandy (Illinois Bar No. 06180926, admitted *pro hac vice*)
HL Rogers (D.C. Bar No. 974462)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
tel. (202) 736-8000
tom.ross@sidley.com

*Attorneys for Defendant*
*Seid Hassan Daioleslam*