UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI<br><br>and<br><br>NATIONAL IRANIAN AMERICAN COUNCIL,<br>        Plaintiffs,<br><br>v.<br><br>DAIOLESLAM SEID HASSAN,<br>        Defendant. | CIVIL NO. 08 CV 00705 (JDB) |

**MOTION TO ENFORCE SUPERSEDEAS BOND**
**RELATING TO ISSUES DECIDED ON APPEAL**

Defendant Hassan Seid Daioleslam ("Defendant") hereby moves to enforce a portion of the $184,000 supersedeas bond (the "Supersedeas Bond") posted in this case by plaintiffs the National Iranian American Council and Trita Parsi ("Plaintiffs") in seeking a stay pending appeal of this Court's September 13, 2012 Order imposing monetary sanctions for Plaintiffs' discovery misconduct [Dkt. No. 190] (the "Sanctions Order"). In support of this Motion, Defendant respectfully states as follows:

**BACKGROUND**

Plaintiffs filed this defamation suit on April 25, 2008, against Defendant, an investigative journalist living in Arizona, alleging that he defamed them by writing that they were lobbying for the Islamic Republic of Iran [Compl., Dkt. No. 1]. On September 16, 2011, Defendant simultaneously filed a Motion for Summary Judgment [Dkt. No. 144] and an Omnibus Sanctions Motion [Dkt. No. 143] (the "Sanctions Motion"), the latter of which sought to recoup thousands of dollars in discovery-related expenses incurred by Defendant due to Plaintiffs' misconduct.

*See id*. On September 13, 2012, this Court granted Defendant's Motion for Summary Judgment and granted in part, and denied in part, the Sanctions Motion, *see* Sanctions Order, and on April 9, 2013, entered judgment imposing **$183,480.09** in sanctions, plus interest, against Plaintiffs for their actions during discovery [Order Entering Judgment, Dkt. No. 215].

Following this Court's entry of the Sanctions Order, Plaintiffs filed a notice of appeal relating solely to the issue of sanctions [*see* Notice, Dkt. No. 193; Amended Notice, Dkt. No. 216]. On April 23, 2013, Plaintiffs filed a Consent Motion seeking a stay of the judgment pending appeal upon Plaintiffs' posting, via a cashier's check in the amount of **$184,000**, of the Supersedeas Bond (the "Consent Motion") [Dkt. No. 214]. This Court granted Plaintiffs' Consent Motion on April 26, 2013 [Dkt. No. 215]. The Parties subsequently briefed and argued their respective positions before the United States Court of Appeals for the District of Columbia Circuit (the "Court of Appeals"). During oral argument, the Court of Appeals chastised Plaintiffs for their "misleading and false representations" during discovery and the "countless times" where Plaintiffs "slice[d] the bologna very thin as far as trying to parse what their obligations were," and praised this Court for exercising "extreme patience" in dealing with these issues. Audio tape: Oral Argument, Case No. 12-7111 (Oct. 15, 2014), *available at* http://www.cadc.uscourts.gov/recordings/recordings.nsf/.

Plaintiffs' appeal did not challenge several aspects of this Court's Sanctions Order. As detailed in Exhibit A hereto, which Defendant attached to his brief to the Court of Appeals, Plaintiffs did not appeal **$54,772** of this Court's award to Defendant. Exhibit A also shows the portions of this Court's Sanctions Order that Plaintiffs did appeal. In an opinion issued on February 10, 2015, attached hereto as Exhibit B, the Court of Appeals unanimously affirmed the "bulk" of the sanctions, explaining that the Plaintiffs engaged in "dilatory, dishonest, and

intransigent conduct." *Parsi v. Daioleslam*, 778 F.3d 116, 118 (D.C. Cir. 2015).  In so ruling, the Court of Appeals explained that Plaintiffs' "failure to produce documents in a timely manner forced [Defendant]—whom *they* had haled into court—to waste resources and time deposing multiple witnesses and subpoenaing third parties for emails [Plaintiffs] should have turned over." *See id.* (emphasis in original).  "Even worse," the Court of Appeals continued, "[Plaintiffs] misrepresented to the District Court that they did not possess key documents [Defendant] sought.  Most troublingly, they flouted multiple court orders." *Id.*

The portion of the Sanctions Order affirmed by the Court of Appeals amounts to **$103,466** of this Court's total award to Defendant, as follows:

- Costs of Defendant's third motion to compel the production of Plaintiffs' server ($10,419).[1]  [Dkt. No. 211, at 14]; *aff'd*, *Parsi*, 778 F.3d at 126.

