# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI<br><br>and<br><br>NATIONAL IRANIAN AMERICAN COUNCIL<br>Plaintiffs,<br><br>v.<br><br>DAIOLESLAM SEID HASSAN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil No. 08 CV 00705 (JDB)<br>)<br>)<br>)<br>)<br>) |

## <u>DEFENDANT'S FIRST SET OF INTERROGATORIES TO TRITA PARSI</u>

Pursuant to Federal Rules of Civil Procedure 33 and 69(a), Defendant Seid Hassan Daioleslam ("Daioleslam"), hereby propounds the following set of interrogatories upon Plaintiff Trita Parsi, which are to be answered fully in writing, under oath, in accordance with the definitions and instructions herein, and within (30) days after service.

## DEFINITIONS

1.     "NIAC" shall mean the National Iranian American Council and any officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on its behalf, including, but not limited to, Plaintiff Trita Parsi.

2.     "You" and "your" shall mean Plaintiffs Parsi and NIAC, and officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on behalf of Parsi and/or NIAC.

3.     "Iran" shall mean the country of Iran and its ministries, agencies, instrumentalities, government-owned or controlled corporations, partnerships, or business entities, and any officials, representatives, employees, servants, attorneys, agents, or any other person acting for or on its behalf.

4.     "Person," unless otherwise specified, shall mean any natural person, firm, corporation, association, group, organization, or agency.

5.     "Member," unless otherwise specified, shall mean any current or potential member: any person who currently identifies or formerly identified him or herself as a member of NIAC, contributes or has contributed time or money to NIAC, or provides or has provided NIAC with information or opinions regarding its policies and positions.

6.     "Political officials," unless otherwise specified, shall mean any United States Senator or Congressperson.

7.     "Staff," unless otherwise specified, shall mean any employees, servants, agents, representatives or any other person acting for or on behalf of a Senator or Congressperson.

8.     "Document" or "documents" is used in its broadest sense, as defined by Federal Rule of Civil Procedure 34(a), and includes, without limitation, all written or printed matter of any kind, including drafts, originals and non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise, and records of any type or description, including without limitation the following:  correspondence; interoffice and intraoffice communications; notes; letters; memoranda; work papers; analyses;

plans; studies; statistical records; reports; press releases; contracts and agreements; records, summaries, agendas, minutes or notes of conferences, meetings, telephone calls, or other conversations; calendars, diaries, and appointment books; message pads; telephone messages and telephone logs; facsimiles, teletypes, telexes, and thermafaxes; photographs; tapes or other recordings; handwritten notes or notations in any form; data compilations, including, but not limited to, computer-generated and computer-stored information, whether or not ever printed out or displayed, such as documents stored on a computer drive, CD or floppy disk and voicemail messages; and electronic mail, whether or not ever printed out or displayed, and any enclosures or attachments thereto.

9.    "Relate to" or "relating to" shall mean any information or document which addresses, constitutes, contains, embodies, evidences, reflects, concerns, identifies, states, refers to, regards, records, responds to, deals with, describes, discusses, explains or is in any way pertinent to the subject of the request.

10.    "Including" shall mean "including, but not limited to."

11.    "Communications" means any transmittal of information in the form of facts, ideas, inquiries or otherwise, including a letter, memorandum, facsimile, meeting, telephone call, e-mail, or other communication, whether written or oral, between two or more of the persons or entities identified in the requests below.

12.    "Identify" or "Describe" shall mean to provide all known information concerning the indicated subject matter, including, but not limited to, the following:

3

a.   When used in reference to an individual provide the individual's full name, present or last known address and telephone number, and the name, address, and telephone number of the individual's present employer.

b.   When used in reference to a business or other entity provide the precise name of the entity, its current address, all owners, shareholders, parents, subsidiaries or affiliates of the business or entity, and the identity of the individuals at the entity from who Parsi and/or NIAC obtained the information requested by the interrogatory.

c.   When used in reference to a document (defined above), provide, the author or any other person who created the document, the date of the document, each addressee and copy addressee of the document, the present location of the document and the name of the present custodian of the document, describe the form of the document (*e.g.*, letter, memo, report), and in the case of any document that is not in your possession or subject to your control, but which you know exists, provide its present or last known location and custodian.

## INSTRUCTIONS

1.       You must answer each of the following interrogatories and each subpart separately and fully.  Each answer must set forth verbatim the interrogatory to which it responds. Interrogatories or subparts thereof shall not be combined for the purpose of supplying a common answer.  The answer to an interrogatory or a subpart thereof shall not be supplied by referring to the answer to another interrogatory or subpart thereof, unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart being answered.

