## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TRITA PARSI** | ) | |
| **and** | ) ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL** | ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Civil No. 08 CV 00705** |
| **DAIOLESLAM SEID HASSAN,** | ) ) ) | |
| **Defendant.** | ) ) ) | |

## PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S OPPOSITION TO THE MOTION TO CONTINUE AND DEFENDANT'S MEMORANDUM REGARDING MAY 22, 2015 STATUS CONFERENCE

COME NOW, Plaintiffs, Dr. Trita Parsi and the National Iranian American Council ("NIAC") (collectively "NIAC"), by and through their counsel, Farrokh Mohammadi, Esquire and Pishevar & Mohammadi, P.C., and file this Motion to Strike and for reasons state as follows:

Plaintiffs' hoped that the need to file this motion would dissipate at the Status Conference. However, Defendant's incomplete description in his Opposition to the Motion to Continue (hereinafter "Opposition") as well as his Memorandum Regarding May 22, 2015 Status Conference (hereinafter "Memorandum") to the Court, of settlement discussions that occurred prior to the Status Conference, has cast the Plaintiffs in a light suggesting they are opposed to resolution of this matter. Nothing could be further from the truth. Had the Defendant not brought part of the substance of confidential settlement discussions to the Court's attention, there

would be no need for the instant motion.  Defendant has refused to withdraw the offending portions of his Opposition and Memorandum, despite Plaintiffs' request to do so.  Plaintiffs had no choice but to file this Motion.

On or about April 28, 2015, counsel for Defendant sent undersigned counsel a "draft" of the Motion to Enforce in an effort to "narrow or possibly resolve the issues remaining on remand."  *See* April 28, 2015 email from Timothy Kapshandy, attached hereto as Exhibit 1. Agreeing that resolution of all outstanding matters would be preferable, Plaintiffs asked Defendant for a call "to see whether we can get all outstanding matters resolved, rather than just this" i.e., rather than just the supersedeas bond issue.  *See* May 11, 2015 email from Farrokh Mohammadi, attached hereto as Exhibit 2.  The call took place that day and the parties engaged in discussions to resolve the entire matter.  During those discussions, Plaintiffs submitted their proposal to the Defendant, contrary to Defendant's assertion in both his Opposition and the Memorandum.  That proposal was promptly rejected by the Defendant during the same telephone call.  Thus, at the conclusion of the call, counsel for the Plaintiffs stated that the substance of the telephone call would be discussed with the Plaintiffs and a response would be forthcoming. Contrary to the Defendant's assertion, Plaintiffs did *not* state that a new, second proposal would be submitted.

Much more troubling than Defendant's inaccurate recitation of Plaintiffs' representations, is Defendant revealing those settlement discussions in his Opposition and Memorandum.  Had he not done so, Plaintiffs would not need to file this motion.  However, not only did the Defendant reveal confidential settlement discussion, he parsed those discussion and presented an incomplete picture of those discussions to the Court, and intimated that Plaintiffs were being unreasonable and "would not be agreeing to anything."  Opposition, Dkt. # 220 at ¶ 5; Memorandum, Dkt. #

224 at ¶ 4.  As already stated, this is not true.  What Plaintiffs stated is that "[s]ince it does not appear that we can resolve this *matter* at this time..."  *See* May 13, 2015 email from Farrokh Mohammadi, attached hereto as Exhibit 3 (emphasis added).  Plaintiffs do not wish to commit the same wrong as the Defendant by setting forth the substance of the full settlement discussions. Suffice to say, the Plaintiffs were ready and willing to resolve all outstanding matters in an effort to avoid delaying this matter further, and incurring additional costs, and are still willing to do so. However, the parties' inability to agree upon, in the Plaintiffs' view, one issue, has led to an end of settlement discussions.  The failure is not Plaintiffs' alone.  More importantly, it should not be interpreted as Plaintiffs unwillingness to agree to anything nor held against them.

In an effort to resolve this dispute and to avoid the necessity of the instant motion, on or about May 14, 2015, Plaintiffs informed the Defendant that the Opposition "contains confidential settlement discussions, it also contains factual inaccuracies," and asked the Defendant to "correct these and refile."  *See* May 14, 2015 email from Farrokh Mohammadi, attached hereto as Exhibit 4.  Defendant instead filed the Memorandum on May 19, 2015, again reciting the same information as provided in the Opposition.  By this second time, Defendant was well aware that Plaintiffs viewed those discussions as confidential.  Defendant chose to ignore that and proceeded with his filings.  Defendant should not be permitted to do so.

Unfortunately, the damage has been done.  By filing his Opposition and Memorandum and presenting confidential and incomplete settlement discussions in the light most favorable to himself, the Defendant portrayed a picture, prior to the Status Conference, that the Plaintiffs are unwilling to resolve this matter and want to drag the matter out, thus causing further costs to be

incurred.[1] Regardless of his motives, Defendant should not be permitted to disclose confidential settlement discussions. Allowing the Defendant to do so would have a chilling effect on promoting open and honest settlement discussions and would be contrary to public policy. Therefore, the Defendant's Opposition to the Motion to Continue, Docket Entry # 220, and the Memorandum Regarding May 22, 2015 Status Conference should be Stricken and Removed from the Record.

WHEREFORE, Plaintiffs respectfully request that the Court Grant the Motion to Strike, that the Court Strike the Defendant's Opposition to the Motion to Continue as well as his Memorandum Regarding May 22, 2015 Status Conference, and for such further relief as this Court deems just and proper.

Respectfully submitted,

_____ /S/ _____
Farrokh Mohammadi (Admitted Pro Hac Vice)
A.P. Pishevar (D.C. Bar No. 451015)
**PISHEVAR & MOHAMMADI, P.C.**
226 North Adams Street
Rockville, MD 20850
Phone: (301) 279 – 8773
Fax:     (301) 279 – 7347
Counsel for the Plaintiffs

---

[1] It should be noted that it was the Defendant who decided it was necessary to file the Memorandum, the Motion to Enforce the Supersedeas Bond, Dkt. # 223, and Defendant's Brief in Support of Finding of Bad Faith, Dkt. # 224, in the evening of May 19, 2015, three (3) days *before* the Status Conference during which this Court was to narrow and decide what issues remained on remand. Moreover, it was the Defendant who ignored Plaintiffs request to withdraw the offending language from their Opposition. Plaintiffs are not the ones who are driving up the costs disproportionately to the issue(s) remaining. In fact, by filing the Motion in Support of Finding of Bad Faith under the "Motion for Discovery" section, Defendant is at least suggesting that discovery should be reopened on this issue, a process that is clearly disproportionate to the approximately "$3,800.00" at issue, as indicated by the Court.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRITA PARSI, et al.** | ) |
|  | ) |
|  | ) |
| **Plaintiffs,** | ) |
|  | ) |
| **v.** | ) **Civil Action No. 08 CV 00705 (JDB)** |
|  | ) |
| **DAIOLESLAM SEID HASSAN,** | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

## CERTIFICATE OF SERVICE

I certify that on May 22, 2015, I served, via email and ECF, Plaintiffs' Motion to Strike to:

Timothy E. Kapshandy, Esquire
Tom Ross, Esquire
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
tkapshandy@sidley.com

Attorneys for Defendant
Seid Hassan Daioleslam


_____/s/_____
Farrokh Mohammadi
226 North Adams Street
Rockville, Maryland 20850
(301) 279-8773
ap@pishevarlegal.com


Attorney for Plaintiffs
Trita Parsi
National Iranian American Council