UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI**<br><br>and<br><br>**NATIONAL IRANIAN AMERICAN COUNCIL,**<br>            Plaintiffs,<br><br>v.<br><br>**DAIOLESLAM SEID HASSAN,**<br>            Defendant. | CIVIL NO. 08 CV 00705 (JDB) |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE

Just hours after walking out of this courtroom to discuss the remaining issues in this seven year-old case, Plaintiffs suddenly recalled an issue that they could have raised and filed a motion to strike Defendant's status memorandum and (moot) objection to Plaintiffs' motion to continue the status conference claiming that they had "hoped that the need to file [their motion] would dissipate at the Status Conference." The basis for their motion is that Defendant breached some, unstated rule regarding offers of settlement by relating his position to the Court and that such "portrayed a picture . . . .that Plaintiffs are unwilling to resolve this matter and want to drag this matter out." Dkt. 225 at 3.

Plaintiffs' misplaced "hope" was torpedoed by their own machinations and intransigence. The "picture" painted by Defendant was confirmed in open court when they repeatedly refused to negotiate even in the face of the Court's multiple requests if they were certain they wanted to further litigate this case over $3,800. While Plaintiffs' motion professes that they were ready and willing to resolve this matter on May 13 but could not "resolve this *matter* at this time" (Dkt.

__ at 2), they have done nothing other than stand pat on their position that this Court has no authority on remand to determine if Parsi's false interrogatory answers were in bad faith under the standard set forth in the Court of Appeals decision.  They have made no response or counterproposal to the Defendant nor did they respond to the Court's imploring them (including asking counsel if he was sure he did not want to discuss the matter with his clients).   So, while Defendant has proposed and even stipulated that $1,262 should be subtracted from the roughly $5,048 in sanctions subject to redetermination, Plaintiffs have proposed no number between $3,786 and zero.

Instead, Plaintiffs make the frivolous argument that some rule (presumably FRCP 408) precludes Defendant and them from relating the status of efforts to resolve the remaining issues. Rule 408 provides no such thing.  Rule 408 merely precludes settlement offers from being used as admissions regarding the validity of the disputed amount or for impeachment of a witness by prior inconsistent statement.  Nothing in Rule 408 prevents Defendant from stating his proposal to resolve this matter (and Defendant can certainly waive any confidentiality if he so chooses). And, Rule 408 certainly says nothing about *refusals* to negotiate.  Plaintiffs even absurdly suggest that Rule 408 precludes them from relating what their proposal was.  Dkt. 225 at 3.  Rule 408 provides no such thing.  The simple fact of the matter is – Plaintiffs' refusal to respond with a number between $3786 and zero and insistence that the issue of Parsi's bad faith be further litigated will further drag out the proceedings.  If that portrays them unfavorably they have only themselves to blame.  Striking either of Defendant's memoranda will not erase the self-portrait they painted at the status hearing.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Motion to Strike be denied and that he be awarded costs under 28 U.S. Code § 1927.

Dated:  May 26, 2015　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/  Timothy E. Kapshandy                  .
　　　　　　　　　　　　　　　　　　Timothy E. Kapshandy (Illinois Bar No. 6180926,
　　　　　　　　　　　　　　　　　　admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　HL Rogers (D.C. Bar No. 974462)
　　　　　　　　　　　　　　　　　　Thomas E. Ross (D.C. Bar No. 994275)
　　　　　　　　　　　　　　　　　　SIDLEY AUSTIN LLP
　　　　　　　　　　　　　　　　　　1501 K Street, N.W.
　　　　　　　　　　　　　　　　　　Washington, D.C.  20005
　　　　　　　　　　　　　　　　　　tel. (202) 736-8000
　　　　　　　　　　　　　　　　　　tom.ross@sidley.com

　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　*Seid Hassan Daioleslam*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2015, I caused true and correct copies of the foregoing *Defendant's Response to Plaintiffs' Motion to Strike* to be served via e-mail on:

>Afshin Pishevar
>Farrokh Mohammadi
>600 East Jefferson Street, Ste 316
>Rockville, MD 20852
>tel. (301) 279-8773
>ap@pishevarlegal.com
>fm@pishevarlegal.com

Dated:  May 26, 2015                     /s/  HL Rogers                .
Thomas E. Ross (D.C. Bar No. 994275)
Timothy E. Kapshandy (Illinois Bar No. 06180926, admitted *pro hac vice*)
HL Rogers (D.C. Bar No. 974462)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
tel. (202) 736-8000
tom.ross@sidley.com

*Attorneys for Defendant
Seid Hassan Daioleslam*