UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI and NATIONAL IRANIAN AMERICAN COUNCIL,<br><br>    Plaintiffs,<br><br>    v.<br><br>SEID HASSAN DAIOLESLAM,<br><br>    Defendant. | Civil Action No. 08-705 (JDB) |

## ORDER

Now on remand, and now limited to a dispute over less than $4,000, this longstanding litigation is hopefully winding to a close. But not without a few last gasps.

After receiving a limited remand from the Court of Appeals on one narrow issue, this Court scheduled a status conference to plot the way forward. But even this fairly innocuous order spurred a drove of motions and memoranda. Plaintiffs filed [219] a motion to continue. Defendant [220] opposed. And after the Court granted the motion—rescheduling the status conference by one day—defendant filed [221] a memorandum explaining its position in advance of the conference, followed by [222] a substantive motion asking the Court to find in its favor on the one issue still in dispute on remand and [223] a motion to enforce the portion of the supersedeas bond that was affirmed by the Court of Appeals and is no longer contested. The Court held a status conference on May 22 and ascertained the parties' positions as to the remaining issue: whether the Court has an obligation on remand to reassess a small portion of the previously awarded sanctions under a heightened evidentiary standard. The Court accordingly ordered the parties to file memoranda on that issue.

1

Instead, plaintiffs filed [225] a motion to strike defendant's opposition to continuance—well after the motion at issue had been granted—as well as defendant's memorandum in advance of the status conference—after the status conference was held.  Plaintiffs seem to take issue with defendant's characterization of them as unwilling to settle the case, and as pursuing delay tactics.  To combat that portrayal, plaintiffs claim they "had no choice" but to file yet another motion.  Pls.' Mot. to Strike [ECF No. 225] at 2.  Given the apparent mootness of the filings at issue, the Court is not inclined to agree.

Plaintiffs express particular concern with defendant's "reveal[ing] confidential settlement discussion[s]." Id.  But plaintiffs fail to point to any rule, statute, or case supporting their position that the revelations here warrant an order striking these documents.  And as the Court understands the filings, defendant revealed no more than his proposal for how things should play out on remand—something he could hardly keep secret from the Court.[1]

Hence, upon consideration of [225] plaintiffs' motion to strike, the parties' memoranda on the issue, the applicable law, and the entire record herein, it is hereby

**ORDERED** that the motion is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated:  May 27, 2015

---

[1] In response to plaintiffs' motion to strike, defendant requests that he be awarded costs under 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). See Def.'s Resp. [ECF No. 226] at 2.  The Court will reserve ruling on the question of any sanctions until it has reviewed the parties' forthcoming memoranda regarding the supersedeas bond and the remaining issue in dispute; any motions for sanctions or costs will be considered collectively then.