### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TRITA PARSI** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL,** | ) | |
| **Plaintiffs,** | ) | **CIVIL NO. 08 CV 00705 (JDB)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DAIOLESLAM SEID HASSAN,** | ) | |
| **Defendant.** | ) | |
| | ) | |

### DEFENDANT'S MEMORANDUM REGARDING REMAINING ISSUES ON REMAND

In an opinion issued on February 10, 2015, the Court of Appeals unanimously affirmed the "bulk" of the sanctions awarded by this Court against Plaintiffs [Dkt. 190] in the amount of $183,480, explaining that the Plaintiffs engaged in "dilatory, dishonest, and intransigent conduct." *Parsi v. Daioleslam*, 778 F.3d 116, 118 (D.C. Cir. 2015). The Court of Appeals reversed and remanded only "a couple of minor" aspects relating to some portion of the sanctions awarded for Defendant's costs in preparing his Omnibus Sanctions Motion, $25,242. *Id*. at 118, 132.

In particular, the Court of Appeals reversed the portion of the $25,242 award associated with two areas of alleged discovery misconduct by Plaintiffs: (1) a false interrogatory answer that Parsi was using the computer produced at the first imaging, when in fact he was not; and (2) Plaintiffs' alteration of a 1999 document removing the word "lobby" just a month before it was produced. *Id*. at 132-33. In partially reversing the $25,242 award, the Court of Appeals cited this Court's statement that "'there [may be] an innocent explanation'" for Parsi's false

interrogatory response "'that plaintiffs have simply failed to give[,]'" but the Court of Appeals could not affirm the award of expenses based upon such a record. *Id*. at 132. With respect to the alteration of the 1999 document before it was produced, the Court of Appeals reversed that portion of the award because this Court "explicitly stated it could *not* find by clear and convincing evidence that Parsi altered the document in bad faith." *Id.* (emphasis in original). The Court of Appeals acknowledged that "the sections [of the sanctions motion] on Parsi's interrogatory response and the [altered] document represent only a minor part of this motion," and remanded these two issues "for re-determination by the District Court under the proper standard we have articulated." *Id*. at 132-33.

The Court of Appeals treated these two issues separately in separate paragraphs. If it had intended for them to be treated in the same manner, it would have merely instructed this Court to do the math and subtract the portion of the $25,242 awarded for these two issues from the $183,480 judgment. Instead, the Court of Appeals specifically mandated that this Court engage in a "***re-determination . . . under the proper standard we have articulated***." *Id*. (emphasis added). In its conclusion, the Court of Appeals discussed both the amount of the sanctions *and* the substantive standard to be applied on remand. *Id.* at 133. Were math the only issue, it would not have again instructed this Court to spend time reconsidering the evidence "under the proper standard." *Id.*

As this Court held in the underlying case that it could *not* find (under any standard) that the alteration of the IIC document was in bad faith, the re-determination on remand of that issue thus includes only the amount awarded. On the other hand, with regard to the false interrogatory response, this Court did *not* state in its sanction order that it could not find bad faith; instead, this Court held that it was "troubled" that it might be awarding sanctions where there was an innocent

explanation but notwithstanding numerous opportunities to present one, Plaintiffs failed to do so. Dkt. No. 190 at 22-23.  Hence, the "re-determination" required for this issue includes not only the amount of the sanction attributed to it, but also whether the false interrogatory answer and evidence related to it support a finding of bad faith by clear and convincing evidence.  Any other interpretation would render superfluous the Court of Appeals's multiple references to re-determination or reconsideration of the evidence under the "proper standard."

Dated:  May 29, 2015                    Respectfully submitted,

                                        _____/s/  Timothy E. Kapshandy_____.
                                        Timothy E. Kapshandy (Illinois Bar No. 6180926,
                                        admitted *pro hac vice*)
                                        HL Rogers (D.C. Bar No. 974462)
                                        Thomas E. Ross (D.C. Bar No. 994275)
                                        SIDLEY AUSTIN LLP
                                        1501 K Street, N.W.
                                        Washington, D.C.  20005
                                        tel. (202) 736-8000
                                        tom.ross@sidley.com

                                        *Attorneys for Defendant*
                                        *Seid Hassan Daioleslam*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 29, 2015, I caused true and correct copies of the foregoing

*Status Memo* to be served via e-mail on:

> Afshin Pishevar
> Farrokh Mohammadi
> 600 East Jefferson Street, Ste 316
> Rockville, MD 20852
> tel. (301) 279-8773
> ap@pishevarlegal.com
> fm@pishevarlegal.com

Dated:  May 29, 2015                    _____/s/  *HL Rogers*_____.
                                        Thomas E. Ross (D.C. Bar No. 994275)
                                        Timothy E. Kapshandy (Illinois Bar No.
                                        06180926, admitted *pro hac vice*)
                                        HL Rogers (D.C. Bar No. 974462)
                                        SIDLEY AUSTIN LLP
                                        1501 K Street, N.W.
                                        Washington, D.C.  20005
                                        tel. (202) 736-8000
                                        tom.ross@sidley.com

                                        *Attorneys for Defendant*
                                        *Seid Hassan Daioleslam*