IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI <br><br> and <br><br> NATIONAL IRANIAN AMERICAN COUNCIL <br><br> Plaintiffs, <br><br> v. <br><br> DAIOLESLAM SEID HASSAN, <br><br> Defendant. | Civil No. 08 CV 00705 |

## PLAINTIFFS' MEMORANDUM REGARDING RE-DETERMINATION OF BAD FAITH RELATING TO INTERROGATORY ANSWERS

It is not disputed that on remand, whether the modification to the IIC document was made in bad faith, is not up for re-determination. The only issue remaining with respect to the IIC document is by how much the sanctions amount should be reduced. By the same reasoning, the issue of whether the Interrogatory responses were made in bad faith, is not remanded for re-determination, but rather to reduce the sanctions award.[1]

> Cases before this Court on remand are governed by the mandate rule. Every appellate court judgment vests jurisdiction in the trial court to carry out some further proceedings. *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1483 (Fed. Cir. 1998). In some cases, those proceedings may be purely ministerial, but frequently, the proceedings are more extensive. *Id.* Mandates should be interpreted by looking at the language of the judgment in combination with the accompanying opinion. *Id.* The trial court is free to take any action that is consistent with the appellate mandate. *Id.* at 1484. The trial court cannot give relief beyond the scope of the mandate, but it may act on any issue left open by the mandate. *Pacific Gas*, 92 Fed. Cl. at 183. The interpretation of a mandate is a

---

[1] Absent a finding of bad faith, the parties are in agreement as to the amount by which the sanctions award should be reduced as set forth in Defendant's Motion to Enforce Supersedeas Bond.

question of law, reviewable de novo. *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 950-51 (Fed. Cir. 1997). "The trial court must therefore do its best to interpret the appellate mandate and conduct remand proceedings consistent with the appellate mandate, while recognizing that the appellate court may reach a different interpretation of its own mandate on appeal." *Pacific Gas*, 92 Fed. Cl. at 183. *Carolina Power & Light Co. v. U.S.*, No. 04-037C at p. 12 (U.S. Court of Federal Claims, June 14, 2011).

In awarding sanctions, this Court relied upon two sources of judicial power, "Rule 37 and the inherent power of courts." *Parsi v. Daioleslam*, No. 12-7111 at pg. 18 (D.C. Cir., Feb. 2015). As to Plaintiff Parsi's Interrogatory responses, this Court explicitly relied upon its inherent power in awarding attorney's fees. As such, "a finding of bad faith is required for an award of attorney's fees under the court's inherent power." *Id.* at 45-46; *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980); *see Tucker v. Williams*, 682 F.3d 654, 662 (7th Cir. 2012)." *Id.* at 27. However, as the Court of Appeals clarified "that exercise of a court's power to impose 'inherent power sanctions that are fundamentally penal' requires that it find bad faith by clear and convincing evidence. *Shepherd*, 62 F.3d at 1478." *Id.* at 27-8. The Court of Appeals went on to state, quoting from *Shephard*, "that 'for those inherent power sanctions that are fundamentally penal—dismissals and default judgments, as well as contempt orders, *awards of attorneys' fees, and the imposition of fines*—the district court must find clear and convincing evidence of the predicate misconduct.' 62 F.3d at 1478 (emphasis in original)." *Id.* at 28. As the sanction imposed relating to the Interrogatory response consisted only of litigation expenses, i.e. attorney's fees, they would be affirmed only if there was a finding of bad faith by clear and convincing evidence. *Id.*

The Court of Appeals stated

[l]ikewise, we cannot affirm the court's award of expenses for Parsi's false interrogatory response that he had used a desktop computer that Progressive

> Office indicated was not connected to the network. Here, the District Court *explicitly averted to the possibility that*, since the Appellants "devoted little attention to this issue in their briefing or at the motions hearing, . . . [the court] may be awarding sanctions based on conduct for which there is an innocent explanation that plaintiffs have simply failed to give." *Id.* at 86.

*Id.* at 31. "The clear and convincing standard 'generally requires the trier of fact, in viewing each party's pile of evidence, to reach a firm conviction of the truth on the evidence about which he or she is certain.' *United States v. Montague*, 40 F.3d 1251, 1255 (D.C. Cir. 1994)." *Id.* at 28. Based on this Court's Memorandum Opinion, it appears that this Court expressed doubt as to whether the Interrogatory responses were provided in bad faith. That doubt is sufficient for a finding that this Court did not "reach a firm conviction of the truth on the evidence." *U.S. v. Montague*, 40 F.3d 1251, 1255 (D.C. Cir. 1994). That is precisely why the Court of Appeals could not affirm this Court's finding of bad faith. The concerns and doubts expressed by this Court were sufficient for the Court of Appeals to hold that the finding was not made by clear and convincing evidence.

