IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRITA PARSI** ) | |
| ) | |
| and ) | |
| ) | |
| **NATIONAL IRANIAN AMERICAN COUNCIL** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **Civil No. 08 CV 00705** |
| ) | |
| **DAIOLESLAM SEID HASSAN,** ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO ENFORCE SUPERSEDEAS BOND RELATING TO ISSUES DECIDED ON APPEAL**

COME NOW, Plaintiffs, Dr. Trita Parsi and the National Iranian American Council ("NIAC") (collectively "NIAC"), by and through their counsel, Farrokh Mohammadi, Esquire and Pishevar & Mohammadi, P.C., and file this Response to Defendant's Motion to Enforce Supersedeas Bond Relating to Issues Decided on Appeal and for reasons state as follows:

Plaintiffs consent to having $158,238.00, plus post-judgment interest running from this Court's April 9, 2013 Order entering judgment, released from Plaintiffs' $184,000.00 posting of the supersedeas bond. By consenting to the release, Plaintiffs do not concede that Federal Rules of Civil Procedure 65.1, 64, 67, or 69 apply, and expressly assert that they do not. Plaintiffs posted the bond directly and not through a surety. Thus, Rule 65.1, which deals with proceedings against a surety and upon which Defendant primarily relies, is inapplicable. Similarly, Rules 64 (dealing with seizing a person or property as a post-judgment enforcement

- 2 -

action), 67 (dealing with depositing of funds into the Court), and 69 (dealing with execution) do not apply.  As such, there is no mechanism by which the Defendant can enforce a supersedeas bond posted directly by the Plaintiffs, absent an agreement between the parties.  However, as Plaintiffs voluntarily consent to the release of that portion of the supersedeas bond, given that Plaintiffs do not contest Defendant's assertion that $158,238.00 judgment was either not appealed or was not reversed by the Appellate Court, that is not an issue here.  Plaintiffs take no issue with the release of $158,238.00 of the supersedeas bond, plus post-judgment interest on that amount.

Based on the foregoing, the Plaintiffs agree to have a Consent Order entered by this Court, to be substantially in the form and substance of the proposed order attached hereto.  With the resolution of this matter, the only issue remaining for this Court is how the remaining $25,242.00 is to be distributed.

WHEREFORE, Plaintiffs respectfully request and consents that the proposed Consent Order, attached hereto, be entered, and for such further relief as this Court deems just and proper.

                                    Respectfully submitted,

                                    _____/S/_____
                                    Farrokh Mohammadi (Admitted Pro Hac Vice)
                                    A.P. Pishevar (D.C. Bar No. 451015)
                                    **PISHEVAR & MOHAMMADI, P.C.**
                                    226 North Adams Street
                                    Rockville, MD 20850
                                    Phone: (301) 279 – 8773
                                    Fax:    (301) 279 – 7347
                                    Counsel for the Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRITA PARSI, et al.** | ) |
|  | ) |
| **Plaintiffs,** | ) |
|  | ) |
| v. | ) Civil Action No. 08 CV 00705 (JDB) |
|  | ) |
| **DAIOLESLAM SEID HASSAN,** | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

## CERTIFICATE OF SERVICE

I certify that on June 2, 2015, I served, via email and ECF, Plaintiffs' Motion to Strike to:

Timothy E. Kapshandy, Esquire
Tom Ross, Esquire
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
tkapshandy@sidley.com
Attorneys for Defendant
Seid Hassan Daioleslam


/s/
Farrokh Mohammadi
226 North Adams Street
Rockville, Maryland 20850
(301) 279-8773
ap@pishevarlegal.com
Attorney for Plaintiffs
Trita Parsi
National Iranian American Council

- 3 -