UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRITA PARSI and NATIONAL IRANIAN AMERICAN COUNCIL,

Plaintiffs,

v.

SEID HASSAN DAIOLESLAM,

Defendant.

Civil Action No. 08-705 (JDB)

## ORDER

Knowing to quit when you are behind may be more important than knowing to quit when you are ahead.  Unfortunately, this lesson seems wasted on plaintiffs, who continue to engage in delay tactics without the slightest legal basis.

Plaintiffs lost the defamation action they brought here—and dug themselves into a hole in the process.  During "an acrimonious, three-year discovery process," plaintiffs "engaged in a disturbing pattern of delay and intransigence."  Parsi v. Daioleslam, 778 F.3d 116, 118 (D.C. Cir. 2015).  As a result, this Court awarded defendant $183,480.09 in sanctions, and plaintiffs posted a supersedeas bond in that amount.  On appeal, the D.C. Circuit affirmed all but $25,242.17.  See id. at 132–33 (remanding that modest amount for re-evaluation).  And most of that amount will go to defendant as well.

The Court of Appeals reversed the sanctions this Court awarded for two violations: plaintiff Trita Parsi's alleged alteration of an Iranians for International Cooperation ("IIC") document, and his false response to an interrogatory.  The Court of Appeals remanded this portion of the sanctions award "for re-determination by the District Court under the proper standard [the Court of Appeals] ha[s] articulated"—that is, the standard of clear and convincing

1

evidence. Id. at 133. On remand, then, the Court seems to have two tasks: to re-evaluate these sanctions under the clear and convincing evidence standard, and, if it finds that sanctions are no longer warranted, to determine what portion of the $25,242.17 is attributable to those findings: in any event, "only a minor part." Id. at 132.

This should be a simple process. Indeed, defendant has already conceded that this Court previously found that the alteration of the IIC document was not done in bad faith, and so stipulates that its judgment should be reduced by $1,262 (based on a page-count allocation the Court had previously employed). See Def.'s Mem. Re: May 22, 2015 Status Conference [ECF No. 221] at 2–3. Thus, the only issue remaining is whether the sanctions regarding the interrogatory response hold up under the clear and convincing evidence standard—and, if not, by how much the award should be reduced. This is a small sum: defendant proposes that it would involve less than $4,000, see id. at 3, and plaintiffs appeared to agree with that calculation at the May 22 status conference. See also Pls.' Mem. Re: Re-Determination of Bad Faith Relating to Interrog. Answers [ECF No. 220] at 1 n.1 ("Absent a finding of bad faith, the parties are in agreement as to the amount by which the sanctions award should be reduced as set forth in Defendant's Motion to Enforce Supersedeas Bond.").

But nothing in this case is ever simple. Plaintiffs have now filed a memorandum arguing that, on remand, this Court is not permitted to re-evaluate the issue of whether the false interrogatory responses were made in bad faith, but should simply do the same math as required for the IIC sanctions. See generally id. Plaintiffs seem to be suggesting that because the Court of Appeals did not actively affirm this portion of the sanctions, this Court is prohibited from reconsidering them on remand. See id. at 3–4. And they suggest that the IIC document and the interrogatory responses must be treated in the same way because they are often discussed in

conjunction.  See id. at 4–5.  But defendant's stipulation as to the IIC document cannot possibly affect the scope of this Court's domain on remand.

Moreover—and more importantly—plaintiffs utterly fail to account for, or even cite, the operative language in the Court of Appeals opinion, the mandate itself: a "remand for reconsideration under the proper standard."  Parsi, 778 F.3d at 118 (emphasis added); see also id. at 133 (remanding "for re-determination by the District Court under the proper standard we have articulated"); id. (remanding "for reconsideration of those aspects of [the District Court's] judgment under the proper standard").  Plaintiffs do not explain what "the proper standard" might mean, if not "clear and convincing evidence."  Indeed, the Court cannot fathom any other interpretation of that language.  As the Court of Appeals did not articulate a mathematical standard for dividing the remaining $25,242.17, it could only have referred to an evidentiary standard.  And so this Court will apply that standard as to the false interrogatory response, as soon as plaintiffs respond to defendant's brief on the issue.  See Def.'s Br. in Support of Finding of Bad Faith in Giving False Interrog. Answers [ECF No. 224].

While these last few thousand dollars remain in limbo, that determination should not hold up the overwhelming majority of the award that was affirmed.  Plaintiffs took the entire two weeks afforded them to decide that they would not oppose defendant's motion to enforce that portion of the supersedeas bond.  But in light of that eventual acquiescence to the inevitable, the Court will order the release of that amount.[1]

---

[1] Somewhat startlingly, plaintiffs contend that "there is no mechanism," including the Federal Rules of Civil Procedure, "by which the Defendant can enforce a supersedeas bond posted directly by the Plaintiffs, absent an agreement by the parties."  See Pls.' Resp. to Def.'s Mot. to Enforce Supersedeas Bond [ECF No. 230] at 2.  Because the parties agree that this portion of the bond should be released, however, any question of legal authority is moot.

3

Hence, upon consideration of [223] defendant's motion to enforce the supersedeas bond, [230] plaintiffs' response, [228] [229] the parties' memoranda regarding the scope of the Court's role on remand, the applicable law, and the entire record herein, it is hereby

**ORDERED** that the motion to enforce the supersedeas bond is **GRANTED**; it is further

**ORDERED** that the Clerk of Court for the U.S. District Court for the District of Columbia shall release to defendant, from [214] the supersedeas bond posted by plaintiffs in this case on April 30, 2013, a total of $158,681.82;[2] it is further

**ORDERED** that the Clerk of Court shall continue to hold the remaining portion of the supersedeas bond until further order of this Court; and it is further

**ORDERED** that plaintiffs shall file a response to [222] defendant's brief in support of finding of bad faith in giving false interrogatory answers by not later than June 11, 2015, or, alternatively, state that they do not contest an amount (likely to be less than $4,000) relating to the interrogatory response.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated:  June 4, 2015

---

[2] This amount represents the $158,237.92 award that was affirmed by the Court of Appeals, as well as interest running from April 9, 2013, through the date of this Order.  See Parsi, 778 F.3d at 133; see also Def.'s Mot. to Enforce Supersedeas Bond [ECF No. 223] at 6 n.4; Pls.' [Proposed] Consent Order to Release a Portion of the Supersedeas Bond [ECF No. 230-1] at 2.   In accordance with 28 U.S.C. § 1961(a), and as the parties agree, the Court has used a 0.13% interest rate.  And as provided by 28 U.S.C. § 1961(b), though not proposed by either party, the Court has compounded the interest annually.