UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRITA PARSI and NATIONAL IRANIAN AMERICAN COUNCIL,<br><br>    Plaintiffs,<br><br>    v.<br><br>SEID HASSAN DAIOLESLAM,<br><br>    Defendant. | Civil Action No. 08-705 (JDB) |

## ORDER

After a plethora of motions and memoranda, the Court is in a position to disburse the last bits of money in a supersedeas bond and finally dispose of this case.

The Court originally awarded defendant $183,480.09 in sanctions, and plaintiffs posted a supersedeas bond for $184,000.00. On appeal, the D.C. Circuit affirmed all but $25,242.17. See Parsi v. Daioleslam, 778 F.3d 116, 132–33 (D.C. Cir. 2015) (remanding that amount for re-evaluation). This Court recently ordered the Clerk of Court to release $158,681.82 to the defendant—representing the $158,237.92 that was affirmed, plus post-judgment interest. See June 4, 2015 Order [ECF No. 231] at 4 n.2. Now, the Court can deal with the remainder.

Although the Court of Appeals reversed as to the $25,242.17, "only a minor part" of that amount was still at issue. See Parsi, 778 F.3d at 132. Indeed, this Court was charged with reconsidering whether sanctions were merited as to only two violations: plaintiff Trita Parsi's alleged alteration of a document and his false response to an interrogatory. Defendant conceded that this Court had previously found that the document was not altered in bad faith, and that defendant therefore did not merit the portion of the sanctions related to that purported violation. See Def.'s Mem. Re: May 22, 2015 Status Conference [ECF No. 221] at 2–3. And he stipulated,

1

based on a page-count allocation this Court had previously employed, that the judgment should be reduced by $1,262.00 accordingly.  See id.

The only remaining question, then, was whether Parsi had acted in bad faith in providing the interrogatory response.  But plaintiffs no longer contest the relevant amount at issue, which all agree involves less than $4,000 in dispute.  See Pls.' Resp. to Def.'s Br. in Support of Finding of Bad Faith [ECF No. 232] at 2.  Thus, [222] defendant's motion for finding of bad faith in giving false interrogatory answers is moot.  And the only job left for the Court involves math.

Plaintiffs agree with defendant's proposed method of calculation.  See id. at 1.  Hence, the Court will subtract the $1,262.00 to which defendant agrees he is not entitled from the remaining $25,242.17 award, leaving a principal of $23,980.17.  The Court must calculate interest on that principal running from April 9, 2013, through the date of this Order.  See Parsi, 778 F.3d at 133.  In accordance with 28 U.S.C. § 1961(a) and (b), the Court shall use a 0.13% interest rate, and shall compound the interest annually.  This results in interest of $67.95, and therefore a total award of $24,048.12.

Hence, upon consideration of [222] defendant's motion for finding of bad faith in giving false interrogatory answers, the parties' various memoranda, the applicable law, and the entire record herein, it is hereby

**ORDERED** that [222] the motion is **DENIED AS MOOT**; it is further

**ORDERED** that the Clerk of Court for the U.S. District Court for the District of Columbia shall release to defendant, from [214] the supersedeas bond posted by plaintiffs in this case on April 30, 2013, a total of $24,048.12; and it is further

**ORDERED** that the Clerk of Court shall release to plaintiffs the remaining portion of the supersedeas bond—once this amount of $24,048.12 and the previous amount of $158,681.82 have been released to defendant—including any interest accrued thereon.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated:  June 12, 2015