- Costs of Defendant's second and third imagings of Plaintiffs' computers ($71,624).  [Dkt. No. 211, at 11]; *aff'd*, *Parsi*, 778 F.3d at 128.

- Costs to Defendant of 50% of Parsi's third deposition ($8,439).  [Dkt. No. 211, at 17]; *aff'd*, *Parsi*, 778 at 129.

- Costs to Defendant of 50% of Emily Blout's second deposition ($3,181).  [Dkt. No. 211, at 17]; *aff'd*, *Parsi*, 778 F.3d at 129.

- Costs to Defendant of certain third-party subpoenas ($9,803).  [Dkt. 211, at 15-16]; *aff'd*, *Parsi*, 778 F.3d at 132.

Thus, the total amount of sanctions either not appealed by Plaintiffs ($54,772) or affirmed in total by the Court of Appeals ($103,466) equals **$158,238**.

The Court of Appeals reversed and remanded only "a couple of minor" aspects of the Sanctions Order related to this Court's award of $25,242 "for [Defendant's] expenses in

---

[1] This Court decided two of Defendant's discovery motions—the Second Motion to Compel Member Records and the Third Motion to Compel the Server—in one opinion, awarding a total of $20,838 for both motions.  *See* Dkt. No. 211, at 11-14.  On appeal, Plaintiffs challenged only the portion of the award related to the Third Motion to Compel the Server.  In this Motion, the costs associated with these two motions are apportioned 50/50.

3

preparing his sanctions motion." *Parsi*, 778 F.3d at 118, 132. The Sanctions Motion asserted several areas of discovery misconduct [*see* Dkt. No. 143], and where the Court of Appeals affirmed this Court's granting of a sanctions award to Defendant, the Court of Appeals also affirmed this Court's award of the cost of preparing the corresponding section of the Sanctions Motion. *See, e.g.*, *Parsi*, 778 F.3d at 130. The Court of Appeals' partial reversal of these "minor" portions of the sanctions award accordingly will only reduce the $25,242 award by the amount of the cost of preparing those portions of Defendant's motion.[2]

On March 31, 2015, after Plaintiffs failed to file a petition for rehearing or rehearing *en banc*, the Court of Appeals issued its mandate with respect to the D.C. Circuit Opinion [Mandate, Dkt. No. 218].

## ARGUMENT

A prevailing party can enforce a supersedeas bond once the circuit court issues its mandate and the judgment becomes "final." *Celotex Corp. v. Edwards*, 514 U.S. 300, 302 (1995) ) (issuance of mandate "render[ed] 'final' respondents' judgment"). The district court's

---

[2] In particular, the Court of Appeals reversed the portion of the $25,242 award associated with two areas of alleged discovery misconduct by Plaintiffs: (1) a false interrogatory answer that Parsi was using the computer produced at the first imaging when in fact he was not; and (2) Plaintiffs' alteration of a 1999 document removing the word "lobby" just a month before it was produced. In partially reversing the $25,242 award, the Court of Appeals cited this Court's statement that "'there [may be] an innocent explanation'" for Parsi's false interrogatory response "'that plaintiffs have simply failed to give.'" *Parsi*, 778 F.3d at 132. With respect to the alteration of the 1999 document before it was produced, the Court of Appeals reversed because this Court "explicitly stated it could *not* find by clear and convincing evidence that Parsi altered the document in bad faith." *Id.* (emphasis in original). The Court of Appeals acknowledged that "the sections [of the sanctions motion] on Parsi's interrogatory response and the [altered] document represent only a minor part of this motion," but rather than recalculating and reducing the $25,242 award accordingly, the Court of Appeals noted that this issue "is for the District Court to determine in the first instance." *Id.* at 132-33.

Of the 43 pages of text contained in the Sanctions Motion, Defendant devoted approximately six pages to the assertion that Parsi falsely represented in an answer to interrogatories that he was using the computer produced at the first imaging when in fact he was not [*see* Dkt. No. 143, at 9-13, 37-38], and approximately two pages to the assertion that Plaintiffs inappropriately altered a discoverable document shortly before it was produced [*see id.* at 28-29, 42-43]. In other words, these two issues occupied less than 20% of the pages of Defendant's Sanctions Motion, or approximately $5,048 of the total award. Thus, at most, the $25,242 award for Defendant's expenses in preparing his Sanctions Motion will be reduced to **$20,194**.