2.       Each interrogatory shall be construed independently and not with reference to any other interrogatory for the purpose of limitation.

3.       The information sought in these interrogatories is information that is within your knowledge, possession, custody, or control or within the knowledge, possession, custody, or control of any of your agents, attorneys, or representatives.  You may not respond that you lack knowledge sufficient to answer an interrogatory without stating that you have made a reasonable inquiry to obtain the information, describing the efforts made, and that, notwithstanding those efforts, you are unable to obtain the requested information.

4.       These interrogatories are continuing in character so as to require prompt supplemental responses, in accordance with Rule 26(e)(2), if you obtain or discover additional information between the time of the initial response pursuant to this request and the time of the final disposition of this action.   You shall serve upon the undersigned attorneys each

supplemental response no later than thirty (30) days after discovery of further information.  In no event shall any supplemental response be served later than the day before the first day of trial.

5.      If any interrogatory cannot be answered in full, it must be answered to the extent possible and you must provide an explanation as to why any portion of any interrogatory cannot be answered, including, but not limited to, information relating to any person who may have knowledge of or further information relating to the subject matter of the interrogatory.

6.      The terms "and" and "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

7.      "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each." "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

8.      As used herein, the singular shall include the plural and the plural shall include the singular as necessary to bring within the scope of these interrogatories which might otherwise be construed to be outside their scope.

9.      If a privilege is asserted as a ground for not responding to an interrogatory in whole or in part, the facts on which the claim of privilege are based must be described in enough detail to permit the Court to rule on the validity of the claim.

## INTERROGATORIES

1.  Does Trita Parsi use a laptop computer for emails, a calendar, or document processing?

    a.  If so, was that laptop computer provided to PricewaterhouseCoopers for imaging on August 18, 2010?

    b.  If not, what was the disposition of that laptop computer?

    c.  If not, was that laptop computer ever searched for responsive emails, documents, and calendar records, and if so, by whom and when?

    d.  Were any of Trita Parsi's laptop computers backed-up, and if so, onto what media?

    e.  Was any media containing backed-up data (including any servers) searched for responsive documents?

    f.  What is the present location of any media containing such backed up data?

2.  Does Trita Parsi use a desktop computer for emails, calendar, or document processing?

    a.  If so, was that desktop computer provided to PricewaterhouseCoopers for imaging on August 18, 2010?

    b.  How long has the desktop computer that was produced for imaging to PricewaterhouseCoopers on August 18, 2010 been used by Trita Parsi?

    c.  If another desktop computer was used by Trita Parsi since January 2008, what was the disposition of that desktop computer?

    d.  If not, was that desktop computer ever searched for responsive emails, documents, and calendar records, and if so, by whom and when?

    e.  Were any of Trita Parsi's desktop computers backed-up, and if so, onto what media?

f.     Were any media containing backed-up data (including any severs) searched for responsive document?

g.     What is the present location of those media containing such backed up data?

3.     Other than "kershap," does Trita Parsi use any other login names or usernames on any computers or laptops that he uses at NIAC?

4.     Does Trita Parsi use a personal digital assistant ("PDA") such as a Blackberry, Palm Pilot, iPad, or iPhone that he uses for emails or a calendar function?

a.     If so, was that PDA searched for responsive information pursuant to Defendant's discovery requests?

5.     Was the desktop computer on which Trita Parsi's Outlook calendar files were produced to PricewaterhouseCoopers for imaging on August 18, 2010 the desktop computer he regularly uses for a calendar and emails?

a.     If so, since when has he used that desktop computer?

b.     If not, why was the computer he regularly uses for a calendar and emails not produced to PricewaterhouseCoopers on August 18, 2010?

c.     Where is the computer from which his Outlook calendar files were transferred?

d.     When were those Outlook calendar files transferred, by whom were they transferred, and why?

6.     Will you agree to produce the actual computers or laptops that Trita Parsi regularly uses for imaging to retrieve complete, unedited copies of his Outlook calendar files 2006-present?

7.     According to David Elliott, NIAC has a central shared drive where documents are held and stored indefinitely.  (Elliott Deposition, Oct. 5, 2009, pg. 95-96)

a.     Describe the documents that are stored on that drive.

8

b.    Was that drive searched for responsive documents?

c.    Are any calendar files housed on that drive?

d.    Who collected the calendar entries and provided them to your counsel?