The Court of Appeals' Order does not state that this Court is to apply the clear and convincing standard to re-determine whether Plaintiffs acted in bad faith. This is supported by the Court of Appeals' discussion of the emails that were not provided. The Court of Appeals stated, "[w]hile the District Court might not have articulated the *Shepherd* standard in the most clear and explicit manner, however, we have no difficulty concluding it made the proper finding." *Id.* at 29. The Court of Appeals went on to discuss the evidence this Court relied upon to find that Plaintiffs acted in bad faith by clear and convincing evidence, and therefore affirmed that portion of this Court's Order. The Court of Appeals was able to do this despite this Court not using "the magic words." *Id.* In contrast, with respect to the Interrogatory responses, the Court of Appeals explicitly stated it could not "affirm the court's award of expenses for Parsi's

3

false interrogatory response." *Id.* at 31. This conclusion is based on the fact that, regardless of whether the magic words were used, the Court of Appeals could not hold that this Court found clear and convincing evidence that the Interrogatory response was provided in bad faith. The Court of Appeals had the entire record before it. It reviewed the filings both at the District Court level and the Appellate Court level. Had the Court of Appeals been able to hold that this Court applied the "clear and convincing evidence" standard in finding bad faith, it would have done so in the same manner it did with respect to the emails. The fact that the Court of Appeals did not is telling and supports Plaintiffs' position.

Moreover, further support is found in the Court of Appeals' Orders as they relate to the issues remanded. The Court of Appeals stated "[i]t appears that the sections on Parsi's interrogatory response *and* the IIC document represent only a minor part of this motion, but that is for the District Court to determine in the first instance." *Id.* at 31 (*emphasis added*). The Court of Appeals does not distinguish what this Court's role is as it relates to the reversal and remand of the IIC document and the Interrogatory response. As it is understood and agreed that the IIC document issue is not up for re-determination, the same must be true of the interrogatory response at issue, given the Court of Appeals' treatment of both. Moreover, the Court of Appeals went on to state that "[w]e reverse this part of the *sanctions award*." *Id.* at 31 (*emphasis added*). Again, the reversal is of the sanctions award, which is to be reduced. This reading is further supported by the language used by the Court of Appeals when it states "and reverse the award of Daioleslam's *expenses* in preparing the portions of his sanctions motion related to NIAC's alteration of a document *and* Parsi's interrogatory responses." *Id.* at 32 (*emphasis added*). Here, once more, the Court of Appeals makes no distinction between the IIC document and the

4

Interrogatory Response and explicitly states that the expenses awarded are reversed. The plain reading of the opinion demonstrates that bad faith re-determination is not before this Court.

Finally, and maybe most importantly, the procedural posture of this case does not support that this Court must revisit the bad faith issue. Defendant's Sanctions Motion was briefed, opposed, and argued before this Court. This Court issued a detailed Memorandum Opinion. An appeal was taken and the issues were re-briefed and re-argued before the Court of Appeals. That Court issued its opinion and *no further* appeals were taken by either party. On remand, this Court is to simply modify the *judgment* entered. The issue has been argued twice, and this Court could not determine that Plaintiffs acted in bad faith. Nor could the Court of Appeals upon review of all the briefs and evidence presented. Defendant does not get a third try, especially in light of the fact that he took no issue with the Court of Appeals' decision, either through *en banc* review or a Petition for Certiorari.

For the foregoing reasons, the Court should rule that the D.C. Circuit Court of Appeals' opinion does not mandate determination of whether Plaintiffs acted in bad faith, by clear and convincing evidence, as it relates to the Interrogatory response, and should hold that the only matter left to determine is how much the judgment should be modified.

Respectfully submitted,

/S/
Farrokh Mohammadi (Admitted Pro Hac Vice)
A.P. Pishevar (D.C. Bar No. 451015)
**Pishevar & Mohammadi, P.C.**
226 North Adams Street
Rockville, MD 20850
Phone: (301) 279 – 8773
Fax:    (301) 279 – 7347
Counsel for the Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI<br><br>and<br><br>NATIONAL IRANIAN AMERICAN COUNCIL<br><br>Plaintiffs,<br><br>v.<br><br>DAIOLESLAM SEID HASSAN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 08 CV 00705<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

    I certify that on May 29, 2015, I served, via email and ECF, Plaintiffs' Memorandum Regarding Re-Determination of Bad Faith Relating to Interrogatory Answers to:

> Timothy E. Kapshandy, Esquire
> Tom Ross, Esquire
> SIDLEY AUSTIN LLP
> 1501 K Street, N.W.
> Washington, D.C. 20005
> (202) 736-8000
> tkapshandy@sidley.com
> Attorneys for Defendant
> Seid Hassan Daioleslam

>                 /s/
> Farrokh Mohammadi
> 226 North Adams Street
> Rockville, Maryland 20850
> (301) 279-8773
> ap@pishevarlegal.com
> Attorney for Plaintiffs
> Trita Parsi
> National Iranian American Council