ability to permit enforcement of a bond cannot seriously be disputed; such enforcement is permissible pursuant to the Federal Rules of Civil Procedure or, where none are directly applicable, the district court's inherent authority to ensure proper functioning of the judiciary. For example, Federal Rule of Civil Procedure 65.1 permits a prevailing party to proceed via motion against a surety bond that the non-prevailing party has posted in order to "stay the execution of a judgment" pending appeal. *See* Fed. R. Civ. P. 65.1 ("The surety's liability may be enforced on motion[.]"); *Celotex*, 514 U.S. at 312 (Rule 65.1 "allows [judgment creditors] to collect on [a] supersedeas bond merely by filing a motion"); *Celotex*, 514 U.S. at 312; 13 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 65.1.02 (3d ed. 1997) (Rule 65.1 applicable where "a stay on appeal [was] obtained by the giving of a supersedeas bond"); *see also* Consent Motion at 2 ("In order to stay the execution of the judgment during the pendency of the appeal, Plaintiffs are ready, willing and able to post a supersedeas bond pursuant to Fed. R. Civ. P. 62(b)."). Rules 64, 67, and 69 also provide district courts broad authority in executing against the property of a judgment debtor. *See* Fed. R. Civ. P. 64 (seizing a person or property); Fed. R. Civ. P. 67 (deposit into court); Fed R. Civ. P. 69 (execution).

Here, the Court of Appeals has affirmed "the bulk" of this Court's sanctions award and issued its mandate. *See Parsi*, 778 F.3d at 118; Mandate, Dkt. No. 218. Defendant, as the judgment creditor, thus is entitled pursuant to Federal Rule of Civil Procedure 65.1 (or Rules 64, 67, and 69, as applicable)[3] to enforce his judgment against that portion of the Supersedeas Bond relating to those issues that no longer are in dispute. As set forth above, this undisputed

---

[3] In the event this Court finds that those Rules do not apply here, Defendant respectfully requests that this Court exercise its inherent authority to permit enforcement of his judgment against the Supersedeas Bond.

portion of the Supersedeas Bond amounts to $158,238, plus post-judgment interest,[4] with the disposition of the remaining amounts to be decided on remand. *See supra* note 2. Defendant has a right to collect on that undisputed and final portion of his judgment, and now asks to be permitted to do so.[5]

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court enter an Order, substantially conforming to the Proposed Order attached hereto as Exhibit C, (i) directing the Clerk of Court to release to Defendant from the Supersedeas Bond held in this case a total of $158,238, plus post-judgment interest running from April 9, 2013, to the date of this Court Order; and (ii) providing such further relief as this Court deems just and proper.

---

[4] The post-judgment interest rate is based on the weekly average 1-year constant (nominal) Treasury yield, as published by the Federal Reserve System, for the week directly preceding the judgment. 28 U.S.C. § 1961. The interest rate for the week preceding April 9, 2013, was 0.13%. *See* United States Courts, "Post Judgment Interest Rates," *available at* http://www.uscourts.gov/FormsAndFees/Fees/PostJudgmentInterestRates.aspx (last accessed on April 21, 2015) (continue through "prior current rates" link). Accordingly, post-judgment interest on the $158,238 sought in this Motion should be approximately 56.36¢ per day—($158,238 x 0.13%) ÷ 365—running from April 9, 2013 (the date of judgment), through the date of this Court's Order.

[5] The Court of Appeals held that the award of post-judgment interest shall run from the date of this Court's Order Entering Judgment issued on April 9, 2013, and not, as this Court initially held, from the date of the summary judgment opinion on September 13, 2012. *See Parsi*, 778 F.3d at 133.

Dated:  May 19, 2015                        Respectfully submitted,

                     /s/  *Timothy E. Kapshandy*                         .
                Timothy E. Kapshandy (Illinois Bar No. 6180926, admitted *pro hac vice*)
HL Rogers (D.C. Bar No. 974462)
Thomas E. Ross (D.C. Bar No. 994275)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
tel. (202) 736-8000
tom.ross@sidley.com

*Attorneys for Defendant Seid Hassan Daioleslam*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2015, I caused true and correct copies of the foregoing *Motion to Enforce Supersedeas Bond Relating to Issues Decided on Appeal* to be served via e-mail on:

> Afshin Pishevar
> Farrokh Mohammadi
> 600 East Jefferson Street, Ste 316
> Rockville, MD 20852
> tel. (301) 279-8773
> ap@pishevarlegal.com
> fm@pishevarlegal.com

Dated:  May 19, 2015

　　　　　　　　　　　　　　　　　　　　/s/  HL Rogers              .
Thomas E. Ross (D.C. Bar No. 994275)
Timothy E. Kapshandy (Illinois Bar No. 06180926, admitted *pro hac vice*)
HL Rogers (D.C. Bar No. 974462)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
tel. (202) 736-8000
tom.ross@sidley.com

*Attorneys for Defendant*
*Seid Hassan Daioleslam*