_____/s/_____
Timothy E. Kapshandy (Illinois Bar No. 06180926, admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
Thomas E. Ross (D.C. Bar No. 994275)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
tom.ross@sidley.com


Dated: August 20, 2010

Attorneys for Defendant
Seid Hassan Daioleslam

9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRITA PARSI** | ) |
| | ) |
| **and** | ) |
| | ) |
| **NATIONAL IRANIAN AMERICAN COUNCIL** | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )·        **Civil No. 08 CV 00705 (JDB)** |
| | ) |
| **Daioleslam Seid Daioleslam,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## CERTIFICATE OF SERVICE

I certify that today, August 20, 2010, I served Defendant's First Set of Interrogatories on the following via email pursuant to Fed. R. Civ. Pro. 5(b)(2)(E), to which he has consented:

> Afshin Pishevar
> Patrick Parsa
> Adrian Nelson
> 600 East Jefferson Street
> Suite 316
> Rockville, Maryland 20852
> (301) 279-8773
> ap@pishevarlegal.com

Pursuant to D.D.C. L.R. 5.2(a), I will retain the original in my possession.

_____/s/_____

Timothy E. Kapshandy (Illinois Bar No. 06180926,
admitted *pro hac vice*)
Bradford A. Berenson (D.C. Bar No. 441981)
HL Rogers (D.C. Bar No. 974462)
Peter G. Jensen (D.C. Bar No. 982599)
Thomas E. Ross (D.C. Bar No. 994275)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
(202) 736-8000
tom.ross@sidley.com

Dated: August 20, 2010


Attorneys for Defendant
Seid Hassan Daioleslam

11

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TRITA PARSI,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **NATIONAL IRANIAN AMERICAN COUNCIL** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 08 CV 00705 (JDB)** |
| | ) |
| **SEID HASSAN DAIOLESLAM** | ) |
| | ) |
| **Defendant.** | ) |

**PLAINTIFF TRITA PARSI'S UNVERIFIED OBJECTIONS AND ANSWERS
TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

COMES NOW the Plaintiff, Dr. Trita Parsi ("Plaintiff" and/or "Parsi"), by and through their counsel, Afshin Pishevar, Esquire, Adrian V. Nelson, II, Esquire and Pishevar & Associates, P.C., pursuant to Fed. R. Civ. P., Rules 26 ad 33, and hereby submits the following objections and answers to Defendant's First Set of Interrogatories (to Plaintiff Trita Parsi), and states as follows:

**OBJECTIONS AND ANSWERS**

INTERROGATORY NUMBER 1:   Does Trita Parsi use a laptop computer for emails, a calendar, or document processing?

  a. If so, was that laptop computer provided to PricewaterhouseCoopers for imaging on August 18, 2010?

  b. If not, what was the disposition of that laptop computer?

  c. If not, was that laptop computer ever searched for responsive emails, documents, and calendar records, and if so, by whom and when?

  d. Were any of Trita Parsi's laptop computers backed-up, and if so, onto what media?

  e. Was any media containing backed-up data (including any servers) searched for responsive documents?

f. What is the present location of any media containing such backed up data?

OBJECTIONS:   Plaintiff objects to Interrogatory Number 1, including subparts (a) through (f), on the grounds that it is vague in any number of respects, including, but not limited to, as to time period and business versus personal use, as well as irrelevant and not likely to lead to the discovery of admissible evidence.

**ANSWER: Without waiving the foregoing objections, Parsi currently uses a laptop for emails and documents. Prior to the August 18, 2010, forensic imaging conducting by PWC, Parsi's former laptop was stolen while visiting Oslo, Norway. Parsi's current laptop was not provided to PricewaterhouseCoopers as it does not contain any PST files and was procured several months after the period for which forensic imaging was ordered. Parsi's laptop computers were not backed-up.**

INTERROGATORY NUMBER 2: Does Trita Parsi use a desktop computer for emails, calendar, or document processing?

a. If so, was that desktop computer provided to PricewaterhouseCoopers for imaging on August 18, 2010?

b. How long has the desktop computer that was produced for imaging to PricewaterhouseCoopers on August 18, 2010 been used by Trita Parsi?

c. If another desktop computer was used by Trita Parsi since January 2008, what was the disposition of that desktop computer?

d. If not, was that desktop computer ever searched for responsive emails, documents, and calendar records, and if so, by whom and when?

e. Were any of Trita Parsi's desktop computers backed-up, and if so, onto what media?

f. Were any media containing backed-up data (including any severs) searched for responsive document?

g. What is the present location of those media containing such backed up data?

OBJECTIONS:   Plaintiff objects to Interrogatory Number 2, including subparts (a) through (g), on the grounds that it is vague in any number of respects, including, but not limited to, as to time period and business versus personal use, as well as irrelevant and not likely to lead to the discovery of admissible evidence.

**ANSWER: Without waiving the foregoing objections, Parsi does use a desktop computer for emails, calendars and document process, which desktop computer was provided to PricewaterhouseCoopers for imaging on August 18, 2010. Said desktop has been used by Parsi for approximately 1.5 years. Parsi's desktop computers were not backed-up. Parsi used no other desktops during the relevant period ordered by the court for forensic imaging.**

INTERROGATORY NUMBER 3: Other than "kershap," does Trita Parsi use any other login names or usernames on any computers or laptops that he uses at NIAC?

OBJECTIONS: Plaintiff objects to Interrogatory Number 3 on the grounds that it is vague, irrelevant, and not likely to lead to the discovery of admissible evidence.

**ANSWER: Without waiving the foregoing objections, Parsi does not use any other login names or usernames on any computers or laptops that he uses at NIAC.**

INTERROGATORY NUMBER 4: Does Trita Parsi use a personal digital assistant ("PDA") such as a Blackberry, Palm Pilot, iPad, or iPhone that he uses for emails or a calendar function?

    a. If so, was that PDA searched for responsive information pursuant to Defendant's discovery requests?

OBJECTIONS: Plaintiff objects to Interrogatory Number 4, including subpart (a), on the grounds that it is vague, irrelevant, and not likely to lead to the discovery of admissible evidence.

**ANSWER: Without waiving the foregoing objections, Parsi does use a personal digital assistant ("PDA") for emails and/or calendar function, which PDA was searched for responsive information pursuant to Defendant's discovery requests.**

INTERROGATORY NUMBER 5: Was the desktop computer on which Trita Parsi's Outlook calendar files were produced to PricewaterhouseCoopers for imaging on August 18, 2010 the desktop computer he regularly uses for calendars and emails?

    a. If so, since when has he used that desktop computer?

    b. If not, why was the computer he regularly uses for a calendar and emails not produced to PricewaterhouseCoopers on August 18, 2010?

    c. Where is the computer from which his Outlook calendar files were transferred?

    d. When were those Outlook calendar files transferred, by whom were they transferred, and why?

OBJECTIONS: Plaintiff objects to Interrogatory Number 5, including subparts (a) through (d), on the grounds that it is vague, irrelevant, and not likely to lead to the discovery of admissible evidence.

- 3 -

**ANSWER: Without waiving the foregoing objections, the desktop computer produced to PricewaterhouseCoopers for imaging on August 18, 2010, was the desktop computer Parsi regularly uses for calendars and emails. Said computer has been used for approximately 1.5 years.**

INTERROGATORY NUMBER 6: Will you agree to produce the actual computers or laptops that Trita Parsi regularly uses for imaging to retrieve complete, unedited copies of his Outlook calendar files 2006-present?

OBJECTIONS:  Plaintiff objects to Interrogatory Number 6 on the grounds that it is vague, irrelevant, and not likely to lead to the discovery of admissible evidence.

**ANSWER: Without waiving the foregoing objections, if Plaintiff understands Interrogatory Number 6, the aforementioned has already been produced.**

INTERROGATORY NUMBER 7: According to David Elliott, NIAC has a central shared drive where documents are held and stored indefinitely. (Elliott Deposition, Oct. 5, 2009, pg. 95-96)

   a.  Describe the documents that are stored on that drive.

   b.  Was that drive searched for responsive documents?

   c.  Are any calendar files housed on that drive?

   d.  Who collected the calendar entries and provided them to your counsel?

OBJECTIONS:  Plaintiff objects to Interrogatory Number 7 on the grounds that it is vague, irrelevant, and not likely to lead to the discovery of admissible evidence.  Further, Plaintiff objects to the foundational assumption set forth in Interrogatory Number 7.

**ANSWER: Without waiving the foregoing objections, nor assenting to the foundational assumption set forth in Interrogatory Number 7, the documents that are stored on any shared drive are primarily word documents, which drive was searched for responsive documents and does not contain any calendar files.**

Respectfully submitted,

_____/S/_____

A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

- 4 -

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **NATIONAL IRANIAN AMERICAN COUNCIL** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 08 CV 00705 (JDB)** |
| | ) |
| **SEID HASSAN DAIOLESLAM** | ) |
| | ) |
| **Defendant.** | ) |

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on September 20, 2010, by e-mail, I served on counsel of record for Defendant a copy of Plaintiffs' Unverified Objections and Answers to Defendant's First Set of Interrogatories (to Plaintiff Trita Parsi). I will retain the original of these documents in my possession without alteration until the case is concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,


_____/S/_____

A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
**PISHEVAR & ASSOCIATES, P.C.**
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:     (301) 279 – 7347
Counsel for the Plaintiffs

- 5 -

# EXHIBIT 3

## Kapshandy, Timothy E.

| | |
|---|---|
| **From:** | Adrian Nelson [anelson@pishevarlegal.com] |
| **Sent:** | Monday, September 20, 2010 4:50 PM |
| **To:** | Kapshandy, Timothy E.; Rogers, HL; Jensen, Peter; Ross, Tom |
| **Cc:** | Afshin Pishevar; Patrick Parsa |
| **Subject:** | Parsi/NIAC -- Plaintiff Parsi's Objections and Answers to Defendant's First Set of Interrogatories (to Plaintiff Parsi) |
| **Attachments:** | 09-20-10 -- Parsi Interrogatory Objections and Answers.Final.doc |

Tim:

Since we didn't hear back from anyone regarding our request this afternoon for an additional day to provide the above-subject objections and answers, they are attached in unverified form. We will provide them in verified form hopefully by tomorrow but no later than by the end of the week.

When the discovery at issue was served, Defendant indicated that we had agreed to receive electronic service. As Patrick indicated to Tom today, maybe this agreement was a general agreement that predated both Patrick and my involvement in the case. Please advise the basis of Defendant's belief that we agreed to electronic service of pleadings in this case.

Thanks,

Adrian

# EXHIBIT 4

**Kapshandy, Timothy E.**

| | |
|---|---|
| **From:** | Kapshandy, Timothy E. |
| **Sent:** | Friday, October 08, 2010 8:53 AM |
| **To:** | Adrian Nelson; Rogers, HL; Jensen, Peter; Ross, Tom |
| **Cc:** | Afshin Pishevar; Patrick Parsa |
| **Subject:** | RE: Parsi/NIAC -- Plaintiff Parsi's Objections and Answers to Defendant's First Set of Interrogatories (to Plaintiff Parsi) |
| **Attachments:** | 09-24-10 -- NIAC Objections and Answers to Interrogs re  Talebi Emails.pdf |

Adrian:

We've yet to receive the verified hard copy as promised for either of these interrogatory responses.  Please send them.

Also, regarding Sam Gardiner, not having received any errata within 30 days, we understand he has made no corrections.  However, he did promise to send a list of the Congressmen he had spoken to who told him they asked Trita Parsi to approach Iranian officials regarding negotiations.  Please send those within the week or we'll assume he could not recall their names.

Thanks,
Tim

---

**From:** Adrian Nelson [mailto:anelson@pishevarlegal.com]
**Sent:** Monday, September 20, 2010 4:50 PM
**To:** Kapshandy, Timothy E.; Rogers, HL; Jensen, Peter; Ross, Tom
**Cc:** Afshin Pishevar; Patrick Parsa
**Subject:** Parsi/NIAC -- Plaintiff Parsi's Objections and Answers to Defendant's First Set of Interrogatories (to Plaintiff Parsi)

Tim:

Since we didn't hear back from anyone regarding our request this afternoon for an additional day to provide the above-subject objections and answers, they are attached in unverified form.  We will provide them in verified form hopefully by tomorrow but no later than by the end of the week.

When the discovery at issue was served, Defendant indicated that we had agreed to receive electronic service.  As Patrick indicated to Tom today, maybe this agreement was a general agreement that predated both Patrick and my involvement in the case.  Please advise the basis of Defendant's belief that we agreed to electronic service of pleadings in this case.

Thanks,

Adrian

**Kapshandy, Timothy E.**

| | |
|---|---|
| **From:** | Kapshandy, Timothy E. |
| **Sent:** | Thursday, October 28, 2010 9:16 AM |
| **To:** | Adrian Nelson |
| **Cc:** | Patrick Parsa; Jensen, Peter; Ross, Tom; Rogers, HL |
| **Subject:** | RE: Imaging |

Adrian:
The below email sets forth the issues.  We'll see what the Court has on Nov 1 or 4 with the holiday on Nov 2.  If one of those is bad for you please let us know.  Also, if you could please respond to our questions below before then, that would be helpful.  We have requested the verifications many times now.
Thanks,
Tim

-----Original Message-----
From: Adrian Nelson [mailto:anelson@pishevarlegal.com]
Sent: Thursday, October 28, 2010 8:53 AM
To: Kapshandy, Timothy E.
Cc: Patrick Parsa; Jensen, Peter; Ross, Tom; Rogers, HL
Subject: Re: Imaging

Tim:

Given Disney's upcoming deposition and our travel plans, we should
look at next week for any conference call with the judge.

However, please clearly set forth what issues you want to discuss with
the judge.  Once you do so, we can agree upon a date.

Thanks,

Adrian

On 10/26/10, Kapshandy, Timothy E. <tkapshandy@sidley.com> wrote:
> Thanks, Patrick.  We are trying to get the PwC report regarding the imaging
> printed and assembled but the large attachments are presenting a challenge.
> We hope to get it out by tomorrow night.
>
>
>
> We would also like to contact the Court to discuss a briefing schedule for
> the costs issue contemplated in the July 1 order.  Please let us know good
> times for you to call Judge Bates' office.    We also will reiterate our
> request to image the shared server per the Court's July 1 order  as well as
> any backups of it.  Some of the calendar entries indicate that it has been
> cleaned up and may, in fact, have been replaced in December 2009.  We ask
> you to confirm that it was not replaced in December 2009 (but rather was
> augmented with another server) and still exists.  We would ask that you
> cease any cleaning up, defragging or other procedures that might delete or
> remove files from either server and preserve all backups without writing
> over them.   We also expect to ask that Trita Parsi be produced for a
> deposition sooner than 1.5 weeks before the discovery cutoff as resolution
> of these discovery issues may obviate much of the remaining discovery.
>

```
>
>
> Also, we remind you that we have not received the verifications to
> Defendant's recent interrogatories nor the user login and password info for
> Salesforce and Convio as promised in Court on Sept 16.  When can we expect
> those?
>
> Sincerely,
>
>
>
> Tim Kapshandy
> Sidley Austin, LLP
> 1 South Dearborn Street
> Chicago, Illinois 60603
> 312-853-7643
> cell: (219) 670-0698
> tkapshan@sidley.com
> http://www.sidley.com <http://www.sidley.com/>
>
>
>
> From: Patrick Parsa [mailto:pparsa@pishevarlegal.com]
> Sent: Tuesday, October 26, 2010 12:19 AM
> To: Kapshandy, Timothy E.
> Cc: Adrian Nelson
> Subject: Re: Depositions of Dai, Parsi and Safavi....
>
>
>
> I'm checking those dates with our client and will get back to you shortly.
> We also expect to give you dates for the experts as well.
>
>
>
> Patrick
>
> Sent from my iPhone
>
>
>
> On Oct 22, 2010, at 10:56 PM, "Kapshandy, Timothy E."
> <tkapshandy@sidley.com> wrote:
>
>      P.S.  Just checked with Dai and he could do a deposition Dec 14-15 in
> Chicago or Arizona.
>
>
>
>      Thanks,
>
>
>
>      From: Kapshandy, Timothy E.
>      Sent: Friday, October 22, 2010 8:07 PM
>      To: Patrick Parsa
>      Cc: Adrian Nelson; Rogers, HL; Jensen, Peter
>      Subject: RE: Depositions of Dai, Parsi and Safavi....
```

> 
> 
> 
>     Patrick:
> 
> 
> 
>     I never said I could not do Parsi's dep Dec 1-3 (see below).  We objected
> to doing it 1.5 weeks before the discovery cutoff.  We proposed 4 dates in
> August and 4 in October and you failed to produce him even though you
> informed us that he was available 2 of the dates in August (he backed out as
> he could not stay for Dai's dep).   Please hold Dec 1-2 and try to get
> earlier dates.
> 
> 
> 
>     As for Dai, we had  proposed 4 dates in October (twice) and have never
> heard back from you (see below).  I have another dep Nov 22-23 so that does
> not work.  I will see if Dai can do Nov 24 or 23 if my other dep cancels.
> 
> 
> 
>     As for Safavi, we understand you do not intend to call him.  We want to
> depose him for discovery purposes and to preserve his testimony for trial.
> Let's do his dep Nov 24 in Chicago.
> 
> 
> 
>     Not having been offered any dates for Aikat, we presume you are withdrawing
> him?  If not please offer us several dates Monday.  The same for Morse.
> 
> 
> 
>     Thanks,
> 
> 
> 
>     Tim
> 
> 
> 
> 
> 
> 
> 
> 
> 
> 
> 
>     Patrick:
> 
> 
> 
>     I responded to Adrian immediately about the Disney and Talebi dates.  See
> below.  Also, I have not hear from you regarding our email of Sept 21
> proposing dates for Dai (Oct. 26-29) and Safavi (same dates), as well and
> Morse and Aikat.   The dates proposed for Aikat and Morse have now passed
> over the last month with no response from you.  Please get us additional
> dates asap.  Dai remains available Oct. 26-29.  We would like to do Parsi

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI, | ) |
| | ) |
| and | ) |
| | ) |
| NATIONAL IRANIAN AMERICAN COUNCIL | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 08 CV 00705 (JDB) |
| | ) |
| SEID HASSAN DAIOLESLAM | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF TRITA PARSI'S UNVERIFIED OBJECTIONS AND ANSWERS
TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

COMES NOW the Plaintiff, Dr. Trita Parsi ("Plaintiff" and/or "Parsi"), by and through their counsel, Afshin Pishevar, Esquire, Adrian V. Nelson, II, Esquire and Pishevar & Associates, P.C., pursuant to Fed. R. Civ. P., Rules 26 ad 33, and hereby submits the following objections and answers to Defendant's First Set of Interrogatories (to Plaintiff Trita Parsi), and states as follows:

**OBJECTIONS AND ANSWERS**

<u>INTERROGATORY NUMBER 1</u>:   Does Trita Parsi use a laptop computer for emails, a calendar, or document processing?

  a.  If so, was that laptop computer provided to PricewaterhouseCoopers for imaging on August 18, 2010?

  b.  If not, what was the disposition of that laptop computer?

  c.  If not, was that laptop computer ever searched for responsive emails, documents, and calendar records, and if so, by whom and when?

  d.  Were any of Trita Parsi's laptop computers backed-up, and if so, onto what media?

  e.  Was any media containing backed-up data (including any servers) searched for responsive documents?

f. What is the present location of any media containing such backed up data?

OBJECTIONS:   Plaintiff objects to Interrogatory Number 1, including subparts (a) through (f), on the grounds that it is vague in any number of respects, including, but not limited to, as to time period and business versus personal use, as well as irrelevant and not likely to lead to the discovery of admissible evidence.

**ANSWER: Without waiving the foregoing objections, Parsi currently uses a laptop for emails and documents. Prior to the August 18, 2010, forensic imaging conducting by PWC, Parsi's former laptop was stolen while visiting Oslo, Norway. Parsi's current laptop was not provided to PricewaterhouseCoopers as it does not contain any PST files and was procured several months after the period for which forensic imaging was ordered. Parsi's laptop computers were not backed-up.**

INTERROGATORY NUMBER 2: Does Trita Parsi use a desktop computer for emails, calendar, or document processing?

    a. If so, was that desktop computer provided to PricewaterhouseCoopers for imaging on August 18, 2010?

    b. How long has the desktop computer that was produced for imaging to PricewaterhouseCoopers on August 18, 2010 been used by Trita Parsi?

    c. If another desktop computer was used by Trita Parsi since January 2008, what was the disposition of that desktop computer?

    d. If not, was that desktop computer ever searched for responsive emails, documents, and calendar records, and if so, by whom and when?

    e. Were any of Trita Parsi's desktop computers backed-up, and if so, onto what media?

    f. Were any media containing backed-up data (including any severs) searched for responsive document?

    g. What is the present location of those media containing such backed up data?

OBJECTIONS:   Plaintiff objects to Interrogatory Number 2, including subparts (a) through (g), on the grounds that it is vague in any number of respects, including, but not limited to, as to time period and business versus personal use, as well as irrelevant and not likely to lead to the discovery of admissible evidence.

**ANSWER: Without waiving the foregoing objections, Parsi does use a desktop computer for emails, calendars and document process, which desktop computer was provided to PricewaterhouseCoopers for imaging on August 18, 2010. Said desktop has been used by Parsi for approximately 1.5 years. Parsi's desktop computers were not backed-up. Parsi used no other desktops during the relevant period ordered by the court for forensic imaging.**

INTERROGATORY NUMBER 3: Other than "kershap," does Trita Parsi use any other login names or usernames on any computers or laptops that he uses at NIAC?

OBJECTIONS: Plaintiff objects to Interrogatory Number 3 on the grounds that it is vague, irrelevant, and not likely to lead to the discovery of admissible evidence.

**ANSWER: Without waiving the foregoing objections, Parsi does not use any other login names or usernames on any computers or laptops that he uses at NIAC.**

INTERROGATORY NUMBER 4: Does Trita Parsi use a personal digital assistant ("PDA") such as a Blackberry, Palm Pilot, iPad, or iPhone that he uses for emails or a calendar function?

   a. If so, was that PDA searched for responsive information pursuant to Defendant's discovery requests?

OBJECTIONS: Plaintiff objects to Interrogatory Number 4, including subpart (a), on the grounds that it is vague, irrelevant, and not likely to lead to the discovery of admissible evidence.

**ANSWER: Without waiving the foregoing objections, Parsi does use a personal digital assistant ("PDA") for emails and/or calendar function, which PDA was searched for responsive information pursuant to Defendant's discovery requests.**

INTERROGATORY NUMBER 5: Was the desktop computer on which Trita Parsi's Outlook calendar files were produced to PricewaterhouseCoopers for imaging on August 18, 2010 the desktop computer he regularly uses for calendars and emails?

   a. If so, since when has he used that desktop computer?

   b. If not, why was the computer he regularly uses for a calendar and emails not produced to PricewaterhouseCoopers on August 18, 2010?

   c. Where is the computer from which his Outlook calendar files were transferred?

   d. When were those Outlook calendar files transferred, by whom were they transferred, and why?

OBJECTIONS: Plaintiff objects to Interrogatory Number 5, including subparts (a) through (d), on the grounds that it is vague, irrelevant, and not likely to lead to the discovery of admissible evidence.

- 3 -

**ANSWER:** **Without waiving the foregoing objections, the desktop computer produced to PricewaterhouseCoopers for imaging on August 18, 2010, was the desktop computer Parsi regularly uses for calendars and emails. Said computer has been used for approximately 1.5 years.**

INTERROGATORY NUMBER 6: Will you agree to produce the actual computers or laptops that Trita Parsi regularly uses for imaging to retrieve complete, unedited copies of his Outlook calendar files 2006-present?

OBJECTIONS: Plaintiff objects to Interrogatory Number 6 on the grounds that it is vague, irrelevant, and not likely to lead to the discovery of admissible evidence.

**ANSWER:** **Without waiving the foregoing objections, if Plaintiff understands Interrogatory Number 6, the aforementioned has already been produced.**

INTERROGATORY NUMBER 7: According to David Elliott, NIAC has a central shared drive where documents are held and stored indefinitely. (Elliott Deposition, Oct. 5, 2009, pg. 95-96)

a. Describe the documents that are stored on that drive.

b. Was that drive searched for responsive documents?

c. Are any calendar files housed on that drive?

d. Who collected the calendar entries and provided them to your counsel?

OBJECTIONS: Plaintiff objects to Interrogatory Number 7 on the grounds that it is vague, irrelevant, and not likely to lead to the discovery of admissible evidence. Further, Plaintiff objects to the foundational assumption set forth in Interrogatory Number 7.

**ANSWER:** **Without waiving the foregoing objections, nor assenting to the foundational assumption set forth in Interrogatory Number 7, the documents that are stored on any shared drive are primarily word documents, which drive was searched for responsive documents and does not contain any calendar files.**

Respectfully submitted,

_____/S/_____

A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
PISHEVAR & ASSOCIATES, P.C.
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI, | ) |
| | ) |
| and | ) |
| | ) |
| NATIONAL IRANIAN AMERICAN COUNCIL | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 08 CV 00705 (JDB) |
| | ) |
| SEID HASSAN DAIOLESLAM | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that on September 20, 2010, by e-mail, I served on counsel of record for Defendant a copy of Plaintiffs' Unverified Objections and Answers to Defendant's First Set of Interrogatories (to Plaintiff Trita Parsi).  I will retain the original of these documents in my possession without alteration until the case is concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

_____ /S/ _____
A.P. Pishevar (D.C. Bar No. 451015)
Adrian V. Nelson, II (*Pro Hac Vice*)
PISHEVAR & ASSOCIATES, P.C.
600 East Jefferson Street, Suite 316
Rockville, MD 20852
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 08 CV 00705 (JDB) |
| | ) |
| SEID HASSAN DAIOLESLAM | ) |
| | ) |
| Defendant. | ) |

## VERIFICATION

I, Dr. Trita Parsi, hereby verify that my objections and answers to Defendant's First Set of Interrogatories to Dr. Trita Parsi are true and correct to the best of my knowledge and belief.

_____
Dr. Trita Parsi

| | |
|---|---|
| | ) |
| DISTRICT OF COLUMBIA | )SS: |
| | ) |

Subscribed and duly sworn to before me this ___22___ day of November, 2010.

_____
Notary Public (*Print Name*)

Ashley M. Keyser
Notary Public, District of Columbia
My Commission Expires on 01/31/14

# EXHIBIT 6

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TRITA PARSI** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL,** | ) | |
| Plaintiffs, | ) | **CIVIL NO. 08 CV 00705 (JDB)** |
| | ) | |
| v. | ) | |
| | ) | |
| **DAIOLESLAM SEID HASSAN,** | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER

The Court hereby finds based upon the submissions of the parties and by clear and convincing evidence that Trita Parsi engaged in bad faith in intentionally giving false interrogatory answers on November 11, 2010.  Accordingly, the amounts awarded as a sanction in the Court's September 13, 2012 Sanctions Order (Dkt. 190) for this conduct shall remain in the judgment awarded defendant (Dkt. 213).

**SO ORDERED.**


_____
JOHN D. BATES
United States District Judge

Dated: _____